Joseph R. Re (SBN 134,479)
joe.re@knobbe.com
Christy G. Lea (SBN 212,060)
christy.lea@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
PAVEMETRICS SYSTEMS, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>TETRA TECH, INC.<br><br>Defendant. | Case No.   2:21-cv-1289<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT** |

Plaintiff Pavemetrics Systems, Inc. brings this Complaint for Declaratory Judgment of Non-Infringement against Defendant Tetra Tech, Inc., and alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action contains claims arising under the patent laws of the United States, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. This Court has personal jurisdiction over Defendant Tetra Tech, Inc. because it resides at 3475 East Foothill Boulevard, Pasadena, CA 91107 in this Judicial District.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), (c) because Defendant resides in Pasadena, California in this Judicial District.

4. The Court can provide the declaratory relief sought by this Declaratory Judgment Complaint because an actual case and controversy exists between the parties sufficient to give rise to this Court's jurisdiction under Article III and 28 U.S.C. § 2201.

## II. THE PARTIES

1. Plaintiff Pavemetrics Systems, Inc. is a Canadian corporation, with its principal place of business at 150 boul. Rene-Levesque est, Suite 1820, Quebec, Canada, G1R5B1.

2. On information and belief, Defendant Tetra Tech, Inc. is a Delaware corporation with its principal place of business at 3475 East Foothill Boulevard, Pasadena, CA 91107.

## III. THE PATENT-IN-SUIT

5. On July 23, 2019, the United States Patent and Trademark Office issued U.S. Patent No. 10,362,293, entitled "3D Track Assessment System and Method." The application for this patent was filed on May 29, 2015, and

purports to claim priority to a provisional application filed on February 20, 2015. A copy of the '293 patent is attached as Exhibit A. On information and belief, Tetra Tech, Inc. purports to own by assignment the '293 patent.

## IV. EXISTENCE OF AN ACTUAL CONTROVERSY

6. On January 5, 2021, Defendant, through its counsel, Aaron Parker of Finnegan, Henderson, Farabow, Garrett, & Dunner LLP, sent a letter to Pavemetrics' Chief Executive Officer, Richard Habel. The letter, which is attached as Exhibit B, included a copy of the '293 patent and alleged that "Pavemetrics is making, using, selling, offering for sale, and/or inducing others to use a railroad track inspection system in the United States that infringes the '293 patent." It further alleged that "Pavemetrics' Laser Rail Inspection System ('LRAIL') infringes at least claim 1 of the '293 patent."

7. The letter also alleged that "Pavemetrics recently sold its LRAIL track inspection system to CSX Transportation for its use in the United States," and "Pavemetrics recently used its LRAIL track inspection system in the United States in conjunction with a field study with the Federal Railroad Administration." The letter demanded that Pavemetrics cease using and selling the LRAIL track inspection system in the United States and confirm it had done so within 14 days. It also demanded an accounting for all LRAIL track inspection systems made, sold, offered for sale, or in use in the United States. The letter concluded that "[a]bsent Pavemetrics's compliance with this request, Tetra Tech will take the necessary steps to enforce its rights without further notice."

8. On January 19, 2021, Mr. Habel at Pavemetrics responded to that letter explaining that it was unaware of the '293 patent and intends to have a US patent attorney study the patent. That response letter is attached as Exhibit C.

9. On January 25, 2021, Defendant, through Mr. Parker, again wrote to Pavemetrics. That response is attached as Exhibit D. Mr. Parker represented

that, if Pavemetrics does not substantively respond to the allegations set forth in Defendant's January 5, 2021 letter by February 2, 2021, "then Tetra Tech will be forced to pursue legal action to enjoin Pavemetrics from further infringement."

10. On February 1, 2021, Mr. Habel at Pavemetrics responded, stating that Pavemetrics had conducted an analysis of the '293 patent and had "come to the preliminary conclusion that the LRAIL system does not infringe any of the claims of the '293 patent." He further stated that Pavemetrics was in the process of hiring US patent counsel to independently assess the infringement allegations and would respond once that assessment is complete. The February 1, 2021 Habel response is attached as Exhibit E.

11. On February 5, 2021, Defendant, through Mr. Parker, responded, stating that "[i]f, by February 12, 2021, Pavemetrics does not provide a detailed analysis, on an element-by-element basis, explaining why Pavemetrics' LRAIL does not infringe claim 1 of the '293 patent, Tetra Tech will have no choice but to proceed with filing a complaint against Pavemetrics in a U.S. District Court for patent infringement of the '293 patent." (underline emphasis in original). That February 5 response is attached as Exhibit F.

12. Defendant's actions as outlined above establish a substantial controversy of sufficient immediacy and reality between Pavemetrics and Defendant Tetra Tech regarding whether Pavemetrics infringes claim 1 of the '293 patent. Such controversy warrants immediate declaratory relief.

13. Pavemetrics seeks a declaration that it does not infringe claim 1 or any other claim of the '293 patent.

///

///

## V. COUNT I:

**(Declaratory Judgment of Non-Infringement of the '293 patent)**

14. Pavemetrics repeats and realleges each and every allegation contained in paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15. Defendant has alleged and continues to allege that Pavemetrics infringes at least claim 1 of the '293 patent by selling and using in the United States its LRAIL track inspection system.

16. Pavemetrics denies that the sale or use of the LRAIL track inspection system infringes any claim of the '293 patent.

17. If Defendant could prove that the LRAIL system falls within the scope of one or more claims of the '293 patent, Pavemetrics would have a complete defense to any such infringement under 35 U.S.C. § 273.

18. Pavemetrics has been commercially using and selling its LRAIL track inspection system in the United States since as early as 2012.

19. Because 2012 is at least one year before the effective filing date of the '293 patent, and because Pavemetrics has been using and selling the LRAIL track inspection system without abandonment since that time, Pavemetrics' prior commercial use provides it with a complete defense to any infringement under section 273.

20. Declaratory relief is necessary and appropriate so that Pavemetrics may ascertain its rights regarding the '293 patent.

21. In view of the facts and allegations set forth above, there is an actual, justifiable, substantial, and immediate controversy between Pavemetrics and Defendant on whether Pavemetrics infringes any claim of the '293 patent.

22. For the reasons set forth above, Pavemetrics respectfully requests that this Court declare that it does not infringe, nor has it infringed, any claim of

the '293 patent, or in the alternative, has a complete defense to any infringement under 35 U.S.C. § 273.

## VI. PRAYER FOR RELIEF

Pavemetrics respectfully requests the following relief:

A. That the Court enter a judgment declaring that Pavemetrics has not infringed and does not infringe any claim of the '293 patent, or in the alternative, has a complete defense to any infringement under 35 U.S.C. § 273;

B. That the Court declare that this case is exceptional under 35 U.S.C. § 285 and award Pavemetrics its attorneys' fees, costs, and expenses incurred in this Action; and

C. That the Court award Pavemetrics any other relief as the Court deems just, equitable, and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: February 11, 2021      By: */s/ Christy G. Lea*
                                         Joseph R. Re
                                         Christy G. Lea

                                         Attorneys for Plaintiff,
                                         PAVEMETRICS SYSTEMS, INC.