Donald L. Ridge (State Bar No. 132171)
**CLARK HILL LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
DRidge@clarkhill.com

Aaron L. Parker (*pro hac vice*)
*aaron.parker@finnegan.com*
David C. Reese (*pro hac vice*)
*david.reese@finnegan.com*
Nicholas A. Cerulli (*pro hac vice*)
*nicholas.cerulli@finnegan.com*
Ryan T. Davies (SBN : 330922)
*ryan.davies@finnegan.com*
**FINNEGAN, HENDERSON, FARABOW,**
 **GARRETT & DUNNER, L.L.P.**
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

*Attorneys for Defendant and Counterclaim Plaintiffs*
*TETRA TECH, INC. AND TETRA TECH TAS INC.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC.<br><br>Plaintiffs,<br><br>v.<br><br>TETRA TECH, INC.<br><br>Defendants.<br><br>_____<br><br>AND RELATED COUNTERCLAIMS. | CASE NO.: 2:21-CV-1289 MCS-MMA<br><br>**TETRA TECH, INC.'S *EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY AND EXTENSION OF TIME AND PAGE LIMIT; MEMORANDUM OF POINTS AND AUTHORITES; AND DECLARATION OF AARON L. PARKER**<br><br>**[Honorable Mark. C. Scarsi]** |

# **APPLICATION**

Defendant and Counterclaim Plaintiff Tetra Tech, Inc. and Counterclaim Plaintiff Tetra Tech TAS Inc. (collectively "Tetra Tech") hereby file this *Ex Parte* Application For Expedited Discovery, Extension of Time, and Extension of Page Limit on the grounds that the Plaintiff and Counterclaim Defendant Pavemetrics Systems, Inc. ("Pavemetrics") introduced new information into the record that if proven through production of source code could effectively end this litigation preserving court resources. Pavemetrics also introduced invalidity arguments for the first time in its counterclaims filed on March 24, 2021. Tetra Tech must reply to these new arguments in its reply brief in support of the preliminary injunction due on April 5, 2021. These new facts and arguments will take additional time and pages to adequately address.

Tetra Tech requests (1) expedited discovery of Pavemetrics' current LRAIL source code, by April 5, 2021, (2) a two-week extension of the preliminary injunction schedule to account for the production of the source code and to address Pavemetrics' new invalidity arguments presented on March 22, 2021, and (3) an additional five pages in Tetra Tech's reply brief in support of its Motion for Preliminary Injunction to address the new invalidity arguments.

///
///
///
///
///
///
///
///
///
///
///

1        This *Ex Parte* Application is based on this Application, the attached Memorandum

2   of Points and Authorities, Declaration of Aaron L. Parker, the letters and emails exchanged

3   between counsel for each party, as well as any oral argument that the Court may permit at

4   a hearing on this Application.

5

6   Dated: March 29, 2021                        **CLARK HILL LLP**

7

8                                         By:_____ /s/ _____

9                                              Donald L. Ridge

10                              Aaron L Parker (*pro hac vice* pending)

11                              David C. Reese (*pro hac vice* pending)
                                Nicholas A. Cerulli (*pro hac vice* pending)

12                              Ryan T. Davies (SBN: 330922)
                                **FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.**

13

14                              *Attorneys for Defendant and Counterclaim Plaintiffs*

15                              *TETRA TECH, INC. AND TETRA TECH TAS INC.*

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Tetra Tech respectfully submits this application under Local Rule 7-19 seeking (1) expedited discovery of Pavemetrics' current LRAIL source code, by April 5, 2021, (2) a two-week extension of preliminary injunction deadlines including Tetra Tech's reply brief in support of its Motion for Preliminary Injunction and the corresponding hearing, and (3) a five-page extension for Tetra Tech's reply brief in support of its Motion for Preliminary Injunction. According to this Court's Standing Order, Pavemetrics has 24 hours from service to file opposition papers to this application.

Tetra Tech attempted in good faith to facilitate an agreement between the parties through an exchange of letters on March 25, 2021, and through a Meet and Confer on March 26, 2021, but was unsuccessful. True and correct copies of the March 25 and 26, 2021, letters and emails are attached to the Parker Declaration as Exhibits A-C. During these discussions Tetra Tech attempted to negotiate expedited source code production, including which version(s) of Pavemetrics' LRAIL source code would be produced, as well as offering Pavemetrics a five-page sur-reply brief in exchange for the additional five pages Tetra Tech seeks for its preliminary injunction reply brief. Pavemetrics was unwilling to concede on any issue. Nevertheless, if this Court grants Tetra Tech's request for an additional five pages in its reply brief, Tetra Tech does not object to Pavemetrics receiving a five-page sur reply limited to addressing Tetra Tech's response to Pavemetrics' new invalidity counterclaim, if Pavemetrics moves the Court for such a sur-reply.

Pavemetrics' counsel has indicated that Pavemetrics will oppose this application. *See* Ex. B. at 3. Pavemetrics is represented by Joseph R. Re, Christy G. Lea, Nicholas M. Zovko, Knobbe, Martens, Olson & Beat, LLP, 2040 Main St., 14th Fl., Irvine, CA 92614 (949)760-0404, Christy.Lea@knobbe.com.

## II.   TETRA TECH SHOULD BE GRANTED EXPEDITED DISCOVERY

Pavemetrics' original complaint sought <u>only</u> a declaratory judgement of noninfringement of U.S. Patent 10,362,293 ("the '293 patent") based on 35 U.S.C. § 273,

which requires clear and convincing evidence that the patented subject matter, including every claimed element, was commercially used in the U.S. at least one year before the effective filing date of the claimed invention and that the use or sale of the product was not abandoned at any time. 35 U.S.C. § 273; *see* Compl. at ¶ 16. In response to Pavemetrics filing this action <u>against</u> Tetra Tech, and contrary to Pavemetrics' allegations of lack of good faith in its March 25 letter (Ex. B at 2), Tetra Tech filed a Counterclaim for infringement of the '293 patent and a Motion for Preliminary Injunction based on publicly available information demonstrating what it understood to be Pavemetrics' current LRAIL system (as of 2017) and the understanding that the prior use of any LRAIL system or other track inspection system at least one year before the effective filing date of the '293 patent, did not practice all elements of claim 1 of the '293 patent. ECF No. 17, Mesher Decl., Exs. B-J.

In Pavemetrics' response to Tetra Tech's Motion for Preliminary Injunction, Pavemetrics indicates that it made a significant change to the LRAIL source code in 2019 and that the system "do[es] not use gradient or any other neighborhood operator," as required by the claims. *See* ECF 37 at 11 ("Pavemetrics significantly changed how LRAIL processes data in 2019, when it switched to detecting missing features by using deep neural networks. … [Deep neural networks] do not use gradient or any other neighborhood operator programmed by Pavemetrics."), *id.* at 12-13. Not only did this alleged source code change happen the same year the '293 patent issued (2019), but this new fact, if true, would also negate Pavemetrics' Section 273 defense because this change would have led to Pavemetrics' abandoned use of the patented subject matter. 35 U.S.C. § 273(e)(4) ("A person who has abandoned commercial use (that qualifies under this section) of subject matter may not rely on activities performed before the date of such abandonment in establishing a defense under this section with respect to actions taken on or after the date of such abandonment."). Additionally, Pavemetrics introduces this new fact through unsupported and conclusory testimony in a declaration of Dr. David Frakes. *See* ECF 36, Frakes Decl. at ¶¶106-07 (Dr. Frakes stating that he was merely told by Pavemetrics' Chief

Technical Officer, John Laurent, that the current version does not "use gradient or any other neighborhood operator programmed by Pavemetrics."); ECF 37 at 11.

Moreover, if the 2019 version of the LRAIL source code truly does not "use gradient or any other neighborhood operator," as required by the '293 patent claims, the entirety of this lawsuit can be resolved without wasting the Court's and parties' valuable time and resources. Tetra Tech's narrow, discrete request is reasonable during this phase of the litigation and is necessary to evaluate the unsupported and conclusory testimony upon which Pavemetrics relies in its opposition to the preliminary injunction motion. *See* Fed. R. Civ. P. 26(d); *Principal Lighting Group, LLC v. Sloan Company, Inc.*, 2018 WL 6499354, at *5 (C.D. Cal. 2018) (granting expedited discovery tailored to a request for preliminary injunction); *Apple Inc. v. Samsung Electronics Co., Ltd.*, 2011 WL 1938154, *1-*3 (N.D. Cal. 2011) (granting patentee's request for expedited discovery since the patentee showed good cause as it required the discovery to support its motion for a preliminary injunction). If the expedited discovery is denied, the court will be forced to weigh competing declarations when the controversy could be quickly and easily dispelled. And that the parties have already exchanged confidential information and agree to treat that information as "attorneys' eyes only," Pavemetrics' concern about producing source code (*see* Ex. B at 2), is unfounded. Nevertheless, if Tetra Tech's request for expedited discovery is granted, Tetra Tech would of course be willing to enter into a formal protective order prior to the production of the requested source code.

## III.   THE PRELIMINARY INJUNCTION SCHEDULE SHOULD BE EXTENDED TWO WEEKS AND TETRA TECH SHOULD BE GRANTED AN ADDITIONAL 5 PAGES IN ITS REPLY BRIEF

Pavemetrics' original complaint sought <u>only</u> a declaratory judgement of noninfringement based on 35 U.S.C. § 273. Compl. at ¶ 16. While Pavemetrics briefly argues that Tetra Tech has not met its burden for proving the '293 patent is valid in its opposition to the Motion for Preliminary Injunction, it was not until Pavemetrics filed a counterclaim of invalidity on March 22, 2021, that Tetra Tech was presented with a

substantive argument and expert testimony that the '293 patent was invalid.

Tetra Tech understands it carries the burden of showing a reasonable likelihood of success on the merits to secure a preliminary injunction. But Pavemetrics has ignored the fact that Tetra Tech's '293 patent is presumed valid (*see* Ex. B at 1). And it would be unreasonable to expect Tetra Tech to respond to Pavemetrics' new invalidity arguments and expert declaration before the April 5, 2021, deadline and within the ten-page limit, along with the other parts of the opposition Tetra Tech needs to address.

Tetra Tech seeks a two-week extension of the preliminary injunction schedule and a five-page extension for its reply in support of its Motion for Preliminary Injunction. This schedule extension would also accommodate the requested source code discovery. And if the page limit extension is granted, Tetra Tech would not object to Pavemetrics seeking (and the Court granting) a five-page sur-reply limited to responding to Tetra Tech's arguments against invalidity.

Finally, granting Tetra Tech's request would not undermine the urgency of Tetra Tech's pursuit of a preliminary injunction. A two-week delay is a small detriment Tetra Tech is willing to endure for the benefit of having extra time to respond to Pavemetrics' newly presented invalidity arguments and to clarify Pavemetrics' infringement of the '293 patent.

///
///
///
///
///
///
///
///
///
///

**IV.   CONCLUSION**

For these reasons, Tetra Tech respectfully requests that the Court grant expedited discovery of Pavemetrics' current LRAIL source code by April 5, 2021, a two-week extension of the preliminary injunction schedule, and a five-page extension for Tetra Tech's reply brief in support of its preliminary injunction motion.


Dated: March 29, 2021                         **CLARK HILL LLP**


By:_____/s/_____
                    Donald L. Ridge

Aaron L Parker (*pro hac vice*)
David C. Reese (*pro hac vice*)
Nicholas A. Cerulli (*pro hac vice*)
Ryan T. Davies (SBN: 330922)
**FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.**

*Attorneys for Defendant and Counterclaim
Plaintiffs
TETRA TECH, INC. AND TETRA TECH TAS
INC.*

## DECLARATION OF AARON L. PARKER

I, Aaron L. Parker, declare and state as follows:

1.      I am an attorney licensed to practice in the Commonwealth of Virginia and the District of Columbia. I am a partner at the law firm of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 901 New York Ave NW, Washington, DC 20001, and serve as counsel of record for Defendants and Counterclaim Plaintiffs Tetra Tech, Inc. and Tetra Tech TAS Inc. in this matter. I was admitted to practice before this Court *pro hac vice* on March 8, 2021. The following facts have become known to me, and if called to testify thereto, I could and would competently do so.

2.      Pursuant to Local Rule 7-19, notice of this Application was timely given to Pavemetrics' counsel, Christy Lea on March 25, 2021, at approximately 8:40 a.m. P.T. Pavemetrics is represented by Joseph R. Re, Christy G. Lea, Nicholas M. Zovko, Knobbe, Martens, Olson & Beat, LLP, 2040 Main St., 14th Fl., Irvine, CA 92614 (949)760-0404, Christy.Lea@knobbe.com. A true and correct copy of my March 25, 2021 letter is attached hereto as Ex. A.

3.      The letter requested production of all versions of the LCMS and LRAIL source codes and an extension of 14 days for the upcoming preliminary injunction deadlines.

4.      In response, Pavemetrics' counsel, Christy Lea, responded with a letter at approximately 7:06 p.m. P.T. indicating that Pavemetrics would not turn over any source code and would oppose any *ex parte* application seeking expedited discovery and extension of the preliminary injunction deadlines. A true and correct copy of Ms. Lea's letter is attached hereto as Ex. B.

5.      On March 26, 2021 counsel for Tetra Tech and Pavemetrics held a meet and confer to discuss the substance of the letters as well as a page limit extension for Tetra Tech's reply in support of the Motion for Preliminary Injunction. Ms. Lea again indicated that Pavemetrics would not voluntarily turn over any source code and would oppose any *ex parte* application seeking expedited discovery and extension of the preliminary injunction deadlines.

6.      In an email following the meet and confer, Ms. Lea confirmed that Pavemetrics would also oppose Tetra Tech's request for a page limit extension of five pages for Tetra Tech's reply in support of the Motion for Preliminary Injunction. A true and correct copy of Ms. Lea's email is attached hereto as Ex. C.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed at Richmond, Virginia on March 29, 2021.


_____
Aaron L. Parker