# EXHIBIT B

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

2040 Main St., 14th Fl., Irvine, CA 92614
**T** (949) 760-0404

Christy G. Lea
Christy.Lea@knobbe.com

March 25, 2021

**Via Electronic Mail**

Aaron L. Parker, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
901 New York Avenue, NW
Washington, DC  20001-4413

Re:   **Pavemetrics Systems Inc. v. Tetra Tech, Inc.**
         Our File No.:  PAVEL.001L

Dear Mr. Parker:

In your letter of today, Tetra Tech requested that "Pavemetrics immediately produce the source code" for its railway track inspection systems, including the accused LRAIL system for detecting defects on railway tracks. Tetra Tech claims to need Pavemetrics' source code to "properly evaluate" Pavemetrics' "prior use, invalidity defenses, and non-infringement arguments" made to oppose Tetra Tech's motion for a preliminary injunction.  But Tetra Tech's request serves only to highlight its own failure to prove its entitlement to the extraordinary relief of a preliminary injunction.  Tetra Tech bore the burden of proving a likelihood of success on the merits in its moving papers, but it woefully failed to meet that burden.

Tetra Tech's motion relied on a single patent claim, Claim 1, which the Patent Office allowed based on an amendment adding two algorithmic substeps.  Tetra Tech had to show that those limitations read on the LRAIL system sold after the patent issued to prove a likelihood of success on infringement.  Tetra Tech cannot now blame Pavemetrics for making "new assertions," fitting a "narrative," or "failing to produce any source code."  These allegations demonstrate that Tetra Tech knows it did not show a likelihood of success on the merits and should withdraw its motion.

If Tetra Tech truly believes that Pavemetrics "merely relied on attorney argument and conclusory statements" in its opposition papers, one would think that might give Tetra Tech an advantage on its motion.  But such opposition papers would not entitle Tetra Tech to expedited discovery.  Rather, the Court would hold that against Pavemetrics when deciding the Motion.

INTELLECTUAL PROPERTY + TECHNOLOGY LAW | knobbe.com

In the face of Pavemetrics' detailed and substantive opposition raising substantial questions about the merits, Tetra Tech demands Pavemetrics' source code—something it never previously requested. Tetra Tech already filed its motion, ECF 17, and Pavemetrics' spent considerable resources mounting a formidable response. Tetra Tech was required to meet its burden and produce its evidence in its moving papers. Having failed to do so, Tetra Tech cannot present new claim constructions and infringement theories for the first time in its reply papers. *E.g.*, *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006). It would be unfair to Pavemetrics to have to continually respond to shifting arguments on claim construction or infringement. Moreover, Pavemetrics' source code is not relevant to invalidity, which is based on a prior art publication. Thus, Pavemetrics' source code would be of no use to Tetra Tech on reply.

Furthermore, Tetra Tech's demand for immediate production of Pavemetrics' highly confidential and proprietary source code is patently unreasonable for multiple reasons. First, Tetra Tech has no basis to demand immediate production. The parties have yet to conduct a Rule 26(f) conference of counsel. The parties have not even begun to negotiate the details of a protective order for this action. Nor have the parties discussed parameters governing how they will exchange source code or negotiated a discovery agreement for producing source code. Tetra Tech seeks immediate production of "the source code for the various LCMS and LRAIL systems," with no limitation on field of use, geography, or time. Second, producing source code before having even a basic understanding of the patentee's infringement contentions or proposed claim constructions is highly irregular. Third, Pavemetrics' source code is highly sensitive, trade secret information that is not publicly available. Pavemetrics cannot produce any source code without entry of a suitable protective order. No company whose business is built on proprietary source code would agree to such a production.

That Tetra Tech promises to restrict access to "outside attorneys" and an unknown number of unnamed "third-party experts," resolves none of these issues.

Tetra Tech's moving papers and unreasonable demand for source code show that Tetra Tech had no good-faith basis to move for a preliminary injunction. Tetra Tech has known about Pavemetrics' LCMS system since 2012. Tetra Tech has known about Pavemetrics' LRAIL system since at least 2015. Less than one year ago, in June 2020, Tetra Tech requested a quote and discount for the bulk purchase of multiple LRAIL systems. It also requested to observe delivery of an LRAIL system to a Pavemetrics' customer. Never during that time did Tetra Tech even mention its patent. Nor did Tetra Tech perform a reasonable inquiry before moving for a preliminary injunction as required by Rule 11 of the Federal Rules of Civil Procedure. If it had, Tetra Tech would have learned more details about LRAIL and its predecessor, including when it was first introduced, first sold, and first published, and when it shifted to using deep neural networks to detect railway features.

For the foregoing reasons, Pavemetrics will not produce its source code in the time frame and under the circumstances requested. Moreover, Tetra Tech's demand for source code does not justify any change to the preliminary injunction briefing and hearing schedule. If Tetra Tech intends to proceed with an ex parte application for an order requiring Pavemetrics to produce immediately any source code, I am available for a meet and confer tomorrow morning at 11:00am PDT. Absent resolution of the above

# Knobbe Martens

issues in any meet and confer, Pavemetrics would oppose any ex parte application seeking expedited discovery.

Sincerely,

/s/

Christy G. Lea, Esq.

34672980