## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:21-cv-01289-MCS-MAA | Date March 30, 2021 |
| Title *Pavemetrics Sys., Inc. v. Tetra Tech, Inc.* | |

Present: The Honorable **Mark C. Scarsi, United States District Judge**

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER DENYING EX PARTE APPLICATION (ECF No. 42)

Defendant and Counterclaimant Tetra Tech, Inc., applies ex parte for an order: (1) permitting early, expedited discovery of Pavemetrics' source code; (2) providing a two-week continuance of Tetra Tech's deadline to file a reply in support of its motion for a preliminary injunction, and the hearing on the motion; and (3) granting a page limit extension on Tetra Tech's reply brief. (Appl., ECF No. 42.) Plaintiff and Counterclaim Defendant Pavemetrics Systems, Inc., opposes. (Opp'n, ECF No. 43.)

Ex parte applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an ex parte application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. Tetra Tech does not provide an adequate explanation of how it will be irreparably prejudiced absent the extraordinary relief it requests. Ex parte relief is unwarranted.

Reaching the merits, no form of relief requested is appropriate.

Federal Rule of Civil Procedure 26(d)(1) precludes a party from seeking discovery from any source before the parties' Rule 26(f) conference. Courts in the Ninth Circuit require a showing of good cause to permit discovery before a Rule 26(f) conference. *E.g.*, *Synopsys, Inc. v. AzurEngine Techs., Inc.*, 401 F. Supp. 3d 1068, 1076 (S.D. Cal. 2019); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. In this inquiry, courts consider: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009) (internal quotation marks omitted). The application argues why Tetra Tech needs expedited discovery without discussing the other factors. (Appl. 4–6.) The burden on Pavemetrics would be heavy: granting Tetra Tech's requested relief would require it to produce an unspecified amount of source code within two weeks, far shorter than usually prescribed for responding to discovery requests. *E.g.*, Fed. R. Civ. P. 34(b)(2)(A) (providing 30 days to respond to requests for production of electronically stored information). Tetra Tech indicates that the parties have not stipulated to a protective order, the negotiation and approval of which will take time. (*See* Appl. 6.) Weighing the factors, the Court concludes that ordering expedited discovery would be inappropriate.

"[D]istrict judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila v. Willits Env't Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). In general, the pretrial scheduling order can only be modified "upon a showing of good cause." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)); *accord* Fed. R. Civ. P. 16(b)(4). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension,'" but "[i]f the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609). Tetra Tech agreed to the already extended briefing schedule set here. (J. Stip., ECF No. 27.) It provides little explanation why a further extension is appropriate, especially given the Court's denial of its request for expedited discovery.

"Only in rare instances and for good cause shown will the Court grant an application to extend . . . page limitations." (Initial Standing Order § 9(d), ECF No. 11.) Tetra Tech summarily states that "it would be unreasonable to expect" it to respond to Pavemetrics' opposition within the page limit. (Appl. 7.) This conclusory argument is insufficient.

For these reasons, the Court denies the application.

**IT IS SO ORDERED.**