Donald L. Ridge (State Bar No. 132171)
**CLARK HILL LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
DRidge@clarkhill.com

Aaron L. Parker (*pro hac vice*)
*aaron.parker@finnegan.com*
David C. Reese (*pro hac vice*)
*david.reese@finnegan.com*
Nicholas A. Cerulli (*pro hac vice*)
*nicholas.cerulli@finnegan.com*
Ryan T. Davies (SBN : 330922)
*ryan.davies@finnegan.com*
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.**
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

*Attorneys for Defendant and Counterclaim Plaintiffs*
*TETRA TECH, INC. AND TETRA TECH TAS INC.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC.<br><br>　　　　　Plaintiffs,<br>　v.<br>TETRA TECH, INC.<br><br>　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO.: 2:21-CV-1289 MCS-MMA<br><br>**OBJECTION TO SUPPLEMENTAL DECLARATION OF DAVID FRAKES, PH.D. REGARDING PARAGRAPH 83**<br><br>**[Honorable Mark. C. Scarsi]**<br><br>**Date: April 19, 2020**<br>**Time: 9:00 a.m.**<br>**Courtroom: 7C** |

# OBJECTION

## I. INTRODUCTION

Defendant and Counterclaim Plaintiff Tetra Tech, Inc. and Counterclaim Plaintiff Tetra Tech TAS Inc. (collectively "Tetra Tech") hereby file this Objection to Supplemental Declaration of David Frakes, Ph.D. Regarding Paragraph 83 because Plaintiff and Counterclaim Defendant Pavemetrics Systems, Inc. ("Pavemetrics") submitted Dr. Frakes' supplemental declaration after briefing for the preliminary injunction motion was completed, and where the Court's rules do not permit supplemental briefing as a matter of right. Civil Case Standing Order 9(d); Local Rule 7-10. Moreover, Pavemetrics' improper supplemental briefing comes after it denied Tetra Tetra's previous proposal offering Pavemetrics a sur-reply in exchange for not opposing Tetra Tech's motion for extra pages and an extension of time to file its reply brief. For these reasons, Tetra Tech objects to the entry of Pavemetrics' Supplemental Declaration of David Frakes, Ph.D. Regarding Paragraph 83.

## II. BACKGROUND

On February 11, 2021, Pavemetrics filed an action against Tetra Tech seeking a Declaratory Judgment of Non-infringement of U.S. Patent 10,362,293 ("the '293 patent") based on 35 U.S.C. § 273. In response, on March 3, 2021, Tetra Tech filed a Counterclaim of Infringement of the '293 patent and a Motion for a Preliminary Injunction. On March 9, 2021, the Court ordered new dates for the Preliminary Injunction schedule after the parties entered a Joint Stipulation to Modify Motion Hearing Date and Briefing. The new briefing schedule included a deadline of March 22, 2021, for Pavemetrics' Opposition, a deadline of April 5, 2021 for Tetra Tech's Reply in Support, and a hearing on April 19, 2021.

In its Opposition to the Preliminary Injunction, Pavemetrics introduced new arguments and information relating to its new Counterclaim of Invalidity of the '293 patent. In response, Tetra Tech filed an Ex Parte Application for Expedited Discovery and Extension of Time and Page Limit for its reply in support of the Motion for Preliminary Injunction. Prior to filing the Ex Parte Application, the parties conducted a meet and confer

in which Tetra Tech offered Pavemetrics a sur-reply in exchange for not opposing Tetra Tech's motion for extra pages and an extension of time to file its reply brief. Pavemetrics declined the offer. The Court subsequently denied the Ex Parte Application and Tetra Tech timely filed its Reply in Support of the Motion for Preliminary Injunction on April 5, 2021.

### III. PAVEMETRICS DID NOT SEEK AND RECEIVE LEAVE OF COURT TO FILE THE SUPPLEMENTAL DECLARATION

On April 9, 2021, without seeking or obtaining the Court's permission, Pavemetrics filed a Supplemental Declaration of their expert David Frakes, Ph.D. The Supplemental Declaration attempts to walk back statements Dr. Frakes made in his original declaration attached to Pavemetrics' Opposition. ECF 47 at ¶ 3. Judge Scarsi's Civil Case Standing Order specifically states that "[n]o supplemental brief shall be filed without prior leave of Court." Civil Case Standing Order 9(d). Likewise, this Court's local rules set forth that "[a]bsent prior written order of the Court, the opposing party shall not file a response to the reply." Local Rule 7-10. Here, Pavemetrics did not seek leave of this Court prior to filing the Supplemental Declaration of Dr. Frakes, and for this reason alone, his Supplemental Declaration should not be considered by the Court. *See Lewis v. Moki Doorstep Corp.,* 2019 WL 7037774 *1, *1 n. 1 (C.D. Cal. 2019) (striking a supplemental declaration filed after briefing closed as prohibited by Local Rule 7-10); *New Show Studios LLC v. Needle,* 2015 WL 5567744 *1, *2, *6 (C.D. Cal. 2015) (finding a supplemental declaration an improper sur-reply in violation of Local Rule 7-10).

Furthermore, during briefing on the Preliminary Injunction Motion, Tetra Tech offered Pavemetrics a sur-reply in exchange for not opposing Tetra Tech's motion for expedited discovery and an extension of time and page limit for its reply in support of the motion for preliminary injunction. But Pavemetrics declined. Then, without even notifying Tetra Tech (or seeking leave from the Court), Pavemetrics untimely filed a sur-reply in the form of a supplemental declaration, which is prohibited in this jurisdiction. For this additional reason, the supplemental declaration should not be considered by the Court.

## IV. CONCLUSION

For these reasons, Tetra Tech respectfully objects to Pavemetrics' Supplemental Declaration of David Frakes, Ph.D. Regarding Paragraph 83 and asks the Court not to consider it in its decision on the Motion for Preliminary Injunction.

Dated: April 13, 2021

**CLARK HILL LLP**

By: /s/ Donald L. Ridge

Donald L. Ridge

Aaron L Parker (*pro hac vice*)
David C. Reese (*pro hac vice*)
Nicholas A. Cerulli (*pro hac vice*)
Ryan T. Davies (SBN: 330922)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.**

*Attorneys for Defendant and Counterclaim Plaintiffs*
TETRA TECH, INC. AND TETRA TECH TAS INC.