Donald L. Ridge (State Bar No. 132171)
**CLARK HILL LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
DRidge@clarkhill.com

Aaron L. Parker (*pro hac vice*)
*aaron.parker@finnegan.com*
David C. Reese (*pro hac vice*)
*david.reese@finnegan.com*
Nicholas A. Cerulli (*pro hac vice*)
*nicholas.cerulli@finnegan.com*
Ryan T. Davies (State Bar No. 330922)
*ryan.davies@finnegan.com*
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.**
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

*Attorneys for Defendant and Counterclaim Plaintiffs*
TETRA TECH, INC. AND TETRA TECH TAS INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC.<br><br>                    Plaintiffs,<br>       v.<br>TETRA TECH, INC.<br><br>                    Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO.: 2:21-CV-1289 MCS-MMA<br><br>**TETRA TECH'S ANSWER TO PAVEMETRICS' COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY**<br><br>**Honorable Mark. C. Scarsi** |

1

Defendants and Counterclaim Plaintiffs Tetra Tech, Inc. and Tetra Tech TAS Inc. (collectively, "Tetra Tech") hereby file their Answer to Pavemetrics' Compulsory Counterclaim for Declaratory Judgment of Invalidity filed on March 24, 2021 (the "Counterclaim") by Plaintiff and Counterclaim Defendant Pavemetrics Systems, Inc. ("Pavemetrics"). Each of the paragraphs below corresponds to the same numbered paragraph in the Counterclaim. Tetra Tech denies all allegations in the Counterclaim, whether express or implied, that are not specifically admitted below. Tetra Tech further denies that Pavemetrics is entitled to the relief requested in the Counterclaim, or to any other relief.

## I.   JURISDICTION AND VENUE

1. Tetra Tech admits that Pavemetrics alleges that this Counterclaim arises under 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Tetra Tech denies the merits of the Counterclaim or that Pavemetrics has stated a cause of action, and therefore, except as expressly admitted, denies any other allegations set forth in paragraph 1.

2. Tetra Tech admits that Pavemetrics alleges that this Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338. Tetra Tech denies the merits of the Counterclaim or that Pavemetrics has stated a cause of action, and therefore, except as expressly admitted, denies any other allegations set forth in paragraph 2.

3. Admitted, for the purposes of this action only.

4. Admitted, for the purposes of this action only.

5. Admitted, for the purposes of this action only.

## II.   THE PARTIES

6. Tetra Tech lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph.

7. Admitted.

8. Admitted.

### III. BACKGROUND

9. Tetra Tech admits that, on February 11, 2021, Pavemetrics filed a Complaint for Declaratory Judgment of Non-Infringement against Tetra Tech, Inc. In that Complaint, Pavemetrics requested in its prayer for relief that "the Court enter a judgment declaring that Pavemetrics has not infringed and does not infringe any claim of the '293 patent, or in the alternative, has a complete defense to any infringement under 35 U.S.C. § 273." Tetra Tech denies the merits of the Complaint or that Pavemetrics has stated a cause of action or that Pavemetrics is entitled to the declaratory relief sought in the Complaint, and therefore, except as expressly admitted, denies any other allegations set forth in paragraph 9.

10. Tetra Tech admits that on March 3, 2021, Tetra Tech, Inc. answered Pavemetrics' Complaint. Tetra Tech also admits that on March 3, 2021, Tetra Tech, Inc., joined by third-party counterclaimant, Tetra Tech TAS Inc., filed a counterclaim for infringement of the '293 patent.

### IV. FIRST COUNTERCLAIM
**(Declaratory Judgment of Invalidity of the '293 Patent)**

11. Tetra Tech restates and incorporates by reference its responses made in paragraphs 1-10 of this Answer.

12. Tetra Tech admits an actual controversy exists between the parties at least because Pavemetrics has been and is directly infringing under 35 U.S.C. § 271, literally or under the doctrine of equivalents, at least claims 1, 15, 16, 19-22, 36, 37, and 40-42 of the '293 patent by bidding and contracting for, offering to sell, selling, using, testing, and importing the LRAIL in the United States. ECF 12 at 28-37. An actual controversy also exists between the parties because Pavemetrics has also been and continues to induce its customers to directly infringe at least Claims 1, 15, 16, 19-22, 36, 37, and 40-42 of the '293 patent by intentionally promoting, advertising, aiding, and instructing customers (e.g., the FRA, CSX) to bid on, purchase, and use its LRAIL in the United States. *See id.* An actual controversy also exists between the parties because

Pavemetrics has also contributed and continues to contribute to infringement of the '293 patent.

13. Denied.

14. Denied.

## V. PRAYER FOR RELIEF

Tetra Tech denies any and all allegations that any claims of the '293 patent are invalid. Tetra Tech denies all allegations that Pavemetrics is entitled to any relief requested in paragraphs "A-F" of the Counterclaim's Prayer for Relief, or any other relief whatsoever. Tetra Tech asks the Court to deny any and all relief requested by Pavemetrics in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without altering any applicable burdens of proof, Tetra Tech asserts the following defenses to the Counterclaim and reserves its right to assert additional defenses.

## FIRST AFFIRMATIVE DEFENSE

Pavemetrics' Counterclaim fails to allege facts sufficient to state a claim upon which relief can be granted.

## RIGHT TO ASSERT ADDITIONAL DEFENSES

Tetra Tech reserves the right to assert and pursue any additional defenses, which may be revealed in the further development of this case. Tetra Tech also reserves the right to amend this Answer to assert any claim or defense discovery reveals to be appropriate.

///
///
///
///
///
///

4

|   |   |
|---|---|
|   | Respectfully submitted, |
| Dated: April 14, 2021 | **CLARK HILL LLP** |
|   | By:   /s/ Donald L. Ridge |
|   |        Donald L. Ridge |
|   | *Attorneys for Defendant and Counterclaim Plaintiffs* |
|   | TETRA TECH, INC. AND TETRA TECH TAS INC. |
|   | Aaron L. Parker (*Pro Hac Vice*) |
|   | David C. Reese (*Pro Hac Vice*) |
|   | Nicholas A. Cerulli (*Pro Hac Vice*) |
|   | Ryan T. Davies (SBN: 330922) |
|   | **FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP** |

5