Joseph R. Re (SBN 134,479)
joe.re@knobbe.com
Christy G. Lea (SBN 212,060)
christy.lea@knobbe.com
Nicholas M. Zovko (SBN 238,248)
nicholas.zovko@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff/Counterclaim Defendant
PAVEMETRICS SYSTEMS, INC.

Donald L. Ridge (State Bar No. 132171)
**CLARK HILL LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
DRidge@clarkhill.com

Aaron L. Parker (pro hac vice)
aaron.parker@finnegan.com
David C. Reese (pro hac vice)
david.reese@finnegan.com
Nicholas A. Cerulli (pro hac vice)
nicholas.cerulli@finnegan.com
Ryan T. Davies (SBN 330922)
ryan.davies@finnegan.com
**FINNEGAN HENDERSON**
901 New York Ave NW
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Attorneys for Defendant/Counterclaim Plaintiff
TETRA TECH, INC. and TETRA TECH TAS. INC.

# THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>TETRA TECH, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:21-cv-1289 MCS-MMA<br><br>Hon. Mark C. Scarsi<br><br>**JOINT REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f) AND LOCAL RULE 26-1**<br><br>Scheduling Conference:<br><br>Date:  May 3, 2021<br>Time: 10:00 am<br>Ctrm:  7C |

Pursuant to the Court's March 4, 2021, Order Setting Scheduling Conference (Dkt. No. 21), Federal Rule of Civil Procedure 26(f), and Local Rule 26-1, Pavemetrics Systems, Inc. ("Pavemetrics" or "Plaintiff"), and Tetra Tech, Inc. and Tetra Tech TAS Inc. (collectively, "Tetra Tech" or "Defendant"), conducted a conference of counsel on April 12, 2021, and hereby submit the following Joint Report.

## I. STATEMENT OF THE CASE

### A. Plaintiff's Statement

Pavemetrics is a world leader in vision systems for the automated inspection of transportation infrastructures, including railway tracks. Pavemetrics pioneered using computer vision to inspect transportation infrastructure and sold its first system to inspect roads in 2009. A few years later, Pavemetrics sold that same system to inspect railway tracks.

Tetra Tech is a Pavemetrics customer. In 2012, Tetra Tech started purchasing transportation inspection systems from Pavemetrics. In 2015, Pavemetrics shared details about its LRAIL track inspection system with Darel Mesher, Tetra Tech's CTO and the named inventor on the asserted patent, U.S. Patent No. 10,362,293. Tetra Tech filed the '293 patent in that same year, 2015.

Pavemetrics denies that the sale or use of its LRAIL system infringes any claim of the '293 patent. Even if Tetra Tech could prove that the LRAIL system falls within the scope of one or more claims, Pavemetrics would have a complete defense to any such infringement under 35 U.S.C. § 273. Pavemetrics has commercially used its LRAIL system for inspecting railway tracks since 2012.

The '293 patent claims are also invalid. The claims recite steps that have been performed using well-known image filters, including the "Sobel" filter invented in 1968. In 2014, before Tetra Tech filed for its patent, Pavemetrics published an article teaching its use of the Sobel filter for identifying railway track features.

Moreover, Tetra Tech is estopped from asserting its infringement claim. After the '293 patent issued, Tetra Tech continued to do business with Pavemetrics and encouraged sales of LRAIL systems. Pavemetrics relied on Tetra Tech's conduct and continued to sell its LRAIL system in the U.S. Tetra Tech cannot seek damages from Pavemetrics for committing the very acts Tetra Tech encouraged and caused, all while never mentioning the '293 patent.

**B.     Defendant's Statement**

Tetra Tech developed an innovative three-dimensional track assessment system called 3DTAS that greatly improved upon existing track inspection systems. Particularly, the 3DTAS enables detection of railway track bed features accurately at high speeds, which is crucial to inspecting high mileage tracks efficiently and accurately. Tetra Tech obtained the '293 patent on these improvements over prior railroad track inspection systems. Claim 1 of the '293 patent defines a specific and sophisticated algorithm for identifying rail track bed features using "an appropriate gradient neighborhood" representing "a small 2D track section" "over which differential vertical measurements" for the identification of specific railway track bed features are calculated from 3D elevation data. The Patent Office allowed the '293 patent in view of over 400 references, including references raised in previous litigation against Tetra Tech, and references having an unsophisticated Sobel filter. The alleged prior art supplied by Pavemetrics does not render the '293 patent invalid.

Pavemetrics' LRAIL infringes at least claim 1 of the '293 patent. Pavemetrics unfairly gained a foothold in the railroad track inspection market by improperly using Tetra Tech's patented algorithms to secure federal funding for testing its LRAIL in the United States and by marketing and selling the LRAIL to North American Class I railroads. Most recently, Pavemetrics robbed Tetra Tech of a significant sales opportunity with CSX Transportation Inc. ("CSX"), a major Class I railroad and potential customer operating in the United States, by

adapting its LRAIL for use with an autonomous rail inspection boxcar. Pavemetrics' infringing activities threaten to destroy Tetra Tech's railroad inspection business. Pavemetrics' claims of a prior user defense and on-sale bar prior art are incorrect. Pavemetrics did not begin using or selling algorithms that infringe the '293 patent on any of its inspection systems until after the February 20, 2015 effective filing date of the '293 patent.

## II. SUBJECT MATTER JURISDICTION

This is a patent case. The Court has subject matter jurisdiction over the parties' claims pursuant to 28 U.S.C. §§ 1331 and 1338.

## III. LEGAL ISSUES

The key legal issues include:

1) The scope and meaning of certain claim terms of the '293 patent;
2) Whether Pavemetrics infringes or has infringed any claim of the '293 patent;
3) Whether Pavemetrics' prior commercial use is a defense to any infringement under 35 U.S.C. § 273;
4) Whether the '293 patent is invalid;
5) Whether Tetra Tech is estopped from asserting its infringement claim;
6) If liability is found, the amount of damages to which Tetra Tech is entitled;
7) Whether Pavemetrics' infringement was willful;
8) Whether Tetra Tech is entitled to a permanent injunction.

At this time, the parties are unaware of any unusual substantive, procedural, or evidentiary issues.

## IV. PARTIES AND EVIDENCE

The parties to this litigation are:

1) Pavemetrics Systems, Inc., which has no subsidiaries, parents, or affiliates.

     2)     Tetra Tech, Inc., which, as of 2020, has nearly 300 subsidiaries. As noted in Tetra Tech's Notice of Interested Parties (ECF 13), only the following subsidiaries of Tetra Tech, Inc. may have a pecuniary interest in the outcome of this case: Tetra Tech Holding LLC, Tetra Tech Canada Holding Corporation, Tetra Tech Canada Inc., and Tetra Tech TAS Inc."

     3)     Tetra Tech TAS Inc., which is a wholly owned subsidiary of Tetra Tech, Inc.

At this time, the parties do not anticipate the appearance of additional parties.

Percipient witnesses may include: (a) Richard Habel, President and CEO of Pavemetrics; (b) John Laurent, Chief Technical Officer of Pavemetrics; (c) Darel Mesher, Chief Technical Officer of Tetra Tech TAS Inc. and named inventor on '293 patent; (d) Gary Keyes, Vice President of Tetra Tech, Inc.; (e) Robert Olenoski, Outside Consultant for Tetra Tech; (f) Bradford Spencer, Director of Track Testing of CSX Transportation; (g) Ricky Johnson, VIP of Engineering of CSX Transportation; (h) Chantel Campbell-Goucher, Assistant Chief Engineer of CSX Transportation; (i) Richard Fox-Ivey, Principal Consultant of Pavemetrics.

Key documents are likely to include: (a) documents relating to the conception and reduction to practice of the claimed invention and prosecution of the '293 patent; (b) documents relating to the development of the accused LRAIL system; (c) documents relating to Tetra Tech's knowledge of Pavemetrics' transportation inspection systems, including its LRAIL inspection system; (d) prior art systems and publications, including those references and prior-art arguments presented by Tetra Tech in IPR petitions and district court invalidity contentions; (e) documents relating to the parties' respective sales and marketing; (f) documents relating to the accused LRAIL system, including source code,

and/or any other track inspection system sold by Pavemetrics; (g) documents relating to Pavemetrics knowledge of Tetra Tech's 3DTAS and/or the '293 patent.

## V. DAMAGES

### A. Plaintiff's Position

Defendant is not entitled to any damages as there has been no infringement of any valid claims. Defendant may seek an award of attorneys' fees pursuant to 35 U.S.C. § 285.

### B. Defendant's Position

Tetra Tech continues to incur and/or be at risk of significant non-monetary damages as a result of Pavemetrics' infringement in the form of (1) loss of market share; (2) loss of business opportunities; (3) loss of goodwill and damage to Tetra Tech's reputation; and (4) price erosion. Tetra Tech is thus entitled to a permanent injunction. Tetra Tech is also experiencing monetary damages including lost profits and/or a reasonable royalty on Pavemetrics' sales of infringing products. It is difficult for Tetra Tech to provide an estimate of damages without receiving initial disclosures from Pavemetrics and documents that Tetra Tech will seek regarding Pavemetrics' sales, profits, and other financial information. Damages will continue to accrue during the pendency of this suit. However, Tetra Tech roughly estimates its current damages in the range of $1 million to $15 million. Tetra Tech may also seek an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## VI. INSURANCE

The parties are not currently aware of any insurance coverage that may be applicable to the claims and counterclaims in this action.

## VII. MOTIONS

At this time, the parties do not anticipate filing any motions to add parties or transfer venue. The parties have agreed to the following date for the last day to hear any motion to amend the pleadings or add parties: December 6, 2021.

## VIII. DISPOSITIVE MOTIONS

The parties anticipate filing one or more motions seeking summary judgment, including on the issues of patent infringement and/or noninfringement, validity and/or invalidity, and damages.

## IX. MANUAL FOR COMPLEX LITIGATION

The parties do not believe the Manual for Complex Litigation should apply in this case.

## X. STATUS OF DISCOVERY

The parties submitted numerous documents as exhibits during the preliminary injunction phase. No party has served discovery requests or produced documents as of April 19, 2021. Pursuant to Rule 26(a)(1)(C), initial disclosures are due on April 26, 2021.

## XI. DISCOVERY PLAN

The parties do not anticipate making changes to the Rule 26(a) disclosure requirements or other Federal Rules of Civil Procedure regarding discovery.

Pavemetrics anticipates discovery on at least the following topics: whether the '293 patent is invalid; whether the accused system infringes the '293 patent; the scope and meaning of certain terms in the '293 patent; whether Tetra Tech's systems, including 3DTAS, practice the '293 patent; Tetra Tech's knowledge of Pavemetrics' systems to inspect railway tracks; Tetra Tech's knowledge of other prior art systems; and Tetra Tech's encouragement of Pavemetrics' use and sales of systems to inspect railway tracks.

Tetra Tech anticipates discovery on at least the following topics: whether Pavemetrics LRAIL and/or any other track inspection system sold by Pavemetrics infringes the '293 patent; the extent of Pavemetrics' knowledge of Tetra Tech's systems, including the 3DTAS; the extent of damages, including Pavemetrics' past and future sales of its infringing LRAIL and/or any other track inspection

system infringing the '293 patent; Pavemetrics' knowledge of the '293 patent; Pavemetrics' reliance on any advice of counsel, if it plans to rely upon it.

Neither Plaintiff nor Defendant suggest deviating from the default limit of 10 depositions per party under Rule 30, including 30(b)(6) depositions and third-party depositions. The parties agree that expert depositions do not count toward the 10-deposition limit.

The parties agree that fact discovery should conclude before the commencement of expert discovery. The parties propose exchanging opening and rebuttal expert witness disclosures pursuant to the schedule attached as **Exhibit A**. The parties propose simultaneously exchange of opening expert witness disclosures on the issues on which they bear the burden of proof, and simultaneously exchange rebuttal expert disclosures responding to the opposing party's opening expert disclosures.

The parties' proposed case schedule, including discovery deadlines, is included in Exhibit A.

The parties agree that a protective order is necessary to safeguard confidential and sensitive competitive information likely to be sought and disclosed in discovery. The parties are drafting a suitable protective order and intend to move for its entry. The parties will include specific provisions and parameters for inspecting source code, designed to protect the parties' highly sensitive source code.

## XII. DISCOVERY CUT-OFF

As set forth in Exhibit A, the parties' proposed fact discovery cut-off date is January 20, 2022. The parties' proposed expert discovery cut-off is March 14, 2022.

## XIII. EXPERT DISCOVERY

As set forth in Exhibit A, the parties' proposed deadlines for expert witness disclosures and discovery are as follows:

1) Opening expert reports: January 27, 2022;

2) Rebuttal expert reports: February 24, 2022;

3) Expert discovery cut-off: March 14, 2022.

## XIV. SETTLEMENT CONFERENCE/ALTERNATIVE DISPUTE RESOLUTION ("ADR")

The parties have not had settlement discussions. The parties agree that ADR should occur by May 16, 2022, and it should proceed by private mediation pursuant to ADR Procedure No. 3 set forth in L.R. 16-15.4.

## XV. TRIAL ESTIMATE

The parties estimate that the length of the trial will be 4-6 court days. Defendant requests that any trial be conducted before a jury.

Plaintiff anticipates calling approximately 6-8 witnesses. Defendant anticipates calling approximately 5-8 witnesses.

## XVI. TRIAL COUNSEL

As of the date of this Report, the parties expect trial counsel to be as follows:

For Plaintiff: Joseph Re, Christy Lea, and Nicholas Zovko of Knobbe, Martens, Olson & Bear, LLP.

For Defendant: Aaron Parker, David Reese, Nicholas Cerulli, and Ryan Davies of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP and Donald Ridge of Clark Hill LLP.

## XVII. INDEPENDENT EXPERT OR MASTER

The parties do not believe that a master or an independent scientific expert should be appointed in this case.

## XVIII. SCHEDULE WORKSHEET

The parties attach as Exhibit A the Court's Schedule of Pretrial and Trial Dates Worksheet. The parties have agreed upon all proposed dates in the worksheet. Further, the parties agree to file Daubert motions with the first round

of trial filings on June 30, 2022.

The parties also propose the following additional dates for this patent case, which are based upon a trial occurring no earlier than 18 months after the Complaint was filed (i.e., on August 9, 2022):

| Deadline | Proposed Date |
| --- | --- |
| Initial Disclosures and Proposed Protective Order Due to Court; Tetra Tech to disclose expert it intends will inspect Pavemetrics' source code | April 26, 2021 |
| Tetra Tech's Infringement Contentions and Preliminary Identification of Asserted Claims | June 10, 2021 (or at least two weeks after inspection of Pavemetrics' source code, whichever is later) |
| Pavemetrics' Invalidity Contentions and Preliminary Identification of Prior Art | July 15, 2021 (or at least two weeks after service of Tetra Tech's infringement contentions, whichever is later) |
| List of Proposed Claim Terms for Construction | July 29, 2021 |
| Claim Constructions with Citations to Intrinsic and Extrinsic Evidence | August 12, 2021 |
| Joint Claim Construction Statement to Court | August 26, 2021 |
| Completion of Claim Construction Discovery | September 16, 2021 |
| Tetra Tech's Opening Claim Construction Brief | September 30, 2021 |
| Pavemetrics' Responsive Claim Construction Brief | October 14, 2021 |

| Deadline | Proposed Date |
|---|---|
| Tetra Tech's Reply Claim Construction Brief | October 21, 2021 |
| Pavemetrics' Sur-Reply Claim Construction Brief | October 28, 2021 |
| Claim Construction (*Markman*) Hearing | November 15, 2021 |
| Claim Construction Order | To be Determined by the Court |
| Final/Updated Infringement Contentions | 2 Weeks after Court's Claim Construction Order |
| Final/Updated Invalidity Contentions | 2 Weeks after Final/Updated Infringement Contentions |

The parties dispute whether Tetra Tech should be required to limit the number of asserted claims at various stages in the case. Tetra Tech asserted 12 claims in its Counterclaim for infringement: Claims 1, 15, 16, 19-22, 36, 37, and 40-42 of the '293 patent. In light of the parties' proposed 18-month schedule and anticipated *Markman* hearing later this year, Pavemetrics proposes that Tetra Tech be required to assert (1) no more than 12 claims in its Preliminary Identification of Asserted Claims, which would be due almost two months from now; and (2) no more than 6 claims in its Final/Updated Infringement Contentions, which would be due after the Court issues its Claim Construction Order.

Tetra Tech does not believe any limit on the number of asserted claims should be required, nor is it typical, especially at this early stage, before any discovery has taken place. Tetra Tech asserted "at least" 12 claims from the '293 patent in its Counterclaim based solely on publicly available information. Pavemetrics knows that the extent of their infringement (i.e., the number of asserted claims) depends on production of their source code, which has not yet

occurred. Pavemetrics' request to limit Tetra Tech's case before discovery starts is unreasonable. Further, Tetra Tech has asserted only one patent with 43 claims, 21 of which are directed to a system and 22 of which are directed to a method with substantially similar subject matter. Tetra Tech does not envision any issues making it to trial within the Court's proposed 18-month schedule (ECF 21).

### XIX. OTHER ISSUES

Other issues affecting the status or management of this case include:

**Electronically stored information (ESI):**

The parties intend to work together to reach an agreement regarding the production format and logistics for ESI.

**Privilege:**

The parties expressly adopt the clawback procedure of Federal Rule of Civil Procedure 26(b)(5)(B).

The parties further agree that the following material is excluded from the requirements of Federal Rule of Civil Procedure 26(b)(5)(A): (i) communications covered by the attorney-client privilege that were created on or after the Complaint was filed on February 11, 2021; and (ii) information that a party claims is covered by the attorney-work-product protection that was created on or after February 11, 2021.

**Service:**

The parties consent to service by electronic mail, and agree to serve any documents not filed via ECF—including pleadings, discovery requests and responses, subpoenas, expert disclosure, and correspondence—by email to all attorneys for the receiving party then appearing on the ECF docket, at the email addresses listed thereon.

In the event the volume of served materials is too large for email and requires electronic data transfer by file transfer protocol or a similar technology, or overnight delivery, the serving party will send an email to all attorneys for the

receiving party then appearing on the ECF docket indicating the means by which the materials are being served.

For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery will be treated as hand delivery.

Respectfully submitted,

**KNOBBE, MARTENS, OLSON & BEAR, LLP**

Dated: April 19, 2021

By: */s/ Christy G. Lea*
Joseph R. Re
Christy G. Lea
Nicholas M. Zovko

Attorneys for Plaintiff/Counterclaim Defendant
PAVEMETRICS SYSTEMS, INC.

**CLARK HILL**

Dated: April 19, 2021

By: */s/*
Donald L. Ridge

**FINNEGAN HENDERSON FARABOW GARRETT AND DUNNER LLP**

Dated: April 19, 2021

By: */s/*
Aaron L. Parker
David C. Reese
Nicholas A. Cerulli
Ryan T. Davies

Attorneys for Defendant/Counterclaim Plaintiff TETRA TECH, INC. and TETRA TECH TAS, INC.

**ATTESTATION OF E-FILED SIGNATURE**

I, Christy G. Lea, attest that all signatories listed above have read and approved this stipulation and consent to the filing of same in this action.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 19, 2021          By: */s/ Christy G. Lea*
                                   Christy G. Lea

Attorneys for Plaintiff/Counterclaim Defendant
Pavemetrics Systems, Inc.

# EXHIBIT A

# JUDGE MARK C. SCARSI
## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
The Court **ORDERS** the parties to make every effort to agree on dates.

| Case No. 2:21-cv-1289-MCS | Case Name: Pavemetrics Systems, Inc. v. Tetra Tech, Inc. | | | |
|---|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
| Check one: ☑ Jury Trial or ☐ Court Trial (*Tuesday* at 8:30 a.m., within 18 months after Complaint filed) Estimated Duration: 4 to 6 Days | | 08/09/2022 | 08/09/2022 | ☐ Jury Trial ☐ Court Trial _____ Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions in Limine (*Monday* at 2:00 p.m., at least 15 days before trial) | | 07/25/2022 | 07/25/2022 | |
| **Event [1]** *Note:* Hearings shall be on Monday at 9:00 A.M. Other dates can be any day of the week. | **Weeks Before FPTC** | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
| Last Date to *Hear* Motion to Amend Pleadings /Add Parties [*Monday*] | | 12/06/2021 | 12/06/2021 | |
| Non-Expert Discovery Cut-Off (no later than deadline for *filing* dispositive motion) | 17 | 01/20/2022 | 01/20/2022 | |
| Expert Disclosure (Initial) | | 01/27/2022 | 01/27/2022 | |
| Expert Disclosure (Rebuttal) | | 02/24/2022 | 02/24/2022 | |
| Expert Discovery Cut-Off | 12[2] | 03/14/2022 | 03/14/2022 | |
| Last Date to *Hear* Motions [*Monday*] • Rule 56 Motion due at least 5 weeks before hearing • Opposition due 2 weeks after Motion is filed • Reply due 1 week after Opposition is filed | 12 | 05/02/2022 | 05/02/2022 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] **Select one:** ☐ 1. Magistrate Judge (with Court approval) ☐ 2. Court's Mediation Panel ☑ 3. Private Mediation | 10 | 05/16/2022 | 05/16/2022 | ☐ 1. Mag. J. ☐ 2. Panel ☑ 3. Private |
| **Trial Filings (first round)** • Motions In Limine • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] (*court trial only*) • Declarations containing Direct Testimony (*court trial only*) | 3 | 06/30/2022 | 06/30/2022 | |
| **Trial Filings (second round)** • Oppositions to Motions in Limine • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint/Agreed Proposed Jury Instructions (*jury trial only*) • Disputed Proposed Jury Instructions (*jury trial only*) • Joint Proposed Verdict Forms (*jury trial only*) • Joint Proposed Statement of the Case (*jury trial only*) • Proposed Additional Voir Dire Questions, if any (*jury trial only*) • Evidentiary Objections to Decls. of Direct Testimony (*court trial only*) | 2 | 07/11/2022 | 07/11/2022 | |

[1] The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. *Patent and ERISA cases in particular may need to vary from the above.*

[2] The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.