1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   PAVEMETRICS SYSTEMS, INC.          Case No. 2:21−cv−01289−MCS−MAA

12            Plaintiff(s),             **ORDER RE: JURY TRIAL**

13      v.                                 **I.    SCHEDULE**

14   TETRA TECH, INC.                      **II.   TRIAL PREPARATION**

15            Defendant(s).                **III.  CONDUCT OF
                                                  ATTORNEYS AND
                                                  PARTIES**
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.  SCHEDULE

The Scheduling Order governing this case is set forth in the Schedule of Pretrial and Trial Dates chart below. Whether this is a jury trial or court trial is indicated in the upper right hand box. If the parties wish to set additional dates, they may file a separate Stipulation and Proposed Order. This may be especially appropriate in class actions, patent cases, or cases for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA").

Please refer to the Court's Standing Order for requirements for specific motions, discovery, certain types of filings, courtesy copies, emailing signature items to chambers, alternative dispute resolution, and other matters pertaining to all cases.

**JUDGE MARK C. SCARSI**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

| Trial and Final Pretrial Conference Dates | | Court Order |
|---|---|---|
| Trial | | 8/9/2022 at 8:30 a.m. <br> _x_ Jury Trial <br> _ Court Trial <br> 3–5 Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine | | 7/25/2022 at 2:00 p.m. |

| Event[1] <br> _Note:_ Hearings shall be on Monday at 9:00 A.M. <br> Other dates can be any day of the week. | Weeks Before FPTC | Court Order |
|---|---|---|
| Last Date to _Hear_ Motion to Amend Pleadings /Add Parties | | 12/6/2021 |
| Non-Expert Discovery Cut-Off | 17 | 1/20/2022 |
| Expert Disclosure (Initial) | | 1/27/2022 |
| Expert Disclosure (Rebuttal) | | 2/24/2022 |
| Expert Discovery Cut-Off | 12[2] | 3/14/2022 |
| Last Date to _**Hear**_ Motions <br> • Rule 56 Motion due at least 5 weeks before hearing <br> • Opposition due 2 weeks after Motion is filed <br> • Reply due 1 week after Opposition is filed | 12 | 5/2/2022 |
| Deadline to Complete Settlement Conference [L.R. 16-15] | 10 | 5/16/2022 <br> _ 1. Magistrate Judge <br> _ 2. Court's Mediation Panel <br> _x_ 3. Private Mediation |
| **Trial Filings (first round)** <br> • Motions In Limine <br> • Memoranda of Contentions of Fact and Law [L.R. 16-4] <br> • Witness Lists [L.R. 16-5] <br> • Joint Exhibit List [L.R. 16-6.1] <br> • Joint Status Report Regarding Settlement <br> • Proposed Findings of Fact and Conclusions of Law [L.R. 52] (_court trial only_) <br> • Declarations containing Direct Testimony (_court trial only_) | 3 | 6/30/2022 |
| **Trial Filings (second round)** <br> • Oppositions to Motions In Limine <br> • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] <br> • Joint/Agreed Proposed Jury Instructions (_jury trial only_) <br> • Disputed Proposed Jury Instructions (_jury trial only_) <br> • Joint Proposed Verdict Forms (_jury trial only_) <br> • Joint Proposed Statement of the Case (_jury trial only_) <br> • Proposed Additional Voir Dire Questions, if any (_jury trial only_) <br> • Evidentiary Objections to Decls. of Direct Testimony (_court trial only_) | 2 | 7/11/2022 |

[1] The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. _**This is often appropriate for class actions and patent and ERISA cases**_.

[2] The parties may wish to consider cutting off expert discovery prior to the deadline for _filing_ an MSJ.

1  **A.      Deadlines for Motions**

2      All motions must be noticed to be *heard* on or before their respective

3  deadlines. All unserved parties will be dismissed at the time of the pretrial

4  conference pursuant to Local Rule 16-8.1.

5  **B.      Discovery Cut-Off and Discovery Disputes**

6          1.      Discovery Cut-off:  The cut-off date for discovery *is not* the date

7  by which discovery requests must be served; it is the date by which all discovery,

8  *including all hearings on any related motions*, must be completed. Thus, written

9  discovery must be served, and depositions must begin, sufficiently in advance of

10  the discovery cut-off date to permit the discovering party enough time to challenge

11  via motion practice responses deemed to be deficient. Given the requirements to

12  meet and confer and to give notice, in most cases a planned motion to compel

13  must be discussed with opposing counsel at least six weeks before the cut-off.

14          2.      Expert Discovery:  All expert disclosures must be made in

15  writing.  The parties should begin expert discovery shortly after the initial

16  designation of experts. The final pretrial conference and trial dates will not be

17  continued merely because expert discovery is not completed. Failure to comply

18  with these or any other orders concerning expert discovery may result in the

19  expert being excluded as a witness.

20          3.      Discovery Disputes:  Counsel must use best efforts to

21  resolve discovery problems among themselves in a courteous, reasonable, and

22  professional manner. Counsel must adhere to the Civility and Professionalism

23  Guidelines at http://www.cacd.uscourts.gov/attorneys/admissions/civility-and-

24  professionalism-guidelines .

25          4.      Discovery Motions:  Discovery motions are handled by the

26  Magistrate Judge assigned to the case. Any motion challenging the adequacy of

27  discovery responses must be filed, served, and calendared sufficiently in advance

28  ///

1    of the discovery cut-off date to permit the responses to be obtained before that

2    date if the motion is granted.

3        **C.      Law and Motion and Local Rule 7-3**

4        The Court reminds the parties of their obligation under Local Rule 7-3 to

5    meet and confer to attempt to resolve disputes before filing a motion. This Court

6    also requires the parties to meet and confer on any other request for relief (except

7    those identified in Local Rules 7-3 and 16-12).

8        Please see the standing order for specific instructions regarding Motions to

9    Dismiss, Motions to Amend, Motions for Summary Judgment, and other requests.

10       **D.      Settlement Conference/Alternative Dispute Resolution Procedures**

11       Pursuant to Local Rule 16-15, the parties in every case must participate in

12   a Settlement Conference or Alternative Dispute Resolution ("ADR") procedure.

13   The Scheduling Order indicates the procedure the parties shall use. If the parties

14   prefer an ADR procedure other than the one ordered by the Court, they shall file

15   a Stipulation and Proposed Order. This request will not necessarily be granted.

16       Counsel shall file a Joint Report regarding the outcome of settlement

17   discussions, the likelihood of possible further discussions, and any help the Court

18   may provide with regard to settlement negotiations, by 7 days after the settlement

19   conference. No case will proceed to trial unless all parties, including the principals

20   of all corporate parties, have appeared personally at a settlement conference.

21       **E.      Final Pretrial Conference/Proposed Final Pretrial Conference**

22              **Order**

23       The Court has set a Final Pretrial Conference ("FPTC") pursuant to Fed. R.

24   Civ. P. 16 and Local Rule 16-8.  **THE COURT REQUIRES STRICT**

25   **COMPLIANCE WITH FED. R. CIV. P. 16 AND 26, AND LOCAL RULE 16.**

26   Each party appearing in this action must be represented at the FPTC by the lead

27   trial counsel for that party. Counsel must be prepared to discuss streamlining the

28   trial, including presentation of testimony by deposition excerpts or summaries,

5

1  time limits, stipulations as to undisputed facts, and qualification of experts by

2  admitted resumes.

3       The parties must file a Proposed Final Pretrial Conference Order ("Proposed

4  FPTCO") 2 weeks (14 days) before the FPTC. The parties must adhere to this

5  deadline so chambers can prepare. A template for the Proposed FPTCO is

6  available on Judge Scarsi's webpage. The parties MUST use this template.

7       In specifying the surviving pleadings under section 1, state which claims or

8  counterclaims have been dismissed or abandoned, e.g., "Plaintiff's second of

9  action for breach of fiduciary duty has been dismissed." Also, in multiple-party

10 cases where not all claims or counterclaims will be prosecuted against all

11 remaining parties on the opposing side, please specify to which party each claim

12 or counterclaim is directed.

13       The parties must attempt to agree on and set forth as many uncontested facts

14 as possible. The Court will usually read the uncontested facts to the jury at the

15 start of trial. A carefully drafted and comprehensively stated stipulation of facts

16 will shorten the trial and increase jury understanding of the case.

17       In drafting the factual issues in dispute, the parties should attempt to state

18 issues in ultimate fact form, not in the form of evidentiary fact issues. The issues

19 of fact should track the elements of a claim or defense on which the jury will be

20 required to make findings.

21       Issues of law should state legal issues on which the Court will be required

22 to rule during the trial and should not list ultimate fact issues to be submitted to

23 the trier of fact.

24       The parties shall email the Proposed FPTCO in Microsoft Word format to

25 chambers at MCS_Chambers@cacd.uscourts.gov.

26 **II.   TRIAL PREPARATION**

27       **THE PARTIES MUST STRICTLY COMPLY WITH LOCAL RULE**

28 **16.** Please review Local Rule 16-2. Pursuant to Local Rule 16-2, lead trial

counsel for each party are required to meet and confer in person 40 days in advance to prepare for the FPTC. This Order sets forth some requirements different from or in addition to those set out in Local Rule 16. The Court may take the FPTC off calendar or impose other sanctions for failure to comply with these requirements.

**A.      Schedule for Filing Pretrial Documents for Jury and Court Trials**

Copies of all pretrial documents shall be delivered to the Court "binder-ready" (three-hole punched on the left side, without blue-backs, and stapled only in the top left corner). Except for motions in limine, oppositions, the Joint Status Report Regarding Settlement, and Declarations containing direct testimony, **Counsel shall email all of the below pretrial documents, including any amended documents, in Microsoft Word format to MCS_Chambers@cacd.uscourts.gov** .

The schedule for filing pretrial documents is as follows:

- ♦ At least **3 weeks (21 days)** before the Final Pretrial Conference:
  - Motions in Limine
  - Memoranda of Contentions of Fact and Law
  - Witness Lists
  - Joint Exhibit List
  - Joint Status Report Regarding Settlement
  - Proposed Findings of Fact and Conclusions of Law (*court trial only*)
  - Declarations containing Direct Testimony (*court trial only*)
- ♦ At least **2 weeks (14 days)** before the Final Pretrial Conference:
  - Oppositions to Motions in Limine
  - Joint Proposed Final Pretrial Conference Order
  - Joint/Agreed Proposed Jury Instructions (*jury trial only*)

- Disputed Proposed Jury Instructions (*jury trial only*)

- Joint Proposed Verdict Forms (*jury trial only*)

- Joint Statement of the Case (*jury trial only*)

- Proposed Additional Voir Dire Questions, if any (*jury trial only*)

- Evidentiary Objections to Declarations of Direct Testimony *(court trial only)*

### 1.  Motions in Limine

No side may file more than 5 motions in limine without leave of court.

Motions in limine will be heard and ruled on at the FPTC. The Court may rule on motions in limine orally only instead of in writing. All motions in limine must be filed at least 3 weeks (21 days) before the final pretrial conference; oppositions must be filed at least 2 weeks (14 days) before the final pretrial conference; there will be no replies. Motions in limine and oppositions must not exceed 10 pages in length.

Before filing a motion in limine, counsel **must** meet and confer to determine whether opposing counsel intends to introduce the disputed evidence and to attempt to reach an agreement that would obviate the motion. Motions in limine should address specific issues (e.g., not "to exclude all hearsay"). Motions in limine should not be disguised motions for summary adjudication of issues.

### 2.  Witness Lists

Witness Lists must be filed 3 weeks (21 days) before the FPTC. They must be in the format specified in Local Rule 16-5, and must also include for each witness (i) a brief description of the testimony, (ii) what makes the testimony unique, and (iii) a time estimate in hours for direct and cross-examination (separately stated). Please follow the template posted to Judge Scarsi's webpage. Any Amended Witness List must be filed by 12:00 p.m. (noon) the Friday before trial.

///

### 3. Joint Exhibit List

The Joint Exhibit List must be filed 3 weeks (21 days) before the FPTC. It must be in the format specified in Local Rule 16-6, and shall include an additional column stating any objections to authenticity and/or admissibility, and the reasons for the objections. Please follow the template posted to Judge Scarsi's webpage. Any Amended Joint Exhibit List must be filed by 12:00 p.m. (noon) the Friday before trial.

### 4. Jury Instructions (*jury trial only*)

Jury instructions must be filed no later than 2 weeks (14 days) prior to the FPTC. The parties shall make every attempt to agree upon jury instructions before submitting proposals to the Court. **The Court expects counsel to agree on the substantial majority of jury instructions, particularly when pattern or model instructions provide a statement of applicable law.** The parties shall meet and confer on jury instructions according to the following schedule:

- *4 weeks (28 days) before FPTC*:  Counsel shall exchange proposed jury instructions (general and special)
- *3 weeks (21 days) before FPTC*:  Counsel shall exchange any objections to the instructions
- *Until 2 weeks (14 days) before FPTC*:  Counsel shall meet and confer with the goal of reaching an agreement on one set of Joint/Agreed Jury Instructions.
- *2 weeks (14 days) before FPTC*:  counsel shall file their (1) Joint/Agreed Proposed Jury Instructions and their (2) Disputed Jury Instructions.

If the parties disagree on any proposed jury instructions, they shall file: (i) **1 set** of Joint/Agreed Proposed Jury Instructions to which all parties agree; and (ii) **1 set** of Disputed Jury Instructions, which shall include a "redline" of any disputed language and/or the factual or legal basis for each party's position as to each disputed instruction. Where appropriate, the disputed instructions shall

1    be organized by subject, so that instructions that address the same or similar

2    issues are presented sequentially. If there are excessive or frivolous disagreements

3    over jury instructions or the special verdict form, the Court will order the parties

4    to further meet and confer before trial and/or during trial until they substantially

5    narrow their disagreements.

6            ***Sources***:  When the *Manual of Model Jury Instructions for the*

7    *Ninth Circuit* provides an applicable jury instruction, the parties should submit

8    the most recent version, modified and supplemented to fit the circumstances of

9    this case. Where California law applies, counsel should use the current edition

10   of the *Judicial Council of California Civil Jury Instructions* ("CACI"). If neither

11   applies, counsel should consult the current edition of O'Malley, et al., *Federal*

12   *Jury Practice and Instructions*. Counsel may submit alternatives to these

13   instructions only if there is a reasoned argument that they do not properly state

14   the law or that they are incomplete. The Court seldom if ever gives instructions

15   derived solely from cases.

16           ***Format***:  Each requested instruction shall (1) cite the authority or

17   source of the instruction, (2) be set forth in full, (3) be on a separate page, (4) be

18   numbered, (5) cover only one subject or principle of law, and (6) not repeat

19   principles of law contained in any other requested instruction. If a standard

20   instruction has blanks or offers options (i.e. "he/she"), the parties must fill in

21   the blanks or make the appropriate selections in their proposed instructions.

22           ***Index***:  The Proposed Instructions must have an index that includes

23   the following for each instruction, as illustrated in the example below:

24           • the number of the instruction;

25           • the title of the instruction;

26           • the source of the instruction and any relevant case citations; and

27           • the page number of the instruction.

28   ///

1  *Example:*

2  Instruction

| Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | Trademark-Defined (15 U.S.C. § 1127) | 9th Cir. 8.5.1 | 1 |

During the trial and before closing argument, the Court will meet with counsel to settle the instructions, and counsel will have an opportunity to make a further record concerning their objections.

### 5.  Joint Verdict Forms (*jury trial only*)

The parties shall make every attempt to agree upon a verdict form before submitting proposals to the Court. Counsel shall file a proposed verdict form(s) no later than 2 weeks (14 days) before the FPTC. If the parties are unable to agree on a verdict form, the parties shall file one document titled "Competing Verdict Forms" which shall include: (i) the parties' respective proposed verdict form; (ii) a "redline" of any disputed language; and (iii) the factual or legal basis for each party's respective position if the entire form is being disputed.

### 6.  Joint Statement of the Case (*jury trial only*)

By 2 weeks (14 days) before the FPTC, counsel must file a Joint Statement of the Case for the Court to read to the panel of prospective jurors before commencement of voir dire. This should be a brief neutral statement, no more than one page long.

### 7.  Voir Dire (*jury trial only*)

The Court will conduct the voir dire. The Court asks prospective jurors basic questions (jurors' place of residence, employment, whether familiar with the parties or counsel, etc.), and may ask additional case-specific questions. By 2 weeks (14 days) before the FPTC, counsel may, but are not required to, file proposed case-specific voir dire questions for the Court's consideration.

Generally, a jury consists of eight jurors. In most cases, the Court seats 16 prospective jurors in the jury box and conducts its initial voir dire. Each side has

1    3 peremptory challenges. If 14 jurors are seated in the box and all 6 peremptory

2    challenges are exercised, the remaining 8 jurors will constitute the jury panel.

3    If fewer than 6 peremptory challenges are exercised, the 8 jurors in the lowest

4    numbered seats will be the jury. The Court will not necessarily accept a stipulation

5    to a challenge for cause. If one or more challenges for cause are accepted, and

6    all 6 peremptory challenges are exercised, the Court may decide to proceed with

7    6 or 7 jurors.

8    **8. Proposed Findings of Fact and Conclusions of Law (*court**

9    ***trial only*)**

10    For any trial requiring findings of fact and conclusions of law, counsel for

11    each party shall, no later than 3 weeks (21 days) before the FPTC, file and serve

12    on opposing counsel its Proposed Findings of Fact and Conclusions of Law in

13    the format specified in Local Rule 52-3.

14    The parties may submit Supplemental Proposed Findings of Fact and

15    Conclusions of Law during the trial. Once trial concludes, the Court may order

16    the parties to file Revised Proposed Findings of Fact and Conclusions of Law.

17    **9. Declarations for Direct Testimony (*court trial only*)**

18    Unless relieved from this requirement upon a party's motion, each party

19    shall, at least 3 weeks (21 days) before the FPTC, file declarations containing the

20    direct testimony of each witness whom that party intends to call at trial. Each party

21    shall file any evidentiary objections to the declarations(s) submitted by any other

22    party by 2 weeks (14 days) before the FPTC. Such objections shall be submitted

23    in the following three-column format: (i) the left column should contain a

24    verbatim quote of each statement objected to (including page and line number);

25    (ii) the middle column should set forth a concise objection (e.g., hearsay, lacks

26    foundation, etc.) with a citation to the Fed. R. Evid. or, where applicable, a case

27    citation; and (iii) the right column should provide space for the court's ruling on

28    the objection. The Court anticipates issuing its ruling on the objections the same

1   date as the FPTC.

2        **B.        Trial Exhibits**

3        Trial exhibits that consist of documents must be submitted to the Court in

4   three-ring binders. Counsel shall submit to the Court **1 original set of exhibit**

5   **binders, and 2 copies**: the original set shall be for the witnesses, and the 2 copies

6   are for the Court. All exhibits must be placed in three-ring binders indexed by

7   exhibit number with tabs or dividers on the right side. Exhibits shall be numbered

8   1, 2, 3, etc., *not* 1.1, 1.2, etc. The defendant's exhibit numbers shall not duplicate

9   plaintiff's numbers. For all 3 sets of binders, the spine of each binder shall indicate

10  the volume number and the range of exhibit numbers included in the volume.

11       • The ***original set of exhibits*** shall have official exhibit tags (yellow tags

12          for plaintiff's exhibits, and blue tags for defendant's exhibits) affixed to

13          the front upper right-hand corner of the exhibit, with the case number,

14          case name, and exhibit number stated on each tag. Tags may be obtained

15          from the Clerk's Office, or counsel may print their own exhibit tags using

16          Forms G-14A and G-14B on the "Court Forms" section of the Court's

17          website.

18       • The ***2 sets of copies of the exhibits shall not*** have official exhibit tags

19          but must be indexed with tabs or dividers on the right side.

20       Counsel will review the exhibit list and the exhibit binders with the

21  Courtroom Deputy Clerk ("CRD") before the admitted exhibits are given to

22  the jury.

23       The Court provides audio/visual equipment for use during trial.  More

24  information is available at http://www.cacd.uscourts.gov/clerk-services/courtroom-

25  technology . The Court does not permit exhibits to be "published" by passing

26  them up and down the jury box. Exhibits may be displayed briefly using the

27  screens in the courtroom, unless the process becomes too time-consuming.

28  ///

Counsel must meet and confer not later than 10 days before trial to stipulate as far as possible to foundation, to waiver of the best evidence rule, and to exhibits that may be received into evidence at the start of the trial. The exhibits to be so received will be noted on the Court's copy of the exhibit list.

**C.     Materials to Present on First Day of Trial**

Counsel must present these materials to the CRD on the ***first day of trial*:**

1. The **3 sets of exhibit binders** (1 original, 2 copies) described above.

2. Any **deposition transcripts** to be used at trial, either as evidence or for impeachment. These lodged depositions are for the Court's use; counsel must use their own copies during trial.

**D.     Court Reporter**

Any party requesting special court reporter services for any hearing (i.e., real time transmission, daily transcripts) shall notify the court reporter at least 2 weeks before the hearing date.

**E.     Jury Trial**

On the first day of trial, court will commence at 8:30 a.m. and conclude at approximately 4:30 p.m., with a 1-hour lunch break. Counsel must appear at 8:30 a.m. to discuss preliminary matters with the Court. The Court will call a jury panel only when it is satisfied that the matter is ready for trial. Jury selection usually takes only a few hours. Counsel should be prepared to proceed with opening statements and witness examination immediately after jury selection.

Mondays are usually reserved for the Court's calendar, so generally there will not be trial on Mondays, unless a jury is deliberating. Trial days are generally Tuesday through Friday, from 9:00 a.m. to approximately 4:30 p.m., with two 15-minute breaks and a 1-hour lunch break.

**III.   CONDUCT OF ATTORNEYS AND PARTIES**

**A.     Meeting and Conferring Throughout Trial**

The parties **must** meet and confer on an ongoing basis throughout trial on

1   all issues as they come up. The Court will not resolve any issue during trial

2   unless and until the parties have attempted to resolve it themselves. The Court

3   strictly enforces this rule.

4   **B.     Opening Statements, Examining Witnesses, and Summation**

5   Counsel must use the lectern. Counsel must not consume time by writing out

6   words, drawing charts or diagrams, etc. Counsel may prepare such materials in

7   advance. The Court will establish and enforce time limits for opening statements

8   and closing arguments, and for examination of witnesses.

9   **C.     Objections to Questions**

10   Counsel must not use objections to make a speech, recapitulate testimony,

11   or attempt to guide the witness.

12   When objecting, counsel must rise to state the objection and state only that

13   counsel objects and the legal ground of objection. If counsel wishes to argue an

14   objection further, counsel must ask for permission to do so.

15   **D.     General Decorum**

16   1.     Counsel must not approach the CRD or the witness box

17   without specific permission and must return to the lectern when the purpose for

18   approaching has been accomplished.

19   2.     Counsel must rise when addressing the Court, and when the

20   Court or the jury enters or leaves the courtroom, unless directed otherwise.

21   3.     Counsel must address all remarks to the Court. Counsel must

22   not address the CRD, the court reporter, persons in the audience, or opposing

23   counsel. Any request to re-read questions or answers shall be addressed to the

24   Court. Counsel must ask the Court's permission to speak with opposing counsel.

25   4.     Counsel must not address or refer to witnesses or parties by

26   first names alone, with the exception of witnesses under 14 years old.

27   5.     Counsel must not offer a stipulation unless counsel have

28   conferred with opposing counsel and have verified that the stipulation will be

1  acceptable.

2        6.    While Court is in session, counsel must not leave counsel

3  table to confer with any person in the back of the courtroom without the Court's

4  permission.

5        7.    Counsel must not make facial expressions, nod, shake their

6  heads, comment, or otherwise exhibit in any way any agreement, disagreement,

7  or other opinion or belief concerning the testimony of a witness. Counsel shall

8  admonish their clients and witnesses not to engage in such conduct.

9        8.    Counsel must never talk to jurors at all, and must not talk to

10  co-counsel, opposing counsel, witnesses, or clients where the conversation can be

11  overheard by jurors. Counsel should admonish their clients and witnesses to avoid

12  such conduct.

13        9.    Where a party has more than one lawyer, only one may conduct

14  the direct or cross-examination of a particular witness, or make objections as to

15  that witness.

16  **E.    Promptness of Counsel and Witnesses**

17        1.    Promptness is expected from counsel and witnesses. Once

18  counsel are engaged in trial, this trial is counsel's first priority. The Court will not

19  delay the trial or inconvenience jurors.

20        2.    If a witness was on the stand at a recess or adjournment,

21  counsel who called the witness shall ensure the witness is back on the stand and

22  ready to proceed when trial resumes.

23        3.    Counsel must notify the CRD in advance if any witness

24  should be accommodated based on a disability or for other reasons.

25        4.    No presenting party may be without witnesses. If a party's

26  remaining witnesses are not immediately available and there is more than a brief

27  delay, the Court may deem that party to have rested.

28  ///

5.      The Court attempts to cooperate with professional witnesses and generally accommodates them by permitting them to be called out of sequence. Counsel must anticipate any such possibility and discuss it with opposing counsel. If there is an objection, counsel must confer with the Court in advance.

**F.      Exhibits**

1.      Each counsel must keep counsel's own list of exhibits and must note when each has been admitted into evidence.

2.      Each counsel is responsible for any exhibits that counsel secures from the CRD and must return them before leaving the courtroom at the end of the session.

3.      An exhibit not previously marked must, at the time of its first mention, be accompanied by a request that it be marked for identification. Counsel must show a new exhibit to opposing counsel before the court session in which it is mentioned.

4.      Counsel must advise the CRD of any agreements with respect to the proposed exhibits and as to those exhibits that may be received without further motion to admit.

5.      When referring to an exhibit, counsel must refer to its exhibit number. Witnesses should be asked to do the same.

6.      Counsel must not ask witnesses to draw charts or diagrams, or ask the Court's permission for a witness to do so. Any graphic aids must be fully prepared before the court session starts.

**G.      Depositions**

1.      In using depositions of an adverse party for impeachment, counsel may adhere to either one of the following procedures:

a.      If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel shall first state the page and line where the reading begins

1   and the page and line where the reading ends, and allow time for any

2   objection. Counsel may then read the portions of the deposition into the

3   record.

4                    b.      If counsel wishes to ask the witness further questions

5   on the subject matter, the deposition shall be placed in front of the witness

6   and the witness told to read the relevant pages and lines silently. Then

7   counsel may either ask the witness further questions on the matter and

8   thereafter read the quotations, or read the quotations and thereafter ask

9   further questions. Counsel should have an extra copy of the deposition for

10   this purpose.

11          2.      Where a witness is absent and the witness's testimony is

12   offered by deposition, counsel may (a) have a reader occupy the witness chair

13   and read the testimony of the witness while the examining lawyer asks the

14   questions, or (b) have counsel read both the questions and the answers.

15   **H.      Using Numerous Answers to Interrogatories and Requests for**

16        **Admission**

17          Whenever counsel expects to offer a group of answers to interrogatories or

18   requests for admissions extracted from one or more lengthy documents, counsel

19   should prepare a new document listing each question and answer and identifying

20   the document from which it has been extracted. Copies of this new document

21   should be given to the Court and opposing counsel.

22   **I.      Advance Notice of Unusual or Difficult Issues**

23          If any counsel anticipate that a difficult question of law or evidence will

24   necessitate legal argument requiring research or briefing, counsel **must** give

25   the Court advance notice. Counsel are directed to notify the CRD at the day's

26   adjournment if an unexpected legal issue arises that could not have been foreseen

27   and addressed in advance. Counsel must also advise the CRD at the end of each

28   trial day of any issues that must be addressed outside the presence of the jury so

1     that there is no interruption of the trial. **THE COURT WILL NOT KEEP**

2     **JURORS WAITING.**

3      **Parties appearing pro se must comply with the Federal Rules of Civil**

4     **Procedure and the Local Rules.** *See* **Local Rules 1-3 and 83-2.2.3.**

5      **IT IS SO ORDERED.**

6

7     Dated:  April 22, 2021

8                       HONORABLE MARK C. SCARSI
                          UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28