UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| PAVEMETRICS SYSTEMS, INC., | Case No. 2:21-cv-01289-MCS-MAA |
|---|---|
| Plaintiff, | **SCHEDULING ORDER RE: STIPULATED DATES** |
| v. | |
| TETRA TECH, INC., | |
| Defendant. | |
| AND RELATED COUNTERCLAIMS. | |

The Court has reviewed the parties' Joint Rule 26(f) Report and adopts the parties' proposed schedule of dates. In addition to the dates and deadlines set in the concurrently filed Order Re: Jury Trial, the Court sets the following dates and deadlines:

| Event | Date |
|---|---|
| Deadline to exchange initial disclosures, submit proposed protective order, and disclose Tetra Tech's expert to inspect Pavemetrics' source code | April 26, 2021 |
| Tetra Tech's infringement contentions and preliminary identification of asserted claims | June 10, 2021 |

1

| | |
|---|---|
| Pavemetrics' invalidity contentions and preliminary identification of prior art | July 15, 2021 |
| List of proposed claim terms for construction | July 29, 2021 |
| Claim constructions with citations of intrinsic and extrinsic evidence | August 12, 2021 |
| Joint Claim Construction Prehearing Statement due | August 26, 2021 |
| Completion of claim construction discovery | September 16, 2021 |
| Tetra Tech's Opening Claim Construction Brief due | September 30, 2021 |
| Pavemetrics' Responsive Claim Construction Brief due | October 14, 2021 |
| Tetra Tech's Reply Claim Construction Brief due | October 21, 2021 |
| Pavemetrics' Sur-Reply Claim Construction Brief due | October 28, 2021 |
| Claim Construction Hearing | November 15, 2021, at 9:00 a.m. |

If necessary, the Court will set further deadlines after the Claim Construction Hearing. The Court declines to adopt Pavemetrics' proposal to limit the number of claims Tetra Tech may assert at various stages of the case.

The parties' Joint Claim Construction Prehearing Statement shall contain a chart showing each party's proposed construction of each disputed term, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence supporting its proposed construction or undermining any other party's proposed construction, including, but not limited to, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.

The parties shall identify up to ten (10) terms whose construction will be most significant to the case. If the parties cannot agree on the 10 most significant terms, the parties shall identify the ones they agree are most significant and then they may evenly divide the remainder. While the Court may in its discretion construe more than 10 terms,

the total terms identified by all parties as most significant cannot exceed 10. For example, in a case involving two parties, if the parties agree upon the identification of five terms as most significant, each may only identify two additional terms as most significant. Failure to make a good faith effort to narrow the instances of disputed terms or otherwise participate in the meet and confer process may expose counsel to sanctions. *See* 28 U.S.C. § 1927.

**IT IS SO ORDERED.**

Dated: April 22, 2021

                                              MARK C. SCARSI
                                              UNITED STATES DISTRICT JUDGE