| | |
|---|---|
| Donald L. Ridge (SBN 132171) | Joseph R. Re (SBN 134479) |
| **CLARK HILL LLP** | joe.re@knobbe.com |
| 1055 West Seventh Street, 24th Floor | Christy G. Lea (SBN 212060) |
| Los Angeles, California 90017 | christy.lea@knobbe.com |
| Telephone: (213) 891-9100 | Nicholas M. Zovko (SBN 238248) |
| Facsimile: (213) 488-1178 | nicholas.zovko@knobbe.com |
| DRidge@clarkhill.com | Payne M. Montgomery (*pro hac vice*) |
| | mack.montgomery@knobbe.com |
| Aaron L. Parker (*pro hac vice*) | **KNOBBE, MARTENS, OLSON &** |
| aaron.parker@finnegan.com | **BEAR, LLP** |
| Daniel G. Chung (*pro hac vice*) | 2040 Main Street, Fourteenth Floor |
| daniel.chung@finnegan.com | Irvine, CA  92614 |
| Nicholas A. Cerulli (*pro hac vice*) | Telephone: (949) 760-0404 |
| nicholas.cerulli@finnegan.com | Facsimile: (949) 760-9502 |
| Jency J. Mathew (*pro hac vice*) | |
| jency.mathew@finnegan.com | Attorneys for Plaintiff/Counterclaim |
| **FINNEGAN HENDERSON** | Defendant |
| 901 New York Ave NW | PAVEMETRICS SYSTEMS, INC. |
| Washington, DC 20001 | |
| Telephone: (202) 408-4000 | |
| Facsimile: (202) 408-4400 | |

Attorneys for
Defendants/Counterclaim Plaintiffs
TETRA TECH, INC. and TETRA
TECH TAS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC. | CASE NO.: 2:21-CV-1289 MCS-MMA |
| Plaintiff, | |
| v. | **STIPULATED E-DISCOVERY ORDER** |
| TETRA TECH, INC. | |
| Defendant. | **Honorable Maria A. Audero** |
| AND RELATED COUNTERCLAIMS. | |

1

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified in the Court's discretion or by agreement of the parties.

3. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata, except as identified in section 5(g).

5. Absent agreement of the parties or further order of this Court, the following parameters shall apply to ESI production:

    a. **General Document Image Format**. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format images with a resolution of at least 300 dpi. Where color is imperative to full understanding of the document, the document should be produced in full color .jpeg images. TIFF files shall be single page and shall be named with its corresponding Bates number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

    b. **Text-Searchable Documents**. TIFF files shall be accompanied by searchable text files named as per the TIFF image. All records must include extracted text for all ESI, at the document level, wherein the text files must have page breaks that correspond to the pagination of the image file; and/or optical character recognition

("OCR") text, at the document level, for records where: (1) embedded or extracted text does not exist in the electronic document; (2) the document originated in a hard-copy format; and/or (3) OCR must be run on documents so as not to reveal the contents of any redacted material.

        c.     **Footer**. Each document image shall contain a footer with a sequentially ascending Bates number.

        d.     **Native Files**. ESI that cannot be interpreted in an image format, such as system, program, video and sound files, or for such that may be voluminous and burdensome when printed to image files, may be produced in its native format, with its file name corresponding to its designated Bates number. Such files include Microsoft Excel, PowerPoint and Access file types, multimedia files, AUTOCAD files, source code, and other files that may be requested and/or agreed upon by counsel. Some examples of file types that may not convert include file types with the following extensions: *.xlsx *.exp *.ilk *.res *.trg *.tlh *.idb *.pdb *.pch *.opt *.lib *.cab *.mov *.avi *.mp3 *.swf *.psp *.chi *.chm *.com *.dll *.exe *.hlp *.ivi *.ivt *.ix *.msi *.nls *.obj *.ocx *.rmi *.sys *tmp *.ttf *.vbx *.wav *.wpg *.iso *.pdb *.eps *.mpeg *.mpg *.ram *.rm *.psd *.ai *.aif *.bin *.hqx *.snd *.mpe *.wmv *.wma *.xfd*. All native files produced must contain a corresponding TIFF placeholder indicating the Bates number and confidentiality designation and the name of the non-convertible file, including the file extension, for the native file that is being produced.

        e.     **No Backup Restoration Required**. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

        f.     **Voicemail and Mobile Devices**. Absent a showing of good cause, voice-mails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

      g.      **Metadata.** Load files should include, where applicable, the information listed in the Table of Metadata Fields, attached hereto as **Exhibit A**. However, the parties are not obligated to include metadata for any document that does not contain such metadata in the original if it is not possible to automate the creation of metadata when the document is collected. The parties reserve their rights to object to any request for the creation of metadata when the document is collected. The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

      h.      **Source code**. This Order does not govern the format for production of source code, which shall be produced pursuant to the relevant provision of the Protective Order (ECF 70).

      i.      **Foreign language documents**. All documents shall be produced in their original language. Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions. In addition, if the producing party intends to rely on a certified translation of a foreign-language document that is being produced, (whether or not the translation is prepared for purposes of litigation) the producing party shall produce both the original document and the certified translation. Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

6.      **E-mails.** General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this Court, shall not include e-mail or other forms of electronic correspondence, including Slack and Microsoft Teams messages (collectively "e-mail"). To obtain e-mail, parties must propound specific e-mail production requests.

///

7. No later than July 1, 2021, each party shall disclose:

(a) the six (6) custodians most likely to have discoverable information in their possession, custody, or control, numbered from the most likely to the least likely. The custodians shall be identified by name, title, role in the instant dispute, and the subject matter of the information;

(b) a list of any non-custodial communication sources (e.g., including communication tools such as Slack or Microsoft Teams) that are likely to contain non-duplicative discoverable information.

8. Each party may thereafter serve e-mail production requests that identify the custodian, non-custodial communication source, search terms, and time frame to be searched. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame.

    a. Responses and objections shall be served within 14 days of service of the email production requests.

    b. Where a producing party objects to a search term as overly broad, the objection shall be accompanied by a hit count report indicating the number of hits for the search term, and the parties shall meet and confer within five court days of the responses being served in an attempt to resolve the dispute.

    c. For all search terms that are acceptable and no meet and confer is held, search terms shall be searched and emails substantially produced within 60 calendar days after service of the search terms.

9. Each requesting party shall limit its e-mail production requests to a total of six (6) custodians per producing party for all such requests. For the purposes of this litigation, Tetra Tech, Inc. and Tetra Tech TAS Inc. constitute one producing party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-

shifting may be considered as part of any such request.

10. Each requesting party shall limit its e-mail production requests to a total of ten (10) search terms per custodian from the producing party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The parties shall meet and confer to reach agreement on search terms to be used for electronic searches of the files from custodians.

11. Notwithstanding prior agreement on the search terms to be used for electronic searches, should a search produce an unreasonably large number of non-responsive or irrelevant results, the parties shall (at the producing party's request) meet and confer to discuss application of further negative search restrictions (e.g., if a single search was for "card" and ninety percent of the resulting documents came from the irrelevant term "credit card," a negative limitation to ignore documents only returned as a result of "credit card" may be applied to remove these documents). The party receiving production shall not unreasonably oppose such further restrictions designed to filter immaterial search results.

12. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

13. ESI, including but not limited to electronic files and email, shall be collected for each individual custodian from the personal computers, network resources, and other electronic devices that those individuals use for work purposes.

14. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

15. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

16. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

17. Nothing in this Order shall require production of information whose disclosure pursuant to the Protective Order in this action violates any applicable information privacy or data protection laws. The Party withholding responsive information under the terms of this Paragraph shall withhold the minimum amount of information possible (e.g., by redacting information from a document rather than withholding the entire document) in order to be in compliance with the aforementioned information privacy or data protection laws. The Party withholding any document (including e-mail) pursuant to this Paragraph shall produce a log disclosing, on a document-by-document basis, (1) the type of information withheld and (2) a citation to the applicable information privacy or data protection law (statute, regulation, case law, etc.) that is preventing its disclosure. The Parties agree to promptly confer and use good faith to resolve any objections to the withholding of information under this section. If the Parties are unable to resolve any such objection, the Party withholding information pursuant to this section shall have the burden of proving that the disclosure of the withheld information is prohibited based on one or more privacy or data protection laws.

///

///

18. Nothing in this Order shall prohibit the parties from objecting to production of ESI or emails under Fed. R. Civ. P. 26(b)(1) or (2), or any other applicable Federal Rules or Court Orders.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

**CLARK HILL**

Dated: June 30, 2021        /s/ *Donald L. Ridge*
                            Donald L. Ridge

**FINNEGAN HENDERSON FARABOW GARRETT AND DUNNER LLP**

Dated: June 30, 2021        /s/ *Aaron L. Parker*
                            Aaron L. Parker
                            Daniel G. Chung
                            Nicholas A. Cerulli
                            Jency J. Mathew

Attorneys for Defendants/Counterclaim Plaintiffs TETRA TECH, INC. and TETRA TECH TAS INC.

**KNOBBE, MARTENS, OLSON & BEAR, LLP**

Dated: June 30, 2021        /s/ *Christy G. Lea* (with permission)
                            Joseph R. Re
                            Christy G. Lea
                            Nicholas M. Zovko
                            Payne M. Montgomery

Attorneys for Plaintiff/Counterclaim Defendant PAVEMETRICS SYSTEMS, INC.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: _____        _____
                                    HONORABLE MARIA A. AUDERO
                                    UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# TABLE OF METADATA FIELDS

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| BegDoc | Unique ID (production number) | Paragraph | The Document ID number associated with the first page of an email. | The Document ID number associated with the first page of a document. |
| EndDoc | Unique ID (production number) | Paragraph | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (production number) Parent-Child Relationships | Paragraph | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (production number) Parent- Child Relationship | Paragraph | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |
| Pages or PageCount | Pages | Number | The number of pages for an email. | The number of pages for a document. |

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| DateSent | | Date (MM/DD/YYYY format) | The date the email was sent. | For email attachments, the date the parent email was sent. |
| Author or From | Author DisplayName (email) | Paragraph | The display name of the author or sender of an email. | The name of the author as identified by the metadata of the document. |
| To | Recipient | Paragraph | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
| CC | CC | Paragraph | The display name of the copyee(s) of an email. | |
| BCC | BCC | Paragraph | The display name of the blind copyee(s) of an email. | |
| Subject | Subject (email) | Paragraph | The subject line of an email. | The subject of a document from entered metadata. |
| Title | Title | Paragraph | N/A | The title of a document from entered metadata. |
| Custodian | Custodian | Paragraph | The custodian of an email. | The custodian of a document. |
| DATE_CRTD | DATE_CRTD | Date (MM/DD/YYYY format) | The e-mail creation date. | The document creation date. |
| Last Modified | Last Modified Date | Date (MM/DD | N/A | The date the document was last |

10

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| Date | | /YYYY format) | | modified. |
| File_EXT | File_EXT | Paragraph | The e-mail extension. | The document file extension. |
| File Name | File Name | Paragraph | The subject line of an email. | Original name of the file. |
| Text Link | Text Link | Path | Contains Path to searchable text files as in section 5(b). | Contains Path to searchable text files as in section 5(b). |
| Native Link | Native Link | Path | Contains Path to native files as in section 5(d). | Contains Path to native files as in section 5(d). |
| Confidential Designation | Confidential Designation | Paragraph | Contains confidential designation of a produced email. | Contains confidential designation of a produced document. |