Donald Ridge, Esq. (SBN: 132171)
**CLARK HILL LLP**
1055 West Seventh Street, Suite 2400
Los Angeles, CA 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
DRidge@clarkhill.com

Aaron L. Parker (*pro hac vice*)
aaron.parker@finnegan.com
Daniel G. Chung (*pro hac vice*)
daniel.chung@finnegan.com
Nicholas A. Cerulli (*pro hac vice*)
nicholas.cerulli@finnegan.com
**FINNEGAN, HENDERSON,
FARABOW, GARRETT &
DUNNER, LLP**
901 New York Avenue NW
Washington, D.C. 20001-4413
Telephone:  (202) 408-4000
Facsimile:  (202) 408-4400

Jency J. Mathew (*pro hac vice*)
jency.mathew@finnegan.com
**FINNEGAN, HENDERSON,
FARABOW, GARRETT &
DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, Virginia 20190-6023
Telephone:  (571) 203-2700
Facsimile:  (571) 203-2777

*Attorneys for Defendant and Counterclaim Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>TETRA TECH, INC.<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. 2:21-cv-1289 MCS-MMA<br><br>**MEMORANDUM IN SUPPORT OF TETRA TECH'S MOTION FOR LEAVE TO AMEND**<br><br>**Honorable Mark C. Scarsi**<br><br>**Date:  August 30, 2021<br>Time:  9:00 a.m.<br>Courtroom:  7C** |

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 4
I. INTRODUCTION ................................................................................... 4
II. FACTUAL BACKGROUND .................................................................. 5
III. ARGUMENT ........................................................................................... 7
    A. Tetra Tech's Motion Should Be Granted Because All Factors Support Amendment .................................................................... 7
        1. Tetra Tech Moves to Amend its Counterclaim in Good Faith ... 8
        2. Tetra Tech Timely Seeks Leave and Did Not Unduly Delay ..... 9
        3. Pavemetrics Will Not Suffer Prejudice By This Amendment .. 10
        4. Tetra Tech's Amendment Is Not Futile ..................................... 11
        5. This is Tetra Tech's First Amendment to its Pleading ............. 11
    B. Judicial Economy Supports Tetra Tech Amending Its Pleading ........ 11
IV. CONCLUSION ...................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*DCD Programs, Ltd. v. Leighton*
   (9th Cir. 1987) 833 F.2d 183 ................................................................... 4, 8, 9, 10

*Dep't of Fair Employment & Hous. v. Law Sch. Admission Council, Inc.*
   (N.D. Cal. Feb. 6, 2013) No. C-12-1830, 2013 WL 485830 ................................. 11

*Digimarc Corp. v. Signum Techs. Ltd.*
   (D. Or. May 23, 2001) No. CV-00-394-ST, 2001 WL 34043751 ....................... 7, 10

*Foman v. Davis*
   (1962) 371 U.S. 178 ................................................................................................. 8

*PNY Techs., Inc. v. SanDisk Corp.*
   (N.D. Cal. Jan. 27, 2014) No. 11-CV04689-WHO, 2014 WL 294855 ............. 10, 11

*Roberts v. Daymon Worldwide Inc.*
   (N.D. Cal. Jan. 25, 2016) No. 15-CV00774-WHO, 2016 WL 301997 .................. 11

*United States ex rel. Knapp v. Calibre Sys., Inc.*
   (C.D. Cal. May 4, 2012) No. 2:10-CV-4466-ODW, 2012 WL 1577420 ................. 8

*United States v. Corinthian Colleges*
   (9th Cir. 2011) 655 F.3d 984 ................................................................................. 11

*United States v. Webb*
   (9th Cir. 1981) 655 F.2d 977 ................................................................................. 10

*Wixon v. Wyndham Resort Dev. Corp.*
   (N.D. Cal. Oct. 22, 2007) No. C07-02361 JSW, 2007 WL 3101331 ...................... 9

**Rules**

Federal Rules of Civil Procedure Rule 15(a) ...................................................... 4, 7, 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 15(a), Defendant and Counterclaim Plaintiff Tetra Tech, Inc. and Counterclaim Plaintiff Tetra Tech TAS Inc. (collectively, "Tetra Tech") seek leave of court to amend their pleading to include an additional counterclaim of patent infringement against Plaintiff and Counterclaim Defendant Pavemetrics Systems, Inc. ("Pavemetrics"). Tetra Tech timely seeks its motion for leave months before the last day to hear motions to amend pleadings, December 6, 2021, set by the Court's Scheduling Order. ECF No. 56 at 3.

Under Rule 15(a), the Court "should freely give leave when justice so requires." The Ninth Circuit requires this policy to be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). The present circumstances are consistent with that liberal policy. The case is still at an early stage, with trial over a year away, expert discovery and a Markman hearing having not yet occurred, and dispositive motions not due for over nine months. Tetra Tech's proposed First Amended Counterclaim charges Pavemetrics with infringing another Tetra Tech patent based on the same product and similar technology already at issue—Pavemetrics' Laser Rail Inspection System ("LRAIL"). Tetra Tech does not seek to add new products or parties through its amendment. The new asserted patent, U.S. Patent No. 10,616,557 ("the '557 patent"), shares the same inventor, is in the same family, and shares a common specification as the patent currently asserted '293 patent. Tetra Tech diligently brings this motion within weeks of an inspection of Pavemetrics' confidential source code which revealed that Pavemetrics has also infringed and continues to infringe the '557 patent.

The Court should grant leave to amend because: (1) Tetra Tech brings this motion in good faith based on its belief and recently discovered facts that Pavemetrics infringes the '557 patent; (2) Tetra Tech timely brings this motion without undue delay, over four months before the Court's deadline for hearing motions to amend and less than three

weeks after discovering non-public information evidencing Pavemetrics' further infringement; (3) Pavemetrics will not be prejudiced by this amendment; (4) Tetra Tech's amendment pleads another infringement claim against Pavemetrics that is not futile; and (5) Tetra Tech's amendment is not excessive. The newly asserted infringement claim involves the same parties, the same products, and similar technology already at issue. Accordingly, judicial economy further supports granting leave and resolving the new infringement claim in this action.

## II. FACTUAL BACKGROUND

On February 11, 2021, Pavemetrics filed a Complaint for Declaratory Judgment against Tetra Tech, asserting noninfringement of the '293 patent. ECF No. 1. Specifically, Pavemetrics alleged that it "has been commercially using and selling its LRAIL track inspection system in the United States since as early as 2012," which "is at least one year before the effective filing date of the '293 patent," and alleged "a complete defense to any infringement under section 273." *Id.* at ¶¶ 18-19. On March 3, 2021, Tetra Tech answered the Complaint and asserted a counterclaim of infringement of the '293 patent. ECF No. 12. The Court subsequently entered a Scheduling Order, setting trial for August 9, 2022; discovery cut-off for March 14, 2022; and the last date to hear motions to amend pleadings for December 6, 2021. ECF No. 56 at 3.

Tetra Tech has diligently pursued discovery concerning Pavemetrics' confidential LRAIL source code since Pavemetrics first made it available for inspection on May 24, 2021. Tetra Tech inspected Pavemetrics' LRAIL source code, beginning on May 27 and 28, and then again on July 14-16. During the July 14-16 inspection, Tetra Tech discovered for the first time that based on the confidential source code, Pavemetrics' LRAIL has used and continues to use algorithms that infringe claims of the '557 patent. The '557 patent shares the same inventor as the '293 patent already at issue and is a continuation patent of and shares a common specification with the '293 patent. Declaration of Aaron L. Parker ("Parker Decl.") at ¶ 5. The '293 patent and the '557 patent have similar titles, "3D TRACK ASSESSMENT SYSTEM AND

METHOD" and "3D TRACK ASSESSMENT METHOD," respectively. *Id*.; ECF No. 1, Ex. A. And the '557 patent relates to the same rail inspection technology for which Tetra Tech and Pavemetrics are direct competitors. *See* Parker Decl., Ex. 2 (showing redlines for First Amended Complaint); ECF No. 12 at ¶ 22 (one of Tetra Tech's customers "chose not to purchase Tetra Tech's 3DTAS in favor of purchasing Pavemetrics' infringing LRAIL").

On July 22, less than a week after the July 14-16 inspection, and the day after receiving printed copies of the source code material from Pavemetrics pursuant to the procedures of the Protective Order (ECF No. 70), Tetra Tech notified Pavemetrics of the additional infringement of the '557 patent and Tetra Tech's intent to seek leave to amend its pleading to add a counterclaim for infringement of the '557 patent. Parker Decl., Ex. 4.

On July 26, Pavemetrics informed Tetra Tech that it would oppose the motion unless Tetra Tech agreed to several conditions: (1) "Tetra Tech proposes a schedule that brings the '557 patent in line with the schedule for the '293 patent," (2) "Tetra Tech reduces the number of asserted claims from the two patents to 12 claims total," (3) "Tetra Tech will not assert any additional patents in this litigation," and (4) "Tetra Tech agrees that the outcome of this litigation will serve as res judicata to any other patents Tetra Tech may have or later obtain from this same patent family against past and future sales of LRAIL." *Id*., Ex. 5. The next day, Tetra Tech advised Pavemetrics that it could not agree to conditions (2)-(4) as they would unduly limit Tetra Tech's current and future patent rights in exchange for Pavemetrics simply agreeing not to oppose the motion. *Id*., Ex. 6. Tetra Tech did, however, propose an amended schedule to bring the '557 patent "in line" with the '293 patent, in the interest of reaching a resolution without the need for the motion. *Id*. Tetra Tech also indicated that it would be agreeable to a reasonable extension to the schedule to accommodate inclusion of the '557 patent. *Id*. Tetra Tech stated that it would proceed with its motion by August 2, if Pavemetrics continued to oppose the motion. *Id*.

On July 28, Pavemetrics responded that it was "generally amenable to Tetra Tech's proposed schedule," but maintained its positions on conditions (2)-(4) discussed above. *Id.*, Ex. 7. The following day, Tetra Tech reiterated its positions and again stated that it would proceed with its motion by August 2, unless Pavemetrics was willing to reconsider its stance. *Id.*, Ex. 8. Tetra Tech did not receive a further response from Pavemetrics, leading to the filing of this motion. *Id.* at ¶ 12.

## III.   ARGUMENT

Tetra Tech moves for leave to amend its pleading to add a counterclaim of patent infringement for the '557 patent. Pursuant to the Court's Initial Standing Order (ECF No. 11 at 10) and Local Rule 15, the amendments and changes and specific wording are reflected in the attached redline (Parker Decl., Ex. 2) on the following pages and lines: 2:1-14, 2:26, 3:5, 3:17-26, 5:7, 7:19, 7:23, 8:4-5, 9:15-20, 9:24, 9:28, 10:4, 10:12, 16:26-26:2, 26:6-28.

### A.   Tetra Tech's Motion Should Be Granted Because All Factors Support Amendment

The Court "should freely give leave" to amend a Complaint under Rule 15(a) "when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit "has noted on several occasions . . . that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) . . . by freely granting leave to amend when justice so requires." *DCD Programs*, 833 F.2d at 186 (citations and internal quotations omitted). Rule 15's "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *Id.* (citation omitted). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action," including additional patent infringement claims. *Id.* (citation omitted); *see Digimarc Corp. v. Signum Techs. Ltd.*, No. CV-00-394-ST, 2001 WL 34043751, at *1-2 (D. Or. May 23, 2001) (applying liberality standard for adding additional patents). The Supreme Court has held, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962)

Accordingly, the Court considers five factors for a motion to amend: (1) whether the amendment is filed in bad faith; (2) whether it is unduly delayed; (3) whether there is prejudice; (4) whether the amendments are futile; and (5) whether the moving party has made repeated attempts to amend its pleadings. *See id.*; *see also DCD Programs*, 833 F.2d at 186. "These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs*, 833 F.2d at 186. Moreover, "[t]he party opposing the amendment carries the burden of showing why leave to amend should not be granted." *United States ex rel. Knapp v. Calibre Sys., Inc.*, No. 2:10-CV-4466-ODW, 2012 WL 1577420, at *2 (C.D. Cal. May 4, 2012) (citing *DCD Programs*, 833 F.2d at 186-87). All factors support granting Tetra Tech's motion.

### 1. Tetra Tech Moves to Amend its Counterclaim in Good Faith

Tetra Tech provides a complete range of innovative products and services in the railroad transportation sector. ECF No. 12 at ¶ 12. Tetra Tech focuses heavily on R&D and diligently protects its intellectual property. ECF No. 30-1 at ¶ 5. The '557 patent was issued to Tetra Tech in April 2020 and protects Tetra Tech's innovative 3DTAS track inspection system. Parker Decl., Ex. 3.

Tetra Tech actively competes with accused infringer Pavemetrics in the railroad inspection industry (ECF No. 30 at 22-23), and Tetra Tech filed its counterclaim of infringement of the '293 patent against Pavemetrics on March 3, 2021 to protect its intellectual property rights (ECF No. 12). During the course of discovery in this action, and only after the inspection of Pavemetrics' confidential source code on July 14-16, 2021, Tetra Tech discovered that Pavemetrics' LRAIL has also infringed and continues to infringe the '557 patent. Parker Decl. at ¶ 6. Tetra Tech now brings this motion for leave. *Id.* As illustrated in Tetra Tech's proposed First Amended Counterclaim, Tetra

Tech believes in good faith that Pavemetrics infringes one or more claims of the '557 patent. *Id.*; Ex. 1. Tetra Tech's motivation in amending its pleading is to seek the adjudication of the '557 patent counterclaim. Because Tetra Tech does not bring this motion with a "wrongful motive, there is no cause" to find bad faith. *DCD Programs*, 833 F.2d at 187. There is simply no support here for any suggestion of bad faith by Tetra Tech.

### 2. Tetra Tech Timely Seeks Leave and Did Not Unduly Delay

Tetra Tech timely moves for leave to amend months before the December 6, 2021 deadline to amend pleadings. ECF No. 56 at 3. Furthermore, Tetra Tech diligently filed this motion soon after its investigation of non-public source code revealed sufficient evidence to support infringement of the '557 patent. Parker Decl. at ¶ 6. Indeed, this motion comes less than three weeks after Tetra Tech first discovered Pavemetrics' infringement of the '557 patent during its source code inspection on July 14-16.

Courts routinely find no undue delay where a party moves to amend in the early stages of litigation and only after an "investigation provided them with sufficient evidence of conduct upon which they could amend the complaint." *See, e.g.*, *Wixon v. Wyndham Resort Dev. Corp.*, No. C07-02361 JSW, 2007 WL 3101331, at *2 (N.D. Cal. Oct. 22, 2007); *see also DCD Programs*, 833 F.2d at 187 ("[T]his suit is still in its early stages, and appellants have offered a satisfactory explanation for their delay . . . , i.e., they waited until they had sufficient evidence of conduct upon which they could base claims of wrongful conduct"). The same is true here. This case is still in its early stages with trial over a year away, expert discovery and a Markman hearing having yet to occur, and dispositive motions not being due for over nine months. ECF No. 56 at 3. No depositions have been taken, let alone noticed. Parker Decl. at ¶ 13. And almost six months of fact discovery remain. ECF No. 56 at 3. Tetra Tech filed this motion early in the present case after its investigation revealed sufficient facts to support additional allegations of infringement. Parker Decl. at ¶ 6. Thus, Tetra Tech did not unduly delay filing this motion and granting leave would not hinder the progression of this case.

### 3. Pavemetrics Will Not Suffer Prejudice By This Amendment

Tetra Tech's proposed amendment does not prejudice Pavemetrics. First, "[t]he burden of having to defend a new claim alone is not undue prejudice under Rule 15." *PNY Techs., Inc. v. SanDisk Corp.*, No. 11-CV04689-WHO, 2014 WL 294855, at *4 (N.D. Cal. Jan. 27, 2014) (alteration in original) (citation omitted). Indeed, defending a new claim of patent infringement in this case is less burdensome than defending the same claim in a separately filed case. The new patent infringement claim does not add any new parties or products. *See* Parker Decl., Ex. 1. By including the '557 patent infringement claim in this case rather than a separate case, the Court and the parties save significant resources and time by avoiding duplicating efforts, such as duplicative discovery, involving the same parties, the same inventor, similar technology, and the same products.

Even if "adding more patents will complicate this case and require additional discovery," that does not amount to prejudice. *Digimarc*, 2001 WL 34043751, at *2 (alteration in original) (quoting *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981)). With trial almost a year away, six more months of fact discovery, and dispositive motions due in over nine months, Pavemetrics has sufficient time to fully develop its positions on the newly asserted patent. *See* ECF No. 56 at 3. This is particularly true given that discovery is in its early stages and the parties have not taken or scheduled any depositions. *See* ECF No. 56 at 3; Parker Decl. at ¶ 13. While some deadlines, such as claim construction related deadlines, may need to be changed, this is not prejudice. *See DCD Programs*, 833 F.2d at 187. Indeed, the parties have already reached a general agreement to bring the '557 patent in line with the schedule for the '293 patent with minimal disruption to the current schedule. *See* Parker Decl., Exs. 6 and 7. Tetra Tech has also indicated its willingness to work with Pavemetrics on a reasonable extension to alleviate any concerns with respect to the current case schedule. *Id.*, Ex. 6. Simply put, Pavemetrics cannot meet its burden to show prejudice by this amendment. *See DCD Programs*, 833 F.2d at 187.

### 4. Tetra Tech's Amendment Is Not Futile

Tetra Tech's proposed amendment asserts one new patent and stems from the same or similar facts as those already at issue. The basis for this new count of infringement is set forth in the attached First Amended Counterclaim, as well as in detailed infringement contentions containing specific portions of Pavemetrics' confidential source code mapped to the asserted patent claims that Tetra Tech intends to soon serve on Pavemetrics. Parker Decl., ¶ 14; Ex. 1. Because Pavemetrics would have no basis to move to dismiss these allegations, the newly asserted claims are not futile. *Roberts v. Daymon Worldwide Inc.*, No. 15-CV00774-WHO, 2016 WL 301997, at *2 (N.D. Cal. Jan. 25, 2016) ("With respect to the futility factor, an amendment is futile where the amended complaint would be immediately 'subject to dismissal'" (citation omitted)); *see also United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (finding amendment not futile where the court could "conceive of additional facts that could, if formally alleged, support the claim").

### 5. This is Tetra Tech's First Amendment to its Pleading

This is Tetra Tech's first motion for leave to amend its pleading. This fact thus favors Tetra Tech's request. *See Dep't of Fair Employment & Hous. v. Law Sch. Admission Council, Inc.*, No. C-12-1830, 2013 WL 485830, at *8 (N.D. Cal. Feb. 6, 2013).

### B. Judicial Economy Supports Tetra Tech Amending Its Pleading

Amending Tetra Tech's pleading and resolving the '557 patent infringement claim in this case promotes judicial economy. Otherwise, separately litigating cases involving, like here, similar technology, the same parties, and the same products risks wasting judicial and party resources without any gain. *See PNY Techs.*, 2014 WL 294855, at *6 ("To require [Plaintiffs] to commence a new and separate action in these circumstances would have been to insist upon an empty formalism, and would not serve the cause of judicial efficiency" (internal citation and quotation marks omitted)). It would delay resolution of the parties' dispute because filing a new suit would require

the parties to start over again, whereas adding the new claims to this case would cause only minimal delay, if any. Thus, judicial economy favors allowing amendment.

## IV. CONCLUSION

For the foregoing reasons, Tetra Tech respectfully requests that the Court grant the requested leave to amend.

Dated: August 2, 2021        **CLARK HILL LLP**

By:    /s/ *Donald L. Ridge*
         Donald L. Ridge

Aaron L. Parker (*pro hac vice*)
Daniel G. Chung (*pro hac vice*)
Nicholas A. Cerulli (*pro hac vice*)
Jency J. Mathew (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**

*Attorneys for Defendant and Counterclaim Plaintiffs*
TETRA TECH, INC. AND TETRA TECH TAS INC.