Joseph R. Re (SBN 134,479)
joe.re@knobbe.com
Christy G. Lea (SBN 212,060)
christy.lea@knobbe.com
Nicholas M. Zovko (SBN 238,248)
nicholas.zovko@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Payne McQueen Montgomery (*Pro Hac Vice*)
mack.montgomery@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1717 Pennsylvania Ave. N.W., Ste. 900
Washington D.C. 20006
Phone: (202) 640-6400
Facsimile: (202) 640-6401

*Attorneys for Plaintiff/Counterclaim Defendant*
PAVEMETRICS SYSTEMS, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TETRA TECH, INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | Case No. 2:21-cv-1289-MCS-MMA <br><br> **PAVEMETRICS' OPPOSITION TO TETRA TECH'S MOTION FOR LEAVE TO AMEND COUNTERCLAIM** <br><br> Date: August 30, 2021 <br> Time: 9:00 a.m. <br> Crtrm: 7C <br><br> Honorable Mark C. Scarsi |

# TABLE OF CONTENTS

Page No.

I. INTRODUCTION ................................................................................... 1

II. BACKGROUND .................................................................................... 2

III. TETRA TECH CANNOT MEET THE GOOD CAUSE STANDARD OF RULE 16 ................................................................... 4

    A. The Good Cause Standard Applies And Tetra Tech Failed To Address It ............................................................................. 4

    B. Tetra Tech Cannot Establish Good Cause ................................. 6

        1. Tetra Tech Was Not Diligent ........................................... 6

        2. Pavemetrics Would Suffer Undue Prejudice .................... 7

IV. TETRA TECH ALSO CANNOT MEET THE RULE 15 STANDARD ............................................................................................ 9

    A. Tetra Tech's Amendment Would Prejudice Pavemetrics ........... 9

    B. Tetra Tech Unduly Delayed In Seeking to Amend Its Pleadings ..................................................................................... 9

V. CONCLUSION ..................................................................................... 10

# TABLE OF AUTHORITIES

Page No(s).

*Aaron & Andrew, Inc., v. Sears Holdings Mgmt. Corp.*,
   2017 WL 3449597 (C.D. Cal. Feb. 7, 2017).................................................... 9

*Apple Inc. v. Samsung Elecs. Co.*,
   2012 WL 5632618 (N.D. Cal. Nov. 15, 2012).................................................. 6

*In re ARRIS Cable Modem Consumer Litig.*,
   2019 WL 4242666 (N.D. Cal. Sept. 6, 2019).................................................. 10

*Catch a Wave Techs., Inc. v. Sirius XM Radio, Inc.*,
   2014 WL 186405 (N.D. Cal. Jan. 16, 2014) .................................................... 6

*Chodos v. West Publ'g Co.*,
   292 F.3d 992, 1003 (9th Cir. 2002)................................................................. 10

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ........................................................... 4, 5, 6, 9

*Paz v. City of Aberdeen*,
   2013 WL 6163016 (W.D. Wash. Nov. 25, 2013) ........................................... 9

*Voltstar Techs., Inc. v. Superior Commnc's, Inc.*,
   Case No. 2:19-cv-07355-MCS-(Ex), ECF No. 70
   (C.D. Cal. Feb. 23, 2021) ................................................................................ 5

*West v. Jewelry Innovations, Inc.*,
   2008 WL 4532558 (N.D. Cal. Oct. 8, 2008) ................................................... 6

## OTHER AUTHORITIES

Fed. R. Civ. P. 16................................................................................................ 4, 5

Rule 15................................................................................................... *passim*

Rule 16.......................................................................................................... 1, 4, 6, 9

Rule 26................................................................................................................. 3

## I. INTRODUCTION

Tetra Tech seeks to add a "new" patent to expand the scope of this case now that this Court found Tetra Tech has not shown a likelihood of success on its '293 infringement case. Moreover, Tetra Tech failed to address the good cause standard of Rule 16(b), despite needing to modify the case schedule to allow it to assert its second patent. This Court should deny Tetra Tech's motion.

Tetra Tech obtained its second patent, the '557 patent, 16 months ago, yet notified Pavemetrics about it only two weeks ago. Tetra Tech had ample opportunity to raise the '557 patent when it sent a demand letter to Pavemetrics in January 2021, and when it served its Counterclaim on March 3, 2021. Tetra Tech argues it needed to see Pavemetrics' "confidential source code" to assert the '557 patent. But Tetra Tech never explains why it needed the code to assert the '557 patent but was able to assert the '293 patent without seeing any source code at all. Indeed, on March 3, 2021, it sought a preliminary injunction on the '293 patent, apparently concluding it could show a likelihood of success on the merits without any "confidential source code." Tetra Tech did not and cannot show its diligence when it obtained the '557 patent in April 2020, almost a year before it filed its claim and motion for preliminary injunction on the '293 patent.

Moreover, Tetra Tech ignores the unfair prejudice to Pavemetrics, a small, employee-owned company. Pavemetrics seeks a quick and prompt resolution of this baseless case without the added burden and expense of fending off a second Tetra Tech patent. Pavemetrics even stipulated to the fast schedule proposed by Tetra Tech, which the Court adopted. Pavemetrics has already expended significant resources opposing Tetra Tech's meritless preliminary-injunction motion, serving invalidity contentions on the claims asserted in its first patent, and responding to discovery on that patent.

-1-

Over four months after filing its '293 patent claim, Tetra Tech contacted Pavemetrics to stipulate to Tetra Tech expanding this case beyond the single patent originally asserted. Pavemetrics responded by asking Tetra Tech to agree on basic conditions that would limit Tetra Tech's ability to continually expand the scope of the case at will. Pavemetrics proposed that Tetra Tech agree that:

- it would not assert a third patent;
- it would not assert more than 12 patent claims (the number it had originally asserted in its counterclaim); and
- it would treat the outcome of this case as final, and not assert other patents in the same family against the LRAIL once this case is over.

Tetra Tech refused, revealing that it wants to preserve its ability to expand and drag out litigation with Pavemetrics for as long as possible. Pavemetrics simply cannot afford never-ending litigation.

Finally, even if the more liberal standard for amending pleadings under Rule 15(a) were to apply, Tetra Tech's motion would fail for the reasons explained below.

## II. BACKGROUND

Tetra Tech started this dispute in January 2021 when it sent Pavemetrics a demand letter alleging infringement of the '293 patent. ECF 1-1 at pp. 72-74 of 87. Tetra Tech alleged Pavemetrics was infringing by selling its laser rail inspection (LRAIL) product in the United States. That letter, and subsequent correspondence, asserted the '293 patent only. *Id.* at pp. 72-87 of 87. Tetra Tech never mentioned any other Tetra Tech patent, let alone the possibility that Tetra Tech might assert another patent against Pavemetrics. *Id.*

On February 11, 2021, seeking to swiftly dispel Tetra Tech's baseless allegations, Pavemetrics filed a declaratory judgment action for non-infringement of the '293 patent. ECF 1. On March 3, 2021, Tetra Tech

responded by filing a preliminary-injunction motion with its Answer and Counterclaim, again asserting only the '293 patent. ECF 12, 17. On April 15, 2021, the Court denied Tetra Tech's motion, finding no likelihood of success because Pavemetrics had raised substantial questions of non-infringement and invalidity. ECF 61.

In April 2021, the parties conducted a Rule 26(f) conference and filed their Joint Report with a discovery plan and proposed case schedule. ECF 52. The Court required the parties to discuss the likelihood of motions seeking to file amended pleadings. ECF 21 at 3. Tetra Tech never raised any possibility of adding a patent to this case and represented that it did not anticipate filing various motions to amend the pleadings. *See* ECF 52 at 6. As a result, the parties proposed a tight schedule, with infringement contentions due on June 10, invalidity contentions due on July 15, a *Markman* hearing in November 2021, and trial in August 2022. *Id.* at 10-11, 16. On April 22, the Court adopted the parties' proposed schedule. ECF 56, 62.

On May 24, Pavemetrics made available for inspection its source code for its road and rail inspection products, including the accused LRAIL product. *See* Zovko Decl. ¶ 3. Two weeks later, on June 10, Tetra Tech served its infringement contentions. Tetra Tech never identified the '557 patent, but asserted five additional claims from the '293 patent. *See id.* ¶ 4. On July 15, Pavemetrics served invalidity contentions addressing all 17 asserted claims of the '293 patent. *Id.* ¶ 5.

Discovery is well underway, but all focused on the '293 patent only. *See id.* ¶ 8. The parties have also exchanged proposed claim terms for construction from the '293 patent. ECF 62 at 2. The parties will exchange proposed constructions and citations to evidence on August 12. *Id.* The parties are scheduled to file the Joint Claim Construction and Prehearing Statement on August 26, four days before the noticed hearing on this motion. *Id.* Claim

construction discovery must be completed by September 16, and briefs are due to be filed between September 30 and October 28. *Id.*

On July 22, 2021, a week after receiving Pavemetrics' invalidity contentions, Tetra Tech proposed adding the '557 patent to this case. Ex. A. Pavemetrics was concerned that Tetra Tech was seeking to unduly expand and prolong the case. Therefore, Pavemetrics proposed that, it would not oppose adding the '557 patent to the case, but only if Tetra Tech were to agree not to assert any additional patents, limit the number of asserted claims to 12 (the number of claims originally asserted), and agree that it will not assert additional patents from this same patent family against the same LRAIL product once this litigation is over. Ex. 5. Tetra Tech refused each and every condition, and then filed this motion. Exs. 6, 8. Thereafter, on August 6, Tetra Tech served amended infringement contentions to include the '557 patent, as if it were already in the case. *See* Zovko Decl. ¶ 9.

### III. TETRA TECH CANNOT MEET THE GOOD CAUSE STANDARD OF RULE 16

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

#### A. The Good Cause Standard Applies And Tetra Tech Failed To Address It

Tetra Tech's motion ignores the good cause standard under Rule 16(b). Mot. at 4-12. It conveniently addresses only the more liberal standard under Rule 15. *Id.* at 1, 7-8.

Tetra Tech's proposal to add the '557 patent to this case would require many modifications to the Court's Scheduling Order, which Tetra Tech acknowledges. ECF 62; Mot. at 10. For example, the Court would need to modify at least the following six deadlines:

>   (1) Tetra Tech's infringement contentions – June 10, 2021
>
>   (2) Pavemetrics' invalidity contentions – July 15, 2021;
>
>   (3) List of proposed claim terms for construction – July 29, 2021;
>
>   (4) Claim constructions with citations to intrinsic and extrinsic evidence – August 12, 2021;
>
>   (5) Joint Claim Construction Prehearing Statement due – August 26, 2021;
>
>   (6) Completion of claim construction discovery – September 16, 2021.

ECF 62 at 1-2. Tetra Tech's proposal may also require modifications to the claim-construction briefing schedule, currently between September 30 and October 28, and the *Markman* hearing on November 15. *Id.*

Tetra Tech assumes it can freely amend its infringement contentions whenever it wants. Mot. at 11 ("The basis for this new count of infringement is set forth in the attached First Amended Counterclaim, as well as in detailed infringement contentions . . . that Tetra Tech intends to soon serve on Pavemetrics.") (emphases added). But it cannot. Modifying the case schedule requires a showing of good cause and the Court's approval. Fed. R. Civ. P. 16(b)(4); *Johnson*, 975 F.2d at 607-08.

Moreover, this Court has explained that "[i]n assessing proposed amended infringement contentions, a good cause standard applies." *Voltstar Techs., Inc. v. Superior Commnc's, Inc.*, Case No. 2:19-cv-07355-MCS-(Ex), ECF No. 70 (C.D. Cal. Feb. 23, 2021). Tetra Tech has no valid reason for ignoring the good cause standard and simply serving new infringement contentions after the deadline and after Pavemetrics has served its invalidity contentions. Thus, Tetra Tech has failed to establish good cause and its motion should be denied.

/ / /

/ / /

### B. Tetra Tech Cannot Establish Good Cause

Even if Tetra Tech had addressed the good cause standard, it cannot establish good cause here. The good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "The burden is on the moving party to show diligence." *Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 5632618, at *2 (N.D. Cal. Nov. 15, 2012).

If the Court finds that the moving party acted diligently, "[t]he court then considers whether there would be undue prejudice to the non-moving party." *Id*. Even if Tetra Tech could demonstrate diligence as required by Rule 16(b)—which it cannot—the Court may also consider unfair prejudice to Pavemetrics as an additional basis for denying Tetra Tech's motion. *Johnson*, 975 F.2d. at 609.

#### 1. Tetra Tech Was Not Diligent

Tetra Tech contends that it "recently discovered facts that Pavemetrics infringes the '557 patent." Mot. at 4. Tetra Tech's "conclusory and self-serving statement of 'diligence' does not suffice" to demonstrate good cause. *Catch a Wave Techs., Inc. v. Sirius XM Radio, Inc.*, 2014 WL 186405, at *2 (N.D. Cal. Jan. 16, 2014); *see, e.g.*, *West v. Jewelry Innovations, Inc.*, 2008 WL 4532558, at *3 (N.D. Cal. Oct. 8, 2008) (finding that the defendant did not establish diligence of its prior art search because it did "not provide any information about when or why it began the inquiries, how it inquired, . . . or even[ ] what it inquired about.").

Tetra Tech argues it needed to see Pavemetrics' "confidential source code" to assert the '557 patent. Mot. at 6, 9. But Tetra Tech never explains why it needed to wait to review Pavemetrics' source code to assert the '557 patent, yet was able to assert the '293 patent on a preliminary-injunction motion without seeing any source code at all. Both the '293 and '557 patent claims include algorithmic steps implemented by software, and yet, Tetra Tech had no problem concluding it could assert numerous claims in the '293 patent based on

public information only.

Even assuming that source code review is required to assert '557 patent, Tetra Tech was not diligent. Tetra Tech had access to Pavemetrics source code for nearly three weeks before serving its infringement contentions.[1] Tetra Tech inspected Pavemetrics' source code in May, and it could have continued to inspect Pavemetrics source code for as long as it wanted. During this inspection period, Tetra Tech should have notified Pavemetrics of its intention to add any new patent to the case.

Tetra Tech suggests that it needed another inspection of Pavemetrics' source code, which it conducted in July. Mot. at 5-6. But Tetra Tech never explains why it needed this inspection, and why it needed it to assert the '557 patent but not the '293 patent. Moreover, Tetra Tech delayed in inspecting Pavemetrics' source code for a second time in July. It should not be able to rely upon that delayed inspection to explain away its delay in alerting Pavemetrics that it wanted to add the '557 patent to the case.

Back in April, when the parties discussed the case schedule, Tetra Tech should have alerted Pavemetrics and the Court to the possibility that it might add a patent. Rather, Tetra Tech said nothing and the parties proposed a fast schedule, which the Court adopted. Tetra Tech cannot modify that schedule when it did not act diligently.

**2. Pavemetrics Would Suffer Undue Prejudice**

Tetra Tech's proposed amendment would cause Pavemetrics undue prejudice for several reasons. Pavemetrics wants to move this case forward to a swift, final, and inexpensive conclusion on the merits. Allowing Tetra Tech to

---

[1] In contrast, Tetra Tech has yet to make its source code available for inspection despite repeated requests. It also refused to read its claims on its own device and source code despite requests and an interrogatory expressly asking for that information.

belatedly expand this case will only increase the burden and cost of this lawsuit. Expanding the case would unfairly prejudice Pavemetrics, as Pavemetrics is much smaller than Tetra Tech. Every dollar Pavemetrics is forced to spend on this litigation harms its ability to continue to innovate, compete, and grow the rail inspection business. The unfairness is compounded by the fact that Pavemetrics started its rail inspection business well before Tetra Tech filed its first patent application for rail inspection.

Moreover, the size of this case does not justify the expenses being incurred. Tetra Tech's total alleged damages stem from a sale of just a few LRAIL units to CSX (the only sale to have occurred since Tetra Tech gave notice of alleged infringement). *See* ECF 30-1 ¶ 23; ECF 30 at 13. Those alleged damages are disproportional to the burden and expense of this lawsuit, particularly if the scope of this case expands to multiple patents and over 20 asserted claims.

Furthermore, the claim construction process and discovery for the '293 patent is well underway. The parties have already served substantive contentions and started the claim-construction process. All of the dates governing these proceedings would need to be pushed back if the '557 patent were added. Tetra Tech would be asserting "at least" 21 patent claims across two patents, which may require additional claim constructions. Additionally, the discovery already taken has focused on the '293 patent only and some would have to be redone if a new patent were added.[2] *See* Zovko Decl. ¶ 8.

For these reasons, the Court should deny Tetra Tech's Motion under Rule 16.

---

[2] Mr. Parker declared that the parties have not noticed any depositions. Parker Decl. ¶ 13. Tetra Tech noticed two depositions of Pavemetrics' customers. Zovko Decl. ¶ 6.

## IV. TETRA TECH ALSO CANNOT MEET THE RULE 15 STANDARD

Even if Tetra Tech could demonstrate the good cause Rule 16(b) requires—which it cannot—the Rule 15(a) standard requires denying Tetra Tech's proposed amendment if it "would cause prejudice to the opposing party, is sought in bad faith, is futile, *or* creates undue delay." *Johnson*, 975 F.2d. at 607 (emphasis added). Tetra Tech's motion cannot meet this standard.

### A. Tetra Tech's Amendment Would Prejudice Pavemetrics

Tetra Tech asserts its proposed amendment does not prejudice Pavemetrics because "Pavemetrics has sufficient time to fully develop its positions on the newly asserted patent." Mot. at 10. However, as explained above, allowing Tetra Tech to add a new claim at this stage of the case would be manifestly unfair and unduly prejudicial to Pavemetrics. *Aaron & Andrew, Inc., v. Sears Holdings Mgmt. Corp.*, 2017 WL 3449597 (C.D. Cal. Feb. 7, 2017) ("The longer the period of unexplained delay, the lesser the showing of prejudice required of the nonmoving party."). Moreover, Tetra Tech appears to want the right to add patents to this case and future cases at will. Pavemetrics fears never-ending litigation with Tetra Tech.

This prejudice warrants denial of the motion to amend.

### B. Tetra Tech Unduly Delayed In Seeking to Amend Its Pleadings

After losing its preliminary-injunction motion, Tetra Tech is scrambling. It appears to be adding the '557 patent in response to this Court's holding of no likelihood of success on the merits of the '293 patent.

Tetra Tech contends that it "diligently filed this motion soon after its investigation of non-public source code revealed sufficient evidence to support infringement of the '557 patent." Mot. at 9. But Tetra Tech fails to explain why source code was necessary to assert infringement of the '557 patent (unlike the '293 patent), or why it could have not inspected Pavemetrics' source code sooner. *See Paz v. City of Aberdeen*, 2013 WL 6163016, at *4 (W.D. Wash.

-9-

Nov. 25, 2013) ("A party that contends it learned 'new' facts to support a claim should not assert a claim that it could have pleaded in previous pleadings.") (citing *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002)); *In re ARRIS Cable Modem Consumer Litig.*, 2019 WL 4242666, at *4 (N.D. Cal. Sept. 6, 2019) ("Courts in this circuit have consistently found a lack of diligence when plaintiffs delayed even just a few months [before moving to amend].") Tetra Tech's delay also supports denying this Motion under Rule 15.

## V. CONCLUSION

For these reasons, Pavemetrics respectfully requests that the Court deny Tetra Tech's motion to amend the pleadings to add the '557 patent to this suit.

Respectfully Submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 9, 2021

By: /s/ *Nicholas M. Zovko*
    Joseph R. Re
    Christy G. Lea
    Nicholas M. Zovko
    Payne McQueen Montgomery

*Attorneys for Plaintiff/Counterclaim Defendant*, PAVEMETRICS SYSTEMS, INC.