Donald Ridge, Esq. (SBN: 132171)
**CLARK HILL LLP**
1055 West Seventh Street, Suite 2400
Los Angeles, CA 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
DRidge@clarkhill.com

Aaron L. Parker (*pro hac vice*)
aaron.parker@finnegan.com
Daniel G. Chung (*pro hac vice*)
daniel.chung@finnegan.com
Nicholas A. Cerulli (*pro hac vice*)
nicholas.cerulli@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue NW
Washington, D.C. 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Jency J. Mathew (*pro hac vice*)
jency.mathew@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, Virginia 20190-6023
Telephone: (571) 203-2700
Facsimile: (571) 203-2777

*Attorneys for Defendant and Counterclaim Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

PAVEMETRICS SYSTEMS, INC.

Plaintiff,

v.

TETRA TECH, INC.

Defendant.

AND RELATED COUNTERCLAIMS.

CASE NO. 2:21-cv-1289 MCS-MMA

**TETRA TECH'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND**

**Honorable Mark C. Scarsi**

**Date:** **August 30, 2021**
**Time:** **9:00 a.m.**
**Courtroom:** **7C**

# TABLE OF CONTENTS

I. INTRODUCTION .......... 1
II. ARGUMENT .......... 2
A. Rule 16 Does Not Apply to Tetra Tech's Motion for Leave to Amend .......... 2
B. Even if the Court Were to Apply Rule 16, Good Cause Exists .......... 5
1. Tetra Tech Diligently Sought Leave to Amend .......... 5
2. Pavemetrics Has Not Shown It Would Suffer Undue Prejudice .......... 9
C. The Court Should Grant Tetra Tech's Motion Under Rule 15 .......... 10
III. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Cases**

*Catch a Wave Techs., Inc. v. Sirius XM Radio, Inc.*,
2014 WL 186405 (N.D. Cal. Jan. 16, 2014) ........ 8

*Copeland v. Bank of Am. Servicing*,
2013 WL 12216672 (C.D. Cal. Oct. 22, 2013) ........ 2

*DCD Programs, Ltd. v. Leighton*,
833 F.2d 183 (9th Cir. 1987) ........ 1

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992) ........ 2

*Luma Pictures, Inc. v. Betuel*,
2016 WL 11519331 (C.D. Cal. Sept. 29, 2016) ........ 2

*Pinn, Inc. v. Apple, Inc.*,
2020 WL 6174555 (C.D. Cal. Apr. 13, 2020) ........ 10

*PNY Techs., Inc. v. SanDisk Corp.*,
2014 WL 294855 (N.D. Cal. Jan. 27, 2014) ........ 9

*Sage Electrochromics, Inc. v. View, Inc.*,
2014 WL 1379282 (N.D. Cal. Apr. 8, 2014) ........ 5

*SAP Aktiengesellschaft v. i2 Techs., Inc.*,
250 F.R.D. 472 (N.D. Cal. 2008) ........ 3, 5

*Voltstar Techs., Inc. v. Superior Commnc's, Inc.*,
Case No. 2:19-cv-07355-MCS-(Ex) (C.D. Cal. Feb. 23, 2021) ........ 4, 5

*West v. Jewelry Innovations, Inc.*,
2008 WL 4532558 (N.D. Cal. Oct. 8, 2008) ........ 8

*Williams v. Kohl's Dep't Stores, Inc.*,
2019 WL 9077475 (C.D. Cal. Aug. 21, 2019) ........ 2

**Other Authorities**

Fed. R. Civ. P. 15 .......... passim

Fed. R. Civ. P. 16 .......... passim

**I. INTRODUCTION**

Faced with the Court's liberal policy for amending pleadings under Rule 15, Pavemetrics devotes almost its entire Opposition to an incorrect and stricter inquiry—Rule 16's "good cause" standard. Rule 16 governs only when a party requests leave to amend after the deadline to amend pleadings has passed and must therefore show "good cause" to modify the case schedule. That is not the case here. Tetra Tech sought leave to amend months before the Court's December 6 deadline to amend pleadings. Further, Tetra Tech does not seek to amend any deadlines in the case schedule with its motion. Thus, the Court should reject Pavemetrics' attempt to impose Rule 16's stricter standard and grant Tetra Tech's motion under Rule 15's liberal standard for timely motions to amend pleadings.

Even if the Court were to apply Rule 16's good cause standard, Tetra Tech's motion has shown that good cause is warranted here. As detailed in its opening brief, Tetra Tech was diligent in reviewing Pavemetrics' source code and seeking to add the '557 patent to the case immediately after discovering information evidencing the additional infringement claim against Pavemetrics. Further, Pavemetrics would not suffer undue prejudice from adding another patent at such an early stage in the case, especially considering that the patents have the same inventor, same specification, and the new count of infringement involves the same products and similar technology. Pavemetrics' assertions about being a "small, employee-owned company" and "fearing endless litigation with Tetra Tech" fall short, particularly given that Pavemetrics does not dispute that Tetra Tech seeks to amend in good faith and without dilatory motive, nor do they negate Tetra Tech's right to enforce its patents and redress the injuries caused by Pavemetrics' infringement.

In the roughly one page that Pavemetrics addresses the correct Rule 15 standard, its analysis is wholly inconsistent with this Court's policy of "extreme liberality" in granting motions to amend pleadings. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Of the five factors courts consider in deciding whether to grant a

motion for leave to amend, Pavemetrics does not dispute that Tetra Tech's amendments are made in good faith, are not futile, and are not excessive. Pavemetrics only contests two factors—prejudice and undue delay—but has failed to meet its burden to establish either. Accordingly, the Court should grant Tetra Tech's motion for leave to amend its pleading to add the '557 patent under Rule 15.

## II. ARGUMENT

### A. Rule 16 Does Not Apply to Tetra Tech's Motion for Leave to Amend

Pavemetrics cites only a single case, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992), as alleged support for its argument that the Court should apply Rule 16, in addition to Rule 15, in deciding Tetra Tech's motion for leave to amend. In that case, the Court's deadline for amending pleadings had already passed. *Johnson*, 975 F.2d at 607-608. The Court thus needed to consider Rule 16 and whether "good cause" existed to modify the case schedule prior to addressing whether leave to amend was appropriate under Rule 15. *Id*. Here, however, Tetra Tech timely seeks leave to amend its pleadings months before the December 6, 2021 deadline. Mot. at 9. Contrary to Pavemetrics' contentions, Rule 16's standard does not apply to Tetra Tech's motion. *Williams v. Kohl's Dep't Stores, Inc.*, No. EDCV 19-397-JGB (SHKx), 2019 WL 9077475, at *2 n.7 (C.D. Cal. Aug. 21, 2019) (Rule 16's "standard applies only where the moving party requests leave to amend <u>after</u> the deadline to amend pleadings has passed and must therefore show 'good cause' why the schedule should be modified"); *Copeland v. Bank of Am. Servicing*, No. CV 13-1578-JLS (Ex), 2013 WL 12216672, at *2 (C.D. Cal. Oct. 22, 2013) ("Plaintiff filed the instant Motion before that deadline [to amend pleadings]; as such, his Motion is properly analyzed under the liberal Rule 15 standard"); *Luma Pictures, Inc. v. Betuel*, No. CV 16-2625-GW (PLAx), 2016 WL 11519331, at *2 (C.D. Cal. Sept. 29, 2016) (same).

Pavemetrics tries to expand the holding in *Johnson v. Mammoth* to require the Court to apply Rule 16 when *any* deadline in the case may have passed. Particularly, here, Pavemetrics argues that several discovery deadlines stipulated by the parties have

passed and asks the Court to consider Rule 16 before addressing Tetra Tech's motion. Opp. 4-5. (citing to deadlines for preliminary infringement and invalidity contentions and other claim construction discovery deadlines that have or will pass in the coming weeks). Pavemetrics' arguments fail for several reasons.

First, Tetra Tech does not seek to amend any case deadlines by its motion to timely add the '557 patent. As discussed, the case schedule does not need to be modified for Tetra Tech to bring its motion for leave to amend because that deadline is still months away. Furthermore, the Court has not yet granted Tetra Tech's motion, nor has Tetra Tech filed its amended pleadings. Thus, any request to modify the case schedule would be premature. Should leave be granted to add the '557 patent to the case, then certainly good cause would exist for the parties to properly modify the case schedule, if necessary. *See, e.g.*, *SAP Aktiengesellschaft v. i2 Techs., Inc.*, 250 F.R.D. 472, 475 (N.D. Cal. 2008) (granting leave to amend and finding that deadlines that already exist for service of contentions do not preclude amendment because the deadlines "must not trump the necessary modification of such deadlines pursuant to court orders authorized by the Federal Rules"). Indeed, as contemplated by the Court's Scheduling Order, additional dates may be added to the schedule to address the '557 patent infringement claim. ECF 56 at 2 ("If the parties wish to set additional dates, they may file a separate Stipulation and Proposed Order"); *see also* ECF 62 at 2 ("If necessary, the Court will set further deadlines after the Claim Construction Hearing").

Second, while Tetra Tech has indicated its willingness to make minor adjustments to the case schedule to accommodate the inclusion of the '557 patent, those adjustments are not necessary for the case to proceed. For example, the contention deadlines that have passed are preliminary deadlines stipulated by the parties to streamline discovery. ECF No. 52 at 10-11; ECF No. 62. None of these dates are for final contentions, as discovery is ongoing and both parties have reserved their rights to amend and supplement their contentions as the case proceeds. In fact, the parties stipulated to deadlines for Final Infringement and Invalidity Contentions in their joint

Rule 26(f) report, thereby acknowledging that the initial deadlines are preliminary, and contentions may be amended or supplemented as discovery continues. *See* ECF No. 52 at 11.

Further, while adding the '557 patent to this case would warrant amendments and supplementations to the parties' respective contentions and claim construction submissions, it would not derail the current case schedule. Indeed, during unsuccessful negotiations to avoid the instant motion, the parties had generally agreed on modified dates to align discovery and claim construction for the '557 patent with that of the '293 patent, without amending the claim construction briefing schedule, the claim construction hearing date, fact and expert discovery deadlines, or the trial date. Mot., Parker Decl., Ex. 6 and 7. Other than the few preliminary, discovery and claim construction exchange deadlines previously stipulated to by the parties, no other deadlines would need to be changed.

Pavemetrics not only ignores its own stipulations in this case but also attempts to twist this Court's holding in *Voltstar Techs., Inc. v. Superior Commnc's, Inc.*, Case No. 2:19-cv-07355-MCS-(Ex), ECF No. 70 (C.D. Cal. Feb. 23, 2021), to justify its rationale for seeking to limit Tetra Tech's ability to amend infringement contentions. The *Voltstar* case, however, was governed by a set of Standard Patent Rules ("S.P.R.s"), which were adopted in the Court's initial standing order. *Voltstar*, ECF No. 20. Those S.P.R.s governed, among other things, amendments to infringement and invalidity contentions, which were "subject to a good cause standard." *Id.* at 32-34. Not surprisingly, the Court cited to those S.P.R.s (specifically, S.P.R. 4.1.2), and nothing else, in determining that a "good cause" standard applied to its assessment of the proposed amended infringement contentions. *Voltstar*, ECF No. 70 at 4-6. However, those S.P.R.s do not govern the present case, and there is no other authority preventing the parties from amending or supplementing their contentions throughout discovery. Rather, "in permitting a party to amend the complaint to add a new infringement allegation, the court is effectively permitting the amendment of the infringement

contentions. It would be a strange result if a patent plaintiff were to be permitted to amend the complaint to add a new patent infringement claim, and then denied the ability to amend the infringement contentions to reflect that change." *Sage Electrochromics, Inc. v. View, Inc.*, No. 12-CV-6441-JST, 2014 WL 1379282, at *2 (N.D. Cal. Apr. 8, 2014); *see also SAP Aktiengesellschaft*, 250 F.R.D. at 475 ("Leave to amend the pleadings, pursuant to Rule 15(a), constitutes such good cause" to amend contentions).

Moreover, even if *Voltstar*'s S.P.R. 4.1.2 governed the present case, that rule does not require prior Court approval for supplementation "where they are made due to . . . recent discovery of nonpublic information about the Accused Instrumentality that was not discovered, despite diligent efforts, before the service of the Infringement Contentions." *Voltstar*, ECF No. 20 at 33. The same circumstances apply here, as Tetra Tech only recently discovered Pavemetrics was infringing the '557 patent during its July 14-16 review of Pavemetrics' source code and moved to amend its pleadings shortly thereafter.

For these reasons, the Court should reject Pavemetrics' attempt to confuse the issues and apply a stricter standard to Tetra Tech's motion. Rule 15 alone applies here, and the Court should apply its liberal policy in granting Tetra Tech's motion.

**B. Even if the Court Were to Apply Rule 16, Good Cause Exists**

As explained above, Rule 16 does not apply to the present motion. But, even under that "good cause" standard, Tetra Tech's motion should be granted. Tetra Tech has diligently sought its amendment, and Pavemetrics has not shown that it would be unduly prejudiced if Tetra Tech's motion were granted.

**1. Tetra Tech Diligently Sought Leave to Amend**

As explained in Tetra Tech's opening brief, Tetra Tech has diligently pursued discovery concerning Pavemetrics' confidential LRAIL source code since Pavemetrics first made it available for inspection on May 24, 2021. Mot. 5-7, 9. Tetra Tech's first inspection took place on May 27 and 28, days after Pavemetrics made the source code available and less than two weeks prior to the June 10 due date for Tetra Tech's

preliminary infringement contentions. *Id*. at 5. Tetra Tech then scheduled a second source code inspection on July 14-16, where it discovered for the first time that Pavemetrics was also infringing Tetra Tech's '557 patent. *Id.* The following week, on July 22, less than a week after first discovering the information during the second source code review and less than two months after the first source code review, Tetra Tech informed Pavemetrics of the additional infringement of the '557 patent and that it intended to file this motion. *Id*. at 6. Tetra Tech remained diligent throughout that less than two-month period and did not delay.

Pavemetrics first argues that "Tetra Tech never explains why it needed to wait to review Pavemetrics' source code to assert the '557 patent, yet was able to assert the '293 patent on a preliminary injunction motion without seeing any source code at all." Opp. 6. Yet, nowhere in its Opposition does Pavemetrics contend that the '293 patent and the '557 patent have the same claim scope, as it is clear they do not. *Compare* Mot., Parker Decl., Ex. 3 at 29:21-30:65 *with* ECF No. 1, Ex. A at 29:22-34:20. Instead, Pavemetrics vaguely equates the two patents, alleging that they both "include algorithmic steps implemented by software." Opp. 6. But Pavemetrics does not, nor can it, contend that the same "algorithmic steps" recited in the '293 patent claim asserted during the preliminary injunction stage are also recited in the asserted claims of the '557 patent. Nor does Pavemetrics point to any public information that was available and known to Tetra Tech that would map to the asserted claims of the '557 patent in lieu of the confidential source code. And, while the '293 and '557 patent share a common specification and relate to similar technologies, the claims themselves are different. Notably, Pavemetrics did not object when Tetra Tech included five additional claims from the '293 patent in its preliminary infringement contentions, resulting from the first source code review, that were not asserted with its initial pleadings. Likewise, Pavemetrics has no basis to object to adding another patent based on the recent discovery of information that supports infringement of its claims.

/ / /

Pavemetrics next argues that Tetra Tech was not diligent in its source code review after it was first made available on May 24. This is incorrect. First, May 24 is less than two months before Tetra Tech notified Pavemetrics of its infringement of the '557 patent and that it intended to bring the present motion on July 22. The timing of Tetra Tech's motion is completely reasonable given the amount of work involved in coordinating schedules, traveling across the U.S. to the source code review location, inspecting and analyzing Pavemetrics' source code, developing infringement contentions with an expert, and considering strategies related to adding additional claims to this case. But, more importantly, Pavemetrics fails to mention the delay it caused between Tetra Tech's first and second source code inspections.

Immediately following its first inspection, Tetra Tech notified Pavemetrics that its inspection was not complete, in part due to several deficiencies in the source code provided at the first inspection. Reply Declaration of Aaron L. Parker ("Reply Decl."), Ex. 1. Among these deficiencies was the lack of version control, as required by the Court's protective order, which made it incredibly burdensome for Tetra Tech's experts to review at least 11 different versions of source code, amounting to over 1,000,000 lines of source code. Reply Decl., ¶ 3, Ex. 1. Over the next several weeks, the parties exchanged numerous emails and met and conferred about Pavemetrics' source code production deficiencies. *Id.*, Ex. 2-6. Finally, on June 16, Pavemetrics acknowledged the deficiencies in the source code originally made available by agreeing to provide Pavemetrics' git repository to enable version control as required by the protective order. *Id.*, Ex. 7. Then, a couple weeks later, without prior notice, Pavemetrics made available for the first time another version of source code (its 12th version). *Id.*, Ex. 8, 9.

Shortly after Pavemetrics' version control deficiencies were remedied, and Pavemetrics made available its 12th version of source code, Tetra Tech scheduled its second inspection for July 14-16. *Id.*, Ex. 10. It was during that inspection that Tetra Tech discovered for the first time that Pavemetrics was also infringing claims of the '557 patent. Mot., Parker Decl., ¶ 6. Tetra Tech then informed Pavemetrics of the

additional infringement the following week on July 22. *Id.*, Ex. 4.

Pavemetrics ignores the burdensome and time-consuming nature of Tetra Tech's source code review. Opp. 7. And, because the source code initially provided by Pavemetrics was deficient, Tetra Tech was forced to schedule a second burdensome trip for its expert and counsel to continue the source code review. Nevertheless, Tetra Tech diligently inspected Pavemetrics' source code and notified Pavemetrics almost immediately upon discovering that Pavemetrics was infringing the '557 patent. Thus, despite the many roadblocks created by Pavemetrics, Tetra Tech remained diligent throughout the process of inspecting Pavemetrics' source code and seeking to amend its pleadings after uncovering additional acts of infringement.

Pavemetrics further argues that Tetra Tech should have alerted them to the possibility of Tetra Tech adding another patent in April when the parties discussed the case schedule. Opp. 7. But Tetra Tech did not know the extent of Pavemetrics' infringement when the parties discussed the case schedule—Pavemetrics' source code had not yet been made available for inspection. Pavemetrics also falsely states that "Tetra Tech … represented that it did not anticipate filing various motions to amend the pleadings." Opp. 3. In the parties' joint 26(f) report, Tetra Tech only represented that it did not "anticipate filing any motions to *add parties or transfer venue*." ECF No. 52 at 6. Tetra Tech does not seek to do either with the present motion.

Finally, the cases cited by Pavemetrics to support its argument for lack of diligence are inapposite. Opp. 6. Both cited cases involve motions to amend pleadings based on belated prior art searches of public documents and documents that had been in the moving party's possession for several months before the motion to amend pleadings was ever filed. *Catch a Wave Techs., Inc. v. Sirius XM Radio, Inc.*, No. C 12-05791 WHA, 2014 WL 186405, at *2 (N.D. Cal. Jan. 16, 2014); *West v. Jewelry Innovations, Inc.*, No. C 07-1812, 2008 WL 4532558, at *3 (N.D. Cal. Oct. 8, 2008). No such facts are present here. Tetra Tech diligently inspected Pavemetrics' source code and notified Pavemetrics immediately after discovering the additional infringement.

**2. Pavemetrics Has Not Shown It Would Suffer Undue Prejudice**

Without citing any supporting authority, Pavemetrics lodges several complaints about the "unfairness" of allowing Tetra Tech to exercise its patent rights to enforce the '557 patent. Opp. 7-9. For example, Pavemetrics claims that it wants to "move this case forward to a swift, final, and inexpensive conclusion on the merits." *Id*. at 7. Tetra Tech also shares this desire. Yet, Pavemetrics claims that expanding this case to add the '557 patent will only "increase the burden and cost" to the parties, while ignoring that otherwise Tetra Tech would be forced to file another complaint for infringement in this district or another district if it cannot in the present case, thereby doubling the parties' costs and extending the dispute far beyond next year's trial date. Mot. at 11-12. This would also unnecessarily waste significant judicial resources. *Id*.

Pavemetrics' other complaints about being a "smaller" company or having started its rail inspection business before Tetra Tech filed its first patent application have no bearing on this motion, let alone any basis in law. Opp. 8. Nor does Pavemetrics' complaint that the "alleged damages are disproportional to the burden and expense of this lawsuit," have any basis in fact or law. *Id*. The sales of "just a few LRAIL units to CSX," are worth millions of dollars. ECF No. 52 at 6 (Tetra Tech estimating damages of up to "$15 million"). Moreover, market share of Class I railroads, such as CSX, is very likely to cause repeat business, which would compound the damages in this case unless Pavemetrics is stopped from infringing Tetra Tech's patents. ECF No. 30 at 7, 23-25, 28-29. Pavemetrics also ignores the ongoing contracts with the Federal Railroad Administration that have and continue to result in infringement and significant damages to Tetra Tech. *Id*. at 24.

Finally, Pavemetrics alleges it would face prejudice in simply having to adjust the case schedule and conduct additional discovery on the '557 patent. Opp. 8. But "[t]he burden of having to defend a new claim alone is not undue prejudice under Rule 15." *PNY Techs., Inc. v. SanDisk Corp*., No. 11-CV04689-WHO, 2014 WL 294855, at *4 (N.D. Cal. Jan. 27, 2014). In addition, Pavemetrics had already generally agreed to

a proposed schedule that would accommodate the '557 patent and not impact any scheduling deadlines past September 30, 2021. Mot., Parker Decl., Ex. 6 and 7. Although Tetra Tech indicated it was amenable to a reasonable extension, Pavemetrics never proposed extending fact discovery or even pushing back trial to accommodate the '557 patent. *Id*. Thus, it is disingenuous for Pavemetrics to now claim that it is prejudicial to change the case schedule to accommodate the '557 patent. Any discovery of the '557 patent will largely overlap with the discovery that has and will be conducted, considering the '557 patent infringement claim involves the same products, same patent family, same inventor, and same infringing activities. And, as indicated in its opening brief (Mot. at 11), Tetra Tech has already served on Pavemetrics a detailed claim chart mapping Pavemetrics' infringement to the claims of the '557 patent. The amendment does not amount to undue prejudice. *Pinn, Inc. v. Apple, Inc.*, No. SA CV 19-01805-DOC-JDE, 2020 WL 6174555, at *1 (C.D. Cal. Apr. 13, 2020) ("Defendants will not be prejudiced by amendment—as Plaintiff has already given Defendants an explanation of its infringement theories under the [new] Patent, and Plaintiff represents that addition of the [new] Patent will not increase 'the scope of the infringing products'").

### C. The Court Should Grant Tetra Tech's Motion Under Rule 15

As demonstrated in Tetra Tech's opening brief, all five factors support granting Tetra Tech's motion for leave to amend under Rule 15. Pavemetrics does not dispute that the motion was made in good faith, that the proposed amendments are not futile, or that the amendments are not excessive. It only disputes whether there is prejudice and undue delay. Opp. 9-10. But as discussed above, Pavemetrics has not (and cannot) meet its burden of establishing prejudice or undue delay to warrant denial of Tetra Tech's motion. *See Supra* at 5-9. Thus, the Court should follow the Ninth Circuit's liberal policy and grant Tetra Tech's timely motion to amend pleadings.

## III. CONCLUSION

For the foregoing reasons, and the reasons mentioned in its opening brief, Tetra Tech respectfully requests that the Court grant the requested leave to amend.

Dated: August 16, 2021

**CLARK HILL LLP**

By: /s/ *Donald L. Ridge*
Donald L. Ridge

Aaron L. Parker (*pro hac vice)*
Daniel G. Chung (*pro hac vice)*
Nicholas A. Cerulli (*pro hac vice)*
Jency J. Mathew (*pro hac vice)*
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**

*Attorneys for Defendant and Counterclaim Plaintiffs TETRA TECH, INC. AND TETRA TECH TAS INC.*

Case No. 2:21-CV-1289-MCS-MMA

**CERTIFICATE OF SERVICE**

***PAVEMETRICS SYSTEMS, INC. V. TETRA TECH, INC.***

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORIA**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles , State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1055 West Seventh Street, Suite 2400, Los Angeles, CA 90017.

On August 16, 2021, I served the following document(s) described as

**TETRA TECH'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED LIST**

☐ (BY U.S. MAIL): I am personally and readily familiar with the business practice of Clark Hill LLP for collection and processing of correspondence for mailing with the United States Parcel Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Los Angeles, California.

☑ **BY ELECTRONIC TRANSMISSION:** The above-referenced documents were sent via electronic transmission to the addressee(s)'s email address as indicated on this Proof of Service.

Executed on August 16, 2021, at Los Angeles , California.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Diane Vo

**SERVICE LIST**

| | |
|---|---|
| Christy L Lea, Esq.<br>Nicholas Matthew Zovko, Esq.<br>Joseph R. Re, Esq.<br>Payne McQueen Montgomery, Esq.<br>**Knobbe Martens Olson and Bear LLP**<br>2040 Main Street 14th Floor<br>Irvine, California 92614<br>Tel: 949-760-0404<br>Fax: 949-750-9502<br>Email: joe.re@knobbe.com;<br>Mac.montgomery@knobbe.com;<br>Nicholas.zovko@knobbe.com;<br>clea@kmob.com;<br>litigation@kmob.com | Attorneys for Plaintiff, ***Pavemetrics Systems, Inc*** |