1   Donald Ridge, Esq. (SBN: 132171)
2   **CLARK HILL LLP**
    1055 West Seventh Street, Suite 2400
3   Los Angeles, CA 90017
    Telephone: (213) 891-9100
4   Facsimile: (213) 488-1178
5   DRidge@clarkhill.com

6
    Aaron L. Parker (*pro hac vice*)
7   aaron.parker@finnegan.com
    Daniel G. Chung (*pro hac vice*)
8   daniel.chung@finnegan.com
9   Nicholas A. Cerulli (*pro hac vice*)          Jency J. Mathew (*pro hac vice*)
    nicholas.cerulli@finnegan.com                 jency.mathew@finnegan.com
10  **FINNEGAN, HENDERSON,**                       **FINNEGAN, HENDERSON,**
11  **FARABOW, GARRETT &**                          **FARABOW, GARRETT &**
    **DUNNER, LLP**                                 **DUNNER, LLP**
12  901 New York Avenue NW                        1875 Explorer Street, Suite 800
13  Washington, D.C. 20001-4413                   Reston, Virginia 20190-6023
    Telephone:  (202) 408-4000                    Telephone:  (571) 203-2700
14  Facsimile:  (202) 408-4400                    Facsimile:  (571) 203-2777
15
16  *Attorneys for Defendant and Counterclaim Plaintiffs*

17             **UNITED STATES DISTRICT COURT**
18            **CENTRAL DISTRICT OF CALIFORNIA**

19  PAVEMETRICS SYSTEMS, INC.          CASE NO. 2:21-cv-1289 MCS-MMA
20                                     **REPLY DECLARATION OF**
               Plaintiff,             **AARON PARKER IN SUPPORT OF**
21                                     **TETRA TECH'S MOTION FOR**
        v.                            **LEAVE TO AMEND**
22
23  TETRA TECH, INC.                   **Honorable Mark C. Scarsi**
24                                     **Date:  August 30, 2021**
               Defendant.             **Time:  9:00 a.m.**
25                                     **Courtroom:  7C**
26  AND RELATED COUNTERCLAIMS.
27
28

_____
            REPLY DECLARATION OF AARON PARKER IN SUPPORT
            OF TETRA TECH'S MOTION FOR LEAVE TO AMEND

I, Aaron Parker, hereby declare as follows:

1.      I am an attorney at law admitted to practice in the Commonwealth of Virginia and the District of Columbia and before the United States Court of Appeals for the Federal Circuit and United States Court of Appeals for the Fourth Circuit, among others, and I have been admitted *pro hac vice* in this matter. I am a partner of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, attorneys for Defendant and Counterclaim Plaintiffs Tetra Tech, Inc. and Tetra Tech TAS Inc. (collectively, "Tetra Tech"), in the above-captioned matter. The facts stated herein are true and correct and of my personal knowledge, and if called and sworn as a witness, I could and would competently testify thereto under oath.

2.      I make this declaration in support of Tetra Tech's Reply in Support of its Motion for Leave to Amend.

3.      On May 27 and 28, and again on July 14-16, experts and counsel for Tetra Tech reviewed Pavemetrics' LRAIL source code. The source code provided before the May 27 and 28 inspection included at least 11 different versions of source code, spanning the years from 2012 to 2021. An additional version of source code was provided on June 25. In total, Tetra Tech estimates the source code provided exceeds 1,000,000 lines of code.

4.      Attached as Exhibit 1 hereto is a true and correct copy of N. Cerulli's email to C. Lea, dated June 1, 2021.

5.      Attached as Exhibit 2 hereto is a true and correct copy of C. Lea's email to N. Cerulli, dated June 3, 2021.

6.      Attached as Exhibit 3 hereto is a true and correct copy of C. Lea's email to N. Cerulli, dated June 7, 2021.

7.      Attached as Exhibit 4 hereto is a true and correct copy of N. Cerulli's email to C. Lea, dated June 10, 2021.

8.      Attached as Exhibit 5 hereto is a true and correct copy of N. Cerulli's email

1  to C. Lea, dated June 15, 2021.

2      9.      Attached as Exhibit 6 hereto is a true and correct copy of C. Lea's email

3  to N. Cerulli, dated June 15, 2021.

4      10.     Attached as Exhibit 7 hereto is a true and correct copy of C. Lea's email

5  to N. Cerulli, dated June 16, 2021.

6      11.     Attached as Exhibit 8 hereto is a true and correct copy of C. Lea's email

7  to N. Cerulli, dated June 25, 2021.

8      12.     Attached as Exhibit 9 hereto is a true and correct copy of N. Cerulli's email

9  to C. Lea, dated June 30, 2021.

10     13.     Attached as Exhibit 10 hereto is a true and correct copy of N. Cerulli's

11  email to C. Lea, dated July 7, 2021.

12

13      I hereby declare under penalty of perjury under the laws of the United States of

14  America that the foregoing is true and correct. Executed in Washington, D.C. on

15  August 16, 2021.

16

17                          By:

18                          _____
                            Aaron L. Parker

19

20

21

22

23

24

25

26

27

28

REPLY DECLARATION OF AARON PARKER IN SUPPORT
OF TETRA TECH'S MOTION FOR LEAVE TO AMEND

# EXHIBIT 1

| | |
|---|---|
| **From:** | Cerulli, Nicholas |
| **To:** | Christy.Lea |
| **Cc:** | Lit PAVEL.001L; Ridge, Donald L.; Chung, Daniel; Parker, Aaron; Palace, Victor |
| **Subject:** | RE: Pavemetrics v. Tetra Tech - source code inspection |
| **Date:** | Tuesday, June 1, 2021 7:11:00 PM |
| **Attachments:** | image001.jpg |

Hi Christy,

On Friday, our team identified various pages of source code for printing.  Please confirm the requested pages will be delivered no later than Thursday, June 3, per paragraph 10(l) of the Protective Order.

In addition, as we noted in our email on Friday, our team was not able to complete its review of the source code in the two scheduled days last week.  This was due in part because of several missing and incomplete items in the source code provided, which we address below.  We are still figuring out dates for our team's next trip to California, but please confirm that you can address the items below, so that we can avoid the need for further trips.

**I. Logs**

The logs that you provided on the stand-alone computer during the review had numerous entries entirely in French, which made it impossible for our team members (who do not speak French) to understand.  We understood based on your May 17th responses to our RFPs that these logs would be produced and not simply made available for inspection.  We do not believe there is any basis to withhold these logs from normal production as they do not include "computer source code" or "live data," pursuant to paragraph 7 of the Protective Order.  Thus, please confirm that you will produce these logs immediately so that they may be translated and made useful before the next inspection.  Also, to the extent an English translation of these logs exists, please produce that as well.

**II. Version Control (GitLab)**

As you know, paragraph 11 of the Protective Order requires that the source code be provided with version control, including at least (1) version number, (2) dates that the particular version was in service, (3) author, (4) revision history, and (5) comments.  Many of the files provided during the review were missing this information, and our review team could not readily discern this information from the 11 different versions of source code that you provided.

Our review team noted that the logs include references to the following GitLab repository: https://gitlab.pavemetrics. Per paragraph 11 of the Protective Order, we would like access to this version control repository during the next review session for all versions provided (i.e., 2012 to 2021).  We assume this is Pavemetrics' master repository, but if not, then please provide access to the master repository.  In addition, please install GitHub Desktop and set it up with access to this repository before the next inspection.

**III. Machine Learning Models**

Exhibit 1
- 4 -

Lastly, our review team was unable to locate any source code related to the training of the alleged machine learning models employed in Pavemetrics' source code, even though there are specific references to what appear to be trained models. Because this is part of the source code that Pavemetrics allegedly uses, please confirm that this source code will be made available during the next inspection.

Best regards,
Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



**From:** Cerulli, Nicholas
**Sent:** Friday, May 28, 2021 8:19 PM
**To:** Christy.Lea <Christy.Lea@knobbe.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>; Ridge, Donald L. <dridge@clarkhill.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Palace, Victor <Victor.Palace@finnegan.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - source code inspection

Christy,

Our team has not yet completed its review of Pavemetrics' source code. We will follow up with proposed dates to continue the inspection once we determine the upcoming availabilities of our expert and team members.

Best regards,

Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



**From:** Cerulli, Nicholas
**Sent:** Friday, May 21, 2021 9:01 PM

Exhibit 1
- 5 -

**To:** Christy.Lea <Christy.Lea@knobbe.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>; Ridge, Donald L. <dridge@clarkhill.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Palace, Victor <Victor.Palace@finnegan.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - source code inspection

Christy,

Thank you for confirming the details for next week.  We will make sure our team follows the California COVID protocols and that no one attends with exposure to COVID or COVID-like symptoms.

Regarding the information required in Paragraph 4(c) of the Protective Order, we previously provided current CVs for both experts on April 27th.  I am attaching them again for your reference.  Both CVs list patents in which the experts were inventors.  Neither expert has testified by trial or deposition within the last five years.

Best regards,
Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | **www.finnegan.com**



**From:** Christy.Lea <Christy.Lea@knobbe.com>
**Sent:** Friday, May 21, 2021 7:18 PM
**To:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>; Ridge, Donald L. <dridge@clarkhill.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Palace, Victor <Victor.Palace@finnegan.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - source code inspection

*EXTERNAL* Email:

Nick,

The dates and times you propose for the source code inspection work.   Our address is 2040 Main Street, Irvine, California 92614.  Please have the group text me at 949-500-6972 when they arrive so I can escort them to the 14th floor.

**SOURCE CODE INSPECTION ROOM & COMPUTER**

Exhibit 1
- 6 -

We will provide a conference room for the source code inspection with two computer screens, a mouse, and printer available for use with the Source Code Review computer.  We will also provide print to PDF capabilities, which we believe may be easier for your team.  The source code review computer will include: Visual Studio Code and Understand (SciTools).  The source code is version controlled and the logs will be provided on the source code laptop.  Please note that some portions of the logs and possibly portions of the comments in the source code are in French.

**BREAKOUT ROOM**
We will provide the requested breakout conference room.

**COVID PROTOCOLS**
Please confirm that all attending will follow California COVID protocol by wearing a mask at least when outside the designated conference rooms and no one will attend who has a recent, known exposure to COVID or COVID-like symptoms.

**EXPERTS**
Please provide the information required in Paragraph 4(c) of the Protective Order, including a list of cases in which the expert has testified at trial or by deposition in the last five years, an identification of any patents or public patent applications that identify the expert as an inventor or in which the expert has a pecuniary interest.

Best,
Christy



**Christy Lea**
Partner
Christy.Lea@knobbe.com
949-721-7642 **Direct**
949-500-6972 **Cell**
**Knobbe Martens**
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/christy-lea



---

**From:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>
**Sent:** Friday, May 21, 2021 12:45 PM
**To:** Christy.Lea <Christy.Lea@knobbe.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>; Ridge, Donald L. <dridge@clarkhill.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Palace, Victor <Victor.Palace@finnegan.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order and source code inspection

Exhibit 1
- 7 -

Christy,

Further to our May 19th email, we plan to inspect Pavemetrics' source code in Knobbe's Orange
County office on May 27 and 28.  Please confirm that we will have access to the source code during
normal business hours (8:00 AM - 6:00 PM) on those days.  The following individuals will be in
attendance:

Donald Ridge (Clark Hill)
Victor Palace (Finnegan)
Vassilios Morellas (expert)

Per ¶ 10(e) of the protective order, we request that Visual Studio Code and Understand (SciTools) be
installed on the Source Code Review computer, to the extent that software is not already installed
on the computer.  Also, we would appreciate it if we could have a breakout room reserved for the
days of the inspection, and per ¶ 10(a) of the protective order, two computer screens, a mouse, and
printer available for use with the Source Code Review computer as well.

Finally, as mentioned in our May 19th email, please confirm that you will produce the "logs"
indicated in your responses to RFPs 3-7 in advance of the source code inspection.  In addition to the
logs, ¶ 11 of the protective order requires the source code be provided with version control.  Please
confirm that version control will be available at the inspection as well.

Best regards,


Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



**From:** Cerulli, Nicholas
**Sent:** Wednesday, May 19, 2021 7:14 PM
**To:** Christy.Lea <Christy.Lea@knobbe.com>; Ridge, Donald L. <dridge@clarkhill.com>; Chung, Daniel
<Daniel.Chung@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order and source code inspection

Christy,

Attached are signed agreements to the protective order for Vassilios Morellas and Theodore Morris.

Exhibit 1
- 8 -

We previously sent you their CVs on April 27, 2021 with the required information under paragraph 4(c) of the protective order.

We will get back to you later this week with dates and an attendee list for the source code inspection.  Please confirm that you will produce the "logs" indicated in your responses to RFPs 3-7 in advance of the source code inspection.

Best regards,
Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



**From:** Christy.Lea <Christy.Lea@knobbe.com>
**Sent:** Monday, May 17, 2021 8:44 PM
**To:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order and source code inspection

**EXTERNAL** Email:

Dear Nick,

We are currently reviewing the proposed ESI order and will provide our revisions in the next few days.

Subject to the objections we served today, Pavemetrics' source code will be available for inspection beginning on Monday, May 24, 2021, in Knobbe's Orange County office.  Please provide the required notices for any requested inspection pursuant to the Stipulated Protective Order.

**Christy Lea**
Partner
Christy.Lea@knobbe.com
949-500-6972 **Cell**
**Knobbe Martens**
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/christy-lea

Exhibit 1
- 9 -

**From:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>
**Sent:** Thursday, May 13, 2021 7:56 AM
**To:** Joe.Re <Joe.Re@knobbe.com>; Christy.Lea <Christy.Lea@knobbe.com>; Nicholas.Zovko <Nicholas.Zovko@knobbe.com>; Mack.Montgomery <Mack.Montgomery@knobbe.com>
**Cc:** Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Subject:** Pavemetrics v. Tetra Tech - stipulated ESI order and source code inspection

Counsel,

We prepared the attached stipulated ESI order.  Please review and let us know if you have any edits.

Also, please let us know your availability for inspection of Pavemetrics' source code later this month.  We propose inspection take place at Knobbe's DC office or another secure location in DC.  Please confirm this location works.

Best regards,
Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Exhibit 1
- 10 -

# EXHIBIT 2

| From: | Christy.Lea |
|---|---|
| To: | Cerulli, Nicholas |
| Cc: | Lit PAVEL.001L; Ridge, Donald L.; Chung, Daniel; Parker, Aaron; Palace, Victor |
| Subject: | RE: Pavemetrics v. Tetra Tech - source code inspection |
| Date: | Thursday, June 3, 2021 1:51:02 PM |
| Attachments: | image001.jpg |

**EXTERNAL Email:**

Nick,

We have FedExed the requested pages and they will be delivered today, Thursday, June 3.

We do not agree that items are missing or incomplete from the provided source code. With respect to the logs, we informed you before the inspection that some of the log entries are in French, though most are in English. Your team brought a French to English dictionary to the source code inspection. No member of your team requested language conversion software or an interpreter. We disagree with your reading of Paragraph 7 of the Protective Order. Paragraph 7 requires only that the material "**_includes_** computer source code and/or live data," not that it is entirely computer source code. The logs include portions of source code, such as certain source code algorithms and function and variable names from the source code. They also include very specific discussions of how portions of the source code works.

We will address the remaining issues you raise in a separate email later this week.

Best,
Christy

---

**From:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>
**Sent:** Tuesday, June 1, 2021 4:12 PM
**To:** Christy.Lea <Christy.Lea@knobbe.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>; Ridge, Donald L. <dridge@clarkhill.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Palace, Victor <Victor.Palace@finnegan.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - source code inspection

Hi Christy,

On Friday, our team identified various pages of source code for printing. Please confirm the requested pages will be delivered no later than Thursday, June 3, per paragraph 10(l) of the Protective Order.

In addition, as we noted in our email on Friday, our team was not able to complete its review of the source code in the two scheduled days last week. This was due in part because of several missing and incomplete items in the source code provided, which we address below. We are still figuring

Exhibit 2
- 11 -

out dates for our team's next trip to California, but please confirm that you can address the items below, so that we can avoid the need for further trips.

**I. Logs**

The logs that you provided on the stand-alone computer during the review had numerous entries entirely in French, which made it impossible for our team members (who do not speak French) to understand.  We understood based on your May 17th responses to our RFPs that these logs would be produced and not simply made available for inspection.  We do not believe there is any basis to withhold these logs from normal production as they do not include "computer source code" or "live data," pursuant to paragraph 7 of the Protective Order.  Thus, please confirm that you will produce these logs immediately so that they may be translated and made useful before the next inspection. Also, to the extent an English translation of these logs exists, please produce that as well.

**II. Version Control (GitLab)**

As you know, paragraph 11 of the Protective Order requires that the source code be provided with version control, including at least (1) version number, (2) dates that the particular version was in service, (3) author, (4) revision history, and (5) comments.  Many of the files provided during the review were missing this information, and our review team could not readily discern this information from the 11 different versions of source code that you provided.

Our review team noted that the logs include references to the following GitLab repository: https://gitlab.pavemetrics. Per paragraph 11 of the Protective Order, we would like access to this version control repository during the next review session for all versions provided (i.e., 2012 to 2021).  We assume this is Pavemetrics' master repository, but if not, then please provide access to the master repository.  In addition, please install GitHub Desktop and set it up with access to this repository before the next inspection.

**III. Machine Learning Models**

Lastly, our review team was unable to locate any source code related to the training of the alleged machine learning models employed in Pavemetrics' source code, even though there are specific references to what appear to be trained models.  Because this is part of the source code that Pavemetrics allegedly uses, please confirm that this source code will be made available during the next inspection.

Best regards,
Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com

Exhibit 2
- 12 -



**From:** Cerulli, Nicholas
**Sent:** Friday, May 28, 2021 8:19 PM
**To:** Christy.Lea <Christy.Lea@knobbe.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>; Ridge, Donald L. <dridge@clarkhill.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Palace, Victor <Victor.Palace@finnegan.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - source code inspection

Christy,

Our team has not yet completed its review of Pavemetrics' source code.  We will follow up with proposed dates to continue the inspection once we determine the upcoming availabilities of our expert and team members.

Best regards,

Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



**From:** Cerulli, Nicholas
**Sent:** Friday, May 21, 2021 9:01 PM
**To:** Christy.Lea <Christy.Lea@knobbe.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>; Ridge, Donald L. <dridge@clarkhill.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Palace, Victor <Victor.Palace@finnegan.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - source code inspection

Christy,

Thank you for confirming the details for next week.  We will make sure our team follows the California COVID protocols and that no one attends with exposure to COVID or COVID-like symptoms.

Regarding the information required in Paragraph 4(c) of the Protective Order, we previously provided current CVs for both experts on April 27th.  I am attaching them again for your reference.  Both CVs list patents in which the experts were inventors.  Neither expert has testified by trial or

Exhibit 2
- 13 -

deposition within the last five years.

Best regards,
Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



**From:** Christy.Lea <Christy.Lea@knobbe.com>
**Sent:** Friday, May 21, 2021 7:18 PM
**To:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>; Ridge, Donald L. <dridge@clarkhill.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Palace, Victor <Victor.Palace@finnegan.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - source code inspection

**_EXTERNAL_ Email:**

Nick,

The dates and times you propose for the source code inspection work.   Our address is 2040 Main Street, Irvine, California 92614.  Please have the group text me at 949-500-6972 when they arrive so I can escort them to the 14th floor.

**SOURCE CODE INSPECTION ROOM & COMPUTER**
We will provide a conference room for the source code inspection with two computer screens, a mouse, and printer available for use with the Source Code Review computer.  We will also provide print to PDF capabilities, which we believe may be easier for your team.  The source code review computer will include: Visual Studio Code and Understand (SciTools).  The source code is version controlled and the logs will be provided on the source code laptop.  Please note that some portions of the logs and possibly portions of the comments in the source code are in French.

**BREAKOUT ROOM**
We will provide the requested breakout conference room.

**COVID PROTOCOLS**
Please confirm that all attending will follow California COVID protocol by wearing a mask at least when outside the designated conference rooms and no one will attend who has a recent, known exposure to COVID or COVID-like symptoms.

Exhibit 2
- 14 -

**EXPERTS**

Please provide the information required in Paragraph 4(c) of the Protective Order, including a list of cases in which the expert has testified at trial or by deposition in the last five years, an identification of any patents or public patent applications that identify the expert as an inventor or in which the expert has a pecuniary interest.

Best,
Christy

**Christy Lea**
Partner
Christy.Lea@knobbe.com
949-721-7642 **Direct**
949-500-6972 **Cell**
**Knobbe** Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/christy-lea

**From:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>
**Sent:** Friday, May 21, 2021 12:45 PM
**To:** Christy.Lea <Christy.Lea@knobbe.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>; Ridge, Donald L. <dridge@clarkhill.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Palace, Victor <Victor.Palace@finnegan.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order and source code inspection

Christy,

Further to our May 19th email, we plan to inspect Pavemetrics' source code in Knobbe's Orange County office on May 27 and 28.  Please confirm that we will have access to the source code during normal business hours (8:00 AM - 6:00 PM) on those days.  The following individuals will be in attendance:

Donald Ridge (Clark Hill)
Victor Palace (Finnegan)
Vassilios Morellas (expert)

Per ¶ 10(e) of the protective order, we request that Visual Studio Code and Understand (SciTools) be installed on the Source Code Review computer, to the extent that software is not already installed on the computer.  Also, we would appreciate it if we could have a breakout room reserved for the days of the inspection, and per ¶ 10(a) of the protective order, two computer screens, a mouse, and

Exhibit 2
- 15 -

printer available for use with the Source Code Review computer as well.

Finally, as mentioned in our May 19th email, please confirm that you will produce the "logs"
indicated in your responses to RFPs 3-7 in advance of the source code inspection.  In addition to the
logs, ¶ 11 of the protective order requires the source code be provided with version control.  Please
confirm that version control will be available at the inspection as well.

Best regards,


Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



**From:** Cerulli, Nicholas
**Sent:** Wednesday, May 19, 2021 7:14 PM
**To:** Christy.Lea <Christy.Lea@knobbe.com>; Ridge, Donald L. <dridge@clarkhill.com>; Chung, Daniel
<Daniel.Chung@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order and source code inspection

Christy,

Attached are signed agreements to the protective order for Vassilios Morellas and Theodore Morris.
We previously sent you their CVs on April 27, 2021 with the required information under paragraph
4(c) of the protective order.

We will get back to you later this week with dates and an attendee list for the source code
inspection.  Please confirm that you will produce the "logs" indicated in your responses to RFPs 3-7
in advance of the source code inspection.

Best regards,
Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com

Exhibit 2
- 16 -



**From:** Christy.Lea <Christy.Lea@knobbe.com>
**Sent:** Monday, May 17, 2021 8:44 PM
**To:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>;
Chung, Daniel <Daniel.Chung@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order and source code inspection

<mark>**EXTERNAL** Email:</mark>

Dear Nick,

We are currently reviewing the proposed ESI order and will provide our revisions in the next few
days.

Subject to the objections we served today, Pavemetrics' source code will be available for inspection
beginning on Monday, May 24, 2021, in Knobbe's Orange County office.  Please provide the required
notices for any requested inspection pursuant to the Stipulated Protective Order.

**Christy Lea**
Partner
Christy.Lea@knobbe.com
949-500-6972 **Cell**
**Knobbe Martens**
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/christy-lea

**From:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>
**Sent:** Thursday, May 13, 2021 7:56 AM
**To:** Joe.Re <Joe.Re@knobbe.com>; Christy.Lea <Christy.Lea@knobbe.com>; Nicholas.Zovko
<Nicholas.Zovko@knobbe.com>; Mack.Montgomery <Mack.Montgomery@knobbe.com>
**Cc:** Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>;
Ridge, Donald L. <dridge@clarkhill.com>
**Subject:** Pavemetrics v. Tetra Tech - stipulated ESI order and source code inspection

Counsel,

We prepared the attached stipulated ESI order.  Please review and let us know if you have any edits.

Also, please let us know your availability for inspection of Pavemetrics' source code later this month.
We propose inspection take place at Knobbe's DC office or another secure location in DC.  Please
confirm this location works.

Exhibit 2
- 17 -

Best regards,
Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Exhibit 2
- 18 -

# EXHIBIT 3

| From: | Christy.Lea |
|---|---|
| To: | Cerulli, Nicholas |
| Cc: | Lit PAVEL.001L; Ridge, Donald L.; Chung, Daniel; Parker, Aaron; Palace, Victor |
| Subject: | RE: Pavemetrics v. Tetra Tech - source code inspection |
| Date: | Monday, June 7, 2021 12:58:55 PM |
| Attachments: | image001.jpg |

**EXTERNAL** Email:

Nick,

In further response to your email below, Pavemetrics currently stores source code information synchronized between both SVN and Git repositories.  Accordingly, the information provided during the inspection already included the version control information in the Git repository for all versions provided.  The Protective Order requires that the source code inspection computer is a stand-alone computer that is not linked to any network.  The Git repository is hosted on an internal Pavemetrics server.  Your request that the computer be configured to access Pavemetrics' hosted Git repository at gitlabs.pavemetrics would violate the Protective Order.  Pavemetrics is looking into whether it is feasible to install and host a complete copy of that Git repository locally on the source code inspection laptop, so that both a Git server and a Git client would be setup there to provide Git access while the laptop remains offline.  But that is a complex setup that would exceed the requirements of the Protective Order.

Pavemetrics did not withhold any source code for training machine learning models that is within its possession, custody, or control.

Best,
Christy

---

**From:** Christy.Lea
**Sent:** Thursday, June 3, 2021 10:49 AM
**To:** 'Cerulli, Nicholas' <Nicholas.Cerulli@finnegan.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>; Ridge, Donald L. <dridge@clarkhill.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Palace, Victor <Victor.Palace@finnegan.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - source code inspection

Nick,

We have FedExed the requested pages and they will be delivered today, Thursday, June 3.

We do not agree that items are missing or incomplete from the provided source code.  With respect to the logs, we informed you before the inspection that some of the log entries are in French, though most are in English.  Your team brought a French to English dictionary to the source code inspection.  No member of your team requested language conversion software or an interpreter.

Exhibit 3
- 19 -

We disagree with your reading of Paragraph 7 of the Protective Order.    Paragraph 7 requires only
that the material "***includes*** computer source code and/or live data," not that it is entirely computer
source code.  The logs include portions of source code, such as certain source code algorithms and
function and variable names from the source code.  They also include very specific discussions of
how portions of the source code works.

We will address the remaining issues you raise in a separate email later this week.


Best,
Christy


**From:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>
**Sent:** Tuesday, June 1, 2021 4:12 PM
**To:** Christy.Lea <Christy.Lea@knobbe.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>; Ridge, Donald L. <dridge@clarkhill.com>; Chung,
Daniel <Daniel.Chung@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Palace, Victor
<Victor.Palace@finnegan.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - source code inspection

Hi Christy,

On Friday, our team identified various pages of source code for printing.  Please confirm the
requested pages will be delivered no later than Thursday, June 3, per paragraph 10(l) of the
Protective Order.

In addition, as we noted in our email on Friday, our team was not able to complete its review of the
source code in the two scheduled days last week.  This was due in part because of several missing
and incomplete items in the source code provided, which we address below.  We are still figuring
out dates for our team's next trip to California, but please confirm that you can address the items
below, so that we can avoid the need for further trips.

**I. Logs**

The logs that you provided on the stand-alone computer during the review had numerous entries
entirely in French, which made it impossible for our team members (who do not speak French) to
understand.  We understood based on your May 17th responses to our RFPs that these logs would
be produced and not simply made available for inspection.  We do not believe there is any basis to
withhold these logs from normal production as they do not include "computer source code" or "live
data," pursuant to paragraph 7 of the Protective Order.  Thus, please confirm that you will produce
these logs immediately so that they may be translated and made useful before the next inspection.
Also, to the extent an English translation of these logs exists, please produce that as well.

**II. Version Control (GitLab)**

Exhibit 3
- 20 -

As you know, paragraph 11 of the Protective Order requires that the source code be provided with version control, including at least (1) version number, (2) dates that the particular version was in service, (3) author, (4) revision history, and (5) comments. Many of the files provided during the review were missing this information, and our review team could not readily discern this information from the 11 different versions of source code that you provided.

Our review team noted that the logs include references to the following GitLab repository: https://gitlab.pavemetrics. Per paragraph 11 of the Protective Order, we would like access to this version control repository during the next review session for all versions provided (i.e., 2012 to 2021). We assume this is Pavemetrics' master repository, but if not, then please provide access to the master repository. In addition, please install GitHub Desktop and set it up with access to this repository before the next inspection.

**III. Machine Learning Models**

Lastly, our review team was unable to locate any source code related to the training of the alleged machine learning models employed in Pavemetrics' source code, even though there are specific references to what appear to be trained models. Because this is part of the source code that Pavemetrics allegedly uses, please confirm that this source code will be made available during the next inspection.

Best regards,
Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



**From:** Cerulli, Nicholas
**Sent:** Friday, May 28, 2021 8:19 PM
**To:** Christy.Lea <Christy.Lea@knobbe.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>; Ridge, Donald L. <dridge@clarkhill.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Palace, Victor <Victor.Palace@finnegan.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - source code inspection

Christy,

Our team has not yet completed its review of Pavemetrics' source code. We will follow up with proposed dates to continue the inspection once we determine the upcoming availabilities of our expert and team members.

Exhibit 3
- 21 -

Best regards,

Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



---

**From:** Cerulli, Nicholas
**Sent:** Friday, May 21, 2021 9:01 PM
**To:** Christy.Lea <Christy.Lea@knobbe.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>; Ridge, Donald L. <dridge@clarkhill.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Palace, Victor <Victor.Palace@finnegan.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - source code inspection

Christy,

Thank you for confirming the details for next week.  We will make sure our team follows the California COVID protocols and that no one attends with exposure to COVID or COVID-like symptoms.

Regarding the information required in Paragraph 4(c) of the Protective Order, we previously provided current CVs for both experts on April 27th.  I am attaching them again for your reference.  Both CVs list patents in which the experts were inventors.  Neither expert has testified by trial or deposition within the last five years.

Best regards,
Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



---

**From:** Christy.Lea <Christy.Lea@knobbe.com>
**Sent:** Friday, May 21, 2021 7:18 PM
**To:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>

Exhibit 3
- 22 -

**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>; Ridge, Donald L. <dridge@clarkhill.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Palace, Victor <Victor.Palace@finnegan.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - source code inspection

**EXTERNAL Email:**

Nick,

The dates and times you propose for the source code inspection work.   Our address is 2040 Main Street, Irvine, California 92614.  Please have the group text me at 949-500-6972 when they arrive so I can escort them to the 14th floor.

**SOURCE CODE INSPECTION ROOM & COMPUTER**
We will provide a conference room for the source code inspection with two computer screens, a mouse, and printer available for use with the Source Code Review computer.  We will also provide print to PDF capabilities, which we believe may be easier for your team.  The source code review computer will include: Visual Studio Code and Understand (SciTools).  The source code is version controlled and the logs will be provided on the source code laptop.  Please note that some portions of the logs and possibly portions of the comments in the source code are in French.

**BREAKOUT ROOM**
We will provide the requested breakout conference room.

**COVID PROTOCOLS**
Please confirm that all attending will follow California COVID protocol by wearing a mask at least when outside the designated conference rooms and no one will attend who has a recent, known exposure to COVID or COVID-like symptoms.

**EXPERTS**
Please provide the information required in Paragraph 4(c) of the Protective Order, including a list of cases in which the expert has testified at trial or by deposition in the last five years, an identification of any patents or public patent applications that identify the expert as an inventor or in which the expert has a pecuniary interest.

Best,
Christy

**Christy Lea**
Partner
Christy.Lea@knobbe.com
**949-721-7642** Direct
**949-500-6972** Cell
**Knobbe Martens**
2040 Main St., 14th Fl.
Irvine, CA 92614

Exhibit 3
- 23 -

[www.knobbe.com/christy-lea](www.knobbe.com/christy-lea)

**From:** Cerulli, Nicholas <[Nicholas.Cerulli@finnegan.com](mailto:Nicholas.Cerulli@finnegan.com)>
**Sent:** Friday, May 21, 2021 12:45 PM
**To:** Christy.Lea <[Christy.Lea@knobbe.com](mailto:Christy.Lea@knobbe.com)>
**Cc:** Lit PAVEL.001L <[LitPAVEL.001L@knobbe.com](mailto:LitPAVEL.001L@knobbe.com)>; Ridge, Donald L. <[dridge@clarkhill.com](mailto:dridge@clarkhill.com)>; Chung, Daniel <[Daniel.Chung@finnegan.com](mailto:Daniel.Chung@finnegan.com)>; Parker, Aaron <[Aaron.Parker@finnegan.com](mailto:Aaron.Parker@finnegan.com)>; Palace, Victor <[Victor.Palace@finnegan.com](mailto:Victor.Palace@finnegan.com)>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order and source code inspection

Christy,

Further to our May 19th email, we plan to inspect Pavemetrics' source code in Knobbe's Orange County office on May 27 and 28.  Please confirm that we will have access to the source code during normal business hours (8:00 AM - 6:00 PM) on those days.  The following individuals will be in attendance:

Donald Ridge (Clark Hill)
Victor Palace (Finnegan)
Vassilios Morellas (expert)

Per ¶ 10(e) of the protective order, we request that Visual Studio Code and Understand (SciTools) be installed on the Source Code Review computer, to the extent that software is not already installed on the computer.  Also, we would appreciate it if we could have a breakout room reserved for the days of the inspection, and per ¶ 10(a) of the protective order, two computer screens, a mouse, and printer available for use with the Source Code Review computer as well.

Finally, as mentioned in our May 19th email, please confirm that you will produce the "logs" indicated in your responses to RFPs 3-7 in advance of the source code inspection.  In addition to the logs, ¶ 11 of the protective order requires the source code be provided with version control.  Please confirm that version control will be available at the inspection as well.

Best regards,


Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413

Exhibit 3
- 24 -

202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



**From:** Cerulli, Nicholas
**Sent:** Wednesday, May 19, 2021 7:14 PM
**To:** Christy.Lea <Christy.Lea@knobbe.com>; Ridge, Donald L. <dridge@clarkhill.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order and source code inspection

Christy,

Attached are signed agreements to the protective order for Vassilios Morellas and Theodore Morris. We previously sent you their CVs on April 27, 2021 with the required information under paragraph 4(c) of the protective order.

We will get back to you later this week with dates and an attendee list for the source code inspection.  Please confirm that you will produce the "logs" indicated in your responses to RFPs 3-7 in advance of the source code inspection.

Best regards,
Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



**From:** Christy.Lea <Christy.Lea@knobbe.com>
**Sent:** Monday, May 17, 2021 8:44 PM
**To:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order and source code inspection

**EXTERNAL Email:**

Dear Nick,

We are currently reviewing the proposed ESI order and will provide our revisions in the next few days.

Exhibit 3
- 25 -

Subject to the objections we served today, Pavemetrics' source code will be available for inspection beginning on Monday, May 24, 2021, in Knobbe's Orange County office.  Please provide the required notices for any requested inspection pursuant to the Stipulated Protective Order.

**Christy Lea**
Partner
Christy.Lea@knobbe.com
949-500-6972 **Cell**

**Knobbe Martens**
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/christy-lea

---

**From:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>
**Sent:** Thursday, May 13, 2021 7:56 AM
**To:** Joe.Re <Joe.Re@knobbe.com>; Christy.Lea <Christy.Lea@knobbe.com>; Nicholas.Zovko <Nicholas.Zovko@knobbe.com>; Mack.Montgomery <Mack.Montgomery@knobbe.com>
**Cc:** Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Subject:** Pavemetrics v. Tetra Tech - stipulated ESI order and source code inspection

Counsel,

We prepared the attached stipulated ESI order.  Please review and let us know if you have any edits.

Also, please let us know your availability for inspection of Pavemetrics' source code later this month.  We propose inspection take place at Knobbe's DC office or another secure location in DC.  Please confirm this location works.

Best regards,
Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

Exhibit 3
- 26 -

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Exhibit 3

- 27 -

# EXHIBIT 4

| From: | Cerulli, Nicholas |
|---|---|
| To: | Christy.Lea; Parker, Aaron; Chung, Daniel; Ridge, Donald L. |
| Cc: | Lit PAVEL.0011 |
| Subject: | RE: Pavemetrics v. Tetra Tech - stipulated ESI order |
| Date: | Thursday, June 10, 2021 6:08:51 PM |
| Attachments: | Model Stip E-discovery OrderStandard.docx |
| | Electronic Discovery Default Standard_0.pdf |
| | image001.jpg |

Christy,

We write to respond to your email regarding the draft ESI order and to summarize additional discussions from our meet and confer relating to Pavemetrics' deficiencies in its source code production.

**Draft ESI order**

We have reviewed the three cases that you cite, which allowed limited discovery of certain messages on Slack, etc. that contained relevant information.  We believe these cases are exceptions, and not the rule, for ESI discovery.  As we mentioned on the call, and in our previous emails, the NDCA model order and the DDE standing order specifically exclude from ESI discovery "instant messaging" and similar communications, which are akin to text messaging and other short form communications.  Attached are the NDCA model order and the DDE standing order with the relevant portions highlighted for your reference.  Further, in the cases you cite, there was no dispute as to whether there was relevant, discoverable information in the instant messaging sought.  Here, neither party has provided a reason to believe the instant messaging sought contains relevant, discoverable information.  On our call, we explained that we conducted an initial investigation about Tetra Tech's use of Teams or Slack, and Tetra Tech informed us that they use Microsoft Teams for video conferencing, but that they primarily only used the instant messaging functionality for non-substantive, administerial purposes (e.g., letting someone know when they are available or that they are running late to a meeting).  Thus, based on our initial investigation, we do not have a reason to believe conducting costly and burdensome searches of Teams, Slack, and/or other similar platforms would result in any relevant, non-duplicative discoverable information.  Because Pavemetrics is the one seeking non-traditional forms of ESI discovery, we believe it is your burden, and not ours, to show why good cause exists for undergoing these costly and time-consuming searches.

On the call, you represented that Pavemetrics uses Teams and Slack for video conferencing, but that you did not know whether Pavemetrics uses the instant messaging functionality on any of those platforms.  Please let us know as soon as possible whether Pavemetrics does in fact use the instant messaging functionality on Teams, Slack, or any other similar platforms (e.g., Zoom).  As a practical matter, if neither party actually uses the instant messaging functionality for substantive business purposes, we see no point in including it in the proposed ESI order and necessitating costly and time-consuming searches.

Regarding the proposed timing for email production, we notice that your schedule does not provide a date for exchange of search terms.  We propose that date be July 2.  With that change, the proposed schedule appears to be acceptable to us.

Exhibit 4
- 28 -

**Source Code Deficiencies**

On our call, we also discussed Pavemetrics' refusal to produce its source code logs through normal production as well as the lack of version control in the source code provided to our team during our visit on May 27 and 28.  You represented that the logs contained actual lines of source code, and we asked how many pages of the logs contained source code.  You were not able to answer that question during our call and said you would get back to us with an answer.

You also represented during our call that the source code logs constituted version control under the protective order.  We completely disagree with this characterization.  Your May 21 email represented that the source code included version control **and** that logs would be provided on the standalone laptop.  There was no version control in the source code provided to our reviewers.  And, while the independent logs are relevant and should be produced, they do not constitute version control under the protective order.  Further, you represented during the call that Pavemetrics has a Git repository stored locally on its own network and that you are looking into whether this repository can be copied onto the standalone computer for the source code review.  This should be relatively easy to do and should be made available during our next visit.

Please provide us answers to these source code related issues by the end of the week, as it is important for us to determine whether we need to seek the court's intervention on these issues.

Best regards,
Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



**From:** Christy Lea <Christy.Lea@knobbe.com>
**Sent:** Tuesday, June 8, 2021 9:33 PM
**To:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order

*EXTERNAL* Email:

Dear Nick,

Exhibit 4
- 29 -

This email is further to our discussion regarding the proposed ESI Order.  Pavemetrics is not willing to forgo searching of communication tools, including Slack and Teams, for the six custodians.  During our call, you represented that Tetra Tech employees have used both Slack and Teams for communications.  To the extent any of those communications are responsive, Tetra Tech has not shown good cause to exclude them from discovery.  As we mentioned, courts have ordered the production of such communications, including in the following cases:

*Benebone LLC v. Pet Qwerks, Inc.*, No. 820CV00850ABAFMX, 2021 WL 831025, at *3 (C.D. Cal. Feb. 18, 2021);

*Calendar Rsch. LLC v. StubHub, Inc.*, No. CV 17-4062 SVW (SSX), 2019 WL 1581406, at *4 (C.D. Cal. Mar. 14, 2019); and

*Bid Prime LLC v. SmartProcure, Inc.*, 2018 WL 6588574, at *2 (W.D. Tex. Nov. 13, 2018).

With respect to the custodian search and production process, we propose the following to keep discovery moving in light of the schedule:

Deadline to identify six custodians most likely to have discoverable information: June 18, 2021
Responses and objections due withing 21 days of service;
Objections to search terms shall be accompanied by a hit count report and parties to meet and confer within 5 court days to resolve dispute
Substantial email production due within 60 days of service of the search terms


Best,
Christy


**Christy Lea**
Partner
949-500-6972 **Cell**
**Knobbe** Martens



---

**From:** Christy.Lea
**Sent:** Thursday, June 3, 2021 5:33 PM
**To:** 'Cerulli, Nicholas' <Nicholas.Cerulli@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order

Nick,

Exhibit 4
- 30 -

To respond to your specific points below,

1. Nothing in the proposed ESI order precludes discovery of instant messaging used for business purposes.  Indeed, the proposed ESI order provides for discovery of "other forms of electronic correspondence," which necessarily includes Slack and Microsoft Teams messages.  We just edited the ESI order to expressly reference those examples given their increased use in business communications.  It's not surprising that model orders do not mention them by name, given that businesses have recently embraced them.  Though the model orders that you reference do not exclude them as you incorrectly represent.  Moreover, Tetra Tech's RFPs specifically seek "documents," which Tetra Tech defines as including "instant messaging."  As a practical matter, please disclose whether Tetra Tech uses a messaging service, which service it uses, and what percentage of its internal communications are through the messaging service.  If Tetra Tech is using a messaging service for relevant business communications, then Tetra Tech has the burden to show why discovery of that potentially relevant information should not be allowed.

2. We believe the word "data" is vague when this particular section of the ESI order is limited to "e-mail production requests," with "e-mail" defined to include "e-mail or other forms of electronic correspondence."  We did not change this provision to include Slack/Teams messages; we just highlighted that they are already included in "communication sources."

3. Your statement that "a timeline of 120 days would require substantial completion of email production by the end of October" assumes no objections or other disputes.  Our proposal is 45 days after service of the email requests and allows for timely resolution of any disputes.

4. We believe hit count reports do provide valuable information as to the sufficiency of the agreed upon search terms.

We look forward to discussing these points on Monday.  Please send a dial-in.

Best,
Christy

---

**From:** Christy.Lea <Christy.Lea@knobbe.com>
**Sent:** Thursday, June 3, 2021 10:47 AM
**To:** 'Cerulli, Nicholas' <Nicholas.Cerulli@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order

Hi Nick,

We are available to discuss at 10am Pacific on Monday.  Please send a dial in.

Best,

Exhibit 4
- 31 -

Christy

---

**From:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>
**Sent:** Thursday, June 3, 2021 9:36 AM
**To:** Christy.Lea <Christy.Lea@knobbe.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order

Christy,

We have responded to the points raised in your email below regarding the draft ESI order.  We are available for a call on Monday or Tuesday from 1-4 PM EST, if it would be helpful to resolve any remaining issues.

1. Regarding your proposed addition of Slack/Teams messages to the ESI order, these types of communications are not traditionally part of ESI discovery in patent cases.  In fact, both NDCA's model ESI order and DDE's standing ESI order specifically exclude "instant messaging" and other communications like these.  We are not trying to "withhold" anything from production.  We have simply tried to model the ESI order based off those traditionally used in other patent cases.  Please let us know what good cause exists to include these communication sources as part of discovery in this case.

2. Regarding the confusion over non-custodial data/communication sources, we originally included a provision requiring parties to disclose any non-custodial <u>data</u> sources.  We were again following model orders in other courts, which include this provision to notify parties of any data sources (e.g., archive folders) that may not actually be in a specific individual's custody, but may nonetheless have non-duplicative emails and other discoverable information.  You changed this to include Slack/Teams messages, but this was not what we intended with this provision.

3. Regarding the timing of email production, it is unclear to us how you arrived at "December at the earliest" under our proposed timeline.  If search terms are served shortly after the disclosure of custodians on June 22, a timeline of 120 days would require substantial completion of email production by the end of October, which is plenty of time before the January 20 fact discovery cutoff.  Under your proposed timeline, 45 days after June 15 would require substantial email production by the end of July, which is only two months away and does not provide sufficient time to conduct searches and collect results, resolve any disputes, and review and produce emails.  Nonetheless, we are willing to compromise somewhere in the middle on the email production schedule, and perhaps to avoid any confusion about dates, we include an actual date for substantial completion of email production.  We propose that date be September 23, 2021.

4. Regarding your proposal to include hit count reports with responses, we believe such reports are not necessary and have dubious value in determining relevant documents from the searches.  Moreover, a party's dissatisfaction with the number of hits would not be a justifiable basis to compound discovery by requesting further custodians and additional search terms, particularly where the requesting party selected the terms to search from the

Exhibit 4
- 32 -

custodians most likely to have discoverable information.  We understand that this type of
provision is not traditionally part of ESI orders and believe it is counter to the goal of
promoting a "just, speedy, and inexpensive determination."  We nonetheless tried to
compromise by proposing a hit count with any objection to overly broad requests.  If
Pavemetrics is concerned with the number of custodians/search terms, we are amenable to
returning to our originally proposed 8 custodians, which you reduced to 5 in your first
proposal.

Best regards,
Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



**From:** Christy.Lea <Christy.Lea@knobbe.com>
**Sent:** Tuesday, May 25, 2021 5:12 PM
**To:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>; Parker, Aaron
<Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L.
<dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order

**EXTERNAL Email:**

Nick,

I have attached our second round of revisions to the ESI order.  We have accepted your proposal to
allow up to six custodians.  The parties have several areas of disagreement:

1. Discoverable electronic correspondence – Slack and Teams messages, if used for internal
   business communications (along with any other instant messaging system used for business
   communications), are "other forms of electronic correspondence" and should be searched.  It
   is not clear why Tetra Tech has removed these examples of "other forms of electronic
   correspondence" or what its basis for withholding them from production is.
2. Non-custodial "data" – It is not clear how Tetra Tech defines such data and how it would be
   different than "communication source" in the context of searching for e-mails and other
   forms of electronic correspondence.
3. Timing – Tetra Tech's proposed timing would result in email being produced in December at
   the earliest.  With discovery closing on January 20, 2022, that would leave insufficient time for
   depositions and any necessary discovery motions.  Given that discovery closes in less than 8
   months, Pavemetrics' proposed timing is much more feasible.

Exhibit 4
- 33 -

4. Hit count report – Hit count reports should be produced with responses, regardless of any overly broad objection.  Beyond evidencing overly broad search terms, they may potentially inform a motion to seek additional custodians or search terms.

Please let me know if it would be helpful to discuss any of these issues.  Otherwise, please confirm Tetra Tech agrees to the proposed edits.

Best,
Christy

---

**From:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>
**Sent:** Monday, May 24, 2021 2:25 PM
**To:** Christy.Lea <Christy.Lea@knobbe.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order and source code inspection

Christy,

Attached are our further revisions to the proposed ESI order.

Best regards,

Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



---

**From:** Christy.Lea <Christy.Lea@knobbe.com>
**Sent:** Wednesday, May 19, 2021 2:04 PM
**To:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order and source code inspection

*EXTERNAL* **Email:**

Exhibit 4
- 34 -

Hi Nick,

I have attached our revisions to the proposed ESI order.

Best,
Christy

---

**From:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>
**Sent:** Thursday, May 13, 2021 7:56 AM
**To:** Joe.Re <Joe.Re@knobbe.com>; Christy.Lea <Christy.Lea@knobbe.com>; Nicholas.Zovko <Nicholas.Zovko@knobbe.com>; Mack.Montgomery <Mack.Montgomery@knobbe.com>
**Cc:** Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Subject:** Pavemetrics v. Tetra Tech - stipulated ESI order and source code inspection

Counsel,

We prepared the attached stipulated ESI order.  Please review and let us know if you have any edits.

Also, please let us know your availability for inspection of Pavemetrics' source code later this month.  We propose inspection take place at Knobbe's DC office or another secure location in DC.  Please confirm this location works.

Best regards,
Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential,

Exhibit 4
- 35 -

proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Exhibit 4
- 36 -

# EXHIBIT 5

| From: | Cerulli, Nicholas |
|---|---|
| To: | Christy.Lea |
| Cc: | Lit PAVEL.001L; Parker, Aaron; Chung, Daniel; Ridge, Donald L.; Palace, Victor |
| Subject: | RE: Pavemetrics v. Tetra Tech - stipulated ESI order |
| Date: | Tuesday, June 15, 2021 11:44:00 AM |
| Attachments: | image001.jpg |

Christy,

We have not received an answer to our email below regarding the deficiencies in Pavemetrics' source code production.  It has been two weeks since we first notified you of these deficiencies, and we have yet to receive an answer on whether you intend to remedy these deficiencies before our next inspection.  Please provide us with an answer by tomorrow (6/16).  And, if you do not intend to remedy these deficiencies, let us know when you are available for a second meet and confer on Thursday (6/17) or Friday (6/18).

Best regards,
Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



**From:** Cerulli, Nicholas
**Sent:** Thursday, June 10, 2021 6:09 PM
**To:** Christy Lea <Christy.Lea@knobbe.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order

Christy,

We write to respond to your email regarding the draft ESI order and to summarize additional discussions from our meet and confer relating to Pavemetrics' deficiencies in its source code production.

**Draft ESI order**

We have reviewed the three cases that you cite, which allowed limited discovery of certain messages on Slack, etc. that contained relevant information.  We believe these cases are exceptions, and not the rule, for ESI discovery.  As we mentioned on the call, and in our previous emails, the NDCA model order and the DDE standing order specifically exclude from ESI discovery "instant messaging" and similar communications, which are akin to text messaging and other short form

Exhibit 5
- 37 -

communications.  Attached are the NDCA model order and the DDE standing order with the relevant portions highlighted for your reference.  Further, in the cases you cite, there was no dispute as to whether there was relevant, discoverable information in the instant messaging sought.  Here, neither party has provided a reason to believe the instant messaging sought contains relevant, discoverable information.  On our call, we explained that we conducted an initial investigation about Tetra Tech's use of Teams or Slack, and Tetra Tech informed us that they use Microsoft Teams for video conferencing, but that they primarily only used the instant messaging functionality for non-substantive, administrative purposes (e.g., letting someone know when they are available or that they are running late to a meeting).  Thus, based on our initial investigation, we do not have a reason to believe conducting costly and burdensome searches of Teams, Slack, and/or other similar platforms would result in any relevant, non-duplicative discoverable information.  Because Pavemetrics is the one seeking non-traditional forms of ESI discovery, we believe it is your burden, and not ours, to show why good cause exists for undergoing these costly and time-consuming searches.

On the call, you represented that Pavemetrics uses Teams and Slack for video conferencing, but that you did not know whether Pavemetrics uses the instant messaging functionality on any of those platforms.  Please let us know as soon as possible whether Pavemetrics does in fact use the instant messaging functionality on Teams, Slack, or any other similar platforms (e.g., Zoom).  As a practical matter, if neither party actually uses the instant messaging functionality for substantive business purposes, we see no point in including it in the proposed ESI order and necessitating costly and time-consuming searches.

Regarding the proposed timing for email production, we notice that your schedule does not provide a date for exchange of search terms.  We propose that date be July 2.  With that change, the proposed schedule appears to be acceptable to us.

### Source Code Deficiencies

On our call, we also discussed Pavemetrics' refusal to produce its source code logs through normal production as well as the lack of version control in the source code provided to our team during our visit on May 27 and 28.  You represented that the logs contained actual lines of source code, and we asked how many pages of the logs contained source code.  You were not able to answer that question during our call and said you would get back to us with an answer.

You also represented during our call that the source code logs constituted version control under the protective order.  We completely disagree with this characterization.  Your May 21 email represented that the source code included version control **and** that logs would be provided on the standalone laptop.  There was no version control in the source code provided to our reviewers.  And, while the independent logs are relevant and should be produced, they do not constitute version control under the protective order.  Further, you represented during the call that Pavemetrics has a Git repository stored locally on its own network and that you are looking into whether this repository can be copied onto the standalone computer for the source code review.  This should be relatively easy to do and should be made available during our next visit.

Please provide us answers to these source code related issues by the end of the week, as it is

Exhibit 5
- 38 -

important for us to determine whether we need to seek the court's intervention on these issues.

Best regards,
Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



**From:** Christy.Lea <Christy.Lea@knobbe.com>
**Sent:** Tuesday, June 8, 2021 9:33 PM
**To:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order

**EXTERNAL Email:**

Dear Nick,

This email is further to our discussion regarding the proposed ESI Order. Pavemetrics is not willing to forgo searching of communication tools, including Slack and Teams, for the six custodians. During our call, you represented that Tetra Tech employees have used both Slack and Teams for communications. To the extent any of those communications are responsive, Tetra Tech has not shown good cause to exclude them from discovery. As we mentioned, courts have ordered the production of such communications, including in the following cases:

*Benebone LLC v. Pet Qwerks, Inc.*, No. 820CV00850ABAFMX, 2021 WL 831025, at *3 (C.D. Cal. Feb. 18, 2021);

*Calendar Rsch. LLC v. StubHub, Inc.*, No. CV 17-4062 SVW (SSX), 2019 WL 1581406, at *4 (C.D. Cal. Mar. 14, 2019); and

*Bid Prime LLC v. SmartProcure, Inc.*, 2018 WL 6588574, at *2 (W.D. Tex. Nov. 13, 2018).

With respect to the custodian search and production process, we propose the following to keep discovery moving in light of the schedule:

Deadline to identify six custodians most likely to have discoverable information: June 18, 2021
Responses and objections due withing 21 days of service;
Objections to search terms shall be accompanied by a hit count report and parties to meet and

Exhibit 5
- 39 -

confer within 5 court days to resolve dispute
Substantial email production due within 60 days of service of the search terms


Best,
Christy


**Christy Lea**
Partner
949-500-6972 **Cell**
**Knobbe** **Martens**

---

**From:** Christy.Lea
**Sent:** Thursday, June 3, 2021 5:33 PM
**To:** 'Cerulli, Nicholas' <Nicholas.Cerulli@finnegan.com>; Parker, Aaron
<Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L.
<dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order

Nick,

To respond to your specific points below,

1. Nothing in the proposed ESI order precludes discovery of instant messaging used for business
   purposes.  Indeed, the proposed ESI order provides for discovery of "other forms of electronic
   correspondence," which necessarily includes Slack and Microsoft Teams messages.  We just
   edited the ESI order to expressly reference those examples given their increased use in
   business communications.  It's not surprising that model orders do not mention them by
   name, given that businesses have recently embraced them.  Though the model orders that
   you reference do not exclude them as you incorrectly represent.  Moreover, Tetra Tech's RFPs
   specifically seek "documents," which Tetra Tech defines as including "instant messaging."  As
   a practical matter, please disclose whether Tetra Tech uses a messaging service, which service
   it uses, and what percentage of its internal communications are through the messaging
   service.  If Tetra Tech is using a messaging service for relevant business communications, then
   Tetra Tech has the burden to show why discovery of that potentially relevant information
   should not be allowed.
2. We believe the word "data" is vague when this particular section of the ESI order is limited to
   "e-mail production requests," with "e-mail" defined to include "e-mail or other forms of
   electronic correspondence."  We did not change this provision to include Slack/Teams
   messages; we just highlighted that they are already included in "communication sources."
3. Your statement that "a timeline of 120 days would require substantial completion of email

Exhibit 5
- 40 -

production by the end of October" assumes no objections or other disputes.  Our proposal is 45 days after service of the email requests and allows for timely resolution of any disputes.

4. We believe hit count reports do provide valuable information as to the sufficiency of the agreed upon search terms.

We look forward to discussing these points on Monday.  Please send a dial-in.

Best,
Christy

---

**From:** Christy.Lea <Christy.Lea@knobbe.com>
**Sent:** Thursday, June 3, 2021 10:47 AM
**To:** 'Cerulli, Nicholas' <Nicholas.Cerulli@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order

Hi Nick,

We are available to discuss at 10am Pacific on Monday.  Please send a dial in.

Best,
Christy

---

**From:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>
**Sent:** Thursday, June 3, 2021 9:36 AM
**To:** Christy.Lea <Christy.Lea@knobbe.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order

Christy,

We have responded to the points raised in your email below regarding the draft ESI order.  We are available for a call on Monday or Tuesday from 1-4 PM EST, if it would be helpful to resolve any remaining issues.

1. Regarding your proposed addition of Slack/Teams messages to the ESI order, these types of communications are not traditionally part of ESI discovery in patent cases.  In fact, both NDCA's model ESI order and DDE's standing ESI order specifically exclude "instant messaging" and other communications like these.  We are not trying to "withhold" anything from production.  We have simply tried to model the ESI order based off those traditionally used in other patent cases.  Please let us know what good cause exists to include these

Exhibit 5
- 41 -

communication sources as part of discovery in this case.

2. Regarding the confusion over non-custodial data/communication sources, we originally included a provision requiring parties to disclose any non-custodial <u>data</u> sources.  We were again following model orders in other courts, which include this provision to notify parties of any data sources (e.g., archive folders) that may not actually be in a specific individual's custody, but may nonetheless have non-duplicative emails and other discoverable information.  You changed this to include Slack/Teams messages, but this was not what we intended with this provision.

3. Regarding the timing of email production, it is unclear to us how you arrived at "December at the earliest" under our proposed timeline.  If search terms are served shortly after the disclosure of custodians on June 22, a timeline of 120 days would require substantial completion of email production by the end of October, which is plenty of time before the January 20 fact discovery cutoff.  Under your proposed timeline, 45 days after June 15 would require substantial email production by the end of July, which is only two months away and does not provide sufficient time to conduct searches and collect results, resolve any disputes, and review and produce emails.  Nonetheless, we are willing to compromise somewhere in the middle on the email production schedule, and perhaps to avoid any confusion about dates, we include an actual date for substantial completion of email production.  We propose that date be September 23, 2021.

4. Regarding your proposal to include hit count reports with responses, we believe such reports are not necessary and have dubious value in determining relevant documents from the searches.  Moreover, a party's dissatisfaction with the number of hits would not be a justifiable basis to compound discovery by requesting further custodians and additional search terms, particularly where the requesting party selected the terms to search from the custodians most likely to have discoverable information.  We understand that this type of provision is not traditionally part of ESI orders and believe it is counter to the goal of promoting a "just, speedy, and inexpensive determination."  We nonetheless tried to compromise by proposing a hit count with any objection to overly broad requests.  If Pavemetrics is concerned with the number of custodians/search terms, we are amenable to returning to our originally proposed 8 custodians, which you reduced to 5 in your first proposal.

Best regards,
Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



**From:** Christy.Lea <Christy.Lea@knobbe.com>
**Sent:** Tuesday, May 25, 2021 5:12 PM

Exhibit 5
- 42 -

**To:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order

**EXTERNAL Email:**

Nick,

I have attached our second round of revisions to the ESI order.  We have accepted your proposal to allow up to six custodians.  The parties have several areas of disagreement:

1. Discoverable electronic correspondence – Slack and Teams messages, if used for internal business communications (along with any other instant messaging system used for business communications), are "other forms of electronic correspondence" and should be searched.  It is not clear why Tetra Tech has removed these examples of "other forms of electronic correspondence" or what its basis for withholding them from production is.
2. Non-custodial "data" – It is not clear how Tetra Tech defines such data and how it would be different than "communication source" in the context of searching for e-mails and other forms of electronic correspondence.
3. Timing – Tetra Tech's proposed timing would result in email being produced in December at the earliest.  With discovery closing on January 20, 2022, that would leave insufficient time for depositions and any necessary discovery motions.  Given that discovery closes in less than 8 months, Pavemetrics' proposed timing is much more feasible.
4. Hit count report – Hit count reports should be produced with responses, regardless of any overly broad objection.  Beyond evidencing overly broad search terms, they may potentially inform a motion to seek additional custodians or search terms.

Please let me know if it would be helpful to discuss any of these issues.  Otherwise, please confirm Tetra Tech agrees to the proposed edits.

Best,
Christy

**From:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>
**Sent:** Monday, May 24, 2021 2:25 PM
**To:** Christy.Lea <Christy.Lea@knobbe.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order and source code inspection

Christy,

Exhibit 5
- 43 -

Attached are our further revisions to the proposed ESI order.

Best regards,

Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



**From:** Christy.Lea <Christy.Lea@knobbe.com>
**Sent:** Wednesday, May 19, 2021 2:04 PM
**To:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order and source code inspection

**EXTERNAL Email:**

Hi Nick,

I have attached our revisions to the proposed ESI order.

Best,
Christy

**From:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>
**Sent:** Thursday, May 13, 2021 7:56 AM
**To:** Joe.Re <Joe.Re@knobbe.com>; Christy.Lea <Christy.Lea@knobbe.com>; Nicholas.Zovko <Nicholas.Zovko@knobbe.com>; Mack.Montgomery <Mack.Montgomery@knobbe.com>
**Cc:** Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Subject:** Pavemetrics v. Tetra Tech - stipulated ESI order and source code inspection

Counsel,

We prepared the attached stipulated ESI order.  Please review and let us know if you have any edits.

Also, please let us know your availability for inspection of Pavemetrics' source code later this month.

Exhibit 5
- 44 -

We propose inspection take place at Knobbe's DC office or another secure location in DC.  Please confirm this location works.

Best regards,
Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.


NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.


This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.


NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.


This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.


NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Exhibit 5
- 45 -

# EXHIBIT 6

| | |
|---|---|
| **From:** | Christy.Lea |
| **To:** | Cerulli, Nicholas; Parker, Aaron; Chung, Daniel; Ridge, Donald L. |
| **Cc:** | Lit PAVEL.001L |
| **Subject:** | RE: Pavemetrics v. Tetra Tech - stipulated ESI order |
| **Date:** | Tuesday, June 15, 2021 12:57:04 PM |
| **Attachments:** | image001.jpg |

**EXTERNAL Email:**

Nick,

**Draft ESI Order**

Pavemetrics disagrees with Tetra Tech's position regarding discovery of "other electronic
communications," such as Slack or Team Messages. While not controlling in our case, the ND Cal
Model Order you attached is the model ESI order for non-patent cases. The ND Cal Model ESI Order
for Patent Cases does not include the language you reference. And the D. Del. Model Order does
not generally exclude "instant messaging" as you represent. Rather, it proposes excluding "instant
messages that are not ordinarily printed or maintained in a server dedicated to instant messaging."
Slack and Teams messages are maintained in a server dedicated to instant messaging and are
frequently searched and produced in patent cases. Your representation, based on "an initial
investigation," that Tetra Tech uses Microsoft Teams "primarily" for non-substantive purposes is not
sufficient to avoid searching those messages. Searching Teams, Slack, or other similar platforms is
no more costly or burdensome than searching email, particularly when custodians and key word
searches are used. We provided you with cases from the CD Cal stating that the party seeking to
avoid discovery bears the burden. You have cited no case law supporting your contrary view. You
also have provided no explanation for why you believe such searches are "costly," "burdensome,"
and "time-consuming."

With respect to a date to exchange search terms, we propose that the parties serve RFPs for
documents from the six custodians using desired search terms, as contemplated by the ESI order.

**Source Code**
-
Our Director of IT is continuing to install the Git repository on the standalone laptop. He successfully
accomplished doing so with a small set as a test case, and expects to complete and test the full
install by the end of today. I will update you upon successful completion. We do not have anything
further to add on the logs. As we previously stated, Paragraph 7 of the Protective Order requires
only that the material "***includes*** computer source code and/or live data," not that it is entirely
computer source code. The logs include portions of source code, such as certain source code
algorithms and function and variable names from the source code. They also include very specific
discussions of how portions of the source code works. This occurs throughout the logs and would
not be useful counting exercise.

Best,
Christy

Exhibit 6
- 46 -

**Christy Lea**
Partner
949-721-7642 **Direct**
949-500-6972 **Cell**
**Knobbe** Martens

---

**From:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>
**Sent:** Thursday, June 10, 2021 3:09 PM
**To:** Christy Lea <Christy.Lea@knobbe.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order

Christy,

We write to respond to your email regarding the draft ESI order and to summarize additional discussions from our meet and confer relating to Pavemetrics' deficiencies in its source code production.

**<u>Draft ESI order</u>**

We have reviewed the three cases that you cite, which allowed limited discovery of certain messages on Slack, etc. that contained relevant information.  We believe these cases are exceptions, and not the rule, for ESI discovery.  As we mentioned on the call, and in our previous emails, the NDCA model order and the DDE standing order specifically exclude from ESI discovery "instant messaging" and similar communications, which are akin to text messaging and other short form communications.  Attached are the NDCA model order and the DDE standing order with the relevant portions highlighted for your reference.  Further, in the cases you cite, there was no dispute as to whether there was relevant, discoverable information in the instant messaging sought.  Here, neither party has provided a reason to believe the instant messaging sought contains relevant, discoverable information.  On our call, we explained that we conducted an initial investigation about Tetra Tech's use of Teams or Slack, and Tetra Tech informed us that they use Microsoft Teams for video conferencing, but that they primarily only used the instant messaging functionality for non-substantive, administerial purposes (e.g., letting someone know when they are available or that they are running late to a meeting).  Thus, based on our initial investigation, we do not have a reason to believe conducting costly and burdensome searches of Teams, Slack, and/or other similar platforms would result in any relevant, non-duplicative discoverable information.  Because Pavemetrics is the one seeking non-traditional forms of ESI discovery, we believe it is your burden, and not ours, to show why good cause exists for undergoing these costly and time-consuming searches.

On the call, you represented that Pavemetrics uses Teams and Slack for video conferencing, but that

Exhibit 6
- 47 -

you did not know whether Pavemetrics uses the instant messaging functionality on any of those platforms.  Please let us know as soon as possible whether Pavemetrics does in fact use the instant messaging functionality on Teams, Slack, or any other similar platforms (e.g., Zoom).  As a practical matter, if neither party actually uses the instant messaging functionality for substantive business purposes, we see no point in including it in the proposed ESI order and necessitating costly and time-consuming searches.

Regarding the proposed timing for email production, we notice that your schedule does not provide a date for exchange of search terms.  We propose that date be July 2.  With that change, the proposed schedule appears to be acceptable to us.

**Source Code Deficiencies**

On our call, we also discussed Pavemetrics' refusal to produce its source code logs through normal production as well as the lack of version control in the source code provided to our team during our visit on May 27 and 28.  You represented that the logs contained actual lines of source code, and we asked how many pages of the logs contained source code.  You were not able to answer that question during our call and said you would get back to us with an answer.

You also represented during our call that the source code logs constituted version control under the protective order.  We completely disagree with this characterization.  Your May 21 email represented that the source code included version control **and** that logs would be provided on the standalone laptop.  There was no version control in the source code provided to our reviewers.  And, while the independent logs are relevant and should be produced, they do not constitute version control under the protective order.  Further, you represented during the call that Pavemetrics has a Git repository stored locally on its own network and that you are looking into whether this repository can be copied onto the standalone computer for the source code review.  This should be relatively easy to do and should be made available during our next visit.

Please provide us answers to these source code related issues by the end of the week, as it is important for us to determine whether we need to seek the court's intervention on these issues.

Best regards,
Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



**From:** Christy.Lea <Christy.Lea@knobbe.com>
**Sent:** Tuesday, June 8, 2021 9:33 PM

Exhibit 6
- 48 -

**To:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>; Parker, Aaron
<Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L.
<dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order

**EXTERNAL Email:**

Dear Nick,

This email is further to our discussion regarding the proposed ESI Order.  Pavemetrics is not willing
to forgo searching of communication tools, including Slack and Teams, for the six custodians.  During
our call, you represented that Tetra Tech employees have used both Slack and Teams for
communications.  To the extent any of those communications are responsive, Tetra Tech has not
shown good cause to exclude them from discovery.  As we mentioned, courts have ordered the
production of such communications, including in the following cases:

*Benebone LLC v. Pet Qwerks, Inc.*, No. 820CV00850ABAFMX, 2021 WL 831025, at *3 (C.D. Cal. Feb.
18, 2021);

*Calendar Rsch. LLC v. StubHub, Inc.*, No. CV 17-4062 SVW (SSX), 2019 WL 1581406, at *4 (C.D. Cal.
Mar. 14, 2019); and

*Bid Prime LLC v. SmartProcure, Inc.*, 2018 WL 6588574, at *2 (W.D. Tex. Nov. 13, 2018).

With respect to the custodian search and production process, we propose the following to keep
discovery moving in light of the schedule:

Deadline to identify six custodians most likely to have discoverable information: June 18, 2021
Responses and objections due withing 21 days of service;
Objections to search terms shall be accompanied by a hit count report and parties to meet and
confer within 5 court days to resolve dispute
Substantial email production due within 60 days of service of the search terms

Best,
Christy

**Christy Lea**
Partner
949-500-6972 **Cell**
**Knobbe Martens**

Exhibit 6
- 49 -

**From:** Christy.Lea
**Sent:** Thursday, June 3, 2021 5:33 PM
**To:** 'Cerulli, Nicholas' <Nicholas.Cerulli@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order

Nick,

To respond to your specific points below,

1. Nothing in the proposed ESI order precludes discovery of instant messaging used for business purposes.  Indeed, the proposed ESI order provides for discovery of "other forms of electronic correspondence," which necessarily includes Slack and Microsoft Teams messages.  We just edited the ESI order to expressly reference those examples given their increased use in business communications.  It's not surprising that model orders do not mention them by name, given that businesses have recently embraced them.  Though the model orders that you reference do not exclude them as you incorrectly represent.  Moreover, Tetra Tech's RFPs specifically seek "documents," which Tetra Tech defines as including "instant messaging."  As a practical matter, please disclose whether Tetra Tech uses a messaging service, which service it uses, and what percentage of its internal communications are through the messaging service.  If Tetra Tech is using a messaging service for relevant business communications, then Tetra Tech has the burden to show why discovery of that potentially relevant information should not be allowed.
2. We believe the word "data" is vague when this particular section of the ESI order is limited to "e-mail production requests," with "e-mail" defined to include "e-mail or other forms of electronic correspondence."  We did not change this provision to include Slack/Teams messages; we just highlighted that they are already included in "communication sources."
3. Your statement that "a timeline of 120 days would require substantial completion of email production by the end of October" assumes no objections or other disputes.  Our proposal is 45 days after service of the email requests and allows for timely resolution of any disputes.
4. We believe hit count reports do provide valuable information as to the sufficiency of the agreed upon search terms.

We look forward to discussing these points on Monday.  Please send a dial-in.

Best,
Christy

---

**From:** Christy.Lea <Christy.Lea@knobbe.com>
**Sent:** Thursday, June 3, 2021 10:47 AM
**To:** 'Cerulli, Nicholas' <Nicholas.Cerulli@finnegan.com>; Parker, Aaron

Exhibit 6
- 50 -

<Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order

Hi Nick,

We are available to discuss at 10am Pacific on Monday.  Please send a dial in.

Best,
Christy

---

**From:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>
**Sent:** Thursday, June 3, 2021 9:36 AM
**To:** Christy.Lea <Christy.Lea@knobbe.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order

Christy,

We have responded to the points raised in your email below regarding the draft ESI order.  We are available for a call on Monday or Tuesday from 1-4 PM EST, if it would be helpful to resolve any remaining issues.

1. Regarding your proposed addition of Slack/Teams messages to the ESI order, these types of communications are not traditionally part of ESI discovery in patent cases.  In fact, both NDCA's model ESI order and DDE's standing ESI order specifically exclude "instant messaging" and other communications like these.  We are not trying to "withhold" anything from production.  We have simply tried to model the ESI order based off those traditionally used in other patent cases.  Please let us know what good cause exists to include these communication sources as part of discovery in this case.

2. Regarding the confusion over non-custodial data/communication sources, we originally included a provision requiring parties to disclose any non-custodial data sources.  We were again following model orders in other courts, which include this provision to notify parties of any data sources (e.g., archive folders) that may not actually be in a specific individual's custody, but may nonetheless have non-duplicative emails and other discoverable information.  You changed this to include Slack/Teams messages, but this was not what we intended with this provision.

3. Regarding the timing of email production, it is unclear to us how you arrived at "December at the earliest" under our proposed timeline.  If search terms are served shortly after the disclosure of custodians on June 22, a timeline of 120 days would require substantial completion of email production by the end of October, which is plenty of time before the January 20 fact discovery cutoff.  Under your proposed timeline, 45 days after June 15 would require substantial email production by the end of July, which is only two months away and

Exhibit 6
- 51 -

does not provide sufficient time to conduct searches and collect results, resolve any disputes, and review and produce emails.  Nonetheless, we are willing to compromise somewhere in the middle on the email production schedule, and perhaps to avoid any confusion about dates, we include an actual date for substantial completion of email production.  We propose that date be September 23, 2021.

4. Regarding your proposal to include hit count reports with responses, we believe such reports are not necessary and have dubious value in determining relevant documents from the searches.  Moreover, a party's dissatisfaction with the number of hits would not be a justifiable basis to compound discovery by requesting further custodians and additional search terms, particularly where the requesting party selected the terms to search from the custodians most likely to have discoverable information.  We understand that this type of provision is not traditionally part of ESI orders and believe it is counter to the goal of promoting a "just, speedy, and inexpensive determination."  We nonetheless tried to compromise by proposing a hit count with any objection to overly broad requests.  If Pavemetrics is concerned with the number of custodians/search terms, we are amenable to returning to our originally proposed 8 custodians, which you reduced to 5 in your first proposal.

Best regards,
Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



**From:** Christy.Lea <Christy.Lea@knobbe.com>
**Sent:** Tuesday, May 25, 2021 5:12 PM
**To:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order

*EXTERNAL* Email:

Nick,

I have attached our second round of revisions to the ESI order.  We have accepted your proposal to allow up to six custodians.  The parties have several areas of disagreement:

1. Discoverable electronic correspondence – Slack and Teams messages, if used for internal business communications (along with any other instant messaging system used for business

Exhibit 6
- 52 -

communications), are "other forms of electronic correspondence" and should be searched.  It is not clear why Tetra Tech has removed these examples of "other forms of electronic correspondence" or what its basis for withholding them from production is.

2.  Non-custodial "data" – It is not clear how Tetra Tech defines such data and how it would be different than "communication source" in the context of searching for e-mails and other forms of electronic correspondence.

3.  Timing – Tetra Tech's proposed timing would result in email being produced in December at the earliest.  With discovery closing on January 20, 2022, that would leave insufficient time for depositions and any necessary discovery motions.  Given that discovery closes in less than 8 months, Pavemetrics' proposed timing is much more feasible.

4.  Hit count report – Hit count reports should be produced with responses, regardless of any overly broad objection.  Beyond evidencing overly broad search terms, they may potentially inform a motion to seek additional custodians or search terms.

Please let me know if it would be helpful to discuss any of these issues.  Otherwise, please confirm Tetra Tech agrees to the proposed edits.

Best,
Christy

---

**From:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>
**Sent:** Monday, May 24, 2021 2:25 PM
**To:** Christy.Lea <Christy.Lea@knobbe.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order and source code inspection

Christy,

Attached are our further revisions to the proposed ESI order.

Best regards,

Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com

---

Exhibit 6
- 53 -

**From:** Christy.Lea <Christy.Lea@knobbe.com>
**Sent:** Wednesday, May 19, 2021 2:04 PM
**To:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order and source code inspection

**EXTERNAL Email:**

Hi Nick,

I have attached our revisions to the proposed ESI order.

Best,
Christy

---

**From:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>
**Sent:** Thursday, May 13, 2021 7:56 AM
**To:** Joe.Re <Joe.Re@knobbe.com>; Christy.Lea <Christy.Lea@knobbe.com>; Nicholas.Zovko <Nicholas.Zovko@knobbe.com>; Mack.Montgomery <Mack.Montgomery@knobbe.com>
**Cc:** Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Subject:** Pavemetrics v. Tetra Tech - stipulated ESI order and source code inspection

Counsel,

We prepared the attached stipulated ESI order.  Please review and let us know if you have any edits.

Also, please let us know your availability for inspection of Pavemetrics' source code later this month. We propose inspection take place at Knobbe's DC office or another secure location in DC.  Please confirm this location works.

Best regards,
Nick

**Nicholas Cerulli**
**Associate**
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com

Exhibit 6
- 54 -

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law, If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law, If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law, If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law, If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Exhibit 6
- 55 -

# EXHIBIT 7

| | |
|---|---|
| **From:** | Christy.Lea |
| **To:** | Cerulli, Nicholas; Parker, Aaron; Chung, Daniel; Ridge, Donald L. |
| **Cc:** | Lit PAVEL.001L |
| **Subject:** | RE: Pavemetrics v. Tetra Tech - Source Code |
| **Date:** | Wednesday, June 16, 2021 5:11:38 PM |
| **Attachments:** | image001.jpg |

**EXTERNAL Email:**

Nick,

A full copy of the git repository is available for inspection on the stand alone laptop.

Best,
Christy

---

**From:** Christy.Lea
**Sent:** Tuesday, June 15, 2021 9:57 AM
**To:** 'Cerulli, Nicholas' <Nicholas.Cerulli@finnegan.com>; Parker, Aaron
<Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L.
<dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order


Nick,

**Draft ESI Order**

Pavemetrics disagrees with Tetra Tech's position regarding discovery of "other electronic
communications," such as Slack or Team Messages.  While not controlling in our case, the ND Cal
Model Order you attached is the model ESI order for non-patent cases.  The ND Cal Model ESI Order
for Patent Cases does not include the language you reference.  And the D. Del. Model Order does
not generally exclude "instant messaging" as you represent.  Rather, it proposes excluding "instant
messages that are not ordinarily printed or maintained in a server dedicated to instant messaging."
Slack and Teams messages are maintained in a server dedicated to instant messaging and are
frequently searched and produced in patent cases.  Your representation, based on "an initial
investigation," that Tetra Tech uses Microsoft Teams "primarily" for non-substantive purposes is not
sufficient to avoid searching those messages.  Searching Teams, Slack, or other similar platforms is
no more costly or burdensome than searching email, particularly when custodians and key word
searches are used.  We provided you with cases from the CD Cal stating that the party seeking to
avoid discovery bears the burden.  You have cited no case law supporting your contrary view.  You
also have provided no explanation for why you believe such searches are "costly," "burdensome,"
and "time-consuming."

With respect to a date to exchange search terms, we propose that the parties serve RFPs for

Exhibit 7
- 56 -

documents from the six custodians using desired search terms, as contemplated by the ESI order.

**Source Code**

Our Director of IT is continuing to install the Git repository on the standalone laptop.  He successfully accomplished doing so with a small set as a test case, and expects to complete and test the full install by the end of today.  I will update you upon successful completion.  We do not have anything further to add on the logs.  As we previously stated, Paragraph 7 of the Protective Order requires only that the material "***includes*** computer source code and/or live data," not that it is entirely computer source code. The logs include portions of source code, such as certain source code algorithms and function and variable names from the source code.  They also include very specific discussions of how portions of the source code works.  This occurs throughout the logs and would not be useful counting exercise.

Best,
Christy


**Christy Lea**
Partner
949-721-7642 **Direct**
949-500-6972 **Cell**
**Knobbe Martens**

---

**From:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>
**Sent:** Thursday, June 10, 2021 3:09 PM
**To:** Christy.Lea <Christy.Lea@knobbe.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order

Christy,

We write to respond to your email regarding the draft ESI order and to summarize additional discussions from our meet and confer relating to Pavemetrics' deficiencies in its source code production.

**Draft ESI order**

We have reviewed the three cases that you cite, which allowed limited discovery of certain messages on Slack, etc. that contained relevant information.  We believe these cases are exceptions, and not the rule, for ESI discovery.  As we mentioned on the call, and in our previous emails, the NDCA model order and the DDE standing order specifically exclude from ESI discovery "instant

Exhibit 7
- 57 -

messaging" and similar communications, which are akin to text messaging and other short form communications. Attached are the NDCA model order and the DDE standing order with the relevant portions highlighted for your reference. Further, in the cases you cite, there was no dispute as to whether there was relevant, discoverable information in the instant messaging sought. Here, neither party has provided a reason to believe the instant messaging sought contains relevant, discoverable information. On our call, we explained that we conducted an initial investigation about Tetra Tech's use of Teams or Slack, and Tetra Tech informed us that they use Microsoft Teams for video conferencing, but that they primarily only used the instant messaging functionality for non-substantive, administerial purposes (e.g., letting someone know when they are available or that they are running late to a meeting). Thus, based on our initial investigation, we do not have a reason to believe conducting costly and burdensome searches of Teams, Slack, and/or other similar platforms would result in any relevant, non-duplicative discoverable information. Because Pavemetrics is the one seeking non-traditional forms of ESI discovery, we believe it is your burden, and not ours, to show why good cause exists for undergoing these costly and time-consuming searches.

On the call, you represented that Pavemetrics uses Teams and Slack for video conferencing, but that you did not know whether Pavemetrics uses the instant messaging functionality on any of those platforms. Please let us know as soon as possible whether Pavemetrics does in fact use the instant messaging functionality on Teams, Slack, or any other similar platforms (e.g., Zoom). As a practical matter, if neither party actually uses the instant messaging functionality for substantive business purposes, we see no point in including it in the proposed ESI order and necessitating costly and time-consuming searches.

Regarding the proposed timing for email production, we notice that your schedule does not provide a date for exchange of search terms. We propose that date be July 2. With that change, the proposed schedule appears to be acceptable to us.

**Source Code Deficiencies**

On our call, we also discussed Pavemetrics' refusal to produce its source code logs through normal production as well as the lack of version control in the source code provided to our team during our visit on May 27 and 28. You represented that the logs contained actual lines of source code, and we asked how many pages of the logs contained source code. You were not able to answer that question during our call and said you would get back to us with an answer.

You also represented during our call that the source code logs constituted version control under the protective order. We completely disagree with this characterization. Your May 21 email represented that the source code included version control **and** that logs would be provided on the standalone laptop. There was no version control in the source code provided to our reviewers. And, while the independent logs are relevant and should be produced, they do not constitute version control under the protective order. Further, you represented during the call that Pavemetrics has a Git repository stored locally on its own network and that you are looking into whether this repository can be copied onto the standalone computer for the source code review. This should be relatively easy to do and should be made available during our next visit.

Exhibit 7
- 58 -

Please provide us answers to these source code related issues by the end of the week, as it is important for us to determine whether we need to seek the court's intervention on these issues.

Best regards,
Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



**From:** Christy.Lea <Christy.Lea@knobbe.com>
**Sent:** Tuesday, June 8, 2021 9:33 PM
**To:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order

**EXTERNAL Email:**

Dear Nick,

This email is further to our discussion regarding the proposed ESI Order.  Pavemetrics is not willing to forgo searching of communication tools, including Slack and Teams, for the six custodians.  During our call, you represented that Tetra Tech employees have used both Slack and Teams for communications.  To the extent any of those communications are responsive, Tetra Tech has not shown good cause to exclude them from discovery.  As we mentioned, courts have ordered the production of such communications, including in the following cases:

*Benebone LLC v. Pet Qwerks, Inc.*, No. 820CV00850ABAFMX, 2021 WL 831025, at *3 (C.D. Cal. Feb. 18, 2021);

*Calendar Rsch. LLC v. StubHub, Inc.*, No. CV 17-4062 SVW (SSX), 2019 WL 1581406, at *4 (C.D. Cal. Mar. 14, 2019); and

*Bid Prime LLC v. SmartProcure, Inc.*, 2018 WL 6588574, at *2 (W.D. Tex. Nov. 13, 2018).

With respect to the custodian search and production process, we propose the following to keep discovery moving in light of the schedule:

Deadline to identify six custodians most likely to have discoverable information: June 18, 2021
Responses and objections due withing 21 days of service;

Exhibit 7
- 59 -

Objections to search terms shall be accompanied by a hit count report and parties to meet and confer within 5 court days to resolve dispute
Substantial email production due within 60 days of service of the search terms

Best,
Christy

**Christy Lea**
Partner
949-500-6972 **Cell**
**Knobbe Martens**

---

**From:** Christy.Lea
**Sent:** Thursday, June 3, 2021 5:33 PM
**To:** 'Cerulli, Nicholas' <Nicholas.Cerulli@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order

Nick,

To respond to your specific points below,

1. Nothing in the proposed ESI order precludes discovery of instant messaging used for business purposes.  Indeed, the proposed ESI order provides for discovery of "other forms of electronic correspondence," which necessarily includes Slack and Microsoft Teams messages.  We just edited the ESI order to expressly reference those examples given their increased use in business communications.  It's not surprising that model orders do not mention them by name, given that businesses have recently embraced them.  Though the model orders that you reference do not exclude them as you incorrectly represent.  Moreover, Tetra Tech's RFPs specifically seek "documents," which Tetra Tech defines as including "instant messaging."  As a practical matter, please disclose whether Tetra Tech uses a messaging service, which service it uses, and what percentage of its internal communications are through the messaging service.  If Tetra Tech is using a messaging service for relevant business communications, then Tetra Tech has the burden to show why discovery of that potentially relevant information should not be allowed.

2. We believe the word "data" is vague when this particular section of the ESI order is limited to "e-mail production requests," with "e-mail" defined to include "e-mail or other forms of electronic correspondence."  We did not change this provision to include Slack/Teams messages; we just highlighted that they are already included in "communication sources."

Exhibit 7
- 60 -

3. Your statement that "a timeline of 120 days would require substantial completion of email production by the end of October" assumes no objections or other disputes. Our proposal is 45 days after service of the email requests and allows for timely resolution of any disputes.

4. We believe hit count reports do provide valuable information as to the sufficiency of the agreed upon search terms.

We look forward to discussing these points on Monday. Please send a dial-in.

Best,
Christy

---

**From:** Christy.Lea <Christy.Lea@knobbe.com>
**Sent:** Thursday, June 3, 2021 10:47 AM
**To:** 'Cerulli, Nicholas' <Nicholas.Cerulli@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order

Hi Nick,

We are available to discuss at 10am Pacific on Monday. Please send a dial in.

Best,
Christy

---

**From:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>
**Sent:** Thursday, June 3, 2021 9:36 AM
**To:** Christy.Lea <Christy.Lea@knobbe.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order

Christy,

We have responded to the points raised in your email below regarding the draft ESI order. We are available for a call on Monday or Tuesday from 1-4 PM EST, if it would be helpful to resolve any remaining issues.

1. Regarding your proposed addition of Slack/Teams messages to the ESI order, these types of communications are not traditionally part of ESI discovery in patent cases. In fact, both NDCA's model ESI order and DDE's standing ESI order specifically exclude "instant messaging" and other communications like these. We are not trying to "withhold" anything from production. We have simply tried to model the ESI order based off those traditionally used in

Exhibit 7
- 61 -

other patent cases.  Please let us know what good cause exists to include these
communication sources as part of discovery in this case.

2. Regarding the confusion over non-custodial data/communication sources, we originally
   included a provision requiring parties to disclose any non-custodial <u>data</u> sources.  We were
   again following model orders in other courts, which include this provision to notify parties of
   any data sources (e.g., archive folders) that may not actually be in a specific individual's
   custody, but may nonetheless have non-duplicative emails and other discoverable
   information.  You changed this to include Slack/Teams messages, but this was not what we
   intended with this provision.

3. Regarding the timing of email production, it is unclear to us how you arrived at "December at
   the earliest" under our proposed timeline.  If search terms are served shortly after the
   disclosure of custodians on June 22, a timeline of 120 days would require substantial
   completion of email production by the end of October, which is plenty of time before the
   January 20 fact discovery cutoff.  Under your proposed timeline, 45 days after June 15 would
   require substantial email production by the end of July, which is only two months away and
   does not provide sufficient time to conduct searches and collect results, resolve any disputes,
   and review and produce emails.  Nonetheless, we are willing to compromise somewhere in
   the middle on the email production schedule, and perhaps to avoid any confusion about
   dates, we include an actual date for substantial completion of email production.  We propose
   that date be September 23, 2021.

4. Regarding your proposal to include hit count reports with responses, we believe such reports
   are not necessary and have dubious value in determining relevant documents from the
   searches.  Moreover, a party's dissatisfaction with the number of hits would not be a
   justifiable basis to compound discovery by requesting further custodians and additional
   search terms, particularly where the requesting party selected the terms to search from the
   custodians most likely to have discoverable information.  We understand that this type of
   provision is not traditionally part of ESI orders and believe it is counter to the goal of
   promoting a "just, speedy, and inexpensive determination."  We nonetheless tried to
   compromise by proposing a hit count with any objection to overly broad requests.  If
   Pavemetrics is concerned with the number of custodians/search terms, we are amenable to
   returning to our originally proposed 8 custodians, which you reduced to 5 in your first
   proposal.

Best regards,
Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com

| ? |
|---|

**From:** Christy.Lea <Christy.Lea@knobbe.com>

Exhibit 7
- 62 -

**Sent:** Tuesday, May 25, 2021 5:12 PM
**To:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>; Parker, Aaron
<Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L.
<dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order

<mark>**EXTERNAL** Email:</mark>

Nick,

I have attached our second round of revisions to the ESI order.  We have accepted your proposal to
allow up to six custodians.  The parties have several areas of disagreement:

1. Discoverable electronic correspondence – Slack and Teams messages, if used for internal
   business communications (along with any other instant messaging system used for business
   communications), are "other forms of electronic correspondence" and should be searched.  It
   is not clear why Tetra Tech has removed these examples of "other forms of electronic
   correspondence" or what its basis for withholding them from production is.
2. Non-custodial "data" – It is not clear how Tetra Tech defines such data and how it would be
   different than "communication source" in the context of searching for e-mails and other
   forms of electronic correspondence.
3. Timing – Tetra Tech's proposed timing would result in email being produced in December at
   the earliest.  With discovery closing on January 20, 2022, that would leave insufficient time for
   depositions and any necessary discovery motions.  Given that discovery closes in less than 8
   months, Pavemetrics' proposed timing is much more feasible.
4. Hit count report – Hit count reports should be produced with responses, regardless of any
   overly broad objection.  Beyond evidencing overly broad search terms, they may potentially
   inform a motion to seek additional custodians or search terms.

Please let me know if it would be helpful to discuss any of these issues.  Otherwise, please confirm
Tetra Tech agrees to the proposed edits.

Best,
Christy

---

**From:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>
**Sent:** Monday, May 24, 2021 2:25 PM
**To:** Christy.Lea <Christy.Lea@knobbe.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Chung,
Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order and source code inspection

Exhibit 7
- 63 -

Christy,

Attached are our further revisions to the proposed ESI order.

Best regards,

Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



---

**From:** Christy.Lea <Christy.Lea@knobbe.com>
**Sent:** Wednesday, May 19, 2021 2:04 PM
**To:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** RE: Pavemetrics v. Tetra Tech - stipulated ESI order and source code inspection

**EXTERNAL Email:**

Hi Nick,

I have attached our revisions to the proposed ESI order.

Best,
Christy

---

**From:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>
**Sent:** Thursday, May 13, 2021 7:56 AM
**To:** Joe.Re <Joe.Re@knobbe.com>; Christy.Lea <Christy.Lea@knobbe.com>; Nicholas.Zovko <Nicholas.Zovko@knobbe.com>; Mack.Montgomery <Mack.Montgomery@knobbe.com>
**Cc:** Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Subject:** Pavemetrics v. Tetra Tech - stipulated ESI order and source code inspection

Counsel,

We prepared the attached stipulated ESI order.  Please review and let us know if you have any edits.

Exhibit 7
- 64 -

Also, please let us know your availability for inspection of Pavemetrics' source code later this month. We propose inspection take place at Knobbe's DC office or another secure location in DC.  Please confirm this location works.

Best regards,
Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

Exhibit 7
- 65 -

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Exhibit 7
- 66 -

# EXHIBIT 8

| From: | Christy.Lea |
|-------|-------------|
| To: | Cerulli, Nicholas; Parker, Aaron; Chung, Daniel; Ridge, Donald L. |
| Cc: | Lit PAVEL.001L |
| Subject: | Pavemetrics v. Tetra Tech -Source Code |
| Date: | Friday, June 25, 2021 5:05:02 PM |

**EXTERNAL** Email:

Dear Counsel,

A copy of source code developed for the University of Massachusetts-Lowell for their research under U.S. DOT Cooperative Agreement No. RITARS-12-H-UML, as described in the UML-TRB2014 article (PAVEMETRICS0000409-PAVEMETRICS0000426), is now available for inspection at Knobbe's Orange County office.

Best,
Christy

**Christy Lea**
Partner
949-721-7642 **Direct**
949-500-6972 **Cell**
**Knobbe Martens**

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Exhibit 8
- 67 -

# EXHIBIT 9

| From: | Cerulli, Nicholas |
|---|---|
| To: | Christy.Lea |
| Cc: | Lit PAVEL.001L; Parker, Aaron; Chung, Daniel; Ridge, Donald L. |
| Subject: | RE: Pavemetrics v. Tetra Tech -Source Code |
| Date: | Wednesday, June 30, 2021 12:52:00 PM |
| Attachments: | image001.jpg |

Christy,

We are concerned that Pavemetrics has only now made this source code available for inspection, weeks after Tetra Tech's source code inspection in May and infringement contentions.  We understood from Pavemetrics' representations that its source code would be available for inspection on May 24, and Pavemetrics certainly was aware of this source code before then because it relied on the UML-TRB2014 paper during the PI briefing.  Please explain the reason for this delay.

Relatedly, please confirm that there are no other relevant source code versions in Pavemetrics' possession, custody, or control that have not yet been made available for inspection.  As you can appreciate, each visit to inspect Pavemetrics' source code requires significant time and expense, and it would be unreasonable and burdensome for Tetra Tech to travel across the country to the inspection site every time Pavemetrics adds a new version of source code that should have been made available earlier.

We look forward to hearing from you.

Best regards,
Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



**From:** Christy.Lea <Christy.Lea@knobbe.com>
**Sent:** Friday, June 25, 2021 5:05 PM
**To:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>; Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>
**Cc:** Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Subject:** Pavemetrics v. Tetra Tech -Source Code

*EXTERNAL* Email:

Exhibit 9
- 68 -

Dear Counsel,

A copy of source code developed for the University of Massachusetts-Lowell for their research under U.S. DOT Cooperative Agreement No. RITARS-12-H-UML, as described in the UML-TRB2014 article (PAVEMETRICS0000409-PAVEMETRICS0000426), is now available for inspection at Knobbe's Orange County office.

Best,
Christy


**Christy Lea**
Partner
949-721-7642 **Direct**
949-500-6972 **Cell**
**Knobbe Martens**


NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Exhibit 9
- 69 -

# EXHIBIT 10

| From: | Cerulli, Nicholas |
|---|---|
| To: | Christy.Lea; Lit PAVEL.001L |
| Cc: | Parker, Aaron; Chung, Daniel; Ridge, Donald L.; Palace, Victor |
| Subject: | Pavemetrics v. Tetra Tech - source code inspection |
| Date: | Wednesday, July 7, 2021 5:11:00 PM |
| Attachments: | image001.jpg |

Christy,

We plan to inspect Pavemetrics' source code on July 14, 15, and 16.   Please confirm that we will have access to the source code during normal business hours (8:00 AM - 6:00 PM) on those days. The following individuals will be in attendance:

Victor Palace
Vassilios Morellas
Ted Morris
Donald Ridge

As with the inspection in May, please confirm that Visual Studio Code and Understand (SciTools) will be installed on the Source Code Review computer.  Please also confirm that we will have a breakout room reserved for the days of the inspection, and that the same computer arrangement (two computer screens, a mouse, and printer) will be available as well.

In addition, we maintain that the source code logs do not contain source code and thus should be produced through normal production.  We further reserve our right to seek the court's intervention on this issue.  Nevertheless, in our June 7th meet and confer, you offered to install a French to English translator tool on the Source Code Review computer to assist with review of the French portions of the source code logs.  Please confirm that you will install this translator tool for the inspection as well.

Finally, per your June 16th email, we understand that Pavemetrics' git repository will be available on the Source Code Review computer.

Best regards,
Nick

**Nicholas Cerulli**
**Associate**
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | www.finnegan.com



Exhibit 10
- 70 -

1 | Case No. 2:21-CV-1289-MCS-MMA

2 | **CERTIFICATE OF SERVICE**

3 | ***PAVEMETRICS SYSTEMS, INC. V. TETRA TECH, INC.***

4

5 | **UNITED STATES DISTRICT COURT FOR THE**
**CENTRAL DISTRICT OF CALIFORIA**

6 | STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

7
8 | I am employed in the County of Los Angeles , State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1055 West Seventh Street, Suite 2400, Los Angeles, CA 90017.

9 | On August 16, 2021, I served the following document(s) described as

10
11 | **REPLY DECLARATION OF AARON PARKER IN SUPPORT OF TETRA TECH'S MOTION FOR LEAVE TO AMEND**

12 | on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

13 | **SEE ATTACHED LIST**

14
15
16 | ☐ (BY U.S. MAIL):  I am personally and readily familiar with the business practice of Clark Hill LLP for collection and processing of correspondence for mailing with the United States Parcel Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Los Angeles, California.

17
18 | ☑ **BY ELECTRONIC TRANSMISSION:**  The above-referenced documents were sent via electronic transmission to the addressee(s)'s email address as indicated on this Proof of Service.

19
20 | Executed on August 16, 2021, at Los Angeles , California.

21
22 | I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

23

24

25 | Diane Vo

26

27

28

1

## SERVICE LIST

2
3
4
5
6
7
8
9
10

| Christy L Lea, Esq.<br>Nicholas Matthew Zovko, Esq.<br>Joseph R. Re, Esq.<br>Payne McQueen Montgomery, Esq.<br>**Knobbe Martens Olson and Bear LLP**<br>2040 Main Street 14th Floor<br>Irvine, California 92614<br>Tel: 949-760-0404<br>Fax: 949-750-9502<br>Email: joe.re@knobbe.com;<br>Mac.montgomery@knobbe.com;<br>Nicholas.zovko@knobbe.com;<br>clea@kmob.com;<br>litigation@kmob.com | Attorneys for Plaintiff, ***Pavemetrics Systems, Inc*** |
| --- | --- |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4