Joseph R. Re (SBN 134,479)
joe.re@knobbe.com
Christy G. Lea (SBN 212,060)
christy.lea@knobbe.com
Nicholas M. Zovko (SBN 238,248)
nicholas.zovko@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Payne M. Montgomery (*Pro Hac Vice*)
mack.montgomery@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1717 Pennsylvania Ave. N.W., Ste. 900
Washington D.C. 20006
Phone: (202) 640-6400
Facsimile: (202) 640-6401

Attorneys for Plaintiff/Counterclaim Defendant
PAVEMETRICS SYSTEMS, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

|  |  |
|---|---|
| PAVEMETRICS SYSTEMS, INC., | Case No. 2:21-cv-01289 MCS-MMA |
| Plaintiff, | **PAVEMETRICS' ANSWER TO TETRA TECH'S FIRST AMENDED COUNTERCLAIM** |
| v. |  |
| TETRA TECH, INC., |  |
| Defendant. |  |
| AND RELATED COUNTERCLAIMS | Honorable Mark C. Scarsi<br>Honorable Maria A. Audero |

Pavemetrics Systems, Inc. ("Pavemetrics") hereby answers the First Amended Counterclaim [ECF 79] of Tetra Tech, Inc. and Tech TAS Inc. (collectively, "Tetra Tech"). Pavemetrics denies all allegations in Tetra Tech's First Amended Counterclaim, whether express or implied, that are not specifically admitted below. Pavemetrics also denies that Tetra Tech is entitled

to the relief requested in Tetra Tech's First Amended Counterclaim, or to any other relief. Pursuant to Paragraph 12 of the Court's Initial Standing Order for Civil Cases Assigned to Judge Mark C. Scarsi (ECF 11), Pavemetrics files its compulsory counterclaim for invalidity concurrently herewith in a separate document.

## NATURE OF COUNTERCLAIMS

1.      Pavemetrics admits that Tetra Tech's First Amended Counterclaim purports to set forth claims for patent infringement of the '293 patent and '557 patent, under 35 U.S.C. § 271. Pavemetrics denies any and all remaining allegations contained in Paragraph 1.

2.      Pavemetrics admits that Tetra Tech's First Amended Counterclaim purports to seek injunctive relief and damages, but Pavemetrics denies that Tetra Tech is entitled to any relief whatsoever. Pavemetrics denies any and all remaining allegations contained in Paragraph 2.

## THE PARTIES

3.      Admitted, upon information and belief.

4.      Admitted, upon information and belief.

5.      Admitted.

## JURISDICTION AND VENUE

6.      Pavemetrics admits that Tetra Tech alleges that (a) Tetra Tech's Counterclaims arise under 35 U.S.C. § 101, *et seq.*, and (b) the Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 1338(a). Pavemetrics denies any and all remaining allegations contained in Paragraph 6.

7.      Admitted, for the purposes of this action only.

8.      Admitted, for the purposes of this action only.

## THE ASSERTED PATENTS

9.      Pavemetrics admits that U.S. Patent No. 10,362,293 is titled "3D Track Assessment System and Method," and that it issued on July 23, 2019.

Pavemetrics admits that it filed a Complaint for Declaratory Judgment of Non-Infringement of the '293 patent.  Pavemetrics admits that the '293 patent appears to be attached as Exhibit A to Tetra Tech's Counterclaim.  Pavemetrics denies any and all remaining allegations contained in Paragraph 9.

10.     Pavemetrics lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and on that basis denies the allegations.

11.     Denied.

12.     Pavemetrics admits that U.S. Patent No. 10,616,557 is titled "3D Track Assessment Method," and that it issued on April 7, 2020.  Pavemetrics admits that the '557 patent appears to be attached as Exhibit Q to Tetra Tech's Counterclaim.  Pavemetrics denies any and all remaining allegations contained in Paragraph 12.

13.     Pavemetrics lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and on that basis denies the allegations.

14.     Denied.

**FACTS GIVING RISE TO THIS ACTION**

15.     Pavemetrics lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and on that basis denies the allegations.

16.     Pavemetrics admits that automated processes may be used to replace manual track inspection.  Paragraph 16 contains opinions to which no response is required.  Pavemetrics denies any and all remaining allegations contained in Paragraph 16.

17.     Paragraph 17 contains opinions to which no response is required.

18.     Denied.

19.     Denied.

20.    Admitted.

21.    Admitted.

22.    Pavemetrics admits that it performed field use and testing at the Transportation Technology Center in Pueblo, Colorado.  Pavemetrics admits that it has started its fourth FRA-funded project.  Pavemetrics denies any and all remaining allegations contained in Paragraph 22.

23.    Denied.

24.    Pavemetrics admits selling two LRAIL systems to CSX, one delivered in Jacksonville, FL and the other delivered in Waycross, GA. Pavemetrics denies any and all remaining allegations contained in Paragraph 24.

25.    Pavemetrics admits that CSX has purchased Pavemetrics' LRAIL system.  Pavemetrics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25, and on that basis denies any remaining allegations.

26.    Pavemetrics admits that it received a letter from Tetra Tech's counsel regarding the '293 patent and dated January 5, 2021.  Pavemetrics admits that the letter was addressed to Richard Habel, Pavemetrics' President and CEO.  Pavemetrics admits that letter has the words set forth in Exhibit B to Pavemetrics' Complaint (ECF 1-1).  Pavemetrics admits that, on January 19, 2021, Mr. Habel responded to that letter explaining that it was unaware of the '293 patent and intends to have a U.S. patent attorney study the patent. Pavemetrics admits that it received emails from Tetra Tech's counsel dated January 25, 2021 and February 5, 2021.  Pavemetrics admits that those emails have the words set forth in Exhibits D and F, respectively, to Pavemetrics' Complaint (ECF 1-1).  Pavemetrics denies any and all remaining allegations contained in Paragraph 26.

27.    Pavemetrics admits that, on February 11, 2021, it filed a Complaint for Declaratory Judgment of Non-Infringement of the '293 patent.  Pavemetrics

admits that its Complaint pleads that Pavemetrics has been commercially using and selling its LRAIL track inspection system in the United States since as early as 2012.  Pavemetrics admits that its Complaint pleads that if Tetra Tech could prove that the LRAIL system falls within the scope of one or more claims of the '293 patent, Pavemetrics would have a complete defense to any such infringement under 35 U.S.C. § 273.  Pavemetrics denies any and all remaining allegations contained in Paragraph 27.

28.    Pavemetrics admits that, on February 12, 2021, its counsel sent a letter to Tetra Tech's counsel explaining that Pavemetrics does not infringe the '293 patent and that Pavemetrics has been commercially using its LRAIL technology in the U.S. since at least 2012.  Pavemetrics admits that its counsel enclosed a Tetra Tech proposal titled "Pavement Asset Management Program" for the Town of Gibsons, British Columbia, which includes Appendix B titled Data Collection Equipment Specifications.   Appendix B, which is dated February 12, 2014, describes Pavemetrics' 3D Laser Crack Measurement System (LCMS).   Pavemetrics denies any and all remaining allegations contained in Paragraph 28.

29.    Pavemetrics admits that, on November 3, 2020, it filed an intent-to-use trademark application for the mark RAILMETRICS with the United States Patent and Trademark Office.   Pavemetrics admits that the trademark application claims priority to a Canadian trademark application filed on October 22, 2020.   Pavemetrics denies any and all remaining allegations contained in Paragraph 29.

30.    Denied.

31.    Pavemetrics admits that Tetra Tech inspected Pavemetrics' highly confidential source code on July 14-16, 2021.  Pavemetrics denies any and all remaining allegations contained in Paragraph 31.

32.    Pavemetrics admits that on July 22, 2021, Pavemetrics' counsel

received a letter from Tetra Tech's counsel asserting infringement of the '557 patent.   Pavemetrics denies any and all remaining allegations contained in Paragraph 32.

## COUNT I

33.   Pavemetrics realleges and incorporates by reference as if set forth fully herein its responses above to Paragraphs 1-32.

34.   Denied.

35.   Denied.

36.   Denied.

37.   Denied.

38.   Denied.

39.   Denied.

40.   Paragraph 40 does not include any allegations against Pavemetrics. Thus, no response appears to be required.   To the extent a response is required, Pavemetrics denies any allegations of Paragraph 40.

41.   Pavemetrics admits that it received a letter from Tetra Tech's counsel regarding the '293 patent and dated January 5, 2021.   Pavemetrics admits that the letter was addressed to Richard Habel, Pavemetrics' President and CEO.   Pavemetrics denies any and all remaining allegations contained in Paragraph 41.

42.   Denied.

## COUNT II

43.   Pavemetrics realleges and incorporates by reference as if set forth fully herein its responses above to Paragraphs 1-42.

44.   Denied.

45.   Denied.

46.   Denied.

47.   Denied.

48.     Denied.

49.     Paragraph 49 does not include any allegations against Pavemetrics. Thus, no response appears to be required.  To the extent a response is required, Pavemetrics denies any allegations of Paragraph 49.

50.     Pavemetrics admits that its counsel in this lawsuit received a letter from Tetra Tech's counsel regarding the '557 patent on July 22, 2021. Pavemetrics denies any and all remaining allegations contained in Paragraph 50.

51.     Denied.

## PRAYER FOR RELIEF

Pavemetrics denies Tetra Tech is entitled to any relief sought through its Counterclaims.  Pavemetrics asks the Court to deny any and all relief requested by Tetra Tech in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

Pavemetrics asserts the following affirmative defenses, without assuming the burden of proof for any defense.  Headings are included for convenience only and do no limit Pavemetrics' defenses.  Pavemetrics reserves the right to supplement its affirmative defenses as the action proceeds.

## FIRST DEFENSE
### (Invalidity)

52.     One or more claims of the '293 patent are invalid for failure to meet the conditions of patentability under Title 35 of the United States Code, including those set forth in at least 35 U.S.C. §§ 102, 103, and 112.  *See* Pavemetrics' Counterclaim for Declaratory Judgment of Invalidity.

53.     One or more claims of the '557 patent are invalid for failure to meet the conditions of patentability under Title 35 of the United States Code, including those set forth in at least 35 U.S.C. §§ 102, 103, and 112.  *See* Pavemetrics' Counterclaim for Declaratory Judgment of Invalidity.

**SECOND DEFENSE**
**(Prior Commercial Use)**

54.     Pavemetrics has been commercially using and selling its LRAIL track inspection system (or a predecessor) in the United States since at least as early as 2012.  If Tetra Tech could prove that the LRAIL system falls within the scope of one or more claims of the '293 patent and/or one or more claims of the '557 patent, Pavemetrics would have a complete defense to any such infringement under 35 U.S.C. § 273.

**THIRD DEFENSE**
**(Prosecution History Estoppel)**

55.     As a result of prosecution of one or more patents or patent applications, Tetra Tech is estopped from seeking a claim scope, either literally or under the doctrine of equivalents, that would encompass any of Pavemetrics' products.

**FOURTH DEFENSE**
**(Estoppel)**

56.     Tetra Tech, by its conduct, is equitably and legally estopped from asserting its Counterclaims.  After both the '293 patent issued and the '557 patent issued, Tetra Tech continued to do business with Pavemetrics and encouraged sales of LRAIL systems.

57.     In June 2020, Tetra Tech contacted Pavemetrics and requested a quote for the purchase of an LRAIL system.  Accordingly, Pavemetrics provided Tetra Tech with a quote showing the price of an LCMS system with LRAIL software and prices for extended support options.

58.     On June 10, 2020, Tetra Tech replied with follow-up questions.  Tetra Tech asked: (1) whether the LRAIL software would work with LCMS sensors Tetra Tech already owned; (2) whether Pavemetrics would offer Tetra Tech a discount for multiple LRAIL systems; and (3) whether Tetra Tech could

attend the delivery of the LRAIL system to a customer in the United States, CSX.

59.    On June 12, 2020, Pavemetrics responded that it might provide Tetra Tech with a discount for an LRAIL purchase.  Pavemetrics also offered to arrange an LRAIL demo license for one of Tetra Tech's existing LCMS systems, and suggested that it could bundle features at more attractive price. Pavemetrics also provided Tetra Tech with drawings for how the LRAIL sensors could be installed on a boxcar.

60.    During this June 2020 correspondence, Tetra Tech never suggested that LRAIL might infringe the '293 patent nor even mentioned that the '293 patent even existed.  Tetra Tech also never suggested that LRAIL might infringe the '557 patent nor even mentioned that the '557 patent even existed.

61.    Pavemetrics relied on Tetra Tech's conduct and continued to sell its LRAIL system in the United States.  It would be inequitable for Tetra Tech to mislead Pavemetrics by continuing to conduct business with Pavemetrics and seeking to purchase Pavemetrics' now-accused LRAIL system, and then to later assert that those same acts infringe a Tetra Tech patent.    Under these circumstances and under the doctrine of estoppel, Tetra Tech cannot seek damages from Pavemetrics for committing the very acts Tetra Tech encouraged and caused, all while never mentioning the '293 patent or the '557 patent.

**FIFTH DEFENSE**
**(Waiver and Acquiescence)**

62.    Tetra Tech's Counterclaims are barred by the equitable defenses of waiver and acquiescence.  Pavemetrics incorporates by reference the factual allegations above from its Fourth Defense.

**SIXTH DEFENSE**
**(Failure to Give Notice)**

63.    On information and belief, Tetra Tech failed to properly mark any

-9-

relevant products or systems as required by 35 U.S.C. § 287.  Tetra Tech failed to give Pavemetrics actual or constructive notice of Tetra Tech's allegation that Pavemetrics' actions infringed the '293 patent, at least prior to receiving Tetra Tech's letter to Pavemetrics dated January 5, 2021.  Tetra Tech also failed to give Pavemetrics actual or constructive notice of Tetra Tech's allegation that Pavemetrics' actions infringed the '557 patent, at least prior to receiving Tetra Tech's letter to Pavemetrics' counsel dated July 22, 2021.  Accordingly, Pavemetrics is not liable to Tetra Tech for any of the acts alleged to have been performed before Pavemetrics received actual or constructive notice of the '293 patent.  Similarly, Pavemetrics is not liable to Tetra Tech for any of the acts alleged to have been performed before Pavemetrics received actual or constructive notice of the '557 patent.

## SEVENTH DEFENSE
### (28 U.S.C. § 1498)

64.    Tetra Tech's claims for relief are barred in this Court, at least in part, because Pavemetrics' products are provided under contract to the United States Government (*see, e.g.*, 28 U.S.C. § 1498).  Accordingly, Pavemetrics' products are being used by the U.S. Government and with the authorization or consent of the U.S. Government.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  September 8, 2021

By:  */s/ Nicholas M. Zovko*
Joseph R. Re
Christy G. Lea
Nicholas M. Zovko
Payne M. Montgomery

Attorneys for Plaintiff/Counterclaim Defendant,
PAVEMETRICS SYSTEMS, INC.

-10-