Joseph R. Re (SBN 134,479)
joe.re@knobbe.com
Christy G. Lea (SBN 212,060)
christy.lea@knobbe.com
Nicholas M. Zovko (SBN 238,248)
nicholas.zovko@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Payne M. Montgomery (*Pro Hac Vice*)
mack.montgomery@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1717 Pennsylvania Ave. N.W., Ste. 900
Washington D.C. 20006
Phone: (202) 640-6400
Facsimile: (202) 640-6401

Attorneys for Plaintiff/Counterclaim Defendant
PAVEMETRICS SYSTEMS, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TETRA TECH, INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | Case No. 2:21-cv-01289 MCS-MMA <br><br> **PAVEMETRICS' FIRST AMENDED COMPULSORY COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY AND NON-INFRINGEMENT** <br><br> Honorable Mark C. Scarsi <br> Honorable Maria A. Audero |

On August 25, 2021, Tetra Tech, Inc. and Tech TAS Inc. (collectively, "Tetra Tech") filed a First Amended Counterclaim. ECF 79. In response to Tetra Tech's First Amended Counterclaim, Pavemetrics Systems, Inc. ("Pavemetrics") files this First Amended Compulsory Counterclaim for Declaratory Judgment of Invalidity and Non-Infringement, and alleges as

follows. Pursuant to Paragraph 12 of the Court's Initial Standing Order for Civil Cases Assigned to Judge Mark C. Scarsi (ECF 11), Pavemetrics is filing its compulsory counterclaim as a separate document from its answer to Tetra Tech's First Amended Counterclaim.

## I. JURISDICTION AND VENUE

1. This Counterclaim arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338.

3. Tetra Tech, Inc. is subject to the jurisdiction of this Court, *inter alia*, because it invoked the jurisdiction of this Court by filing its counterclaims for infringement and because it resides in this Judicial District.

4. Tetra Tech TAS Inc. is subject to the jurisdiction of this Court, *inter alia*, because it invoked the jurisdiction of this Court by filing its third-party counterclaim for infringement.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## II. THE PARTIES

6. Pavemetrics Systems, Inc. is a Canadian corporation, with its principal place of business at 150 boul. Rene-Levesque est, Suite 1820, Quebec, Canada, G1R5B1.

7. Upon information and belief, and based on Tetra Tech's allegations in its Counterclaim, Tetra Tech, Inc. is a Delaware corporation with its principal place of business at 3475 East Foothill Boulevard, Pasadena, CA 91107.

8. Upon information and belief, and based on Tetra Tech's allegations in its Counterclaim, Tetra Tech TAS Inc. is a Canadian corporation with its principal place of business at 14940 123 Avenue, Edmonton, Alberta, Canada

T5V 1B4.

## III. BACKGROUND

9. On February 11, 2021, Pavemetrics filed a Complaint for Declaratory Judgment of Non-Infringement against Tetra Tech, Inc. ECF 1. In that Complaint, Pavemetrics sought a declaration that it does not infringe, nor has it infringed, any claim of U.S. Patent No. 10,362,293, or in the alternative, has a complete defense to any infringement under 35 U.S.C. § 273.

10. On March 3, 2021, Tetra Tech Inc. answered Pavemetrics' Complaint. ECF 12. Tetra Tech Inc., joined by third-party counterclaimant, Tetra Tech TAS Inc., filed a counterclaim for infringement of the '293 patent and did so in the same pleading as Tetra Tech Inc.'s Answer.

11. On August 25, 2021, Tetra Tech filed a First Amended Counterclaim alleging that Pavemetrics infringes U.S. Patent No. 10,616,557. ECF 79.

## IV. FIRST COUNTERCLAIM
(Declaratory Judgment of Invalidity of the '293 Patent)

12. Pavemetrics restates, realleges, and incorporates by reference the allegations made in Paragraphs 1-11 of this Counterclaim.

13. An actual controversy exists between Pavemetrics and Tetra Tech over the invalidity of U.S. Patent No. 10,362,293. Tetra Tech filed a counterclaim in this action alleging that Pavemetrics infringes at least Claims 1, 15, 16, 19-22, 36, 37, and 40-42 of the '293 patent by bidding and contracting for, offering to sell, selling, using, testing, and importing the LRAIL in the United States. ECF 12 at ¶¶ 28-37; ECF 79 at ¶¶ 33-42.

14. The claims of the '293 patent are invalid because they fail to comply with one or more requirements of United States Code Title 35, including, without limitation, one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112 or other judicially created bases for invalidity.

15. As a non-limiting example, at least Claim 1 of the '293 patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 in view of at least *Automatic Track Inspection Using 3D Laser Profilers to Improve Rail Transit Asset Condition Assessment and State of Good Repair – A Preliminary Study* by Metari et al. ECF 31-10.

16. Pavemetrics seeks a declaration of this Court that the claims of the '293 patent are invalid.

## V. SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '557 Patent)

17. Pavemetrics restates, realleges, and incorporates by reference the allegations made in Paragraphs 1-16 of this Counterclaim.

18. An actual controversy exists between Pavemetrics and Tetra Tech over the invalidity of U.S. Patent No. 10,616,557. Tetra Tech filed a counterclaim in this action alleging that Pavemetrics infringes at least Claims 8-10 and 14 of the '557 patent by bidding and contracting for, offering to sell, selling, using, testing, and importing the LRAIL in the United States. ECF 79 at ¶¶ 43-51.

19. The claims of the '557 patent are invalid because they fail to comply with one or more requirements of United States Code Title 35, including, without limitation, one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112 or other judicially created bases for invalidity.

20. As a non-limiting example, at least Claim 8 of the '557 patent is invalid as obvious under 35 U.S.C. § 103 in view of at least U.S. Patent Publication No. 2014/0375770 to Habel et al.

21. Pavemetrics seeks a declaration of this Court that the claims of the '557 patent are invalid.

## VI. THIRD COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '557 Patent)

22. Pavemetrics restates, realleges, and incorporates by reference the allegations made in Paragraphs 1-21 of this Counterclaim

23. An actual controversy exists between Pavemetrics and Tetra Tech over the non-Infringement of U.S. Patent No. 10,616,557. Tetra Tech filed a counterclaim in this action alleging that Pavemetrics infringes at least Claims 8-10 and 14 of the '557 patent by bidding and contracting for, offering to sell, selling, using, testing, and importing the LRAIL in the United States. ECF 79 at ¶¶ 43-51.

24. Pavemetrics denies that the bidding and contracting for, offering to sell, selling, using, testing, and importing the LRAIL in the United States infringes any claim of the '557 patent.

25. If Tetra Tech could prove that the LRAIL system falls within the scope of one or more claims of the '557 patent, Pavemetrics would have a complete defense to any such infringement under 35 U.S.C. § 273.

26. Pavemetrics has been commercially using and selling its LRAIL track inspection system in the United States since as early as 2012.

27. Because 2012 is at least one year before the effective filing date of the '557 patent, and because Pavemetrics has been using and selling the LRAIL track inspection system without abandonment since that time, Pavemetrics' prior commercial use provides it with a complete defense to any infringement under section 273.

28. Declaratory relief is necessary and appropriate so that Pavemetrics may ascertain its rights regarding the '557 patent.

29. For the reasons set forth above, Pavemetrics respectfully requests that this Court declare that it does not infringe, nor has it infringed, any claim of the '557 patent, or in the alternative, has a complete defense to any infringement

under 35 U.S.C. § 273.

## VII. PRAYER FOR RELIEF

Pavemetrics respectfully requests the following relief:

A. That the Court enter a judgment against Tetra Tech and in favor of Pavemetrics on the claims set forth in Tetra Tech's Counterclaim and that each such claim be dismissed with prejudice;

B. That the Court enter judgment declaring that the claims of U.S. Patent No. 10,362,293 are invalid;

C. That the Court enter judgment declaring that the claims of U.S. Patent No. 10,616,557 are invalid;

D. That the Court enter a judgment declaring that Pavemetrics has not infringed and does not infringe any claim of U.S. Patent No. 10,616,557, or in the alternative, has a complete defense to any infringement under 35 U.S.C. § 273;

E. That the Court declare that Pavemetrics is free and clear to make, use, offer for sale and sell its LRAIL inspection system despite any rights Tetra Tech purports to own;

F. That the Court enjoin Tetra Tech from representing to anyone that Pavemetrics is infringing on any rights Tetra Tech purports to own, including any rights based on the patents in suit;

G. That the Court declare that this case is exceptional under 35 U.S.C. § 285 and award Pavemetrics its attorneys' fees, costs, and expenses incurred in this Action; and

H. That the Court award Pavemetrics any other relief as the Court deems just, equitable, and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: September 8, 2021

By: */s/ Nicholas M. Zovko*
Joseph R. Re
Christy G. Lea
Nicholas M. Zovko
Payne M. Montgomery

Attorneys for Plaintiff/Counterclaim Defendant,
PAVEMETRICS SYSTEMS, INC.