Donald Ridge, Esq. (SBN: 132171)
**CLARK HILL LLP**
1055 West Seventh Street, Suite 2400
Los Angeles, CA 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
DRidge@clarkhill.com

Aaron L. Parker (*pro hac vice*)
aaron.parker@finnegan.com
Daniel G. Chung (*pro hac vice*)
daniel.chung@finnegan.com
Nicholas A. Cerulli (*pro hac vice*)
nicholas.cerulli@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue NW
Washington, D.C. 20001-4413
Telephone:  (202) 408-4000
Facsimile:  (202) 408-4400

Jency J. Mathew (*pro hac vice*)
jency.mathew@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, Virginia 20190-6023
Telephone:  (571) 203-2700
Facsimile:  (571) 203-2777

*Attorneys for Defendant and Counterclaim Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>TETRA TECH, INC.<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. 2:21-cv-1289 MCS-MMA<br><br>**TETRA TECH'S ANSWER TO PAVEMETRICS' FIRST AMENDED COMPULSORY COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY AND NON-INFRINGEMENT**<br><br>**Honorable Mark C. Scarsi** |

Defendant and Counterclaim Plaintiff Tetra Tech, Inc. and Counterclaim Plaintiff Tetra Tech TAS Inc. (collectively, "Tetra Tech") hereby file their Answer to Pavemetrics' First Amended Compulsory Counterclaim for Declaratory Judgment of Invalidity and Non-Infringement filed on September 8, 2021 ("First Amended Compulsory Counterclaim") by Plaintiff and Counterclaim Defendant Pavemetrics Systems, Inc. ("Pavemetrics"). Each of the paragraphs below corresponds to the same numbered paragraph in the First Amended Compulsory Counterclaim. Tetra Tech denies all allegations in the First Amended Compulsory Counterclaim, whether express or implied, that are not specifically admitted below. Tetra Tech further denies that Pavemetrics is entitled to the relief requested in the First Amended Compulsory Counterclaim, or to any other relief.

## I.   JURISDICTION AND VENUE

1. Tetra Tech admits that Pavemetrics alleges that this First Amended Compulsory Counterclaim arises under 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Tetra Tech denies the merits of the First Amended Compulsory Counterclaim or that Pavemetrics has stated a cause of action, and therefore, except as expressly admitted, denies any other allegations set forth in paragraph 1.

2. Tetra Tech admits that Pavemetrics alleges that this Court has subject matter jurisdiction over this First Amended Compulsory Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338. Tetra Tech denies the merits of the First Amended Compulsory Counterclaim or that Pavemetrics has stated a cause of action, and therefore, except as expressly admitted, denies any other allegations set forth in paragraph 2.

3. Admitted, for the purposes of this action only.

4. Admitted, for the purposes of this action only.

5. Admitted, for the purposes of this action only.

///

## II. THE PARTIES

6. Tetra Tech lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph.

7. Admitted.

8. Admitted.

## III. BACKGROUND

9. Tetra Tech admits that, on February 11, 2021, Pavemetrics filed a Complaint for Declaratory Judgment of Non-Infringement against Tetra Tech, Inc. In that Complaint, Pavemetrics requested in its prayer for relief that "the Court enter a judgment declaring that Pavemetrics has not infringed and does not infringe any claim of the '293 patent, or in the alternative, has a complete defense to any infringement under 35 U.S.C. § 273." Tetra Tech denies the merits of the Complaint or that Pavemetrics has stated a cause of action or that Pavemetrics is entitled to the declaratory relief sought in the Complaint, and therefore, except as expressly admitted, denies any other allegations set forth in paragraph 9.

10. Tetra Tech admits that on March 3, 2021, Tetra Tech, Inc. answered Pavemetrics' Complaint. Tetra Tech also admits that on March 3, 2021, Tetra Tech, Inc., joined by third-party counterclaimant, Tetra Tech TAS Inc., filed a counterclaim for infringement of the '293 patent.

11. Tetra Tech admits that on August 25, 2021, Tetra Tech filed a First Amended Counterclaim alleging that Pavemetrics infringes U.S. Patent No. 10,616,557.

## IV. FIRST COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '293 Patent)**

12. Tetra Tech restates and incorporates by reference its responses made in paragraphs 1-11 of this Answer.

13. Tetra Tech admits an actual controversy exists between the parties at least because Pavemetrics has been and is directly infringing under 35 U.S.C. § 271, literally or under the doctrine of equivalents, at least claims 1, 15, 16, 19-22, 36, 37, and 40-42

1. of the '293 patent by bidding and contracting for, offering to sell, selling, using, testing, and importing the LRAIL in the United States. ECF 12 at ¶¶ 28-37; ECF 79 at ¶¶ 33-42. An actual controversy also exists between the parties because Pavemetrics has also been and continues to induce its customers to directly infringe at least Claims 1, 15, 16, 19-22, 36, 37, and 40-42 of the '293 patent by intentionally promoting, advertising, aiding, and instructing customers (e.g., the FRA, CSX) to bid on, purchase, and use its LRAIL in the United States. *See id.* An actual controversy also exists between the parties because Pavemetrics has also contributed and continues to contribute to infringement of the '293 patent.

14. Denied.

15. Denied.

16. Tetra Tech admits that Pavemetrics seeks a declaration that the claims of the '293 patent are invalid. Tetra Tech denies the merits of the First Amended Compulsory Counterclaim, or that Pavemetrics is entitled to the declaratory relief sought in the First Amended Compulsory Counterclaim, or any other relief whatsoever.

## V. SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '557 Patent)

17. Tetra Tech restates and incorporates by reference its responses made in paragraphs 1-16 of this Answer.

18. Tetra Tech admits an actual controversy exists between the parties at least because Pavemetrics has been and is directly infringing under 35 U.S.C. § 271, literally or under the doctrine of equivalents, at least claims 8-10 and 14 of the '557 patent by bidding and contracting for, offering to sell, selling, using, testing, and importing the LRAIL in the United States. ECF 79 at ¶¶ 43-51. An actual controversy also exists between the parties because Pavemetrics has also been and continues to induce its customers to directly infringe at least claims 8-10 and 14 of the '557 patent by intentionally promoting, advertising, aiding, and instructing customers (e.g., the FRA, CSX) to bid on, purchase, and use its LRAIL in the United States. *See id.* An actual

controversy also exists between the parties because Pavemetrics has also contributed and continues to contribute to infringement of the '557 patent.

19. Denied.

20. Denied.

21. Tetra Tech admits that Pavemetrics seeks a declaration that the claims of the '557 patent are invalid. Tetra Tech denies the merits of the First Amended Compulsory Counterclaim, or that Pavemetrics is entitled to the declaratory relief sought in the First Amended Compulsory Counterclaim, or any other relief whatsoever.

## VI. THIRD COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement of the '557 Patent)**

22. Tetra Tech restates and incorporates by reference its responses made in paragraphs 1-21 of this Answer.

23. Tetra Tech admits an actual controversy exists between the parties at least because Pavemetrics has been and is directly infringing under 35 U.S.C. § 271, literally or under the doctrine of equivalents, at least claims 8-10 and 14 of the '557 patent by bidding and contracting for, offering to sell, selling, using, testing, and importing the LRAIL in the United States. ECF 79 at ¶¶ 43-51. An actual controversy also exists between the parties because Pavemetrics has also been and continues to induce its customers to directly infringe at least claims 8-10 and 14 of the '557 patent by intentionally promoting, advertising, aiding, and instructing customers (e.g., the FRA, CSX) to bid on, purchase, and use its LRAIL in the United States. *See id.* An actual controversy also exists between the parties because Pavemetrics has also contributed and continues to contribute to infringement of the '557 patent.

24. Denied

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Tetra Tech admits that Pavemetrics requests a declaration that it does not infringe the '557 patent, or in the alternative, has a complete defense to any infringement under 35 U.S.C. § 273. Tetra Tech denies the merits of the First Amended Compulsory Counterclaim, or that Pavemetrics is entitled to the declaratory relief sought in the First Amended Compulsory Counterclaim, or any other relief whatsoever.

## VII.  PRAYER FOR RELIEF

Tetra Tech denies any and all allegations that any claims of the '293 patent are invalid. Tetra Tech denies any and all allegations that any claims of the '557 patent are invalid. Tetra Tech denies any and all allegations that Pavemetrics has not infringed and does not infringe any claim of the '557 patent, or that Pavemetrics has a complete defense to any infringement under 35 U.S.C. § 273. Tetra Tech denies all allegations that Pavemetrics is entitled to any relief requested in paragraphs "A-H" of the First Amended Compulsory Counterclaim's Prayer for Relief, or any other relief whatsoever. Tetra Tech asks the Court to deny any and all relief requested by Pavemetrics in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without altering any applicable burdens of proof, Tetra Tech asserts the following defenses to the First Amended Compulsory Counterclaim and reserves its right to assert additional defenses.

## FIRST AFFIRMATIVE DEFENSE

Pavemetrics' First Amended Compulsory Counterclaim fails to allege facts sufficient to state a claim upon which relief can be granted.

///
///
///
///
///

## RIGHT TO ASSERT ADDITIONAL DEFENSES

Tetra Tech reserves the right to assert and pursue any additional defenses, which may be revealed in the further development of this case. Tetra Tech also reserves the right to amend this Answer to assert any claim or defense discovery reveals to be appropriate.

Dated: September 22, 2021   **CLARK HILL LLP**

By: /s/ Donald. L. Ridge
    Donald L. Ridge

Aaron L. Parker (*pro hac vice*)
Daniel G. Chung (*pro hac vice*)
Nicholas A. Cerulli (*pro hac vice*)
Jency J. Mathew (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**

*Attorneys for Defendant and Counterclaim Plaintiffs*
TETRA TECH, INC. AND TETRA TECH TAS INC.