| | |
|---|---|
| Joseph R. Re (SBN 134,479)<br>joe.re@knobbe.com<br>Christy G. Lea (SBN 212,060)<br>christy.lea@knobbe.com<br>Nicholas M. Zovko (SBN 238,248)<br>nicholas.zovko@knobbe.com<br>KNOBBE, MARTENS, OLSON & BEAR, LLP<br>2040 Main Street, Fourteenth Floor<br>Irvine, CA  92614<br>Phone: (949) 760-0404<br>Facsimile: (949) 760-9502<br><br>Payne M. Montgomery (*Pro Hac Vice*)<br>mack.montgomery@knobbe.com<br>1717 Pennsylvania Ave. N.W., Ste. 900<br>Washington D.C. 20006<br>(202) 640-6400 - Main<br>(202) 640-6401 - Fax<br><br>Attorneys for Plaintiff/Counterclaim Defendant<br>PAVEMETRICS SYSTEMS, INC. | Donald L. Ridge<br>dridge@clarkhill.com<br>Clark Hill LLC<br>1055 West Seventh Street Ste 2400<br>Los Angeles, CA 90017-2503<br>Telephone: 213-891-9100<br>Facsimile: 213-488-117<br><br>Aaron L. Parker (*Pro Hac Vice*)<br>aaron.parker@finnegan.com<br>Nicholas A. Cerulli (*Pro Hac Vice*)<br>nicholas.cerulli@finnegan.com<br>Daniel G. Chung (*Pro Hac Vice*)<br>daniel.chung@finnegan.com<br>FINNEGAN, HENDERSON FARABOW, GARRETT & DUNNER, LLP<br>901 New York Ave NW<br>Washington, DC 20001<br>Telephone: (202) 408-4000<br>Facsimile: (202) 408-4400<br><br>Jency J. Mathew (*Pro Hac Vice*)<br>jency.mathew@finnegan.com<br>FINNEGAN, HENDERSON FARABOW, GARRETT & DUNNER, LLP<br>1875 Explorer Street, Suite 800<br>Reston, Virginia 20190-6023<br>Telephone: (571) 203-2700<br>Facsimile: (571) 203-2777<br><br>Attorneys for Defendant and Counterclaimants |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>TETRA TECH, INC.<br><br>Defendant<br><br>AND RELATED COUNTERCLAIS | Case No. 2:21-cv-1289 MCS-MMA<br><br>**JOINT CLAIM CONSTRUCTION PREHEARING STATEMENT**<br><br><u>Hearing</u><br>Date:    November 15, 2021<br>Time:   9:00 a.m.<br>Ctrm:   7C |

Pursuant to the Court's Scheduling Order dated April 22, 2021 (ECF No. 62) and the Court's Order Granting Joint Stipulation to Modify Case Schedule (ECF No. 81), Plaintiff and Counterclaim Defendant Pavemetrics Systems, Inc. ("Pavemetrics") and Defendant Tetra Tech, Inc. and Counterclaim Plaintiff Tetra Tech TAS Inc. (collectively, "Tetra Tech") hereby submit this Joint Claim Construction Prehearing Statement. This Joint Statement contains the parties' respective positions on the information described in the Court's Scheduling Order regarding the construction of disputed claim terms in the asserted claims of U.S. Patent Nos. 10,362,293 and 10,616,557.

The parties submit Exhibit A, attached, which includes the parties' proposed constructions for the disputed claim terms. Exhibit A also includes the intrinsic and extrinsic evidence identified by the parties on August 12, 2021 (for the '293 patent terms) and on September 20, 2021 (for the '557 patent terms). The parties previously agreed to serve any expert declarations with their claim construction briefs.

## I. PAVEMETRICS' STATEMENT

### A. The Asserted Patents and Claims

On June 10, 2021, Tetra Tech served infringement contentions asserting 17 claims from the '293 patent: Claims 1, 2, 4, 15, 16, 19-22, 23, 25, 36, 37, 40-42, 43 (Claims 1 and 22 are independent).

On August 30, 2021, Tetra Tech served infringement contentions asserting 4 claims from the '557 patent: Claims 8-10, 14 (Claims 8 and 14 are independent).

### B. Proposed Terms for Construction

On July 29, 2021, Pavemetrics proposed 10 terms in the '293 patent for construction.[1] Tetra Tech did not propose any terms for construction or provide any claim constructions, but instead asserted that no term needed construction.

---

[1] Pavemetrics originally proposed 11 terms but dropped one term before serving intrinsic and extrinsic evidence.

- 1 -

The parties served their "citations of intrinsic and extrinsic evidence" for these terms on August 12, 2021. Tetra Tech did not cite to any extrinsic evidence for any term.

On August 23, 2021, this Court granted Tetra Tech's motion to add a second patent to this suit. Pavemetrics proposed three terms in the '557 patent for construction. Again, Tetra Tech did not propose any terms for construction or provide any claim constructions, but instead asserted that no term needed construction. The parties served their "citations of intrinsic and extrinsic evidence" for these terms on September 20, 2021. Tetra Tech did not cite to any extrinsic evidence for any term.

**C.     Dispute Over Most Significant Terms**

The parties initially agreed that all 10 terms in the independent claims are the 10 most significant terms, except that Tetra Tech objected to treating "track elevation map" and "three dimensional elevation map" in Claims 1 and 22 of the '293 patent as one term.

Pavemetrics contends that those terms should be treated as one term, for several reasons: the terms have the same meaning, are used interchangeably in the '293 patent claims (*see* claims 30 and 36) and in Tetra Tech's infringement contentions, and Tetra Tech has acknowledged that the dispute is the same with respect to both terms—even identifying the exact same intrinsic evidence for both terms in its Proposed Claim Constructions with Citations of Intrinsic and Extrinsic Evidence served on August 12, 2021:

| Claims | Claim Term | Tetra Tech's Proposed Construction and Identification of Supporting Evidence |
|---|---|---|
| 1, 15, 36 | "track elevation map" | Plain and ordinary meaning. No further construction by the Court is necessary.<br><br>Intrinsic Evidence<br>'293 patent specification at, e.g., 2:11-14, 6:60-61, 6:64-65, 7:10-14, 7:31-32, 9:17-21, 12:65- |

| Claims | Claim Term | Tetra Tech's Proposed Construction and Identification of Supporting Evidence |
|---|---|---|
| | | 13:3, 16:10-11, Figures 2, 4, 10, 11, 12, 19.<br><br>Extrinsic Evidence<br>Tetra Tech reserves the right to offer expert testimony with its claim construction briefing and may provide other extrinsic evidence in response to Pavemetrics' proposed construction and supporting evidence. |
| 22 | "three dimensional elevation map" | Plain and ordinary meaning. No further construction by the Court is necessary.<br><br>Intrinsic Evidence<br>'293 patent specification at, e.g., 2:11-14, 6:60-61, 6:64-65, 7:10-14, 7:31-32, 9:17-21, 12:65-13:3, 16:10-11, Figures 2, 4, 10, 11, 12, 19.<br><br>Extrinsic Evidence<br>Tetra Tech reserves the right to offer expert testimony with its claim construction briefing and may provide other extrinsic evidence in response to Pavemetrics' proposed construction and supporting evidence. |

When Pavemetrics declined to forgo briefing on a different, indefinite term in the '557 patent, Tetra Tech suddenly claimed that "track elevation map" and "three dimensional elevation map" in the '293 patent were not significant terms and attempted to limit the most significant terms to 9 terms.

Tetra Tech is motivated to avoid this Court construing "track elevation map"/"three dimensional elevation map," because if the Court adopts Pavemetrics' construction, Pavemetrics would not infringe any claim of the '293 patent.

D. **Pavemetrics' Most Significant Terms**

Pavemetrics contends that the ten most significant disputed claim terms are those in the asserted independent claims. The disputed claim terms in independent Claims 1 and 22 of the '293 patent are:

- 3 -

1. "appropriate gradient neighborhood"
2. "2D track section over which differential vertical measurements are calculated"
3. "sliding window"
4. "moving the gradient neighborhood like a sliding window over the 3D elevation data"
5. "track elevation map" / "three dimensional elevation map"
6. "identifying"
7. "is configured to run an algorithm"
8. "the algorithm comprising the steps of:" a, b, c, d / "the method comprising the steps of:" a, b, c, d[2]

The disputed claim terms in independent Claims 8 and 14 of the '557 patent are:

9. "tie surface plane model"
10. "tie bounding box"

### E. Additional Claim Terms

Pavemetrics intends to brief the following set of terms in dependent Claim 10 of the '557 patent, which are indefinite due to the claim term "small:"

11. "small area" / "small length"

At Tetra Tech's request, Pavemetrics has agreed not to brief at this time the following terms, which appear in dependent claims of the '293 patent. Pavemetrics reserves the right to later brief these terms should it be necessary to do so.

- "significant vertical gradient edges over a two dimensional area

---

[2] Pavemetrics does not agree that the nine terms identified by Tetra Tech are the most significant terms. Terms 1-5 in Pavemetrics' list are potentially dispositive of the asserted claims in the '293 patent, making them significant. Tetra Tech's suggestion otherwise with respect to term 5 is inconsistent with the parties' infringement and non-infringement contentions. If the Court is inclined to construe fewer terms, then terms 7 and 8, whose meaning is well-supported by case law, may be less significant.

- wherein such vertical gradient edges are greater than a minimum rail height threshold" (Claims 2 and 23)
- "making a plurality of elevation measurements along and around an identified railway track bed feature" (Claims 19 and 40)

## II. TETRA TECH'S STATEMENT

### A. Most Significant Terms

Of the most significant terms identified by Pavemetrics, Tetra Tech agrees that the following nine claim terms from the '293 and '557 patents are most significant to the present case.

'293 Patent

1. "appropriate gradient neighborhood" (claims 1 and 22)
2. "2D track section over which differential vertical measurements are calculated" (claims 1 and 22)
3. "sliding window" (claims 1 and 22)
4. "moving the gradient neighborhood like a sliding window over the 3D elevation data" (claims 1 and 22)
5. "identifying" (claims 1, 2, 15, 19, 20, 21, 22, 23, 36, and 42)
6. "is configured to run an algorithm" (claim 1)
7. "the algorithm comprising the steps of:" a, b, c, d (claim 1) / "the method comprising the steps of:" a, b, c, d" (claim 22)

'557 Patent

8. "tie surface plane model" (claim 8)
9. "tie bounding box" (claims 8 and 14)

The parties could not reach an agreement with respect to a tenth most significant term. Thus, in accordance with the Court's order requiring the parties to evenly divide any remaining terms, which cannot be done here, the total terms identified by all parties is limited to the nine agreed-upon terms above. ECF 62 at 2-3.

Pavemetrics insists that "track elevation map" and "three dimensional elevation map" be treated as one term instead of two terms, so that it can skirt the Court's requirement to identify the 10 most significant terms. But the terms plainly use different language and are recited in different claims, and there is nothing in the intrinsic evidence requiring that they be given the same definition. Further, while the core dispute for these terms overlaps—that there is no basis to import unclaimed limitations into the claims—that does not mean that the terms are the same, have the same meaning, or should be treated as one term.

Despite Pavemetrics' statements to the contrary, Tetra Tech never agreed that all the independent claim terms are the 10 most significant terms, only that the most significant terms would be independent claim terms, but the parties needed to narrow the 12 independent claim terms identified by Pavemetrics to meet the Court's 10-term limit. Tetra Tech has made significant efforts to "narrow the instances of disputed terms" pursuant to the Court's order, which have all been met with resistance from Pavemetrics. In fact, during the parties' meet and confer, Tetra Tech attempted to reach a resolution on other commonly used patent terms (e.g., "identifying," "configured to," and "comprising the steps of") to enable the parties to agree on the 10 most significant terms, but Pavemetrics maintained its unwillingness to narrow the disputes. Tetra Tech also proposed counting and briefing the "track elevation map" and "three dimensional elevation map" terms as one significant term for the purposes of complying with the Court's 10-term limit, provided that the briefing be focused on the 10 most significant terms and the dispute concerning the four other dependent claim terms be addressed later, if necessary. Pavemetrics refused, yet now claims Tetra Tech is motivated to avoid these terms because of Pavemetrics' noninfringement position. Tetra Tech's motivation is to simply comply with the Court's order.

**B. Briefing Additional Claim Terms**

Despite the 10-term limit in the Court's order, Pavemetrics has indicated

that it plans to brief the following four additional claim terms from the '293 and '557 patents below:

'293 Patent

- "track elevation map" (claim 1, 15, and 36)
- "three dimensional elevation map" (claim 22)

'557 Patent

- "small area" (claim 10)
- "small length" (claim 10)

Briefing these additional terms forces Tetra Tech to devote significant pages and resources to terms that have not been agreed-upon by the parties as being most significant, or have not even been identified as most significant by either party (the dependent claim terms of "small area" and "small length"). Tetra Tech requests the Court limit the briefing and subsequent Markman hearing to only the agreed-upon most significant terms. Tetra Tech has already acknowledged that the parties can reserve their rights to later revisit these additional terms should it be necessary.

Tetra Tech understands that Pavemetrics has decided not to brief the following two terms in dispute from the '293 patent:

- "significant vertical gradient edges over a two dimensional area wherein such vertical gradient edges are greater than a minimum rail height threshold" (Claims 2 and 23)
- "making a plurality of elevation measurements along and around an identified railway track bed feature" (Claims 19 and 40)

/ / /

/ / /

/ / /

- 7 -

|   |   |
|---|---|
|   | Respectfully submitted, |
|   |   |
|   | KNOBBE, MARTENS, OLSON & BEAR, LLP |
|   |   |
| Dated: September 27, 2021 | By: */s/ Payne McQueen Montgomery* <br> Joseph R. Re <br> Christy G. Lea <br> Nicholas M. Zovko <br> Payne McQueen Montgomery (*Pro Hac Vice*) |
|   | Attorneys for Plaintiff/Counterclaim Defendant, PAVEMETRICS SYSTEMS, INC. |
|   |   |
|   | Clark Hill LLC |
| Dated: September 27, 2021 | By: */s/ Nicholas A. Cerulli* <br> Donald L. Ridge <br><br> Aaron L. Parker (*Pro Hac Vice*) <br> Daniel G. Chung (*Pro Hac Vice*) <br> Nicholas A. Cerulli (*Pro Hac Vice*) <br> Jency J. Mathew (*Pro Hac Vice*) <br> FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP |
|   | Attorneys for Defendant and Counterclaimant TETRA TECH, INC. and TETRA TECH TAS INC. |

**ATTESTATION OF E-FILED SIGNATURE**

I, Payne McQueen Montgomery, attest that all signatories listed above have read and approved this stipulation and consent to the filing of same in this action.

Dated: September 27, 2021    By: */s/ Payne McQueen Montgomery*
                                                Payne M. Montgomery

- 8 -