Donald L. Ridge (SBN 132171)
**CLARK HILL LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
DRidge@clarkhill.com

Aaron L. Parker (*pro hac vice*)
aaron.parker@finnegan.com
Daniel G. Chung (*pro hac vice*)
daniel.chung@finnegan.com
Nicholas A. Cerulli (*pro hac vice*)
nicholas.cerulli@finnegan.com
Jency J. Mathew (*pro hac vice*)
jency.mathew@finnegan.com
**FINNEGAN HENDERSON**
901 New York Ave NW
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Attorneys for Defendant/Counterclaim
Plaintiff
TETRA TECH, INC. and TETRA
TECH TAS, INC.

Joseph R. Re (SBN 134479)
joe.re@knobbe.com
Christy G. Lea (SBN 212060)
christy.lea@knobbe.com
Nicholas M. Zovko (SBN 238248)
nicholas.zovko@knobbe.com
Payne McQueen Montgomery (*pro hac vice*)
mack.montgomery@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff/Counterclaim
Defendant
PAVEMETRICS SYSTEMS, INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC.<br><br>Plaintiffs,<br><br>v.<br><br>TETRA TECH, INC.<br><br>Defendants.<br><br>_____<br>AND RELATED COUNTERCLAIMS. | CASE NO.: 2:21-CV-1289 MCS-MMA<br><br>**FIRST AMENDED STIPULATED PROTECTIVE ORDER**<br><br>**Honorable Maria A. Audero** |

1

# FIRST AMENDED STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff and Counterclaim Defendant Pavemetrics Systems, Inc. ("Pavemetrics") and Defendant and Counterclaim Plaintiff Tetra Tech, Inc. and Counterclaim Plaintiff Tetra Tech TAS Inc. (collectively "Tetra Tech"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and **ORDERED** that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE." The words "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the words "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or

1  "RESTRICTED CONFIDENTIAL SOURCE CODE."

2       2.    With respect to documents, information, or material designated "CONFIDENTIAL, "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIAL shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

3       3.    A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s)

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

3

shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

4. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 13 herein:

a. outside counsel of record in this Action for the Parties and employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action, except that: (i) as separately agreed to by the Parties, Alissa Green, Ryan Davies, David Reese are prohibited from accessing any CONFIDENTIAL documents or any other Protected Material or DESIGNATED MATERIAL, and (ii) any Finnegan attorneys who directly or indirectly communicated with Pavemetrics during the question and answer portion at Pavemetrics' webinar on April 21, 2021, or participated in such communications or approved the decision to do so, are prohibited from accessing any CONFIDENTIAL documents or any other Protected Material or DESIGNATED MATERIAL;

b. four designated representatives, including up to one in-house counsel, of each of the Parties to the extent reasonably necessary for the litigation of this Action provided that before access is given, the designated representative has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party at least five (5) days before access to the Protected Material;

c. outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation or the co-pending Canadian litigation between the Parties (Canadian Federal Court File No. T-1301-21) (the "Foreign Action"), except that Nikos Papanikolopoulos and any other technical expert retained by Tetra Tech or Finnegan who attended Pavemetrics' webinar on April 21, 2021, are prohibited from accessing any CONFIDENTIAL documents or any other Protected Material or DESIGNATED MATERIAL, provided that: (1) such consultants or experts are not employed by the Parties for purposes other than this Action

4

or the Foreign Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party, with a current curriculum vitae of the consultant or expert and a list of cases in which the consultant or expert has testified at trial or by deposition within the preceding five years, and an identification of any patents or public patent applications that identify the consultant or expert as an inventor, or the consultant or expert is involved in prosecuting or maintaining, or has any pecuniary interest, at least five (5) days before access to the Protected Material is to be given to that consultant or expert to allow the producing Party to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within ten (10) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

d. independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, photocopy, document imaging, and database services, contract attorneys, and private mediators, retained by counsel and reasonably necessary to assist counsel with the litigation of this Action or the Foreign Action;

e. the Court (including any Court-appointed mediators or advisors) and its personnel; and

f. foreign counsel of record for the Parties retained for the purpose of the Foreign Action, and employees of such counsel assigned to and reasonably necessary to assist such foreign counsel in the Foreign Action.

5. A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or

material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

6.      DESIGNATED MATERIAL shall be used by the Parties only in the litigation of this Action or the Foreign Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action or the Foreign Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIAL and subject to all the terms and conditions of this Order.

7.      To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, including confidential sales or financial information and information that represents current or future business or technical trade secrets and plans that are more sensitive or strategic than CONFIDENTIAL information, the producing Party may designate such Protected Material "RESTRICTED – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

8.      For Protected Material designated RESTRICTED – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 4(a) and (c-f). Designated representatives, including in-house counsel, shall not have access to Protected Material designated RESTRICTED – ATTORNEYS' EYES ONLY.

9.      Access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to individuals listed in paragraphs 4a, 4f, and up to two

(2) outside consultants or experts[2] (i.e., not employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and up to two (2) outside consultants or experts retained for the purpose of the Foreign Action, approved to access such Protected Materials pursuant to paragraph 4(c) above, and specifically identified as eligible to access Source Code Material.

### Source Code

10.   For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

a.   Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to (i) dual computer screens, (ii) a connected mouse, (iii) a printer and, optionally (iv) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10(j and p) below. Additionally, except as provided in paragraph 10(p) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel or at a mutually agreed location (the "Review Facility"). The Review Facility shall be reasonably accessible to the receiving Party and shall be within the continental United States.

b.   The receiving Party shall identify which outside counsel and/or expert(s) it requests be permitted to access the stand-alone computer and on which days with at least 3-days' notice, unless otherwise agreed. The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. in the time zone of the Review Facility on weekdays. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel or at a mutually agreed location shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

c.    The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

d.    The producing Party will produce Source Code Material on the stand-alone computer(s) in a format allowing it to be reasonably reviewed and searched. In considering what is reasonable, the producing party shall generally provide Source Code as text written using a human-readable programming language, such as MATLAB, C, C+, C++, JAVA, or the like, rather than executable files or scripts.

e.    The receiving Party may, at its own expense, request that the producing Party install software on Source Code Review computer(s) to perform searches or analysis of the Source Code Material, such as MATLAB and Simulink for Source Code Material in MATLAB code, or Understand, for Source Code Material in C, C+, C++, JAVA, or the like, provided that such other software is necessary for the receiving Party to perform its review of the Source Code Material consistent with all of the protections herein. The Parties may agree to other source code analysis tools provided that such agreement is memorialized by representatives of the Parties in writing. The receiving Party must provide the producing Party with appropriate access to such software tools(s) at least five (5) days in advance of the date upon which the receiving Party wishes to have the additional software available for use on the Source Code Review

computer(s). Timely requests for the installation of such search software will not be unreasonably denied so long as the requested search software is compatible with the operating system, and other software necessary to make the Source Code available for inspection, installed on a Source Code Review computer(s), does not prevent or impede the receiving Party's access to the Source Code Material produced for inspection on Source Code Review computer(s) and does not side-step any of the security features enabled on a Source Code Review computer(s) (e.g., enable connection and use of USB thumb drives). The receiving Party shall not at any time use any compilers, interpreters or simulators in connection with the producing Party's Source Code Material. In no event shall tools be installed on the stand-alone computer that have the effect of altering, modifying, deleting, copying, or otherwise permitting the reproduction or removal of any Source Code Material. The receiving Party shall not erase, load, install, compile, or otherwise modify any program (or request that any other program be erased, loaded, installed, or otherwise modified by the producing Party) on the Source Code Review computer(s) without first submitting a written request and obtaining the producing Party's agreement to the request;

f.      No person may possess any input/output device, camera, or any camera enabled device while accessing the computer containing the Source Code Material.  All persons accessing the Source Code Material must agree to submit to reasonable security measures to ensure they are not carrying the prohibited input/output devices specified in this provision before being given access to the computer containing the Source Code Material.

g.      The receiving Party's outside counsel and/or expert shall be entitled to take written notes relating to the Source Code Material.  Terms used in the Source Code Material may be copied into the notes, but the receiving Party's outside counsel and/or expert may not copy complete instruction sets of the Source Code Material into the notes.  No copies of any portion of the Source Code Material may be made.  No other

written or electronic record of the Source Code Material is permitted except as provided herein. Wholesale copying of the Source Code Material is not permitted.

h.    A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.

i.    To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

j.    Except as set forth in paragraph 10(p) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures, and orders, must be filed or served electronically;

k.    The receiving Party shall be permitted to request a reasonable number of pages of Source Code Material be printed by the producing Party, but only if reasonably anticipated by the receiving Party to be necessary for use in, and preparation for, court filings and proceedings, infringement or invalidity contentions, expert reports, and depositions of persons or entities permitted access to "RESTRICTED CONFIDENTIAL SOURCE CODE" information of the producing Party, and such other uses to which the parties may agree or that the Court may order. The receiving Party shall not request prints of Source Code Material in order to review blocks of Source Code Material elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code Material electronically on the Source Code Review computer(s), as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by

10

printing portions of code for review and analysis elsewhere, and that printing is permitted solely to enable use of Source Code Materials in filings, depositions, proceedings, contentions, expert reports, and related drafts and correspondence. Requests for printed Source Code Material shall be made by the receiving Party printing the portions of the Source Code Material requested, and the receiving Party shall maintain a log of all such files that are printed.   In considering what is reasonable, the receiving Party shall not, in general, request that more than 20 consecutive or 150 total pages of Source Code Material be printed, which shall be printed using at least 14 point font.   In the event that a producing Party believes that a particular printing request is unreasonable, the producing Party and receiving Party shall meet and confer in good faith to attempt to resolve this dispute without the Court's involvement. If they cannot resolve the issue, either Party may seek an order from the Court;

l.     The printed pages shall be collected by the producing Party and provided to the requesting Party within three (3) business days, unless otherwise agreed or the producing Party objects to the request. The receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code Material in electronic or paper form. Each page of any printed copies of Source Code Material shall be printed on nonwhite, colored paper. After printing, the producing Party shall clearly label each page of any printed copies "RESTRICTED CONFIDENTIAL SOURCE CODE" and give each page a unique identification number;

m.     All paper copies shall be securely destroyed if they are no longer necessary in the litigation of this Action or the Foreign Action (e.g., extra copies at the conclusion of a deposition). Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers;

n.     Any printed pages of Source Code Material may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach

as exhibits to expert reports or court filings.  Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

          o.     If the receiving Party's outside counsel, foreign counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, foreign counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, foreign counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition); and

          p.     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(h) above to another person authorized under paragraph 10(h) above, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10 and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer. Notwithstanding the foregoing, and subject to paragraph 10(h) above, the Parties may transmit by electronic mail certain documents that contain excerpts of Source Code Materials. These documents are expressly limited to expert reports, hearing transcripts, deposition transcripts, and any other documents that the parties agree may be transmitted by email, provided that such agreement is memorialized by representatives of the Parties in writing.

**Designation of Source Code**

11.   For   purposes   of   this   Protective   Order,   the   "RESTRICTED CONFIDENTIAL SOURCE CODE" designation means that the document comprises confidential information including Source Code that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c). "RESTRICTED   CONFIDENTIAL   SOURCE   CODE"   does   not   include information that has been disclosed to the public or third persons in a manner making such information no longer confidential. Source Code produced in accordance with this Protective Order will be provided with version control, such that the Source Code includes the following information: (1) version number, (2) dates that the particular version was in service, (3) author, (4) revision history, and (5) comments. If Source Code contains links to external code, such external code will also be produced if it is in the custody and control of the producing Party.  External code from libraries is not in the custody or control of the producing Party.

12.   Prosecution/Acquisition Bar: Any person (including outside counsel and foreign  counsel)  permitted  to  receive  the  other  Party's  Protected  Material  that  is designated RESTRICTED CONFIDENTIAL SOURCE CODE, who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's RESTRICTED CONFIDENTIAL SOURCE CODE under this Order shall not prepare or prosecute, any patent application relating to,  or participate in acquisition of rights in patents or patent application  relating  to,  computer  vision  and/or  deep  learning  systems  for  inspecting transportation infrastructure.  This prohibition includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims pertaining to computer vision and/or deep learning systems for inspecting transportation infrastructure using light sources, light receivers, and processors in original prosecution or any post-grant proceedings (which includes, without limitation, inter partes review, ex parte reexamination, post-grant review, covered business method review, and reissue proceedings) during the pendency of this Action and the Foreign Action and for two years

after the conclusion of this Action or the Foreign Action, whichever occurs later, including any appeals.

13.     Nothing in the Prosecution/Acquisition Bar provision precludes persons with access to RESTRICTED CONFIDENTIAL SOURCE CODE from representing a party challenging a patent before a domestic or foreign agency (including but not limited to inter partes review proceedings, re-examinations, or reissue proceedings). Nothing in this Prosecution/Acquisition Bar provision shall preclude counsel from participating in actions relating to settlement of litigation or advising as to issues of legal assessment of patent validity, infringement, claim scope, or the language of an acquisition contract. Nor shall the Prosecution/Acquisition Bar provision preclude counsel from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.

14.     This Prosecution/Acquisition Bar provision shall not bar entire firms, rather only the individuals who receive and review a Party's RESTRICTED CONFIDENTIAL SOURCE CODE. To ensure compliance with the purpose of the Prosecution/Acquisition Bar provision, each Party shall create an "Ethical Wall" between those persons with access to RESTRICTED CONFIDENTIAL SOURCE CODE and any individuals at the firm who engage in prosecution of patent claims or acquisition of patents or patent applications involving computer vision and/or deep learning for inspecting transportation infrastructure.

## Other Provisions

15.     Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or

1  unintentionally produced, such production shall in no way prejudice or otherwise
2  constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any
3  Party that inadvertently or unintentionally produces documents, information, or other
4  material that it reasonably believes are protected under the attorney-client privilege, work
5  product doctrine, or other privilege, doctrine, or immunity may obtain the return of such
6  documents, information, or other material by promptly notifying the recipient(s) and
7  providing a privilege log for the inadvertently or unintentionally produced documents,
8  information, or other material. The recipient(s) shall gather and return all copies of such
9  documents, information, or other material to the producing Party, except for any pages
10 containing privileged or otherwise protected markings by the recipient(s), which pages
11 shall instead be destroyed and certified as such to the producing Party.

12     16.    Pursuant to Federal Rule of Civil Procedure 26(b)(4)(B), no draft expert
13 reports, notes, outlines, or disclosures leading up to a final expert report are discoverable
14 in whatever form. In addition, where a Party retains independent consultants or experts
15 to further technical or consulting services or to give testimony with respect to the subject
16 matter of this action, the following materials will be deemed to be privileged materials or
17 materials otherwise protected from production based on a claim of privilege (attorney-
18 client, work product, or other privilege) and thus not discoverable:

19         a.    Correspondence between such independent consultants or experts and
20 a party or its outside counsel or its foreign counsel;

21         b.    Drafts of expert reports, declarations, or any other materials drafted
22 by or for such independent consultants or experts regarding the subject matter of this
23 Action or the Foreign Action; and

24         c.    Communications between such independent consultants and experts
25 and a party or its outside counsel or its foreign counsel that are related to drafts and/or
26 revisions of expert reports, declarations, or other materials drafted by or for such
27 independent consultants or experts, or that are related to preparation to testify at a hearing,
28 trial, or deposition in this Action or the Foreign Action.

Such protections provided herein are to be construed to be in addition to, and shall not diminish the protections provided in Fed. R. Civ. P. 26(b)(3)-(4). Nothing herein, however, limits the rights of Parties to examine an expert or consultant concerning the information he or she relied upon in forming his or her opinions, which information shall not be privileged.

17. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

18. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party, (v) counsel for a Party, including outside counsel, foreign counsel, and in-house counsel (subject to paragraph 9 of this Order), (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation, (vii) court reporters and videographers, (viii) the Court, or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

19. Parties may, at the deposition or hearing or within thirty (30) days after

16

receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential, attorneys' eyes only.

20.　Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information, or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

21.　The Order applies to pretrial discovery. The protections afforded to DESIGNATED MATERIAL at the trial of this Action will be determined by the Court upon application by any party.  In the event that any DESIGNATED MATERIAL is otherwise used in any Court proceeding in connection with this Action, the parties shall take all steps reasonably required to protect its confidentiality during such use.

22.　A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local

17

Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

23. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

24. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

25. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" any documents, information, or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

26. Within thirty (30) days of final termination of this Action or of the Foreign Action, whichever occurs later, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed, except that outside counsel for each Party may maintain for its files one copy of each pleading filed with the Court, each deposition transcript together with the

exhibits marked at the deposition, one copy of each piece of correspondence, one copy of all expert reports, and one copy of all discovery responses which contain or refer to DESIGNATED MATERIAL. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

27.     The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

28.     Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

29.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

30.     Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

31.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to

apply for additional protection of DESIGNATED MATERIAL.

32.    If any Party or person subject to this Order and having possession, custody, or control of any DESIGNATED MATERIAL produced by another Party receives from a third party a subpoena to produce such information, the Party to whom the subpoena or other request is directed shall:

(a) promptly notify in writing (such notification shall include a copy of the subpoena or court order) every Party who has produced such DESIGNATED MATERIAL and shall provide each such Party with an opportunity to move for a protective order regarding the production of DESIGNATED MATERIAL implicated by the subpoena.

(b) promptly notify in writing the third party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order;

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Party who produced the DESIGNATED MATERIAL.

33.    Counsel of record, in-house counsel, foreign counsel, and experts for any Party shall not directly or indirectly communicate with any employee, consultant, or representative of an opposing Party about technical subject matter of any kind or any subject matter related to this litigation, except through formal discovery served on outside counsel for the opposing Party.

34.    Tetra Tech is precluded from using or relying upon Pavemetrics' April 21, 2021, webinar titled "LRAIL Automated Railway Inspection Software Demo," including the question and answer portion, in any way in this Action, the Foreign Action, or any other proceeding.

///

///

///

35.     This Order's obligations regarding DESIGNATED MATERIAL survive the conclusion of this case.

**IT IS SO ORDERED.**

Dated: November 19, 2021

_____
HONORABLE MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

Presented by:

**CLARK HILL**

By:_____/s/_____
        Donald L. Ridge

**FINNEGAN HENDERSON FARABOW GARRETT AND DUNNER LLP**

By: /s/ Aaron L. Parker
        Aaron L. Parker
        Daniel G. Chung
        Nicholas A. Cerulli
        Jency J. Mathew

Attorneys for Defendant/Counterclaim Plaintiff
TETRA TECH, INC. and TETRA TECH TAS, INC.

**KNOBBE, MARTENS, OLSON & BEAR, LLP**

By: /s/ Nicholas M. Zovko
        Joseph R. Re
        Christy G. Lea
        Nicholas M. Zovko
        Payne McQueen Montgomery

Attorneys for Plaintiff/Counterclaim Defendant
PAVEMETRICS SYSTEMS, INC.

## SIGNATURE ATTESTATION PURSUANT TO L.R. 5-4.3.4(a)(2)(i)

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that the other

1  signatories listed, and on whose behalf the filing is submitted, concur in the filing's
2  content and have authorized this filing.

3  Dated:  November 19, 2021          **CLARK HILL LLP**

4

5

6  By: _____/s/_____
                   Donald L. Ridge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *PAVEMETRICS SYSTEMS, INC. v. TETRA TECH, INC.*, Civil Action No. 2:21-cv-01289-MCS-MAA. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Title: _____

Address: _____

Signature: _____

23