Donald Ridge, Esq. (SBN: 132171)
**CLARK HILL LLP**
555 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
DRidge@clarkhill.com

Aaron L. Parker (*pro hac vice*)
aaron.parker@finnegan.com
Daniel G. Chung (*pro hac vice*)
daniel.chung@finnegan.com
Nicholas A. Cerulli (*pro hac vice*)
nicholas.cerulli@finnegan.com
Kelly S. Horn (*pro hac vice*)
kelly.horn@finnegan.com
Victor M. Palace (*pro hac vice*)
victor.palace@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue NW
Washington, D.C. 20001-4413
Telephone:  (202) 408-4000
Facsimile:   (202) 408-4400

Jency J. Mathew (*pro hac vice*)
jency.mathew@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, Virginia 20190-6023
Telephone:  (571) 203-2700
Facsimile:   (571) 203-2777

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>TETRA TECH, INC.<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. 2:21-cv-1289 MCS-MMA<br><br>**DECLARATION OF AARON PARKER IN SUPPORT OF TETRA TECH'S APPLICATION FOR LEAVE TO FILE UNDER SEAL**<br><br>**FILED UNDER SEAL PURSUANT TO COURT'S PROTECTIVE ORDER (ECF 101)**<br><br>**Honorable Mark C. Scarsi** |

I, Aaron L. Parker, declare and state as follow:

1. I am an attorney at law admitted to practice in the Commonwealth of Virginia and the District of Columbia, and before the United States Court of Appeals for the Federal Circuit and the United States Court of Appeals for the Fourth Circuit, among others, and I have been granted admission *pro hac vice* in this matter.

2. I am a partner of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, attorneys for Defendant and Counterclaim Plaintiffs Tetra Tech, Inc. and Tetra Tech TAS Inc. (collectively, "Tetra Tech"), in the above-captioned matter. I submit this Declaration pursuant to Local Rule 79-5, to establish good cause or demonstrating compelling reasons why the presumption of public access in civil cases should be overcome. I have personal knowledge of the following and, if called upon to do so, I would and could testify competently thereto.

3. I submit this declaration in support of Tetra Tech's Application for Leave to File Under Seal the following documents filed in Support of Tetra Tech's Opposition to Pavemetrics' Motion of Summary Judgment of the '293 Patent:

   a. The Declaration of Vassilios Morellas in Support of Tetra Tech's Opposition to Pavemetrics' Motion for Summary Judgment of Non-Infringement of the '293 Patent ("Morellas Declaration"); and

   b. Exhibits 10-19, 21-23, 25, 28-30, and 32-36 to the Declaration of Aaron Parker in Support of Tetra Tech's Opposition to Pavemetrics' Motion for Summary Judgment of Non-Infringement of the '293 Patent ("Parker Declaration").

## I. LEGAL STANDARDS

4. The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "A party seeking to seal a judicial record . . . must 'articulate compelling reasons supported by specific factual findings' . . . that outweigh the general history of access . . . ." *Id.* at 1178–79 (quoting

*Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)) (internal citation omitted).

5. Compelling reasons justify sealing documents when disclosure would release trade secrets or other highly confidential information. *Kamakana*, 447 F.3d at 1179. For example, the Ninth Circuit has held that, for purposes of sealing documents, a "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Electronic Arts*, 298 Fed. App'x 568, 569–70 (9th Cir. 2008) (quoting *Restatement of Torts* § 757, cmt. b) (internal quotation marks omitted).

6. In California, Civil Code Section 3426.5 states that a court "shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action . . . ." Cal. Civ. Code § 3426.5. Moreover, "[o]ne factor that weights in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013).

## II. ARGUMENT

7. I have also reviewed: (a) the Morellas Declaration; and (b) Exhibits 10-19, 21-23, 25, 28-30, and 32-36 to the Parker Declaration. These documents include information purported by Pavemetrics to be non-public, confidential commercial and technical information, sensitive and confidential proprietary source code, and/or sales information. Specifically, the Morellas Declaration and Exhibits 10-19, 21-23, 25, 28-30, and 32-36 to the Parker Declaration refer, directly or indirectly, to information and/or documents—namely sensitive and confidential proprietary source code and sales information—Pavemetrics and/or nonparty Advanced Infrastructure Design produced and/or designated as "Restricted – Attorneys' Eyes Only," or "Restricted Confidential Source Code" pursuant to the Protective Order entered in this Case (ECF 101). These documents, including the information reflected in this document, are purported by

1 | Pavemetrics to contain information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

8. "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple*, 727 F.3d at 1221. If competitors had access to this information sought to be sealed, they could use it against the designating parties when competing for business. For example, they could advantageously seek out certain customers based on their knowledge of Pavemetrics' confidential sales information, or they could attempt to use Pavemetrics' confidential source code in competitive products. Such an undue advantage for competitors would harm Pavemetrics' competitive standing. *Cf. id.* at 1225; *see In re Elec. Art, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008).

9. Sealing of the Morellas Declaration and Exhibits 10-19, 21-23, 25, 28-30, and 32-36 is necessary to avoid public disclosure of information Pavemetrics identified as entitled to protection under Federal Rule of Civil Procedure 26(c) because no procedure other than filing under seal will be sufficient to preserve the confidentiality of the information and to avoid violating the Protective Order.

10. The Morellas Declaration includes confidential information relating to Pavemetrics' sales and customers, and software versions provided to those customers. Pursuant to the Protective Order, the Morellas Declaration has been appropriately marked and filed under seal pending the resolution of this motion.

11. Exhibit 10 to the Parker Declaration is Ex. A to Tetra Tech's Third Supplemental Infringement Contentions have been designated as "Restricted Confidential Source Code" because it refers, either directly or indirectly, to information designated by Pavemetrics as "Restricted Confidential Source Code," including Pavemetrics' sales and customers, and software versions provided to those customers. Pursuant to the Protective Order, Exhibit 10 has been appropriately marked and filed under seal pending the resolution of this motion.

12. Exhibit 11 to the Parker Declaration are excerpts from Pavemetrics' source code and has been designated by Pavemetrics as "Restricted Confidential Source Code." Pursuant to the Protective Order, Exhibit 11 to the Parker Declaration has been appropriately marked and filed under seal pending the resolution of this motion.

13. Exhibits 12-15 to the Parker Declaration are excerpts from deposition transcripts of Pavemetrics' corporate representatives, which include confidential information relating to Pavemetrics' sales and customers and software versions provided to those customers, and have been designated by Pavemetrics as "Restricted – Attorneys' Eyes Only." Pursuant to the Protective Order, Exhibits 12-15 to the Parker Declaration have been appropriately marked and filed under seal pending the resolution of this motion.

14. Exhibit 16 to the Parker Declaration are excerpts from the deposition transcript of non-party Advanced Infrastructure Design's corporate representative, which includes confidential information relating to Advanced Infrastructure Design's sales and customers and software versions received from Pavemetrics, and has been designated by Advanced Infrastructure Design as "Restricted – Attorneys' Eyes Only." Pursuant to the Protective Order, Exhibit 16 to the Parker Declaration has been appropriately marked and filed under seal pending the resolution of this motion.

15. Exhibits 17-19, 21-23, 25, and 28-30 to the Parker Declaration are documents produced by Pavemetrics in this case and have been designated by Pavemetrics as "Restricted – Attorneys' Eyes Only." Exhibits 17-19, 21-23, 25, and 28-30 to the Parker Declaration are purported to include Pavemetrics' non-public, confidential commercial and technical information, and refer to software versions provided to its customers. Pursuant to the Protective Order, Exhibits 17-19, 21-23, 25, and 28-30 to the Parker Declaration have been appropriately marked and filed under seal pending the resolution of this motion.

16. Exhibits 32-35 to the Parker Declaration are documents produced by nonparty Advanced Infrastructure Design in this case and have been designated by

Advanced Infrastructure Design as "Restricted – Attorneys' Eyes Only." Exhibits 32-35 to the Parker Declaration are purported to include Advanced Infrastructure Design's non-public, confidential commercial and technical information. Pursuant to the Protective Order, Exhibits 32-35 to the Parker Declaration have been appropriately marked and filed under seal pending the resolution of this motion.

17. Exhibit 36 to the Parker Declaration is a compilation of excerpts from Pavemetrics' First Supplemental Objections and Responses to Tetra Tech's Third Set of Interrogatories (Nos. 15-17) and has been designated by Pavemetrics as "Confidential." Pursuant to the Protective Order, Exhibit 36 to the Parker Declaration has been appropriately marked and filed under seal pending the resolution of this motion.

18. Pavemetrics and Advanced Infrastructure Design intended for these documents to remain confidential by including the express confidentiality classifications. Sealing of these documents is necessary to avoid public disclosure of information Pavemetrics and non-party Advanced Infrastructure Design identified as entitled to protection under Federal Rule of Civil Procedure 26(c) because no procedure other than filing under seal will be sufficient to preserve the confidentiality of the information and to avoid violating the Protective Order. To allow discussions of the documents to now enter the public domain would thus defeat the designating parties' intent. Pursuant to the Protective Order, Exhibits 10-19, 21-23, 25, 28-30, and 32-36 have been appropriately marked and filed under seal pending the resolution of this motion.

///
///
///
///
///
///

19. I declare under penalty of perjury that the foregoing is true and correct. Executed on January 31, 2022 at Washington, D.C.

Dated: January 31, 2022

**FINNEGAN, HENDERSON, FARABOW, GARRETT &DUNNER, LLP**

By: _____
Aaron L. Parker