1  Donald Ridge, Esq. (SBN: 132171)
2  **CLARK HILL LLP**
   555 South Flower Street, 24th Floor
3  Los Angeles, CA 90071
   Telephone: (213) 891-9100
4  Facsimile: (213) 488-1178
   DRidge@clarkhill.com
5
6
   Aaron L. Parker (*pro hac vice*)
7  aaron.parker@finnegan.com
   Daniel G. Chung (*pro hac vice*)
8  daniel.chung@finnegan.com
   Nicholas A. Cerulli (*pro hac vice*)
9  nicholas.cerulli@finnegan.com
   Kelly S. Horn (*pro hac vice*)
10 kelly.horn@finnegan.com
   Victor M. Palace (*pro hac vice*)        Jency J. Mathew (*pro hac vice*)
11 victor.palace@finnegan.com               jency.mathew@finnegan.com
12 **FINNEGAN, HENDERSON, FARABOW,**        **FINNEGAN, HENDERSON, FARABOW,**
   **GARRETT & DUNNER, LLP**                **GARRETT & DUNNER, LLP**
13 901 New York Avenue NW                   1875 Explorer Street, Suite 800
14 Washington, D.C. 20001-4413              Reston, Virginia 20190-6023
   Telephone:   (202) 408-4000              Telephone:   (571) 203-2700
15 Facsimile:   (202) 408-4400              Facsimile:   (571) 203-2777
16
17 *Attorneys for Defendant and Counterclaim Plaintiffs*

18               **UNITED STATES DISTRICT COURT**
19               **CENTRAL DISTRICT OF CALIFORNIA**

20 PAVEMETRICS SYSTEMS, INC.          CASE NO. 2:21-cv-1289 MCS-MMA
21
            Plaintiff,                **TETRA TECH'S STATEMENT OF**
22                                    **GENUINE DISPUTES OF MATERIAL**
                                      **FACT IN RESPONSE TO**
23          v.                        **PAVEMETRICS' STATEMENT OF**
                                      **UNCONTROVERTED FACTS AND**
24 TETRA TECH, INC.                   **CONCLUSIONS OF LAW**
25
            Defendant.               **Honorable Mark C. Scarsi**
26 AND RELATED COUNTERCLAIMS.        **Date: February 28, 2022**
                                     **Time: 9:00 a.m.**
27                                   **Courtroom: 7C**
28

1

Pursuant to Local Rule 56-2 and Paragraph 10(c)(i) of this Court's Standing Order (ECF 11), Defendant and Counterclaim Plaintiff Tetra Tech, Inc. and Counterclaim Plaintiff Tetra Tech TAS Inc. (collectively, "Tetra Tech") submit the following Statement of Genuine Disputes of Material Fact in response to Plaintiff and Counterclaim Defendant Pavemetrics Systems, Inc.'s ("Pavemetrics") Statement of Uncontroverted Facts and Conclusions of Law relating to Pavemetrics' Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 10,362,293 (ECF 111-1).

## I.   STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
| 1 | Tetra Tech alleges that Pavemetrics' Laser Rail Inspection System ("LRAIL") infringes Claims 1, 2, 4, 15, 16, 19-23, 25, 36, 37, and 40-43 of the '293 Patent. (ECF No. 79 at ¶¶34-36. Ex. 3 (Tetra Tech's Second Supplemental Infringement Contentions, Ex. A).) | Undisputed. Tetra Tech notes, however, that its Third Supplemental Infringement Contentions and accompanying Exhibit A served on January 17, 2022, are the operative contentions for consideration of this motion. *See* Parker Ex. 10 (Tetra Tech's Third Supplemental Infringement Contentions). |
| 2 | Pavemetrics denies that it has infringed and that it does infringe the asserted claims of the '293 Patent. (ECF No. 82 at ¶¶34-36.) | Tetra Tech does not dispute that Pavemetrics contends that it has not and does not infringe the asserted claims of the '293 Patent. Tetra Tech disputes, however, that Pavemetrics does not infringe the asserted claims of the '293 patent. *See generally*, Laquer Ex. 3 (Tetra Tech's Second Infringement Contentions); Parker |

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
| | | Ex. 10 (Tetra Tech's Third Infringement Contentions); ECF 12 (Tetra Tech's Counterclaims) and related exhibits; ECF 79 (Tetra Tech's First Amended Counterclaims) and related exhibits. |
| 3 | Claims 1 and 22 of the '293 Patent are independent claims. (ECF No. 79 Ex. A at 95-96, Claims 1 and 22.) | Undisputed. |
| 4 | Claim 1 recites: A system for assessing a railway track bed, the system comprising:     a power source;     a light emitting apparatus powered by the power source for emitting light energy toward a railway track;     a data storage apparatus in communication with at least one processor;     at least one sensor for sensing reflected light that was emitted from the light emitting apparatus and acquiring three dimensional surface elevation *and* intensity image data of the railway track to be stored in the | Tetra Tech does not dispute that this language appears in claim 1 of the '293 patent, but Tetra Tech disputes the selective emphasis of the word "and" that was added by Pavemetrics and does not appear in claim 1 of the '293 patent. *See* ECF No. 79, Ex. A at 95, Claim 1. |

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|-----|--------------------------------------|----------------------|
|     | data storage apparatus, wherein the at least one sensor is in communication with the at least one processor; and wherein the at least one processor is configured to run an algorithm for processing three-dimensional surface elevation and intensity data gathered from the at least one sensor and saved in the data storage apparatus, the algorithm comprising the steps of: <br><br> a.  acquiring three dimensional surface elevation *and* intensity data representative of an area segment of railway track bed; <br> b. generating a track elevation map based on the acquired three dimensional data; <br> c. identifying a railway track bed feature from the track elevation map further including the steps of: <br><br> i.   defining an appropriate gradient neighborhood |  |

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
| | representing a small 2Dtrack section over which differential vertical measurements are calculated and<br><br>ii. moving the gradient neighborhood like a sliding window over the 3D elevation data using the processor; and<br><br>d. storing information corresponding to the identified railway track bed feature in the data storage apparatus.<br><br>(ECF No. 79 Ex. A at 95, Claim 1.) | |
| 5 | Claims 2, 4, and 15 depend from Claim 1. (ECF No. 79 Ex. A at 95, Claims 2, 4, and 15.) | Undisputed. |
| 6 | Claim 22 recites:<br><br>A method of assessing a railway track bed, the method comprising the steps of:<br><br>a. defining a three dimensional elevation map based on surface elevation *and* intensity data | Disputed. Tetra Tech does not dispute that this language appears in claim 22 of the '293 patent, but Tetra Tech disputes the selective emphasis of the word "and" that was added by Pavemetrics and does not appear in |

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|-----|--------------------------------------|------------------------|
| | representative of an area segment of the railway track bed, the data gathered by a sensor sensing reflected light from a track bed surface; b. storing the elevation map in a data storage apparatus; c. identifying a railway track bed feature from the elevation map using a processor, further comprising the sub-steps of: i. defining an appropriate gradient neighborhood representing a small 2Dtrack section over which differential vertical measurements are calculated and ii. moving the gradient neighborhood like a sliding window over the 3D elevation data using the processor; and d. storing information corresponding to the identified | claim 22 of the '293 patent. *See* ECF No. 79, Ex. A at 96, Claim 22. |

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
| | railway track bed feature in the data storage apparatus. (ECF No. 79 Ex. A at 96, Claim 22) | |
| 7 | Claims 19-23, 25, 36, 37, and 40-43 depend from Claim 22. (ECF No. 79 Ex. A at 96-97, Claims 19-23, 25, 36, 37, and 40-43.) | Disputed. Tetra Tech does not dispute that claims 23, 25, 36, 37, and 40-43 depend from claim 22, but Tetra Tech disputes that claims 19-22 depend from claim 22. Claims 19-21 depend from claim 1. *See* ECF No. 79, Ex. A at 96, Claims 19-21. And claim 22 cannot depend from itself. *See* ECF No. 79, Ex. A at 96, Claim 22. |
| 8 | On December 1, 2021, the Court construed the term "track elevation map" in Claims 1, 15, and 36 and the term "three dimensional elevation map" in Claim 22 to mean "representation of both the height (elevation) and intensity of reflected laser light (intensity) at each data point within an area across the entire width of the railway track bed." (Claim Construction Order, ECF No. 103 at 32:14-16.) | Undisputed. |

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
| 9 | In its Claim Construction Order, the Court held that the gradient neighborhood sub-steps are a sub-step of identifying a feature from a track elevation map. (ECF No. 103 at 27:16-19.) | Disputed. The Court's Claim Construction Order states that "sub-step (c)(1) is a sub-step of step (c), which does reference previously obtained information, and sub-step (c)(2) recites moving the 'gradient neighborhood' defined in sub-step (c)(1)." ECF 103 at 27:16-19. |
| 10 | In its Claim Construction Order, the Court construed the term "moving the gradient neighborhood like a sliding window over the 3D elevation data" to mean "sequentially and completely applying the gradient neighborhood to the 3D elevation data." (ECF No. 103 at 21:7-12.) | Undisputed. |
| 11 | In its Claim Construction Order, the Court held that "Tetra Tech disclaimed the scope of the 'map' terms by amending the claims to require the 'map' terms to be based on both 'elevation' and 'intensity' data." (ECF No. 103 at 31:17-19.) | Undisputed. |
| 12 | No LRAIL algorithm generates an image that contains intensity and | Disputed. The LRAIL generates images that are representations of |

8

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|-----|--------------------------------------|------------------------|
|     | elevation data. (Hébert Decl. at ¶12.) | both intensity and elevation and include intensity and elevation data. <br><br> In particular, the LRAIL source code generates Fake3D images that are representations of both intensity and elevation and include intensity and elevation data. *See* Morellas Decl. at ¶¶ 21-29 (citing Parker Ex. 11 at 72-75, 87-88 (Source Code Versions)). Pavemetrics' materials, including, for example, technical presentations, technical papers, and LRAIL user manuals, describe the Fake3D images as a "mix," "merging," "combination," or "blend" of intensity and elevation images. *See* Morellas Decl. at ¶¶ 30-41. *E.g.*, Parker Ex. 17 at 181, 189 (LRAIL Analyser Library User Manual); Parker Ex. 18 at 195 (LCMS Hardware & Software Installation Manual); Parker Ex. 19 at 207 (Pavemetrics' Technical Report to the FRA); Parker Ex. 20 at 210, 214-15 (Pavemetrics' Presentation to |

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
| | | 2021 AREMA Conference); Parker Ex. 21 at 222, 226-227, 231 (Pavemetrics email correspondence regarding DNN Training Update); Parker Ex. 30 at 341 (Pavemetrics' FRA Technical Report); Parker Ex. 29 at 327 (Pavemetrics' LRAIL Presentation). Pavemetrics' witnesses also explained that the Fake3D images are created as a "mix" of elevation and intensity data. *E.g.*, Parker Ex. 13, Laurent Tr., 77:3-24, 103:24-104:6, 110:15-111:21; *see also* Parker Ex. 14, Nguyen Tr., 39, 95; Parker Ex. 15, Talbot Tr., 164:11-14, 176:21-177:3. Additionally, the LRAIL source code generates Mixed images that are representations of both intensity and elevation and include intensity and elevation data. *See*, Morellas Decl. at ¶¶ 42-37 (citing Parker Ex. 11 at 67-68, 76, 78, 82 (Source Code Versions); Parker Ex. 36 at 399–401 (Pavemetrics' First Supplemental |

10

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
|  |  | Interrogatory Responses to Tetra Tech's Third Set of Interrogatories)). Testimony from Mr. Nguyen, a Pavemetrics' software developer, confirmed that the Mixed image "is a combination of intensity, range, and edge data." Parker Ex. 14, Nguyen Tr., 148:9-11. |
| 13 | LRAIL processing software analyzes 2D images that contain either intensity data or range data. (Hébert Decl. at ¶12.) | Disputed. Tetra Tech does not dispute that the LRAIL processing software analyzes images that contain "intensity data" or that the LRAIL processing software analyzes images that contain "range data." Tetra Tech disputes, however, the suggestion that "2D" images containing range data do not include 3D information. Pavemetrics materials, including technical presentations and LRAIL user manuals, describe range images generated by LRAIL as "3D." *See*, Morellas Decl. at ¶ 17; Parker Ex. 18 at 195 (LCMS Hardware & Software Installation Manual); Parker Ex. 17 |

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
| | | at 189 (LRAIL Analyser Library User Manual); Parker Ex. 20 at 214-15 (Pavemetrics' Presentation to 2021 AREMA Conference); Parker Ex. 21 at 222, 231 (Pavemetrics email correspondence regarding DNN Training Update).<br><br>Tetra Tech further disputes this statement to the extent that it implies that the LRAIL processing software does not analyze images that are representations of both intensity and elevation and include intensity and elevation data. In support of its basis for disputing Pavemetrics' Alleged Undisputed Fact No. 13, Tetra Tech incorporates by reference its Response to Pavemetrics' Alleged Undisputed Fact No. 12 above. |
| 14 | No LRAIL algorithm identifies a track bed feature from an image containing both elevation and intensity data by moving a gradient neighborhood like a sliding window over 3D elevation data. (Hébert Decl. at ¶14.) | Disputed. In support of its basis for disputing Pavemetrics' Alleged Undisputed Fact No. 14, Tetra Tech incorporates by reference its Responses to Pavemetrics' Alleged |

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
| | | Undisputed Fact Nos. 12 and 13 above.<br><br>The LRAIL identifies track bed features from the Fake3D images and the Mixed images generated by the LRAIL. *See*, Morellas Decl. at ¶ 57. For example, the LRAIL's convolutional neural network analyzes the Fake3D images and the Mixed images to identifying track bed features from the Fake3D images and the Mixed images, and the analysis includes moving a gradient neighborhood (a filter or kernel in the convolution layer) like a sliding window over 3D elevation data included in the Fake3D images and the Mixed images. *See*, Morellas Decl. at ¶¶ 58-71 (citing Parker Ex. 19 at 200, 209 (Pavemetrics' Technical Report to the FRA); Parker Ex. 20 at 212, 213 (Pavemetrics' Presentation to 2021 AREMA Conference); Parker Ex. 22 at 232 (Pavemetrics email |

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
| | | correspondence regarding CNN Architecture); Parker Ex. 23 at 234-260 (Pavemetrics paper on Deep Learning for Railroad Inspection - Phase 2); Parker Ex. 24 at 261, 264-65 (Pavemetrics paper on the Development of Artificial Intelligence and Deep Neural Networks in Railway Maintenance); Parker Ex. 25 at 272 (Pavemetrics paper on Deep Learning for Railroad Inspection); Parker Ex. 26 at 293-94 (Pavemetrics presentation on Deep Neural Network Railway Inspection and Change Detection); Ex. 11 at 69-71, 79, 83, 85, 86 (Source Code Versions); Parker Ex. 36 at 399–402 (Pavemetrics' First Supplemental Interrogatory Responses to Tetra Tech's Third Set of Interrogatories); Parker Ex. 17 at 184-187, 189 (LRAIL Analyser Library User Manual); Parker Ex. 14, Nguyen Tr., 94:22-24; Parker Ex. 15, Talbot Tr., 111:22-12:6; Morellas Ex. 37 at 56 (Deep Learning Revolution |

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
|  |  | Textbook); Morellas Ex. 38 at 72-77 (Deep Dive Textbook); Morellas Ex. 39 at 101, 104-105 (Deep Learning Textbook)). Furthermore, in identifying track features from the Fake3D image by overlaying identifiers over the features on the Fake3D image, the LRAIL source code moves a gradient neighborhood like a sliding window over 3D elevation data. *See* Morellas Decl. at ¶¶ 72-83 (citing Parker Ex. 11 at 65-66, 84 (Source Code Version) (discussing algorithm for identifying a joint bar candidate)). |
| 15 | During prosecution of the '293 Patent, original Claim 1 did not require processing intensity data, but rather required processing only "three dimensional elevation data." (ECF No. 87 Ex. J at 2:8-15.) | Undisputed. |
| 16 | The examiner rejected all claims over a prior art reference that did "not explicitly teach capturing the intensity | Undisputed. |

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
| | image data." (ECF No. 87 Ex. J at 15, 65.) | |
| 17 | Tetra Tech responded by amending Claim 1 to require processing "three dimensional surface elevation and intensity data." (ECF No. 87 Ex. J at 40.) | Undisputed. |
| 18 | In its Claim Construction Order, the Court found that: "Tetra Tech also argued that 'the track elevation map is gathered []via the three dimensional surface elevation and intensity data[.]' (See Exhibit J at 50, 51.) Thus, Tetra Tech argued that both the '3D surface elevation and intensity data models' are necessary to analyze 'the elevations for an area of the track surface.' (Id. at 50 (emphasis in original); see also id. at 52 ("Kainer does not teach or suggest a step of defining a three dimensional elevation map based on surface elevation and intensity data representative of an area segment of the railway track bed.") (emphasis in original), 53, 57, 65 | Undisputed. |

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|-----|--------------------------------------|------------------------|
|     | (recognizing that prior art reference did not 'explicitly teach capturing the intensity image data'), 98, 100 (distinguishing prior art on the grounds that it did not disclose 'the use of a single sensor for obtaining surface elevation and intensity data for a given area' to define 'a three dimensional elevation map' based on both 'surface elevation and intensity data') (emphasis in original), 105)." (ECF No. 103 at 32 (citing ECF No. 87 Ex. J).) | |
| 19 | During prosecution of the '293 Patent, Claim 22, which corresponds to original Claim 24, required only "defining a three dimensional elevation map based on data gathered by a sensor sensing reflected light from a track bed surface." (ECF No. 87 Ex. J at 7:156-158.) | Undisputed. |
| 20 | Tetra Tech subsequently amended the claim to require "defining a three dimensional elevation map  based  on surface  elevation  and  intensitydata | Undisputed. |

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
| | representative of an area segment of the railway track bed." Tetra Tech argued to the examiner that the prior art "does not teach or suggest a step of defining a three dimensional elevation map based on **surface elevation and intensity data representative of an area segment of the railway track bed** and, therefore, does not meet each and every limitation." (ECF No. 87 Ex. J at 45, 52.) | |

## II.    STATEMENT OF GENUINE DISPUTES OF CONCLUSIONS OF LAW

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
| 1 | Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). | Disputed. Tetra Tech does not dispute the alleged legal position, but Tetra Tech disputes that Pavemetrics is entitled to summary judgment because there are genuine issues of material fact as to whether Pavemetrics is entitled to a judgement of non-infringement of the '293 patent. *See, e.g.*, Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Fact Nos. 12-14 above. |

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
| 2 | Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). | Disputed. Tetra Tech does not dispute the alleged legal position, but Tetra Tech disputes that Tetra Tech has failed to make a showing sufficient to establish the existence of an element essential to infringement of the '293 patent, on which it bears the burden of proof. |
| 3 | "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247- 48 (1986) (emphasis in original). A dispute is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. | Disputed. Tetra Tech does not dispute the alleged legal position, but Tetra Tech disputes that there are no genuine issues of material fact in the current dispute. *See, e.g.*, Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Fact Nos. 12-14 above |
| 4 | "[A]n accused infringer seeking summary judgment of | Disputed. Tetra Tech does not dispute the alleged legal position, but Tetra |

19

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
| | noninfringement may meet its initial responsibility either by providing evidence that would preclude a finding of infringement, or by showing that the evidence on file fails to establish a material issue of fact essential to the patentee's case." *Novartis Corp. v. Ben Venue Lab'ys, Inc.*, 271 F.3d 1043, 1046 (Fed. Cir. 2001). | Tech disputes that Pavemetrics has met its burden under *Novartis. See, e.g.*, Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Fact Nos. 12-14 above. |
| 5 | Infringement is a question of fact and therefore "amenable to summary judgment when no reasonable fact finder could find that the accused product contains every claim limitation or its equivalent." *Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*, 811 F.3d 1334, 1339 (Fed. Cir. 2016). | Disputed. Tetra Tech does not dispute the alleged legal position, but Tetra Tech disputes that no reasonable fact finder could find that the LRAIL contains every claim limitation or its equivalent of the '293 patent. *See, e.g.*, Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Fact Nos. 12-14 above. |
| 6 | Pavemetrics' LRAIL does not infringe Claims 1, 2, 4, 15, 16, 19-21 of the '293 Patent because it does not satisfy the limitation of "generating a track elevation map based on the acquired three | Disputed. Tetra Tech disputes that the LRAIL does not satisfy the limitation of "generating a track elevation map based on the acquired three dimensional data." *See, e.g.*, Tetra Tech's Responses to Pavemetrics' |

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|-----|----------------------------------------|-----------------------|
|     | dimensional data." | Alleged Undisputed Fact No. 12 above. |
| 7 | Pavemetrics' LRAIL does not infringe Claims 1, 2, 4, 15, 16, 19-21 of the '293 Patent because it does not satisfy the limitation of "identifyinga railway track bed feature from the track elevation map further including the steps of: (i) defining an appropriate gradient neighborhoodrepresenting a small 2D track section over which differential vertical measurements are calculated and (ii) moving the gradient neighborhood like a sliding window over the 3D elevation data using the processor." | Disputed. Tetra Tech disputes that the LRAIL does not satisfy the limitation of "identifying a railway track bed feature from the track elevation map further including the steps of: (i) defining an appropriate gradient neighborhoodrepresenting a small 2D track section over which differential vertical measurements are calculated and (ii) moving the gradient neighborhood like a sliding window over the 3D elevation data using the processor." *See, e.g.*, Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Fact Nos. 13-14 above. |
| 8 | Pavemetrics' LRAIL does not infringe Claims 22-23, 25, 36, 37, and 40-43 of the '293 Patent because it does not satisfy the limitation of "defining a three dimensional elevation map based on surface elevation and intensity data." | Disputed. Tetra Tech disputes that the LRAIL does not satisfy the limitation of "defining a three dimensional elevation map based on surface elevation and intensity data." *See, e.g.*, Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Fact No. 12 above. |

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
| 9 | Pavemetrics' LRAIL does not infringe Claims 22-23, 25, 36, 37, and 40-43 of the '293 Patent because it does not satisfy the limitation of "identifying a railway track bed feature from the elevation map using a processor, further comprising the sub-steps of: (i) defining  an appropriate gradient neighborhood representing a small 2D track section over which differential vertical measurements are calculated and (ii) moving the gradient neighborhood like a sliding window over the 3D elevation data using the processor." | Disputed. Tetra Tech disputes that the LRAIL does not satisfy the limitation of "identifying a railway track bed feature from the elevation map using a processor, further comprising the sub-steps of: (i) defining  an appropriate gradient neighborhood representing a small 2D track section over which differential vertical measurements are calculated and (ii) calculated and (ii) moving the gradient neighborhood like a sliding window over the 3D elevation data using the processor." *See, e.g.*, Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Fact Nos. 13-14 above. |
| 10 | "Whether prosecution history estoppel applies to a particular argument, and thus whether the doctrine of equivalents is available for a particular claim limitation, is a question of law" that may be decided on summary judgment. *See EMD Millipore Corp. v. AllPure Techs., Inc.*, 768 F.3d 1196, 1201 (Fed. Cir. | Disputed. Tetra Tech does not dispute the alleged legal position, but Tetra Tech disputes that prosecution history estoppel has any relevance in the current dispute. |

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
| | 2014). "Prosecution history estoppel applies when an applicant during patent prosecution narrows a claim 'to avoid the prior art, or otherwise to address a specific concern . . . that arguably would have rendered the claimed subject matter unpatentable.'" *Id.* at 1203 (quoting *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 30–31 (1997)). | |
| 11 | "There is a presumption that prosecution history estoppel applies when a patentee has filed an amendment seeking to narrow the scope of a claim, and 'the reason for that amendment was a substantial one relating to patentability.'" *Id.* (quoting *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.,* 344 F.3d 1359, 1366 (Fed. Cir. 2003) (en banc)). | Disputed. Tetra Tech does not dispute the alleged legal position, but Tetra Tech disputes that prosecution history estoppel has any relevance in the current dispute. |
| 12 | During prosecution, Tetra Tech disclaimed the scope of the "map" terms by amending the claims to require the "map" terms to be based | Disputed. Tetra Tech disputes it disclaimed the scope of the "map" terms during prosecution. Tetra Tech also disputes that prosecution history estoppel has any relevance in the |

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|-----|----------------------------------------|------------------------|
|  | on both "surface elevation" and "intensity" data. Prosecution history estoppel bars Tetra Tech from asserting that LRAIL's process of identifying a railway track bed feature from a range (surface elevation) image *or* an intensity image is equivalent to algorithms required by the asserted claims. | current dispute because Tetra Tech is not asserting that LRAIL's process of identifying a railway track bed feature from a range (surface elevation) image *or* an intensity image is equivalent to algorithms required by the asserted claims. |

Dated: January 31, 2022                   **CLARK HILL LLP**

By:

_____
                                    Donald L. Ridge

Aaron L. Parker (*pro hac vice*)
Daniel G. Chung (*pro hac vice*)
Nicholas A. Cerulli (*pro hac vice*)
Kelly S. Horn (*pro hac vice*)
Victor M. Palace (*pro hac vice*)
Jency J. Mathew (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**

*Attorneys for Defendant and Counterclaim Plaintiffs TETRA TECH, INC. AND TETRA TECH TAS INC.*