Donald Ridge, Esq. (SBN: 132171)
**CLARK HILL LLP**
555 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
DRidge@clarkhill.com

Aaron L. Parker (*pro hac vice*)
aaron.parker@finnegan.com
Daniel G. Chung (*pro hac vice*)
daniel.chung@finnegan.com
Nicholas A. Cerulli (*pro hac vice*)
nicholas.cerulli@finnegan.com
Kelly S. Horn (*pro hac vice*)
kelly.horn@finnegan.com
Victor M. Palace (*pro hac vice*)
victor.palace@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue NW
Washington, D.C. 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Jency J. Mathew (*pro hac vice*)
jency.mathew@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, Virginia 20190-6023
Telephone: (571) 203-2700
Facsimile: (571) 203-2777

*Attorneys for Defendant and Counterclaim Plaintiffs TETRA TECH, INC. AND TETRA TECH TAS INC.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC.<br><br>Plaintiffs,<br><br>v.<br><br>TETRA TECH, INC.<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO.: 2:21-CV-1289 MCS-MMA<br><br>**TETRA TECH'S OBJECTIONS TO NEW ARGUMENTS AND EVIDENCE SUBMITTED WITH PAVEMETRICS' REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGEMENT OF NON-INFRINGEMENT OF THE '293 PATENT**<br><br>Honorable Mark. C. Scarsi<br><br>Date: February 29, 2022<br>Time: 9:00 a.m.<br>Ctrm: 7C |

Defendant and Counterclaim Plaintiff Tetra Tech, Inc. and Counterclaim Plaintiff Tetra Tech TAS Inc. (collectively "Tetra Tech") hereby object to certain new arguments and evidence relied on by Plaintiff and Counterclaim Defendant Pavemetrics Systems, Inc. ("Pavemetrics") in its Reply in Support of its Motion for Summary Judgement of Non-Infringement of the '293 Patent (ECF 137-1) ("Reply Brief"). As explained below, the Court should not consider Pavemetrics' new arguments and evidence when it decides the pending motion for summary judgment. Pavemetrics' untimely presentation of new arguments and evidence is highly prejudicial to Tetra Tech, as it has no opportunity to respond. Indeed, Tetra Tech could not have addressed the new arguments or evidence in its opposition brief because they were never disclosed by Pavemetrics during fact discovery.[1]

It is well-established that new arguments cannot be raised for the first time in a reply brief. *See Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n.2 (9th Cir. 2007); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("A district court need not consider arguments raised for the first time in a reply brief."); *Hill v. Opus Corp.*, 464 B.R. 361, 371 n.48 (C.D. Cal. 2011) ("The court declines to consider arguments raised for the first time in reply, since the other party has no opportunity to respond"); *see also Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000). This Court has interpreted this general prohibition to apply to new evidence as well. *In re Hansen Natural Corp. Secs. Litig.*, 527 F. Supp. 2d 1142, 1149 n.2 (C.D. Cal 2007) (citing *United States v. Patterson*, 230 F.3d 1168, 1172 (9th Cir. 2000)).

In an attempt to cure the deficiencies of Pavemetrics' opening brief and supporting declaration from its own corporate witness Dr. Jean-François Hébert (*see* ECF 120-1), Pavemetrics submits, with its Reply Brief, a ***second*** declaration from Dr.

---

[1] To the extent that Pavemetrics continues to rely on these new arguments and evidence in this Action, Tetra Tech reserves the right to move to exclude such new arguments and evidence.

2

Hébert (ECF 137-3) ("Hebert Reply Decl."). After failing to address any source code in Pavemetrics' opening brief and Dr. Hébert's first declaration, Pavemetrics provides Dr. Hébert's self-serving analysis of the LRAIL source code cited in Tetra Tech's infringement contentions. Hébert Reply Decl., ¶¶ 6-11; Reply Brief at p. 3, lines 5-12, 15-20, p. 7, lines 1-6. In addition, Pavemetrics introduces at least two new noninfringement theories, which were never disclosed in Pavemetrics' opening brief, let alone during fact discovery. Specifically, Pavemetrics alleges that (1) two versions of the LRAIL source code identified by Tetra Tech include "if statements" that allegedly show that the two versions are not "configured to" generate and/or process Fake3D or Mixed images (Hébert Reply Decl., ¶¶ 13-15, 18-30; Reply Brief at p. 10, lines 15-26); and (2) Pavemetrics' neural network model allegedly uses a specific input parameter, such that a filter associated with the neural network does not slide "sequentially and completely" over the image (Hébert Reply Decl., ¶ 31; Reply Brief at p. 8, lines 13-15). But Dr. Hébert's first declaration submitted with Pavemetrics' opening brief did not offer any evidence relating to these arguments. *See* ECF 120-1. In fact, as Tetra Tech noted in its opposition brief, neither Pavemetrics' opening brief nor Dr. Hébert's first declaration provided any analysis of the source code cited in Tetra Tech's infringement contentions. Opp'n at 8. Pavemetrics should not be permitted to cure its failure to include in its opening brief all arguments and evidence supporting its motion for summary judgment, including those based on its own source code.[2]

To the extent Pavemetrics argues that the new facts presented in Dr. Hébert's second declaration merely respond to arguments made by Tetra Tech in its opposition brief, this is incorrect. Tetra Tech did not introduce any new infringement theories in its opposition brief. Indeed, Tetra Tech's opposition brief relies on the same positions

///

---

[2] Moreover, even if the Court were to consider Pavemetrics' new arguments, those arguments fail to establish that there are no genuine disputes of material fact and that Pavemetrics is entitled to summary judgment of noninfringement of the asserted claims of the '293 patent.

3

presented in its Second Supplemental Infringement Contentions, which were served to Pavemetrics on December 20, 2021, a month before the close of fact discovery and three weeks before Pavemetrics filed its motion for summary judgement. Thus, Pavemetrics was aware of Tetra Tech's infringement positions when it failed to address them in its opening brief. Furthermore, Pavemetrics had sufficient time during fact discovery to supplement its interrogatory responses, including its response to Interrogatory No. 9, which sought "the complete legal and factual basis for Pavemetrics' contention that it does not infringe the '293 patent, and for each of asserted claims 1, 15, 16, 19-22, 36, 37, and 40-42 of the '293 patent, identify and describe in detail each claim element that Pavemetrics asserts is not present in its Laser Rail Inspection System (LRAIL) and an explanation of why the LRAIL does not meet those claim elements." Tetra Tech cannot be held responsible for Pavemetrics' unjustified decision to wait until after the close of fact discovery to disclose new facts and theories to support its summary judgment motion.

Pavemetrics' reliance on untimely evidence and new noninfringement theories as alleged bases for the Court to rule in Pavemetrics' favor on the pending motion for summary judgment unfairly prejudices Tetra Tech. Tetra Tech has no opportunity to respond to Pavemetrics' new arguments or address the new evidence. In fact, Tetra Tech has had no opportunity to take discovery on Pavemetrics' new noninfringement theories because they were not disclosed until now, well after fact discovery has closed. *See* Fed. R. Civ. P. 37(c)(1) (when a party fails to disclose responsive contentions during discovery, "the party is not allowed to use that information or witness to supply evidence on a motion … unless the failure was substantially justified or is harmless."). Pavemetrics' failure to disclose these new noninfringement arguments is not justified. Nor is it harmless to Tetra Tech, at least because Tetra Tech cannot respond to these new arguments raised for the first time in reply and because it cannot conduct additional factual discovery to counter these untimely noninfringement positions.

///

Accordingly, Tetra Tech objects to Pavemetrics' new arguments and evidence and asks that the Court sustain these objections and disregard the portions of Dr. Hébert's second declaration and Pavemetrics' Reply Brief advancing, for the first time, (1) Pavemetrics' analysis of the LRAIL source code cited in Tetra Tech's infringement contentions (Hébert Reply Decl., ¶¶ 6-11; Reply Brief at p. 3, lines 5-12, 15-20, p. 7, lines 1-6); (2) Pavemetrics' new noninfringement theory that two versions of the LRAIL source code identified by Tetra Tech include "if statements" that allegedly show that the two versions are not "configured to" generate and/or process Fake3D or Mixed images (Hébert Reply Decl., ¶¶ 13-15, 18-30; Reply Brief at p. 10, lines 15-26); and (3) Pavemetrics' new noninfringement theory that its neural network model allegedly uses a specific input parameter, such that a filter associated with the neural network does not slide "sequentially and completely" over the image (Hébert Reply Decl., ¶ 31; Reply Brief at p. 8, lines 13-15).

Dated:  February 22, 2022

Respectfully Submitted,

By:  */s/ Donald L. Ridge*
       Donald L. Ridge

Donald L. Ridge
**CLARK HILL LLP**

Aaron L. Parker (*pro hac vice*)
Daniel G. Chung (*pro hac vice*)
Nicholas A. Cerulli (*pro hac vice*)
Kelly S. Horn (*pro hac vice*)
Jency J. Mathew (*pro hac vice*)
Victor M. Palace (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**

*Attorneys for Defendant and Counterclaim Plaintiffs TETRA TECH, INC. AND TETRA TECH TAS INC*