Joseph R. Re (SBN 134,479)
joe.re@knobbe.com
Christy G. Lea (SBN 212,060)
christy.lea@knobbe.com
Nicholas M. Zovko (SBN 238,248)
nicholas.zovko@knobbe.com
Alan G. Laquer (SBN 259,257)
alan.laquer@knobbe.com
Raymond Lu (SBN 340,873)
raymond.lu@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Plaintiff/Counterclaim Defendant*
PAVEMETRICS SYSTEMS, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>TETRA TECH, INC.,<br><br>  Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:21-cv-1289-MCS-MMA<br><br>**MEMORANDUM IN SUPPORT OF PAVEMETRICS' MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 1 OF NO INDIRECT INFRINGEMENT BASED ON LACK OF INTENT TO INFRINGE**<br><br>Hearing Date:  May 9, 2022<br>Time:  9:00 am<br>Ctrm:  7C<br><br>Honorable Mark C. Scarsi |

# TABLE OF CONTENTS

Page No.

I. INTRODUCTION ............................................................................................. 1

II. FACTUAL BACKGROUND ........................................................................... 2

    A. Pavemetrics Had No Knowledge of Tetra Tech's Patents Before Notice ............................................................................................ 2

    B. Tetra Tech's Notices of Alleged Infringement ........................... 3

        1. U.S. Patent No. 10,362,293 ............................................. 3

        2. U.S. Patent No. 10,616,557 ............................................. 4

    C. Pavemetrics' Six Accused Sales .................................................. 5

III. STANDARD FOR SUMMARY JUDGMENT .............................................. 5

IV. PAVEMETRICS CANNOT BE LIABLE FOR INDIRECT INFRINGEMENT AS A MATTER OF LAW ................................................. 6

    A. No Indirect Infringement for Sales Before Notice of Infringement ................................................................................. 6

    B. No Indirect Infringement for Sales After Notice of Infringement ................................................................................. 7

V. CONCLUSION ................................................................................................. 9

# TABLE OF AUTHORITIES

Page No(s).

*01 Communique Lab., Inc. v. Citrix Sys., Inc.*,
  151 F. Supp. 3d 778 (N.D. Oh. 2015) ....................................................... 7

*Alarm.com, Inc. v. Securenet Techs. LLC*,
  345 F. Supp. 3d 544 (D. Del. 2018) .......................................................... 8

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) .................................................................................. 5

*Chaffin v. Braden*,
  2018 WL 1794766 (S.D. Tex. 2018) ......................................................... 7

*Commil USA, LLC v. Cisco Sys., Inc.*,
  575 U.S. 632 (2015) .......................................................................... 6, 7, 8

*Global-Tech Appliances, Inc. v. SEB S.S.*,
  563 U.S. 754 (2011) ............................................................................. 6, 8

*Mikkelsen Graphic Eng'g Inc. v. Zund Am., Inc.*,
  2011 WL 6122377 (E.D. Wis. 2011) ........................................................ 8

*Telemac Cellular Corp. v. Topp Telecom., Inc.*,
  247 F.3d 1316 (Fed. Cir. 2001) ................................................................. 5

## OTHER AUTHORITIES

35 U.S.C. § 271 .............................................................................................. 2, 8

35 U.S.C. § 287 .................................................................................................. 5

Fed. R. Civ. P. 56 ............................................................................................... 5

### Index of Exhibits in Support of Motion No. 1

| | |
|---|---|
| Laquer Ex. 2 | Tetra Tech's Preliminary Infringement Contentions, served on June 10, 2021 |
| Laquer Ex. 6 | Excerpts of Tetra Tech's damages report (W. Todd Schoettelkotte) |
| Laquer Ex. 7 | Habel Letter dated February 1, 2021 |
| Laquer Ex. 8 | Tetra Tech Letter dated July 22, 2021 |
| Laquer Ex. 11 | Tetra Tech's Response to Pavemetrics' Interrogatory No. 16 |
| Laquer Ex. 14 | Excerpts from John Laurent deposition transcript dated December 21, 2021 |
| Laquer Ex. 15 | Excerpts from Richard Habel deposition transcript dated December 29, 2021 |
| Laquer Ex. 25 | Pavemetrics' Response to Tetra Tech's Interrogatory No. 14, served on October 25, 2021 |
| | |
| Laurent Ex. 32 | Pavemetrics invoices to CSX dated October 23, 2020 |
| Laurent Ex. 33 | Goods Agreement between CSX and Pavemetrics dated November 5, 2020 |
| Laurent Ex. 34 | Pavemetrics invoices to AID dated December 23, 2020 |
| Laurent Ex. 35 | Goods Agreement between CSX and Pavemetrics dated March 15, 2021 |
| Laurent Ex. 36 | Pavemetrics invoices to CSX dated April 21, 2021 |

Pavemetrics submits this memorandum in support of its Motion for Partial Summary Judgment of no indirect infringement because it never had any intent to infringe either asserted patent. This motion is supported by the Declarations of Alan G. Laquer and John Laurent and the exhibits thereto.[1]

## I. INTRODUCTION

Tetra Tech claims that Pavemetrics indirectly infringed both asserted patents under theories of inducement and contributory infringement. But no evidence supports those claims of indirect infringement. Nothing suggests that Pavemetrics knew about the two asserted patents before Tetra Tech first accused Pavemetrics of infringing the '293 patent on January 5, 2021, and the '557 patent on July 22, 2021. Thus, at a minimum, Pavemetrics could not have indirectly infringed before the respective notice dates.

Moreover, even after those dates, nothing could show indirect infringement. No evidence suggests that Pavemetrics believed its customers' use of LRAIL would infringe. After receiving Tetra Tech's letter regarding the '293 patent, Pavemetrics promptly recognized that LRAIL did not infringe, and Pavemetrics maintained that good-faith belief throughout this litigation. It immediately conducted a preliminary analysis and wrote to Tetra Tech informing them that it did not infringe. About one month after receiving Tetra Tech's first letter, Pavemetrics filed suit in this Court for a declaratory judgment of no infringement. Shortly thereafter, it successfully opposed Tetra Tech's motion for preliminary injunction, in part, because this Court found that "Pavemetrics has shown that there is a substantial question regarding infringement." Dkt. 51 at 16. Pavemetrics has maintained its non-infringement positions throughout this

/ / /

---

[1] All exhibits are to the Declaration of Alan G. Laquer unless otherwise indicated.

litigation, including moving for summary judgment of non-infringement of the '293 patent.

Tetra Tech did not raise the '557 patent until July 22, 2021, more than five months after Pavemetrics filed for declaratory judgment of non-infringement. After receiving Tetra Tech's letter on the '557 patent, Pavemetrics promptly recognized that it also did not infringe that patent, and it maintained that belief throughout this litigation. Nothing suggests that Pavemetrics ever believed that the use of LRAIL infringed either patent. Thus, this Court should grant summary judgment of no indirect infringement based on Pavemetrics' lack of intent to infringe.

## II. FACTUAL BACKGROUND

Tetra Tech accuses Pavemetrics of indirect infringement under 35 U.S.C. § 271(b) and (c) of claims 1, 2, 4, 15, 16, 19-23, 25, 36, 37, and 40-43 of U.S. Patent No. 10,362,293 and claims 8–10 and 14 of U.S. Patent No. 10,616,557. *See*, *e.g.*, Dkt. 79, ¶¶ 35-36, 45-46; Dkt. 120-2 (TT's Second Supp. Infringement Contentions).

### A. Pavemetrics Had No Knowledge of Tetra Tech's Patents Before Notice

Pavemetrics, a small Canadian company, does not search for or monitor competitor patents. Ex. 15, Habel Tr. 132:17-133:24; Ex. 14, Laurent Tr. 145:1-14, 147:10-148:21. It had no knowledge of the '293 patent or the '557 patent before receiving letters from Tetra Tech in 2021. Ex. 14, Laurent Tr. 160:9-162:13. As discussed below, once it received those letters, it reviewed the patents, sought legal advice, formed a good-faith belief that its LRAIL system does not infringe, and took action consistent with that belief.

B. **Tetra Tech's Notices of Alleged Infringement**

1. **U.S. Patent No. 10,362,293**

On January 5, 2021, Tetra Tech's counsel wrote to Pavemetrics accusing LRAIL of infringing just the '293 patent. Dkt. 1-1 at 73-74. The letter did not include any explanation, whether in a claim chart or other format. On January 19, 2021, Richard Habel, the CEO of Pavemetrics, responded that it "will have a US patent attorney study US Patent No. 10,362,293, of which we were unaware, and he will get back to you in due course." Dkt. 1-1 at 76. On January 25, 2021, Tetra Tech's counsel emailed Mr. Habel threatening "to pursue legal action to enjoin Pavemetrics from further infringement." Dkt. 1-1 at 78-79. On February 1, 2021, Mr. Habel responded:

> Pavemetrics takes allegations of patent infringement very seriously. Consequently, upon receipt of your letter of January 5, 2021, we immediately initiated a preliminary internal analysis of Tetra Tech's '293 patent, including the claims of the '293 patent. Based on that preliminary internal analysis, we have come to the preliminary conclusion that the LRAIL system does not infringe any of the claims of the '293 patent. However, because we are not legal experts, we are now in the process of choosing a US patent attorney, who will independently assess your allegations of infringement. Once that independent assessment has been completed, then he will respond directly to you in due course.

Ex. 7; Ex. 15, Habel Tr. 182:25-187:23, 116:22-117:1, 131:25-132:16. On February 5, 2021, Tetra Tech again threatened to sue Pavemetrics for infringement of the '293 patent. Dkt. 1-1 at 84-85. In its pre-suit letters, Tetra Tech never explained the basis for any infringement allegation.

On February 11, 2021, Pavemetrics filed its complaint for a declaratory judgment of non-infringement of the '293 patent. Dkt. 1. In that complaint,

Pavemetrics sought a declaration that "the sale or use of the LRAIL track inspection system" does not infringe any claim of the '293 patent. *Id.* ¶16.

On March 3, 2021, Tetra Tech moved for a preliminary injunction to enjoin Pavemetrics from infringing the '293 patent. Dkt. 17. Pavemetrics opposed, showing that its LRAIL system does not infringe. Dkt. 37. On April 22, 2021, this Court denied Tetra Tech's motion. The Court found that "Pavemetrics has shown that there is a substantial question regarding infringement" and "Tetra Tech cannot demonstrate a likelihood of success on the merits." Dkt. 51 at 16, 19. Specifically, the Court agreed with Pavemetrics that "there is no evidence that the 'deep neural network' incorporated into the current LRAIL meets the 'moving the gradient neighborhood like a sliding window over the 3D elevation data using the processor' limitation recited in Claim 1" of the '293 patent. *Id.* at 16. Pavemetrics subsequently filed a summary judgment motion of no infringement based, in part, on LRAIL having nothing corresponding to that same limitation. Dkt. 109. This Court heard oral argument on that motion on February 28, 2022, and its decision is pending.

2. **U.S. Patent No. 10,616,557**

On July 22, 2021, Tetra Tech wrote to Pavemetrics accusing LRAIL of infringing the '557 patent. Ex. 8. The letter again did not include any explanation, whether in a claim chart or other format, how any use would perform all of the recited steps in the method claims of the '557 patent. Shortly thereafter, Tetra Tech filed a First Amended Counterclaim asserting infringement of the '557 patent. Dkt. 79. On September 8, 2021, Pavemetrics answered that it did not infringe. Dkt. 82. On October 25, 2021, in an interrogatory response, Pavemetrics explained some of the reasons why it does not infringe, including that no use of LRAIL infringes any claim of the '557 patent (all method claims). Laquer ¶5, Ex. 25. Pavemetrics explained provided additional non-infringement rationale in a supplemental response on January 6, 2022. *Id.* ¶6, Ex. 25. On

March 11, 2022, Pavemetrics served its rebuttal expert report further explaining why no use of LRAIL would infringe the '557 patent. *Id.* ¶7.

### C. Pavemetrics' Six Accused Sales

Tetra Tech has accused Pavemetrics of infringement based on only six sales of LRAIL. *See* Ex. 11 (TT Response to Inter. No. 16); Ex 6 (Schedule 6B to TT Damages Report). Pavemetrics sold three of those LRAILs in 2020, before Tetra Tech gave notice of the '293 patent on January 5, 2021. Laurent ¶¶4-5, Exs. 32 (CSX invoices), 33 (CSX Agreement 2020), 34 (AID invoice). Pavemetrics invoiced all six sales before Tetra Tech gave notice of the '557 patent on July 22, 2021. Laurent ¶6, Exs. 32, 34-36; Laquer Ex 6 at Schedule 6B.[2]

### III. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment of non-infringement should be granted where the patentee's proof fails to meet an "essential part of the legal standard for infringement, since such failure will render all other facts immaterial." *Telemac Cellular Corp. v. Topp Telecom., Inc.*, 247 F.3d 1316, 1323 (Fed. Cir. 2001).

---

[2] Because three sales occurred before any notice of any infringement, and that Tetra Tech does not mark under 35 U.S.C. § 287, Pavemetrics has also moved for summary judgment that no damages could be owed for those three sales.

## IV. PAVEMETRICS CANNOT BE LIABLE FOR INDIRECT INFRINGEMENT AS A MATTER OF LAW

A claimant alleging indirect infringement, under either an induced or contributory theory, must show evidence that the defendant had knowledge of the asserted patents and that "the defendant knew the acts were infringing," not that they "might infringe." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639, 642 (2015).[3] Under *Commil*, a defendant does not have knowledge of infringement if it "reads the patent's claims differently from the plaintiff, and that reading is reasonable." *Id.*

Here, Pavemetrics always held a good-faith belief that its LRAIL product does not infringe. No evidence contradicts that fact. Thus, this Court should grant summary judgment of no indirect infringement. Moreover, before Pavemetrics received Tetra Tech's notice letters, it was not even aware of the asserted patents.

### A. No Indirect Infringement for Sales Before Notice of Infringement

The first element of indirect infringement requires actual knowledge of, or willful blindness to, the asserted patents. *Global-Tech Appliances, Inc. v. SEB S.S.*, 563 U.S. 754, 769 (2011). "A court can properly find willful blindness only where it can almost be said that the defendant actually knew." *Id.*

Here, nothing suggests that Pavemetrics knew of either patent before January 5, 2021, and nothing suggests that Pavemetrics knew of the '557 patent before July 22, 2021. To the contrary, the evidence shows that Pavemetrics did not know about the asserted patents before those dates. *See* Ex. 14, Laurent Tr. 160:9-162:13; Dkt. 1-1 at 76 (Habel 1/19/21 Ltr.). Also, no evidence suggests

---

[3] *Commil* concerned an induced infringement claim, but it observed that contributory infringement has the same knowledge requirement. *Id.* at 639 ("Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement.").

Pavemetrics was willfully blind as to the existence of the asserted patents before those dates.

Tetra Tech alleges that Pavemetrics monitored Tetra Tech's patents and thus must have known of the patents. But no evidence supports such monitoring and nothing suggests Pavemetrics knew of the asserted patents. Tetra Tech relies upon an October 2017 email to argue that Pavemetrics must have known of later-issued patents. But such an argument cannot substitute for evidence of knowledge of the ***asserted*** patents. *See Commil*, 135 S. Ct. at 1926 (inducement requires "knowledge of the patent in suit").

The evidence shows that Pavemetrics did not monitor Tetra Tech's patents because it had no reason to do so. In fact, Pavemetrics' CEO explained he had no reason to review any Tetra Tech patents because "Tetra Tech had been a long-time customer." Ex. 15, Habel Tr. 139:3-19; *see also* 136:12-141:22, 144:8-10. Thus, nothing shows Pavemetrics knew of the asserted patents.

Tetra Tech also alleges that Pavemetrics knew of, and actively tracked, patent disputes involving its competitors. But Tetra Tech is referring to a lawsuit in which Georgetown Rail sued Tetra Tech for patent infringement—not a lawsuit involving Tetra Tech's patents. *Id.* 134:20-135:2. No evidence could create a genuine issue of material fact on Pavemetrics' knowledge of the asserted patents before receiving Tetra Tech's notice letters.

Thus, at a minimum, this Court should grant summary judgment of no indirect infringement for the period before Pavemetrics received the notice letters.

**B.** **<u>No Indirect Infringement for Sales After Notice of Infringement</u>**

The second element of indirect infringement requires "proof the defendant knew the acts were infringing." *Commil*, 575 U.S. at 642.[4] *Commil* "require[s]

---

[4] *See, e.g., 01 Communique Lab., Inc. v. Citrix Sys., Inc.*, 151 F. Supp. 3d 778, 808 (N.D. Oh. 2015) (summary judgment of no inducement); *Chaffin v. Braden*, 2018 WL 1794766, at *5 (S.D. Tex. 2018) (summary judgment of no

more" than knowledge that "the acts might infringe." *Id.* "[I]f the defendant reads the patent's claims differently from the plaintiff, and that reading is reasonable," then the defendant cannot be liable for indirect infringement. *Id.* "For willful blindness to exist, 'the defendant must subjectively believe that there is a high probability that' the induced acts are infringing." *Alarm.com, Inc. v. Securenet Techs. LLC*, 345 F. Supp. 3d 544, 554 (D. Del. 2018) (quoting *Global-Tech Appliances, Inc. v. SEB S.S.*, 563 U.S. 754, 769 (2011)).

No evidence suggests that Pavemetrics actually knew its acts would induce or contribute to any infringement or that it believed there was a high probability of infringement. Rather, Pavemetrics repeatedly expressed its genuine belief that that its customers' use of LRAIL would not infringe. Pavemetrics did so in responding to Tetra Tech's January 5 notice letter, in its declaratory judgment complaint, in its successful opposition to Tetra Tech's preliminary-injunction motion, in discovery responses, fact depositions, expert reports, and expert depositions, and in summary judgment motions. *See supra* Section II.B. This Court confirmed Pavemetrics' good-faith belief when it denied Tetra Tech's preliminary-injunction motion and found that "Pavemetrics has shown that there is a substantial question regarding infringement." Dkt. 51 at 16.

Even if evidence suggested that, after receiving the notice letters, Pavemetrics knew that the parties genuinely disputed whether LRAIL or its use infringes the asserted patents, that cannot raise a genuine issue. As a matter of law, knowledge that such acts "might" infringe is insufficient to maintain claims of indirect infringement. *Commil*, 575 U.S. at 642; *Mikkelsen Graphic Eng'g Inc. v. Zund Am., Inc.*, 2011 WL 6122377, *7 (E.D. Wis. 2011) ("knowledge of only a risk that the acts induced constitute patent infringement does not give rise to liability"). Thus, the Court should grant summary judgment.

---

indirect infringement).

## V. CONCLUSION

For the foregoing reasons, the Court should grant Pavemetrics' motion for summary judgment of no indirect infringement of both asserted patents under 35 U.S.C. § 271(b) and (c).

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 4, 2022

/s/ Nicholas M. Zovko
Joseph R. Re
Christy G. Lea
Nicholas M. Zovko
Alan G. Laquer
Raymond Lu

*Attorneys for Plaintiff/Counterclaim Defendant*, PAVEMETRICS SYSTEMS, INC.