Joseph R. Re (SBN 134,479)
joe.re@knobbe.com
Christy G. Lea (SBN 212,060)
christy.lea@knobbe.com
Nicholas M. Zovko (SBN 238,248)
nicholas.zovko@knobbe.com
Alan G. Laquer (SBN 259,257)
alan.laquer@knobbe.com
Raymond S. Lu (SBN 340,873)
raymond.lu@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Plaintiff/Counterclaim Defendant*
PAVEMETRICS SYSTEMS, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TETRA TECH, INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | Case No. 2:21-cv-1289-MCS-MMA <br><br> **STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PAVEMETRICS' MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 1 OF NO INDIRECT INFRINGEMENT BASED ON LACK OF INTENT TO INFRINGE** <br><br> Hearing Date: May 9, 2022 <br> Time: 9:00 am <br> Ctrm: 7C <br><br> Honorable Mark C. Scarsi |

Pursuant to Local Rule 56-1 and Paragraph 10(c)(i) of this Court's Standing Order (ECF 11), Plaintiff and Counterclaim Defendant Pavemetrics Systems, Inc. hereby submits the following Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion for Partial Summary Judgment No. 1 of no indirect infringement of U.S. Patent No. 10,362,293 and U.S. Patent No. 10,616,557, because it never had any intent to infringe either of those patents.

## I. STATEMENT OF UNCONTROVERTED FACTS

**No reasonable jury could find that Pavemetrics indirectly infringed the asserted claims of the '293 or '557 Patents.**

| No. | UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 1. | Tetra Tech alleges that Pavemetrics' indirectly infringes Claims 1, 2, 4, 15, 16, 19-23, 25, 36, 37, and 40-43 of the '293 patent. | Laquer Ex. 2 <br><br> Tetra Tech's Preliminary Infringement Contentions |
| 2. | Tetra Tech alleges that Pavemetrics' indirectly infringes Claims 8-10 and 14 of the '557 patent. | Laquer Ex. 3 <br><br> Tetra Tech's First Supp. Infringement Contentions |
| 3. | Pavemetrics denies that it has indirectly infringed and that it does indirectly infringe the asserted claims of the '293 and '557 patents. | Dkt. 82 |
| 4. | On January 5, 2021, Tetra Tech sent a letter to Pavemetrics accusing LRAIL of infringing the '293 patent. | Dkt. 1-1 at 73-74. |
| 5. | Pavemetrics had no knowledge of the '293 patent before receiving the January 5, 2021 letter from Tetra Tech. | Laquer Ex. 14 (Laurent Tr. 160:9-162:13); Dkt. 1-1 at 76 (Habel |

| | | |
|---|---|---|
| | | 1/19/21 Ltr.); Laquer Ex. 15 (Habel Tr. 139:3-19, 140:22-25, 144:8-10). |
| 6. | At no time did Pavemetrics believe that it infringed the '293 patent. After receiving Tetra Tech's January 5, 2021 letter, Pavemetrics formed a good faith belief that its LRAIL system did not infringe the '293 patent. It never believed that there is a high probability that use of LRAIL infringes the '293 patent. | Dkt. 1-1 at 76 (Habel 1/19/21 Ltr.); Laquer Ex. 7 (Habel 2/1/21 Ltr.); Laquer Ex. 15 (Habel Tr. 182:25-187:23, discussing Dkt. 1-1 marked as Dep. Ex. 77); *Id.*, (Habel Tr. 116:22-117:3, 131:25-132:16); Dkt. 1, ¶16 (Complaint for DJ of Non-infringement); Dkt. 37 (Opp'n to PI); Dkt. 51 at 16, 19 (Court Order denying PI and finding a substantial question regarding infringement."); Dkt. 109 (Pavemetrics MSJ of Non-infringement of '293 patent). |
| 7. | On July 22, 2021, Tetra Tech sent a letter to Pavemetrics accusing LRAIL of infringing the '557 patent. | Dkt. 79, ¶32. |
| 8. | Pavemetrics had no knowledge of the '557 patent before receiving a letter from Tetra Tech on July 22, 2021. | Laquer Ex. 14 (Laurent Tr. 161:23-162:13); |

| | | |
|---|---|---|
| | | Dkt. 1-1 at 73-74 (no mention of '557 patent); Laquer Ex. 15 (Habel Tr. 139:3-19, 140:22-25, 144:8-10). |
| 9. | At no time did Pavemetrics believe that it infringed the '557 patent. After receiving Tetra Tech's July 22, 2021 letter, Pavemetrics formed a good faith belief that its LRAIL system did not infringe the '557 patent. It never believed that there is a high probability that use of LRAIL infringes the '557 patent. | Dkt. 82 (Answer); Laquer Ex. 25 (First Sup. Response to Interrogatory No. 14); Laquer ¶¶5-7 (On March 11, 2022, Pavemetrics served its rebuttal expert report further explaining why no use of LRAIL would infringe the '557 patent.); *See* Pavemetrics' Motion for Partial Summary Judgment of No Infringement of Claim 14 of the '557 patent. |

## II. CONCLUSIONS OF LAW

| No. | Conclusions of Law |
|---|---|
| 1. | Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). |
| 2. | Rule 56 "mandates the entry of summary judgment . . . against a party |

| | | |
|---|---|---|
| | | who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). |
| | 3. | "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). A dispute is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. |
| | 4. | "[A]n accused infringer seeking summary judgment of noninfringement may meet its initial responsibility either by providing evidence that would preclude a finding of infringement, or by showing that the evidence on file fails to establish a material issue of fact essential to the patentee's case." *Novartis Corp. v. Ben Venue Lab'ys, Inc.*, 271 F.3d 1043, 1046 (Fed. Cir. 2001). |
| | 10. | A claimant alleging indirect infringement, under either an induced or contributory theory, must show evidence that the defendant had knowledge of the asserted patents and that "the defendant knew the acts were infringing," not that they "might infringe." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639, 642 (2015). |
| | 11. | Under *Commil*, a defendant does not have knowledge of infringement if it "reads the patent's claims differently from the plaintiff, and that reading is reasonable." *Id.* |
| | 12. | The first element of indirect infringement requires actual knowledge of, or willful blindness to, the asserted patents. *Global-Tech Appliances,* |

| | |
|---|---|
| | *Inc. v. SEB S.S.*, 563 U.S. 754, 769 (2011). |
| 13. | "A court can properly find willful blindness only where it can almost be said that the defendant actually knew." *Id.* |
| 14. | The second element of indirect infringement requires "proof the defendant knew the acts were infringing." *Commil*, 575 U.S. at 642. |
| 15. | *Commil* "require[s] more" than knowledge that "the acts might infringe." *Id.* "[I]f the defendant reads the patent's claims differently from the plaintiff, and that reading is reasonable," then the defendant cannot be liable for indirect infringement. *Id.* |
| 16. | "For willful blindness to exist, 'the defendant must subjectively believe that there is a high probability that' the induced acts are infringing." *Alarm.com, Inc. v. Securenet Techs. LLC*, 345 F. Supp. 3d 544, 554 (D. Del. 2018) (quoting *Global-Tech Appliances, Inc. v. SEB S.S.*, 563 U.S. 754, 769 (2011)). |
| 17. | Knowledge that acts "might" infringe is insufficient to maintain claims of indirect infringement. *Commil*, 575 U.S. at 642; *Mikkelsen Graphic Eng'g Inc. v. Zund Am., Inc.*, 2011 WL 6122377, *7 (E.D. Wis. 2011) ("knowledge of only a risk that the acts induced constitute patent infringement does not give rise to liability"). |
| 18. | Tetra Tech cannot show that Pavemetrics knew that the accused acts were infringing. Thus, Pavemetrics cannot have indirectly infringed as a matter of law. |

                                Respectfully submitted,

                                KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 4, 2022           */s/ Nicholas M. Zovko*
                                      Joseph R. Re
                                      Christy G. Lea
                                      Nicholas M. Zovko
                                      Alan G. Laquer
                                      Raymond Lu

                                *Attorneys for Plaintiff/Counterclaim Defendant*, PAVEMETRICS SYSTEMS, INC.

55289334