Joseph R. Re (SBN 134,479)
joe.re@knobbe.com
Christy G. Lea (SBN 212,060)
christy.lea@knobbe.com
Nicholas M. Zovko (SBN 238,248)
nicholas.zovko@knobbe.com
Alan G. Laquer (SBN 259,257)
alan.laquer@knobbe.com
Raymond S. Lu (SBN 340,873)
raymond.lu@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Plaintiff/Counterclaim Defendant*
PAVEMETRICS SYSTEMS, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TETRA TECH, INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | Case No. 2:21-cv-1289-MCS-MMA <br><br> **STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PAVEMETRICS' MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 2 OF (1) NO INFRINGEMENT OF CLAIM 14 OF THE '557 PATENT AND (2) NO DIRECT INFRINGEMENT OF METHOD CLAIMS BY SALES** <br><br> Hearing Date:  May 9, 2022 <br> Time:  9:00 a.m. <br> Ctrm:  7C <br><br> Honorable Mark C. Scarsi |

Pursuant to Local Rule 56-1 and Paragraph 10(c)(i) of this Court's Standing Order (ECF 11), Plaintiff and Counterclaim Defendant Pavemetrics Systems, Inc. hereby submits the following Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion for Summary Judgment No. 2 of no infringement of claim 14 of U.S. Patent No. 10,616,557 and no direct infringement of any method claims by sales of the LRAIL.

## I. STATEMENT OF UNCONTROVERTED FACTS

**No reasonable jury could find that any act involving LRAIL infringed claim 14 of the '557 Patent.**

| No. | UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 1. | Claim 14 is a method claim. | Ex 1 ('557 patent, 30:38-54). |
| 2. | In order for LRAIL's template matching algorithm to run, LRAIL must be configured use template matching and LRAIL must also have at least one template model. | Hébert ¶¶5-7. |
| 3. | Pavemetrics configured all LRAIL software sold in the United States to use a neural network rather than to use template matching. | Hébert ¶5. |
| 4. | Pavemetrics has not provided any U.S. customer with any template model. | Hébert ¶5. |
| 5. | LRAIL's template matching algorithm has not been executed in the United States. | Hébert ¶¶5, 8-9. |
| 6. | Claim 14 requires "inputting . . . a 3D feature library" and that the 3D feature library contains "railway track bed features." | Ex 1 ('557 patent, 30:38-54); Laquer Ex. 20, Morellas Tr. 64:14–16. |
| 7. | LRAIL's neural network never receives any 3D feature library as input. | Hébert ¶11; Frakes ¶¶44-48. |

| | | | |
|---|---|---|---|
| 8. | LRAIL's neural network relies on filters which are matrices of numbers, are not 3D feature libraries, and do not contain railway track bed features. | Frakes ¶¶32, 35, 41, 47-48; Laquer Ex. 17, Mesher Tr. 135:5–10. |
| 9. | Claim 14 also requires "testing each of a plurality of railway track bed features in the 3D feature library against feature targets in the elevation data in sequence." | Ex 1 ('557 patent, 30:38-54). |
| 10. | LRAIL's neural network runs its detection algorithms in parallel, not in sequence. | Hébert ¶13; Frakes ¶51. |
| 11. | Within each of LRAIL's neural network model, different types of a particular feature are detected in parallel, not in sequence. | Hébert ¶14; Frakes ¶52. |
| 12. | LRAIL's neural network filters are applied over each channel of the image data in parallel, not in sequence. | Hébert ¶15; Frakes ¶53. |
| 13. | Claim 14 also requires "eliminating feature template matching scores for feature targets which are less than a 3D feature correlation threshold." | Ex 1 ('557 patent, 30:38-54). |
| 14. | LRAIL's neural network does not determine template matching scores and therefore does not eliminate them. | Hébert ¶16; Frakes ¶55. |
| 15. | LRAIL's neural network does not compare any score against a 3D feature correlation threshold. | Hébert ¶16; Frakes ¶58. |

**No reasonable jury could find that Pavemetrics' LRAIL sales could amount to a direct infringement of any of the asserted method claims of either asserted patent (i.e., claims 8, 9, 10, and 14 of the '557 patent and claims 22-23, 25, 36-37, and 40-43 of U.S. Patent No. 10,362,293).**

| No. | UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 1. | Claims 8, 9, 10, and 14 of the '557 patent, and claims 22, 23, 25, 36, 37, 40, 41, 42, and 43 of the '293 patent are method claims. | Ex 1 ('557 patent, 29:64-30:54); Dkt. 1-1 ('293 patent, 31:43-34:20) |

## II. CONCLUSIONS OF LAW

| No. | CONCLUSION OF LAW |
|---|---|
| 1. | Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). |
| 2. | Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). |
| 3. | "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). A dispute is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. |
| 4. | "[A]n accused infringer seeking summary judgment of noninfringement may meet its initial responsibility either by providing evidence that |

|   |   |
|---|---|
|   | would preclude a finding of infringement, or by showing that the evidence on file fails to establish a material issue of fact essential to the patentee's case." *Novartis Corp. v. Ben Venue Lab'ys, Inc.*, 271 F.3d 1043, 1046 (Fed. Cir. 2001). |
| 5. | Infringement is a question of fact and therefore "amenable to summary judgment when no reasonable factfinder could find that the accused product contains every claim limitation or its equivalent." *Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*, 811 F.3d 1334, 1339 (Fed. Cir. 2016). |
| 6. | "A method or process claim is directly infringed only when the process is performed." *Joy Techs.*, 6 F.3d at 773. |
| 7. | Pavemetrics' LRAIL does not infringe claim 14 of the '557 patent. |
| 8. | Pavemetrics' LRAIL has never been operated to perform the claimed method of claim 14 of the '557 patent within the United States. |
| 9. | Tetra Tech's allegations of infringing a method claim based on sales (or anything other than use) are contrary to the infringement statute. |

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 4, 2022

/s/ *Nicholas M. Zovko*
Joseph R. Re
Christy G. Lea
Nicholas M. Zovko
Alan G. Laquer
Raymond Lu

*Attorneys for Plaintiff/Counterclaim Defendant*, PAVEMETRICS SYSTEMS, INC.