Joseph R. Re (SBN 134,479)
joe.re@knobbe.com
Christy G. Lea (SBN 212,060)
christy.lea@knobbe.com
Nicholas M. Zovko (SBN 238,248)
nicholas.zovko@knobbe.com
Alan G. Laquer (SBN 259,257)
alan.laquer@knobbe.com
Raymond Lu (SBN 340,873)
raymond.lu@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502
*Attorneys for Plaintiff/Counterclaim Defendant*
PAVEMETRICS SYSTEMS, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TETRA TECH, INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | Case No. 2:21-cv-1289-MCS-MMA <br><br> **MEMORANDUM IN SUPPORT OF PAVEMETRICS' MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 3 OF NO DAMAGES UNDER THE '293 PATENT FOR THREE SALES MADE BEFORE JANUARY 5, 2021** <br><br> Hearing Date:  May 9, 2022 <br> Time:  9:00 a.m. <br> Ctrm:  7C <br> Honorable Mark C. Scarsi |

**TABLE OF CONTENTS**

**Page No.**

I.  INTRODUCTION ........................................................................................ 1

II. FACTUAL BACKGROUND ..................................................................... 1

III. LEGAL STANDARDS ............................................................................... 2

IV. TETRA TECH CANNOT RECOVER DAMAGES UNDER THE '293 PATENT FOR THE FIRST THREE LRAIL SALES ......... 3

V.  CONCLUSION ........................................................................................... 5

# TABLE OF AUTHORITIES

**Page No(s).**

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
　6 F.3d 1523 (Fed. Cir. 1993) ................................................................. 2

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
　876 F.3d 1350 (Fed. Cir. 2017) ......................................................... 2, 3

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*,
　617 F.3d 1296 (Fed. Cir. 2010) ............................................................. 4

*Ultratec, Inc. v. Sorenson Commnc's, Inc.*,
　45 F. Supp. 3d 881 (W.D. Wis. 2014) ................................................... 2

**OTHER AUTHORITIES**

35 U.S.C. § 287 ............................................................................................ 1, 2

**Index of Exhibits in Support of Motion No. 3**

| | |
|---|---|
| Laquer Ex. 5 | Excerpts of Dr. Morellas' infringement report |
| Laquer Ex. 6 | Excerpts of W. Todd Schoettelkotte's damages report |
| Laquer Ex. 10 | Tetra Tech's First Supplemental Response to Pavemetrics' Interrogatory No. 2 |
| Laquer Ex. 12 | Tetra Tech's First Supplemental Response to Pavemetrics' Interrogatory No. 5, |
| Laquer Ex. 19 | Excerpts from the transcript of the March 22, 2022 deposition of W. Todd Schoettelkotte |
| | |
| Laurent Ex. 32 | Pavemetrics invoices to CSX dated October 23, 2020 |
| Laurent Ex. 33 | Goods Agreement between CSX and Pavemetrics dated November 5, 2020 |
| Laurent Ex. 34 | Pavemetrics invoices to AID dated December 23, 2020 |
| Laurent Ex. 35 | Goods Agreement between CSX and Pavemetrics dated March 15, 2021 |
| Laurent Ex. 36 | Pavemetrics invoices to CSX dated April 21, 2021 |
| Laurent Ex. 37 | Pavemetrics invoice to CSX dated May 5, 2021 |
| Laurent Ex. 38 | Pavemetrics invoice to CSX dated October 21, 2021 |

Pavemetrics submits this memorandum in support of its Motion for Partial Summary Judgment of no damages under U.S. Patent No. 10,362,293 for three sales made before January 5, 2021. This motion is supported by the Declarations of Alan G. Laquer and John Laurent.

## I. INTRODUCTION

Tetra Tech cannot recover damages for the '293 patent unless Tetra Tech satisfied the patent marking statute (35 U.S.C. § 287) or provided actual notice to Pavemetrics of any infringement. Tetra Tech contends that its 3DTAS product is covered by the '293 patent, yet it never marked that product with the '293 patent number. The parties agree that Tetra Tech first notified Pavemetrics of any infringement on January 5, 2021. But Tetra Tech seeks damages for all six of Pavemetrics' sales of the accused LRAIL system, including the three sold before Tetra Tech gave notice. Because Pavemetrics sold three of those systems before January 5, 2021, Tetra Tech cannot recover damages for those sales as a matter of law.

## II. FACTUAL BACKGROUND

On January 5, 2021, Tetra Tech sent Pavemetrics a letter asserting that LRAIL infringes the '293 patent. Dkt. 1-1 (Exhibit B at 76-77). The parties agree that this letter was the first time Tetra Tech gave notice to Pavemetrics of any infringement of the '293 patent. Laquer Ex. 12 at 3 (TT Response to Interrogatory No. 5).

In this suit, Tetra Tech asserts that Pavemetrics' LRAIL system infringes system claims of the '293 patent. Dkt. 79 at 10-16 (charting Claim 1, a "system for assessing a railway track bed"). Tetra Tech also asserts the '293 patent covers its 3DTAS product. *Id.* at 5; Laquer Ex. 10 at 2-3 (TT Response to Interrogatory No. 2). However, Tetra Tech never marked 3DTAS with the '293 patent before giving actual notice of any infringement on January 5, 2021. Laquer Ex. 12 at 3 (TT Response to Interrogatory No. 5).

Tetra Tech seeks damages for the sale of six accused LRAIL systems. Laquer Ex. 6 at 7-8. Those sales occurred on the following dates:

- October 23, 2020 – Two sales to CSX;
- December 23, 2020 – One sale to AID; and
- April 21, 2021 – Three sales to CSX.

Laurent ¶¶4-6, Exs. 32, 34, 36. Tetra Tech's damages expert, Todd Schoettelkotte, used these dates when listing the six sales of the LRAIL for which Tetra Tech seeks damages. Laquer Ex. 6 at Schedule 6B; Laquer Ex. 19, Schoettelkotte Tr. 75-76. And Tetra Tech's technical expert, Vassilios Morellas, relies upon the fact that those 2020-2021 sales "were turnkey sales that basically included (1) LRAIL hardware, (2) LRAIL acquisition software, and (3) LRAIL processing software." Laquer Ex. 5 at 321 (quoting Dkt. 120-1, Hébert Decl.); *cf.* Laurent ¶¶4-5. Thus, three accused LRAIL sales indisputably occurred before January 5, 2021, when Tetra Tech first gave actual notice of any infringement.

### III. LEGAL STANDARDS

A patentee who makes or sells a patented article must mark its products or notify accused infringers of its patent in order to recover damages. 35 U.S.C. § 287(a); *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1359 (Fed. Cir. 2017). If a patentee fails to mark products that it believes are patented, "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice." 35 U.S.C. § 287(a).

When a patentee asserts both system and method claims from a single patent, as Tetra Tech did here, the notice provisions of Section 287 apply. *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538-39 (Fed. Cir. 1993); *Ultratec, Inc. v. Sorenson Commnc's, Inc.*, 45 F. Supp. 3d 881, 928-30 (W.D. Wis. 2014) ("[W]here the patentee makes or sells a tangible product that is

intrinsic to a patented system, the patentee must mark the tangible product.").

## IV. TETRA TECH CANNOT RECOVER DAMAGES UNDER THE '293 PATENT FOR THE FIRST THREE LRAIL SALES

To recover damages, Tetra Tech must either have marked relevant products with the patent number or provided actual notice of alleged infringement to Pavemetrics. *Arctic Cat*, 876 F.3d at 1359. Tetra Tech first provided actual notice to Pavemetrics of alleged infringement of the '293 patent on January 5, 2021. Laquer Ex. 12 at 3. Tetra Tech also never marked 3DTAS with the '293 patent number before January 5, 2021. *Id.* at 3. Thus, Tetra Tech cannot recover damages for accused sales before January 5, 2021.

Tetra Tech's damages expert, Mr. Schoettelkotte, has opined on damages, pointing to all six of Pavemetrics' sales of the accused LRAIL systems. Laquer Ex. 6 at 7-8. He thus incorrectly included the three pre-notice sales. *Id.* at Schedule 6B. At his deposition, Mr. Schoettelkotte admitted that he did not consider when damages can begin to accrue. *See* Laquer Ex. 19, Tr. 152-60. He added that, if damages are limited to a certain period, the damages could be calculated using Schedule 6B. *Id.*, Tr. 74-75, 155, 160. Schedule 6B confirms that Pavemetrics sold two LRAILs to CSX on October 23, 2020, and one to AID on December 23, 2020. Laquer Ex. 6 at Schedule 6B. And these were complete sales of the LRAIL system. Laurent ¶¶4-5, Laquer Ex. 5 (Morellas at 321).

Because three accused sales occurred before January 5, 2021, Tetra Tech cannot recover damages for those sales for alleged infringement of the '293 patent. 35 U.S.C. § 287(a); *Arctic Cat*, 876 F.3d at 1359.

During the conference of counsel on this motion, Tetra Tech's counsel asserted that these three sales were completed at a later date, in September 2021. Laquer ¶23. Tetra Tech's counsel asserted that Pavemetrics provided real-time data processing hardware for LRAIL systems in September 2021, and this somehow means all sales of LRAIL occurred after January 5, 2021. *Id.* But Tetra

Tech's recent attorney argument contradicts both the facts and Tetra Tech's own experts.

Tetra Tech's infringement accusations make no mention of any real-time capability. In fact, Tetra Tech accuses processing done well after acquiring data of constituting an infringing act.[1] Thus, according to Tetra Tech, real-time capabilities are unnecessary for an accused sale to have occurred. Moreover, Pavemetrics sold the real-time data processing hardware for only the three sales made to CSX in April 2021. Laurent ¶6, Exs. 35-36. Those three sales are not at issue on this motion. Laquer Ex. 6 at 33-34, Schedule 6B. Pavemetrics never sold any real-time data processing hardware for the earlier three sales at issue in this motion. *See id.*

Mr. Schoettelkotte identifies four Pavemetrics invoices dated after January 5, 2021. Laquer Ex. 6 at Schedule 6B. But three of those invoices relate to sales made in April 2021, which, again, are not at issue in this motion. *Id.* at 33-34, Schedule 6B. The fourth invoice, dated May 5, 2021, was for the sale of custom sensor **mounts** to CSX. Laurent ¶7, Ex. 37 (Invoice 1623); Laquer Ex. 6 at Schedule 6B. The '293 patent is not directed to such hardware. Dkt. 1-1 (Exhibit A at 6, 59, 73-75). Accordingly, sales of such items have no effect on when Pavemetrics sold the three LRAIL systems at issue. *See Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1310-11 (Fed. Cir. 2010) ("[W]e reject Maersk USA's claim that the entire apparatus must have been constructed and ready for use in order to have been sold. Our precedent establishes that a contract can constitute a sale to trigger infringement liability.").

---

[1] Pavemetrics' processing in Canada of data acquired by CSX in the United States clearly is not done in real time. *See* Pavemetrics' Motion for Partial Summary Judgment No. 4 of No Indirect Infringement Based on No Direct Infringement by CSX and FRA.

Thus, as a matter of law, Tetra Tech cannot recover damages for any infringement of the '293 patent for three sales occurring before January 5, 2021.

## V. CONCLUSION

For the foregoing reasons, this Court should grant summary judgment that Tetra Tech cannot recover damages for any infringement of the '293 patent for the three accused sales that occurred before January 5, 2021.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 4, 2022

/s/ Nicholas M. Zovko
Joseph R. Re
Christy G. Lea
Nicholas M. Zovko
Alan G. Laquer
Raymond Lu

*Attorneys for Plaintiff/Counterclaim Defendant*, PAVEMETRICS SYSTEMS, INC.

55358623