Joseph R. Re (SBN 134,479)
joe.re@knobbe.com
Christy G. Lea (SBN 212,060)
christy.lea@knobbe.com
Nicholas M. Zovko (SBN 238,248)
nicholas.zovko@knobbe.com
Alan G. Laquer (SBN 259,257)
alan.laquer@knobbe.com
Raymond S. Lu (SBN 340,873)
raymond.lu@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Plaintiff/Counterclaim Defendant*
PAVEMETRICS SYSTEMS, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TETRA TECH, INC.,<br><br>　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:21-cv-1289-MCS-MMA<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PAVEMETRICS' MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 3 OF NO DAMAGES UNDER THE '293 PATENT FOR THREE SALES MADE BEFORE JANUARY 5, 2021**<br><br>Hearing Date:　May 9, 2022<br>Time:　　　　　9:00 am<br>Ctrm:　　　　　7C<br><br>Honorable Mark C. Scarsi |

Pursuant to Local Rule 56-1 and Paragraph 10(c)(i) of this Court's Standing Order (ECF 11), Plaintiff and Counterclaim Defendant Pavemetrics Systems, Inc. hereby submits the following Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion for Partial Summary Judgment No. 3 of no damages under U.S. Patent No. 10,362,293 for three sales made before January 5, 2021.

## I. STATEMENT OF UNCONTROVERTED FACTS

**No reasonable jury could find that Tetra Tech can recover damages under the '293 patent for three LRAIL sales Pavemetrics made before Tetra Tech first notified Pavemetrics of any infringement on January 5, 2021.**

| No. | UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 1. | Tetra Tech alleges that Pavemetrics infringes claims 1, 2, 4, 15, 16, 19-23, 25, 36, 37, and 40-43 of U.S. Patent No. 10,362,293. At least one of these claims is a system claim. | Laquer Ex. 2<br><br>Tetra Tech's Preliminary Infringement Contentions |
| 2. | On January 5, 2021, Tetra Tech sent a letter to Pavemetrics asserting that LRAIL infringes the '293 patent. | Dkt. 1-1 at 73-74. |
| 3. | The January 5, 2021 letter was the first time Tetra Tech gave notice to Pavemetrics of any infringement of the '293 patent. | Laquer Ex. 12 at 3<br><br>Tetra Tech's Supplemental Response to Interrogatory No. 5 |
| 4. | Tetra Tech asserts the '293 patent covers its 3DTAS product. | Laquer Ex. 10 at 2-3<br><br>Tetra Tech's First |

| | | |
|---|---|---|
| | | Supp. Response to Interrogatory No. 2 |
| 5. | Tetra Tech did not mark 3DTAS with the '293 patent number before giving actual notice of any infringement on January 5, 2021. | Laquer Ex. 12 at 3<br><br>TT Supp. Response to Interrogatory No. 5 |
| 6. | Pavemetrics sold two LRAIL systems to CSX before January 5, 2021. | Laurent ¶4, Ex. 32<br><br>Laquer Ex. 6 (Schedule B)<br><br>Laquer Ex. 19 (Schoettelkotte Tr. 75-76) |
| 7. | Pavemetrics sold one LRAIL system to AID before January 5, 2021. | Laurent ¶5, Ex. 34<br><br>Laquer Ex. 6 (Schedule B)<br><br>Laquer Ex. 19 (Schoettelkotte Tr. 75-76) |
| 8. | All three sales included (1) LRAIL hardware, (2) LRAIL acquisition software, and (3) LRAIL processing software. | Laurent ¶¶4-5. |

## II. CONCLUSIONS OF LAW

| No. | Conclusions of Law |
|---|---|
| 1. | Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. |

|   |                                                                                                                                                                                                                                                                                                                                                                          |
|---|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|   | Fed. R. Civ. P. 56(c).                                                                                                                                                                                                                                                                                                                                                   |
| 2. | Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). |
| 3. | "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). A dispute is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. |
| 4. | To recover damages, Tetra Tech must either have marked relevant products with the patent number or provided actual notice of alleged infringement to Pavemetrics. *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1359 (Fed. Cir. 2017). |
| 5. | Because Tetra Tech did not mark its 3DTAS with the '293 patent number, Tetra Tech cannot recover damages for accused sales before giving actual notice on January 5, 2021. |
| 6. | Because three accused sales occurred before January 5, 2021, Tetra Tech cannot recover damages for those sales for alleged infringement of the '293 patent. 35 U.S.C. § 287(a); *Arctic Cat*, 876 F.3d at 1359. |

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: April 4, 2022 | /s/ Nicholas M. Zovko |
|  | Joseph R. Re |
|  | Christy G. Lea |
|  | Nicholas M. Zovko |
|  | Alan G. Laquer |
|  | Raymond Lu |
|  | *Attorneys for Plaintiff/Counterclaim Defendant*, PAVEMETRICS SYSTEMS, INC. |