Joseph R. Re (SBN 134,479)
joe.re@knobbe.com
Christy G. Lea (SBN 212,060)
christy.lea@knobbe.com
Nicholas M. Zovko (SBN 238,248)
nicholas.zovko@knobbe.com
Alan G. Laquer (SBN 259,257)
alan.laquer@knobbe.com
Raymond Lu (SBN 340,873)
raymond.lu@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Plaintiff/Counterclaim Defendant*
PAVEMETRICS SYSTEMS, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

|  |  |
|---|---|
| PAVEMETRICS SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TETRA TECH, INC., <br><br> Defendant. <br><br><br> AND RELATED COUNTERCLAIMS | Case No. 2:21-cv-1289-MCS-MMA <br><br> **MEMORANDUM IN SUPPORT OF PAVEMETRICS' MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 4 OF (1) NO INDIRECT INFRINGEMENT BASED ON ANY DIRECT INFRINGEMENT BY CSX AND FRA AND (2) IMMUNITY FROM SUIT UNDER 28 U.S.C. § 1498** <br><br> Hearing Date:  May 9, 2022 <br> Time:  9:00 am <br> Ctrm:  7C <br><br> Honorable Mark C. Scarsi |

-1-

# TABLE OF CONTENTS

**Page No.**

I.   INTRODUCTION ................................................................1

II.  FACTUAL BACKGROUND ..............................................2

    A.   CSX Has Not Used LRAIL to Process Data .............2

    B.   CSX Has Never Imported LRAIL Output Files or Reports .....................................................................2

    C.   Pavemetrics Processed Data Pursuant to FRA Contracts ..........3

III. STANDARD FOR SUMMARY JUDGMENT ..................3

IV.  PAVEMETRICS DID NOT INDIRECTLY INFRINGE BASED ON ANY DIRECT INFRINGEMENT BY CSX OR FRA ...........................................................................4

    A.   CSX and FRA Has Not Directly Infringed Under 35 U.S.C. § 271(a) .......................................................4

    B.   CSX Has Not Directly Infringed Under 35 U.S.C. § 271(g) ...................................................................4

V.   PAVEMETRICS IS IMMUNE FROM SUIT FOR ANY ACT DONE PURSUANT TO AN FRA CONTRACT .................6

VI.  CONCLUSION ...................................................................7

# TABLE OF AUTHORITIES

Page No(s).

*Bayer AG v. Housey Pharms., Inc.,*
    340 F.3d 1367 (Fed. Cir. 2003) ................................................................5

*Celotex Corp. v. Catrett,*
    477 U.S. 317 (1986) ................................................................................3

*Madey v. Duke Univ.,*
    413 F. Supp. 2d 601 (M.D.N.C. 2006) ....................................................6

*NTP, Inc. v. Research In Motion, Ltd.,*
    418 F.3d 1282 (Fed. Cir. 2005) ..............................................................5

*Parker Beach Restoration, Inc. v. United States,*
    58 Fed. Cl. 126 (2003) ............................................................................6

*Ricoh Co. v. Quanta Computer Inc.,*
    550 F.3d 1325 (Fed. Cir. 2008) ..............................................................4

*TDM Am., LLC v. United States,*
    85 Fed. Cl. 774 (2009) ............................................................................6

*Telemac Cellular Corp. v. Topp Telecom., Inc.,*
    247 F.3d 1316 (Fed. Cir. 2001) ..............................................................4

*Zoltek Corp. v. United States,*
    672 F.3d 1309 (Fed. Cir. 2012) ..............................................................6

## OTHER AUTHORITIES

28 U.S.C. § 1498 ......................................................................................1, 6, 7

35 U.S.C. § 271 ....................................................................................1, 2, 4, 5

48 C.F.R. § 52.227-1, Alternate I ...............................................................7

Fed. R. Civ. P. 56 ........................................................................................3

1
2

**Index of Exhibits in Support of Motion No. 4**

3
4
5
6
7
8
9
10
11

| Laquer Ex. 14 | Excerpts from the transcript of the December 21, 2021 deposition of John Laurent |
| Laquer Ex. 16 | Excerpts from the transcript of the January 7, 2022 deposition of Jean-Francois Hébert |
| Laquer Ex. 18 | Excerpts from the transcript of the January 20, 2022 deposition of Bradford Spencer |
| | |
| Laurent Ex. 39 | 2019 FRA Contract |
| Laurent Ex. 40 | 2020 FRA Contract |
| Laurent Ex. 41 | Modification of 2020 FRA Contract |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pavemetrics submits this memorandum in support of its Motion for Summary Judgment of no indirect infringement based on any direct infringement by CSX and the FRA and immunity from suit under 28 U.S.C. § 1498.  This Motion is supported by the Declarations of Alan Laquer, Jean-François Hébert, and John Laurent filed concurrently herewith.

## I.  <u>INTRODUCTION</u>

Tetra Tech alleges Pavemetrics has indirectly infringed the '293 and '557 patents by causing a customer, CSX, and the Federal Railroad Administration (FRA), to directly infringe when they use the accused system, LRAIL.  The LRAIL system includes both acquisition software and processing software, and Tetra Tech accuses any use of the processing software as infringing the asserted patents.  But neither CSX, nor the FRA, have ever executed the LRAIL processing software.  And they have at most executed only the acquisition software.  CSX sent its acquired railway data to Pavemetrics to process in Canada.  Thus, CSX could not have used the claimed systems or performed the claimed methods of the asserted patents to directly infringe under 35 U.S.C. § 271(a).

Tetra Tech also argues CSX has directly infringed under 35 U.S.C. § 271(g) when it allegedly imported output files and reports supplied after Pavemetrics processed the data in Canada.  But CSX never imported any output files or reports.  And even if it had, such output files or reports would not be "a product, which is made by a process patented in the United States" under section 271(g).

Moreover, Tetra Tech cannot rely upon any processing by Pavemetrics for CSX or FRA that was performed pursuant to contracts with the FRA.  Because the FRA is an agency of the United States Government, any processing performed under contracts with the FRA is immune from suit under 28 U.S.C. § 1498.

Tetra Tech has accused only six Pavemetrics sales of infringement.  But five of those were to CSX.  Because CSX (and FRA) could not have directly

-1-

1  infringed, Pavemetrics could not have caused any direct infringement with regard
2  to any use by CSX (or FRA).  Thus, summary judgment of no indirect
3  infringement based on those uses is appropriate.

## II.  FACTUAL BACKGROUND

5  Tetra Tech accuses Pavemetrics of inducing or contributing to direct
6  infringements by CSX and the FRA under section 271(b) and (c).  Laquer Exs. 2,
7  3.  To show those direct infringements, Tetra Tech alleges that CSX and the FRA
8  performed the methods, and used the systems, claimed in the asserted patents.[1]
9  *Id.*  It also alleges that CSX directly infringed by importing into the U.S. products
10  made by the claimed methods in violation of section 271(g).  Laquer Ex. 4.

## A.  CSX Has Not Used LRAIL to Process Data

12  CSX, a Pavemetrics' customer, purchased five LRAIL systems.  CSX has
13  used the LRAIL hardware and acquisition software to collect data on its railroad
14  tracks in the United States.  Laquer Ex. 18, Spencer Tr. 43:13-16 (CSX Rule
15  30(b)(6) witness).  CSX has never used the LRAIL processing software to process
16  any of that data.  *Id.*, Tr. 64:4-66:10; 33:11-35:11; 49:16-50:4.  Rather, CSX sent
17  the data to Pavemetrics for processing in Canada.  *Id.*, Tr. 38:20-40:19.

## B.  CSX Has Never Imported LRAIL Output Files or Reports

19  CSX has never received data reports from Pavemetrics identifying
20  defective or missing features in order to repair or replace those features.  *Id.*, Tr.
21  80:18-81:6.  CSX never downloaded any output files from Pavemetrics.  *Id.*, Tr.
22  85:20-86:9; 88:3-19.  CSX has received only a few emails with PowerPoint
23  presentations from Pavemetrics while it trains the system to CSX's specifications.
24  *Id.*, Tr. 82:20-83:21.

---

[1] Tetra Tech also accuses another Pavemetrics' customer, called AID, of performing the claimed methods and using the claimed systems with the one LRAIL system that it purchased from Pavemetrics.  AID's alleged use is not at issue on this motion.

**C.   Pavemetrics Processed Data Pursuant to FRA Contracts**

The FRA is part of the U.S. Department of Transportation, an executive department of the U.S. Government.[2]   Pavemetrics is a contractor or subcontractor to the FRA under several contracts (collectively, the "FRA contracts").  Laurent ¶¶9-12, Exs. 39-41.  Under the FRA contracts, Pavemetrics partners with others, including the University of Illinois, Amtrak, and CSX, to conduct testing for railway safety inspections using the accused LRAIL systems.  Laurent ¶¶9-12.

Pavemetrics has processed LRAIL data under the FRA contracts.  Hébert ¶¶17-20; *see also* Laquer Ex. 16, Hébert Tr. 60:11-15; Ex. 14, Laurent Tr. 180:18-181:16; Ex. 13, Fox-Ivey Tr. 144:1-145:10.  For example, Pavemetrics processed LRAIL data on July 21, 2021.  Hébert ¶¶17-18.  Pavemetrics sent those results to the University of Illinois under an FRA contract.  *Id.*

CSX collected data using LRAIL and also sent that data to Pavemetrics as part of an R&D project pursuant to a contract with the FRA.  Laquer Ex. 18, Spencer Tr. 39:12-20, 42:14-45:1; Hébert ¶¶19-20; Laurent ¶12, Ex. 41 (proposal submitted on June 2, 2021).  For example, on October 7-8, 2021, Pavemetrics processed the data under that FRA contract.  Hébert ¶20; *see also* Laquer Ex. 14, Laurent Tr., 181:2-5.

### III.  STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Summary

---

[2] https://railroads.dot.gov/about-fra/about-fra.

-3-

judgment of non-infringement should be granted where the patentee's proof fails to meet an "essential part of the legal standard for infringement, since such failure will render all other facts immaterial." *Telemac Cellular Corp. v. Topp Telecom., Inc.*, 247 F.3d 1316, 1323 (Fed. Cir. 2001).

## IV. PAVEMETRICS DID NOT INDIRECTLY INFRINGE BASED ON ANY DIRECT INFRINGEMENT BY CSX OR FRA

### A. CSX and FRA Has Not Directly Infringed Under 35 U.S.C. § 271(a)

To prove CSX or FRA directly infringed a method claim, Tetra Tech must show that they performed the claimed method. *Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325, 1335 (Fed. Cir. 2008). Similarly, because CSX is merely a customer for the LRAIL system (and FRA is merely a research partner), for Tetra Tech to prove CSX (or FRA) directly infringed a system claim, it must show they used the claimed system. 35 U.S.C. § 271(a).

With respect to the five LRAIL sales to CSX, CSX has never used the LRAIL software to process any data. Laquer Ex. 18, Spencer Tr. 64:4-66:10; 33:11-35:11; 49:16-50:4. With respect to the FRA, no evidence suggests the FRA has ever used the LRAIL software to process any data.

Tetra Tech claims that CSX has used LRAIL to process data on two occasions: September 30, 2020 and October 7-8, 2021. It also claims that FRA used LRAIL to process data on at least one occasion: July 21, 2021. To support its claim, it cites to XML outputs files with those dates. But each of those files reflects processing done by Pavemetrics in Canada. Hébert ¶¶17-20; Laquer Ex. 18, Spencer Tr. 43:13-16, 38:20-40:19. Thus, Tetra Tech cannot show a genuine issue of material fact that CSX or FRA performed the claimed methods or used the claimed system.

### B. CSX Has Not Directly Infringed Under 35 U.S.C. § 271(g)

Because CSX never used the LRAIL processing software, Tetra Tech's expert opines that CSX directly infringes under 35 U.S.C. § 271(g) by allegedly

importing "products" made according to the patented methods.  Tetra Tech argues that CSX imported "output files and reports" generated by LRAIL processing software.  But Tetra Tech is incorrect both factually and legally.

No evidence suggests that CSX imported any output files or reports. Indeed, the evidence of record shows the opposite.   CSX's corporate representative, Mr. Spencer, testified that CSX has never received data reports identifying defective or missing railway features in order to repair or replace those features.  Laquer Ex. 18, Spencer Tr. 80:18-81:6.  Mr. Spencer also testified that CSX never downloaded any output files from Pavemetrics, such as XML files, JPEG files, KML files, Shapefiles, or LAS files.  *Id.*, Tr. 85:20-86:9; 88:3-19.

Having no output files or reports, Tetra Tech points to a hodgepodge of emails and a PowerPoint presentation from Pavemetrics to CSX.  But none of them can be considered a "product" manufactured by a patented process.  *See id.*, Tr. 82:20-83:21, 85:5-9.

"Infringement under 35 U.S.C. § 271(g) is limited to physical goods that were manufactured and does not include information generated by a patented process."  *Bayer AG v. Housey Pharms., Inc.*, 340 F.3d 1367, 1368 (Fed. Cir. 2003).  As the Federal Circuit held, "research data is not a physical product." *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1324 (Fed. Cir. 2005).  And "'the transmission of information,' like the 'production of information,' does not entail the manufacturing of a physical product."  *Id.* at 1323 (quoting *Bayer,* 340 F.3d at 1377).  Here, the claims are directed to a "method of detecting," which is similar to the "method of screening" and the "method of transmitting information" in the *Bayer* and *NTP* cases, respectively.  Just as the Federal Circuit held those methods did not entail manufacturing a physical product under Section 271(g), similarly any output file, emails, or PowerPoint cannot be a manufactured physical product made by the patented "detecting" process.  Thus, as a matter of law, CSX cannot have directly infringed under Section 271(g).

## V.  **PAVEMETRICS IS IMMUNE FROM SUIT FOR ANY ACT DONE PURSUANT TO AN FRA CONTRACT**

If an invention covered by a U.S. patent is used or manufactured for the U.S. Government, with the Government's authorization and consent, then any claim of patent infringement arising from such use or manufacture may only be made against the U.S. Government.  28 U.S.C. § 1498(a).  Any such claim must be heard in the U.S. Court of Federal Claims, not in any district court.  *Id.*

"When the United States is subject to suit under § 1498(a) for alleged infringement of a patent by a contractor acting by and for the United States, the contractor by law is rendered immune from individual liability for the alleged infringement."  *Zoltek Corp. v. United States*, 672 F.3d 1309, 1327 (Fed. Cir. 2012).  A contractor is immune from suit by patent owners if two criteria are met: (1) the acts were "for the Government;" and (2) those acts were done "with the authorization or consent of the Government."  *TDM Am., LLC v. United States*, 85 Fed. Cl. 774, 781 (2009).  Both elements are met here.

First, a contractor's use of an invention covered by a U.S. patent during performance of a government contract is considered use by the government.  *See TDM Am.*, 85 Fed. Cl. at 781 (a contractor's "alleged use of . . . patented methods qualifies as 'use . . . for the United States'").  Here, Pavemetrics processed data using LRAIL in its capacity as a U.S. Government contractor and subcontractor under the FRA contracts.  Laurent ¶¶9-12; Hébert ¶¶17-20.  Thus, any use of LRAIL under those contracts is "for the Government."

Second, a contractor's use of a patented invention is "with the 'authorization and consent of the Government' where the Government either expressly or impliedly consents to the infringement."  *Madey v. Duke Univ.*, 413 F. Supp. 2d 601, 607 (M.D.N.C. 2006) (citing *Parker Beach Restoration, Inc. v. United States*, 58 Fed. Cl. 126, 132 (2003)).  Here, in the FRA contracts, the Government "authorize[d] and consente[d] to all use and manufacture of any

invention described in and covered by a United States patent in the performance of [the FRA contracts] or any subcontract at any tier." *See* Laurent Ex. 39 at 71-73, Ex. 40 at 98-99; 48 C.F.R. § 52.227-1(a), Alternate I.[3]  The Government authorized and consented to *all* use and manufacture of LRAIL, regardless of whether that infringed.  Thus, Pavemetrics' use is "with the authorization or consent" of the Government.

Pavemetrics used LRAIL in Canada to process data and sent those results to the University of Illinois pursuant to an FRA contract.  Hébert ¶¶17-18.  CSX also collected data and sent it to Pavemetrics to process as part of a joint R&D project with the FRA.  Laquer Ex. 18, Spencer Tr. 39:12-20, 42:14-45:1; Laurent ¶12, Ex. 41.  Pavemetrics cannot be liable for any alleged infringement based on any of these activities because all processing pursuant to an FRA contract is protected under 28 U.S.C. § 1498(a).  Thus, Tetra Tech cannot pursue infringement claims against Pavemetrics based on that processing.

## VI.  CONCLUSION

For the foregoing reasons, the Court should grant Pavemetrics' motion for summary judgment of no indirect infringement based on any allegation of direct infringement by CSX or the FRA.  It should also grant summary judgment that Pavemetrics is immune from suit under 28 U.S.C. § 1498 for any act pursuant to any FRA contract.

---

[3] The FRA contracts include the Government's Alternate Authorization and Consent clause, FAR 52.227-1, Alternate I.  Laurent Ex. 39 at 73, Ex. 40 at 99. That clause states as follows: "The Government authorizes and consents to all use and manufacture of any invention described in and covered by a United States patent in the performance of this contract or any subcontract at any tier."  48 C.F.R. § 52.227-1(a), Alternate I.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 4, 2022          /s/ Nicholas M. Zovko
                              Joseph R. Re
                              Christy G. Lea
                              Nicholas M. Zovko
                              Alan G. Laquer
                              Raymond Lu

                              *Attorneys for Plaintiff/Counterclaim Defendant*, PAVEMETRICS SYSTEMS, INC.

55362818