Joseph R. Re (SBN 134,479)
joe.re@knobbe.com
Christy G. Lea (SBN 212,060)
christy.lea@knobbe.com
Nicholas M. Zovko (SBN 238,248)
nicholas.zovko@knobbe.com
Alan G. Laquer (SBN 259,257)
alan.laquer@knobbe.com
Raymond S. Lu (SBN 340,873)
raymond.lu@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Plaintiff/Counterclaim Defendant*
PAVEMETRICS SYSTEMS, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TETRA TECH, INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | Case No. 2:21-cv-1289-MCS-MMA <br><br> **STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PAVEMETRICS' MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 4 OF (1) NO INDIRECT INFRINGEMENT BASED ON ANY DIRECT INFRINGEMENT BY CSX AND FRA AND (2) IMMUNITY FROM SUIT UNDER 28 U.S.C. § 1498** <br><br> Hearing Date:   May 9, 2022 <br> Time:                 9:00 am <br> Ctrm:                 7C <br><br> Honorable Mark C. Scarsi |

Pursuant to Local Rule 56-1 and Paragraph 10(c)(i) of this Court's Standing Order (ECF 11), Plaintiff and Counterclaim Defendant Pavemetrics Systems, Inc. hereby submits the following Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion for Partial Summary Judgment of (1) no indirect infringement based on any direct infringement by CSX and the FRA and (2) immunity from suit under 28 U.S.C. § 1498.

## I. STATEMENT OF UNCONTROVERTED FACTS

**No reasonable jury could find that Pavemetrics indirectly infringes the asserted claims of the '293 or '557 Patents based on any direct infringement by CSX and the FRA.**

| No. | UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 1. | Tetra Tech accuses Pavemetrics of indirect infringement based on direct infringement by CSX and the FRA. | Laquer Exs. 2, 3.<br><br>Tetra Tech's Preliminary Infringement Contentions<br><br>Tetra Tech's First Supplemental Infringement Contentions |
| 2. | CSX has never used the LRAIL processing software to process any data. | Laquer Ex. 18, Spencer Tr. 64:4-66:10; 33:11-35:11; 49:16-50:4. |
| 3. | CSX sent data acquired using LRAIL sensors to Pavemetrics for processing in Canada. | Laquer Ex. 18, Spencer, Tr. 38:20-40:19 |
| 4. | CSX never imported any output files or reports generated by LRAIL processing software. | Laquer Ex. 18, Spencer, Tr. |

| No. | UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|---|
|  |  | 80:18-81:6, 85:20-86:9; 88:3-19. |
| 6. | No evidence suggests the FRA has ever used the LRAIL software to process any data. |  |

**No reasonable jury could find that Pavemetrics is not immune from suit under 28 U.S.C. § 1498.**

| No. | UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 1. | The Federal Railroad Administration (FRA) is part of the U.S. Department of Transportation, an executive department of the U.S. Government. | https://railroads.dot.gov/about-fra/about-fra. |
| 2. | Pavemetrics is a contractor or subcontractor to the FRA. | Laurent ¶¶9-12, Exs. 39-41. |
| 3. | Under the FRA contracts, Pavemetrics partners with others, including the University of Illinois, Amtrak, and CSX, to conduct testing for railway safety inspections using the accused LRAIL systems. | Laurent ¶¶9-12, Exs. 39-41. |
| 4. | Pavemetrics has processed LRAIL data under an FRA contract, including on July 21, 2021. | Hébert ¶¶17-20; *see also* Laquer Ex. 16, Hébert Tr. 60:11-15; Ex. 14, Laurent Tr. 180:18-181:16; Ex. 13, Fox-Ivey Tr. 144:1-145:10. |
| 5. | Pavemetrics has processed LRAIL data collected by CSX under an FRA contract, including on October 7-8, 2021. | Laquer Ex. 18, Spencer Tr. 39:12-20, 42:14-45:1; Hébert ¶¶19-20; Laurent ¶12, Ex. 41 (proposal submitted on June 2, 2021). *See also* Laquer Ex. 14, Laurent Tr., 181:2-5. |

| 6. | Any processing of LRAIL data on behalf of CSX during or after June 2021 was pursuant to an FRA contract. | Laquer Ex. 18, Spencer Tr. 39:12-20, 42:14-45:1; Hébert ¶¶19-20; Laurent ¶12, Ex. 41 (proposal submitted on June 2, 2021). *See also* Laquer Ex. 14, Laurent Tr., 181:2-5. |

## II. CONCLUSIONS OF LAW

| No. | Conclusions of Law |
|---|---|
| 1. | Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). |
| 2. | Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). |
| 3. | "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). A dispute is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. |
| 4. | "[A]n accused infringer seeking summary judgment of noninfringement may meet its initial responsibility either by providing evidence that would preclude a finding of infringement, or by showing that the evidence on file fails to establish a material issue of fact essential to the patentee's case." *Novartis Corp. v. Ben Venue Lab'ys, Inc.*, 271 F.3d |

| | | |
|---|---|---|
| | | 1043, 1046 (Fed. Cir. 2001). |
| | 5. | To prove CSX or FRA directly infringed a method claim, Tetra Tech must show that they performed the claimed method. *Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325, 1335 (Fed. Cir. 2008). |
| | 6. | Because CSX is merely a customer for the LRAIL system (and FRA is merely a research partner), for Tetra Tech to prove CSX (or FRA) directly infringed a system claim, it must show they used the claimed system. 35 U.S.C. § 271(a). |
| | 7. | Tetra Tech cannot show a genuine issue of material fact that CSX or FRA performed the claimed methods or used the claimed system, as required by 271(a). |
| | 8. | "Infringement under 35 U.S.C. § 271(g) is limited to physical goods that were manufactured and does not include information generated by a patented process." *Bayer AG v. Housey Pharms., Inc.*, 340 F.3d 1367, 1368 (Fed. Cir. 2003). As the Federal Circuit held, "research data is not a physical product." *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1324 (Fed. Cir. 2005). |
| | 9. | Any data imported by CSX is not a product made by a patented process. |
| | 10. | Thus, as a matter of law, CSX cannot have directly infringed under Section 271(g). |
| | 11. | "When the United States is subject to suit under § 1498(a) for alleged infringement of a patent by a contractor acting by and for the United States, the contractor by law is rendered immune from individual liability for the alleged infringement." *Zoltek Corp. v. United States*, 672 F.3d 1309, 1327 (Fed. Cir. 2012). |
| | 12. | A contractor is immune from suit by patent owners if two criteria are met: (1) the acts were "for the Government;" and (2) those acts were |

| | | |
|---|---|---|
| | | done "with the authorization or consent of the Government." *TDM Am., LLC v. United States*, 85 Fed. Cl. 774, 781 (2009). |
| | 13. | Pavemetrics is immune from suit for any processing done by Pavemetrics on behalf of the FRA, including processing on July 21, 2021. |
| | 14. | Pavemetrics is immune from suit for any processing done by Pavemetrics on behalf of the FRA on data collected by CSX, including processing on October 7-8, 2021. |

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 4, 2022

/s/ Nicholas M. Zovko
Joseph R. Re
Christy G. Lea
Nicholas M. Zovko
Alan G. Laquer
Raymond Lu

*Attorneys for Plaintiff/Counterclaim Defendant*, PAVEMETRICS SYSTEMS, INC.

55389325

-5-