Joseph R. Re (SBN 134,479)
joe.re@knobbe.com
Christy G. Lea (SBN 212,060)
christy.lea@knobbe.com
Nicholas M. Zovko (SBN 238,248)
nicholas.zovko@knobbe.com
Alan G. Laquer (SBN 259,257)
alan.laquer@knobbe.com
Raymond S. Lu (SBN 340,873)
raymond.lu@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Plaintiff/Counterclaim Defendant*
PAVEMETRICS SYSTEMS, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TETRA TECH, INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | Case No. 2:21-cv-1289-MCS-MMA <br><br> **DECLARATION OF ALAN G. LAQUER IN SUPPORT OF PAVEMETRICS' SUMMARY JUDGMENT MOTION NOS. 1-4** <br><br> Hearing Date: May 9, 2022 <br> Time: 9 AM <br> Ctrm: 7C <br><br> Honorable Mark C. Scarsi |

I, Alan G. Laquer, declare and state as follows:

1. I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP and am counsel of record for Plaintiff Pavemetrics Systems, Inc. I have a Bachelor of Science in Information and Computer Science and I have worked as a software programmer. I submit this Declaration in support of Pavemetrics':

- Motion for Partial Summary Judgment No. 1 of No Indirect Infringement Based on Lack of Intent to Infringe;
- Motion for Partial Summary Judgment No. 2 of (1) No Infringement of Claim 14 of the '557 Patent and (2) No Direct Infringement of Method Claims by Sales;
- Motion for Partial Summary Judgment No. 3 of No Damages Under the '293 Patent for Three Sales Made Before January 5, 2021;
- Motion for Partial Summary Judgment No. 4 of (1) No Indirect Infringement Based on Any Direct Infringement by CSX and FRA and (2) Immunity from Suit Under 28 U.S.C. § 1498.

2. I have personal knowledge of the matters set forth herein and if I am called upon to testify, I could testify competently thereto.

## I. TETRA TECH'S INFRINGEMENT CONTENTIONS AND EXPERT DISCLOSURE

3. Attached as **Exhibit 1** is a true and correct copy of U.S. Patent No. 10,616,557.

4. Attached as **Exhibit 2** is a true and correct copy of Counter-Plaintiff Tetra Tech's Preliminary Infringement Contentions, which it served on June 10, 2021, and which address only U.S. Patent No. 10,362,293.

5. Attached as **Exhibit 3** is a true and correct copy of Tetra Tech's First Supplemental Infringement Contentions and excepts of Exhibit B thereto, which it served on August 30, 2021, and which first introduced Tetra Tech's infringement contentions regarding the U.S. Patent No. 10,616,557. On October

25, 2021, Pavemetrics served its Response to Tetra Tech's Interrogatory No. 14, which response included non-infringement contentions for the '557 patent.

6. Attached as **Exhibit 4** is a true and correct copy of Tetra Tech's Second Supplemental Infringement Contentions and excerpts of Exhibit B thereto, which it served on December 20, 2021. On January 6, 2022, Pavemetrics served its First Supplemental Response to Interrogatory No. 14, which response included additional non-infringement contentions for the '557 patent. Attached as **Exhibit 25** is a true and correct copy of that Response to Interrogatory No. 14.

7. On January 17, 2022, Tetra Tech served its Third Supplemental Infringement Contentions. On February 18, 2022, Tetra Tech served its initial expert disclosures, including the Initial Expert Report of Dr. Vassilios Morellas Regarding Infringement and the Expert Report of W. Todd Schoettelkotte Relating to Damages. Attached as **Exhibit 5** is a true and correct copy of excerpts of Dr. Morellas' infringement report. Attached as **Exhibit 6** is a true and correct copy of excerpts of Mr. Schoettelkotte's damages report. On March 11, 2022, Pavemetrics served its rebuttal report, which further explained why no use of LRAIL would infringe the '557 patent.

## II. NOTICE OF ALLEGED INFRINGEMENT

8. Attached as **Exhibit 7** is a true and correct copy of an exhibit to the deposition of Pavemetrics' President and CEO, Richard Habel. As authenticated by Mr. Habel during his deposition (*see* Habel Transcript (Exhibit 15 below) discussing Deposition Ex. 77 at 183:11–184:7), the letter is dated February 1, 2021 and was sent to Aaron Parker, counsel of record for Tetra Tech, in response to a letter from Tetra Tech dated January 5, 2021 which alleged that Pavemetrics infringed the '293 patent.

9. Attached as **Exhibit 8** is a true and correct copy of a letter that Joseph Re, my law partner and counsel of record for Pavemetrics, received on July 22, 2021 from Mr. Parker.

## III. INTERROGATORY RESPONSES

10. Attached as **Exhibit 9** is a true and correct copy of Pavemetrics' Response to Tetra Tech's Interrogatory No. 5, which response Pavemetrics served on June 4, 2021.

11. Attached as **Exhibit 10** is a true and correct copy of Tetra Tech's First Supplemental Response to Pavemetrics' Interrogatory No. 2, which response Tetra Tech served on September 2, 2021.

12. Attached as **Exhibit 11** is a true and correct copy of Tetra Tech's Response to Pavemetrics' Interrogatory No. 16, which response Tetra Tech served on December 22, 2021.

13. Attached as **Exhibit 12** is a true and correct copy of Tetra Tech's First Supplemental Response to Pavemetrics' Interrogatory No. 5, which response Tetra Tech served on January 19, 2022.

## IV. DEPOSITIONS

14. Attached as **Exhibit 13** is a true and correct copy of excerpts from the transcript of the December 17, 2021 deposition of Richard Fox-Ivey, who explained that he is a Pavemetrics consultant.

15. Attached as **Exhibit 14** is a true and correct copy of excerpts from the transcript of the December 21, 2021 deposition of John Laurent, who explained that he is Pavemetrics' Vice President of Business Development and Chief Technology Officer.

16. Attached as **Exhibit 15** is a true and correct copy of excerpts from the transcript of the December 29, 2021 deposition of Richard Habel, who explained that he is Pavemetrics' President and CEO.

17. Attached as **Exhibit 16** is a true and correct copy of excerpts from the transcript of the January 7, 2022 deposition of Jean-Francois Hébert , who explained that he is Pavemetrics' Vice President of Research and Development.

18. Attached as **Exhibit 17** is a true and correct copy of excerpts from the transcript of the January 19, 2022 deposition of Darel Mesher, who explained that he is Tetra Tech TAS's Chief Technical Officer and the sole named inventor of the two patents asserted in this case.

19. Attached as **Exhibit 18** is a true and correct copy of excerpts from the transcript of the January 20, 2022 deposition of Bradford Spencer, the corporate witness designee for third-party CSX.

20. Attached as **Exhibit 19** is a true and correct copy of excerpts from the transcript of the March 22, 2022 deposition of W. Todd Schoettelkotte, Tetra Tech's damages expert witness.

21. Attached as **Exhibit 20** is a true and correct copy of excerpts from the transcript of the March 23, 2022 deposition of Vassilios Morellas, Tetra Tech's technical expert witness.

### V. CONFERENCE OF COUNSEL FOR THESE MOTIONS

22. Attached hereto as **Exhibit 21** is a true and correct copy of an email that my co-counsel of record, Raymond Lu, sent to counsel for Tetra Tech on March 24, 2022 requesting to meet and confer on certain contemplated motions for summary judgment and a motion to strike. Attached hereto as **Exhibit 22** is a true and correct copy of an email that Nicholas Cerulli, counsel of record for Tetra Tech, sent on March 28, 2022 in response to Mr. Lu's email of Exhibit 21, in which Mr. Cerulli stated "Tetra Tech plans to oppose Pavemetrics' contemplated motions below" and provided availability to meet and confer that afternoon. On March 28, 2022, I met and conferred with Mr. Cerulli and his co-counsel, Daniel Chung, regarding Pavemetrics' Motions for Summary Judgment and Motion to Strike. Christy Lea and Raymond Lu,

counsel of record for Pavemetrics, also attended the conference. Counsel on that call conferred regarding the topics identified in Mr. Lu's email of Exhibit 21 and I further notified counsel for Tetra Tech that Pavemetrics would also seek to strike the portions of Dr. Morellas's report in which he opined based on his view that the word "the" as used to describe "processor" did not require that the processor was the same as the one introduced earlier in the claim. Tetra Tech's counsel indicated that Tetra Tech would oppose all of Pavemetrics' motions for summary judgment and motion to strike. Counsel for Tetra Tech did not agree to narrow their case, compromise, or take any other step to reduce or simplify the disputed issues.

23. During the March 28, 2022 meet and confer, counsel for Pavemetrics questioned counsel for Tetra Tech what their bases were for maintaining claims that Pavemetrics believe lack evidentiary support, and counsel for Tetra Tech generally referred broadly to its experts' reports rather than provide substantive responses. The one exception was that counsel for Tetra Tech argued during the meet and confer that some LRAIL sales that Pavemetrics had invoiced before the date that Tetra Tech provided a notice allegation were actually sales that occurred after the notice date, because Pavemetrics allegedly provided real-time data processing hardware for LRAIL systems after the notice date.

24. Attached hereto as **Exhibit 23** is a true and correct copy of an email that Mr. Lu sent Mr. Cerulli and other counsel for Tetra Tech on March 29, 2022, explaining that Pavemetrics also intends to seek summary judgment of no direct infringement by CSX and that all FRA-related sales/uses are immune from suit under 28 U.S.C. § 1498. Mr. Lu noted that "We understand from our meet and confer on Monday that Tetra Tech will oppose all summary judgment motions, including this one. But please let us know if you would like to discuss and we'd be happy to do so."

25. Attached hereto as **Exhibit 24** is a true and correct copy of an email that Mr. Cerulli sent to Mr. Lu on April 1, 2022 in response to Mr. Lu's email of Exhibit 23 dated March 29, 2022. In his email, Mr. Cerulli claimed "We are not available today, and regardless, a meet-and-confer at this stage would not cure the Local Rule 7-3 defect."

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 4, 2022 at Irvine, California.

By: /s/ *Alan G. Laquer*
       Alan G. Laquer

55386742