Donald Ridge, Esq. (SBN: 132171)
**CLARK HILL LLP**
555 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
DRidge@clarkhill.com

Aaron L. Parker (*pro hac vice*)
aaron.parker@finnegan.com
Daniel G. Chung (*pro hac vice*)
daniel.chung@finnegan.com
Nicholas A. Cerulli (*pro hac vice*)
nicholas.cerulli@finnegan.com
Kelly S. Horn (*pro hac vice*)
kelly.horn@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue NW
Washington, D.C. 20001-4413
Telephone:   (202) 408-4000
Facsimile:   (202) 408-4400

Jency J. Mathew (*pro hac vice*)
jency.mathew@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, Virginia 20190-6023
Telephone:   (571) 203-2700
Facsimile:   (571) 203-2777

*Attorneys for Defendant and Counterclaim Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>TETRA TECH, INC.<br><br>Defendant.<br>AND RELATED COUNTERCLAIMS. | CASE NO. 2:21-cv-1289 MCS-MMA<br><br>**TETRA TECH'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN RESPONSE TO PAVEMETRICS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW FOR PARTIAL SUMMARY JUDGMENT NO. 1**<br><br>**Honorable Mark C. Scarsi**<br>**Date: May 9, 2022**<br>**Time: 9:00 a.m.**<br>**Courtroom: 7C** |

1

Pursuant to Local Rule 56-2 and Paragraph 10(c)(i) of this Court's Standing Order (ECF 11), Defendant and Counterclaim Plaintiff Tetra Tech, Inc. and Counterclaim Plaintiff Tetra Tech TAS Inc. (collectively, "Tetra Tech") submit the following Statement of Genuine Disputes of Material Fact in response to Plaintiff and Counterclaim Defendant Pavemetrics Systems, Inc.'s ("Pavemetrics") Statement of Uncontroverted Facts and Conclusions of Law relating to Pavemetrics' Motion for Partial Summary Judgment No. 1 of No Indirect Infringement Based on Lack of Intent to Infringe (ECF 150-1).

## I. STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
| 1 | Tetra Tech alleges that Pavemetrics indirectly infringes Claims 1, 2, 4, 15, 16, 19-23, 25, 36, 37, and 40-43 of the '293 patent. (Laquer Ex. 2; Tetra Tech's Preliminary Infringement Contentions.) | Undisputed. Tetra Tech notes, however, that its Third Supplemental Infringement Contentions and accompanying Exhibit A served on January 17, 2022, are the operative contentions for consideration of this motion. *See* ECF 125-3 (Tetra Tech's Third Supplemental Infringement Contentions). |
| 2 | Tetra Tech alleges that Pavemetrics indirectly infringes Claims 8-10 and 14 of the '557 patent. (Laquer Ex. 3; Tetra Tech's First Supp. Infringement Contentions.) | Undisputed. Tetra Tech notes, however, that its Third Supplemental Infringement Contentions and accompanying Exhibit B served on January 17, 2022, are the operative contentions for consideration of this motion. *See* ECF 125-3 (Tetra Tech's |

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
|  |  | Third Supplemental Infringement Contentions). |
| 3 | Pavemetrics denies that it has indirectly infringed and that it does indirectly infringe the asserted claims of the '293 and '557 patents. (ECF No. 82.) | Tetra Tech does not dispute that Pavemetrics contends that it has not and does not indirectly infringe the asserted claims of the '293 and '557 patents. Tetra Tech disputes, however, that Pavemetrics does not indirectly infringe the asserted claims of the '293 and '557 patents. *See generally*, ECF 110-5 (Tetra Tech's Second Infringement Contentions); ECF 125-3 (Tetra Tech's Third Infringement Contentions); ECF 12 (Tetra Tech's Counterclaims) and related exhibits; ECF 79 (Tetra Tech's First Amended Counterclaims) and related exhibits. |
| 4 | On January 5, 2021, Tetra Tech sent a letter to Pavemetrics accusing LRAIL of infringing the '293 patent. (ECF No. 71-1 at 73-74.) | Undisputed. |
| 5 | Pavemetrics had no knowledge of the '293 patent before receiving the January 5, 2021 letter from Tetra Tech. (Laquer Ex. 14 (Laurent Tr. 160:9- | Disputed. Tetra Tech contends that Pavemetrics did have knowledge of the '293 patent, or acted with willful blindness as to the '293 patent, before |

3

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
| | 162:13); Dkt. 1-1 at 76 (Habel 1/19/21 Ltr.); Laquer Ex. 15 (Habel Tr. 139:3-19, 140:22-25, 144:8-10.) | receiving the January 5, 2021 letter from Tetra Tech. *See generally*, Parker Ex. 53; Parker Ex. 54; Parker Ex. 66; Parker Ex. 84; Parker Ex. 55; Parker Ex. 76; Parker Ex. 77; Parker Ex. 78; Parker Ex. 79 (translated at Parker Ex. 44, Laurent Tr., 172:6–15); Parker Ex. 8 (translated at Parker 42, Habel Tr., 178:13–179:15); Parker Ex. 67; Parker Ex. 81 at 507; Parker Ex. 83; Parker Ex. 74; Parker Ex. 59; Parker Ex. 42, Habel Tr., 130:15–131:10; Parker Ex. 65 (translated at Parker Ex. 42, Habel Tr., 165:1–3); Parker Ex. 62; Parker Ex. 63; Parker Ex. 64; Parker Ex. 75; Parker Ex. 87; Parker Ex. 88; Parker Ex. 52; Parker Ex. 89; Parker Ex. 90; Parker Ex. 60; Parker Ex. 42, Habel Tr., 28:14-17, 180:5–11; Parker Ex. 55; Parker Ex. 94; Parker Ex. 95; Parker Ex. 91; Parker Ex. 42, Habel Tr., 138:4–139:2; Parker Ex. 55; Parker Ex. 92; Parker Ex. 93 at 640; Parker Ex. 57; Parker Ex. 58; Parker |

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
| | | Ex. 56 at 201; Parker Ex. 42, Habel Tr., 150:12–151:21. |
| 6 | At no time did Pavemetrics believe that it infringed the '293 patent. After receiving Tetra Tech's January 5, 2021 letter, Pavemetrics formed a good faith belief that its LRAIL system did not infringe the '293 patent. It never believed that there is a high probability that use of LRAIL infringes the '293 patent. (Dkt. 1-1 at 76 (Habel 1/19/21 Ltr.); Laquer Ex. 7 (Habel 2/1/21 Ltr.); Laquer Ex. 15 (Habel Tr. 182:25-187:23, discussing Dkt. 1-1 marked as Dep. Ex. 77); Id., (Habel Tr. 116:22-117:3, 131:25-132:16); Dkt. 1, ¶16 (Complaint for DJ of Non-infringement); Dkt. 37 (Opp'n to PI); Dkt. 51 at 16, 19 (Court Order denying PI and finding a substantial question regarding infringement."); Dkt. 109 (Pavemetrics MSJ of Non-infringement of '293 patent.) | Disputed. Tetra Tech contends that Pavemetrics knew it infringed the '293 patent and lacked a good faith noninfringement belief that its LRAIL system did not infringe the '293 patent after receiving Tetra Tech's January 5, 2021 letter. *See generally*, Tetra Tech's Preliminary Infringement Contentions, served June 10, 2021; Tetra Tech's First Supplemental Infringement Contentions, served August 30, 2021; Tetra Tech's Second Supplemental Infringement Contentions, served December 20, 2021; Tetra Tech's Third Supplemental Infringement Contentions, served January 17, 2022; Parker Ex. 86; Parker Ex. 43, Hérbert Tr., 132:1–11, 134:12–22; Parker Ex. 82; Parker Ex. 42, Habel Tr., 26:6–13; 115:7–116:3; Parker Ex. 42, Habel Tr., 171:17–19; Parker Ex. 42, Habel Tr., 182:14–17. |

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
| 7 | On July 22, 2021, Tetra Tech sent a letter to Pavemetrics accusing LRAIL of infringing the '557 patent. (Dkt. 79, ¶ 32.) | Undisputed. |
| 8 | Pavemetrics had no knowledge of the '557 patent before receiving a letter from Tetra Tech on July 22, 2021. (Laquer Ex. 14 (Laurent Tr. 161:23-162:13); Dkt. 1-1 at 73-74 (no mention of '557 patent); Laquer Ex. 15 (Habel Tr. 139:3-19, 140:22-25, 144:8-10.) | Disputed. Tetra Tech contends that Pavemetrics did have knowledge of the '557 patent, or acted with willful blindness as to the '557 patent, before receiving the July 22, 2021 letter from Tetra Tech. *See generally*, Parker Ex. 53; Parker Ex. 54; Parker Ex. 66; Parker Ex. 84; Parker Ex. 55; Parker Ex. 76; Parker Ex. 77; Parker Ex. 78; Parker Ex. 79 (translated at Parker Ex. 44, Laurent Tr., 172:6–15); Parker Ex. 8 (translated at Parker 42, Habel Tr., 178:13–179:15); Parker Ex. 67; Parker Ex. 81 at 507; Parker Ex. 83; Parker Ex. 74; Parker Ex. 59; Parker Ex. 42, Habel Tr., 130:15–131:10; Parker Ex. 65 (translated at Parker Ex. 42, Habel Tr., 165:1–3); Parker Ex. 62; Parker Ex. 63; Parker Ex. 64; Parker Ex. 75; Parker Ex. 87; Parker Ex. 88; Parker Ex. 52; Parker Ex. 89; |

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
|  |  | Parker Ex. 90; Parker Ex. 60; Parker Ex. 42, Habel Tr., 28:14-17, 180:5–11; Parker Ex. 55; Parker Ex. 94; Parker Ex. 95; Parker Ex. 91; Parker Ex. 42, Habel Tr., 138:4–139:2; Parker Ex. 55; Parker Ex. 92; Parker Ex. 93 at 640; Parker Ex. 57; Parker Ex. 58; Parker Ex. 56 at 201; Parker Ex. 42, Habel Tr., 150:12–151:21. |
| 9 | At no time did Pavemetrics believe that it infringed the '557 patent. After receiving Tetra Tech's July 22, 2021 letter, Pavemetrics formed a good faith belief that its LRAIL system did not infringe the '557 patent. It never believed that there is a high probability that use of LRAIL infringes the '557 patent. (Dkt. 82 (Answer); Laquer Ex. 25 (First Sup. Response to Interrogatory No. 14); Laquer ¶¶5-7 (On March 11, 2022, Pavemetrics served its rebuttal expert report further explaining why no use of LRAIL would infringe the '557 patent.); See Pavemetrics' Motion for Partial Summary Judgment of No | Disputed. Tetra Tech contends that Pavemetrics knew it infringed the '557 patent and lacked a good faith noninfringement belief that its LRAIL system did not infringe the '557 patent after receiving Tetra Tech's January 5, 2021 letter. *See generally*, Tetra Tech's Preliminary Infringement Contentions and accompanying exhibits, served June 10, 2021; Tetra Tech's First Supplemental Infringement Contentions, served August 30, 2021; Tetra Tech's Second Supplemental Infringement Contentions, served December 20, 2021; Tetra Tech's Third |

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
| | Infringement of Claim 14 of the '557 patent.) | Supplemental Infringement Contentions, served January 17, 2022; Parker Ex. 86; Parker Ex. 43, Hérbert Tr., 132:1–11, 134:12–22; Parker Ex. 82; Parker Ex. 42, Habel Tr., 26:6–13; 115:7–116:3; Parker Ex. 42, Habel Tr., 171:17–19; Parker Ex. 42, Habel Tr., 182:14–17. |

## II. STATEMENT OF GENUINE DISPUTES OF CONCLUSIONS OF LAW

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
| 1 | Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). | Disputed. Tetra Tech does not dispute the alleged legal position, but Tetra Tech disputes that Pavemetrics is entitled to summary judgment because there are genuine issues of material fact as to whether Pavemetrics is entitled to a judgement of no indirect infringement based on lack of intent. *See, e.g.*, Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Fact Nos. 1-9 above. |
| 2 | Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing | Disputed. Tetra Tech does not dispute the alleged legal position, but Tetra Tech disputes that Tetra Tech has |

8

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
|  | sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). | failed to make a showing sufficient to establish the existence of an element essential to indirect infringement of the '293 or '557 patents, on which it bears the burden of proof. |
| 3 | "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247- 48 (1986) (emphasis in original). A dispute is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. | Disputed. Tetra Tech does not dispute the alleged legal position, but Tetra Tech disputes that there are no genuine issues of material fact in the current dispute. *See, e.g.*, Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Fact Nos. 1-9 above. |
| 4 | "[A]n accused infringer seeking summary judgment of noninfringement may meet its initial responsibility either by providing evidence that would preclude a | Disputed. Tetra Tech does not dispute the alleged legal position, but Tetra Tech disputes that Pavemetrics has met its burden under *Novartis*. *See, e.g.*, Tetra Tech's Responses to |

9

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
|  | finding of infringement, or by showing that the evidence on file fails to establish a material issue of fact essential to the patentee's case." *Novartis Corp. v. Ben Venue Lab'ys, Inc.*, 271 F.3d 1043, 1046 (Fed. Cir. 2001). | Pavemetrics' Alleged Undisputed Fact Nos. 1-9 above. |
| 10 | A claimant alleging indirect infringement, under either an induced or contributory theory, must show evidence that the defendant had knowledge of the asserted patents and that "the defendant knew the acts were infringing," not that they "might infringe." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639, 642 (2015). | Disputed. The knowledge requirement can be met by either (1) actual knowledge or (2) willful blindness. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 768 (2011). Either may be proven by circumstantial evidence. *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988); *Cyntec Co., Ltd. v. Chilisin Elecs. Corp.*, No. 18-CV-00939-PJH, 2020 WL 5366319, at *4 (N.D. Cal. Sept. 8, 2020). Tetra Tech has provided sufficient evidence for a reasonable fact finder to find that Pavemetrics knew that the acts were infringing or, alternatively, that Pavemetrics was willfully blind. *See, e.g.*, Tetra Tech's Responses to |

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
|  |  | Pavemetrics' Alleged Undisputed Fact Nos. 1-9 above. |
| 11 | Under *Commil*, a defendant does not have knowledge of infringement if it "reads the patent's claims differently from the plaintiff, and that reading is reasonable." *Id.* | Disputed. Tetra Tech disputes that Pavemetrics held a reasonable noninfringement belief. Nonetheless, a good faith noninfringement belief "is not enough for a grant of summary judgment." *Genband v. Metaswitch*, No. 2:14-cv-33, 2016 U.S. Dist. LEXIS 37946, at *13-*14 (E.D. Tex. Jan. 6, 2016); *Asia Vital Components Co. v. Asetek Danmark A/S*, 377 F. Supp. 3d 990, 1018 (N.D. Cal. 2019). Instead, it "would at most 'create a factual question as to [Pavemetrics'] own subjective beliefs.'" *Asia Vital Components*, 377 F. Supp. 3d at 1018. Tetra Tech has provided sufficient evidence for a reasonable fact finder to find that Pavemetrics did not and does not have a good faith noninfringement belief and knew that its acts were infringing or, alternatively, that Pavemetrics acted with willful blindness. *See, e.g.*, Tetra Tech's |

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
| | | Responses to Pavemetrics' Alleged Undisputed Fact No. 1-9 above. |
| 12 | The first element of indirect infringement requires actual knowledge of, or willful blindness to, the asserted patents. *Global-Tech Appliances, Inc. v. SEB S.S.*, 563 U.S. 754, 769 (2011)." | Disputed. Tetra Tech does not dispute the alleged legal position, but Tetra Tech provides that either knowledge of, or willful blindness to, the asserted patents may be proven by circumstantial evidence. *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988); *Cyntec Co., Ltd. v. Chilisin Elecs. Corp.*, No. 18-CV-00939-PJH, 2020 WL 5366319, at *4 (N.D. Cal. Sept. 8, 2020). Tetra Tech has provided sufficient evidence for a reasonable fact finder to find that Pavemetrics knew of the asserted patents or, alternatively, that Pavemetrics was willfully blind to them. *See, e.g.*, Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Fact Nos. 1-9 above. |
| 13 | "A court can properly find willful blindness only where it can almost be said that the defendant actually knew." *Id.* | Disputed. Tetra Tech provides that either knowledge of, or willful blindness to, the asserted patents may be proven by circumstantial evidence. *Water Techs. Corp. v. Calco, Ltd.*, |

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
| | | 850 F.2d 660, 668 (Fed. Cir. 1988); *Cyntec Co., Ltd. v. Chilisin Elecs. Corp.*, No. 18-CV-00939-PJH, 2020 WL 5366319, at *4 (N.D. Cal. Sept. 8, 2020). Tetra Tech has provided sufficient evidence for a reasonable fact finder to find that Pavemetrics knew of the asserted patents or, alternatively, that Pavemetrics was willfully blind to them. *See, e.g.*, Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Fact Nos. 1-9 above. |
| 14 | The second element of indirect infringement requires "proof the defendant knew the acts were infringing." *Commil*, 575 U.S. at 642. | Disputed. Tetra Tech does not dispute the alleged legal position, but the "mere fact that [Pavemetrics] has raised and maintained noninfringement defenses in this litigation does not suffice to entitle it to summary judgment, else indirect infringement claims would never be tried to a jury." *Genband v. Metaswitch*, No. 2:14-cv-33, 2016 U.S. Dist. LEXIS 37946, at *13-*14 (E.D. Tex. Jan. 6, 2016); *see also Asia Vital Components Co. v. Asetek* |

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
| | | *Danmark A/S*, 377 F. Supp. 3d 990, 1018 (N.D. Cal. 2019). Tetra Tech has provided sufficient evidence for a reasonable fact finder to find that Pavemetrics knew that its acts were infringing. *See, e.g.*, Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Fact Nos. 1-9 above. |
| 15 | *Commil* "require[s] more" than knowledge that "the acts might infringe." *Id.* "[I]f the defendant reads the patent's claims differently from the plaintiff, and that reading is reasonable," then the defendant cannot be liable for indirect infringement. *Id.* | Disputed. The "mere fact that [Pavemetrics] has raised and maintained noninfringement defenses in this litigation does not suffice to entitle it to summary judgment, else indirect infringement claims would never be tried to a jury." *Genband v. Metaswitch*, No. 2:14-cv-33, 2016 U.S. Dist. LEXIS 37946, at *13-*14 (E.D. Tex. Jan. 6, 2016); *see also Asia Vital Components Co. v. Asetek Danmark A/S*, 377 F. Supp. 3d 990, 1018 (N.D. Cal. 2019). Tetra Tech has provided sufficient evidence for a reasonable fact finder to find that Pavemetrics knew that its acts were infringing. *See, e.g.*, Tetra Tech's |

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|-----|---------------------------------------|----------------------|
|     |                                       | Responses to Pavemetrics' Alleged Undisputed Fact Nos. 1-9 above. |
| 16  | "For willful blindness to exist, 'the defendant must subjectively believe that there is a high probability that' the induced acts are infringing." *Alarm.com, Inc. v. Securenet Techs. LLC*, 345 F. Supp. 3d 544, 554 (D. Del. 2018) (quoting *Global-Tech Appliances, Inc. v. SEB S.S.*, 563 U.S. 754, 769 (2011)). | Disputed. Tetra Tech does not dispute the alleged legal position, but Tetra Tech has provided sufficient evidence for a reasonable fact finder to find that Pavemetrics subjectively believes that there is a high probability that the induced acts are infringing. *See, e.g.*, Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Fact Nos. 1-9 above. |
| 17  | Knowledge that acts "might" infringe is insufficient to maintain claims of indirect infringement. *Commil*, 575 U.S. at 642; *Mikkelsen Graphic Eng'g Inc. v. Zund Am., Inc.*, 2011 WL 6122377, *7 (E.D. Wis. 2011) ("knowledge of only a risk that the acts induced constitute patent infringement does not give rise to liability"). | Disputed. The "mere fact that [Pavemetrics] has raised and maintained noninfringement defenses in this litigation does not suffice to entitle it to summary judgment, else indirect infringement claims would never be tried to a jury." *Genband v. Metaswitch*, No. 2:14-cv-33, 2016 U.S. Dist. LEXIS 37946, at *13-*14 (E.D. Tex. Jan. 6, 2016); *see also Asia Vital Components Co. v. Asetek Danmark A/S*, 377 F. Supp. 3d 990, 1018 (N.D. Cal. 2019). Tetra Tech has provided sufficient evidence for a |

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
|  |  | reasonable fact finder to find that Pavemetrics knew that its acts were infringing. *See, e.g.*, Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Fact Nos. 1-9 above. |
| 18 | Tetra Tech cannot show that Pavemetrics knew that the accused acts were infringing. Thus, Pavemetrics cannot have indirectly infringed as a matter of law. | Disputed. |

Dated: April 25, 2022

**CLARK HILL LLP**

By: _____
Donald L. Ridge

Aaron L. Parker (*pro hac vice*)
Daniel G. Chung (*pro hac vice*)
Nicholas A. Cerulli (*pro hac vice*)
Kelly S. Horn (*pro hac vice*)
Jency J. Mathew (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**

*Attorneys for Defendant and Counterclaim Plaintiffs TETRA TECH, INC. AND TETRA TECH TAS INC.*