Donald Ridge, Esq. (SBN: 132171)
**CLARK HILL LLP**
555 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
DRidge@clarkhill.com

Aaron L. Parker (*pro hac vice*)
aaron.parker@finnegan.com
Daniel G. Chung (*pro hac vice*)
daniel.chung@finnegan.com
Nicholas A. Cerulli (*pro hac vice*)
nicholas.cerulli@finnegan.com
Kelly S. Horn (*pro hac vice*)
kelly.horn@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
**GARRETT & DUNNER, LLP**
901 New York Avenue NW
Washington, D.C. 20001-4413
Telephone:   (202) 408-4000
Facsimile:   (202) 408-4400

Jency J. Mathew (*pro hac vice*)
jency.mathew@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
**GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, Virginia 20190-6023
Telephone:   (571) 203-2700
Facsimile:   (571) 203-2777

*Attorneys for Defendant and Counterclaim Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>TETRA TECH, INC.<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. 2:21-cv-1289 MCS-MMA<br><br>**TETRA TECH'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN RESPONSE TO PAVEMETRICS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW FOR PARTIAL SUMMARY JUDGMENT NO. 2 OF (1) NO INFRINGEMENT OF CLAIM 14 OF THE '557 PATENT AND (2) NO DIRECT INFRINGEMENT OF METHOD CLAIMS BY SALES**<br><br>**Honorable Mark C. Scarsi**<br>**Date: May 9, 2022**<br>**Time: 9:00 a.m.**<br>**Courtroom: 7C** |

1

Pursuant to Local Rule 56-2 and Paragraph 10(c)(i) of this Court's Standing Order (ECF 11), Defendant and Counterclaim Plaintiff Tetra Tech, Inc. and Counterclaim Plaintiff Tetra Tech TAS Inc. (collectively, "Tetra Tech") submit the following Statement of Genuine Disputes of Material Fact in response to Plaintiff and Counterclaim Defendant Pavemetrics Systems, Inc.'s ("Pavemetrics") Statement of Uncontroverted Facts and Conclusions of Law relating to Pavemetrics' Motion for Summary Judgment No. 2 of (1) No infringement of claim 14 of the '557 patent and (2) No direct infringement of method claims by sales (ECF 153-1).

## I. STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS

### A. Infringement of Claim 14 of the '557 Patent

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
| 1 | Claim 14 is a method claim. (Ex 1 ('557 patent, 30:38-54).) | Undisputed. |
| 2 | In order for LRAIL's template matching algorithm to run, LRAIL must be configured use template matching and LRAIL must also have at least one template model. (Hébert ¶¶5-7.) | Disputed. The LRAIL performs the conventional operation using template matching algorithms as a default. Morellas Decl., ¶¶ 18, 32 (citing Parker Ex. 72). The LRAIL may perform template matching algorithms using "Default" templates. Morellas Decl., ¶27-29, 37-38 (citing Parker Ex. 72; Hébert Ex. 31) |
| 3 | Pavemetrics configured all LRAIL software sold in the United States to use a neural network rather than to use template matching. (Hébert ¶5.) | Disputed. Source code versions of the LRAIL sold to AID and CSX show LRAIL software sold in the U.S. was configured to perform template |

2

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
|  |  | matching algorithms. *See* Morellas Decl., ¶¶ 15-16 (citing Parker Ex. 98; Parker Ex. 100). Further, output files of LRAIL executions in the U.S. show the software was configured to use, and actually used, the template matching algorithms. Morellas Decl., ¶¶ 18-29 (citing Hébert Ex. 31; Parker Ex. 43; Parker Ex. 49; Parker Ex. 72). |
| 4 | Pavemetrics has not provided any U.S. customer with any template model. (Hébert ¶5.) | Disputed. As shown in output files and Pavemetrics' manual, Pavemetrics provided U.S. customers with template models that were located in a 'Default' location. Morellas Decl., ¶¶ 27-29, 32, 37-38 (citing Hébert Ex. 31; Parker Ex. 72). |
| 5 | LRAIL's template matching algorithm has not been executed in the United States. (Hébert ¶¶5, 8-9.) | Disputed. As evidenced by the output files, the LRAIL template matching algorithms have been executed in the United States. Morellas Decl., ¶¶ 15-40 (citing Hébert Ex. 31; Parker Ex. 43; Parker Ex. 49; Parker Ex. 72). |
| 6 | Claim 14 requires "inputting . . . a 3D feature library" and that the 3D feature library contains "railway track bed features." (Ex 1 ('557 patent, 30:38- | Disputed. Tetra Tech disputes the claim requires the 3D feature library "contains" railway track bed features. *See* Laquer Ex. 1 ('557 patent, 30:38- |

3

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
|  | 54); Laquer Ex. 20, Morellas Tr. 64:14–16.) | 54). Tetra Tech also disagrees with the characterization of Dr. Morellas' testimony, which only states that "one of the items in a 3D feature library" can be "a template." Laquer Ex. 20, Morellas Tr. 64:14–16. |
| 7 | LRAIL's neural network never receives any 3D feature library as input. (Hébert ¶11; Frakes ¶¶44-48.) | Disputed. The LRAIL neural network operation performs the operation of "[i]nputting . . . a 3D feature library." Morellas Decl., ¶¶ 42-51 (citing Parker Ex. 100; Parker Ex. 109; Parker Ex. 128; Parker Ex. 129; Morellas Ex. 130; Morellas Ex. 131; Morellas Ex. 132). |
| 8 | LRAIL's neural network relies on filters which are matrices of numbers, are not 3D feature libraries, and do not contain railway track bed features. (Frakes ¶¶32, 35, 41, 47-48; Laquer Ex. 17, Mesher Tr. 135:5–10.) | Disputed. Filters used in the LRAIL's neural networks are 3D feature libraries. Morellas Decl., ¶¶ 43-50 (citing Parker Ex. 72; Parker Ex. 100; Morellas Ex. 130; Morellas Ex. 131; Morellas Ex. 132). Further, filters in the LRAIL's neural networks do resemble recognizable things, like the track bed features. Morellas Decl., ¶48. |
| 9 | Claim 14 also requires "testing each of a plurality of railway track bed | Undisputed. |

4

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|-----|---------------------------------------|------------------------|
|     | features in the 3D feature library against feature targets in the elevation data in sequence." (Ex 1 ('557 patent, 30:38-54).) |  |
| 10  | LRAIL's neural network runs its detection algorithms in parallel, not in sequence. (Hébert ¶13; Frakes ¶51.) | Disputed. LRAIL's neural network runs detection algorithms in sequence. Morellas Decl., ¶¶ 52-73. (citing Parker Ex. 100; Parker Ex. 128; Morellas Ex. 130; Morellas Ex. 131; Morellas Ex. 132). The source code and Pavemetrics' documentation show LRAIL's neural network operations run in sequence, even if operating using multithreads. *See id.* |
| 11  | Within each of LRAIL's neural network model, different types of a particular feature are detected in parallel, not in sequence. (Hébert ¶14; Frakes ¶52.) | Disputed. The source code, output files or technical documentation do not show a parallel implementation of features. Morellas Decl., ¶¶ 69-70. Feature detection in the LRAIL includes sequential testing within channels, sequential testing during merges, and sequential testing when executing models. *Id.* ¶¶ 70-71. |
| 12  | LRAIL's neural network filters are applied over each channel of the image | Disputed. The source code, output files, and technical documentation do |

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
|  | data in parallel, not in sequence. (Hébert ¶15; Frakes ¶53.) | not show a parallel implementation of features. Morellas Decl., ¶¶ 69-70. The source code and the technical document show the neural networks filters are applied in sequence. Morellas Decl., ¶¶ 52-73 (citing Parker Ex. 100; Parker Ex. 128; Morellas Ex. 130; Morellas Ex. 131; Morellas Ex. 132). |
| 13 | Claim 14 also requires "eliminating feature template matching scores for feature targets which are less than a 3D feature correlation threshold." (Ex 1 ('557 patent, 30:38-54).) | Undisputed. |
| 14 | LRAIL's neural network does not determine template matching scores and therefore does not eliminate them. (Hébert ¶16; Frakes ¶55.) | Disputed. LRAIL's neural network determines matching scores, as results of convolutions, and eliminates them when a threshold or activation function is applied to the results. Morellas Decl., ¶¶ 74-87 (citing Parker Ex. 46; Parker Ex. 72; Morellas Ex. 129; Morellas Ex. 132). |
| 15 | LRAIL's neural network does not compare any score against a 3D feature correlation threshold. (Hébert ¶16; Frakes ¶58.) | Disputed. The LRAIL's neural network compares matching or convolution scores with a correlation threshold. Morellas Decl., ¶¶ 74-87 |

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
|  |  | (citing Parker Ex. 46; Parker Ex. 72; Morellas Ex. 129; Morellas Ex. 132 ). |

### B. Direct Infringement of Method Claims By Sales

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
| 1 | Claims 8, 9, 10, and 14 of the '557 patent, and claims 22, 23, 25, 36, 37, 40, 41, 42, and 43 of the '293 patent are method claims. (Ex 1 ('557 patent, 29:64-30:54); Dkt. 1-1 ('293 patent, 31:43-34:20)). | Undisputed. |

### II. STATEMENT OF GENUINE DISPUTES OF CONCLUSIONS OF LAW

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
| 1 | Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). | Disputed. Tetra Tech does not dispute the alleged legal position, but Tetra Tech disputes that Pavemetrics is entitled to summary judgment because there are genuine issues of material fact as to whether Pavemetrics is entitled to a judgement of non-infringement of claim 14 of the '557 patent. *See, e.g.*, Tetra Tech's Responses to Pavemetrics' |

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
|  |  | Alleged Undisputed Fact Nos. 2-5, 7, 8, 10-12, 14, 15. |
| 2 | Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). | Disputed. Tetra Tech does not dispute the alleged legal position, but Tetra Tech disputes that Tetra Tech has failed to make a showing sufficient to establish the existence of an element essential to infringement of the '557 patent, on which it bears the burden of proof. |
| 3 | "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247- 48 (1986) (emphasis in original). A dispute is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. | Disputed. Tetra Tech does not dispute the alleged legal position, but Tetra Tech disputes that there are no genuine issues of material fact in the current dispute. *See, e.g.*, Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Fact Nos. 2-5, 7, 8, 10-12, 14, 15. |

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
| 4 | "[A]n accused infringer seeking summary judgment of noninfringement may meet its initial responsibility either by providing evidence that would preclude a finding of infringement, or by showing that the evidence on file fails to establish a material issue of fact essential to the patentee's case." *Novartis Corp. v. Ben Venue Lab'ys, Inc.*, 271 F.3d 1043, 1046 (Fed. Cir. 2001). | Disputed. Tetra Tech does not dispute the alleged legal position, but Tetra Tech disputes that Pavemetrics has met its burden under *Novartis*. *See e.g.,* Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Fact Nos. 2-5, 7, 8, 10-12, 14, 15 above. |
| 5 | Infringement is a question of fact and therefore "amenable to summary judgment when no reasonable fact finder could find that the accused product contains every claim limitation or its equivalent." *Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*, 811 F.3d 1334, 1339 (Fed. Cir. 2016). | Disputed. Tetra Tech does not dispute the alleged legal position, but Tetra Tech disputes that no reasonable fact finder could find that the LRAIL contains every claim limitation or its equivalent of claim 14 of the '557 patent. *See e.g.,* Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Fact Nos. 2-5, 7, 8, 10-12, 14, 15 above. |
| 6 | "A method or process claim is directly infringed only when the process is performed." Joy Techs., 6 F.3d at 773. | Undisputed. |

9

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
| 7 | Pavemetrics' LRAIL does not infringe claim 14 of the '557 patent. | Disputed. Tetra Tech disputes Pavemetrics' argument that the template matching algorithm has never been executed in the United States. *See e.g.,* Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Fact Nos. 2-5 above. Tetra Tech also disputes Pavemetrics' arguments that the LRAIL does not satisfy the limitations of "inputting . . . a 3D feature library," "testing . . . in sequence," and "eliminating feature template matching scores." *See e.g.,* Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Fact Nos. 7, 8, 10-12, 14, 15 above. |
| 8 | Pavemetrics' LRAIL has never been operated to perform the claimed method of claim 14 of the '557 patent within the United States. | Disputed. The LRAIL was operated to perform the method of claim 14 of the '557 patent within the United States. *See e.g.,* Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Fact Nos. 2-5, 7, 8, 10-12, 14, 15 above. |
| 9 | Tetra Tech's allegations of infringing a method claim based on sales (or anything other than use) are contrary | Disputed. Tetra Tech does not argue that Pavemetrics infringed any method claims based on sales of the LRAIL |

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
| | to the infringement statute. | alone. Instead, Tetra Tech has shown, and will show at trial, that Pavemetrics has induced third parties to perform the asserted method claims and induced the importation of products made by the asserted method claims. |

Dated: April 25, 2022

**CLARK HILL LLP**

By: /s/ Donald L. Ridge

Donald L. Ridge

Aaron L. Parker (*pro hac vice*)
Daniel G. Chung (*pro hac vice*)
Nicholas A. Cerulli (*pro hac vice*)
Kelly S. Horn (*pro hac vice*)
Jency J. Mathew (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**

*Attorneys for Defendant and Counterclaim Plaintiffs*
*TETRA TECH, INC. AND TETRA TECH TAS INC.*