1  Donald Ridge, Esq. (SBN: 132171)
   **CLARK HILL LLP**
2  555 South Flower Street, 24th Floor
3  Los Angeles, CA 90071
   Telephone: (213) 891-9100
4  Facsimile: (213) 488-1178
5  DRidge@clarkhill.com

6
   Aaron L. Parker (*pro hac vice*)
7  aaron.parker@finnegan.com
   Daniel G. Chung (*pro hac vice*)
8  daniel.chung@finnegan.com
9  Nicholas A. Cerulli (*pro hac vice*)
   nicholas.cerulli@finnegan.com
10 Kelly S. Horn (*pro hac vice*)              Jency J. Mathew (*pro hac vice*)
11 kelly.horn@finnegan.com                     jency.mathew@finnegan.com
   **FINNEGAN, HENDERSON, FARABOW,**          **FINNEGAN, HENDERSON, FARABOW,**
12 **GARRETT & DUNNER, LLP**                   **GARRETT & DUNNER, LLP**
13 901 New York Avenue NW                      1875 Explorer Street, Suite 800
   Washington, D.C. 20001-4413                 Reston, Virginia 20190-6023
14 Telephone:   (202) 408-4000                 Telephone:   (571) 203-2700
15 Facsimile:   (202) 408-4400                 Facsimile:   (571) 203-2777
16 *Attorneys for Defendant and Counterclaim Plaintiffs*

17          **UNITED STATES DISTRICT COURT**
            **CENTRAL DISTRICT OF CALIFORNIA**
18

| | |
|---|---|
| 19  PAVEMETRICS SYSTEMS, INC. | CASE NO. 2:21-cv-1289 MCS-MMA |
| 20           Plaintiff, | **TETRA TECH'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN RESPONSE TO PAVEMETRICS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW FOR PARTIAL SUMMARY JUDGMENT MOTION NO. 3** |
| 21           v. | |
| 22  TETRA TECH, INC. | |
| 23           Defendant. | |
| 24  AND RELATED COUNTERCLAIMS. | |
| 25 | **Honorable Mark C. Scarsi** |
| 26 | **Date: May 9, 2022** |
| 27 | **Time: 9:00 a.m.** |
| 28 | **Courtroom: 7C** |

1

Pursuant to Local Rule 56-2 and Paragraph 10(c)(i) of this Court's Standing Order (ECF 11), Defendant and Counterclaim Plaintiff Tetra Tech, Inc. and Counterclaim Plaintiff Tetra Tech TAS Inc. (collectively, "Tetra Tech") submit the following Statement of Genuine Disputes of Material Fact in response to Plaintiff and Counterclaim Defendant Pavemetrics Systems, Inc.'s ("Pavemetrics") Statement of Uncontroverted Facts and Conclusions of Law relating to Pavemetrics' Motion for Partial Summary Judgment No. 3 of No Damages Under the '293 Patent for Three Sales Made before January 5, 2021 (ECF 156-1).

## I. STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
| 1 | Tetra Tech alleges that Pavemetrics infringes claims 1, 2, 4, 15, 16, 19-23, 25, 36, 37, and 40-43 of U.S. Patent No. 10,362,293. At least one of these claims is a system claim. | Undisputed. |
| 2 | On January 5, 2021, Tetra Tech sent a letter to Pavemetrics asserting that LRAIL infringes the '293 patent. | Tetra Tech does not dispute that on January 5, 2021, Tetra Tech, Inc., through its counsel Aaron Parker of Finnegan, Henderson, Farabow, Garrett, & Dunner LLP, sent a letter to Pavemetrics' Chief Executive Officer, Richard Habel. Tetra Tech disputes, however, that the letter asserted "that LRAIL infringes the '293 patent." The letter stated: "Pavemetrics is making, using, |

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
| | | selling, offering for sale, and/or inducing others to use a railroad track inspection system in the United States that infringes the '293 patent," and that "Pavemetrics' Laser Rail Inspection System ('LRAIL') infringes at least claim 1 of the '293 patent." *See* ECF 12 at ¶ 6. |
| 3 | The January 5, 2021 letter was the first time Tetra Tech gave notice to Pavemetrics of any infringement of the '293 patent. | Undisputed. |
| 4 | Tetra Tech asserts the '293 patent covers its 3DTAS product. | Undisputed. |
| 5 | Tetra Tech did not mark 3DTAS with the '293 patent number before giving actual notice of any infringement on January 5, 2021. | Undisputed. |
| 6 | Pavemetrics sold two LRAIL systems to CSX before January 5, 2021. | Disputed. While Tetra Tech does not dispute that Pavemetrics invoiced CSX for two LRAIL systems before January 5, 2021, Tetra Tech disputes that the sale of those two systems began and ended before January 5, 2021. *See* Laurent Ex. 33 at ¶¶ 2, 6, |

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
|  |  | Appendix; Parker Ex. 70 at 405, 407; Parker Ex. 48 at 38:6-40:19, 40:20-41:21; Laurent Ex. 35 at p. 16 (Appendix); Parker Ex. 103; Parker Ex. 104; Parker Ex. 105. |
| 7 | Pavemetrics sold one LRAIL system to AID before January 5, 2021. | Disputed. While Tetra Tech does not dispute that Pavemetrics invoiced AID for one LRAIL system before January 5, 2021, Tetra Tech disputes that the sale of that system began and ended before January 5, 2021. *See* Laurent Ex. 34 at 27; Laquer Ex. 6 at Schedule 6B; Laquer Ex. 19 at 75:20-76:7, 152:21-159:22; Parker Ex. 101 at 803; Parker Ex. 102 at 809; ECF 120-1 at ¶ 23. |
| 8 | All three sales included (1) LRAIL hardware, (2) LRAIL acquisition software, and (3) LRAIL processing software. | Disputed. While Tetra Tech does not dispute that Pavemetrics invoiced AID and CSX for a total of three LRAILs at issue in Pavemetrics' motion, Tetra Tech disputes that these were "sales" including the components identified by Pavemetrics. *See, e.g.*, Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Fact Nos. 6-7 above. |

## II. STATEMENT OF GENUINE DISPUTES OF CONCLUSIONS OF LAW

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
| 1 | Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). | Disputed. Tetra Tech does not dispute the alleged legal position, but Tetra Tech disputes that Pavemetrics is entitled to partial summary judgment because there are genuine issues of material fact as to whether Pavemetrics engaged in infringing sales activities after it was notified of infringement of the '293 patent. *See, e.g.*, Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Fact Nos. 6-7 above. |
| 2 | Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). | Disputed. Tetra Tech does not dispute the alleged legal position, but Tetra Tech disputes that Tetra Tech has failed to make a showing sufficient to establish the existence of an element essential to damages for infringement of the '293 patent, on which it bears the burden of proof. |
| 3 | "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise | Disputed. Tetra Tech does not dispute the alleged legal position, but Tetra Tech disputes that there are no |

5

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
|  | properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247- 48 (1986) (emphasis in original). A dispute is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. | genuine issues of material fact in the current dispute. *See, e.g.*, Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Fact Nos. 6-7 above. |
| 4 | To recover damages, Tetra Tech must either have marked relevant products with the patent number or provided actual notice of alleged infringement to Pavemetrics. *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1359 (Fed. Cir. 2017). | Disputed. Tetra Tech does not dispute that there is a limitation on damages under 35 U.S. Code § 287, but Tetra Tech disputes that all of its relevant products must have been marked, particularly since Tetra Tech is asserting method claims in this action. |
| 5 | Because Tetra Tech did not mark its 3DTAS with the '293 patent number, Tetra Tech cannot recover damages for accused sales before giving actual notice on January 5, 2021. | Disputed. Tetra Tech does not dispute that it did not mark the 3DTAS with the '293 patent number, but Tetra Tech does dispute that it cannot recover damages for the three accused sales at issue in Pavemetrics motion for partial summary |

6

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
|  |  | judgment. *See, e.g.*, Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Fact Nos. 6-7 above. |
| 6 | Because three accused sales occurred before January 5, 2021, Tetra Tech cannot recover damages for those sales for alleged infringement of the '293 patent. 35 U.S.C. § 287(a); *Arctic Cat*, 876 F.3d at 1359. | Disputed. Tetra Tech disputes that the three accused sales identified by Pavemetrics in its motion for partial summary judgment occurred before January 5, 2021. *See, e.g.*, Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Fact Nos. 6-7 above. |

Dated: April 25, 2022

CLARK HILL LLP

By: /s/ Donald L. Ridge

Donald L. Ridge

Aaron L. Parker (*pro hac vice*)
Daniel G. Chung (*pro hac vice*)
Nicholas A. Cerulli (*pro hac vice*)
Kelly S. Horn (*pro hac vice*)
Jency J. Mathew (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**

*Attorneys for Defendant and Counterclaim Plaintiffs TETRA TECH, INC. AND TETRA TECH TAS INC.*