1  Donald Ridge, Esq. (SBN: 132171)
2  **CLARK HILL LLP**
   555 South Flower Street, 24th Floor
3  Los Angeles, CA 90071
4  Telephone: (213) 891-9100
   Facsimile: (213) 488-1178
5  DRidge@clarkhill.com

6
7  Aaron L. Parker (*pro hac vice*)
   aaron.parker@finnegan.com
8  Daniel G. Chung (*pro hac vice*)
   daniel.chung@finnegan.com
9  Nicholas A. Cerulli (*pro hac vice*)
10 nicholas.cerulli@finnegan.com
   Kelly S. Horn (*pro hac vice*)                Jency J. Mathew (*pro hac vice*)
11 kelly.horn@finnegan.com                       jency.mathew@finnegan.com
   **FINNEGAN, HENDERSON, FARABOW,**             **FINNEGAN, HENDERSON, FARABOW,**
12 **GARRETT & DUNNER, LLP**                     **GARRETT & DUNNER, LLP**
13 901 New York Avenue NW                        1875 Explorer Street, Suite 800
   Washington, D.C. 20001-4413                   Reston, Virginia 20190-6023
14 Telephone:   (202) 408-4000                   Telephone:   (571) 203-2700
15 Facsimile:   (202) 408-4400                   Facsimile:   (571) 203-2777
16 *Attorneys for Defendant and Counterclaim Plaintiffs*

17              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
18

| | |
|---|---|
| 19  PAVEMETRICS SYSTEMS, INC. | CASE NO. 2:21-cv-1289 MCS-MMA |
| 20             Plaintiff, | **TETRA TECH'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN RESPONSE TO PAVEMETRICS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW FOR PARTIAL SUMMARY JUDGMENT NO. 4** |
| 21 | |
| 22       v. | |
| 23  TETRA TECH, INC. | |
| 24             Defendant. | |
| 25 | |
| 26  AND RELATED COUNTERCLAIMS. | **Honorable Mark C. Scarsi**<br>**Date: May 9, 2022**<br>**Time: 9:00 a.m.**<br>**Courtroom: 7C** |
| 27 | |
| 28 | |

1

Pursuant to Local Rule 56-2 and Paragraph 10(c)(i) of this Court's Standing Order (ECF 11), Defendant and Counterclaim Plaintiff Tetra Tech, Inc. and Counterclaim Plaintiff Tetra Tech TAS Inc. (collectively, "Tetra Tech") submit the following Statement of Genuine Disputes of Material Fact in response to Plaintiff and Counterclaim Defendant Pavemetrics Systems, Inc.'s ("Pavemetrics") Statement of Uncontroverted Facts and Conclusions of Law relating to Pavemetrics' Motion for Partial Summary Judgment No. 4 of (1) No Indirect Infringement Based on Any Direct Infringement by CSX and FRA and (2) Immunity from Suit under 28 U.S.C. § 1498.

## I. STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS

### A. There Are Genuine Issues of Material Fact Regarding Pavemetrics' Indirect Infringement of the Asserted Claims of the '293 and '557 Patents Based on Direct Infringement by CSX and the FRA.

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
| 1 | Tetra Tech accuses Pavemetrics of indirect infringement based on direct infringement by CSX and the FRA. (Laquer Exs. 2, 3; Tetra Tech's Preliminary Infringement Contentions; Tetra Tech's First Supplemental Infringement Contentions.) | Undisputed. |
| 2 | CSX has never used the LRAIL processing software to process any data. (Laquer Ex. 18, Spencer Tr. 64:4-66:10; 33:11-35:11; 49:16-50:4.) | Disputed. Pavemetrics sold CSX LRAIL systems for track inspection and detection of track features without any restrictions to the LRAIL processing software, Pavemetrics provided CSX support and LRAIL user manuals instructing |

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
| | | CSX to operate the LRAIL using the processing software in an infringing manner, and CSX installed the processing software with the express purpose of processing data. ECF 114-1 at 1; ECF 162 at 2; ECF 166-4, Laurent Ex. 33 at 23; Parker Ex. 101 at 804-05; Parker Ex. 110 at 839-40; Parker Ex. 107; Parker Ex. 72 at 429; Parker Ex. 47 at 176:21-177:3; 180:2-11; ECF 166, Laquer Exhibit 1 at paragraph 620; Parker Ex. 111 at 842; Parker Ex. 48 at 56:12-19. |
| 3 | CSX sent data acquired using LRAIL sensors to Pavemetrics for processing in Canada. (Laquer Ex. 18, Spencer, Tr. 38:20-40:19.) | Undisputed. |
| 4 | CSX never imported any output files or reports generated by LRAIL processing software. (Laquer Ex. 18, Spencer, Tr. 80:18-81:6, 85:20-86:9; 88:3-19.) | Disputed. CSX received from Pavemetrics output files and other data processing results generated from Pavemetrics processing CSX's railway data with the LRAIL software, including XML files, JPEG images, LAS files, SHP files, cluster reports, and ballast fouling results, and CSX expected to receive output |

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
| | | files of processed data from Pavemetrics in furtherance of its working relationship with Pavemetrics on the infringing LRAIL systems. *See* Parker Ex. 114; Parker Ex. 48 at 88:12-89:3; Parker Ex. 120 at PAVEMETRICS0200548; Parker Ex. 48 at 82:4-18, 85:10-14; Parker Ex. 112 at 843; Parker Ex. 113 at 849; Parker Ex. 115; Parker Ex. 117 at 871; Parker Ex. 118; Parker Ex. 108 at 835; Parker Ex. 121; Parker Ex. 80; Parker Ex. 109; Parker Ex. 107 at 831; Parker Ex. 118 at 875-76. |
| 5 | No evidence suggests the FRA has ever used the LRAIL software to process any data. | Undisputed. |

**B.  There Are Genuine Issues of Material Fact Regarding Pavemetrics' Assertion that It Is Immune from Suit under 28 U.S.C. § 1498.**

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
| 1 | The Federal Railroad Administration (FRA) is part of the U.S. Department of Transportation, an executive department of the U.S. Government. | Undisputed. |

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
|  | (https://railroads.dot.gov/about-fra/about-fra.) |  |
| 2 | Pavemetrics is a contractor or subcontractor to the FRA. (Laurent ¶¶9-12, Exs. 39-41.) | Undisputed. |
| 3 | Under the FRA contracts, Pavemetrics partners with others, including the University of Illinois, Amtrak, and CSX, to conduct testing for railway safety inspections using the accused LRAIL systems. (Laurent ¶¶9-12, Exs. 39-41.) | Undisputed. |
| 4 | Pavemetrics has processed LRAIL data under an FRA contract, including on July 21, 2021. (Hébert ¶¶17-20; see also Laquer Ex. 16, Hébert Tr. 60:11-15; Ex. 14, Laurent Tr. 180:18-181:16; Ex. 13, Fox-Ivey Tr. 144:1-145:10.) | Undisputed. |
| 5 | Pavemetrics has processed LRAIL data collected by CSX under an FRA contract, including on October 7-8, 2021. (Laquer Ex. 18, Spencer Tr. 39:12-20, 42:14-45:1; Hébert ¶¶19-20; Laurent ¶12, Ex. 41 (proposal submitted on June 2, 2021). See also | Disputed. Pavemetrics has processed LRAIL data collected by CSX for CSX's purchased LRAIL systems and for deploying the LRAIL systems on CSX's autonomous track assessment car (ATAC) platforms, which is all unrelated to the FRA |

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
| | Laquer Ex. 14, Laurent Tr., 181:2-5.) | contract, including on October 7-8, 2021. *See* Parker Ex. 61; Parker Ex. 69; Parker Ex. 70; Parker Ex. 122 at 901; Parker Ex. 124 at 905; Parker Ex. 70 at 407; Parker Ex. 104; Parker Ex. 105; ECF 166-4, Laurent Ex. 35; *See also* Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Facts Nos. 2 and 4 (Direct Infringement) above. |
| 6 | Any processing of LRAIL data on behalf of CSX during or after June 2021 was pursuant to an FRA contract. (Laquer Ex. 18, Spencer Tr. 39:12-20, 42:14-45:1; Hébert ¶¶19-20; Laurent ¶12, Ex. 41 (proposal submitted on June 2, 2021). See also Laquer Ex. 14, Laurent Tr., 181:2-5.) | Disputed. Pavemetrics' processing of LRAIL data on behalf of CSX during or after June 2021 was for CSX's purchased LRAIL systems and for deploying the LRAIL systems on CSX's autonomous track assessment car (ATAC) platforms, which is pursuant to contracts and the commercial relationship between Pavemetrics and CSX and unrelated to any FRA contract. *See* Parker Ex. 61; Parker Ex. 69; Parker Ex. 70; Parker Ex. 122 at 901; Parker Ex. 124 at 905; Parker Ex. 70 at 407; Parker Ex. 104; Parker Ex. 105; ECF 166-4, Laurent Ex. 35; s*ee also* Tetra |

6

| No. | Pavemetrics' Alleged Undisputed Fact | Tetra Tech's Response |
|---|---|---|
| | | Tech's Responses to Pavemetrics' Alleged Undisputed Facts Nos. 2 and 4 (Direct Infringement) above. |

II. **STATEMENT OF GENUINE DISPUTES OF CONCLUSIONS OF LAW**

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
| 1 | Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). | Disputed. Tetra Tech does not dispute the alleged legal position, but Tetra Tech disputes that Pavemetrics is entitled to summary judgment because there are genuine issues of material fact as to Pavemetrics' indirect infringement based on direct infringement by CSX and the FRA and immunity from suit under 28 U.S.C. § 1498. *See* Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Facts Nos. 2 and 4 (Direct Infringement) and 5-6 (§ 1498) above. |
| 2 | Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that | Disputed. Tetra Tech does not dispute the alleged legal position, but Tetra Tech disputes that Tetra Tech has failed to make a showing sufficient to establish the existence of an element |

7

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
| | party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). | essential to indirect infringement based on the direct infringement of CSX and the FRA, on which it bears the burden of proof. |
| 3 | "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247- 48 (1986) (emphasis in original). A dispute is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. | Disputed. Tetra Tech does not dispute the alleged legal position, but Tetra Tech disputes that there are no genuine issues of material fact in the current dispute. *See, e.g.*, Tetra Tech's Responses to Pavemetrics' Alleged Undisputed Facts Nos. 2 and 4 (Direct Infringement) and 5-6 (§ 1498) above. |
| 4 | "[A]n accused infringer seeking summary judgment of noninfringement may meet its initial responsibility either by providing evidence that would preclude a finding of infringement, or by showing that the evidence on file | Disputed. Tetra Tech does not dispute the alleged legal position, but Tetra Tech disputes that Pavemetrics has met its burden under *Novartis*. *See, e.g.*, Tetra Tech's Responses to Pavemetrics' Alleged Undisputed |

8

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
|  | fails to establish a material issue of fact essential to the patentee's case." *Novartis Corp. v. Ben Venue Lab'ys, Inc.*, 271 F.3d 1043, 1046 (Fed. Cir. 2001). | Facts Nos. 2 and 4 (Direct Infringement) above. |
| 5 | To prove CSX or FRA directly infringed a method claim, Tetra Tech must show that they performed the claimed method. *Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325, 1335 (Fed. Cir. 2008). | Disputed. Tetra Tech does not dispute the alleged legal position, but Tetra Tech disputes the alleged conclusion of law to the extent it is proposed for the proposition that performing the claimed method is the only way to infringe. Tetra Tech contends CSX infringes by importing a product made by a patented process. *See* 35 U.S.C. § 271(g); Tetra Tech's Response to Pavemetrics' Alleged Undisputed Fact No. 2 (Direct Infringement) above; Tetra Tech's Responses to Pavemetrics' Alleged Conclusions of Law Nos. 8-10 below.<br><br>Tetra Tech disputes the alleged conclusion of law to the extent Pavemetrics contends direct evidence is necessary to show direct infringement. *See Toshiba Corp. v.* |

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
|  |  | *Imation Corp.*, 681 F.3d 1358, 1364 (Fed. Cir. 2012); *Moleculon Rsch. Corp. v. CBS, Inc.*, 793 F.2d 1261, 1272 (Fed. Cir. 1986). |
| 6 | Because CSX is merely a customer for the LRAIL system (and FRA is merely a research partner), for Tetra Tech to prove CSX (or FRA) directly infringed a system claim, it must show they used the claimed system. 35 U.S.C. § 271(a). | Disputed. Direct infringement under § 271(a) is applicable when, "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). |
| 7 | Tetra Tech cannot show a genuine issue of material fact that CSX or FRA performed the claimed methods or used the claimed system, as required by 271(a). | Disputed. The evidence demonstrates genuine issues of material fact that CSX performed the claimed methods and used the claimed system. *See* Tetra Tech's Response to Pavemetrics' Alleged Undisputed Fact No. 2 (Direct Infringement) above; *Moleculon Rsch. Corp. v. CBS, Inc.*, 793 F.2d 1261, 1272 (Fed. Cir. 1986); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1318-19 (Fed. Cir. 2009); *Golden Blount,* |

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
|  |  | *Inc. v. Robert H. Peterson Co.*, 438 F.3d 1354, 1363 (Fed. Cir. 2006). |
| 8 | "Infringement under 35 U.S.C. § 271(g) is limited to physical goods that were manufactured and does not include information generated by a patented process." *Bayer AG v. Housey Pharms., Inc.*, 340 F.3d 1367, 1368 (Fed. Cir. 2003). As the Federal Circuit held, "research data is not a physical product." *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1324 (Fed. Cir. 2005). | Disputed. Tetra Tech does not dispute the quoted case law excerpts, but Tetra Tech disputes that the identified cases are the only applicable and relevant case law. Courts have held that a product made by a patented process under § 271(g) includes products such as electronic files. *See Ormco Corp. v. Align Techs., Inc.*, 609 F. Supp. 2d 1057, 1076-77 (C.D. Cal. 2009); *CNET Networks, Inc. v. Etilize, Inc*, 528 F. Supp. 2d 985, 994 (N.D. Cal. 2007); *McRO, Inc. v. Namco Bandai Games Am., Inc.*, 23 F. Supp. 3d 1113, 1121-23 (N.D. Cal. 2013). |
| 9 | Any data imported by CSX is not a product made by a patented process. | Disputed. Tetra Tech's claimed methods directly result in the creation of the processed data that is imported by CSX in the form of output files and other reports containing the processed data. *See* Parker Ex. 43 at 34:5-35:7; Parker Ex. 44 at 59:11-60:23; ECF 134-8 at 184; Parker Ex. |

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
| | | 73 at 466; Parker Ex. 73 at 453; *see also* Tetra Tech's Response to Pavemetrics' Alleged Conclusions of Law No. 8 above. |
| 10 | Thus, as a matter of law, CSX cannot have directly infringed under Section 271(g). | Disputed. *See* Tetra Tech's Responses to Pavemetrics' Alleged Conclusions of Law Nos. 8-9 above. |
| 11 | "When the United States is subject to suit under § 1498(a) for alleged infringement of a patent by a contractor acting by and for the United States, the contractor by law is rendered immune from individual liability for the alleged infringement." *Zoltek Corp. v. United States*, 672 F.3d 1309, 1327 (Fed. Cir. 2012). | Disputed. Tetra Tech does not dispute the case law excerpt, but Tetra Tech responds that a § 1498(a) affirmative defense is a highly factual determination and that the party asserting § 1498(a) must first establish that their use was both for and with the authorization and consent of the government. *Arlton v. Aerovironment, Inc.*, No. 2:20-cv-07438-AB-GJS, 2021 WL 1589302, at *5 (C.D. Cal. Apr. 22, 2021); *Sevenson Env'l. Servs., Inc. v. Shaw Envtl., Inc.*, 477 F.3d 1361, 1365 (Fed. Cir. 2007); *Saint-Gobain Ceramics & Plastics, Inc. v. II-VI Inc.*, 369 F. Supp. 3d 963, 977 (C.D. Cal. 2019); *Nasatka v. Delta Sci. Corp.*, 58 F.3d 1578, 1580 n. 1 (Fed. |

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
| | | Cir. 1995); *AM Int'l, Inc. v. United States*, 227 Ct. Cl. 632, 632 (1981); *Matter of Mahurkar Double Lumen Hemodialysis Catheter Pat. Litig.*, 831 F. Supp. 1354, 1393 (N.D. Ill. 1993); *High Sec Labs Ltd. v. iPGARD Inc.*, No. 2:20-cv-01797-MMD-BNW, 2021 WL 2021998, at *5 (D. Nev. Jan. 15, 2021). The accused infringer must explain how the Government authorizes and consents to the infringing acts. *Madey v. Duke Univ.*, 307 F.3d 1351, 1360 (Fed. Cir. 2002).<br><br>Tetra Tech further disputes that Pavemetrics has met its burden of establishing that any alleged acts were both for and with the authorization and consent of the government. *See* Tetra Tech's Response to Pavemetrics' Alleged Undisputed Fact Nos. 5-6 (§ 1498) above |
| 12 | A contractor is immune from suit by patent owners if two criteria are met: | Disputed. Tetra Tech does not dispute the case law excerpt, but Tetra Tech |

13

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
|  | (1) the acts were "for the Government;" and (2) those acts were done "with the authorization or consent of the Government." *TDM Am., LLC v. United States*, 85 Fed. Cl. 774, 781 (2009). | disputes that Pavemetrics has met its burden of establishing that any alleged acts were both for and with the authorization and consent of the government. *See* Tetra Tech's Response to Pavemetrics' Alleged Undisputed Fact Nos. 5-6 (§ 1498) above; Tetra Tech's Response to Pavemetrics' Alleged Conclusions of Law No. 11 above. |
| 13 | Pavemetrics is immune from suit for any processing done by Pavemetrics on behalf of the FRA, including processing on July 21, 2021. | Disputed. Pavemetrics has not met its burden of establishing that any alleged acts were both for and with the authorization and consent of the government and that any processing done purportedly on behalf of the FRA was also for the contracts and under the commercial relationship with CSX. *See* Tetra Tech's Response to Pavemetrics' Alleged Undisputed Fact Nos. 5-6 (§ 1498) above; Tetra Tech's Response to Pavemetrics' Alleged Conclusions of Law No. 11 above. |

| No. | Pavemetrics' Alleged Conclusion of Law | Tetra Tech's Response |
|---|---|---|
| 14 | Pavemetrics is immune from suit for any processing done by Pavemetrics on behalf of the FRA on data collected by CSX, including processing on October 7-8, 2021. | Disputed. Pavemetrics has not met its burden of establishing that any alleged acts were both for and with the authorization and consent of the government and that any processing done purportedly on behalf of the FRA on CSX collected data, was also for the contracts and under the commercial relationship with CSX. *See* Tetra Tech's Response to Pavemetrics' Alleged Undisputed Fact Nos. 5-6 (§ 1498) above; Tetra Tech's Response to Pavemetrics' Alleged Conclusions of Law No. 11 above. |

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | Dated: April 25, 2022 | **CLARK HILL LLP** |
| 4 | | By: |
| 5 | | _____ |
| 6 | | Donald L. Ridge |
| 7 | | Aaron L. Parker (*pro hac vice*) |
| 8 | | Daniel G. Chung (*pro hac vice*)<br>Nicholas A. Cerulli (*pro hac vice*) |
| 9 | | Kelly S. Horn (*pro hac vice*)<br>Jency J. Mathew (*pro hac vice*) |
| 10 | | **FINNEGAN, HENDERSON, FARABOW,** |
| 11 | | **GARRETT & DUNNER, LLP** |
| 12 | | *Attorneys for Defendant and Counterclaim* |
| 13 | | *Plaintiffs TETRA TECH, INC. AND TETRA TECH TAS INC.* |