# EXHIBIT 119

Joseph R. Re (SBN 134,479)
joe.re@knobbe.com
Christy G. Lea (SBN 212,060)
christy.lea@knobbe.com
Nicholas M. Zovko (SBN 238,248)
nicholas.zovko@knobbe.com
Alan G. Laquer (SBN 259,257)
alan.laquer@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Plaintiff/Counterclaim Defendant*
PAVEMETRICS SYSTEMS, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TETRA TECH, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:21-cv-1289-MCS-MMA<br><br>**PAVEMETRICS' OBJECTIONS AND RESPONSES TO TETRA TECH'S FOURTH SET OF INTERROGATORIES (NOS. 20-25)**<br><br>Honorable Mark C. Scarsi<br>Honorable Maria A. Audero |

Exhibit 119
878

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim Defendant Pavemetrics Systems, Inc. ("Pavemetrics") hereby objects and responds to Defendants and Counterclaim Plaintiffs Tetra Tech, Inc. and Tetra Tech TAS Inc.'s (collectively, "Tetra Tech") Fourth Set of Interrogatories (Nos. 20-25) as follows:

## PRELIMINARY STATEMENT

1.  The following responses are based upon information presently available to and located by Pavemetrics and its counsel and reflect the current state of Pavemetrics' knowledge, understanding and belief regarding the matters about which inquiry was made. Pavemetrics has not completed its investigation of the facts relating to this litigation or preparation for trial and anticipates that as this litigation proceeds, further facts may be discovered. Pavemetrics reserves the right to modify or supplement these responses with any such pertinent information.

2.  Pavemetrics' responses are made without waiving or intending to waive, but on the contrary, intending to preserve and preserving:

    a.  The right to raise all questions of authenticity, relevancy, materiality, privilege and admissibility as evidence for any purpose of the information and the documents identified and/or produced in response to these Interrogatories, which may arise in any subsequent proceeding in, or trial of, this or any other action;

    b.  The right to assert or raise, in this or any other context, attorney-client privilege, the work product doctrine, the protections afforded by Rule 26(b)(3) or Rule 26(b)(4)(B), the right of privacy, or any other applicable privilege or protective doctrine;

    c.  The right to object to the use of the information and/or documents in any subsequent proceeding in, or the trial of, this or any other action on any grounds;

      d.      The right to object on any ground at any time to other Interrogatories, requests, or other discovery involving the information and/or documents or the subject matter thereof; and

      e.      The right to make subsequent answers if Pavemetrics uncovers additional information called for by these Interrogatories as discovery is still ongoing and Pavemetrics' investigation of the facts and evidence pertinent to this action has not been completed.

3.    Without waiving objections set forth below, and subject to the limitations stated above, Pavemetrics has provided the information it believes is responsive and the subject of legitimate discovery which has been uncovered by reasonable investigation.

4.    Specific objections to various interrogatories are made in the responses set forth below. In addition to those specific objections, Pavemetrics generally objects to the Interrogatories as follows:

## **GENERAL OBJECTIONS**

Pavemetrics asserts each of the following General Objections to each of Tetra Tech's instructions, definitions, and Interrogatories. In addition to these General Objections, Pavemetrics states specific objections to each request, where appropriate, including objections that are not generally applicable to all of the Interrogatories. By setting forth such specific objections, Pavemetrics does not intend to limit or restrict these General Objections.

1.    Pavemetrics generally objects to Tetra Tech's Interrogatories, including the instructions and definitions, to the extent that they fail to comply with or impose obligations in excess of the Federal Rules of Civil Procedure and the applicable Local Rules of this Court. Pavemetrics will respond to these Interrogatories in compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Exhibit 119 - 880

2. Pavemetrics objects to the Definitions and Instructions set forth in Tetra Tech's Interrogatories to the extent they make the individual requests vague, ambiguous, and unintelligible.

3. Pavemetrics objects to Tetra Tech's Interrogatories to the extent they seek information protected by the attorney-client privilege, work product immunity, common interest privilege, or any other applicable privilege or immunity. Pavemetrics has stated its privilege objections expressly to each interrogatory which would, in its view, reasonably be interpreted to encompass privileged documents or information. To the extent that any other interrogatories encompass privileged documents or information, however, Pavemetrics hereby incorporates its general objection. Should any production of privileged documents occur, it was inadvertent and shall not constitute a waiver of any privilege or of Pavemetrics' right to request the return of such documents and object in this litigation to the use of any such documents.

4. Pavemetrics objects to Tetra Tech's Interrogatories to the extent that Tetra Tech purports to require Pavemetrics to log privileged communications between or among Pavemetrics and its counsel since the commencement of this action on February 11, 2021.

5. Pavemetrics objects to Tetra Tech's Interrogatories to the extent they seek information that is not relevant to the subject matter of this litigation or proportional to the needs of the case. To the extent that Pavemetrics responds to any interrogatory, it does not concede that the information sought by the interrogatory is relevant.

6. Pavemetrics objects to Tetra Tech's Interrogatories as unduly burdensome to the extent that the interrogatories seek information that is publicly available and/or that is equally available to Tetra Tech.

7. Pavemetrics objects to Tetra Tech's Interrogatories as overly broad and unduly burdensome to the extent that they are unbounded as to time and/or

are not limited to a time frame relevant to the present case.

8. Pavemetrics objects to Tetra Tech's Interrogatories to the extent they seek to require Pavemetrics to provide information beyond what is in Pavemetrics' possession, custody, or control and can be located after a reasonable search of its own files at its principal offices and facilities and from reasonable inquiry of its present employees, on the grounds that such discovery would be unreasonably cumulative and unduly burdensome.

9. Pavemetrics objects to Tetra Tech's Interrogatories to the extent they seek to require Pavemetrics to provide information and/or documents and things from ESI (including emails) that is inconsistent with any E-Discovery Order in this action.

10. Pavemetrics objects to Tetra Tech's Interrogatories to the extent that they seek production of documents containing third-party proprietary information, trade secrets and/or other confidential and/or protected information that Pavemetrics is obligated not to disclose.

11. Pavemetrics objects to Tetra Tech's definition of "Pavemetrics" as overly broad, unduly burdensome, and not proportional to the needs of the case. Pavemetrics redefines "Pavemetrics" to mean Pavemetrics Systems, Inc. and its past and present officers, directors, agents, employees, consultants, and attorneys acting on its behalf.

12. The fact that Pavemetrics has responded or objected to an Interrogatory should not be understood as an admission that Pavemetrics accepts or admits the existence of any "fact" set forth in or assumed by that Interrogatory.

13. Some of Tetra Tech's Interrogatories contain discrete subparts. To the extent Tetra Tech considers any interrogatory having discrete subparts to constitute a single interrogatory, Pavemetrics objects to each interrogatory as being contrary to Fed. R. Civ. P. 33(a). Furthermore, Pavemetrics objects to Tetra

Exhibit 119 - 882

Tech's Interrogatories because, including all discrete subparts, they exceed the 25 written interrogatory limit imposed by Rule 33(a).

Subject to and without waiving the foregoing General Objections, Pavemetrics responds to Tetra Tech's Interrogatories as follows:

## INTERROGATORIES AND RESPONSES

### INTERROGATORY NO. 20:

Identify and describe the complete legal and factual basis for Pavemetrics' contention that it has not or does not willfully infringe the Asserted Patents, including, but not limited to, whether Pavemetrics will rely on any opinion of counsel, whether written or oral, to rebut Tetra Tech's willful infringement contention, and identify all documents that support, contradict, or reflect the foregoing information.

### RESPONSE TO INTERROGATORY NO. 20:

Pavemetrics incorporates by reference its Preliminary Statement and General Objections as if set forth fully herein. Pavemetrics further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Pavemetrics further objects to this Interrogatory as not proportional to the needs of the case, overbroad, and unduly burdensome to the extent it seeks information regarding "all documents that support, contradict, or reflect the foregoing information."

Pavemetrics further objects to this Interrogatory on the grounds that it contains discrete subparts contrary to Fed. R. Civ. P. 33(a) and thus, consists of multiple interrogatories. In particular, this Interrogatory purports to require Pavemetrics to identify and describe the bases for Pavemetrics' contentions regarding both the '293 patent and the '557 patent, two separate and distinct topics forming discrete subparts. This Interrogatory also purports to require Pavemetrics to identify documents for both the '293 patent and the '557 patent, two additional

Exhibit 119-883

separate and distinct topics forming discrete subparts. Thus, this interrogatory constitutes four discrete subparts.

Subject to and without waiving the foregoing objections, Pavemetrics responds as follows:

<u>'293 Patent</u>

Tetra Tech bears the burden to show that Pavemetrics willfully infringes each of the Asserted Claims of the '293 patent. "[T]he concept of 'willfulness' requires a jury to find . . . deliberate or intentional infringement." *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020) (citing *Halo Elecs., Inc. v. Pulse Elects., Inc.*, 579 U.S. 93, 105 (2016)). Tetra Tech cannot show that Pavemetrics' actions were wanton, malicious, or in bad faith.

Pavemetrics has not and does not willfully infringe the '293 patent. Before receiving Tetra Tech's letter dated January 5, 2021, Pavemetrics had no knowledge of the '293 Patent. *See, e.g.,* Pavemetrics' Responses to Interrogatory No. 8; Laurent Dep. 160:9–17.

In June 2020, Tetra Tech contacted Pavemetrics and requested a quote for the purchase of an LRAIL system. ECF No. 33 ¶ 62. Tetra Tech and Pavemetrics had various follow-up conversations in June 2020; however, Tetra Tech never suggested that LRAIL might infringe the '293 patent nor even mentioned the '293 patent. *See id*. ¶ 63.

In response to Tetra Tech's January 2021 letter, in a letter dated February 1, 2021, Pavemetrics informed Tetra Tech that it had conducted a preliminary analysis and determined that the LRAIL system did not infringe the '293 patent. PAVEMETRICS0139608; *see* Habel Dep. 182–88. Furthermore, on February 12, 2021, Pavemetrics sent a letter through counsel re-affirming that Pavemetrics

Exhibit 119 - 884

1  does not infringe the '293 patent and filed this lawsuit seeking a declaration that
2  it does not infringe.
3      In March 2021, Pavemetrics retained Dr. David Frakes, a pioneer in the
4  field of computer vision, as an expert witness.  Dr. Frakes analyzed Tetra Tech's
5  patent infringement claim and concluded that Tetra Tech had failed to
6  demonstrate that the LRAIL infringes the '293 patent and that Claim 1 of the '293
7  patent is invalid. *See* ECF No. 32.
8      On April 15, 2021, the Court issued its Order Denying Tetra Tech's Motion
9  for Preliminary Injunction, holding that "Pavemetrics has shown that there is a
10 substantial question regarding both infringement and invalidity . . . ." ECF No. 61
11 at 21.  Given these substantial questions regarding both infringement and
12 invalidity, Pavemetrics had a good faith belief that it does not infringe the '293
13 patent and its subsequent sales to CSX, or any other customer, cannot constitute
14 willful infringement.
15     Pavemetrics also filed a Motion for Summary Judgment that it does not
16 infringe the '293 patent on January 10, 2022.
17     Pavemetrics has produced non-privileged and responsive documents that
18 support, contradict, or reflect the foregoing information, including at least the
19 following documents: Exhibits B–F to the Declaratory Judgment Complaint;
20 Exhibits 16–48 to the Declaration of John Laurent in support of Pavemetrics'
21 Opposition to Tetra Tech's Motion for Preliminary Injunction;
22 PAVEMETRICS0139608; PAVEMETRICS0232072;
23 PAVEMETRICS0242024; PAVEMETRICS0138499–518;
24 PAVEMETRICS0009231; PAVEMETRICS0245791;
25 PAVEMETRICS0234439–440; PAVEMETRICS0202154–156;
26 PAVEMETRICS0207300–303.
27
28

-8-

Exhibit 119-885

Further identification and explanation of non-infringement bases will be provided in Pavemetrics' expert reports pursuant to the Court's Case Schedule, which are hereby incorporated by reference.

'557 Patent

Tetra Tech bears the burden to show that Pavemetrics willfully infringes each of the Asserted Claims of the '557 patent. "[T]he concept of 'willfulness' requires a jury to find . . . deliberate or intentional infringement." *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020) (citing *Halo Elecs., Inc. v. Pulse Elects., Inc.*, 579 U.S. 93, 105 (2016)). Tetra Tech cannot show that Pavemetrics' actions were wanton, malicious, or in bad faith.

Pavemetrics has not and does not willfully infringe the '557 patent. Before receiving Tetra Tech's letter dated July 22, 2021, Pavemetrics had no knowledge of the '557 patent. *See* Pavemetrics' Responses to Interrogatory No. 13; Laurent Dep. 162:3–7. Despite the '557 patent having issued in April 2020, Tetra Tech never mentioned the '557 patent to Pavemetrics until five months after the filing of this lawsuit.

After becoming aware of the '557 patent, Pavemetrics formed a good faith belief that it does not infringe the '557 patent. *See* Pavemetrics' Responses to Interrogatory No. 14.

Moreover, Pavemetrics updated its source code to implement the natural evolution of the software, including disabling of crack detection on wooden ties using a fitting plane and removal of source code relating to template matching. *See* Pavemetrics' First Supplemental Response to Interrogatory No. 17. Pavemetrics implemented these changes to remove features that it believes are unnecessary for customers and to avoid any disputes about these features. *Id*.

Exhibit 119 - 886
9

Pavemetrics has produced non-privileged and responsive documents that support, contradict, or reflect the foregoing information, including at least the following documents: PAVE-SRC-218–280.

Further identification and explanation of non-infringement bases will be provided in Pavemetrics' expert reports pursuant to the Court's Case Schedule, which are hereby incorporated by reference.

**INTERROGATORY NO. 21:**

Identify and describe the complete legal and factual basis for Pavemetrics' contention that it has not or does not induce or contribute to infringement of the Asserted Patents, and identify all documents that support, contradict, or reflect the foregoing information.

**RESPONSE TO INTERROGATORY NO. 21:**

Pavemetrics incorporates by reference its Preliminary Statement and General Objections as if set forth fully herein. Pavemetrics further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Pavemetrics further objects to this Interrogatory as not proportional to the needs of the case, overbroad, and unduly burdensome to the extent it seeks information regarding "all documents that support, contradict, or reflect the foregoing information."

Pavemetrics further objects to this Interrogatory on the grounds that it has, in substance, been previously propounded. *See* Tetra Tech's Interrogatory Nos. 9 and 14.

Pavemetrics further objects to this Interrogatory on the grounds that it contains discrete subparts contrary to Fed. R. Civ. P. 33(a) and thus, consists of multiple interrogatories. In particular, this Interrogatory purports to require Pavemetrics to identify and describe the bases for Pavemetrics' contentions regarding both the '293 patent and the '557 patent, two separate and distinct topics

forming discrete subparts. This Interrogatory also purports to require Pavemetrics to identify documents for both the '293 patent and the '557 patent, two additional separate and distinct topics forming discrete subparts. This Interrogatory also purports to require Pavemetrics to provide the complete legal and factual basis for both induced infringement and contributory infringement. Thus, this interrogatory constitutes six discrete subparts. Pavemetrics objects to this interrogatory as exceeding the limit of no more than 25 written interrogatories, including all discrete subparts, imposed by Fed. R. Civ. P. 33(a). Pavemetrics will only respond to the first two discrete subparts, as Tetra Tech has served more than 25 written interrogatories, including discrete subparts.

Subject to and without waiving the foregoing objections, Pavemetrics responds as follows:

'293 Patent

Tetra Tech bears the burden to show that Pavemetrics induced or contributed to infringement of the '293 patent. Tetra Tech has failed to carry its burden on this issue. Tetra Tech has done nothing more than state conclusory allegations of indirect infringement. *See* Tetra Tech's Second Supplemental Infringement Contentions at 4–5.

Pavemetrics incorporates its response to Interrogatory No. 20, including that before receiving Tetra Tech's letter dated January 5, 2021, Pavemetrics had no knowledge of the '293 Patent. *See* Pavemetrics' Responses to Interrogatory No. 8; Laurent Dep. 160:9–17.

Pavemetrics has not encouraged any customers to infringe the '293 patent, knowing that any of their acts constituted patent infringement. As explained in Pavemetrics' Response to Interrogatory No. 20, since becoming aware of the existence of the '293 patent, Pavemetrics has maintained a good faith belief that it does infringe the '293 patent. Furthermore, that belief has been validated by

the Court. *See* ECF No. 61 at 21. Thus, Tetra Tech has not and cannot show that Pavemetrics has actively encouraged infringement.

Furthermore, Tetra Tech has not shown any direct infringement by Pavemetrics' customers. Induced and contributory infringement cannot occur absent direct infringement. *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 922 (2014) ("[W]here there has been no direct infringement, there can be no inducement of infringement under § 271(b)."; *Deepsouth Packing Co., Inc. v. Laitram Corp.*, 406 U.S. 518, 526 (1972) ("But it is established that there can be no contributory infringement without the fact or intention of a direct infringement."). Moreover, if any customer actually used LRAIL, that use would not infringe the '293 patent. *See* Pavemetrics' Responses to Interrogatory No. 9. With no direct infringement, Pavemetrics has not and cannot induce or contribute to infringement of the '293 patent.

Additionally, LRAIL has substantial non-infringing uses. For example, since 2018, Pavemetrics has been developing AI-based deep learning algorithms and implementing these new algorithms into the LRAIL software. *See* ECF No. 33 ¶ 51. Thus, Tetra Tech has not and cannot show contributory infringement.

Further identification and explanation of non-infringement bases will be provided in Pavemetrics' expert reports pursuant to the Court's Case Schedule, which are hereby incorporated by reference.

'557 Patent

Tetra Tech bears the burden to show that Pavemetrics induced or contributed to infringement of the '557 patent. Thus far, Tetra Tech has failed to carry its burden on this issue. Tetra Tech has done nothing more than state conclusory allegations of indirect infringement. *See* Tetra Tech's Second Supplemental Infringement Contentions at 4–5.

1  Pavemetrics incorporates its response to Interrogatory No. 20, including that before receiving Tetra Tech's letter dated July 22, 2021, Pavemetrics had no knowledge of the '557 Patent. *See* Pavemetrics' Responses to Interrogatory No. 13; Laurent Dep. 162:3–7.

Pavemetrics has not encouraged any customers to infringe the '557 patent, knowing that any of their acts constituted patent infringement. As explained in Pavemetrics' Response to Interrogatory No. 20, since becoming aware of the existence of the '557 patent, Pavemetrics has maintained a good faith belief that it does infringe the '557 patent. Moreover, Pavemetrics has removed functionality, in part, to avoid any dispute on the '557 patent. Thus, Tetra Tech has not and cannot show that Pavemetrics has actively encouraged infringement.

Furthermore, Tetra Tech has not shown any direct infringement by Pavemetrics' customers. Induced and contributory infringement cannot occur absent direct infringement. *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 922 (2014) ("[W]here there has been no direct infringement, there can be no inducement of infringement under § 271(b)."); *Deepsouth Packing Co. v. Laitram Corp.*, 406 U.S. 518, 526 (1972) ("But it is established that there can be no contributory infringement without the fact or intention of a direct infringement."). Moreover, if any customer actually used LRAIL, that use would not infringe the '557 patent. *See* Pavemetrics' Responses to Interrogatory No. 14. With no direct infringement, Pavemetrics has not and cannot induce or contribute to infringement of the '557 patent.

Additionally, LRAIL has substantial non-infringing uses. For example, since 2018, Pavemetrics has been developing AI-based deep learning algorithms and implementing these new algorithms into the LRAIL software. *See* ECF No. 33 ¶ 51. Thus, Tetra Tech has not and cannot show contributory infringement.

Exhibit 119 -13-
890

Further identification and explanation of non-infringement bases will be provided in Pavemetrics' expert reports pursuant to the Court's Case Schedule, which are hereby incorporated by reference.

**INTERROGATORY NO. 22:**

Identify and describe the complete legal and factual basis for Pavemetrics' contention that each of the Asserted Patents is unenforceable due to estoppel, prosecution history estoppel, and/or waiver and acquiescence, (*see, e.g.*, D.I. 38 at ¶¶ 40-47; D.I. 82 at ¶¶ 55-62), and identify all documents that support, contradict, or reflect the foregoing information.

**RESPONSE TO INTERROGATORY NO. 22:**

Pavemetrics incorporates by reference its Preliminary Statement and General Objections as if set forth fully herein. Pavemetrics further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Pavemetrics further objects to this Interrogatory as not proportional to the needs of the case, overbroad, and unduly burdensome to the extent it seeks information regarding "all documents that support, contradict, or reflect the foregoing information."

Pavemetrics further objects to this Interrogatory on the grounds that it contains discrete subparts contrary to Fed. R. Civ. P. 33(a) and thus, consists of multiple interrogatories. In particular, this Interrogatory purports to require Pavemetrics to identify and describe the bases for Pavemetrics' contentions regarding both the '293 patent and the '557 patent, two separate and distinct topics forming discrete subparts. This Interrogatory also purports to require Pavemetrics to identify documents for both the '293 patent and the '557 patent, two additional separate and distinct topics forming discrete subparts. This Interrogatory asks for the complete legal and factual basis for multiple defenses, including estoppel, prosecution history estoppel, and/or waiver and acquiescence. Thus, this

Exhibit 119 -14-
891

interrogatory constitutes many discrete subparts. Pavemetrics objects to this interrogatory as exceeding the limit of no more than 25 written interrogatories, including all discrete subparts, imposed by Fed. R. Civ. P. 33(a).

Tetra Tech has served more than 25 written interrogatories, including discrete subparts, that were not stipulated or ordered by the Court. Thus, Pavemetrics has no obligation to respond on the grounds that Tetra Tech has exceeded the 25 written interrogatory limit imposed by Fed. R. Civ. P. 33(a).

**INTERROGATORY NO. 23:**

Identify and describe all facts relating to any past, current, or future opportunity for Pavemetrics to bid for or otherwise offer for sale any follow-up services associated with Pavemetrics' laser rail inspection products, including by identifying the date(s) of the applicable bidding window or sales offer opportunity, the customers for whom bids or offers were directed or will be directed, the specific follow-up services for which bids or offers were directed, all prices and cost structures proposed by Pavemetrics for follow-up services; and the price and cost structures for the follow-up services actually agreed upon in connection with the bid or offer opportunities.

**RESPONSE TO INTERROGATORY NO. 23:**

Pavemetrics incorporates by reference its Preliminary Statement and General Objections as if set forth fully herein. Pavemetrics objects to this Interrogatory as vague and ambiguous, particularly with respect to the phrases "opportunity for Pavemetrics to bid for or otherwise offer for sale" and "follow-up services associated with Pavemetrics' laser rail inspection products." Pavemetrics further objects to this Interrogatory as not relevant to any party's claim or defense, not proportional to the needs of the case, overbroad, and unduly burdensome to the extent it seeks information regarding third parties outside of the United States. Pavemetrics objects to this interrogatory as exceeding the limit

Exhibit 115 -
-15-
892

of no more than 25 written interrogatories, including all discrete subparts, imposed by Fed. R. Civ. P. 33(a).

Tetra Tech has served more than 25 written interrogatories, including discrete subparts, without otherwise stipulated or ordered by the Court. Thus, Pavemetrics has no obligation to respond on the grounds that Tetra Tech has exceeded the 25 written interrogatory limit imposed by Fed. R. Civ. P. 33(a).

**INTERROGATORY NO. 24:**

Identify and describe the complete legal and factual basis for Pavemetrics' contention that Tetra Tech's claims for relief are barred under 28 U.S.C. § 1498, and identify all documents that support, contradict, or reflect the foregoing information.

**RESPONSE TO INTERROGATORY NO. 24:**

Pavemetrics incorporates by reference its Preliminary Statement and General Objections as if set forth fully herein. Pavemetrics further objects to this Interrogatory as premature to the extent it calls for expert discovery. Pavemetrics further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Pavemetrics further objects to this Interrogatory to the extent it calls for a legal conclusion, legal contention, or expert opinion. Pavemetrics further objects to this Interrogatory as not proportional to the needs of the case, overbroad, and unduly burdensome to the extent it seeks information regarding "all documents that support, contradict, or reflect the foregoing information." Pavemetrics objects to this interrogatory as exceeding the limit of no more than 25 written interrogatories, including all discrete subparts, imposed by Fed. R. Civ. P. 33(a).

Tetra Tech has served more than 25 written interrogatories, including discrete subparts, without otherwise stipulated or ordered by the Court. Thus,

==Pavemetrics has no obligation to respond on the grounds that Tetra Tech has exceeded the 25 written interrogatory limit imposed by Fed. R. Civ. P. 33(a).==

**INTERROGATORY NO. 25:**

Assuming the Court and/or the jury finds that Pavemetrics infringes the Asserted Patents (directly or indirectly), identify and describe the complete legal and factual basis for Pavemetrics' contentions regarding the amount of damages that Tetra Tech is entitled to recover, including Pavemetrics' method(s) of computation, the reasonable royalty rate corresponding to such damages, and the royalty base to which the reasonable royalty should be applied, and identify all facts that support, contradict, or reflect such contentions.

**RESPONSE TO INTERROGATORY NO. 25:**

Pavemetrics incorporates by reference its Preliminary Statement and General Objections as if set forth fully herein. Pavemetrics further objects to this Interrogatory as premature to the extent it calls for expert discovery. Pavemetrics further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Pavemetrics further objects to this Interrogatory to the extent it calls for a legal conclusion, legal contention, or expert opinion. Pavemetrics further objects to this Interrogatory as not proportional to the needs of the case, overbroad, and unduly burdensome to the extent it seeks information regarding "all facts that support, contradict, or reflect such contentions."

Pavemetrics further objects to this Interrogatory on the grounds that it contains discrete subparts contrary to Fed. R. Civ. P. 33(a) and thus, consists of multiple interrogatories. In particular, this Interrogatory purports to require Pavemetrics to identify and describe the bases for Pavemetrics' contentions regarding both the '293 patent and the '557 patent, at least two separate and distinct topics forming discrete subparts. Pavemetrics objects to this interrogatory

Exhibit 119-894

17

as exceeding the limit of no more than 25 written interrogatories, including all discrete subparts, imposed by Fed. R. Civ. P. 33(a).

Tetra Tech has served more than 25 written interrogatories, including discrete subparts, without otherwise stipulated or ordered by the Court. Thus, Pavemetrics has no obligation to respond on the grounds that Tetra Tech has exceeded the 25 written interrogatory limit imposed by Fed. R. Civ. P. 33(a).

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 20, 2022       By: /s/ *Christy G. Lea*
                                      Joseph R. Re
                                      Christy G. Lea
                                      Nicholas M. Zovko
                                      Alan G. Laquer

*Attorneys for Plaintiff/Counterclaim Defendant*, PAVEMETRICS SYSTEMS, INC.

Exhibit 119-895
-18-

# CERTIFICATE OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action. My business address is 2040 Main Street, Fourteenth Floor, Irvine, California.

On January 20, 2022, I served the within **PAVEMETRICS' OBJECTIONS AND RESPONSES TO TETRA TECH'S FOURTH SET OF INTERROGATORIES (NOS. 20-25)** on the parties or their counsel shown below, by transmitting it electronically to the address as follows:

| | |
|---|---|
| Aaron L. Parker<br>aaron.parker@finnegan.com<br>Nicholas A. Cerulli<br>nicholas.cerulli@finnegan.com<br>Daniel G. Chung<br>daniel.chung@finnegan.com<br>Kelly S. Horn<br>kelly.horn@finnegan.com<br>Victor Palace<br>victor.palace@finnegan.com<br>**FINNEGAN HENDERSON**<br>901 New York Ave NW<br>Washington, DC 20001<br>Telephone: (202) 408-4000<br>Facsimile: (202) 408-4400 | Donald L. Ridge<br>dridge@clarkhill.com<br>**Clark Hill LLC**<br>1055 West Seventh Street Ste 2400<br>Los Angeles, CA 90017-2503<br>Telephone: 213-891-9100<br>Facsimile: 213-488-117<br><br>Jency J. Mathew<br>Jency.mathew@finnegan.com<br>**FINNEGAN HENDERSON**<br>1875 Explorer Street 8th Floor<br>Reston, VA 20190<br>Telephone: (571) 203-2700<br>Facsimile: (571) 203-2777 |

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 20, 2022.

/s/ Scott Hobin
Scott Hobin

54829184

Exhibit 119-896
-19-