

Case 2:21-cv-01289-MCS-MAA   Document 226   Filed 07/11/22   Page 1 of 4   Page ID #:11996

Christy G. Lea (SBN 212,060)
christy.lea@knobbe.com
Joseph R. Re (SBN 134,479)
joe.re@knobbe.com
Nicholas M. Zovko (SBN 238,248)
nicholas.zovko@knobbe.com
Alan G. Laquer (SBN 259,257)
alan.laquer@knobbe.com
Raymond Lu (SBN 340,873)
raymond.lu@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Plaintiff/Counterclaim Defendant*
PAVEMETRICS SYSTEMS, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TETRA TECH, INC.,<br><br>　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:21-cv-1289-MCS-MMA<br><br>Honorable Mark C. Scarsi<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PAVEMETRICS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE CERTAIN HEARSAY STATEMENTS**<br><br>Date:　　　　July 25, 2022<br>Time:　　　　2:00 p.m.<br>Location:　　Ctrm. 7C |

Pavemetrics moves *in limine* to preclude Tetra Tech from offering at trial certain hearsay statements, particularly prejudicial hearsay statements by Tetra Tech or third parties that Pavemetrics purportedly knew about any of Tetra Tech patents.

Tetra Tech plans to rely on hearsay to attempt to show that Pavemetrics knew generally about Tetra Tech patents. For example, Tetra Tech's Trial Exhibit 804 contains a string of emails among Tetra Tech employees that relay purported hearsay statements from Pavemetrics' customer, CSX. Laquer Ex. A.[1] Specifically, Bill Larson, a Tetra Tech employee, wrote to other Tetra Tech employees about a discussion he purportedly had with Brad Spencer, a CSX employee, in December 2020. *Id.* at 5. According to Larson, Spencer told him that Spencer had raised Tetra Tech's patents with Pavemetrics. *Id.* At his deposition, Larson never testified that he discussed Tetra Tech's patents with Pavemetrics and confirmed that his knowledge was based on statements purportedly made by Spencer. *See* Laquer Ex. B (Larson Tr.) at 237:24-238:4. When opining on indirect infringement, Tetra Tech's technical expert relied on Larson's email for the truth of the matter asserted: "I understand from documents produced in this case that Pavemetrics discussed Tetra Tech's patents and any infringement risks with CSX at least as early as December 2020. TETRATECH_0138332." Ex. E (Morellas Report) at ¶ 619. The production number refers to Trial Exhibit 804. *See* Ex. A (bearing production numbers TETRATECH_0138332-334.

Tetra Tech plans to offer Larson's statement of Spencer's purported statement for the truth of the matter asserted (*i.e.*, as evidence to prove that Pavemetrics allegedly knew about Tetra Tech patents). Thus, Spencer's purported statements to Larson are hearsay, and Larson's email sharing those

---

[1] Exhibits A-I are attached to the Declaration of Alan G. Laquer in support of Pavemetrics' Motions *in Limine* Nos. 1-3.

statements with other Tetra Tech employees is also hearsay.  *See* Fed. R. Evid. 801.  No hearsay exception applies to either Larson's or Spencer's statements.

In the meet and confer on this Motion, Tetra Tech raised the following hearsay exceptions: non-hearsay party admissions, statements made against interest, statements showing the declarant's state of mind, and statements not being offered to prove the truth of the matter asserted.  Ex. I at 111.  But none of those exceptions apply here.  Tetra Tech cannot introduce its own employee's hearsay statements or a non-party's statements as party admissions or statements against interest.  None of the statements reflect Pavemetrics' state of mind without assuming their truth.  And, as addressed above, the statements are being offered for the truth of the matter asserted.

Despite the double hearsay not subject to an exception, Tetra Tech included this email on its trial exhibit list as Trial Exhibit 804.  Tetra Tech also questioned Spencer about the alleged conversation repeatedly at his deposition.  Laquer Ex. C (Spencer Tr.) at 145:15-148:15.  Significantly, Spencer testified that he has no recollection of discussing Tetra Tech's patents with Pavemetrics or such a conversation with Larson in December 2020.  *Id.* at 146:24-148:15 ("I don't believe we ever had one, but – no. . . . I don't remember that at all.").  This difference in recollection is precisely why hearsay statements like Larson's conveyance of Spencer's alleged statements are inherently untrustworthy and should be excluded as inadmissible hearsay.

Pavemetrics has filed this motion (rather than merely objecting at trial) to prevent Tetra Tech from referring to this hearsay in any opening statement and thus preventing any prejudice to Pavemetrics.

                                    Respectfully Submitted,

                                    KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  July 11, 2022       By: /s/ *Christy G. Lea*
                                    Christy G. Lea
                                    Joseph R. Re

-2-

Nicholas M. Zovko
Alan G. Laquer
Raymond Lu

*Attorneys for Plaintiff/Counterclaim Defendant,*
PAVEMETRICS SYSTEMS, INC.

55871304