Christy G. Lea (SBN 212,060)
christy.lea@knobbe.com
Joseph R. Re (SBN 134,479)
joe.re@knobbe.com
Nicholas M. Zovko (SBN 238,248)
nicholas.zovko@knobbe.com
Alan G. Laquer (SBN 259,257)
alan.laquer@knobbe.com
Raymond Lu (SBN 340,873)
raymond.lu@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Plaintiff/Counterclaim Defendant*
PAVEMETRICS SYSTEMS, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TETRA TECH, INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | Case No. 2:21-cv-1289-MCS-MMA <br><br> Honorable Mark C. Scarsi <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PAVEMETRICS' MOTION *IN LIMINE* NO. 2 TO PRECULDE ARGUMENT OR TESTIMONY REGARDING SOURCE CODE INSPECTION UNAVAILABILITY** <br><br> Date: July 25, 2022 <br> Time: 2:00 p.m. <br> Location: Ctrm. 7C |

Pavemetrics moves *in limine* to preclude Tetra Tech and its expert, Dr. Morellas, from arguing or testifying at trial that he was supposedly prevented from inspecting source code, neural network binary files, and inspection tools. When confronted in his deposition with his failure to identify evidence supporting portions of his infringement opinions, Dr. Morellas defended the lack of evidence by blaming *Pavemetrics* for allegedly failing to timely provide sufficient discovery on its source code inspection computer. But Tetra Tech never moved to compel such discovery. Tetra Tech should be precluded from attempting to carry its burden on infringement through essentially seeking an adverse inference based on an untimely discovery dispute. Moreover, Pavemetrics *did* provide the discovery at issue, including its entire source code repository and Tetra Tech's requested inspection tools. Laquer Decl. ¶¶ 8-10; Dkt. 110 (January 10, 2022 Laquer Decl.) ¶¶ 6-18. Tetra Tech and Dr. Morellas should not be permitted to mislead and confuse the jury by litigating a discovery dispute at trial.

At his deposition, Dr. Morellas admitted that the accused Fake3D functionality depends on Pavemetrics' neural network's configuration. Laquer Ex. D (Morellas Tr.) at 95:11-21. When asked whether he knew how Pavemetrics' accused neural network was configured, Dr. Morellas responded with discovery allegations:

> Q. Are you familiar with how Pavemetrics has configured its neural network that you've accused of infringement?
>
> A. I know that there was some information that was provided lately, but I didn't have the time to fully review that. But during my visits, the data of source code, this information was not available.

> Q. Do you know what information you're referring to?
>
> A. Yeah. I remember the time where we asked for the particular source code so we can visualize or see the graph of the neural network, but this was not available.

*Id.* at 95:22-96:11. Dr. Morellas further admitted that Pavemetrics' expert, Dr. Frakes, *did* address the configuration of Pavemetrics' neural network based on visualizations of that network in his non-infringement report. *Id.* at 96:12-21.

As another example, Dr. Morellas admitted that he has not seen any structures of Pavemetrics' neural network that he accuses of infringement. *Id.* at 171:8-15. He admitted that Pavemetrics provided the files containing that information on the source code review computer. *Id.* at 171:16-172:17. However, he again blamed Pavemetrics for his failure of proof, arguing that Pavemetrics withheld from the computer viewing software necessary to understand those neural network binary files:

> Q. The Pavemetrics's neural network was included on the source code review computer, correct?
>
> A. Not exactly. What was available was the API.
>
> Q. The .PV files were also made available and you reviewed those as part of your source code review, correct?
>
> A. The .PV files are binary files that you need to have particular software to actually translate them to the particular information that you want to get out of the neural network, and these were not available at the time that we were there. In fact, we asked you

|   |   |
|---|---|
| 1 | personally, but you were not able to provide this |
| 2 | for us. |
| 3 | . . . |
| 4 | Q. So the PV files were on the source code review |
| 5 | computer, correct? |
| 6 | A. They were used for us to make any -- to make any |
| 7 | decision as to what they are. There were files given |
| 8 | to us, but were unable to get any information out |
| 9 | of it, because there were binary files. |

*Id.* Again, Dr. Morellas admitted that Pavemetrics' expert, Dr. Frakes, did address those neural network files in his non-infringement report. *Id.* at 172-18-173:11.

If Tetra Tech believed that Pavemetrics was denying it discovery relevant to Tetra Tech's burden of proving infringement, it was incumbent upon Tetra Tech to address that during discovery, such as through moving to compel. *See* Dkt. 56 at 4. Tetra Tech did not do that. Dr. Morellas should not be permitted to instead litigate that discovery dispute in front of the jury as a substitute for attempting to prove Tetra Tech's case.

Dr. Morellas' discovery arguments are particularly prejudicial because Pavemetrics *did* provide the tools Tetra Tech requested. Tetra Tech's counsel and expert inspected Pavemetrics' source code and neural network binary files on several dates, including December 10, 2021. Laquer Ex. F; *see also* Laquer Ex. D (Morellas Tr.) at 246:2-17 (describing several days spent inspecting Pavemetrics' review computer). During the morning of the December 10 inspection, Tetra Tech's counsel requested that Pavemetrics add the TensorBoard viewing tool to the source code review computer. Laquer Ex. F.

TensorBoard is "a tool for providing the measurements and visualizations needed during the machine learning workflow" and enables "visualizing the

-3-

model graph" used in machine learning, such as neural network. Laquer Ex. G (TensorBoard webpage). The Protective Order provides Pavemetrics with five days to fulfill such a request for adding a software tool to the review computer. Dkt. 70 at 8. Nonetheless, Pavemetrics fulfilled Tetra Tech's request that same day, while Tetra Tech took its lunch break mid-inspection, so that the TensorBoard tool was available when they returned that afternoon. Laquer Decl. ¶ 10. Dr. Morellas' suggestion that Pavemetrics supposedly withheld source code is also refuted by the fact that Pavemetrics reproduced its entire Git source code repository on the review computer for him to inspect. *See* Dkt. 110 (January 10, 2022 Laquer Decl.) ¶¶ 6-18.

On December 15, 2021, Tetra Tech requested to again inspect Pavemetrics' source code and neural network files on December 20 and 21. Ex. H. Tetra Tech requested "*[a]s with the previous inspections*, please have Visual Studio Code, Understand (SciTools), SmartGit, WinMerge, and *TensorBoard* installed on the Source Code Review computer." *Id.* (emphasis added). Tetra Tech did not request that Pavemetrics add anything else to the review computer. *Id.* Moreover, Dr. Morellas did not attend Tetra Tech's requested inspection on December 20 and 21. *Id.* Instead, only Tetra Tech's counsel attended. *Id.* Nor did Tetra Tech or Dr. Morellas request another inspection before fact discovery closed on January 20, 2022. During his deposition, Dr. Morellas subtly acknowledged that his failure to inspect Pavemetrics' neural network discovery resulted from *his own* unavailability— *not* the unavailability of discovery from Pavemetrics. *See* Laquer Ex. D at 95:22-96:5 ("I know that there was some information that was provided lately, but I didn't have the time to fully review that. But during my visits, the data of source code, this information was not available.").

Dr. Morellas should not be permitted to mislead the jury with claims that Pavemetrics supposedly failed to provide requested discovery or tools to inspect

-4-

such discovery. Such claims are both irrelevant and false. Expert testimony "can be both powerful and quite misleading because of the difficulty in evaluating it." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993) (discussing F.R.E. 702, 703, 706, and 403; quoting Weinstein, 138 F.R.D. at 632). Due to this unique risk, "the judge in weighing possible prejudice against probative force… exercises more control over experts than over lay witnesses." *Id.* As the proponent of Dr. Morellas' testimony, Tetra Tech bears the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence, pursuant to Federal Rule of Evidence 104(a). *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987).

Tetra Tech cannot carry its burden on this Motion. It cannot justify Dr. Morellas' irrelevant, false, and prejudicial testimony regarding supposed unavailability of source code, neural network files, or viewing tools. Not only did Pavemetrics provide those items, but such discovery dispute does not bear on the issues being tried. Evidence is relevant only if "it has a tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Whether Dr. Morellas was able to use specific viewing tools to inspect specific Pavemetrics neural network files is not probative of how Pavemetrics' neural network system operates based on those files. Moreover, for evidence to be relevant, the fact that it bears on must be of consequence in determining the action. Fed. R. Evid. 401. Juries are not asked to resolve discovery disputes, and Dr. Morellas' purported discovery grievances are of no consequences to determining this action. If Dr. Morellas had an unresolved discovery concern, Tetra Tech was required to move to compel, not wait to raise it at trial. Dkt. 56 at 4. Irrelevant evidence is not admissible at trial. Fed. R. Evid. 402.

The fact of *whether* Dr. Morellas reviewed particular discovery is fundamental, appropriate examination. But Dr. Morellas' excuses for *why* he

did not review certain discovery, based on supposed discovery disputes that Tetra Tech never raised, are misleading, unfairly prejudicial, irrelevant, and should be precluded.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated:  July 11, 2022 | By: /s/ *Christy G. Lea*<br>Christy G. Lea<br>Joseph R. Re<br>Nicholas M. Zovko<br>Alan G. Laquer<br>Raymond Lu |
|  | *Attorneys for Plaintiff/Counterclaim Defendant*,<br>PAVEMETRICS SYSTEMS, INC. |

55871288