1  Donald Ridge, Esq. (SBN: 132171)
2  **CLARK HILL LLP**
   555 South Flower Street, 24th Floor
3  Los Angeles, CA 90071
4  Telephone: (213) 891-9100
   Facsimile: (213) 488-1178
5  DRidge@clarkhill.com

6
7  James R. Barney (*pro hac vice*)          Telephone:  (202) 408-4000
   james.barney@finnegan.com             Facsimile:   (202) 408-4400
8  Aaron L. Parker (*pro hac vice*)
   aaron.parker@finnegan.com            Jency J. Mathew (*pro hac vice*)
9  Daniel G. Chung (*pro hac vice*)         jency.mathew@finnegan.com
10 daniel.chung@finnegan.com            **FINNEGAN, HENDERSON,**
   Nicholas A. Cerulli (*pro hac vice*)     **FARABOW, GARRETT &**
11 nicholas.cerulli@finnegan.com        **DUNNER, LLP**
12 Kelly S. Horn (*pro hac vice*)           1875 Explorer Street, Suite 800
   kelly.horn@finnegan.com              Reston, Virginia 20190-6023
13 **FINNEGAN, HENDERSON,**             Telephone:  (571) 203-2700
   **FARABOW, GARRETT &**               Facsimile:   (571) 203-2777
14 **DUNNER, LLP**
15 901 New York Avenue NW               *Attorneys for Defendant and*
16 Washington, D.C. 20001-4413          *Counterclaim Plaintiffs*

17              **UNITED STATES DISTRICT COURT**
               **CENTRAL DISTRICT OF CALIFORNIA**
18

19 PAVEMETRICS SYSTEMS, INC.          CASE NO. 2:21-cv-1289 MCS-MMA

20              Plaintiff,            **[REDACTED] TETRA TECH'S**
                                      **MOTION *IN LIMINE* NO. 4 TO**
21      v.                           **EXCLUDE PAVEMETRICS'**
                                      **UNTIMELY PRODUCED**
22                                    **MATERIALS**
   TETRA TECH, INC.
23
                                      **Honorable Mark C. Scarsi**
24              Defendant.
25
                                      **Date:  July 25, 2022**
26                                    **Time:  2:00 p.m.**
   AND RELATED COUNTERCLAIMS.         **Courtroom:  7C**
27

28

1
2

# TABLE OF CONTENTS

3
I.      INTRODUCTION ........................................................................................1

4
II.     THE COURT SHOULD EXCLUDE PAVEMETRICS' UNTIMELY

5
        PRODUCED MATERIALS..........................................................................2

6
III.    CONCLUSION ...........................................................................................5

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705 (9th Cir. 2010)................................3

*N. View Ests., GP v. Yreka Holdings, II*, No. 208CV02230JAMGGH, 2010 WL 2035713 (E.D. Cal. May 20, 2010) ................................................................4

*Nat'l R.R. Passenger Corp. v. Young's Com. Transfer, Inc.*, No. 113CV01506DADEPG, 2016 WL 1573262 (E.D. Cal. Apr. 19, 2016) ........................4, 5

*Oracle USA, Inc. v .SAP AG*, 264 F.R.D. 541 (N.D. Cal. 2009) .......................................2, 3

*Vaporstream, Inc. v. Snap Inc.*, No. 217CV00220MLHKSX, 2020 WL 978731 (C.D. Cal. Feb. 28, 2020).........................................................................5

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001) ...................2, 3

**Other Authorities**

Fed. R. Civ. P. 37(c) Advisory Committee's Note (1993) .....................................................2

**Rules**

Fed. R. Civ. P. 26.....................................................................................................................2

Fed. R. Civ. P. 37.....................................................................................................................2

## I.    INTRODUCTION

Defendant and Counterclaim Plaintiff Tetra Tech, Inc. and Counterclaim Plaintiff Tetra Tech TAS Inc. (collectively, "Tetra Tech") move to preclude Pavemetrics Systems, Inc. ("Pavemetrics") from presenting evidence at trial that was belatedly produced months after the close of fact and expert discovery and without leave of Court. In particular, Tetra Tech respectively seeks to exclude the following untimely materials:

- Excerpts of a purported new version of LRAIL source code ██████████ ████████;

- An Amendment to Goods Agreement between Pavemetrics and ████████ ████████████;

- Pavemetrics' Second Supplemental Objections and Responses to Tetra Tech's Interrogatory No. 15; and

- First Supplement to the Rebuttal Expert Report on Non-Infringement of David Frakes, Ph.D.

Fact discovery closed on January 20, 2022, and expert discovery closed on March 25, 2022. Yet Pavemetrics unilaterally produced these untimely materials on June 17 and 20, 2022, respectively, a mere five weeks before the final pre-trial conference and less than two months before the start of trial. Rather than adhering to the Court's scheduling order and the Federal Rules, Pavemetrics delayed and now attempts to inject the late-produced materials at the eve of trial, severely prejudicing Tetra Tech. Pavemetrics should not be permitted to set its own rules to Tetra Tech's detriment.

The untimely and self-serving materials should be excluded because their late production is unjustified and unfairly prejudicial to Tetra Tech. The late discovery and supplemental expert report allegedly stem from a new version of LRAIL source code dated ████████████ and an amended Goods Agreement dated ████████████. Pavemetrics lacks any reasonable explanation as to why the belated materials could not have been presented earlier in the case, rather than waiting almost four months to produce them, or why Pavemetrics could not have sought leave of Court to reopen

discovery to produce these materials. To allow these untimely disclosures now would highly prejudice Tetra Tech. Tetra Tech's experts were never afforded an opportunity to address the new materials and theories in their expert reports. With less than a month before trial, Tetra Tech is unable to perform an additional source code inspection, conduct additional fact and expert depositions, and submit supplemental expert reports to address the untimely materials. Therefore, Tetra Tech respectfully requests that the Court exclude Pavemetrics' untimely documents, discovery, and expert opinions.

## II.    THE COURT SHOULD EXCLUDE PAVEMETRICS' UNTIMELY PRODUCED MATERIALS

Rule 26(e)(1) of the Federal Rules of Civil Procedure requires a party to "supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by the court."

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) [or (e)] that is not properly disclosed" unless the failure was substantially justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed. R. Civ. P. 37(c)(1)); *see also Oracle USA, Inc. v .SAP AG*, 264 F.R.D. 541, 544 (N.D. Cal. 2009) ("Rule 37 *mandates* that a party's failure to comply with [Rule 26(a) or 26(e)] results in that party being precluded from 'use [of] that information ... to supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or is harmless.'" (quoting Fed. R. Civ. P. 37(c)(1)) (emphasis in original)). The Advisory Committee Notes describe this rule as "a 'self-executing,' 'automatic' sanction to 'provide[ ] a strong inducement for disclosure of material.'" *See Yeti by Molly*, 259 F.3d at 1106 (quoting Fed. R. Civ. P. 37(c) advisory committee's note (1993)).

The burden falls on "the party [that] failed to comply to demonstrate that it meets one of the two exceptions to mandatory sanctions"—i.e., the untimely production is

1    either substantially justified or harmless. *Oracle*, 264 F.R.D. at 545; *see also Yeti by*

2    *Molly*, 259 F.3d at 1107. The Ninth Circuit has articulated several factors for the Court

3    to consider when determining whether such a failure is substantially justified or

4    harmless: (1) prejudice or surprise to the party against whom the evidence is offered;

5    (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the

6    trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *See*

7    *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010).

8         Pavemetrics cannot meet its burden to demonstrate that the untimely disclosures

9    are substantially justified or harmless. Pavemetrics intends to rely on and present

10   noninfringement arguments at trial based on these new materials and opinions that were

11   disclosed five months after the close of fact discovery and three months after the close

12   of expert discovery. The late-presented materials—select excerpts of a new version of

13   LRAIL source code, an amended Goods Agreement (Parker Ex. 8), Pavemetrics'

14   supplemental interrogatory response (Parker Ex. 9), and Dr. Frakes' supplemental

15   expert report (Parker Ex. 10)—were all unilaterally produced by Pavemetrics without

16   leave of Court.

17        Pavemetrics contends that the newly produced evidence ▮▮▮▮▮▮▮▮▮▮▮

18   ▮▮▮▮▮▮▮▮▮▮▮[1]▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

19   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

20   ▮▮▮▮▮▮▮▮▮▮▮▮ Parker Ex. 7 at 100, 103. Notwithstanding the

21   representations from Pavemetrics' counsel, Pavemetrics cannot simply refuse to seek

22   leave of Court to reopen fact and expert discovery under the guise of a Rule 26(e)

23   supplementation. *See, e.g., N. View Ests., GP v. Yreka Holdings, II*, No.

24   208CV02230JAMGGH, 2010 WL 2035713, at *1 (E.D. Cal. May 20, 2010) ("[A] party

25   

---

26   [1] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

27   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Parker

28   Ex. 7 at 100.

3

may not use a supplement to extend the discovery deadline and introduce new opinion . . . , nor may a party simply use an existing expert's disclosure as a placeholder to spring a supplemental opinion in the eleventh hour" (internal quotation marks omitted)); *Nat'l R.R. Passenger Corp. v. Young's Com. Transfer, Inc.*, No. 113CV01506DADEPG, 2016 WL 1573262, at *3 (E.D. Cal. Apr. 19, 2016) ("Supplemental disclosures are not intended to provide an extension of the court's expert designation and report production deadlines"). Furthermore, the purported new version of LRAIL source code, which forms the basis for Dr. Frakes' supplemental noninfringement opinions, bears ███████ ████████████. Parker Ex. 9 at 177; Parker Ex. 10 at 120. Pavemetrics cannot articulate any substantial justification for not seeking leave to reopen fact discovery at that time, or shortly thereafter, to permit Tetra Tech to review this purported new version of LRAIL source code, rather than unilaterally dump them on Tetra Tech mere weeks before trial. The same can be said for the Amendment to Goods Agreement between Pavemetrics and ██████████████████████. Parker Ex. 8 at 107.  Even worse, both of the "new" source code and Amendment to Goods Agreement were available to Pavemetrics over a month before the close of expert discovery, yet Pavemetrics elected to wait until nearly three months after the close of expert discovery to serve Tetra Tech with a supplemental report of Dr. Frakes addressing these materials. Pavemetrics' gross abuse of the discovery process should not be rewarded.

Moreover, Pavemetrics' untimely disclosure is not without harm. Because the new documents and supplemental report were presented after the close of fact and expert discovery, after the deadline for pre-trial motions, and approximately seven weeks before the scheduled trial date, Tetra Tech is highly prejudiced by the untimely disclosure. As of the date of this motion, the trial date is only four weeks away, and Tetra Tech has no ability to challenge the new evidence and opinion in a supplemental expert report, nor can Tetra Tech depose Dr. Frakes regarding the new opinions and basis contained in his supplemental report. Courts have excluded untimely evidence under similar prejudicial circumstances that Tetra Tech faces here. *See Vaporstream,*

1   *Inc. v. Snap Inc.*, No. 217CV00220MLHKSX, 2020 WL 978731, at \*5 (C.D. Cal. Feb.

2   28, 2020) (striking supplemental expert report where the report was "presented (1) after

3   the close of expert discovery and the deadline for filing pre-trial motions; (2) on the

4   same day that motions in limine were due; and (3) less than six weeks before the

5   scheduled trial date"); *Nat'l R.R.*, 2016 WL 1573262 at \*6 (excluding expert report and

6   testimony where all discovery, including expert discovery, was closed, the time for

7   filing of dispositive law and motion had passed, and the Final Pretrial Conference was

8   scheduled for less than six weeks away).

9         And the harm to Tetra Tech cannot be cured by Pavemetrics' eleventh hour offer

10   to inspect the new version of source code and make Dr. Frakes and Pavemetrics'

11   percipient witness, Dr. Hébert, available for depositions. Doing so would still impose

12   severe prejudice on Tetra Tech to conduct another source code inspection across the

13   country, prepare for and take additional fact and expert depositions, and submit a

14   supplemental expert report, all the while preparing for trial that is scheduled to start in

15   four weeks. The prejudice is further compounded by the fact that Tetra Tech's expert,

16   Dr. Morellas, is out of the country and unavailable to conduct an additional source code

17   inspection and prepare a supplemental expert report until late-July. Parker Ex. 7 at 99.

18   Allowing Pavemetrics' untimely materials is not harmless to Tetra Tech, and otherwise

19   risks disrupting the Court's calendar.

20         Accordingly, Pavemetrics' late-produced documents, discovery response, and

21   supplemental expert report are improper, unjustified and highly prejudicial to Tetra

22   Tech. The Court should therefore preclude Pavemetrics from relying on and asserting

23   these belated materials and opinions at trial.

24   **III.   CONCLUSION**

25         For the reasons explained above, Tetra Tech respectfully requests that the Court

26   exclude Pavemetrics' untimely disclosed materials, including:

27   • Excerpts of a purported new version of LRAIL source code ███████████

28   ████████ (produced on June 20, 2022);

1    • An Amendment to Goods Agreement between ███████████████

2    ████████████, bearing Bates Nos. PAVEMETRICS0413511-

3    PAVEMETRICS0413514 (produced on June 17, 2022);

4    • Pavemetrics' Second Supplemental Objections and Responses to Tetra

5    Tech's Interrogatory No. 15 (produced on June 17, 2022); and

6    • First Supplement to the Rebuttal Expert Report on Non-Infringement of

7    David Frakes, Ph.D (produced on June 20, 2022).

8

9    Dated: July 11, 2022                **CLARK HILL LLP**

10                                        By:

11

12                                        _____
                                          Donald L. Ridge

13                                        James R. Barney (*pro hac vice*)

14                                        Aaron L. Parker (*pro hac vice*)
                                          Daniel G. Chung (*pro hac vice*)

15                                        Nicholas A. Cerulli (*pro hac vice*)

16                                        Kelly S. Horn (*pro hac vice*)
                                          Jency J. Mathew (*pro hac vice*)

17                                        **FINNEGAN, HENDERSON, FARABOW,**

18                                        **GARRETT & DUNNER, LLP**

19
                                          *Attorneys for Defendant and Counterclaim*
20                                        *Plaintiffs*
                                          *TETRA TECH, INC. AND TETRA TECH TAS*
21                                        *INC.*

22

23

24

25

26

27

28