Donald Ridge, Esq. (SBN: 132171)
**CLARK HILL LLP**
555 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
DRidge@clarkhill.com

James R. Barney (*pro hac vice*)
james.barney@finnegan.com
Aaron L. Parker (*pro hac vice*)
aaron.parker@finnegan.com
Daniel G. Chung (*pro hac vice*)
daniel.chung@finnegan.com
Nicholas A. Cerulli (*pro hac vice*)
nicholas.cerulli@finnegan.com
Kelly S. Horn (*pro hac vice*)
kelly.horn@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue NW
Washington, D.C. 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Jency J. Mathew (*pro hac vice*)
jency.mathew@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, Virginia 20190-6023
Telephone: (571) 203-2700
Facsimile: (571) 203-2777

*Attorneys for Defendant and Counterclaim Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>TETRA TECH, INC.<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. 2:21-cv-1289 MCS-MMA<br><br>**TETRA TECH'S MOTION *IN LIMINE* NO. 1 TO REALIGN THE PARTIES AND SET THE ORDER OF PROOF AT TRIAL**<br><br>**Honorable Mark C. Scarsi**<br><br>**Date: July 25, 2022**<br>**Time: 2:00 PM**<br>**Courtroom: 7C** |

# TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................................1

II. BACKGROUND ........................................................................................2

III. REALIGNMENT OF THE PARTIES IS APPROPRIATE BECAUSE TETRA TECH IS THE NATURAL PLAINTIFF..........................................4

    1.    Tetra Tech Is the Natural Plaintiff and Carries the Burden of Proof on the Primary Issue of Patent Infringement.....................6

    2.    Realigning the Parties Would Make the Presentation of Evidence Clearer for the Jury...................................................7

    3.    Realigning the Parties Is Consistent with Tetra Tech's Treatment as the Natural Plaintiff Throughout this Case...........9

    4.    Realignment Would Not Undermine the Purpose of the Declaratory Judgment Act.........................................................9

IV. CONCLUSION ........................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allegro Ventures, Inc. v. Almquist*,
 2013 WL 3864329 (S.D. Cal. July 24, 2013) ...........................................................5

*Angst v. Royal Maccabees Life Ins. Co.*,
 77 F.3d 701 (3d Cir. 1996) .......................................................................................5

*City of Indianapolis v. Chase Nat'l Bank of City of New York*,
 314 U.S. 63 (1941) ................................................................................................4, 7

*Cox Communs. Inc. v. Sprint Communs. Co. L.P.*,
 2017 U.S. Dist. LEXIS 177303 (D. Del. Oct. 26, 2017) ..........................................7

*Dolch v. United Cal. Bank*,
 702 F.2d 178 (9th Cir. 1983) .................................................................................4, 5

*FCE Benefits Administrators, Inc. v. Training, Rehab. & Dev. Inst., Inc.*,
 2016 WL 4426897 (N.D. Cal. Aug. 22, 2016) ........................................................8

*Goodyear Tire & Rubber Co. v. Releasomers, Inc.*,
 824 F.2d 953 (Fed. Cir. 1987) ................................................................................10

*Guidetech, Inc. v. Brilliant Instruments, Inc.*,
 2014 WL 12643007 (N.D. Cal. Mar. 25, 2014) .......................................................5

*Kerr Corp. v. N. Am. Dental Wholesalers, Inc.*,
 2011 WL 4965111 (C.D. Cal. Oct. 18, 2011) ..........................................................5

*Medtronic, Inc. v. Mirowski Family Ventures, LLC*,
 571 U.S. 191 (2014) .................................................................................................6

*Plumtree Software, Inc. v. Datamize, LLC*,
 2003 WL 25841157 (N.D. Cal. Oct. 6, 2003) .............................................5, 6, 8, 9

*Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*,
 204 F.3d 867 (9th Cir. 2000) .................................................................................4, 5

*Scotts Co. LLC v. Seeds, Inc.*,
 688 F.3d 1154 (9th Cir. 2012) ..................................................................................4

*Sliding Door Co. v. KLS Doors, LLC*,
　2013 WL 2090298 (C.D. Cal. May 1, 2013) ..........................................................6

*U.S. Fidelity & Guaranty Co. v. Thomas Solven Co.*,
　955 F.2d 1085 (6th Cir. 1992) ..............................................................................5

**Statutes**

35 U.S.C. § 273 ............................................................................................. 1, 2, 3, 7

Declaratory Judgment Act............................................................................ 5, 6, 10

**Other Authorities**

Howard T. Markey, *On Simplifying Patent Trials* ..........................................................9

## I. INTRODUCTION

Defendant and Counterclaim Plaintiff Tetra Tech, Inc. and Counterclaim Plaintiff Tetra Tech TAS Inc. (collectively, "Tetra Tech") respectfully move this Court *in limine* to realign the parties and set the order of proof at trial such that Tetra Tech, which has the burden of proof on the principal claim of patent infringement, will go first at trial and be designated as Plaintiff, and the current Plaintiff and Counterclaim Defendant Pavemetrics Systems, Inc. ("Pavemetrics") will be designated as Defendant.

Realignment of the parties is appropriate here as Tetra Tech is the natural plaintiff in the only claim remaining from Pavemetrics' declaratory judgment action. Specifically, although Pavemetrics filed a declaratory judgment action arguing both traditional noninfringement and, in the alternative, a "prior commercial use" defense to infringement under 35 U.S.C. § 273, Pavemetrics has since indicated that it will not pursue its § 273 defense at trial. Tetra Tech is thus the party who bears the sole burden of proof on the only remaining declaratory judgment issue of infringement. The other defenses and counterclaims brought by Pavemetrics, including invalidity, were only raised in response to Tetra Tech's counterclaim of infringement. Likewise, when Tetra Tech amended its pleadings to add another patent, Pavemetrics responded by raising additional defenses and counterclaims in response to Tetra Tech's additional infringement claim. In each of these remaining causes of action, Tetra Tech is the natural plaintiff and Pavemetrics is the defendant.

Realignment of the parties will further aid in the logical presentation of evidence at trial. Indeed, the traditional, logical sequence in a patent infringement trial is to have the party asserting the affirmative claim of infringement (i.e., the party who bears the burden of proof) present its case before the accused infringer puts on its defense to infringement. To allow Pavemetrics to first put on a defense to infringement before Tetra Tech even presents its infringement case would lead to jury confusion on the issues, including which party bears the burden of proof. Realigning the parties would streamline the issues and avoid such confusion.

1

1    Finally, having Tetra Tech proceed with its case first is consistent with how the
2 parties have acted throughout this case. Tetra Tech has logically been treated as the
3 putative plaintiff regarding the sequence of required disclosures on the issues of
4 infringement and claim construction. For example, Tetra Tech served its infringement
5 contentions before Pavemetrics' invalidity contentions, filed its opening claim
6 construction brief before Pavemetrics' responsive brief, and deposed Pavemetrics'
7 witnesses before Tetra Tech's witnesses were deposed. It is only fitting for the parties
8 to maintain this order at trial.

9    For at least the reasons outlined below, Tetra Tech respectfully requests that the
10 Court grant this motion *in limine* to realign the parties and designate Tetra Tech as the
11 Plaintiff and Pavemetrics as the Defendant. To be clear, however, even if the caption of
12 this case is not changed, the order of proof at trial should be such that Tetra Tech
13 presents its infringement and damages case first, followed by Pavemetrics' defensive
14 case including invalidity, and concluding with Tetra Tech's rebuttal to invalidity.

15 **II.    BACKGROUND**

16    On January 5, 2021, Tetra Tech, through its counsel, sent a letter to Pavemetrics
17 to inform them that the Laser Rail Inspection Systems ("LRAIL") they were selling
18 infringed U.S. Patent No. 10,362,293 ("the '293 patent"). ECF 1, Ex. B. As a defensive
19 measure, and without ever substantively responding to these allegations, on February
20 11, 2021, Pavemetrics filed a declaratory judgment action seeking a declaration of non-
21 infringement of the '293 patent. ECF 1 at ¶¶14-22. In its declaratory judgment action,
22 Pavemetrics raised a traditional noninfringement defense against Pavemetrics' potential
23 patent infringement claim and a rarely asserted "prior commercial use" defense to
24 infringement under 35 U.S.C. § 273, for which Pavemetrics would have carried the
25 burden of proof. *Id*. at ¶¶16, 17, 22. Pavemetrics has since indicated that it does not plan
26 to pursue its § 273 defense at trial. Parker Ex. 1 at 6 (explaining that, "[s]olely for the
27 purposes of streamlining the issues to be tried, Pavemetrics is willing to withdraw its
28

2

infringement defense with respect to 35 U.S.C. § 273.").[1]

Pavemetrics' declaratory judgment action never included an invalidity claim. ECF 1. In fact, Pavemetrics *intentionally* did not include an invalidity claim in its declaratory judgment action to preserve any right to seek inter partes review (IPR) of Tetra Tech's patents. ECF 43 at 6-7 (Pavemetrics representing to the Court that it "could not seek a declaratory judgment of invalidity in its complaint without forfeiting its right to seek inter partes review (IPR) of the '293 patent."). It was only after Tetra Tech filed a counterclaim for infringement that Pavemetrics continued its defensive role by asserting several additional defenses and counterclaims, including invalidity of the '293 patent. ECF 38 and 39.

Over the next several months, the parties exchanged discovery, which revealed further details about Pavemetrics' infringing activities. Tetra Tech discovered that the ongoing use of the LRAIL by Pavemetrics and its customers also infringed Tetra Tech's U.S. Patent No. 10,616,557 ("the '557 patent"). Thus, on July 22, 2021, Tetra Tech's counsel sent a letter to Pavemetrics' counsel notifying Pavemetrics of its infringement of the '557 patent. Tetra Tech subsequently amended its pleadings to add the '557 patent to this action, ECF 79, and in response, Pavemetrics amended its pleadings to add additional defenses and counterclaims related to the '557 patent. ECF 82 and 83.

Throughout discovery in this case, Tetra Tech has been treated as the natural plaintiff by placing both the initial and ultimate burden of production and proof relating to Pavemetrics' infringement of the '293 and '557 patents on Tetra Tech. For example, it was Tetra Tech, as the party asserting patent infringement, who was required to disclose the asserted claims and infringement contentions relating to both the '293 and '557 patents before Pavemetrics responded with its invalidity contentions. *See* ECF 62 and 81. Tetra Tech was also required to file its opening claim construction brief before

---

[1] Indeed, Pavemetrics' § 273 defense for the '293 patent was mooted by the Court's finding that "Fake3D Image with Overlay" did not meet the limitations of claims 1 and 22. *See* ECF 189 at 9.

3

1 Pavemetrics filed its responsive brief. *Id.* Likewise, in the parties' expert reports,
2 Pavemetrics again played a defensive role, submitting invalidity arguments under two,
3 conflicting interpretations of the claims: one "under Pavemetrics' interpretation," and
4 another "under Tetra Tech's interpretation." Parker Ex. 2 at 18-33 (exemplary portions
5 of Dr. Frakes' Invalidity Report). Further, Tetra Tech deposed all of Pavemetrics' fact
6 witnesses before any of Tetra Tech's fact witnesses. Pavemetrics even tried to insist that
7 Tetra Tech depose Pavemetrics' expert witnesses first because "Tetra Tech has the
8 burden of proof on liability and damages." *See* Parker Ex. 3 at 37.
9       As will be explained below, although deemed the defendant and counterclaim
10 plaintiff as a result of Pavemetrics initiating this case, Tetra Tech is the party that
11 ultimately bears the burden of proving infringement at trial on both asserted patents.
12 Tetra Tech's position is thus consistent with a plaintiff. That Pavemetrics is currently
13 aligned as the "plaintiff" does not reflect the reality of the case. Pavemetrics is the
14 accused infringer and is merely defending against Tetra Tech's claims of infringement.

## III. REALIGNMENT OF THE PARTIES IS APPROPRIATE BECAUSE TETRA TECH IS THE NATURAL PLAINTIFF

17       The complaint's alignment of the parties "is not binding on the courts." *Scotts*
18 *Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1157 (9th Cir. 2012) (quoting *Dolch v. United*
19 *Cal. Bank*, 702 F.2d 178, 181 (9th Cir. 1983)). The Supreme Court has made clear that
20 courts must "look beyond the pleadings, and arrange the parties according to their sides
21 in the dispute." *City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S.
22 63, 69 (1941). "Whether the necessary 'collision of interest' exists, is therefore not to
23 be determined by mechanical rules," but rather "[i]t must be ascertained from the
24 'principal purpose of the suit' and the 'primary controlling matter in dispute.'" *Id.*
25       It is well established under Ninth Circuit precedent that the Court has the power
26 to "align . . . those parties whose interests coincide respecting the 'primary matter in
27 dispute.'" *Scotts*, 688 F.3d at 1157 (quoting *Prudential Real Estate Affiliates, Inc. v.*
28 *PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000)). The Ninth Circuit follows the

4

"primary purpose" test, giving the Court sound discretion to align the parties in accordance with their interests in the case and coincidental to the "primary matter in dispute." *Plumtree Software, Inc. v. Datamize, LLC*, 2003 WL 25841157, at *2 (N.D. Cal. Oct. 6, 2003) (quoting *Prudential*, 204 F.3d at 873; *Dolch*, 702 F.2d at 181).

In evaluating the primary purpose of the litigation, the Court "has a duty to look beyond the pleadings to determine the actual interests of the parties" and align the parties "in accordance with the primary dispute in the controversy, despite the fact that there may be actual and substantial ancillary or secondary issues to the primary issue." *Id.* at *3 (quoting *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 704 (3d Cir. 1996); *U.S. Fidelity & Guaranty Co. v. Thomas Solven Co.,* 955 F.2d 1085, 1089 (6th Cir. 1992)) (internal quotations omitted). To aid in this analysis, Courts may analyze several factors, including (i) burden of proof considerations; (ii) whether the realigned order of proof at trial would make the presentation of evidence clearer for the jury; (iii) whether it is more consistent with treatment of the parties throughout the case; and (iv) whether the purpose of the Declaratory Judgment Act would be undermined by realignment. *See id.* at *3–5.

It is a "common-sense rule that where a plaintiff seeks declaratory relief that it is not liable and the defendant counterclaims that plaintiff is liable, it is more logical to realign the parties so that the defendant becomes the plaintiff." *Kerr Corp. v. N. Am. Dental Wholesalers, Inc.*, 2011 WL 4965111, at *3 (C.D. Cal. Oct. 18, 2011); *see also*, *Guidetech, Inc. v. Brilliant Instruments, Inc.*, 2014 WL 12643007, at *2 (N.D. Cal. Mar. 25, 2014) ("As the declaratory judgment defendant, GuideTech moves to realign the parties so that it is the plaintiff and proceeds first at trial. . . . GuideTech is the sole party bearing the burden of proof in this case. The motion is GRANTED and the parties are realigned so that GuideTech is the plaintiff and Brilliant is the defendant."); *Allegro Ventures, Inc. v. Almquist*, 2013 WL 3864329, at *1 (S.D. Cal. July 24, 2013) ("The burdens of proof also support realignment.").

### 1. Tetra Tech Is the Natural Plaintiff and Carries the Burden of Proof on the Primary Issue of Patent Infringement

While Pavemetrics was the first to file suit, the primary dispute in this action is Tetra Tech's claim of affirmative patent infringement, and thus, Tetra Tech is the natural plaintiff in this action. *See Plumtree*, 2003 WL 25841157, at *3-4. It is well-established that the burden of proving infringement rests on the patentee. *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 193–94 (2014). And this burden does not shift from the patentee where a declaratory judgment action has been filed by the potential infringer seeking declaratory relief of noninfringement. *Id.* ("This conclusion is strongly supported by three settled legal propositions: First, a patentee ordinarily bears the burden of proving infringement…; second, the operation of the Declaratory Judgment Act is only procedural…, leaving substantive rights unchanged…; and third, the burden of proof is a substantive aspect of a claim.") (internal citations and quotation marks omitted); *see also Sliding Door Co. v. KLS Doors*, LLC, 2013 WL 2090298, at *4 (C.D. Cal. May 1, 2013) (finding a "request for declaratory judgment for noninfringement of the 729 Patent is duplicative to [patentee's] cause of action [for patent infringement]" and "does not serve any useful purpose" as a separate claim).

The initial declaratory relief sought by Pavemetrics is for noninfringement, which is, in substance, merely a defense to Tetra Tech's counterclaim of patent infringement. The remaining defenses and counterclaims, including invalidity, are similarly defenses to Tetra Tech's counterclaim that were asserted subsequent to and separate and apart from Pavemetrics' claims for declaratory judgment. Given the ancillary and defensive character of every claim upon which Pavemetrics bears a burden of proof, the logical position of Pavemetrics is therefore as the defendant. And conversely, as the party carrying the burden of proof in the primary affirmative claim at issue in this lawsuit, Tetra Tech should naturally be allowed to present its case of infringement prior to Pavemetrics presenting its defenses.

Pavemetrics may argue that its declaratory judgment complaint originally included a "prior commercial use" defense under § 273, for which it bore the burden of proof. But Pavemetrics has since dropped that defense, Parker Ex. 1, leaving only its noninfringement defense as the sole claim remaining in its declaratory judgment complaint. *See Cox Communs. Inc. v. Sprint Communs. Co. L.P.*, 2017 U.S. Dist. LEXIS 177303, at *7-*8 (D. Del. Oct. 26, 2017) (granting motion to realign parties where "circumstances have changed since Cox filed its declaratory judgment action. For example, Cox had once alleged infringement of two patents by Sprint … [b]ut those patents are no longer at issue, and Cox is in the sole role of an accused infringer.").

Pavemetrics may also argue that it still maintains the burden of proving invalidity at trial and therefore should remain as the plaintiff. This ignores, however, that Pavemetrics' invalidity defense was not asserted in its declaratory judgment complaint but only as a defensive counterclaim to Tetra Tech's subsequent infringement claims. Because Pavemetrics made an *intentional, strategic* decision not to assert an invalidity defense in its original declaratory judgment complaint, it should not be permitted now to rewrite history by treating its later-filed defensive invalidity counterclaims as part of its proactive declaratory judgment complaint in order to maintain its status as plaintiff. To allow this would be to reward pure gamesmanship. *City of Indianapolis*, 314 U.S. at 69 ("Litigation is the pursuit of practical ends, not a game of chess.").

In short, Pavemetrics does not bear the burden of proof on the sole claim remaining from its declaratory judgment complaint, whereas Tetra Tech bears the burden of proof to establish Pavemetrics' infringement of both the asserted patents. Thus, the nature of the affirmative claims asserted and the resulting burdens of proof support realigning Tetra Tech to the status of plaintiff and Pavemetrics to defendant.

### 2. Realigning the Parties Would Make the Presentation of Evidence Clearer for the Jury

The logical presentation of evidence at trial further supports realignment. First, because Tetra Tech bears the burden of proof in establishing infringement of the '293

and '557 patents, Tetra Tech should proceed first on those claims at trial. To allow Pavemetrics to present its non-infringement position before Tetra Tech presents any evidence of its affirmative claim of infringement would cause the jury to confuse the issues, including which party bears the burden of proof. It would also prejudice Tetra Tech by putting Tetra Tech in a position of rebutting Pavemetrics' non-infringement theories before it has presented its affirmative claim. *See Plumtree*, 2003 WL 25841157, at *5 ("As Datamize points out, it is simply more logical to present the affirmative case for infringement first, rather than presenting the case for noninfringement first. To require Datamize to present second might invite juror confusion on the issue of burden of proof, as Datamize essentially would be put in the position of rebutting Plumtree's defensive claims."); *FCE Benefits Administrators, Inc. v. Training, Rehab. & Dev. Inst., Inc.*, 2016 WL 4426897, at *2 (N.D. Cal. Aug. 22, 2016) ("TRDI's position is persuasive. Indeed, it is difficult to see how FCE could remain the plaintiff in this case when it is presenting no affirmative claims to the Court.").

Making matters worse, Pavemetrics plans to present to the jury "Tetra Tech's interpretation of the claims" for the purposes of invalidity before Tetra Tech or its expert even put on its affirmative case of infringement. Parker Ex. 2 at 18-33. Not only does this pose significant evidentiary issues related to Pavemetrics or its expert predicting the future and testifying about something not yet before the jury, it also results in needless confusion and upends the natural order of presenting an infringement case.

The most logical and efficient order of proof would involve Tetra Tech presenting its patent infringement case to the jury, then Pavemetrics presenting its defenses, and finally Tetra Tech rebutting those defenses. Presenting evidence in any other order will undoubtedly confuse the jury by effectively requiring jurors to consider Pavemetrics' defenses against liability in a vacuum, before hearing or understanding the affirmative case for Pavemetrics' liability. Simply put, it is most logical to require the party bearing the burden of proof on the primary claim to present its case before the party who will present defensive, ancillary claims. This requested realignment is thus consistent with

the traditional order of proof for patent infringement cases. *See* Howard T. Markey, *On Simplifying Patent Trials*, 116 F.R.D. 369, 378 (1987) (noting the following logical sequence in patent trials: (i) the patent owner bearing the burden of proof on infringement and damages proceeds first on those issues; (ii) the accused infringer then presents rebuttal defenses, including its invalidity defense for which it bears the burden of proof; and (iii) the patent owner finishes with its presentation of rebuttal evidence).

Proceeding with the infringement case first also streamlines the case by narrowing the scope of the trial. Once Tetra Tech has presented its case for infringement, Pavemetrics will only need to present evidence and argument to rebut the specific infringement claims asserted by Tetra Tech. Similarly, Pavemetrics' invalidity evidence would only be necessary against those specific claims asserted by Tetra Tech. Therefore, realignment would also allow the parties to more efficiently present the necessary proof and thus cut down on the length of trial.

### 3. Realigning the Parties Is Consistent with Tetra Tech's Treatment as the Natural Plaintiff Throughout this Case

Although labeled as the defendant and counterclaim plaintiff in the pleadings, Tetra Tech has all along been treated as the plaintiff and counterclaim defendant in this case. Tetra Tech served its infringement contentions before receiving Pavemetrics' invalidity contentions, filed its opening claim construction brief before Pavemetrics filed its responsive brief, and deposed Pavemetrics' witnesses before Tetra Tech's witnesses were deposed. ECF 62 and 81; Parker Ex. 3 at 37. Thus, allowing Tetra Tech to go first at trial is consistent with case management until now.

### 4. Realignment Would Not Undermine the Purpose of the Declaratory Judgment Act

Even where an accused infringer creates a substantial ancillary dispute by filing a declaratory judgment action, "the court must align the parties in keeping with the primary dispute concerning infringement." *Plumtree,* 2003 WL 25841157, at *3. The "primary purpose" of this case is to resolve the question of patent infringement.

9

Pavemetrics' declaratory action brought only defensive claims against Tetra Tech, and therefore has only created ancillary disputes to the main question of infringement. Pavemetrics intentionally did not bring its claim of invalidity in its declaratory judgment action. Instead, it strategically waited to bring this and other defenses against Tetra Tech's claim of infringement until after Tetra Tech filed a counterclaim in response to the declaratory action. Accordingly, the initial declaratory relief sought by Pavemetrics relates solely to the infringement of the '293 patent, and realigning the parties will not thwart the purpose of the Declaratory Judgment Act, which is "to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights." *See Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 956 (Fed. Cir. 1987).

## IV.  CONCLUSION

Because every claim and defense in this case is either an assertion of infringement by Tetra Tech or a defense against Tetra Tech's infringement claim by Pavemetrics, the primary substance of this action is whether Pavemetrics infringes the '293 and '557 patents. The burden of proof regarding the primary purpose of this lawsuit rests on Tetra Tech. Realigning Tetra Tech as plaintiff and Pavemetrics as defendant would (i) reflect the parties' proper and natural positions; (ii) streamline this matter at trial; (iii) allow for a more logical and efficient presentation of evidence at trial that is less likely to confuse the jury; (iv) follow the same order that has consistently been applied throughout this case; and (v) uphold the declaratory action's purpose in providing Pavemetrics an answer as to whether it infringes Tetra Tech's patents. Accordingly, Tetra Tech respectfully requests this Court realign the parties to reflect the primary purpose of this case.

Dated: July 11, 2022                              **CLARK HILL LLP**

                                                  By: _____
                                                           Donald L. Ridge

James R. Barney (*pro hac vice*)
Aaron L. Parker (*pro hac vice*)
Daniel G. Chung (*pro hac vice*)
Nicholas A. Cerulli (*pro hac vice*)
Kelly S. Horn (*pro hac vice*)
Jency J. Mathew (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**

*Attorneys for Defendant and Counterclaim Plaintiffs*
TETRA TECH, INC. AND TETRA TECH TAS INC.