1  Donald Ridge, Esq. (SBN: 132171)
2  **CLARK HILL LLP**
   555 South Flower Street, 24th Floor
3  Los Angeles, CA 90071
   Telephone: (213) 891-9100
4  Facsimile: (213) 488-1178
5  DRidge@clarkhill.com

6
   James R. Barney (*pro hac vice*)            Telephone:  (202) 408-4000
7  james.barney@finnegan.com                   Facsimile:   (202) 408-4400
   Aaron L. Parker (*pro hac vice*)
8  aaron.parker@finnegan.com                   Jency J. Mathew (*pro hac vice*)
9  Daniel G. Chung (*pro hac vice*)            jency.mathew@finnegan.com
   daniel.chung@finnegan.com                   **FINNEGAN, HENDERSON,**
10 Nicholas A. Cerulli (*pro hac vice*)        **FARABOW, GARRETT &**
11 nicholas.cerulli@finnegan.com               **DUNNER, LLP**
   Kelly S. Horn (*pro hac vice*)              1875 Explorer Street, Suite 800
12 kelly.horn@finnegan.com                     Reston, Virginia 20190-6023
13 **FINNEGAN, HENDERSON,**                    Telephone:  (571) 203-2700
   **FARABOW, GARRETT &**                      Facsimile:   (571) 203-2777
14 **DUNNER, LLP**
15 901 New York Avenue NW                      *Attorneys for Defendant and*
   Washington, D.C. 20001-4413                 *Counterclaim Plaintiffs*
16

17              **UNITED STATES DISTRICT COURT**
18              **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 19  PAVEMETRICS SYSTEMS, INC. | CASE NO. 2:21-cv-1289 MCS-MMA |
| 20              Plaintiff, | **TETRA TECH'S MOTION *IN LIMINE* NO. 2 TO PRECLUDE EVIDENCE, ARGUMENT, AND TESTIMONY RELATING TO THE PRELIMINARY INJUNCTION PROCEEDINGS** |
| 21  v. | |
| 22 | |
| 23  TETRA TECH, INC. | |
| 24              Defendant. | |
| 25 | **Honorable Mark C. Scarsi** |
| 26  AND RELATED COUNTERCLAIMS. | Date:  July 25, 2022 |
| 27 | Time:  2:00 p.m. |
| 28 | Courtroom:  7C |

## **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................1

II.  THE COURT SHOULD PRECLUDE EVIDENCE, ARGUMENT, AND TESTIMONY RELATING TO THE PRELIMINARY INJUNCTION PROCEEDINGS........................................................................................1

III. CONCLUSION ............................................................................................6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amazon.com, Inc. v. Barnesandnoble.com, Inc.*,
   239 F.3d 1343 (Fed. Cir. 2001) ............................................................................ 3

*Aqua Shield v. Inter Pool Cover Team*,
   774 F.3d 766 (Fed. Cir. 2014) ............................................................................ 5, 6

*Belgium v. United States*,
   452 F.3d 1289 (Fed. Cir. 2006) .......................................................................... 1, 5

*Georgetown Rail Equip. Co. v. Holland L.P.*,
   No. 6:13-CV-366, 2016 WL 3346084 (E.D. Tex. June 16, 2016),
   aff'd, 867 F.3d 1229 (Fed. Cir. 2017) ................................................................... 2

*Howmedica Osteonics Corp. v. Zimmer, Inc.*,
   2013 WL 5286189 (D.N.J. Sept. 16, 2013) ......................................................... 2

*Illumina, Inc. v. BGI Genomics Co., Ltd*,
   No. 19-CV-03770-WHO, 2021 WL 4979799 (N.D. Cal. Oct. 27,
   2021) ................................................................................................................. 1, 2

*Judkins v. HT Window Fashions Corp.*,
   No. CIV. A. 07-0251, 2009 WL 3400989 (W.D. Pa. Oct. 20, 2009) ................... 1

*Litton Sys., Inc. v. Sundstrand Corp.*,
   750 F.2d 952 (Fed. Cir. 1984) .............................................................................. 1

*Marlite, Inc. v. Eckenrod*,
   No. 09-22607-CIV, 2010 WL 11505461, at *5 (S.D. Fla. June 18,
   2010) ................................................................................................................. 2, 4

*Microsoft Corp. v. i4i Ltd. P'ship*,
   564 U.S. 91 (2011) ................................................................................................ 3

*Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*,
   No. CIV.A.05-CV-1887 DMC, 2009 WL 3754170 (D.N.J. Nov. 5,
   2009) ..................................................................................................................... 2

*Park W. Radiology v. CareCore Nat'l LLC*,
   675 F. Supp. 2d 314 (S.D.N.Y. 2009) .............................................................. 2, 3

*Sanofi-Aventis Deutschland Gmbh v. Glenmark Pharms. Inc., USA*,
   No. 07-CV-5855 DMC-JAD, 2011 WL 383861, at *3 (D.N.J. Feb. 3, 2011) ................................................................................................2

*SRI Int'l v. Matsushita Elec. Corp.*,
   775 F.2d 1107 (Fed. Cir. 1985) ..........................................................................3

*Univ. of Tex. v. Camenisch*,
   451 U.S. 390 (1981) ................................................................................2, 4, 5

**Other Authorities**

Fed. R. Evid. 402 ........................................................................................................6

Fed. R. Evid. 403 ........................................................................................................6

## I. INTRODUCTION

Defendant and Counterclaim Plaintiff Tetra Tech, Inc. and Third-Party Counterclaim Plaintiff Tetra Tech TAS Inc. (collectively, "Tetra Tech") respectfully seek to preclude evidence, argument, and testimony relating to the preliminary injunction proceedings and this Court's denial of Tetra Tech's motion for a preliminary injunction. At its core, this evidence is unduly prejudicial, confusing to the jury, and proffered solely for purposes that run contrary to existing case law. The preliminary injunction proceedings involved different evidence, arguments, and burdens of proof than presently before this Court, and thus are not relevant to the questions before the jury. Moreover, the Court's denial of Tetra Tech's motion for a preliminary injunction will almost certainly confuse or prejudice the jury regarding the ultimate merits of this case. Therefore, the Court should preclude any reference to the preliminary injunction proceedings to the jury.

## II. THE COURT SHOULD PRECLUDE EVIDENCE, ARGUMENT, AND TESTIMONY RELATING TO THE PRELIMINARY INJUNCTION PROCEEDINGS

The Federal Circuit has recognized that a court's decision on a preliminary injunction motion "should not, of course, prejudice, presage, or influence the outcome of the trial." *Litton Sys., Inc. v. Sundstrand Corp.*, 750 F.2d 952, 956 (Fed. Cir. 1984). Accordingly, district courts routinely grant motions *in limine* barring reference to preliminary injunction proceedings, acknowledging the prejudicial effect that arguments or evidence concerning a preliminary injunction can have on the jury. *See, e.g.*, *Illumina, Inc. v. BGI Genomics Co., Ltd*, No. 19-CV-03770-WHO, 2021 WL 4979799, at *9 (N.D. Cal. Oct. 27, 2021) ("Evidence of a preliminary injunction, including the fact of the preliminary injunction, is highly prejudicial and the probative value does not outweigh such prejudice."); *Judkins v. HT Window Fashions Corp.*, No. CIV. A. 07-0251, 2009 WL 3400989, at *1 (W.D. Pa. Oct. 20, 2009) (citing *Belgium v. United States*, 452 F.3d 1289, 1294 (Fed. Cir. 2006)) (precluding evidence regarding

the preliminary injunction decision because the "findings and conclusions at the preliminary injunction stage are tentative, subject to change, and are not binding at a trial on the merits"); *Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*, No. CIV.A.05-CV-1887 DMC, 2009 WL 3754170, at *5 (D.N.J. Nov. 5, 2009) ("[T]he introduction of the denial of the preliminary injunction and the Federal Circuit's affirmance of that disposition creates an unduly prejudicial effect outweighing any potential probative value.").[1]

As the district court in *Marlite, Inc. v. Eckenrod* explained, "[i]t is well understood that findings made at a preliminary injunction hearing are not binding at a trial on the merits, as the preliminary hearing does not take into account the full realm of the case that unfolds during discovery." No. 09-22607-CIV, 2010 WL 11505461, at *5 (S.D. Fla. June 18, 2010) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)).

This case is no different. Allowing the jury to learn that the Court previously denied Tetra Tech's motion for a preliminary injunction would be highly prejudicial to Tetra Tech. *See Illumina*, 2021 WL 4979799, at *9. It would suggest to the jury that this Court has already decided the issues at an earlier stage, which could mislead the jury and unfairly prejudice Tetra Tech. Even if the procedural history of the preliminary injunction proceedings is not described to the jury in detail, Tetra Tech would still be

---

[1] *See also Georgetown Rail Equip. Co. v. Holland L.P.*, No. 6:13-CV-366, 2016 WL 3346084, at *9 (E.D. Tex. June 16, 2016), aff'd, 867 F.3d 1229 (Fed. Cir. 2017) (granting motion *in limine* "to prevent testimony about the preliminary injunction in front of the jury"); *Park W. Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314, 324 (S.D.N.Y. 2009) (granting motion *in limine* to exclude any references to the court's ruling on a preliminary injunction because of the risk of undue influence on the jury); *Sanofi-Aventis Deutschland Gmbh v. Glenmark Pharms. Inc., USA*, No. 07-CV-5855 DMC-JAD, 2011 WL 383861, at *3 (D.N.J. Feb. 3, 2011) (excluding evidence and references concerning the preliminary injunction as "irrelevant and prejudicial"); *Howmedica Osteonics Corp. v. Zimmer, Inc.*, 2013 WL 5286189, at *2 (D.N.J. Sept. 16, 2013) (same).

2

prejudiced because the jury would, at a minimum, understand that the Court had substantial questions regarding Tetra Tech's infringement proofs. Indeed, any mention of the preliminary injunction proceedings would likely confuse the jury as to issues, such as why Tetra Tech moved for a preliminary injunction, the defenses Pavemetrics presented, whether those defenses are the same as the defenses presented at trial, and why the Court decided not to issue a preliminary injunction. *Park W. Radiology*, 675 F. Supp. 2d at 324 (excluding, as unduly prejudicial, the court's preliminary injunction ruling as well as any reference to why the motion was made).

Moreover, the burdens of proof at the preliminary injunction phase differ from the burdens of proof at trial. To obtain a preliminary injunction in a patent case, Tetra Tech needed to show, among other factors, that it was likely to prove infringement, and that the asserted claims were likely to survive a validity challenge by the alleged infringer. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001). In contrast, at trial, Tetra Tech only "bears the burden of proving infringement by a preponderance of the evidence," *SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1123 (Fed. Cir. 1985), and it bears no burden regarding validity. On the other side of the coin, at the preliminary injunction phase, Pavemetrics' burden was only to raise a "substantial question" concerning infringement or validity to ward off an injunction. *Amazon.com, Inc.*, 239 F.3d at 1350-51. In contrast, to succeed in its invalidity defense at trial, Pavemetrics must meet a much higher standard by proving the claims are invalid by clear and convincing evidence. *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011). Allowing the jury to hear evidence regarding this Court's preliminary injunction ruling would thus greatly complicate the issues because, at a minimum, the jury would then need to be instructed about the different burdens applicable at different stages of the case, as well as the absence of any discovery at the preliminary injunction stage.

Additionally, the preliminary injunction proceedings do not encompass the evidence the jury will hear at trial. The preliminary injunction proceedings before this

1  Court involved only claim 1 of U.S. Patent No. 10,362,293 ("the '293 patent"). ECF 30.
2  In contrast, the asserted claims at trial will involve claims 1, 2, 4, and 21 of the '293
3  patent as well as claim 8 of U.S. Patent No. 10,616,557 ("the '557 patent), most of
4  which were not included in Tetra Tech's preliminary injunction motion. ECF 30. It
5  would therefore likely cause confusion if the jury heard argument and testimony about
6  Tetra Tech seeking a preliminary injunction based only on claim 1 of the '293 patent,
7  while asking the jury to simultaneously evaluate the infringement and validity of several
8  other claims, including claims from a different patent, that were not part of the
9  preliminary injunction proceedings.

10  Furthermore, any purported value in mentioning this Court's preliminary
11  injunction ruling to the jury would be "substantially outweighed by a danger of . . .
12  unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. As
13  the independent fact-finding body, the jury should assess whether Tetra Tech has met
14  its burden with respect to infringement and whether Pavemetrics has met its burden that
15  the asserted patents are invalid without the taint of knowledge of arguments and orders
16  related to the preliminary injunction proceedings. *See Marlite*, 2010 WL 11505461, at
17  *5.

18  In addition to being unfairly prejudicial to Tetra Tech, the probative value of
19  arguments and testimony concerning the preliminary injunction is almost entirely
20  lacking. As the Supreme Court has recognized:

21  > The purpose of a preliminary injunction is merely to preserve
22  > the relative positions of the parties until a trial on the merits
23  > can be held. Given this limited purpose, . . . a preliminary
24  > injunction is customarily granted on the basis of procedures
25  > that are less formal and evidence that is less complete than in
26  > a trial on the merits.

27  *Univ. of Tex.*, 451 U.S. at 395. Any "findings of fact and conclusions of law at the
28  preliminary injunction stage are subject to change" and "are not binding at trial on the

4

merits." *Belgium*, 452 F.3d at 1294 (quoting *Univ. of Tex.*, 451 U.S. at 395). The preliminary nature of the findings on a motion for preliminary injunction render them irrelevant to the full trial on the merits. Indeed, the scope of evidence to be presented at trial will include proofs that were not available at the preliminary injunction stage, including, for example, Pavemetrics' source code, internal Pavemetrics' documents, witness testimony, and other evidence obtained through fact and expert discovery.

Pavemetrics has indicated that it intends to rely on the preliminary injunction ruling to support its alleged good faith belief of noninfringement, which relates to willfulness and indirect infringement. The Federal Circuit, however, has rejected this very argument. *See, e.g., Aqua Shield v. Inter Pool Cover Team*, 774 F.3d 766, 774 (Fed. Cir. 2014). In *Aqua Shield*, the Federal Circuit found that the district court's previous denial of a preliminary injunction motion could not reasonably support a conclusion of noninfringement where the plaintiff "lacked sufficient knowledge of [the defendant's] product to make the required showing of a likelihood of success on the merits." *Id.* The court noted that the preliminary injunction proceeding did not indicate what an infringement analysis of the accused products would show at trial once the details of defendant's products became known through fact discovery. *Id.*

As in *Aqua Shield*, the preliminary injunction motion here was adjudicated early in this case, before any fact or expert discovery had taken place, and before any claims were construed. *Id.* Notably, Tetra Tech lacked sufficient knowledge of, among other things, Pavemetrics' source code and internal documents at the time the preliminary injunction motion was filed, hindering its ability to show likelihood of success on the merits. *See id.* Thus, any attempt by Pavemetrics to rely on the preliminary injunction as it relates to an alleged good faith belief of noninfringement runs contrary to existing case law. Accordingly, in view of *Aqua Shield*, Tetra Tech respectfully disagrees with the Court's statement that its preliminary injunction ruling may provide "support to a good faith belief of noninfringement." ECF 209 at 8 (the Court's Order re: Motions for

Summary Judgment (ECF Nos. 148, 154, 157) and Motion to Strike (ECF No. 160)); *see also Aqua Shield*, 774 F.3d at 774.

Nevertheless, Pavemetrics has conceded that it does not need the preliminary injunction ruling to support its alleged noninfringement belief. ECF 191 at 13 (Pavemetrics' Reply in Support of Its Motion For Partial Summary Judgment No. 1 of No Indirect Infringement Based On Lack of Intent to Infringe). Instead, it primarily plans to support its alleged noninfringement belief based on "letters, non-infringement contentions, deposition and declaration testimony, and an expert report." *Id.* Thus, the preliminary injunction ruling "is not the only support" evidencing Pavemetrics' alleged belief of noninfringement. *Id.* Accordingly, the unfair prejudice that Tetra Tech would suffer as a result of Pavemetrics introducing evidence of the preliminary injunction proceedings before the jury far outweighs whatever incremental probative value Pavemetrics contends it would gain by introducing such evidence.

The Court should therefore exclude any evidence and argument relating to the preliminary injunction proceedings and this Court's ruling on Tetra Tech's motion for a preliminary injunction. *See* Fed. R. Evid. 402, 403.

## III. CONCLUSION

For the reasons explained above, Tetra Tech respectfully requests that the Court exclude evidence, argument, and testimony relating to the preliminary injunction proceedings.

Dated: July 11, 2022　　　　　　　　　**CLARK HILL LLP**

　　　　　　　　　　　　　　　　　　　By:

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Donald L. Ridge

6

| | |
|---|---|
| 1 | James R. Barney (*pro hac vice*) |
| 2 | Aaron L. Parker (*pro hac vice*) |
|   | Daniel G. Chung (*pro hac vice*) |
| 3 | Nicholas A. Cerulli (*pro hac vice*) |
| 4 | Kelly S. Horn (*pro hac vice*) |
|   | Jency J. Mathew (*pro hac vice*) |
| 5 | **FINNEGAN, HENDERSON, FARABOW,** |
| 6 | **GARRETT & DUNNER, LLP** |
| 7 | *Attorneys for Defendant and Counterclaim Plaintiffs* |
| 8 | TETRA TECH, INC. AND TETRA TECH TAS INC. |