Donald Ridge, Esq. (SBN: 132171)
**CLARK HILL LLP**
555 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
DRidge@clarkhill.com

James R. Barney (*pro hac vice*)
james.barney@finnegan.com
Aaron L. Parker (*pro hac vice*)
aaron.parker@finnegan.com
Daniel G. Chung (*pro hac vice*)
daniel.chung@finnegan.com
Nicholas A. Cerulli (*pro hac vice*)
nicholas.cerulli@finnegan.com
Kelly S. Horn (*pro hac vice*)
kelly.horn@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue NW
Washington, D.C. 20001-4413

Telephone:  (202) 408-4000
Facsimile:  (202) 408-4400

Jency J. Mathew (*pro hac vice*)
jency.mathew@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, Virginia 20190-6023
Telephone:  (571) 203-2700
Facsimile:  (571) 203-2777

*Attorneys for Defendant and Counterclaim Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>TETRA TECH, INC.<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. 2:21-cv-1289 MCS-MMA<br><br>**[REDACTED] TETRA TECH'S MOTION *IN LIMINE* NO. 3 TO PRECLUDE CERTAIN OPINIONS OF CHRISTIAN TREGILLIS**<br><br>**Honorable Mark C. Scarsi**<br><br>**Date: July 25, 2022**<br>**Time: 2:00 p.m.**<br>**Courtroom: 7C** |

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................1

II. RELEVANT BACKGROUND....................................................................1

III. ARGUMENT................................................................................................3

    A. Mr. Tregillis's Reasonable Royalty Opinion Based on the Cost of an Alleged Noninfringing Alternative Should Be Excluded.................3

    B. Mr. Tregillis's Reasonable Royalty Calculation Is Not Sufficiently Tied to the Facts of this Case ..............................................................6

IV. CONCLUSION .............................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bakst v. Cmty. Me'l Health Sys., Inc.*,
   No. CV0908241MMMFFMX, 2011 WL 13214315 (C.D. Cal. Mar. 7, 2011) ................................................................................................................7

*GPNE Corp. v. Apple, Inc.*,
   No. 12-CV-02885-LHK, 2014 WL 3870256 (N.D. Cal. Aug. 6, 2014) ...... 3, 4, 5

*Malletier v. Dooney & Bourke, Inc.*,
   525 F. Supp. 2d 558 (S.D.N.Y. 2007) ................................................................4

*Shure Inc. v. ClearOne, Inc.*,
   No. CV 19-1343-RGA-CJB, 2021 WL 4748744 (D. Del. Oct. 8, 2021), *objections overruled*, No. CV 19-1343-RGA, 2021 WL 4973981 (D. Del. Oct. 26, 2021)...................................................................5

*Sound View Innovations, LLC v. Hulu, LLC*,
   No. LACV1704146JAKPLAX, 2019 WL 9047211 (C.D. Cal. Nov. 18, 2019), *aff'd*, 33 F.4th 1326 (Fed. Cir. 2022).................................... 4, 5, 6, 7

**Other Authorities**

Fed. R. Civ. P. 26(a)(2) ............................................................................................ 4, 5

Fed. R. Evid. 702 ..........................................................................................................3

## I. INTRODUCTION

Pavemetrics' damages expert, Christian Tregillis, bases his reasonable royalty opinion on (1) the cost of implementing an alleged noninfringing alternative and (2) the ████████████████████████████████████████████████████████████████████████████. The evidentiary record, however, is devoid of any adequate factual foundation to support Mr. Tregillis's opinions. Mr. Tregillis is indisputably unqualified to offer opinions on any technical issues, including whether any technology is a noninfringing alternative or the time and expense to arrive at such a hypothetical alternative design. Mr. Tregillis's **sole** foundation for the purported costs of the alleged noninfringing alternative is a "discussion with Dr. David Frakes," Pavemetrics' technical expert. But Dr. Frakes does not offer **any** opinions concerning these costs. Moreover, the second component to Mr. Tregillis's reasonable royalty calculation—████████████████████████████████████████—is an assumption derived **solely** from Mr. Tregillis's personal experience that lacks any connection to the facts of this case.

Accordingly, the Court should exclude Mr. Tregillis's reasonable royalty determination, and all opinions based thereon, because it is unsupported and otherwise rests on an unreliable foundation.

## II. RELEVANT BACKGROUND

On March 11, 2022, Pavemetrics served Mr. Tregillis's rebuttal report on damages. Parker Ex. 4. In one section of his report, Mr. Tregillis offers an opinion on a reasonable royalty Pavemetrics would pay determined by a hypothetical negotiation entered into around the time of Pavemetrics' first infringement. Parker Ex. 4, ¶¶ 7, 119-70. For the actual royalty Pavemetrics would pay, Mr. Tregillis contends that ████████████████████████████████████████████████████████████████████████████. *Id.* at ¶¶ 140-41. And to determine

1

the royalty amount, Mr. Tregillis applies the cost of implementing the alleged noninfringing alternative based only on his undisclosed "discussion" with Dr. Frakes:

[redacted]

Ex. 4, ¶ 142 (emphases added).

In addition, Mr. Tregillis assumed that Pavemetrics would [redacted] *Id.* at ¶¶ 143-44. Without reference to anything in the evidentiary record, Mr. Tregillis assumes that this [redacted] *. Id.* at ¶¶ 145, 177-79.

2

## III. ARGUMENT

### A. Mr. Tregillis's Reasonable Royalty Opinion Based on the Cost of an Alleged Noninfringing Alternative Should Be Excluded

Mr. Tregillis should be precluded from offering at trial his reasonable royalty opinion based on the purported cost of an alleged noninfringing alternative, and any conclusions relying thereon, because no reliable factual basis exists for this opinion.

*First*, the underlying facts for the proposed testimony are outside the scope of Mr. Tregillis's expertise. Mr. Tregillis is not qualified to opine on the costs, time, and nature of the work necessary to implement the alleged noninfringing alternative by removing certain accused software functionalities. *See* Fed. R. Evid. 702. Rather, Mr. Tregillis's areas of expertise are financial accounting and economic analyses. Parker Ex. 5, Tregillis Depo., 9:6-13; *see also* Parker Ex. 4, ¶¶ 1-7. He does not have technical expertise in software development, software engineering, computer vision, machine vision, artificial intelligence, or neural networks, let alone expertise in railway track inspection or autonomous railway track inspection. Parker Ex. 5, 11:18-12:21; *see also id.* at 9:14-21 (Mr. Tregillis admitting that his opinions are limited to the area of patent infringement damages). Accordingly, Mr. Tregillis himself cannot provide the requisite factual basis for the cost of the alleged noninfringing alternative.

*Second*, no sufficient factual basis supports Mr. Tregillis's opinion concerning the cost for the actual royalty Pavemetrics would pay under a hypothetical negotiation. Mr. Tregillis relies ***solely*** on a "discussion with Dr. Frakes," Pavemetrics' technical expert, for the expected cost and time to implement the alleged noninfringing alternative. Parker Ex. 4, ¶ 142. Yet nowhere in Dr. Frakes' expert report does he set forth an opinion concerning the cost for the alleged noninfringing alternative at the time of the hypothetical negotiation. Parker Ex. 14, ¶¶ 401-406. For Mr. Tregillis to rely on a technical analysis to support his reasonable royalty determination, those technical opinions must be disclosed by Dr. Frakes. They are not. *GPNE Corp. v. Apple, Inc.*, No. 12-CV-02885-LHK, 2014 WL 3870256, at *7 (N.D. Cal. Aug. 6, 2014) (citing Fed. R.

3

Evid. 702 and Fed. R. Civ. P. 26(a)(2). Thus, regardless of what Dr. Frakes may have told Mr. Tregillis during their purported "discussion," Dr. Frakes cannot testify about the expected cost of the alleged noninfringing alternative at trial.[1] *See* Fed. R. Civ. P. 26(a)(2). And Mr. Tregillis would otherwise be precluded from testifying at trial about what Dr. Frakes told him because this would be impermissible hearsay. *See, e.g.*, *Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 664 (S.D.N.Y. 2007) (finding that an expert cannot be "a conduit for the opinion of an unproduced expert" because this would violate the hearsay rule and be inadmissible).

Courts in this district have precluded damages experts from presenting unsupported reasonable royalty determinations under similar circumstances. In *Sound View Innovations, LLC v. Hulu, LLC*, a damages expert relied on "discussions" with a technical expert that were "not described in any of Chase's [the technical expert's] expert reports" for the expected time to implement a design around at the time of the hypothetical negotiation. No. LACV1704146JAKPLAX, 2019 WL 9047211, at *13-15 (C.D. Cal. Nov. 18, 2019), *aff'd*, 33 F.4th 1326 (Fed. Cir. 2022). The district court excluded the damages expert's opinions, finding that "[b]ecause Chase [the technical expert] did not disclose all of his relevant expert opinions on which Jeffords [the damages expert] relies, it is inappropriate for Jeffords [the damages expert] to make corresponding assumptions." *Id.* at *14. The district court also excluded the damages expert's "lack of benefit" opinion where the damages expert again cited only to discussions with the technical expert "to support his opinion, not to a portion of Chase's [the technical expert's] expert report." *Id.* ("Because Jeffords cannot rely on the

---

[1] For the same reasons, Mr. Tregillis cannot cure his flawed opinion by relying on Pavemetrics' percipient witnesses at trial. Mr. Tregillis's sole basis for the reasonable royalty determination is the purported "discussion with Dr. Frakes," and thus he cannot fill this gap with testimony from percipient witnesses that was not disclosed in forming his opinions. *See* Fed. R. Civ. P. 26(a)(2).

4

undisclosed opinion of another expert to support his analysis, his lack of benefit opinion is excluded").

Other district courts, including those in the Ninth Circuit, have arrived at the same conclusion. For example, in *GPNE Corp. v. Apple, Inc.*, a damages expert referred "solely to his 'discussions with Dr. Dinan [the technical expert]'" as the source for his damages conclusion. 2014 WL 3870256 at *7. The district court excluded the damages opinion because the technical analysis relied on by the damages expert was not "separately disclosed" by the technical expert. *Id.* Likewise, in *Shure Inc. v. ClearOne, Inc.*, the district court found that merely referencing "discussions with Shure's technical expert" was an insufficient "factual basis" for the damages expert's opinion regarding certain design around costs. No. CV 19-1343-RGA-CJB, 2021 WL 4748744, at *1 (D. Del. Oct. 8, 2021), *objections overruled*, No. CV 19-1343-RGA, 2021 WL 4973981 (D. Del. Oct. 26, 2021). The district court excluded the damages expert's opinion because it required "a firm factual foundation drawn from a technical expert," but "the factual basis for [the damages expert's] conclusion [was] not referenced in Dr. Vander Veen's [the technical expert's] report." *Id.*

Here, Mr. Tregillis's reasonable royalty opinion is flawed in the same way as the excluded damages opinions in *Sound View*, *GPNE*, and *Shure*—it lacks an adequate factual foundation in the evidentiary record. Mr. Tregillis cannot rely on an undisclosed "discussion with Dr. Frakes" as the sole basis for his reasonable royalty determination without Dr. Frakes' underlying technical opinion contained in the evidentiary record. The absence of Dr. Frakes' underlying technical opinion improperly evades cross-examination and reviewability by the trier of fact.[2] *Sound View*, 2019 WL 9047211 at

---

[2] Any attempt by Pavemetrics to justify the absence of this factual foundation by arguing that Tetra Tech should have asked Dr. Frakes about the purported "discussion" with Mr. Tregillis should be rejected. Indeed, Dr. Frakes himself confirmed that all of the opinions he intends to offer at trial are contained in his expert reports. Parker Ex. 6, Frakes Depo., 58:21-60:21. Dr. Frakes cannot testify as to something not in his reports,

5

*14 (recognizing that although "one expert may rely on opinions or analyses of another," this is premised on the ability to test the "reliability of the opinions of the other expert" and "without a disclosure of those opinions and their basis, such a direct challenge cannot be made"). Therefore, in view of the lack of a factual foundation for his conclusions, the Court should preclude Mr. Tregillis from presenting his reasonable royalty opinion based on the purported cost of an alleged noninfringing alternative.

### B. Mr. Tregillis's Reasonable Royalty Calculation Is Not Sufficiently Tied to the Facts of this Case

The Court should also exclude Mr. Tregillis's reasonable royalty opinion because it is nothing more than an unsupported and speculative guess at an actual royalty Pavemetrics should pay under the hypothetical negotiation. To calculate the royalty, Mr. Tregillis . Parker Ex. 4, ¶ 142. For this calculation, Mr. Tregillis merely ▓▓▓ Yet the evidentiary record is completely silent on whether ▓▓▓. Mr. Tregillis points to no factual foundation as to ▓▓▓ but instead speculates, without support, that the cost is conservative. Because the hourly rates are not tied to any facts in this case, Mr. Tregillis's opinions as to the reasonable royalty Pavemetrics would pay must be excluded. *Sound View*, 2019 WL 9047211 at *14 (excluding reasonable royalty opinion "based on speculative data" of an hourly rate where there was no evidence that the

---

Fed. R. Civ. P. 26(a)(2), nor was it Tetra Tech's responsibility to provide an opportunity for Dr. Frakes to fill in the gaps at his deposition.

1 | alleged infringer would have paid its engineers "more, less, or about the same"); *see*
2 | *also Bakst v. Cmty. Me'l Health Sys., Inc.*, No. CV0908241MMMFFMX, 2011 WL
3 | 13214315, at *20 (C.D. Cal. Mar. 7, 2011) ("The court agrees that because Wunderlich's
4 | damages calculation is based on factual assumptions that are entirely unsupported in the
5 | record, it fails to meet the second prong of *Daubert*.").
6 |      The other component of Mr. Tregillis's reasonable royalty calculation is his
7 | [REDACTED]
8 | [REDACTED]
9 | [REDACTED]. Parker
10 | Ex. 4, ¶ 144. Without support from the evidentiary record, Mr. Tregillis quantifies [REDACTED]
11 | [REDACTED]. *Id.*, ¶¶ 145, 177-79. Instead, Mr. Tregillis relies solely on his "[REDACTED]
12 | [REDACTED] Parker Ex. 5, Tregillis Depo., 201:8-14.
13 | This again is insufficiently tied to the facts of the case. *Sound View*, 2019 WL 9047211
14 | at *14; *Bakst*, 2011 WL 13214315 at *20. Indeed, the comparator from Mr. Tregillis's
15 | [REDACTED]
16 | [REDACTED] Parker Ex. 5, 205:4-
17 | 206:21. Mr. Tregillis fails to tie or quantify [REDACTED]
18 | [REDACTED] or its value to Pavemetrics under the facts of this case.
19 |      Accordingly, Mr. Tregillis should be precluded from presenting his reasonable
20 | royalty opinion because it is based on speculation and factual assumptions that are
21 | entirely unsupported in the record.
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

## IV. CONCLUSION

For the reasons explained above, Tetra Tech respectfully requests that the Court exclude Mr. Tregillis from testifying as to any reasonable royalty Pavemetrics should pay based on implementing an alleged noninfringing alternative and the purported ████████████████████████████████████████████████████████████████.

Dated: July 11, 2022

**CLARK HILL LLP**

By:

_____
Donald L. Ridge

James R. Barney (*pro hac vice*)
Aaron L. Parker (*pro hac vice*)
Daniel G. Chung (*pro hac vice*)
Nicholas A. Cerulli (*pro hac vice*)
Kelly S. Horn (*pro hac vice*)
Jency J. Mathew (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**

*Attorneys for Defendant and Counterclaim Plaintiffs*
TETRA TECH, INC. AND TETRA TECH TAS INC.