Donald Ridge, Esq. (SBN: 132171)
**CLARK HILL LLP**
555 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
DRidge@clarkhill.com

James R. Barney (*pro hac vice*)
james.barney@finnegan.com
Aaron L. Parker (*pro hac vice*)
aaron.parker@finnegan.com
Daniel G. Chung (*pro hac vice*)
daniel.chung@finnegan.com
Nicholas A. Cerulli (*pro hac vice*)
nicholas.cerulli@finnegan.com
Kelly S. Horn (*pro hac vice*)
kelly.horn@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue NW
Washington, D.C. 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Jency J. Mathew (*pro hac vice*)
jency.mathew@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, Virginia 20190-6023
Telephone: (571) 203-2700
Facsimile: (571) 203-2777

*Attorneys for Defendant and Counterclaim Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>TETRA TECH, INC.<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. 2:21-cv-1289 MCS-MMA<br><br>**TETRA TECH'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE REFERENCES TO UNDISCLOSED LEGAL OPINIONS OR LAY OPINIONS TO DEFEND AGAINST TETRA TECH'S CLAIMS OF INDUCED AND WILLFUL INFRINGEMENT**<br><br>**Honorable Mark C. Scarsi**<br><br>**Date: July 25, 2022**<br>**Time: 2:00 p.m.**<br>**Courtroom: 7C** |

## **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................1

II.  THE COURT SHOULD EXCLUDE REFERENCES TO UNDISCLOSED LEGAL OPINIONS .........................................................1

III. THE COURT SHOULD EXCLUDE LAY OPINION TESTIMONY REGARDING NON-INFRINGEMENT ........................................................3

IV. CONCLUSION ...........................................................................................5

## I. INTRODUCTION

Tetra Tech, Inc. ("Tetra Tech") respectfully seeks to preclude Pavemetrics Systems Inc. ("Pavemetrics") from introducing any evidence, argument, or testimony relating to the following bases for its alleged good-faith belief of non-infringement or invalidity: (1) undisclosed legal opinions or legal advice regarding the Asserted Patents; and (2) lay opinions of Pavemetrics' lay witness based on their alleged comparison of the Accused Products to the Asserted Patents.

Regarding the first category, Pavemetrics has not disclosed, or otherwise waived attorney-client privilege over, any legal opinion it obtained regarding non-infringement or invalidity of the Asserted Patents. As such, Pavemetrics should not be permitted to suggest in any manner that it holds any good faith belief based on any such advice or opinion of counsel. Regarding the second category, any attempt by Pavemetrics to offer evidence from its lay witnesses regarding any determination by Pavemetrics that it did not infringe the Asserted Claims or that the Asserted Claims were invalid would constitute inadmissible opinion testimony by a lay witness in violation of Federal Rule of Evidence 701.

Any evidence offered by Pavemetrics on these matters may improperly confuse or prejudice the jury as to the basis for Pavemetrics' alleged belief of non-infringement, invalidity, and their ultimate decisions regarding induced and willful infringement. Therefore, Tetra Tech respectfully requests that this Court preclude any reference to (1) undisclosed legal opinions obtained by Pavemetrics, and (2) lay opinions of Pavemetrics' lay witnesses, as a basis for showing that Pavemetrics had an alleged good-faith belief of non-infringement or invalidity.

## II. THE COURT SHOULD EXCLUDE REFERENCES TO UNDISCLOSED LEGAL OPINIONS

Tetra Tech moves to preclude evidence, argument, and testimony relating to opinion or advice of counsel on non-infringement or invalidity because Pavemetrics withheld discovery on such matters during discovery on the basis of privilege. It is well-

settled that if a defendant elects not to produce any opinions of counsel that it relied on, thereby preserving the attorney-client privilege, then it cannot refer to any such opinion or advice at trial. *See Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001), *cert. denied*, 534 U.S. 1127 (2002) (affirming the district court's decision to preclude the defendant from relying on advice of counsel to demonstrate that his infringement was not willful where the defendant refused to answer questions regarding his interactions with counsel at his deposition); *Fastek, LLC v. Steco*, No. 10-cv-0972-MMA(CAB), 2011 U.S. Dist. LEXIS 107544, at*4 (S.D. Cal. Sept. 21, 2011) ("Steco did not waive the privilege … and did not produce any previously withheld documents regarding opinion of counsel. Consequently, absent a stipulation by the parties or an order by the Court based upon a showing of good cause, Steco is precluded [from] introducing an opinion of counsel as a defense to any willful infringement allegations."). To allow otherwise would improperly turn the attorney-client privilege into both a "sword and a shield." *Columbia Pictures*, 259 F.3d at 1196 (internal quotation marks omitted).

Pavemetrics designated its President and CEO, Richard Habel, to testify on behalf of the company under Fed. R. Civ. P. 30(b)(6) as to "[a]ny investigations or activities relating to the Asserted Patents, including any steps taken before the filing of this Action by or on behalf of Pavemetrics to determine whether the Accused Products and Services infringe the Asserted Patents or the claims of the Asserted Patents are valid or invalid, and any opinions of counsel that Pavemetrics intends to rely on in this Action." Parker Ex. 11. During his deposition, Mr. Habel testified that Pavemetrics was not relying on any opinions of counsel as part of any of its defenses in this case. Parker Ex. 12, Habel Tr., 182:14-17.

During discovery, Tetra Tech served on Pavemetrics Interrogatory No. 20, which asked Pavemetrics to "[i]dentify and describe the complete legal and factual basis for Pavemetrics' contention that it has not or does not willfully infringe the Asserted Patents, including, but not limited to, whether Pavemetrics will rely on any opinion of

counsel, whether written or oral, to rebut Tetra Tech's willful infringement contention, and identify all documents that support, contradict, or reflect the foregoing information." Parker Ex. 13 at 6 (Pavemetrics' Interrogatory Responses). Pavemetrics objected to the interrogatory on the basis that it sought "information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege," and it did not assert that it relied on any opinion or advice of counsel as a basis for its belief of non-infringement or invalidity. *Id.*

In accordance with Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." Pursuant to Rule 37(c)(1), Pavemetrics should therefore not be permitted to suggest in any manner that it formed a good-faith belief of non-infringement or invalidity based on any opinion or advice of counsel. *See Fastek*, 2011 U.S. Dist. LEXIS 107544, at*4.

### III. THE COURT SHOULD EXCLUDE LAY OPINION TESTIMONY REGARDING NON-INFRINGEMENT

Pavemetrics should also be precluded from introducing lay opinion testimony as an evidentiary basis of any alleged good-faith belief of non-infringement or invalidity held by Pavemetrics. Rule 701 of the Federal Rules of Evidence expressly precludes lay opinion testimony "based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

Pavemetrics should not be permitted to introduce evidence about any purported non-infringement or invalidity analysis conducted by its lay witnesses, including Mr. Habel, that allegedly led Pavemetrics to believe the Accused Products did not infringe the Asserted Claims or that the Asserted Claims were invalid. Mr. Habel is neither a lawyer nor a technical expert, and he is therefore unqualified to opine on legal or technical matters. Indeed, Mr. Habel admitted as much during his deposition, acknowledging that he is neither a lawyer nor an expert on legal matters. Parker Ex. 12,

3

1  Habel Tr., 171:17-19. Accordingly, testimony from Pavemetrics' lay witnesses,
2  including Mr. Habel, of any non-infringement analyses they conducted or
3  determinations they made based on a comparison of the Accused Products with the
4  Asserted Claims should be excluded under Rule 701 because such testimony is based
5  on technical knowledge within the scope of Rule 702. Moreover, "[i]ntroduction of
6  testimony based on this line of reasoning would create a risk of jury confusion . . . that
7  would outweigh any probative value it may have about [Pavemetrics'] state of mind for
8  purposes of determining willful infringement." *National Products, Inc v. Wireless
9  Accessory Solutions, LLC*, Case No. 2:18-CV-02936-AB (SSx), Dkt. 188 at 17 (C.D.
10 Cal. Mar. 25, 2019) (granting motion *in limine* to exclude lay witness testimony about
11 a comparison of products to the asserted claims as "likely to elicit Rule 702 opinion
12 testimony").

13    Lay witness opinion testimony is limited to testimony that is "(a) rationally based
14 on the witness's perception; (b) helpful to clearly understanding the witness's testimony
15 or to determining a fact in issue; and (c) not based on scientific, technical, or other
16 specialized knowledge within the scope of Rule 702 [governing expert testimony]."
17 Fed. R. Evid. 701. "Lay opinion testimony is 'not to provide specialized explanations
18 or interpretations that an untrained layman could not make if perceiving the same acts
19 or events.'" *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. 597, 2006 WL
20 1330002, at *3 (N.D. Cal. May 15, 2006) (quoting *U.S. v. Conn*, 297 F.3d 548, 554 (7th
21 Cir. 2002)). "[W]hen the declarants compare the [prior art] to the [ ] Patent [at issue],
22 they provide testimony that does require specialized knowledge. This they are not
23 permitted to do as lay witnesses." *Gart v. Logitech, Inc.*, 254 F.Supp.2d 1119, 1123
24 (C.D. Cal. 2003); *see also See Air Turbine Technology, Inc. v. Atlas Copco AB*, 410
25 F.3d 701, 712, 714 (Fed. Cir. 2005) (finding that district court did not abuse its
26 discretion in excluding testimony of co-inventor of the claimed invention regarding the
27 structure and function of the accused device because such testimony required the
28

application of "special scientific knowledge" and was thus outside the bounds of Rule 701).

Both infringement and validity inquiries require an understanding of claim construction principles and the application of those principles from the perspective of a person of ordinary skill in the art. Pavemetrics has not asserted, let alone established, that any of its lay witnesses possess the requisite skills to properly conduct that type of analysis. And even if Pavemetrics lay witnesses were to qualify as experts under Rule 702, they did not submit any expert reports disclosing any non-infringement or invalidity analysis they conducted, as required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

For at least these reasons, Pavemetrics should be precluded from introducing opinion testimony from its lay witnesses regarding any non-infringement or invalidity analysis they conducted that formed a basis for Pavemetrics' alleged belief of non-infringement or that the Asserted Claims were invalid.

## IV. CONCLUSION

For the reasons explained above, Tetra Tech respectfully requests that the Court exclude evidence, argument, and testimony regarding any alleged good faith belief Pavemetrics holds for non-infringement or invalidity based on opinion of counsel, or Pavemetrics' own determinations of non-infringement or that the Asserted Claims were invalid.

Dated: July 11, 2022

**CLARK HILL LLP**

By: _____

Donald L. Ridge

5

| | |
|---|---|
| 1 | |
| 2 | James R. Barney (*pro hac vice*) |
|   | Aaron L. Parker (*pro hac vice*) |
| 3 | Daniel G. Chung (*pro hac vice*) |
| 4 | Nicholas A. Cerulli (*pro hac vice*) |
|   | Kelly S. Horn (*pro hac vice*) |
| 5 | Jency J. Mathew (*pro hac vice*) |
| 6 | **FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP** |
| 7 | |
| 8 | *Attorneys for Defendant and Counterclaim Plaintiffs* |
|   | TETRA TECH, INC. AND TETRA TECH TAS |
| 9 | INC. |