# EXHIBIT 1

# Cerulli, Nicholas

| | |
|---|---|
| **From:** | Christy.Lea <Christy.Lea@knobbe.com> |
| **Sent:** | Wednesday, June 22, 2022 7:51 PM |
| **To:** | Cerulli, Nicholas; EXT- joe.re@knobbe.com; Nicholas.Zovko; Alan.Laquer; Raymond.Lu; Lit PAVEL.001L |
| **Cc:** | Parker, Aaron; Chung, Daniel; Horn, Kelly; Mathew, Jency; Ridge, Donald L.; Ecklund, Steve; Barney, James |
| **Subject:** | Pavemetrics' Statement of Claims, Counterclaims, and Defenses |

**EXTERNAL Email:**

Counsel,

Thank you for Tetra Tech's statement of claims it plans to pursue at trial. We also appreciate the parties resolving the issues raised by our earlier emails and stipulating to limit the asserted claims at trial to Claims 1, 2, 4, and 21 of the '293 patent and Claim 8 of the '557 patent. *See* ECF 204.

In light of the parties' stipulation to limit the patent claims to the five patent claims identified by Tetra Tech, below is Pavemetrics' statement of the claims, counterclaims, and defenses that it plans to pursue at trial.

Declaratory judgment of non-infringement of the five asserted patent claims.

Declaratory judgment of invalidity of the five asserted patent claims.
- Claims 1, 2, 4, and 21 of the '293 patent would have been obvious in view of the UML Sale and Support and/or UML-TRB2014, either alone or in combination with EC-TRB2014
- Claim 21 of the '293 patent would have been obvious in view of the combinations above and when combined with Gibert-Serra
- Claims 1, 2, 4, and 21 of the '293 patent are anticipated by or would have been obvious in view of Tetra Tech's prior use, sale, offer for sale of Tetra Tech's IRAP Prototype system, 3DTAS, and/or 3D tie assessment system ("Tetra Tech's Prior Use")
- Claims 1, 2, 4, and 21 of the '293 patent are indefinite under 35 U.S.C. § 112(b).
- Claim 8 of the '557 patent is anticipated by or would have been obvious in view of the UML Sale and Support and/or UML-TRB2014.
- Claim 8 of the '557 patent is anticipated or would have been obvious by Tetra Tech's Prior Use

The above list in no way limits Pavemetrics' ability to introduce prior art that reflects the state of the art or shows motivation to combine.

Pavemetrics maintains the following defenses: invalidity, prosecution history estoppel, estoppel, failure to give notice under 35 U.S.C. § 287, immunity under 28 U.S.C. § 1498.

Declaration that this case is exceptional under 35 U.S.C. § 285 and an award of Pavemetrics' attorneys' fees, costs, and expenses.

Declaration that Pavemetrics is free and clear to make, use, offer for sale, and sell its LRAIL system despite any rights Tetra Tech purports to own.

An injunction prohibiting Tetra Tech from representing to anyone that Pavemetrics is infringing on any rights Tetra Tech purports to own, including any rights based on the patents-in-suit.

1

# Exhibit 1
5

Solely for the purposes of streamlining the issues to be tried, Pavemetrics is willing to withdraw its infringement defense with respect to 35 U.S.C. § 273 and its waiver and acquiescence defense.  Pavemetrics is also willing to withdraw enablement, written description, and all other invalidity grounds not identified above.

Best,
Christy


**Christy Lea**
Partner
949-721-7642  Direct
949-500-6972  Cell
**Knobbe Martens**


---

**From:** Cerulli, Nicholas <Nicholas.Cerulli@finnegan.com>
**Sent:** Monday, June 20, 2022 6:16 PM
**To:** Joe.Re <Joe.Re@knobbe.com>; Christy.Lea <Christy.Lea@knobbe.com>; Nicholas.Zovko <Nicholas.Zovko@knobbe.com>; Alan.Laquer <Alan.Laquer@knobbe.com>; Raymond.Lu <Raymond.Lu@knobbe.com>; Lit PAVEL.001L <LitPAVEL.001L@knobbe.com>
**Cc:** Parker, Aaron <Aaron.Parker@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Horn, Kelly <Kelly.Horn@finnegan.com>; Mathew, Jency <Jency.Mathew@finnegan.com>; Ridge, Donald L. <dridge@clarkhill.com>; Ecklund, Steve <steve.ecklund@finnegan.com>; Barney, James <James.Barney@finnegan.com>
**Subject:** Tetra Tech's Statement of Claims - Pavemetrics v. Tetra Tech, Case 2:21-cv-01289-MCS-MAA

Counsel,

Per the agreed-upon pretrial schedule, below is Tetra Tech's statement of the claims it plans to pursue at trial, including an identification of the asserted patent claims.  Tetra Tech reserves the right to amend this statement for any reason.

Solely for the purpose of narrowing the issues presented at trial, which is necessitated solely by the limited trial time available, Tetra Tech is willing to drop certain patent claims without prejudice if Pavemetrics is willing to agree to withdraw its claims and counterclaims with respect to those same patent claims, without prejudice.  If Pavemetrics is unwilling to do so, Tetra Tech maintains is right to pursue all asserted claims at trial.

Subject to the foregoing, Tetra Tech intends to present evidence and argument at trial that Pavemetrics has directly and indirectly infringed (via induced and contributory infringement) claims 1, 2, 4, and 21 of the '293 patent and claim 8 of the '557 patent.  Tetra Tech intends to assert that this infringement was willful.

Tetra Tech intends to seek damages in the form of lost profits, but in no event less than a reasonable royalty.

Tetra Tech reserves the right to present all available defenses to any claim or counterclaim presented by Pavemetrics at trial.  Tetra Tech also reserves the right to pursue all available post-trial and equitable relief, including but not limited to injunctive relief, enhanced damages, supplemental damages, pre-judgment and post-judgment interest, attorney fees, and costs.

As noted above, solely for the purposes of streamlining the issues and claims to be tried, Tetra Tech is willing to withdraw its counterclaim of infringement with respect to claims 15, 16, 19, 20, 22, 23, 36, 37, 40, and 41-43 of the '293 patent and claims 9, 10, and 14 of the '557 patent, without prejudice, in exchange for Pavemetrics agreeing to withdraw, without prejudice, its corresponding claims, counterclaims, and defenses related to these same patent claims.  This

would also be contingent upon Pavemetrics agreeing to withdraw its pending summary judgment motion relating to noninfringement of claim 14 of the '557 patent.

Please provide Pavemetrics' response to this offer in your upcoming statement of June 22.

Best regards,
Nick

**Nicholas Cerulli**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4248 | fax: 202.408.4400 | nicholas.cerulli@finnegan.com | [www.finnegan.com](www.finnegan.com)

FINNEGAN

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.