| | |
|---|---|
| Donald Ridge, Esq. (SBN: 132171)<br>**CLARK HILL LLP**<br>555 South Flower Street, 24th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 891-9100<br>Facsimile: (213) 488-1178<br>DRidge@clarkhill.com<br><br>James R. Barney (*pro hac vice*)<br>james.barney@finnegan.com<br>Aaron L. Parker (*pro hac vice*)<br>aaron.parker@finnegan.com<br>Daniel G. Chung (*pro hac vice*)<br>daniel.chung@finnegan.com<br>Nicholas A. Cerulli (*pro hac vice*)<br>nicholas.cerulli@finnegan.com<br>Kelly S. Horn (*pro hac vice*)<br>kelly.horn@finnegan.com<br>**FINNEGAN, HENDERSON,<br>FARABOW, GARRETT &<br>DUNNER, LLP**<br>901 New York Avenue NW<br>Washington, D.C. 20001-4413<br>Telephone: (202) 408-4000<br>Facsimile: (202) 408-4400 | Jency J. Mathew (*pro hac vice*)<br>jency.mathew@finnegan.com<br>**FINNEGAN, HENDERSON,<br>FARABOW, GARRETT &<br>DUNNER, LLP**<br>1875 Explorer Street, Suite 800<br>Reston, Virginia 20190-6023<br>Telephone: (571) 203-2700<br>Facsimile: (571) 203-2777<br><br>*Attorneys for Defendant and<br>Counterclaim Plaintiffs* |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>TETRA TECH, INC.<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. 2:21-cv-1289 MCS-MMA<br><br>**TETRA TECH'S OPPOSITION TO PAVEMETRICS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE CERTAIN HEARSAY STATEMENTS**<br><br>**Honorable Mark C. Scarsi**<br><br>Date: August 1, 2022<br>Time: 2:00 p.m.<br>Courtroom: 7C |

Defendant and Counterclaim Plaintiff Tetra Tech, Inc. and Counterclaim Plaintiff Tetra Tech TAS Inc. (collectively, "Tetra Tech") respectfully oppose Pavemetrics' Motion *in Limine* No. 1 (ECF 226) ("MIL No. 1").

Trial Exhibit 804 (Larson Email) is not hearsay because it is a business record excluded from the rule against hearsay under at least Fed. R. Evid. 803(6). Trial Exhibit 804 satisfies the requirements of the business records exception because Larson had knowledge of Spencer's remarks, prepared the record memorializing his business call with Spencer shortly after said call, and the record was kept in Tetra Tech's ordinary course of business.

Spencer's statements conveyed in Trial Exhibit 804 are also not excluded by the rule against hearsay because they are statements against interest. *See* Fed. R. Evid. 804(b)(3). As a CSX employee, Spencer's statements about Tetra Tech's patents would have been contrary to his interest in limiting CSX's exposure to liability for infringing Tetra Tech's patents. And contrary to Pavemetrics' assertion, Spencer's inability to recall specific details of his discussion with Larson—more than a year after said discussion—does not render Spencer's statements "inherently untrustworthy."

Spencer's statements also fall under Rule 807's residual exception. The residual exception applies where "(1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a). Larson's email memorializing Spencer's statements mere hours after Larson and Spencer had the conversation is contemporaneous proof that sufficiently guarantees the trustworthiness of the statements contained therein. Indeed, Spencer himself acknowledged during his deposition that Larson is trustworthy. Laquer Ex. C at 146:15-23. Moreover, because Spencer was unable to recall the conversation more than a year later at his deposition (*id.* at 148:5-10), Tetra Tech cannot obtain more probative evidence regarding the

1

conversations that took place between Larson and Spencer, despite reasonable efforts. Finally, Pavemetrics had the requisite notice under Rule 807(b) as the exhibit was included on the parties' joint trial exhibit list and submitted in prior, pre-trial filings.

Therefore, because Spencer's statements to Larson and Larson's email conveying those statements to other Tetra Tech employees are not barred by the rule against hearsay, Tetra Tech should not be precluded from relying on Trial Exhibit 804.

Furthermore, while Pavemetrics' motion only discusses one document (Trial Exhibit 804), it asks the Court to broadly exclude "certain hearsay statements, particularly prejudicial hearsay statements by Tetra Tech or third parties that Pavemetrics purportedly knew about any of Tetra Tech patents." MIL No. 1 at 1. The Court should not entertain a vague and broad sweeping request to preclude all hearsay related to Pavemetrics' knowledge of Tetra Tech's patents. This Court specifically asked the parties not to make such requests. ECF 56 at 8 ("Motions *in limine* should address specific issues (e.g., not "to exclude all hearsay")."). Further, this Court routinely declines to enter such broad preclusion orders. *See e.g., Netlist Inc. v. Samsung Elecs. Co.*, 2021 WL 6103543, at *3 (C.D. Cal. Nov. 17, 2021) ("Netlist's motions fail to identify specific evidence and argument it anticipates Samsung will present at trial. The Court declines to enter the broad preclusion orders Netlist seeks without more detailed information about the subjects of the evidence and argument. The motions are denied on this basis."); *Vago v. Cnty. of Los Angeles*, 2015 WL 13697386, at *4 (C.D. Cal. Aug. 7, 2015) ("Motions *in limine* should address specific issues (i.e., *not* "to exclude all hearsay, etc.). … The Court declines to consider blanket objections. Counsel may raise specific objections at trial.").

It is also premature to exclude alleged "prejudicial hearsay statements" which have not yet been made or introduced. Motions *in limine* allow parties the opportunity to resolve evidentiary disputes before trial and avoid potentially prejudicial evidence being presented in front of the jury. Some evidentiary issues, however, "are better dealt with during trial as the admissibility of evidence arises," and it may be "necessary to

2

defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury." *Crawford v. City of Bakersfield*, No. 1:14-CV-01735-SAB, 2016 WL 5870209, at *2 (E.D. Cal. Oct. 6, 2016) (citing *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436,440 (7th Cir. 1997)). Here, Pavemetrics' assertion that "Tetra Tech plans to rely on hearsay to attempt to show that Pavemetrics knew generally about Tetra Tech patents" is speculation, and the Court should defer ruling on the admissibility of any such if, and when, such issues arise.

For at least these reasons, Tetra Tech respectfully requests that the Court deny MIL No. 1 with respect to both Trial Exhibit 804 and Pavemetrics' blanket request relating to Pavemetrics' knowledge of Tetra Tech's patents.

| | |
|---|---|
| Dated: July 18, 2022 | **CLARK HILL LLP** |
| | By: *[signature]* |
| | Donald L. Ridge |
| | James R. Barney (*pro hac vice*) |
| | Aaron L. Parker (*pro hac vice*) |
| | Daniel G. Chung (*pro hac vice*) |
| | Nicholas A. Cerulli (*pro hac vice*) |
| | Kelly S. Horn (*pro hac vice*) |
| | Jency J. Mathew (*pro hac vice*) |
| | **FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP** |
| | *Attorneys for Defendant and Counterclaim Plaintiffs* |
| | TETRA TECH, INC. AND TETRA TECH TAS INC. |