1  Donald Ridge, Esq. (SBN: 132171)
2  **CLARK HILL LLP**
   555 South Flower Street, 24th Floor
3  Los Angeles, CA 90071
4  Telephone: (213) 891-9100
   Facsimile: (213) 488-1178
5  DRidge@clarkhill.com

6
7  James R. Barney (*pro hac vice*)                Telephone:  (202) 408-4000
   james.barney@finnegan.com                       Facsimile:  (202) 408-4400
8  Aaron L. Parker (*pro hac vice*)
   aaron.parker@finnegan.com                       Jency J. Mathew (*pro hac vice*)
9  Daniel G. Chung (*pro hac vice*)                jency.mathew@finnegan.com
10 daniel.chung@finnegan.com                       **FINNEGAN, HENDERSON,**
   Nicholas A. Cerulli (*pro hac vice*)            **FARABOW, GARRETT &**
11 nicholas.cerulli@finnegan.com                   **DUNNER, LLP**
   Kelly S. Horn (*pro hac vice*)                  1875 Explorer Street, Suite 800
12 kelly.horn@finnegan.com                         Reston, Virginia 20190-6023
13 **FINNEGAN, HENDERSON,**                        Telephone:  (571) 203-2700
   **FARABOW, GARRETT &**                          Facsimile:  (571) 203-2777
14 **DUNNER, LLP**
15 901 New York Avenue NW                          *Attorneys for Defendant and*
   Washington, D.C. 20001-4413                     *Counterclaim Plaintiffs*
16

17              **UNITED STATES DISTRICT COURT**
18              **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 19  PAVEMETRICS SYSTEMS, INC. | CASE NO. 2:21-cv-1289 MCS-MMA |
| 20             Plaintiff, | **TETRA TECH'S OPPOSITION TO PAVEMETRICS' MOTION *IN LIMINE* NO. 2 TO PRECLUDE ARGUMENT OR TESTIMONY REGARDING SOURCE CODE INSPECTION UNAVAILABILITY** |
| 21       v. | |
| 22 | |
| 23  TETRA TECH, INC. | |
| 24             Defendant. | |
| 25 | **Honorable Mark C. Scarsi** |
| 26  AND RELATED COUNTERCLAIMS. | Date:  Aug. 1, 2022 |
| 27 | Time:  2:00 p.m. |
| 28 | Courtroom:  7C |

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................1

II. ARGUMENT.........................................................................................2

    A. Pavemetrics' Arguments Go to the Weight of Dr. Morellas' Opinion, Not its Admissibility ............................................................2

    B. The Reasons Why Dr. Morellas Chose to Rely on Certain Evidence Should Not Be Unilaterally Excluded..................................3

    C. Fairness Demands an All or Nothing Approach ...................................4

III. CONCLUSION .....................................................................................5

## I. INTRODUCTION

Defendant and Counterclaim Plaintiff Tetra Tech, Inc. and Counterclaim Plaintiff Tetra Tech TAS Inc. (collectively, "Tetra Tech") respectfully oppose Pavemetrics' Motion *in Limine* No. 2 (ECF 228) ("MIL No. 2").

First of all, Pavemetrics' arguments regarding Dr. Morellas' testimony go entirely to weight, not admissibility. Dr. Morellas is a well-credentialed and informed software expert. Any criticism of the materials he considered or relied on are credibility questions concerning the weight his testimony should receive, not whether his testimony should be admitted. And such credibility questions should be provided in context, not elicited without room for explanation.

Moreover, Pavemetrics seeks to admit only *whether* Dr. Morellas reviewed certain neural network binary files while preventing the jury from hearing *why* such information was not part of his analysis. This is because Pavemetrics is well aware that it did not provide Dr. Morellas with the requested materials and tools during his multiple source code reviews. It is nothing short of chutzpah for Pavemetrics to, on the one hand, provide unviewable files during discovery and, on the other hand, seek an inference before the jury that Dr. Morellas' analysis is incomplete because he could not view that information. The jury is entitled to the complete and full story regarding Dr. Morellas' infringement analysis.

The evidence of why Dr. Morellas did or did not review certain information is probative and relevant to the issues of infringement at the forefront of this case. Contrary to Pavemetrics' concerns, Tetra Tech is not seeking to carry its burden through an alleged adverse inference. Instead, Dr. Morellas' analysis satisfied the necessary infringement proofs without the withheld materials, relying instead on Pavemetrics' source code that was made available, technical materials, including technical papers describing deep neural networks, testimony from Pavemetrics' own witnesses, and his expertise in the industry.

1

Pavemetrics' MIL No. 2 must be denied in order to *avoid* prejudice. Pavemetrics made clear that it wants to ask only *whether* Dr. Morellas reviewed certain materials while excluding *why* he chose to focus his analysis on other materials. The jury should not be deprived of the full story in lieu of Pavemetrics' unilateral implication that Dr. Morellas' source code review was somehow insufficient. Thus, to the extent the Court is inclined to grant Pavemetrics' MIL No. 2, the Court should exclude testimony or evidence regarding both *whether* and *why* Dr. Morellas reviewed particular aspects of the source code and neural network files.

## II. ARGUMENT

### A. Pavemetrics' Arguments Go to the Weight of Dr. Morellas' Opinion, Not its Admissibility

Whether or not it was Dr. Morellas' choice to review the binary files (it wasn't), Dr. Morellas' explanation, as a well-credentialed and informed software expert, to analyze certain materials and not others goes to the weight, not the admissibility, of his opinions. *Wang v. Chinese Daily News, Inc.*, No. 05-cv-1498, 2007 WL 4355187, at *1 (C.D. Cal. Aug. 3, 2007) ("Generally, questions relating to the bases and sources of an expert's opinion affect the weight of the expert's opinion and not its admissibility."). Thus, the jury should be afforded with the full context when weighing Dr. Morellas' opinions and credibility at trial.

Any evidence Dr. Morellas provides regarding the availability or unavailability of certain programs during his source code review (if such testimony is even provided) is better attacked by cross examination or contrary evidence, not exclusion. *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (stating that "admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion").

Pavemetrics fails to consider that the evidence an expert considers or does not consider in coming to his/her conclusions is highly relevant. Thus, the probative value

of any such testimony concerning the reasons Dr. Morellas relied on certain materials and not others heavily outweighs any prejudice Pavemetrics may experience.

### B. The Reasons Why Dr. Morellas Chose to Rely on Certain Evidence Should Not Be Unilaterally Excluded

Pavemetrics seeks to exclude Dr. Morellas from addressing facts directly relevant to his infringement analysis: why he relied on some materials for his analysis and not others. Pavemetrics ignores that Dr. Morellas' explanation will be necessary to respond to criticisms that Pavemetrics intends to offer at trial. Indeed, Pavemetrics has made clear that it wants to seek an inference that Dr. Morellas' source code review was somehow incomplete, without permitting any further explanation from Dr. Morellas. This is because Pavemetrics knows Dr. Morellas' work was limited by the materials Pavemetrics made available to him.

Contrary to Pavemetrics' assertions, Dr. Morellas testified that he was not able to review particular aspects of Pavemetrics' neural network because that "was not information provided to me during the time of the source code [review] [sic]." ECF 232-1 at 171:8-15; *see id.* at 96:6-11. As Dr. Morellas explained, Pavemetrics did provide neural network binary files (along with millions of lines of source code) on the software review computer, but Dr. Morellas could not ascertain any information from these files because they were binary files that required special software to view, which Pavemetrics "w[as] not able to provide [] for us." *Id.* at 171:16-172:17.

Pavemetrics now contends that any of this testimony from Dr. Morellas should be excluded because it allegedly *did* provide the necessary software tools. MIL No. 2 at 3. This misses the point. It is undisputed that the necessary tools were not installed prior to any of Dr. Morellas' inspections. ECF 232 ¶ 11. Indeed, Pavemetrics acknowledges that Dr. Morellas conducted several source code reviews, but that none of Dr. Morellas' inspections occurred after December 10, 2021. ECF 232 ¶¶ 8, 11; *see also* ECF 232-1 at 246:2-8. Pavemetrics also concedes that it only installed the necessary TensorBoard program during a lunch break on the last day of Dr. Morellas' last inspection, December

10, 2021. ECF ¶ 11. What Pavemetrics does not say, however, is that Dr. Morellas was alerted by Pavemetrics (including its counsel) that the program was installed during the lunch break. *Id.* It is clear from Dr. Morellas' testimony that he was not informed of the installation and remained unaware of the program. ECF 232-1 at 171:8-172:6 (stating that "we asked" but Pavemetrics was "not able to provide this for us"). Therefore, Pavemetrics' self-serving claim that it did provide this program is irrelevant because the dispute is whether Dr. Morellas had access to this program or knew that it was installed during his inspections, which he did not.

Next, Pavemetrics brazenly tries to blame its own misconduct on Tetra Tech, arguing that Tetra Tech cannot discuss aspects of the source code inspection because it never moved to compel. This is also irrelevant. Tetra Tech does not intend to present discovery disputes to the jury. But the information Dr. Morellas reviewed and why he may not have reviewed other information is relevant to his underlying infringement analysis. Regardless, Dr. Morellas determined that he was able to satisfy his infringement proofs without reviewing the specific neural network binary files. Thus, Tetra Tech's decision not to involve the Court in a discovery squabble has no bearing on whether Dr. Morellas should be precluded from explaining why some materials were reviewed and others were not, to the extent it becomes necessary.

### C. Fairness Demands an All or Nothing Approach

It is not Pavemetrics that will be prejudiced by potential testimony from Dr. Morellas regarding the materials provided to him during his source code inspections. Instead, the only risk of prejudice is actually to Tetra Tech if Pavemetrics is permitted to ask *whether* Dr. Morellas reviewed certain materials while precluding his explanation as to *why*—which is exactly what Pavemetrics is asking for here. Essentially, Pavemetrics wants to open the door on this issue, but then close it before Dr. Morellas can answer truthfully and completely.

It would be unfair and inaccurate to hide these facts from the jury or imply that Dr. Morellas voluntarily overlooked an aspect of the source code during his review. He

4

did not. Dr. Morellas thoroughly analyzed Pavemetrics' source code as well as countless other references and documents in arriving at his conclusion that Pavemetrics infringes the asserted claims.

If Pavemetrics is allowed to ask *what* Dr. Morellas reviewed or *whether* he did or did not review certain materials, while excluding *why*, Pavemetrics will actively mislead the jury. Thus, to the extent the Court is inclined to grant Pavemetrics' MIL No. 2, Tetra Tech respectfully requests that this Court either (1) preclude each party from eliciting testimony regarding *whether* Dr. Morellas reviewed the neural network binary files, or (2) permit Tetra Tech to provide the full context of *why* Dr. Morellas did not review certain binary files *if* Pavemetrics opens the door regarding this testimony.

### III. CONCLUSION

For the reasons explained above, Tetra Tech respectfully requests that the Court deny Pavemetrics' MIL No. 2.

Dated: July 18, 2022

**CLARK HILL LLP**

By: _____
Donald L. Ridge

James R. Barney (*pro hac vice*)
Aaron L. Parker (*pro hac vice*)
Daniel G. Chung (*pro hac vice*)
Nicholas A. Cerulli (*pro hac vice*)
Kelly S. Horn (*pro hac vice*)
Jency J. Mathew (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**

*Attorneys for Defendant and Counterclaim Plaintiffs*
TETRA TECH, INC. AND TETRA TECH TAS INC.