Donald Ridge, Esq. (SBN: 132171)
**CLARK HILL LLP**
555 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
DRidge@clarkhill.com

James R. Barney (pro hac vice)
james.barney@finnegan.com
Aaron L. Parker (*pro hac vice*)
aaron.parker@finnegan.com
Daniel G. Chung (*pro hac vice*)
daniel.chung@finnegan.com
Nicholas A. Cerulli (*pro hac vice*)
nicholas.cerulli@finnegan.com
Kelly S. Horn (*pro hac vice*)
kelly.horn@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue NW
Washington, D.C. 20001-4413

Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Jency J. Mathew (*pro hac vice*)
jency.mathew@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, Virginia 20190-6023
Telephone: (571) 203-2700
Facsimile: (571) 203-2777

*Attorneys for Defendant and Counterclaim Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>TETRA TECH, INC.<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. 2:21-cv-1289 MCS-MMA<br><br>**TETRA TECH'S OPPOSITION TO PAVEMETRICS' MOTION *IN LIMINE* NO. 3 TO PRECLUDE MORELLAS TESTIMONY INCONSISTENT WITH THE COURT'S ORDER ON MOTION FOR SUMMARY JUDGMENT**<br><br>**Honorable Mark C. Scarsi**<br><br>**Date: August 1, 2022**<br>**Time: 2:00 p.m.**<br>**Courtroom: 7C** |

# **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................... 1

II. ARGUMENT .............................................................................................. 1

    A. Pavemetrics' Motion Improperly Seeks Summary Adjudication ......... 1

    B. Pavemetrics' Motion Mischaracterizes and Seeks to Broaden the Court's April 27, 2022 Summary Judgment Order .............................. 3

    C. Dr. Morellas' Opinions on Infringement of Claims 2, 4, and 21 Are Consistent with the Court's Orders ...................................................... 4

        1. Claim 2 ........................................................................................ 5

        2. Claim 4 ........................................................................................ 6

        3. Claim 21 ...................................................................................... 8

III. CONCLUSION ........................................................................................... 9

## I. INTRODUCTION

Pavemetrics' Motion *in Limine* No. 3 ("MIL No. 3") seeks to preclude Tetra Tech's expert, Dr. Morellas, from providing certain opinions regarding infringement of dependent claims 2, 4, and 21. But Pavemetrics' motion is nothing more than a summary judgment motion disguised as a motion *in limine*, which this Court clearly forbids. *See* Order Re: Jury Trial April 22, 2021 (ECF 56) at 8. Pavemetrics' motion is therefore procedurally improper and should be denied for this reason alone.

Pavemetrics' motion should also be denied because it is based on mischaracterizations of the Court's holding in the April 27, 2022, summary judgment order (ECF 189). Specifically, in attempt to conceal its request for summary adjudication, Pavemetrics misstates this Court's holding, seeking to broaden it to exclude opinions on dependent claims that were never before the Court. Pavemetrics argues that Dr. Morellas' opinions conflict with the Court's order because they rely on algorithms "analyzing elevation data only." But the Court never held that "algorithms analyzing elevation data only cannot infringe the claimed algorithm," nor did the Court exclude broad categories of algorithms, as Pavemetrics alleges. Contrary to Pavemetrics' allegations, Dr. Morellas' opinions do not conflict with the Court's orders. Indeed, as discussed below, Dr. Morellas' analysis of dependent claims 2, 4, and 21 is entirely consistent with the Court's summary judgement and claims construction orders. For these additional reasons, Pavemetrics' motion should be denied.

## II. ARGUMENT

### A. Pavemetrics' Motion Improperly Seeks Summary Adjudication

First and foremost, Pavemetrics' motion should be denied because it improperly seeks complete summary adjudication of noninfringement for claims 2 and 4, and partial summary adjudication of noninfringement for claim 21. *See* MIL No. 3.

"A motion in limine is not the proper vehicle by which to eliminate issues from a case." *Johns Hopkins Univ. v. Alcon Lab'ys Inc.*, 2018 WL 4178159, at *21 (D. Del. Aug. 30, 2018). "Motions in limine should rarely seek to exclude broad categories of

1

evidence and are not an appropriate means to resolve factual disputes. Accordingly, they are not the proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense." *Pavo Sols. LLC v. Kingston Tech. Co., Inc.*, 2020 WL 1049911, at *1 (C.D. Cal. Feb. 18, 2020) (citations omitted); *see also Meyer Intellectual Properties Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1378 (Fed. Cir. 2012) ("[W]hile argument regarding the sufficiency of the evidence might be a proper argument for summary judgment or for judgment as a matter of law, it is not a proper basis for a motion to exclude evidence prior to trial.").

This Court explicitly warned the parties against seeking summary adjudication through motions *in limine*, explaining in its initial trial order that "[m]otions in limine should not be disguised motions for summary adjudication of issues." ECF 56 at 8. Further, this Court routinely denies motions *in limine* that seek summary adjudication. As a recent example, the Court denied a motion *in limine* that sought summary adjudication by precluding evidence regarding the priority date of a patent. *See Seal4Safti, Inc. v. California Expanded Metal Prod. Co.*, No. 2:20-cv-10409-MCS-JEM, 2022 WL 2199831, at *1 (C.D. Cal. Apr. 26, 2022). The Court denied the motion explaining that it "seeks summary adjudication of the priority date issue. This is an improper motion for summary judgment, the time for which passed months ago." *Id.*

Through its motion, Pavemetrics does not seek to exclude specific evidence or testimony. Instead, Pavemetrics asks the Court to broadly preclude Tetra Tech's expert from providing his opinions on the infringement of dependent claims 2 and 4, and for a portion of his analysis on the infringement of claim 21. But Pavemetrics' "stealth summary judgment motion" of noninfringement is improper, would necessitate fact-intensive determinations, and should be denied. *See SPEX Technologies v. Apricorn*, Inc, 2020 WL 1289546, *6 (C.D. Cal. 2020) (denying motion *in limine* seeking "Exclusion of Inconsistent Opinions" finding that the movant was seeking "a stealth summary judgment motion for consideration through this Motion"); *Pavo Sols. LLC*, 2020 WL 1049911, at *2 (declining to consider a motion *in limine* when it "necessitates

2

factually-intensive inquiries" explaining that "this Court declines to engage in those inquiries at this stage").

The date for filing summary judgment motions passed months ago. *See* ECF 56 at 3. Pavemetrics knows this, as it took full advantage in filing *five* summary judgment motions, four of which were filed on the very last day to do so. Pavemetrics cannot file yet another (and belated) summary judgment motion through the guise of a motion *in limine*. For these reasons, Pavemetrics' motion is improper and should be denied.

### B. Pavemetrics' Motion Mischaracterizes and Seeks to Broaden the Court's April 27, 2022 Summary Judgment Order

Pavemetrics' motion should also be denied because it is premised on a mischaracterization of the Court's holding in the April 27, 2022 summary judgment order (ECF 189). Pavemetrics argues that "the Court held that algorithms analyzing elevation data only cannot infringe the claimed algorithm as a matter of law." MIL No. 3 at 3. But the Court never held that.

In the April 27, 2022 summary judgment order, the Court granted summary judgment for the LRAIL implementation that uses "Fake3D Image with Overlay." ECF 189 at 9-10. The Court explained that "[b]ecause Defendant puts forward no evidence creating a material dispute about whether the Fake3D Image with Overlay algorithm identifies features from a 3D map based on both elevation and intensity data, no rational trier of fact could conclude the Fake3D Image with Overlay algorithm meets the 'track elevation map' and 'three dimensional elevation map' claim limitations." *Id*.

At no point, however, did the Court hold "that algorithms analyzing elevation data only cannot satisfy Claim 1" (MIL No. 3 at 1), that "algorithms analyzing elevation data only cannot infringe" (*id.* at 2), or that "algorithms analyzing elevation data only cannot infringe the claimed algorithm as a matter of law" (*id.* at 3), as Pavemetrics alleges throughout its motion. While the Court granted summary judgment of noninfringement of claims 1, 15, 22, and 36 for a specific LRAIL implementation using "Fake3D Image with Overlay," explaining that this would not identify features from a

3

3D map based on both elevation and intensity data, the Court did not state broadly that "algorithms analyzing elevation data only cannot infringe," as Pavemetrics alleges. *Compare* MIL No. 3 at 3 *with* ECF 189 at 9.

Pavemetrics misstates the Court's holding seeking to expand it to encompass broad categories of algorithms and then try to exclude additional opinions by Dr. Morellas regarding dependent claims 2, 4, and 21, which were never before the Court. But Pavemetrics cannot seek exclusion of Dr. Morellas' opinions based on its own mischaracterization of the Court's holding. And Pavemetrics cannot allege that certain opinions by Dr. Morellas regarding claims 2, 4, and 21, which do not depend on the "Fake3D Image with Overlay" functionality, should be excluded. The Court never considered claims 2, 4, and 21, nor did it broadly find that "algorithms analyzing elevation data only cannot infringe." Therefore, Pavemetrics' motion is baseless, and for this additional reason, should be denied.

### C. Dr. Morellas' Opinions on Infringement of Claims 2, 4, and 21 Are Consistent with the Court's Orders

Even if the Court were to consider Pavemetrics' MIL No. 3, which improperly requests summary adjudication and is based on a false premise, Pavemetrics' motion should be denied because Pavemetrics fails to show Dr. Morellas' opinions regarding claims 2, 4, and 21 contradict the Court's orders.

Pavemetrics alleges that "Dr. Morellas should not be allowed to contradict this Court's summary judgment ruling." MIL No. 3 at 7. The Court, however, did not adjudicate claims 2, 4, and 21 in its summary judgment order (*see* ECF 189 at 10), and thus, Dr. Morellas' opinions on those claims were never before the Court and cannot contradict the Court's order. Pavemetrics also alleges that "[a]llowing Tetra Tech to put Dr. Morellas' testimony and arguments before the jury with respect to Claims 2, 4, and 21 would contradict the Court's claim construction." MIL No. 3 at 7. But this too is wrong. Nothing in Dr. Morellas' opinions regarding claims 2, 4, and 21 contradicts

4

the Court's claim constructions; in fact, they are entirely consistent with the Court's claim constructions.

### 1. Claim 2

Claim 2 was never construed by the Court. *See* Claim Construction Order, December 1, 2021 (ECF 103). Nor does claim 2 recite any terms that were construed by the Court. *See id*. The Court also did not adjudicate claim 2 in its summary judgment order. *See* ECF 189 at 10. Thus, Pavemetrics cannot show that Dr. Morellas' opinions regarding claim 2 contradict the Court's claim construction or summary judgment rulings.

Pavemetrics, nonetheless, argues that the Court's holding in the April 27, 2022 summary judgment order precludes Dr. Morellas from providing his infringement opinions because "algorithms analyzing elevation data only cannot infringe." MIL No. 3 at 2. Specifically, Pavemetrics argues that Dr. Morellas' opinions regarding claim 2 should be excluded because the two algorithms he refers to allegedly "analyze elevation data only." *Id*. at 4. Pavemetrics' argument is baseless because, as explained above, the Court never held that "algorithms analyzing elevation data only cannot infringe." MIL No. 3 at 2. Further, in requesting exclusion of Dr. Morellas' opinions Pavemetrics misunderstands the requirements of claim 2 and Dr. Morellas' opinions on infringement of claim 2.

First, while the Court granted summary judgment with respect to the LRAIL implementation that relies on "Fake3D Images with Overlay," nothing in the Court's orders precludes showing the LRAIL is configured to perform the limitations of claim 2 through other processes involving "Fake3D Images" or "Mixed Images." In fact, the Court *denied* Pavemetrics' summary judgment motion as to those LRAIL implementations that do not use "Fake3D Images with Overlay." *See* ECF 189 at 7-8, 9-10. Therefore, Dr. Morellas' opinions mapping certain LRAIL functions to the limitations of claim 2 do not contradict the Court's orders.

5

1 Further, in seeking exclusion of Dr. Morellas' opinions, Pavemetrics improperly reads in additional requirements to claim 2 that do not exist. Claim 2 requires "identifying a rail head edge by detecting significant vertical gradient edges over a two dimensional area wherein such vertical gradient edges are greater than a minimum rail height threshold." '293 Patent at claim 2. Dr. Morellas presents two functions found in the LRAIL source code that, in conjunction with the algorithms involving "Fake3D Images" or "Mixed Images" mapped in claim 1, meet all of the limitations of claim 2. Laquer Ex. E at ¶¶ 225-234. Pavemetrics argues that reliance on these functions contradict the Court's summary judgment order with respect to claim 1. MIL No. 3 at 4. But, contrary to Pavemetrics' suggestion, claim 2 does not require that its limitations are implemented within a single algorithm. Further, claim 2 does not specify the data to be analyzed for identifying the rail head and does not require specific operations with respect to the "track elevation map," the term the Court construed as representing both elevation and intensity. Thus, even if the functions Dr. Morellas cites for claim 2 "analyze elevation data only," which Tetra Tech does not concede, these functions would still read on the limitations recited in claim 2 while abiding the Court's claim construction and summary judgment orders.[1]

Pavemetrics has not (and cannot) show that Dr. Morellas' opinions regarding claim 2 contradict the Court's summary judgment or claim construction orders.

### 2. Claim 4

Claim 4, like claim 2, was not adjudicated in the summary judgment order. *See* ECF 189. Thus, Pavemetrics cannot show that Dr. Morellas' opinions regarding claim 4

---

[1] Pavemetrics argues that Dr. Morellas conceded that his analysis of claim 2 "is premised on an interpretation of the claims that does not require identifying a feature from the 3D Map." This is not true. Dr. Morellas never made such admission. Instead, Dr. Morellas noted that his opinions on infringement would apply even under Pavemetrics' proposed construction. *See* Laquer Ex. E at ¶229 ("because the algorithm described above computes changes in height over an area by obtaining the mean value and comparing it to a threshold, under Pavemetrics' proposed construction, it meets the elements of claim 2.").

6

contradict the Court's summary judgment rulings. Nonetheless, like for claim 2, Pavemetrics argues that Dr. Morellas relied on algorithms that "analyze elevation data only." MIL No. 3 at 5. But—like for claim 2—Pavemetrics' argument is based on an improper reading of the claim, Dr. Morellas' report, and the Court's order.

Dr. Morellas provides opinions that the LRAIL infringes claim 4 because it has "one or more algorithms that include the step of removing data corresponding to the rail head from the elevation map, thereby enhancing the detection of other smaller vertical components of the railway." Laquer Ex. E at ¶ 235. Dr. Morellas provided two examples of processes in which the LRAIL removes data as required by claim 4. *Id.* at ¶¶236-242 ("Rail Head Removal During Tie Detection"), ¶¶247-248("Rail Head Removal During Fastener Detection"). None of these analyses contradict the Court because nothing in the Court's orders preclude showing the LRAIL is configured to perform the limitations of claim 4 through processes involving "Fake3D Images" or "Mixed Images." The Court's April 27, 2022 summary judgment order only precludes LRAIL algorithms that rely on "Fake3D Images with Overlay."

Moreover, claim 4 recites "removing data corresponding to the rail head from the elevation map, thereby enhancing the detection of other smaller vertical components." Contrary to Pavemetrics' suggestions, the claim does not require removing specific types of data. The claim only requires removing data "corresponding" to the rail head. Thus, even if the functions Dr. Morellas' cites for claim 4 "analyze elevation data only," which Tetra Tech does not concede, they still read on the limitations recited in claim 4 and abide by the Court's claim construction and summary judgment orders.

Therefore, contrary to Pavemetrics' suggestions, there are no inconsistencies between the Court's orders and Dr. Morellas' opinions regarding claim 4. Pavemetrics has not (and cannot) show that Dr. Morellas' opinions regarding claim 4 contradict the Court's summary judgment or claim construction orders.

### 3. Claim 21

Similar to claim 2, claim 21 was never construed by the Court, does not recite any terms that were construed by the Court, and was not adjudicated in the Court's summary judgement order. *See* ECF 103; ECF 189. Pavemetrics cannot show that Dr. Morellas' opinions regarding claim 21 contradict the Court's orders.

Pavemetrics, nonetheless, argues that Dr. Morellas should be precluded from providing his opinions on claim 21 because the "joint bar algorithm analyzes elevation data and is the same joint bar algorithm that Pavemetrics successfully challenged on summary judgment as analyzing elevation data only." MIL No. 3 at 6. But Pavemetrics' argument for claim 21 is also based on an improper reading of the Dr. Morellas' opinions, the claim language, and the Court's orders.

First, the Court never granted summary judgment of noninfringement for broad categories of algorithms, as Pavemetrics repeatedly alleges. *See* MIL No. 3 at 2-7. Pavemetrics also did not "successfully challenge[]" any algorithm through its summary judgment motion, or demonstrate that algorithms were "analyzing elevation data only." MIL No. 3 at 6. In the Court's April 27, 2022 summary judgment order, the Court determined that "the Fake3D Image with Overlay does not infringe independent claims 1 and 22 or dependent claims 15 and 36." ECF 189 at 10. But nothing in the Court's order ruled on the scope of data being analyzed by different algorithms, including those relied upon by Dr. Morellas in relation to claim 21.

Further, in seeking exclusion of Dr. Morellas' opinions, Pavemetrics misinterprets the limitations of claim 21. Claim 21 recites additional operations for measuring, determining, and identifying joint bar candidates. *See* '293 Patent at claim 21. Dr. Morellas opines that certain LRAIL functions infringe claim 21 when they "appl[y] a minimum and maximum joint bar length threshold to identified joint bar candidates." *See* Laquer Ex. E at ¶¶ 376-382. Contrary to Pavemetrics' suggestions, claim 21 does not require that all these operations are configured within a single algorithm. Moreover, claim 21 does not specify data to be analyzed or specific

8

operations with respect to the "track elevation map." Thus, even if the functions Dr. Morellas cites for claim 21 "analyze elevation data only," which Tetra Tech does not concede, they still read on the limitations recited in claim 21 and abide by the Court's claim construction and summary judgment orders. Dr. Morellas' opinions mapping certain LRAIL algorithms to the limitations of claim 21 do not contradict the Court's orders.

Finally, Pavemetrics misunderstands Dr. Morellas' report when it alleges that, because the joint bar algorithm was in the "Overlay Results section," it is part of the generation of "Fake3D images with Overlay." MIL No. 3 at 6. In the "Overlay Results" section of his report, Dr. Morellas explains how the LRAIL "identifies a railway track bed feature from the Fake3D image by overlaying identifiers over features . . . on the Fake3D image." Laquer Ex. E at ¶192. But the algorithms that are cited in the "Overlay Results" section are not strictly implemented with the "Fake3D Image with Overlay" functionality. For example, the joint bar detection described in Dr. Morellas' opinions on infringement for claim 21 can be used in conjunction with "Fake3D Image" or "Mixed Image" algorithms that do not involve the "Overlay" functionality.

Therefore, Pavemetrics fails to show that Dr. Morellas' opinions regarding claims 2, 4, and 21 are contrary to the Court's orders on claim construction and summary judgment. And for these additional reasons, Pavemetrics MIL No. 3 should be denied.

## III. CONCLUSION

For the foregoing reasons, Tetra Tech respectfully requests that the Court deny Pavemetrics' motion *in limine* No. 3.

Dated: July 18, 2022

**CLARK HILL LLP**

By: *[signature]*

Donald L. Ridge

9

| | |
|---|---|
| 1 | James R. Barney (*pro hac vice*) |
| 2 | Aaron L. Parker (*pro hac vice*) |
|   | Daniel G. Chung (*pro hac vice*) |
| 3 | Nicholas A. Cerulli (*pro hac vice*) |
| 4 | Kelly S. Horn (*pro hac vice*) |
|   | Jency J. Mathew (*pro hac vice*) |
| 5 | **FINNEGAN, HENDERSON, FARABOW,** |
| 6 | **GARRETT & DUNNER, LLP** |
| 7 | *Attorneys for Defendant and Counterclaim Plaintiffs* |
| 8 | TETRA TECH, INC. AND TETRA TECH TAS INC. |