Christy G. Lea (SBN 212,060)
christy.lea@knobbe.com
Joseph R. Re (SBN 134,479)
joe.re@knobbe.com
Nicholas M. Zovko (SBN 238,248)
nicholas.zovko@knobbe.com
Alan G. Laquer (SBN 259,257)
alan.laquer@knobbe.com
Raymond Lu (SBN 340,873)
raymond.lu@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Plaintiff/Counterclaim Defendant*
PAVEMETRICS SYSTEMS, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TETRA TECH, INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | Case No. 2:21-cv-1289-MCS-MMA <br><br> Honorable Mark C. Scarsi <br><br> **PAVEMETRICS' OPPOSITION TO TETRA TECH'S PURPORTED MOTION *IN LIMINE* NO. 1** <br><br> Date:        August 1, 2022 <br> Time:       2:00 p.m. <br> Location:  Ctrm. 7C |

# TABLE OF CONTENTS

Page No.

I. INTRODUCTION ................................................................................... 1

II. PAVEMETRICS SHOULD PRESENT FIRST AS PLAINTIFF ......... 1

    A. Pavemetrics Should Present First Based on the Case History ........................................................................................ 1

    B. Pavemetrics Should Present First Based on the Invalidity Claims .......................................................................................... 4

    C. Pavemetrics Presenting First Will Not Confuse the Jury to Tetra Tech's Detriment ........................................................... 6

    D. Pavemetrics Should Present First Based on the Purpose of the Declaratory Judgment Act and Avoiding Forum Shopping ...................................................................................... 6

    E. Both Parties Have Taken Lead on their Respective Issues ........ 7

III. TETRA TECH'S MOTION IS UNTIMELY AND NOT A TRUE MOTION *IN LIMINE* ................................................................ 8

IV. CONCLUSION ....................................................................................... 9

# TABLE OF AUTHORITIES

Page No(s).

*City of Indianapolis v. Chase Nat'l Bank of City of New York*,
   314 U.S. 63 (1941) .................................................................................. 2

*Commil USA, LLC v. Cisco Sys., Inc.*,
   575 U.S. 632 (2015) ................................................................................ 1

*Fresenius Med. Care Holdings, Inc. v. Baxter Intern., Inc.*,
   2006 WL 1646110, No. C 03-01431
   (N.D. Cal. Jun. 12, 2006) ........................................................................ 2

*Guidetech, Inc. v. Brilliant Instruments, Inc.*,
   No. C 09-5517, 2014 WL 12643007
   (N.D. Cal. Mar. 25, 2014) ....................................................................... 4

*Hal Roach Studios, Inc. v. Feiner & Co.*,
   896 F.2d 1542 (9th Cir. 1989) ................................................................. 6

*Halo Electronics v. Pulse Electronics, Inc.*,
   579 U.S. 93 (2016) .................................................................................. 1

*Kerr Corp. v. N. Am. Dental Wholesalers, Inc.*,
   No. SACV 11-0313, 2011 WL 4965111
   (C.D. Cal. Oct 18, 2011) ..................................................................... 3, 4

*Plumtree Software, Inc. v. Datamize LLC*,
   No. C 02-5693, 2003 WL 25841157
   (N.D. Cal. Oct. 6, 2003) ............................................................... 3, 4, 6, 7

*Scotts Co. v. Seeds, Inc.*,
   688 F.3d 1154 (9th Cir. 2012) ................................................................. 2

## OTHER AUTHORITIES

28 U.S.C. § 1331 ............................................................................................ 3

28 U.S.C. § 1332 ............................................................................................ 3

28 U.S.C. § 1338 ............................................................................................ 3

35 U.S.C. § 273 ......................................................................................... 1, 5

35 U.S.C. § 315 ......................................................................................... 4, 5

# I. INTRODUCTION

Tetra Tech's motion to realign the parties and change the order of proof at trial ignores important disputed issues, downplays the significance of Pavemetrics' invalidity claim, relies on inapposite caselaw, contradicts itself, and fails to address relevant factors. Tetra Tech urges the Court to look "beyond the pleadings" to the nature of the case. But Tetra Tech confines its own analysis to the pleadings when convenient. For example, the Court recognized that Pavemetrics' prior-use defense under 35 U.S.C. § 273 in its declaratory judgment complaint was "essentially identical to its invalidity defense." ECF 61 at 20 n.5. But Tetra Tech argues that it should become Plaintiff because Pavemetrics will present invalidity but not § 273 at trial. Tetra Tech's Motion also fails procedurally as an untimely Motion to Amend rather than a true Motion *in Limine*. Changing the fundamental case structure so close to trial would prejudice Pavemetrics' trial preparations. Tetra Tech should not be permitted to amend the pleadings by changing the parties' roles months after the deadline.

## II. PAVEMETRICS SHOULD PRESENT FIRST AS PLAINTIFF

### A. Pavemetrics Should Present First Based on the Case History

Pavemetrics started this case based on its confidence that its LRAIL system does not infringe. ECF 1. The infringement dispute addresses not only whether any system infringed, but also whether Pavemetrics *subjectively believed* that it infringed. *See* ECF 12 at 7 and 23.[1] The fact that Pavemetrics started this case for declaratory judgment of non-infringement is powerful

---

[1] The parties dispute whether Pavemetrics induced infringement, contributed to infringement, and infringed willfully. *Id*. Each of those issues requires that Pavemetrics subjectively believed that LRAIL infringed. *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 638 (2015) (subjective knowledge required for induced and contributory indirect infringement); *Halo Electronics v. Pulse Electronics, Inc.*, 579 U.S. 93 (2016) (subjective knowledge required for willful infringement).

evidence that it believed LRAIL does not infringe. The jury will inherently view the first party to present as the party that started this case. *See Fresenius Med. Care Holdings, Inc. v. Baxter Intern., Inc.*, 2006 WL 1646110, No. C 03-01431, at *1 (N.D. Cal. Jun. 12, 2006) (party filing declaratory judgment complaint is the plaintiff and is "entitled to proceed first in all phases of the case (voir dire, opening statements, presentation of proof, and closing arguments).").

Tetra Tech now requests that the Court designate it as Plaintiff, allow it to present first at trial, and designate Pavemetrics as Defendant. Mot. at 1. But realignment would unfairly prejudice Pavemetrics' defenses to induced, contributory, and willful infringement. The infringement dispute here involves more than the objective comparison between product and claims—it requires that the jury evaluate Pavemetrics' subjective belief. No stipulation or instruction could overcome the prejudice of unavoidable jury confusion regarding Pavemetrics' belief of non-infringement if Tetra Tech appears as Plaintiff. Because the case's history is relevant to the liability dispute, Tetra Tech should not be permitted to mask that history through realignment.

Tetra Tech argues that "courts must 'look beyond the pleadings, and arrange the parties according to their sides in the dispute.'" Mot. at 4 (quoting *City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63 (1941)). Tetra Tech similarly argues that a Ninth Circuit decision calls for realignment based on the "primary matter in dispute." Mot. at 4 (quoting *Scotts Co. v. Seeds, Inc.*, 688 F.3d 1154, 1157 (9th Cir. 2012)). But Tetra Tech fails to acknowledge that those cases addressed realignment in disputes over diversity-of-citizenship jurisdiction. *City of Indianapolis*, 314 U.S. at 69 (explaining that applying the "principal purpose of the suit" standard addresses "doctrines governing the alignment of parties for purposes of determining diversity of citizenship"); *Scotts*, 688 F.3d at 1156-57. Realigning parties according to "sides" has different meaning, requirements, and impact in cases where subject-

matter jurisdiction depends upon complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332. Subject-matter jurisdiction is established here as federal-question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). ECF 12 at 2. Accordingly, there is no basis to realign the parties as Tetra Tech argues based on their "sides" as in a diversity case.

Tetra Tech also relies on *Plumtree Software, Inc. v. Datamize LLC*, No. C 02-5693, 2003 WL 25841157 (N.D. Cal. Oct. 6, 2003), which analyzed realignment in a patent dispute rather than one addressing diversity-of-citizenship jurisdiction. Mot. at 5. That court realigned the parties because "[declaratory-judgment defendant] Datamize was the first party to sue on the issue of infringement" in another district that dismissed the case for lack of personal jurisdiction. *Plumtree*, 2003 WL 25841157, at *3. Tetra Tech fails to acknowledge that first-to-file was the leading factor from *Plumtree*. Instead, Tetra Tech ignores that discussion in *Plumtree* and selectively presents only lesser factors from the case. Mot. at 5. Here, Pavemetrics is the first and only party to file suit. Tetra Tech thus should not be permitted to commandeer Pavemetrics' rightful status as Plaintiff.

This District recognized the importance of that distinction in *Kerr Corp. v. N. Am. Dental Wholesalers, Inc.*, No. SACV 11-0313, 2011 WL 4965111 (C.D. Cal. Oct 18, 2011). The Court held that "the 'primary purpose' test . . . is traditionally applied in a different context, namely to determine whether a party is improperly designated as a defendant or plaintiff as part of an effort to establish sham diversity jurisdiction." *Kerr,* 2011 WL 4965111 at *3. The *Kerr* court explained that *Plumtree* was the only federal-question jurisdiction case that it knew of that realigned based on the "primary purpose" test. *Id.* But *Kerr* explained that *Plumtree* is unpublished and distinguishable because: (1) the IP holder in *Plumtree* filed first, and (2) whereas *Plumtree* addressed only the *litigant's* liability, the liability allegations in *Kerr* also addressed acts of non-

party entities. *Kerr* at *3. Both distinguishing factors also apply here. First, as discussed above, Pavemetrics filed first and only. Second, the induced and contributory infringement allegations here necessarily allege direct infringement by non-party customers. Thus, this case resembles *Kerr*, not *Plumtree*.

B. **Pavemetrics Should Present First Based on the Invalidity Claims**

Pavemetrics bears the burden on invalidity, which is a more significant issue than infringement. While infringement addresses whether specific past sales of specific versions of Pavemetrics' LRAIL product created liability, invalidity addresses whether any act by any entity with any product can ever create such liability. Tetra Tech's attempt to justify realignment by arguing that infringement is the "principal claim" ignores the greater impact of invalidity. Mot. at 1.

Tetra Tech also argues for realignment by selectively quoting *Guidetech, Inc. v. Brilliant Instruments, Inc.*, No. C 09-5517, 2014 WL 12643007 (N.D. Cal. Mar. 25, 2014). Mot. at 5. But Tetra Tech uses ellipses to omit that court's holding that it granted realignment expressly "[b]ecause invalidity is no longer at issue." *Guidetech*, 2014 WL 12643007 at *2 (omitted at Mot. at 5). Invalidity is at issue here. Thus, Pavemetrics should remain as Plaintiff. Moreover, the Court has confirmed that invalidity and non-infringement are similarly strong. ECF 61 at 19 and 20 (denying Tetra Tech's Motion for Preliminary Injunction and holding that Tetra Tech failed to demonstrate a likelihood of success on the merits on both invalidity and infringement).

As Tetra Tech acknowledges, Pavemetrics elected not to include an invalidity claim in its original declaratory judgment complaint because that would have precluded it from seeking *inter partes* review (IPR). Mot. at 3 (quoting ECF 43 at 6-7; *see* 35 U.S.C. § 315(a)(1) ("an inter partes review may not be instituted if, before the date on which the petition for such a review is filed, the petitioner or real party in interest filed a civil action challenging the

validity of a claim of the patent")). The patent law expressly permits parties to raise invalidity in a counterclaim while still preserving the option of filing an IPR petition. *See* 35 U.S.C. § 315(a)(3) ("a counterclaim challenging the validity of a patent does not constitute a civil action challenging the validity of a patent for purposes of this subsection."). After having initially preserved such options, Pavemetrics ultimately elected *not* to file any IPR petition. Pavemetrics chose instead to prove invalidity in this venue. Tetra Tech now seeks to prejudice Pavemetrics' invalidity presentation based on a prior option that Pavemetrics elected not to pursue. But Tetra Tech argues that courts have "a duty to look beyond the pleadings" when considering whether to realign parties. Mot. at 5. Tetra Tech's attempt to prejudice Pavemetrics based on Pavemetrics structuring its pleadings around a technicality of the IPR statute contradicts its own argument against such a rigid, pleadings-focused analysis.

Moreover, Pavemetrics' initial declaratory judgment complaint was consistent with its invalidity case. In its declaratory judgment complaint, Pavemetrics pled its prior-use defense pursuant to 35 U.S.C. § 273. Pavemetrics soon thereafter added its related invalidity defense, which also asserts invalidity based on its earlier sales of LRAIL. ECF 38 at 5. The Court recognized that Pavemetrics' prior-use defense under § 273 "is essentially identical to its invalidity defense." ECF 61 at 20 n.5. To streamline the issues to be tried, Pavemetrics elected to pursue invalidity at trial and not its duplicative § 273 defense. Parker Ex. 1 at 5-6. Tetra Tech's attempt to penalize Pavemetrics for streamlining its trial presentation should be rejected.

Presenting invalidity before infringement is also chronologically consistent. Invalidity addresses prior art, which necessarily predates both the patent story and the alleged infringement. It is more natural and logical for the jury to learn of the prior art first, which will provide important context to Tetra Tech's subsequent explanation of its supposed invention. Contrary to Tetra

Tech's argument, realigning in order to start the case with its later-in-time "invention" story would not make the presentation of evidence clearer. Mot. at 7-8.

### C. Pavemetrics Presenting First Will Not Confuse the Jury to Tetra Tech's Detriment

Tetra Tech also argues that, if Pavemetrics presents first, the jury might be confused as to who bears the burden of proof on infringement. Mot. at 8. But because Tetra Tech bears that burden, any risk of confusion could only *benefit* Tetra Tech at Pavemetrics' expense. Pavemetrics accepted that risk in filing its declaratory judgment complaint and accepts it still today. Tetra Tech need not purportedly guard against Pavemetrics being harmed by the jury mistakenly believing that Pavemetrics carries that burden.

Moreover, Pavemetrics presenting its case first on invalidity and non-infringement will simplify the infringement dispute. Pavemetrics will focus its infringement presentation on its priorities of disputed issues. In contrast, Tetra Tech bears the burden of proving that every LRAIL version that it accuses satisfies every element of the asserted claims. The jury will benefit from hearing Pavemetrics' more focused presentation before Tetra Tech's necessarily broader one.

### D. Pavemetrics Should Present First Based on the Purpose of the Declaratory Judgment Act and Avoiding Forum Shopping

The Ninth Circuit has explained that the Declaratory Judgment Act functions to "relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure—or never." *Hal Roach Studios, Inc. v. Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1989) (quoted by *Plumtree* at *4). The court in *Plumtree* held that "basic rationale for declaratory judgment is inapposite in this case, because patent holder Datamize had actually brought suit at the time

Plumtree filed the declaratory judgment action" and "[t]hus, the 'Damoclean' threats to potential defendant Plumtree do not exist." *Plumtree*, 2003 WL 25841157 at *4. Here, Pavemetrics filed suit consistent with the Declaratory Judgment Act's purpose. Tetra Tech was brandishing the threat of litigation that it could have filed at its leisure—or never. Tetra Tech thus does not deserve to be named Plaintiff.

In considering realignment, courts also seek to reduce the risk of forum shopping. *Plumtree* at *5. But Tetra Tech also ignored that factor from *Plumtree*. There, "both parties accuse[d] each other of forum-shopping" but declaratory-judgment plaintiff Plumtree "appear[ed] to be the more vigorous shopper." *Id*. Realigning Plumtree to Defendant punished and disincentivized forum shopping. Pavemetrics did not forum shop. Instead, it filed this case in the district of *Tetra Tech's* headquarters. ECF 2 at ¶ 3; ECF 12 at ¶ 3 (admitting Tetra Tech resides in this district). That further confirms that Pavemetrics should remain as Plaintiff.

### E. Both Parties Have Taken Lead on their Respective Issues

Pavemetrics served its expert's opening report on invalidity simultaneously with Tetra Tech serving its expert's opening report on infringement. Tetra Tech argues that it has been the "natural plaintiff" throughout the case but fails to address those parallel disclosures. Instead, Tetra Tech argues that it should present first at trial because Pavemetrics' expert was deposed five days before Tetra Tech's expert. Mot. at 4. Tetra Tech does not identify any authority suggesting that the order of depositions affects the order of trial presentation. But even if that factor were relevant, it supports Pavemetrics. Pavemetrics' expert sat first for deposition and should sit first at trial. Tetra Tech may then cross-examine Pavemetrics' expert before Pavemetrics cross-examines Tetra Tech's—in the same order as their depositions.

Tetra Tech also criticizes Pavemetrics for presenting some invalidity bases alternatively under its own interpretation of the claims and also under Tetra Tech's interpretation. Mot. at 4. Contrary to Tetra Tech's argument that such explanations are "defensive," they merely reflect the fact that Pavemetrics may be found not liable alternatively under either invalidity or non-infringement.

### III. TETRA TECH'S MOTION IS UNTIMELY AND NOT A TRUE MOTION *IN LIMINE*

After waiting 17 months as the Defendant, Tetra Tech now asks the Court to fundamentally upend the trial structure just two weeks before it begins. But Tetra Tech's request is late and should not be permitted to now prejudice Pavemetrics' trial preparations.

The deadline to amend the pleadings was December 6, 2021. ECF 56 at 3. Tetra Tech waited more than 7 months after that deadline before seeking to amend the pleadings to realign itself as plaintiff. Because the deadline long passed, Tetra Tech styles this as a motion *in limine*. But motions *in limine* limit what evidence may be presented. This is not a motion *in limine*. Tetra Tech fails to identify any authority for realigning parties through a motion *in limine*. Tetra Tech also fails to explain why it waited to seek realignment. Instead, Tetra Tech suggests that, even if the Court denies its request to change the case caption, it nonetheless should grant it the same effective relief by changing the parties' order at trial. Mot. at 2. But that would not resolve the issues addressed above. Trial is rapidly approaching and Pavemetrics has been preparing based on the nature of the case as it has stood for nearly a year and a half now: Pavemetrics is Plaintiff and will present first. Pavemetrics would prepare differently if it could only call its witnesses after Tetra Tech rests. Tetra Tech should not be permitted to upend the case's structure so close to trial.

/ / /

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Tetra Tech's first motion *in limine*.

Respectfully Submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 18, 2022

By: */s/ Christy G. Lea*
    Christy G. Lea
    Joseph R. Re
    Nicholas M. Zovko
    Alan G. Laquer
    Raymond S. Lu

*Attorneys for Plaintiff/Counterclaim Defendant,*
PAVEMETRICS SYSTEMS, INC.

55974146.2