Christy G. Lea (SBN 212,060)
christy.lea@knobbe.com
Joseph R. Re (SBN 134,479)
joe.re@knobbe.com
Nicholas M. Zovko (SBN 238,248)
nicholas.zovko@knobbe.com
Alan G. Laquer (SBN 259,257)
alan.laquer@knobbe.com
Raymond Lu (SBN 340,873)
raymond.lu@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Plaintiff/Counterclaim Defendant*
PAVEMETRICS SYSTEMS, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>TETRA TECH, INC.<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:21-cv-1289 MCS-MMA<br><br>Honorable Mark C. Scarsi<br><br>**PAVEMETRICS' OPPOSITION TO TETRA TECH'S MOTION *IN LIMINE* NO. 2**<br><br>Date:            August 1, 2022<br>Time:           2:00 p.m.<br>Location:     Ctrm. 7C |

# TABLE OF CONTENTS

**Page No.**

I.    INTRODUCTION ...........................................................................................1

II.   PAVEMETRICS' UNDERSTANDING OF THE DENIAL OF
      THE PRELIMINARY INJUNCTION MOTION IS
      DIRECTLY RELEVANT .............................................................................1

      A.    Tetra Tech's Cited Cases Do Not Concern Intent .........................2

      B.    Tetra Tech's Reliance on the Federal Circuit's 2014
            *Aqua Shield* Decision Is Misplaced ..............................................4

      C.    Any Potential Prejudice Can Be Mitigated with an
            Appropriate Jury Instruction ..........................................................6

III.  CONCLUSION ............................................................................................7

# TABLE OF AUTHORITIES

**Page No(s).**

*Abbott Labs. v. Sandoz, Inc.*
743 F. Supp. 2d 762 (N.D. Ill. 2010) ...................................................... 2, 3, 6

*Apple, Inc. v. Samsung Elecs. Co.*,
67 F. Supp. 3d 1100 (N.D. Cal. 2014) ...................................................... 2, 3

*Aqua Shield v. Inter Pool Cover Team*,
774 F.3d 766 (Fed. Cir. 2014) ................................................................ 1, 4, 5

*Commil USA, LLC v. Cisco Sys., Inc.*,
575 U.S. 632 (2015) ....................................................................................... 1

*Georgetown Rail Equip. Co. v. Holland L.P.*,
No. 6:13-CV-366, 2016 WL 3346084
(E.D. Tex. June 16, 2016) ............................................................................. 3

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
579 U.S. 93 (2016) ................................................................................... 2, 3, 4

*Howmedica Osteonics Corp. v. Zimmer, Inc.*,
No. 2:11-CV-1857 DMC JAD, 2013 WL 5286189
(D.N.J. Sept. 16, 2013) ................................................................................. 3

*Illumina, Inc. v. BGI Genomics Co.*,
No. 19-CV-03770-WHO, 2021 WL 4979799
(N.D. Cal. Oct. 27, 2021) .............................................................................. 3

*Park W. Radiology v. CareCore Nat. LLC*,
675 F. Supp. 2d 314 (S.D.N.Y. 2009) .......................................................... 3

*Sanofi-Aventis Deutschland Gmbh v. Glenmark Pharms. Inc., USA*,
No. 07-CV-5855 DMC-JAD, 2011 WL 383861
(D.N.J. Feb. 3, 2011) .................................................................................... 3

*In re Seagate Tech., LLC*,
497 F.3d 1360 (Fed. Cir. 2007) ................................................................ 4, 5

**TABLE OF AUTHORITIES**
**(*cont'd*)**

**Page No(s).**

*Solofill, LLC v. Rivera*,
    No. CV 17-2956, 2018 WL 3357497
    (C.D. Cal. May 16, 2018) ............................................................................ 3

*WWP, Inc. v. Wounded Warriors, Inc.*,
    No. 8:07CV370, 2009 WL 3063050
    (D. Neb. Sept. 21, 2009) ......................................................................... 2, 6

**OTHER AUTHORITIES**

Fed. R. Evid. 402 .......................................................................................... 2

Fed. R. Evid. 403 .......................................................................................... 2

## I.  **INTRODUCTION**

This Court's denial of Tetra Tech's preliminary injunction motion is undoubtedly relevant.  It informed Pavemetrics' good-faith belief that it was not infringing the '293 patent.  That good-faith belief is directly relevant, and responsive to, Tetra Tech's allegations that Pavemetrics indirectly infringed that patent and its allegation that Pavemetrics willfully infringed.  These allegations require Tetra Tech to show that Pavemetrics intended to cause its customers to infringe the '293 patent and ***subjectively believed*** it was infringing that patent. Pavemetrics' understanding of this Court's denial is part of the rebuttal to Tetra Tech's charges, especially because Tetra Tech alleges that Pavemetrics willfully infringed ***after*** the denial.  Indeed, this Court referred to Pavemetrics' reliance on its denial of the preliminary injunction motion as "support to a good faith belief of noninfringement."  ECF 209 at 8.  Tetra Tech's reliance on the Federal Circuit's decision in *Aqua Shield* in no way supports its claim that this Court was mistaken in recognizing the relevance of that evidence.

Tetra Tech's complaint that the denial of the preliminary injunction might be prejudicial to it pales in comparison to the unfair prejudice that would befall Pavemetrics if its witnesses could not mention it all.  Moreover, any prejudice to Tetra Tech could be mitigated with an appropriate jury instruction which explains the nature of a preliminary injunction decision.  Therefore, the Court should deny Tetra Tech's Motion *in Limine* No. 2.

## II.  **PAVEMETRICS' UNDERSTANDING OF THE DENIAL OF THE PRELIMINARY INJUNCTION MOTION IS DIRECTLY RELEVANT**

Tetra Tech accuses Pavemetrics of indirect infringement and willful infringement.  Findings of induced infringement and contributory infringement "require[] knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015). Findings of

willful infringement require considering the totality of the circumstances so the trier of fact can determine whether the conduct of the accused infringer was "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant or … characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103 (2016).

The merits of these issues require "look[ing] to the actor's real or supposed state of mind." *Id.* at 106. Without the relevant evidence of the preliminary injunction, the jury may unfairly "fill in the blanks with inferences" regarding Pavemetrics' state of mind and intent at the time of the alleged infringement. *Abbott Labs. v. Sandoz, Inc.* 743 F. Supp. 2d 762, 786 (N.D. Ill. 2010) (allowing evidence of preliminary injunction because relevant to damages and finding that any potential prejudice could be "neutralized with an appropriate jury instruction"); *Apple, Inc. v. Samsung Elecs. Co.*, 67 F. Supp. 3d 1100, 1135-36 (N.D. Cal. 2014) (allowing evidence of preliminary injunction rulings to explain why accused infringer first removed and then reincorporated feature in accused product).

Tetra Tech seeks to exclude evidence of the Court's preliminary injunction order pursuant to Federal Rules of Evidence 402 and 403. "While it is correct the findings of fact and conclusions of law a court makes from the preliminary injunction hearing are not binding on the finder of fact at trial, this rule does not mean the evidence presented during the preliminary injunction is irrelevant, and thus inadmissible." *WWP, Inc. v. Wounded Warriors, Inc.*, No. 8:07CV370, 2009 WL 3063050, *1 (D. Neb. Sept. 21, 2009) (allowing evidence of preliminary injunction because any potential prejudice could be cured with a "limiting instruction to the jury").

**A.   Tetra Tech's Cited Cases Do Not Concern Intent**

Tetra Tech cites numerous cases to argue that preliminary injunctions are irrelevant at a jury trial. But none of the cases involve questions of ***intent***, an

element to all of Tetra Tech's charges of indirect and willful infringement. *Park W. Radiology v. CareCore Nat. LLC*, 675 F. Supp. 2d 314, 324 (S.D.N.Y. 2009) (preliminary injunction irrelevant to support a standing defense); *Illumina, Inc. v. BGI Genomics Co.*, No. 19-CV-03770-WHO, 2021 WL 4979799, at *9 (N.D. Cal. Oct. 27, 2021) (preliminary injunction irrelevant to a determination of damages); *Howmedica Osteonics Corp. v. Zimmer, Inc.*, No. 2:11-CV-1857 DMC JAD, 2013 WL 5286189, at *2 (D.N.J. Sept. 16, 2013) (preliminary injunction irrelevant to show cause); *Georgetown Rail Equip. Co. v. Holland L.P.*, No. 6:13-CV-366, 2016 WL 3346084, at *9 (E.D. Tex. June 16, 2016) (preliminary injunction irrelevant to prevent a claim for lost profits), *aff'd*, 867 F.3d 1229 (Fed. Cir. 2017); *Sanofi-Aventis Deutschland Gmbh v. Glenmark Pharms. Inc.*, *USA*, No. 07-CV-5855 DMC-JAD, 2011 WL 383861, at *3 (D.N.J. Feb. 3, 2011) (excluding the preliminary injunction as irrelevant to the nature of a drug launch).

Unlike the cited cases, Pavemetrics is not offering the denial of the preliminary injunction as a proxy for a decision on the merits. Deciding merits is for the jury. Rather, Pavemetrics is offering the denial of the preliminary injunction as some proof as to why it did not ***believe*** it was infringing the '293 patent. That is entirely proper.

Where a question of willfulness or intent is presented, the courts have found that the probative value of the preliminary injunction outweighs any potential prejudice. *See Abbott Labs*, 743 F. Supp. 2d at 786; *Apple*, 67 F. Supp. 3d at 1135-36; *cf. Solofill, LLC v. Rivera*, No. CV 17-2956, 2018 WL 3357497, at *3 (C.D. Cal. May 16, 2018) (ruling that denial of preliminary injunction is admissible at trial to "demonstrate the reasonableness of [defendants'] belief that their product did not infringe [plaintiff's] marks"). And that makes sense, especially after the Supreme Court's 2016 decision in *Halo*.

/ / /

/ / /

**B.    Tetra Tech's Reliance on the Federal Circuit's 2014 *Aqua Shield* Decision Is Misplaced**

Tetra Tech argues the Federal Circuit's decision in *Aqua Shield* shows that a denial of a preliminary injunction "cannot reasonably support" a good-faith belief of non-infringement.  Mot. at 5 (citing *Aqua Shield v. Inter Pool Cover Team,* 774 F.3d 766 (Fed. Cir. 2014)).  But no one has ever suggested that denial would be the only evidence Pavemetrics would offer to show its intent.  Regardless, Tetra Tech's reliance on *Aqua Shield* is misplaced for numerous reasons.

First, the Federal Circuit remanded the willfulness question to the district court because the district court found, after a bench trial, no willfulness based *solely* on the denial of the preliminary injunction.  *See Aqua Shield*, 774 F.3d at 773–74.  The court merely held it was an *insufficient basis* to find no willfulness.  It never suggested that denials of preliminary injunctions are *irrelevant*.

Second, *Aqua Shield* was decided under the *Seagate* standard that the Supreme Court in *Halo* overruled two years later.  Thus, the Federal Circuit was focused on objective reasonableness.  That would no longer be the standard under *Halo*.  Defendants could be entirely mistaken in their beliefs, and still be acting *non*-willfully.   *Halo* has made it clear that all the evidence probative of an infringer's state of mind should be evaluated before making a willfulness finding.  *See Halo*, 579 U.S. at 94 ("Culpability, however, is generally measured against the actor's knowledge at the time of the challenged conduct . . . . [Courts] should take into account the particular circumstances of each case and reserve punishment for egregious cases typified by willful misconduct.").

Third, the Federal Circuit explained that in determining willfulness, "the significance of a preliminary-injunction denial depends on why the preliminary injunction was denied." *Aqua Shield*, 774 F.3d at 774.  There, the motion for a preliminary injunction was denied because of questions concerning personal

jurisdiction and because the movant lacked sufficient knowledge about the defendant's product for the district court to assess the likelihood of success on the merits. Thus, the Court observed that, under the now-overruled objective reasonableness test, the denial "cannot reasonably be read to support a conclusion that any substantial basis existed for doubting infringement or validity." *Id.*

But here, this Court denied Tetra Tech's preliminary injunction motion ***on the merits***. It specifically found that Tetra Tech is not likely to succeed on its infringement claim and Pavemetrics presented a substantial question as to the validity of the patent. ECF 61 at 13-21. Thus, this Court's denial could form a perfectly reasonable basis (even under the old *Seagate* standard)[1] for Pavemetrics to take some comfort in believing it was not infringing a valid patent, namely the '293 patent. And it is for the trier of fact to determine whether Pavemetrics acted with an intent to infringe, either directly or indirectly.

Hoping to mirror the facts of *Aqua Shield*, Tetra Tech argues (or admits) that it filed its preliminary injunction motion prematurely because it knew little about Pavemetrics' LRAIL system. But again, this Court decided the motion on the merits, unlike in *Aqua Shield*. Moreover, Tetra Tech does not explain how this Court erred on the preliminary injunction, or more importantly, why any reliance on this Court's denial is somehow illegal, improper, or per se irrelevant, and must be excluded. All of the facts pertaining to the denial are for the jury to decide when it decides issues concerning Pavemetrics' intent.

Thus, this Court correctly observed that its denial of the preliminary injunction motion may provide "support to a good faith belief of noninfringement." ECF 209 at 8. Tetra Tech is incorrect to argue that *Aqua*

---

[1] *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) ("[W]hen an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement . . . . [I]f a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness.").

*Shield* shows this Court was wrong by making such a basic observation.  Motion at 5-6.

Because Pavemetrics will testify how the denial of the preliminary injunction influenced its belief that it was not infringing the '293 patent, that denial is directly relevant to any charges of indirect infringement, and whether any possible infringement was done willfully.

## C.   Any Potential Prejudice Can Be Mitigated with an Appropriate Jury Instruction

Even if the Court were to find that Tetra Tech could suffer some prejudice before the jury, the jury could be instructed to clarify the scope of the preliminary injunction order.  *See WWP, Inc.*, 2009 WL 3063050, at *2 ("The court believes that a limiting instruction whenever necessary … can inform the jury that the Court's preliminary injunction is not binding on the jury").  For example, in denying defendant's motion to exclude evidence of a preliminary injunction, the district court in *Abbott* explained, "any potential prejudice inflicted by this evidence could be cured with a jury instruction." 743 F. Supp. 2d at 787.  Tetra Tech is free to offer such an instruction, emphasizing that the decision on the preliminary injunction is not binding on the jury.

Tetra Tech properly notes that the burdens of proof at the preliminary injunction phase differ from the burdens of proof at trial.  However, such burdens are already explicitly described in the present proposed jury instructions.  Any possible confusion regarding what standard a jury must apply at what instance has already been addressed through the proposed jury instructions.  *Id*.

Tetra Tech argues that the jury may not properly understand that the preliminary injunction order was issued prior to discovery.  But apparently, Tetra Tech believed it had sufficient evidence to show it was likely to succeed at trial.  Tetra Tech should not be able to claim unfairness or prejudice on the ground that it should not have filed the preliminary injunction motion in the first place.  It is

free to present whatever evidence it has to counter Pavemetrics' evidence about the denial of the preliminary injunction and to cross-examine any witness who raises it.

### III.  CONCLUSION

For the foregoing reasons, this Court should deny Tetra Tech's Motion *in Limine* No. 2.

Respectfully Submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  July 18, 2022          By:  */s/ Christy G. Lea*
                                    Christy G. Lea
                                    Joseph R. Re
                                    Nicholas M. Zovko
                                    Alan G. Laquer
                                    Raymond S. Lu

                               *Attorneys for Plaintiff/Counterclaim Defendant*,
                               PAVEMETRICS SYSTEMS, INC.

55952382