Christy G. Lea (SBN 212,060)
christy.lea@knobbe.com
Joseph R. Re (SBN 134,479)
joe.re@knobbe.com
Nicholas M. Zovko (SBN 238,248)
nicholas.zovko@knobbe.com
Alan G. Laquer (SBN 259,257)
alan.laquer@knobbe.com
Raymond Lu (SBN 340,873)
raymond.lu@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Plaintiff/Counterclaim Defendant*
PAVEMETRICS SYSTEMS, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TETRA TECH, INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | Case No. 2:21-cv-1289-MCS-MMA <br><br> Honorable Mark C. Scarsi <br><br> **PAVEMETRICS' OPPOSITION TO TETRA TECH'S MOTION *IN LIMINE* NO. 3** <br><br> Date:         August 1, 2022 <br> Time:        2:00 p.m. <br> Location:   Ctrm. 7C |

# TABLE OF CONTENTS

Page No.

I. INTRODUCTION ................................................................................................1

II. MR. TREGILLIS' REASONABLE ROYALTY OPINION BASED ON THE COST OF THE NON-INFRINGING ALTERNATIVE SHOULD NOT BE EXCLUDED ............................2

    A. Mr. Tregillis Can Rely On Dr. Frakes' Opinions Regarding The Cost Of Implementing A Non-Infringing Alternative ..................................................................................2

    B. Even If Dr. Frakes' Opinions Were Deemed Inadmissible, Mr. Tregillis Can Provide His Reasonable Royalty Opinions At Trial .........................................................5

III. MR. TREGILLIS' REASONABLE ROYALTY CALCULATION IS SUFFICIENTLY TIED TO THE FACTS OF THE CASE ...............................................................................7

IV. CONCLUSION ..................................................................................................8

# TABLE OF AUTHORITIES

Page No(s).

*Allfasteners USA, LLC v. AcmeOperations Pty., Ltd.*,
  No. LA CV18-06929, 2021 WL 4027738
  (C.D. Cal. May 25, 2021) ................................................................................5

*Apple Inc. v. Motorola, Inc.*,
  757 F.3d 1286 (Fed. Cir. 2014) .....................................................................2, 6

*Carucel Inv., L.P. v. Novatel Wireless, Inc.*,
  No. 16-cv-118-H-KSC, 2017 WL 1215838
  (S.D. Cal. Apr. 3, 2017) ..................................................................................5

*DataQuill Ltd. v. High Tech Computer Corp.*,
  887 F. Supp. 2d 999 (S.D. Cal. 2011) ............................................................5

*Daubert v. Merrell Dow Pharms. Inc.*,
  509 U.S. 579 (1993) ........................................................................................5

*Fujifilm Corp. v. Motorola Mobility LLC*,
  No. 12-cv-03587-WHO, 2015 WL 1737951
  (N.D. Cal. Apr. 8, 2015) ..................................................................................8

*GPNE Corp. v. Apple, Inc.*,
  No. 12-CV-02885-LHK, 2014 WL 3870256
  (N.D. Cal. Aug. 6, 2014) ..............................................................................3, 4

*Intel Corp. v. Tela Innovations, Inc.*,
  No. 3:18-cv-02848-WHO, 2021 WL 1222622
  (N.D. Cal. Feb. 11, 2021) ................................................................................7

*MediaTek v. Freescale Semiconductor, Inc.*,
  No. 11-cv-5341 YGR, 2014 WL 971765
  (N.D. Cal. Mar. 5, 2014) .................................................................................5

*Romero by & through Ramos v. S. Schwab Co.*,
  No. 15-CV-815-GPC-MDD, 2017 WL 5885543
  (S.D. Cal. Nov. 29, 2017) ................................................................................6

*Shure Inc. v. ClearOne, Inc.*
  No.19-1343-RGA-CJB, 2021 WL 4748744
  (D. Del. Oct. 8, 2021) ......................................................................................4

*Sound View Innovations, LLC v. Hulu*
  No. LA CV17-04146 JAK (PLAx), 2019 WL 9047211
  (C.D. Cal. Nov. 18, 2019) ............................................................................3, 7

# TABLE OF AUTHORITIES
### (*cont'd*)

**Page No(s).**

*U.S. v. 1,014.16 Acres of Land, More or Less, Situated in Vernon Cty., State of Mo.*,
  558 F. Supp. 1238 (W.D. Mo. 1983)..........................................................2

**OTHER AUTHORITIES**

Rule 701 ...............................................................................................................5

Rule 703 ....................................................................................................1, 2, 5, 6

# I. INTRODUCTION

Mr. Tregillis properly based his reasonable royalty opinion on technical information communicated to him by Pavemetrics' technical expert, Dr. Frakes. *See* Parker Ex. 4 (Tregillis Report) ¶142. This information included only additional technical details regarding a non-infringing alternatives theory that Dr. Frakes disclosed in his report. *See* Parker Ex. 14 (Frakes Report) ¶¶401-406. Tetra Tech had the opportunity to depose both Mr. Tregillis and Dr. Frakes about those opinions and decided not to do so. Those additional details are admissible, and Mr. Tregillis can rely on them. Moreover, Mr. Tregillis also based his reasonable royalty opinion on a discussion with Pavemetrics' founders, *see* Parker Ex. 4 ¶131, and Tetra Tech does not challenge his reliance on those discussions.

Even if the Court concludes that the information communicated to Mr. Tregillis by Dr. Frakes is inadmissible, Mr. Tregillis may still rely on inadmissible evidence under Rule 703 because it is of the type that damages experts would reasonably rely upon in forming a reasonable royalty opinion. *See* Fed. R. Evid. 703. In addition, Mr. Tregillis may disclose otherwise inadmissible evidence he used as a basis for his reasonable royalty opinion to the jury given that its probative value substantially outweighs any prejudicial effect the disclosure would have on Tetra Tech.

Moreover, Mr. Tregillis' opinions are tied to the facts of this case. Tetra Tech's complaints go to the weight of Mr. Tregillis' opinions, not their admissibility. Thus, the Court should deny Tetra Tech's third motion *in limine*.

/ / /

## II. MR. TREGILLIS' REASONABLE ROYALTY OPINION BASED ON THE COST OF THE NON-INFRINGING ALTERNATIVE SHOULD NOT BE EXCLUDED

### A. Mr. Tregillis Can Rely On Dr. Frakes' Opinions Regarding The Cost Of Implementing A Non-Infringing Alternative

Mr. Tregillis' reasonable royalty opinion is supported by adequate factual bases. "Patent damages calculations are often intertwined with highly technical issues . . . ." *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1321 (Fed. Cir. 2014) (overruled on other grounds). Mr. Tregillis, a damages expert, is not expected to also be an expert on these highly technical issues and may therefore properly rely on the technical expertise of Dr. Frakes, a technical expert, in formulating a reasonable royalty opinion. *See, e.g.*, *U.S. v. 1,014.16 Acres of Land, More or Less, Situated in Vernon Cty., State of Mo.*, 558 F. Supp. 1238, 1242 (W.D. Mo. 1983) ("An expert cannot be an expert in all fields, and it is reasonable to expect that experts will rely on the opinion of experts in other fields as background material for arriving at an opinion."), *aff'd*, 739 F.2d 1371 (8th Cir. 1984). Rule 703 allows experts to "base an opinion on facts or data in the case that the expert has been made aware of." Fed. R. Evid. 703.

Mr. Tregillis did just this—he based his reasonable royalty opinion on information he was "made aware of" in a discussion with Dr. Frakes. *See* Parker Ex. 4 ¶142. He also relied on a discussion with Pavemetrics' executives:

> Here, I think it is reasonable for a party negotiating a license agreement to evaluate the use of a non-infringing substitute, which I believe would have been highly relevant to that negotiation, as I detail below. That is consistent with my own experience negotiating license agreements, as well as my discussions with representatives of Pavemetrics.[237] In other words, they would not be willing to pay more in a license than the cost to obtain similar

-2-

results via a method not accused by Tetra Tech to infringe the patents-in-suit.

See Parker Ex. 4 ¶131 (footnote 237 referenced a discussion with Pavemetrics' executives, John Laurent, Jean-Francois Hebert, and Richard Habel).

Contrary to Tetra Tech's allegation, Mr. Tregillis' reasonable royalty opinion is based on a theory supported by Dr. Frakes' report, which contains an entire **section** on "Non-Infringing Alternatives and Substantial Non-infringing Uses" at the time of the hypothetical negotiation. See Parker Ex. 14 ¶¶401-406. Tetra Tech had the opportunity to depose Dr. Frakes on his opinions regarding non-infringing alternatives. But Tetra Tech did not ask him a single question about any non-infringing alternatives or substantial non-infringing uses. See Mot. at 5, n.2 (Tetra Tech admitting it made the strategic decision not to question Dr. Frakes about his discussion with Mr. Tregillis). Tetra Tech also will have the opportunity to cross-examine Dr. Frakes at trial regarding his opinion on non-infringing alternatives, which Mr. Tregillis used as a basis for his reasonable royalty opinion.

Tetra Tech's cited cases are distinguishable. For example, in *GPNE Corp. v. Apple, Inc.*, the court excluded testimony from a damages expert who relied on a new theory that was not disclosed in the technical expert's report. No. 12-CV-02885-LHK, 2014 WL 3870256, at *6 (N.D. Cal. Aug. 6, 2014) ("GPNE now attempts to manufacture a factual dispute over the smallest salable patent-practicing unit by returning with new testimony from [damages expert] Mr. Dansky that the smallest salable patent-practicing unit is a collection of hardware components."). Similarly, in *Sound View Innovations, LLC v. Hulu*, the court excluded a damages expert's opinion due to his reliance on discussions with a technical expert where the damage expert relied on such discussions for the general availability of a non-infringing alternative at the time of the hypothetical negotiation. See No. LA CV17-04146 JAK (PLAx), 2019 WL

9047211, at *13-14 (C.D. Cal. Nov. 18, 2019). *GPNE* and *Sound View* are inapposite because Mr. Tregillis did not rely on his discussion with Dr. Frakes to formulate a new non-infringing alternatives theory. Mr. Tregillis' discussion with Dr. Frakes, which Mr. Tregillis cites in his report, merely concerned additional technical details regarding the costs of implementing a non-infringing alternative that Dr. Frakes explicitly describes in his report. *See* Parker Ex. 4 ¶¶131, 142; Parker Ex. 14 ¶¶401-406.

A third case Tetra Tech cites, *Shure Inc. v. ClearOne, Inc.*, also is distinguishable. *See* No.19-1343-RGA-CJB, 2021 WL 4748744, at *1 (D. Del. Oct. 8, 2021). In *Shure*, the court excluded damages expert Dr. Vander Veen's reasonable royalty opinion where there was no factual basis for his conclusion that ClearOne's redesign would have been "more extensive" than Shure's redesign in a different case. *Id.* At his deposition, Dr. Vander Veen testified that "he did not know what such a design-around would look like" and "he did not know if [the technical expert] had an understanding of what the design-around product would be." *Id.* The court noted that had the record "contained information providing a sufficiently reliable explanation as to *why* that is – i.e., why ClearOne's redesign would have been 'more extensive' than Shure's – then this portion of Dr. Vander Veen's report could stand." *Id.* Here, Mr. Tregillis has sufficient factual foundation for his reasonable royalty opinions. Mr. Tregillis relied on, among other things, additional details about a non-infringing alternatives theory that Dr. Frakes discussed in Frakes' report as a basis for Tregillis' calculations of a reasonable royalty.

Thus, Mr. Tregillis should be allowed to rely on additional technical details regarding a theory that Dr. Frakes explicitly disclosed in his report.

///

-4-

B. **Even If Dr. Frakes' Opinions Were Deemed Inadmissible, Mr. Tregillis Can Provide His Reasonable Royalty Opinions At Trial**

Even if the Court finds that testimony by Dr. Frakes regarding the cost and time of implementing a non-infringing alternative is inadmissible (which it should not), Mr. Tregillis' opinion itself is still admissible. Rule 703 allows an expert to rely on inadmissible information, including hearsay, "[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject." Fed. R. Evid. 703; *see Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 592 (1993) ("Unlike an ordinary witness, *see* Rule 701, an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge."); *see also Allfasteners USA, LLC v. AcmeOperations Pty., Ltd.*, No. LA CV18-06929, 2021 WL 4027738, at *8 (C.D. Cal. May 25, 2021) ("An expert is permitted to rely on hearsay, including business records, so long as the evidence is 'of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject.'") (citing Fed. R. Evid. 703); *see also MediaTek v. Freescale Semiconductor, Inc.*, No. 11-cv-5341 YGR, 2014 WL 971765, at *1 (N.D. Cal. Mar. 5, 2014) ("[A]s a practical matter, experts may express opinions based upon hypotheticals and information which would otherwise be inadmissible hearsay on its own."). Tetra Tech ignored Rule 703 in its motion.

District courts in this Circuit have held that technical information obtained from a technical expert is of a type that damages experts would reasonably rely on in forming damages opinions. *See Carucel Inv., L.P. v. Novatel Wireless, Inc.*, No. 16-cv-118-H-KSC, 2017 WL 1215838, at *8 (S.D. Cal. Apr. 3, 2017) ("[T]here is nothing improper about [damages expert] Dr. McDuff relying on discussions with Defendants' technical expert Dr. Kennedy in determining that the Novatel licenses involve comparable technology."); *see also DataQuill Ltd. v. High Tech Computer Corp.*, 887 F. Supp. 2d 999, 1026

-5-

(S.D. Cal. 2011) ("It is routine and proper for a damages expert in a technical patent case to rely on a technical expert for background."). In *Apple* (cited above in Section II.A), the Federal Circuit reversed a district court's exclusion of damages expert Napper's proposed testimony because Napper relied on facts and data from a technical expert to estimate design-around costs. 757 F.3d at 1320. The Federal Circuit found that "[c]onsistent with Rule 703, patent damages experts often rely on technical expertise outside of their field when evaluating design around options." *Id.* at 1321. Additionally, the Federal Circuit held that such a practice would be reasonable: "outside of litigation, it would be reasonable, and quite common, for Napper to rely on technical information provided by Apple or one of its experts in order to value the cost to design around Apple's technology." *Id.* at 1322

In addition, Mr. Tregillis may disclose otherwise inadmissible evidence forming a basis for his reasonable royalty opinion to the jury if the evidence's probative value substantially outweighs its prejudicial effect. *See* Fed. R. Evid. 703 ("But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect."); *see also Romero by & through Ramos v. S. Schwab Co.*, No. 15-CV-815-GPC-MDD, 2017 WL 5885543, at *5 (S.D. Cal. Nov. 29, 2017) ("Rule 703 allows an expert to disclose hearsay only for the limited purpose of explaining the basis of his opinion and not for the truth of the underlying matter.").

Here, the substance of Mr. Tregillis' discussions with Dr. Frakes has high probative value because it is important in understanding how Mr. Tregillis calculated the reasonable royalty amount stated in his report. Moreover, the disclosure of this information would not unfairly prejudice Tetra Tech. Tetra Tech knew from Dr. Frakes' report that Pavemetrics alleged the existence of non-infringing alternatives and in fact had already implemented some of those

alternatives. Parker Ex. 14 ¶¶401-406. Tetra Tech had ample opportunity to depose Dr. Frakes and Mr. Tregillis on their discussion cited in Mr. Tregillis' report. In addition, Tetra Tech may object at trial if Mr. Tregillis offers any technical opinion as substantive evidence of its truth, as opposed to merely an understanding of his methods for arriving at a reasonable royalty. *See Intel Corp. v. Tela Innovations, Inc.*, No. 3:18-cv-02848-WHO, 2021 WL 1222622, at *34 (N.D. Cal. Feb. 11, 2021) ("To the extent that [damages expert] Greene attempts to offer technical expert opinions as the substantive evidence that they are true at trial, that would be improper. Here, however, Green merely – as he states in his report – relies on technical knowledge that has been communicated to him. . . . Intel may object at trial if any technical opinion is offered as substantive evidence of its truth (as opposed to the underlying understanding of the technology to form damages opinions).").

## III. MR. TREGILLIS' REASONABLE ROYALTY CALCULATION IS SUFFICIENTLY TIED TO THE FACTS OF THE CASE

Contrary to Tetra Tech's allegations, the design-around cost and time that Dr. Frakes provided are sufficiently tied to the facts of the case. In *Sound View*, the information damages expert Jeffords relied on was "not sufficiently tied to the facts here" because Jeffords simply utilized the hourly rate that Dr. Chase charged in the relevant time frame for similar work without regard for whether "Defendant would pay its engineers more, less, or about the same as Defendants' expert in this case would be paid."2019 WL 9047211 at *14. Here, however, Mr. Tregillis explains his assumptions in order to make a conservative estimate by, for example, assuming Pavemetrics would hire an outside contractor to conduct the design-around as opposed to having salaried Pavemetrics' employees do the work. *See* Parker Ex. 4 ¶142.

In addition, Mr. Tregillis can opine on the value to Pavemetrics of using marketing materials and sending files relating to the accused functionality from

-7-

his own industry experience. To the extent that Tetra Tech disagrees with Mr. Tregillis' assumptions or opinions, or finds the underlying facts unreliable, such arguments go to the weight of the evidence as opposed to its admissibility and should be reserved for the jury. *See Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-cv-03587-WHO, 2015 WL 1737951, at *7 (N.D. Cal. Apr. 8, 2015) ("Questions regarding which facts are most relevant or reliable for calculating a reasonable royalty go to the weight of expert opinion, not its admissibility, and are properly left to the jury.").

## IV. CONCLUSION

For these reasons, the Court should deny Tetra Tech's third motion *in limine*.

Respectfully Submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 18, 2022

By: */s/ Christy G. Lea*
    Christy G. Lea
    Joseph R. Re
    Nicholas M. Zovko
    Alan G. Laquer
    Raymond S. Lu

*Attorneys for Plaintiff/Counterclaim Defendant*,
PAVEMETRICS SYSTEMS, INC.

55969139