Christy G. Lea (SBN 212,060)
christy.lea@knobbe.com
Joseph R. Re (SBN 134,479)
joe.re@knobbe.com
Nicholas M. Zovko (SBN 238,248)
nicholas.zovko@knobbe.com
Alan G. Laquer (SBN 259,257)
alan.laquer@knobbe.com
Raymond Lu (SBN 340,873)
raymond.lu@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Plaintiff/Counterclaim Defendant*
PAVEMETRICS SYSTEMS, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TETRA TECH, INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | Case No. 2:21-cv-1289-MCS-MMA <br><br> Honorable Mark C. Scarsi <br><br> **PAVEMETRICS' OPPOSITION TO TETRA TECH'S MOTION *IN LIMINE* NO. 4** <br><br> Date: August 1, 2022 <br> Time: 2:00 p.m. <br> Location: Ctrm. 7C |

# TABLE OF CONTENTS

Page No.

I. INTRODUCTION ............................................................................................. 1

II. THE SUPPLEMENTAL MATERIALS ARE RELEVANT TO THE ISSUES OF THE CASE ............................................................................ 2

III. PAVEMETRICS' SUPPLEMENTATION WAS PROPER AND TIMELY UNDER RULE 26 ..................................................................... 3

    A. Supplemental Interrogatory Response and Related Documents ........................................................................................... 3

    B. Supplemental Expert Report ............................................................. 4

IV. THE SUPPLEMENTAL MATERIALS SHOULD NOT BE EXCLUDED UNDER FRCP 37 ..................................................................... 6

V. CONCLUSION ................................................................................................. 8

# TABLE OF AUTHORITIES

Page No(s).

*Ibekwe v. White*,
  No. CV146523DMGJPRX, 2016 WL 6963051
  (C.D. Cal. Feb. 23, 2016) ................................................................................3

*O'Connor v. Boeing N. Am., Inc.*,
  No. CV 00-0186 DT RCX, 2005 WL 6035243
  (C.D. Cal. Sept. 12, 2005) ................................................................................4

*Petrosyan v. Hustedt*,
  No. CV 14-4145 DMG (JCX), 2015 WL 13917735
  (C.D. Cal. Sept. 24, 2015) ................................................................................3

*Ruiz v. Walmart Inc.*,
  No. CV 20-01129-RAO, 2021 WL 4796960
  (C.D. Cal. Apr. 27, 2021) ................................................................................4

## OTHER AUTHORITIES

FRCP 26 ........................................................................................... 1, 3, 4, 6

FRCP 37 ........................................................................................................ 6

## I. INTRODUCTION

Tetra Tech seeks to exclude supplemental materials, alleging that the supplementation was untimely under Federal Rule of Civil Procedure 26. Because the disclosure of these documents was not untimely, and because Tetra Tech has not been prejudiced, this Court should deny Tetra Tech's motion.

From May 16 to 27, 2022, Pavemetrics installed and configured three LRAIL systems for CSX with software version 4.82 (Units B, C, and 4).[1] Parker Ex. 9 at 117. Pavemetrics performed these services pursuant to an Amendment to Goods Agreement between Pavemetrics and CSX. *See* Parker Ex. 8 at 109 ("This project involves the development and/or implementation of the necessary software and database systems which will permit the LRAIL Inspection Systems . . . to operate in autonomous mode.").

On June 17, 2022, pursuant to its duty to supplement under Rule 26(e)(1), Pavemetrics supplemented its Response to Tetra Tech's Interrogatory No. 15. Parker Ex. 9. Tetra Tech's Interrogatory No. 15 states: "Describe in detail any and all versions of Source Code made available for execution by Pavemetrics' railway inspection products, including Pavemetrics' LRAIL, provided, sold, leased, or licensed by or on behalf of Pavemetrics to a third party in the United States from January 1, 2020 to present…." Parker Ex. 9 at 115.

Concurrently with the supplemental interrogatory response, Pavemetrics produced the Amendment to the Goods Agreement. Parker Ex. 8. Shortly thereafter on June 20, 2022, Pavemetrics produced source code excerpts from software version 4.82 and served a supplemental report from its technical expert

---

[1] The Court has already determined on summary judgment that Tetra Tech cannot seek damages for Unit B (pre-notice sale). ECF 209 at 8-14. Tetra Tech has accused the sale of Unit 4 as an infringement. Unit C is the most recent sale and Tetra Tech is waiting for the outcome of this motion before deciding what to do. Parker Ex. 7 at 101.

-1-

regarding that software version. Zovko Ex. J (June 20 e-mail); Parker Ex. 10. On July 13, 2022, Pavemetrics served a supplemental report from its damages expert, Christian Tregillis, on how the May 2022 CSX installation supports his damages opinions. Zovko Ex. K.

This motion should be denied. Tetra Tech's appears to recognize the chance of such an outcome. In response to Pavemetrics offer for Tetra Tech to take additional discovery, Tetra Tech called the offer "premature," hedging its bets depending on the outcome of this motion. If the Court were to deny this motion, Tetra Tech proposed that "the parties will then need to agree on a plan for Tetra Tech to take additional discovery, and if necessary, continuing the trial date." Parker Ex. 7 at 101. Tetra Tech cannot play such a game. It cannot refuse to take discovery, wait for the outcome on this motion, and then, if it loses, complain that trial may need to be delayed so it can take the very discovery it refused to take. Because Tetra Tech decided to forgo discovery, the motion should be denied, and the case should proceed to trial as scheduled on the present record.

## II. THE SUPPLEMENTAL MATERIALS ARE RELEVANT TO THE ISSUES OF THE CASE

The supplemental materials provided by Pavemetrics are central to the issues of the case. First, one of the accused LRAIL units (Unit 4) for CSX was recently installed in May 2022. One cannot determine infringement without knowing the precise software version installed on each unit.

Furthermore, three units (Units B, C, and 4) were installed with software version 4.82. That software version does *not* contain any of the algorithms that Tetra Tech identifies as part of its infringement case. *See* Parker Ex. 10 ¶ 4. Thus, all three of these units are examples of acceptable non-infringing alternatives, and thus are relevant to the disputed issues of contributory infringement, lost profits,

/ / /

-2-

and reasonable royalty. Tetra Tech hopes to try this case with an unfair set of facts. The jury should be allowed to consider this information at trial.

### III. PAVEMETRICS' SUPPLEMENTATION WAS PROPER AND TIMELY UNDER RULE 26

Rule 26(e)(1) states, in relevant part, that "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—***must supplement or correct its disclosure or response*** in a timely manner ***if the party learns that in some material respect the disclosure or response is incomplete or incorrect***." (emphasis added).

"In determining whether a supplement under Rule 26(e) is appropriate, the court considers (1) whether the supplemental information correspond[s] to a prior Rule 26(a) disclosure and, if so, (2) whether the supplemental information [was] available at the time set for the initial disclosure." *E.g., Ibekwe v. White*, No. CV146523DMGJPRX, 2016 WL 6963051, at *3 (C.D. Cal. Feb. 23, 2016); *Petrosyan v. Hustedt*, No. CV 14-4145 DMG (JCX), 2015 WL 13917735, at *15 (C.D. Cal. Sept. 24, 2015).

Here, Pavemetrics' supplementation corresponds to three prior disclosures: (1) Pavemetrics' Response to Tetra Tech's Interrogatory No. 15; (2) the Rebuttal Expert Report of Dr. David Frakes Regarding Non-Infringement; and (3) the Expert Report of Christian Tregillis. As explained below, the supplemental information was not available at the time set for either of these prior disclosures.

### A. Supplemental Interrogatory Response and Related Documents

Pavemetrics supplemented its Response to Tetra Tech's Interrogatory No. 15 because the May 2022 CSX installation made Pavemetrics' prior responses materially incomplete. As such, Pavemetrics had a duty to supplement its response beginning in May 2022 and did so roughly three weeks later, on

/ / /

June 17, 2022. Pavemetrics also produced documents relating to the May 2022 CSX installation on June 17 and 20, 2022.

Tetra Tech asserts that Pavemetrics' supplemental disclosure was untimely because the new software version was created on January 28, 2022 and the Amendment to the Goods Agreement is dated February 23, 2022. Mot. at 1 (citing no authority). But until May 2022, the software version had not been "made available . . . to a third party in the United States," as recited in Tetra Tech's Interrogatory No. 15. Thus, Pavemetrics' obligation to supplement its previous disclosures did not arise until the software version was provided to CSX in May 2022.

Thus, Pavemetrics' supplementation of its interrogatory response and supporting materials was proper and timely.

## B. Supplemental Expert Report

With respect to expert disclosures, Rule 26(e)(2) states: "For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."

Under Rule 26, expert disclosures may be properly supplemented based on information that was unavailable at the time of the initial disclosure, but may not be supplemented to provide new and different opinions based on previously-available information. *Compare O'Connor v. Boeing N. Am., Inc.*, No. CV 00-0186 DT RCX, 2005 WL 6035243, at *9 (C.D. Cal. Sept. 12, 2005) ("Supplementation under [Rule 26] means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure.") *with Ruiz v. Walmart Inc.*, No. CV 20-01129-RAO, 2021 WL 4796960, at *6 (C.D. Cal. Apr. 27, 2021) ("Because [the expert]'s

supplemental report states additional opinions based on information that was available . . . at the time of his initial report, it is beyond the scope of proper supplementation.").

On March 11, 2022, Pavemetrics served the Rebuttal Expert Report of Dr. David Frakes Regarding Non-Infringement and the Expert Report of Christian Tregillis.  Dr. Frakes' report was submitted in response to the Initial Expert Report Regarding Infringement of Tetra Tech's technical expert witness, Dr. Vassilios Morellas.  Zovko Ex. L.  Dr. Morellas' report disclosed lengthy opinions regarding various LRAIL software algorithms, including: (1) using a Fake3D image to identify railway track bed features using a neural network (*Id*. ¶¶ 167–181); (2) using a "Mixed" image to identify railway track bed features using a neural network (*Id*. ¶¶ 209–216); (3) template matching algorithms (*E.g., id*. ¶¶ 256–271); and (4) crack detection on wooden ties (*E.g., id*. ¶¶ 423–425).

Dr. Frakes' March 2022 rebuttal report addressed Dr. Morellas' opinions on each of the above LRAIL algorithms, and disclosed Dr. Frakes' opinions on each of the algorithms.  *See* Zovko Ex. M ¶¶ 144–159, 185–187, 289–304.  Notably, Dr. Frakes' rebuttal report specifically analyzed LRAIL software version 4.80 with respect to each of the algorithms and disclosed that Pavemetrics had removed the "Mixed Image Neural Network" algorithm from the source code on December 13, 2021.  *Id*. at 42-43.  The report also analyzed (and attached excerpts from) source code from a software version showing that Pavemetrics removed the Mixed images.  *See id.* ¶ 403 ("In December 2021, Pavemetrics removed Fake3D images from its code, and a few weeks later, it also removed Mixed images from its code.") (citing Exhibit I to the report).

On June 20, 2022, because of the May 2022 CSX installation, Pavemetrics served a supplement to Dr. Frakes' rebuttal report.  Parker Ex. 10.  The supplement is one page long and states that Dr. Frakes has reviewed source code from the new software version provided to CSX and determined that it did not

contain the four above-listed algorithms. *Id*. ¶ 4. Dr. Frakes' March 2022 rebuttal report had analyzed each of the algorithms, and the supplement does not contain any new opinion whether these algorithms infringe the asserted claims. Rather, the supplement has only a single opinion: that the three LRAIL systems (Units B, C, and 4) installed for CSX in May 2022 do not contain the accused algorithms, and thus, do not infringe any of the asserted claims. *Id*. ¶ 4.

Similarly, Mr. Tregillis' supplemental report clarifies his previously disclosed opinions in light of the May 2022 CSX installation. In fact, the supplement does not include any new opinion, but rather explains why Mr. Tregillis' believes these CSX installations further support his opinions on damages. Zovko Ex. K ¶¶ 11–14.

Thus, because both Dr. Frakes' and Mr. Tregillis' supplemental reports merely update previously disclosed opinions based on newly available information, the supplementation was proper and timely.

## IV. THE SUPPLEMENTAL MATERIALS SHOULD NOT BE EXCLUDED UNDER FRCP 37

Tetra Tech argues that Pavemetrics' supplemental materials should be excluded under Rule 37(c)(1). Mot. at 2. Rule 37(c)(1) provides: "***If a party fails to provide information . . . as required by Rule 26(a) or (e)***, the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." (emphasis added). Here, Pavemetrics did not "fail to provide information" under Rule 26. Rather, Pavemetrics diligently performed its obligation to supplement under Rule 26(e). Thus, Rule 37 does not apply.

Furthermore, even if Pavemetrics had allegedly "delayed" in serving its supplemental disclosure, that delay was substantially justified. As explained above, Pavemetrics had no reason to continually provide Tetra Tech with updated source code until the CSX units were assembled and one of the new software

/ / /

versions installed in May 2022. Similarly, Dr. Frakes had no reason to supplement his report until he learned of the May 2022 CSX installation.

Finally, Tetra Tech cannot show any harm. And any possible harm would have been self-inflicted. On June 20, Pavemetrics promptly produced the relevant source code excerpts of the new software version. On June 23, 2022, Pavemetrics offered to allow Tetra Tech to inspect the entire source code of the new version. It also offered Tetra Tech the opportunity to depose Dr. Frakes and Jean-Francois Hebert, a Pavemetrics fact witness, about the new CSX installation. Parker Ex. 7 at 102–103. Tetra Tech said the offer was "premature" because it first wanted to know if this motion would succeed and then would 'revisit" the offer if the motion is denied. *Id*. at 101. This hardly shows any desire to learn the facts in a timely manner. Rather, it shows Tetra Tech is trying to execute an unfair "heads I win, tails you lose" strategy, with first trying to exclude facts it deems unfavorable to its case.[2]

Moreover, as Dr. Frakes explained in his supplemental report, the new software version is similar to software version 4.80. Tetra Tech inspected that version and Dr. Morellas opined about it in his initial report. Parker Ex. 10 at ¶ 4. The only material change is the removal of "source code for using a 'Mixed' image to identify railway track bed features using a neural network model." *Id*. Furthermore, at least by January 7, 2022, Pavemetrics had informed Tetra Tech that it had removed "Mixed" images from its source code. *See* Zovko Ex. N at 138:20–139:5. Tetra Tech cannot bury its head in the sand to try to exclude

/ / /

---

[2] It appears Tetra Tech is using the present motion as a possible basis to delay trial (should the motion get denied). But Tetra Tech gambled when it refused to take any supplemental discovery offered to it by Pavemetrics back in June. Tetra Tech cannot now use its discovery refusal to argue that the trial should be delayed to allow for that discovery.

evidence. Rather, it should have taken the discovery it allegedly needs to verify any new facts it deems relevant to the case.

## V. CONCLUSION

For the foregoing reasons, this Court should deny Tetra Tech's Motion *in Limine* No. 4.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 18, 2022

/s/ *Christy G. Lea*
Christy G. Lea
Joseph R. Re
Nicholas M. Zovko
Alan G. Laquer
Raymond Lu

*Attorneys for Plaintiff/Counterclaim Defendant*, PAVEMETRICS SYSTEMS, INC.