Christy G. Lea (SBN 212,060)
christy.lea@knobbe.com
Joseph R. Re (SBN 134,479)
joe.re@knobbe.com
Nicholas M. Zovko (SBN 238,248)
nicholas.zovko@knobbe.com
Alan G. Laquer (SBN 259,257)
alan.laquer@knobbe.com
Raymond Lu (SBN 340,873)
raymond.lu@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Plaintiff/Counterclaim Defendant*
PAVEMETRICS SYSTEMS, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TETRA TECH, INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | Case No. 2:21-cv-1289-MCS-MMA <br><br> Honorable Mark C. Scarsi <br><br> **PAVEMETRICS' OPPOSITION TO TETRA TECH'S MOTION *IN LIMINE* NO. 5** <br><br> Date: August 1, 2022 <br> Time: 2:00 p.m. <br> Location: Ctrm. 7C |

Tetra Tech moves to exclude Pavemetrics from supporting its good-faith belief in non-infringement and invalidity with (1) undisclosed legal opinions and (2) "lay opinions" of Pavemetrics' witnesses. Tetra Tech's motion is baseless for multiple reasons. First, Pavemetrics will not rely on any opinion or advice of counsel as a basis for its beliefs. Second, Pavemetrics will properly rely upon its own founders reading of the claims and comparison to their own LRAIL system for purposes of showing their own subjective beliefs about non-infringement and invalidity. Third, Pavemetrics does not seek to offer opinion testimony by lay witnesses under Federal Rule of Evidence 701. Tetra Tech's motion reflects a complete lack of understanding of the intent requirement for both indirect infringement and willfulness, as well as basic rules of evidence.

Tetra Tech cites **no case** precluding the accused infringer from testifying about its good faith belief that its own product does not practice the asserted claims. Nor does it cite any case precluding an accused infringer from testifying about its invalidity beliefs and the basis for those beliefs. The few cases Tetra Tech cites relate to whether a lay witness can give an opinion on infringement or invalidity for purposes of proving or disproving those issues—not whether they can testify about their own beliefs in the face of indirect and willfulness allegations.

The Supreme Court's precedent on inducement makes clear that the accused infringer's reading of the patent is key to the knowledge inquiry. *See Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 642 (2015) (a defendant does not have knowledge of infringement if it "reads the patent's claims differently from the plaintiff, and that reading is reasonable"); *see also Chaffin v. Braden*, No. 6:14-0027, 2018 WL 1794766, at *5 (S.D. Tex. Apr. 16, 2018) ("A defendant's belief in noninfringement, based on its reasonable claim construction argument, negates the knowledge requirement of indirect infringement."). Tetra Tech never addresses *Commil* or any other intent case.

The Federal Circuit has repeatedly made clear that the fact finder must analyze evidence relating to the accused infringer's subjective beliefs about infringement. For example, the Federal Circuit recently explained that:

> The intent standard for inducement, therefore, focuses on, and can be met by proof of, the defendant's subjective state of mind, whether actual knowledge or the subjective beliefs (coupled with action to avoid learning more) that characterizes willful blindness.

*Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC*, 30 F.4th 1109, 1118 (Fed. Cir. 2022); *Unwired Planet, LLC v. Apple Inc.*, 829 F.3d 1353, 1364 (Fed. Cir. 2016) (The Supreme Court's decisions "require a showing of the accused infringer's subjective knowledge as to the underlying direct infringement."). Even for willful blindness to exist, the defendant must "subjectively believe" that there is a high probability that the induced acts are infringing. *Alarm.com, Inc. v. Securenet Techs., LLC*, 345 F. Supp. 3d 544, 554 (D. Del. 2018). Tetra Tech has no authority for excluding the basis for Pavemetrics' own subjective beliefs, *i.e.*, their own analysis and understanding of the patent claims. Nor does it have any authority to support its argument that Pavemetrics needed to consult a lawyer or technical expert before forming its good faith belief in non-infringement. *See* Mot. at 3. Indeed, such an argument is precluded by 35 U.S.C. § 298. *See Asia Vital Components Co. v. Asetek Danmark*, 377 F. Supp. 3d 990, 1018, n.14 (N.D. Cal. 2019).

Tetra Tech has put at issue Pavemetrics' beliefs about infringement and invalidity by alleging indirect infringement and willfulness. Indeed, Tetra Tech has the burden on both issues and must show that Pavemetrics "knew of the patent" and knew that "the induced acts constitute patent infringement." *Commil*, 575 U.S. at 639. In denying Pavemetrics' summary judgment motion of no intent, this Court credited Tetra Tech's arguments that "Plaintiff could be sophisticated about understanding the intellectual property rights of a competitor." ECF 209 at

6. But Tetra Tech now argues that Pavemetrics lacked the ability to compare the claims to its device. Mot. at 3-5. If that were true, Pavemetrics could not possibly have ***known*** that any acts would be infringing.

For the foregoing reasons, this Court should deny Tetra Tech's Motion *in Limine* No. 5.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 18, 2022

/s/ *Christy G. Lea*
Christy G. Lea
Joseph R. Re
Nicholas M. Zovko
Alan G. Laquer
Raymond Lu

*Attorneys for Plaintiff/Counterclaim Defendant*, PAVEMETRICS SYSTEMS, INC.