Christy G. Lea (SBN 212060)
christy.lea@knobbe.com
Joseph R. Re (SBN 134479)
joe.re@knobbe.com
Nicholas M. Zovko (SBN 238248)
nicholas.zovko@knobbe.com
Alan G. Laquer (SBN 259,257)
alan.laquer@knobbe.com
Raymond Lu (SBN 340,873)
raymond.lu@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff/
Counterclaim Defendant
PAVEMETRICS SYSTEMS, INC.

Donald L. Ridge (SBN 132171)
**CLARK HILL LLP**
555 South Flower Street, 24th Floor
Los Angeles, California 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
DRidge@clarkhill.com

James R. Barney (pro hac vice)
James.barney@finnegan.com
Aaron L. Parker (pro hac vice)
aaron.parker@finnegan.com
Daniel G. Chung (pro hac vice)
daniel.chung@finnegan.com
Nicholas A. Cerulli (pro hac vice)
nicholas.cerulli@finnegan.com
Kelly S. Horn (pro hac vice)
Kelly.horn@finnegan.com
Jency J. Mathew (pro hac vice)
Jency.mathew@finnegan.com
**FINNEGAN HENDERSON**
901 New York Ave NW
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Attorneys for Defendant/
Counterclaim Plaintiff
TETRA TECH, INC. and TETRA TECH TAS, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC.,<br>Plaintiff,<br><br>v.<br><br>TETRA TECH, INC.,<br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | ) Case No. 2:21-cv-1289-MCS-MMA<br>)<br>) Honorable Mark C. Scarsi<br>)<br>) **COMPETING VERDICT FORMS**<br>)<br>) Pretrial Conference:  Aug. 1, 2022<br>) Trial:            Aug. 16, 2022<br>)<br>) |

Pursuant to the Court's Order re: Jury Trial (ECF 56), the parties hereby submit their competing verdict forms. Plaintiff Pavemetrics' Proposed Verdict Form is attached as Exhibit A and Defendants Tetra Tech's Proposed Verdict Form is attached as Exhibit B. The parties have attached a comparison version as Exhibit C with the factual or legal basis for each party's respective positions.

Approved as to form and content:

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 18, 2022          By: /s/ *Christy G. Lea*
                                  Christy G. Lea
                                  Joseph R. Re
                                  Nicholas M. Zovko
                                  Alan G. Laquer
                                  Raymond Lu

                              *Attorneys for Plaintiff/Counterclaim Defendant,*
                              PAVEMETRICS SYSTEMS, INC.

FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP

Dated: July 18, 2022          By: /s/ *Daniel G. Chung*
                                  *(with permission Christy G. Lea)*
                                  James R. Barney
                                  Aaron L. Parker
                                  Nicholas A. Cerulli
                                  Daniel G. Chung
                                  Kelly S. Horn
                                  Jency J. Mathew

                              CLARK HILL LLC
                                  Donald L. Ridge

                              *Attorneys for Defendant/Counterclaimant,*
                              TETRA TECH, INC.

-1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A:
# Plaintiff Pavemetrics'
# Proposed Verdict Form

## **INSTRUCTIONS**

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning of any legal term that appears in the questions below.

# **DEFINITIONS**

As used herein, the following terms have the following meanings:

- "'293 patent" refers to U.S. Patent No. 10,362,293.
- "'557 patent" refers to U.S. Patent No. 10,616,557.
- "Pavemetrics" refers to Pavemetrics Systems, Inc.
- "Tetra Tech" refers collectively to Tetra Tech, Inc. and Tetra Tech TAS Inc.

# JURY VERDICT

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case.

## I.   FINDINGS ON INFRINGEMENT CLAIMS

**Instructions:** The questions regarding infringement should be answered regardless of your finding with respect to the validity or invalidity of the patent claims.

### Direct Infringement

### Question No. 1: Selling Unit 1 to AID

Has Tetra Tech proven by a preponderance of the evidence that Pavemetrics directly infringed the following patent claims by selling LRAIL System Unit 1 to AID? (Please check Yes or No for each claim).

| Patent Claim | YES (for Tetra Tech) | NO (for Pavemetrics) |
|---|---|---|
| Claim 1 of the '293 patent | | |
| Claim 21 of the '293 patent | | |

**Question No. 2: Selling Units 2 and 3 to CSX**

Has Tetra Tech proven by a preponderance of the evidence that Pavemetrics directly infringed the following patent claims by selling LRAIL System Units 2 and 3 to CSX? (Please check Yes or No for each claim).

| Patent Claim | YES<br>(for Tetra Tech) | NO<br>(for Pavemetrics) |
|---|---|---|
| Claim 1 of the '293 patent | | |
| Claim 21 of the '293 patent | | |

**Question No. 3: Selling Unit 4 to CSX**

Has Tetra Tech proven by a preponderance of the evidence that Pavemetrics directly infringed the following patent claims by selling LRAIL System Unit 4 to CSX? (Please check Yes or No for each claim).

| Patent Claim | YES<br>(for Tetra Tech) | NO<br>(for Pavemetrics) |
|---|---|---|
| Claim 1 of the '293 patent | | |
| Claim 21 of the '293 patent | | |

**Induced Infringement**

**Question No. 4: Inducement re Unit 1 (AID)**

Has Tetra Tech proven by a preponderance of the evidence: (i) that AID infringed the following claims by using LRAIL System Unit 1; (ii) that Pavemetrics took action that actually induced that infringement by AID; and (iii) that Pavemetrics was aware of the patent and believed that its actions would encourage that infringement or, alternatively, that it was willfully blind as to whether its actions would encourage that infringement?  (Please check Yes or No for each claim).

| Patent Claim | YES (for Tetra Tech) | NO (for Pavemetrics) |
|---|---|---|
| Claim 1 of the '293 patent | | |
| Claim 21 of the '293 patent | | |
| Claim 8 of the '557 patent | | |

**<u>Contributory Infringement</u>**

**<u>Question No. 5: Contributory re Unit 1 (AID)</u>**

Has Tetra Tech proven by a preponderance of the evidence: (i) that AID infringed the following claim; (ii) that Pavemetrics supplied an important component of the infringing part of the LRAIL System Unit 1; (iii) that the component was not a common component suitable for non-infringing use; and (iv) that Pavemetrics supplied the component with knowledge of the '557 patent and knowledge that the component was especially made or adapted for use in an infringing manner?  (Please check Yes or No for each claim).

| Patent Claim | YES<br>(for Tetra Tech) | NO<br>(for Pavemetrics) |
|---|---|---|
| Claim 8 of the '557 patent | | |

**Willful Infringement**

**Instructions:** If you answered "Yes" to any part of questions 1 through 5, please proceed to question 6.  If you answered "No" to ALL parts of questions 1 through 5, then please skip to question 7.

**Question No. 6**

Do you find that Tetra Tech has proven by a preponderance of the evidence that Pavemetrics actually knew, intentionally ignored, or recklessly disregarded that its actions constituted infringement (Please check YES or NO for each patent.)

| Patent | YES (for Tetra Tech) | NO (for Pavemetrics) |
|---|---|---|
| The '293 patent | | |
| The '557 patent | | |

## II.   **FINDINGS ON INVALIDITY DEFENSES**

**Instructions:** The questions regarding invalidity should be answered regardless of your findings with respect to infringement.

### **The '293 Patent**

### **Question No. 7**

Did Pavemetrics prove by clear and convincing evidence that the following claims of the '293 patent would have been obvious to a person of ordinary skill in the art in view of Pavemetrics' UML Sale and Support and/or UML-TRB2014, either alone or in combination with EC-TRB2014?

| Patent Claim | YES (for Pavemetrics) | NO (for Tetra Tech) |
|---|---|---|
| Claim 1 of the '293 patent | | |
| Claim 21 of the '293 patent | | |

### **Question No. 8**

Did Pavemetrics prove by clear and convincing evidence that claim 21 of the '293 patent would have been obvious to a person of ordinary skill in the art in view of Pavemetrics' UML Sale and Support and/or UML-TRB2014, in combination with EC-TRB2014 and Gibert-Serra?

| Patent Claim | YES (for Pavemetrics) | NO (for Tetra Tech) |
|---|---|---|
| Claim 21 of the '293 patent | | |

**The '557 Patent**

**Question No. 9**

Did Pavemetrics prove by clear and convincing evidence that claim 8 of the '557 patent would have been obvious to a person of ordinary skill in the art in view of Pavemetrics' UML Sale and Support and/or UML-TRB2014?

| Patent Claim | YES (for Pavemetrics) | NO (for Tetra Tech) |
|---|---|---|
| Claim 8 of the '557 patent | | |

**Question No. 10**

Did Pavemetrics prove by clear and convincing evidence that claim 8 of the '557 patent was anticipated by Tetra Tech's 3D tie assessment system?

| Patent Claim | YES (for Pavemetrics) | NO (for Tetra Tech) |
|---|---|---|
| Claim 8 of the '557 patent | | |

**Question No. 11**

Did Pavemetrics prove by clear and convincing evidence that claim 8 of the '557 patent would have been obvious to a person of ordinary skill in the art in view of Tetra Tech's 3D tie assessment system?

| Patent Claim | YES (for Pavemetrics) | NO (for Tetra Tech) |
|---|---|---|
| Claim 8 of the '557 patent | | |

**Findings on Damages (If Applicable)**

Instructions: If you found at least one claim infringed and not invalid, then please proceed to answer the remaining questions.

**Question No. 12**

What lost profits, if any, did Tetra Tech show by a preponderance of the evidence that it suffered as a result of sales that it would with reasonable probability have made but for Pavemetrics' infringement?

Amount of $_____

**Question No. 13**

For those infringing sales for which Tetra Tech has not proved its entitlement to lost profits, what has it proved it is entitled to as a reasonable royalty:

Amount of $_____

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations.  The Presiding Juror should then sign and date the verdict form in the space below and notify the Courtroom Deputy that you have reached a verdict.  The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.


Date:_____          By:_____

                                         Presiding Juror

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit B
# Defendants Tetra Tech
# Proposed Verdict Form

## **INSTRUCTIONS**

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning of any legal term that appears in the questions below.

# **DEFINITIONS**

As used herein, the following terms have the following meanings:

- "'293 patent" refers to U.S. Patent No. 10,362,293.
- "'557 patent" refers to U.S. Patent No. 10,616,557.
- "Asserted Patents" refers collectively to the '293 patent and the '557 patent.
- "Pavemetrics" refers to Pavemetrics Systems, Inc.
- "Tetra Tech" refers collectively to Tetra Tech, Inc. and Tetra Tech TAS Inc.

## JURY VERDICT

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case.

## III.   FINDINGS ON INFRINGEMENT CLAIMS

**Instructions:** The questions regarding infringement should be answered regardless of your finding with respect to validity of the Asserted Patents.

### A.   Direct Infringement

1.   Did Tetra Tech prove by a preponderance of the evidence that Pavemetrics directly infringed any of the following claims of the '293 patent by selling or offering to sell in the United States, the Laser Rail Inspection System ("LRAIL")?

("YES" is a finding for Tetra Tech. "NO" is a finding for Pavemetrics. Please check only the answer for each claim that reflects your verdict.)

Claim 1 of the '293 patent        Yes _____   No _____

Claim 2 of the '293 patent        Yes _____   No _____

Claim 4 of the '293 patent        Yes _____   No _____

Claim 21 of the '293 patent       Yes _____   No _____

### B.   Induced Infringement

2.   Did Tetra Tech prove by a preponderance of the evidence that Pavemetrics induced its customer(s) to infringe any of the following claims of the Asserted Patents?

("YES" is a finding for Tetra Tech. "NO" is a finding for Pavemetrics. Please check only the answer for each claim that reflects your verdict.)

Claim 1 of the '293 patent        Yes _____   No _____

Claim 2 of the '293 patent        Yes _____   No _____

Claim 4 of the '293 patent        Yes _____   No _____

Claim 21 of the '293 patent       Yes _____   No _____

Claim 8 of the '557 patent        Yes _____   No _____

-17-

**C.**     **Contributory Infringement**

3.     Did Tetra Tech prove by a preponderance of the evidence that Pavemetrics contributed to the infringement of any of the following claims of the Asserted Patents by Pavemetrics' customer(s)?

("YES" is a finding for Tetra Tech. "NO" is a finding for Pavemetrics. Please check only the answer for each claim that reflects your verdict.)

Claim 1 of the '293 patent     Yes _____     No _____

Claim 2 of the '293 patent     Yes _____     No _____

Claim 4 of the '293 patent     Yes _____     No _____

Claim 21 of the '293 patent     Yes _____     No _____

Claim 8 of the '557 patent     Yes _____     No _____

**D.**     **Willful Infringement**

**Instructions:** If you answered "Yes" to any part of questions 1 through 3, please proceed to question 4.  If you answered "No" to ALL parts of questions 1 through 3, then please skip to question 5.

4.     If you found that Pavemetrics infringed, either directly or indirectly, any claim of the Asserted Patents, did Tetra Tech prove by a preponderance of evidence that the infringement was willful?

("YES" is a finding for Tetra Tech. "NO" is a finding for Pavemetrics.)

Yes _____     No _____

## IV.   FINDINGS ON INVALIDITY DEFENSES

**Instructions:** The questions regarding invalidity should be answered regardless of your finding with respect to infringement of the Asserted Patents.

### A.   The '293 Patent

5.   Did Pavemetrics prove by clear and convincing evidence that any of the following claims of the '293 patent would have been obvious to a person of ordinary skill in the art in view of Pavemetrics' UML Sale and Support and/or UML-TRB2014, either alone or in combination with EC-TRB2014?

("YES" is a finding for Pavemetrics. "NO" is a finding for Tetra Tech. Please check only the answer for each claim that reflects your verdict.)

| | | | |
|---|---|---|---|
| Claim 1 of the '293 patent | Yes _____ | No _____ |
| Claim 2 of the '293 patent | Yes _____ | No _____ |
| Claim 4 of the '293 patent | Yes _____ | No _____ |
| Claim 21 of the '293 patent | Yes _____ | No _____ |

6.   Did Pavemetrics prove by clear and convincing evidence that claim 21 of the '293 patent would have been obvious to a person of ordinary skill in the art in view of Pavemetrics' UML Sale and Support and/or UML-TRB2014, in combination with EC-TRB2014 and Gibert-Serra?

("YES" is a finding for Pavemetrics. "NO" is a finding for Tetra Tech.)

Yes _____   No _____

### B.   The '557 Patent

7.   Did Pavemetrics prove by clear and convincing evidence that claim 8 of the '557 patent would have been obvious to a person of ordinary skill in the art in view of Pavemetrics' UML Sale and Support and/or UML-TRB2014?

("YES" is a finding for Pavemetrics. "NO" is a finding for Tetra Tech.)

Yes _____   No _____

8.      Did Pavemetrics prove by clear and convincing evidence that claim 8 of the '557 patent was anticipated by Tetra Tech's 3D tie assessment system?

    ("YES" is a finding for Pavemetrics. "NO" is a finding for Tetra Tech.)

                                                    Yes _____      No _____

9.      Did Pavemetrics prove by clear and convincing evidence that claim 8 of the '557 patent would have been obvious to a person of ordinary skill in the art in view of Tetra Tech's 3D tie assessment system?

    ("YES" is a finding for Pavemetrics. "NO" is a finding for Tetra Tech.)

                                                    Yes _____      No _____

## V.      **FINDINGS ON DAMAGES (IF APPLICABLE)**

**Instructions:** If you found at least one claim of the Asserted Patents infringed and not invalid, then please proceed to answer the remaining questions.

10.    What lost profits, if any, has Tetra Tech proven it more likely than not suffered as a result of sales that it would with reasonable probability have made but for Pavemetrics' infringement?

$\underline{\hspace{5cm}}$

11.    For Pavemetrics' infringement for which Tetra Tech has not proven its entitlement to lost profits, what has Tetra Tech proven it is entitled to as a reasonable royalty?

$\underline{\hspace{5cm}}$

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the space below and notify the Courtroom Deputy that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

Dated: _____

By: _____

Presiding Juror

# Exhibit C
# Comparison Verdict Form

(with the factual or legal basis for each party's respective positions)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **INSTRUCTIONS**

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning of any legal term that appears in the questions below.

## __DEFINITIONS__

As used herein, the following terms have the following meanings:

- "'293 patent" refers to U.S. Patent No. 10,362,293.
- "'557 patent" refers to U.S. Patent No. 10,616,557.
- "Pavemetrics" refers to Pavemetrics Systems, Inc.
- "Tetra Tech" refers collectively to Tetra Tech, Inc. and Tetra Tech TAS Inc.

Defendant's Proposal:

- "Asserted Patents" refers collectively to the '293 patent and the '557 patent.[1]

---

[1] Plaintiff objects to grouping the patents together, because Tetra Tech has asserted only system claims from the '293 patent and only one method claim from the '557 patent, and, thus, the acts of infringement necessarily differ for each patent.  Moreover, Tetra Tech seeks damages only for sales, which can infringe only the system claims.

## **JURY VERDICT**

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case.

## VI.   **FINDINGS ON INFRINGEMENT CLAIMS**

**Instructions:** The questions regarding infringement should be answered regardless of your finding with respect to ~~the~~ validity ~~or invalidity~~ of the ~~patent claims~~Asserted Patents.[2]

## **Direct Infringement**

Plaintiff's Proposal on Direct Infringement:[3]

---

[2]  Plaintiff objects to Defendant's edits and proposes to follow the language of the ND Cal. Model verdict form because it is balanced.  The Model states: "The questions regarding infringement should be answered regardless of your finding with respect to the **validity or invalidity** of the patents."

[3]  Tetra Tech's Position: Tetra Tech objects to Pavemetrics' proposed questions on direct infringement as incomplete and inaccurate because they omit asserted claims 2 and 4 of the '293 patent. The Court did not find that these claims were not infringed, nor did Pavemetrics move for summary judgment. Pavemetrics' request that the Court expand its findings to cover additional claims is belated and procedurally improper, and Tetra Tech's detailed positions are set forth in its opposition to Pavemetrics' motion *in limine*. Tetra Tech also objects because the questions omit Pavemetrics' offers for sale of the LRAIL as infringing acts, which Tetra Tech pled in its Amended Counterclaim. D.I. 79, ¶34. Tetra Tech further objects to the questions concerning LRAIL System Units 1-4. The accused product at issue is the LRAIL, and questions concerning "LRAIL System Units" as the product alleged to infringe is misleading, confusing, and unnecessary. Moreover, Tetra Tech objects to the questions' references to AID and CSX as inappropriate, confusing, and legally unnecessary to establish liability for direct infringement.

-25-

**Question No. 1: Selling Unit 1 to AID**

Has Tetra Tech proven by a preponderance of the evidence that Pavemetrics directly infringed the following patent claims by selling LRAIL System Unit 1 to AID? (Please check Yes or No for each claim).

| Patent Claim | YES (for Tetra Tech) | NO (for Pavemetrics) |
|---|---|---|
| Claim 1 of the '293 patent | | |
| Claim 21 of the '293 patent | | |

**Question No. 2: Selling Units 2 and 3 to CSX**

Has Tetra Tech proven by a preponderance of the evidence that Pavemetrics directly infringed the following patent claims by selling LRAIL System Units 2 and 3 to CSX? (Please check Yes or No for each claim).

| Patent Claim | YES (for Tetra Tech) | NO (for Pavemetrics) |
|---|---|---|
| Claim 1 of the '293 patent | | |
| Claim 21 of the '293 patent | | |

**Question No. 3: Selling Unit 4 to CSX**

Has Tetra Tech proven by a preponderance of the evidence that Pavemetrics directly infringed the following patent claims by selling LRAIL System Unit 4 to CSX? (Please check Yes or No for each claim).

| Patent Claim | YES (for Tetra Tech) | NO (for Pavemetrics) |
|---|---|---|
| Claim 1 of the '293 patent | | |
| Claim 21 of the '293 patent | | |

**Defendants' Proposal on Direct Infringement:**

1.  Did Tetra Tech prove by a preponderance of the evidence that Pavemetrics directly infringed any of the following claims of the '293 patent by selling or offering to sell in the United States, the Laser Rail Inspection System ("LRAIL")?[4]

    ("YES" is a finding for Tetra Tech. "NO" is a finding for Pavemetrics. Please check only the answer for each claim that reflects your verdict.)

    Claim 1 of the '293 patent        Yes _____   No _____
    Claim 2 of the '293 patent        Yes _____   No _____
    Claim 4 of the '293 patent        Yes _____   No _____
    Claim 21 of the '293 patent       Yes _____   No _____

---

[4] Pavemetrics objects to Defendants' proposed direct infringement question for three reasons. First, the question includes an act of infringement (offering for sale) not disclosed during discovery. *See* Morellas ¶609. Second, the question includes dependent claims 2 and 4 for which Tetra Tech has preserved no infringement grounds beyond Fake3D with Overlay that this Court already rejected on summary judgment. *See* ECF 189 at 9; Pavemetrics MIL No. 3. Third, the question ignores that Pavemetrics sold three different versions of LRAIL with material differences in the accused algorithm functionality: Unit 1, Units 2-3, and Unit 4.

**Induced Infringement**

<span style="color:red">Plaintiff's Proposal on Induced Infringement:[5]</span>

**Question No. 4: Inducement re Unit 1 (AID)**

Has Tetra Tech proven by a preponderance of the evidence: (i) that AID infringed the following claims by using LRAIL System Unit 1; (ii) that Pavemetrics took action that actually induced that infringement by AID; and (iii) that Pavemetrics was aware of the patent and believed that its actions would encourage that infringement or, alternatively, that it was willfully blind as to whether its actions would encourage that infringement?  (Please check Yes or No for each claim).

---

[5] <u>Tetra Tech's Position:</u> Tetra Tech objects to Pavemetrics' proposed question on induced infringement as incomplete and inaccurate because it omits asserted claims 2 and 4 of the '293 patent, as detailed above. Moreover, Tetra Tech objects to the question's reference to AID as inappropriate, confusing, and legally unnecessary to establish liability for induced infringement. *See In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012) ("This court has upheld claims of indirect infringement premised on circumstantial evidence of direct infringement by unknown parties"); *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993) ("Liability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement"). In addition, Tetra Tech objects to the question as incomplete and inaccurate to the extent it omits underlying direct infringement by CSX for Tetra Tech's induced infringement claim. This is contrary to the Court's summary judgment order of July 6, 2022. As discussed above, Tetra Tech objects to the reference to "LRAIL System Unit" as the product alleged to infringe as inaccurate, misleading, confusing, and unnecessary. Furthermore, Tetra Tech objects to the question's inclusion of the legal elements for induced infringement as unnecessary, confusing, and duplicative because they are already contained in the jury instructions.

| Patent Claim | YES (for Tetra Tech) | NO (for Pavemetrics) |
|---|---|---|
| Claim 1 of the '293 patent | | |
| Claim 21 of the '293 patent | | |
| Claim 8 of the '557 patent | | |

Defendants' Proposal on Induced Infringement:

**2.** Did Tetra Tech prove by a preponderance of the evidence that Pavemetrics induced its customer(s) to infringe any of the following claims of the Asserted Patents?[6]

("YES" is a finding for Tetra Tech. "NO" is a finding for Pavemetrics. Please check only the answer for each claim that reflects your verdict.)

| | | | |
|---|---|---|---|
| Claim 1 of the '293 patent | Yes ____ | No ____ |
| Claim 2 of the '293 patent | Yes ____ | No ____ |
| Claim 4 of the '293 patent | Yes ____ | No ____ |
| Claim 21 of the '293 patent | Yes ____ | No ____ |
| Claim 8 of the '557 patent | Yes ____ | No ____ |

---

[6] Pavemetrics objects to Defendants' proposed induced infringement question for five reasons. First, the question is unlimited in the acts of direct infringement even though Tetra Tech disclosed and preserved only one act of direct infringement by Pavemetrics' customers—using LRAIL. *See* Morellas ¶¶612-613; *see also* ¶¶620-621; Third Supp. Infringement Contentions. Second, the question includes dependent claims 2 and 4 for which Tetra Tech has preserved no infringement grounds beyond Fake3D with Overlay that this Court already rejected on summary judgment. *See* ECF 189 at 9; Pavemetrics MIL No. 3. Third, the question ignores that Pavemetrics sold three different versions of LRAIL with material differences in the accused algorithm functionality: Unit 1, Units 2-3, and Unit 4. Fourth, the question includes direct infringement by CSX even though Tetra Tech has disclosed no acts of infringement that are unrelated to Unit A, which Pavemetrics sold pre-notice and this Court held to be free of liability. *See* Morellas ¶612; ECF 209 at 8-14. Fifth, the question includes direct infringement of method Claim 8 by CSX even though Tetra Tech did not preserve any use of that method by CSX and Tetra Tech has dropped its importation of data made by a product claim under 35 U.S.C. § 102(g). *See* Morellas ¶614-615.

-30-

**Contributory Infringement**

Plaintiff's Proposal on Contributory Infringement:[7]

**Question No. 5: Contributory re Unit 1 (AID)**

Has Tetra Tech proven by a preponderance of the evidence: (i) that AID infringed the following claim; (ii) that Pavemetrics supplied an important component of the infringing part of the LRAIL System Unit 1; (iii) that the component was not a common component suitable for non-infringing use; and (iv) that Pavemetrics supplied the component with knowledge of the '557 patent and knowledge that the component was especially made or adapted for use in an infringing manner? (Please check Yes or No for each claim).

| Patent Claim | YES (for Tetra Tech) | NO (for Pavemetrics) |
|---|---|---|
| Claim 8 of the '557 patent | | |

---

[7] <u>Tetra Tech's Position:</u> Tetra Tech objects to Pavemetrics' proposed question on contributory infringement as incomplete and inaccurate because it omits asserted claims 2 and 4 of the '293 patent, as detailed above. Moreover, Tetra Tech pled in its Amended Counterclaim contributory infringement of the system claims of the '293 patent (claims 1, 2, 4, and 21). D.I. 79, ¶36. As discussed above, Tetra Tech also objects to the question's reference to AID as inappropriate, confusing, and legally unnecessary to establish liability for contributory infringement. In addition, as discussed above, Tetra Tech objects to the question as incomplete and inaccurate to the extent it omits underlying direct infringement by CSX for Tetra Tech's contributory infringement claim. As discussed above, Tetra Tech further objects to the reference to "LRAIL System Unit" as the product alleged to infringe as inaccurate, misleading, confusing, and unnecessary. Furthermore, Tetra Tech objects to the question's inclusion of the legal elements for contributory infringement as unnecessary, confusing, and duplicative because they are already contained in the jury instructions.

**Defendants' Proposal on Contributory Infringement:**

**3.**   Did Tetra Tech prove by a preponderance of the evidence that Pavemetrics contributed to the infringement of any of the following claims of the Asserted Patents by Pavemetrics' customer(s)?[8]

("YES" is a finding for Tetra Tech. "NO" is a finding for Pavemetrics. Please check only the answer for each claim that reflects your verdict.)

| | | |
|---|---|---|
| Claim 1 of the '293 patent | Yes _____ | No _____ |
| Claim 2 of the '293 patent | Yes _____ | No _____ |
| Claim 4 of the '293 patent | Yes _____ | No _____ |
| Claim 21 of the '293 patent | Yes _____ | No _____ |
| Claim 8 of the '557 patent | Yes _____ | No _____ |

---

[8] Pavemetrics objects to Defendants' proposed contributory infringement question for five reasons.  First, the question is unlimited in the acts of direct infringement even though Tetra Tech disclosed and preserved only one act of direct infringement by Pavemetrics' customers—using LRAIL.  *See* Morellas ¶625; Third Supp. Infringement Contentions. Second, the question includes dependent claims 2 and 4 for which Tetra Tech has preserved no infringement grounds beyond Fake3D with Overlay that this Court already rejected on summary judgment.  *See* ECF 189 at 9; Pavemetrics MIL No. 3.  Third, the question ignores that Pavemetrics sold three different versions of LRAIL with material differences in the accused algorithm functionality: Unit 1, Units 2-3, and Unit 4.  Fourth, the question includes direct infringement by CSX even though Tetra Tech has disclosed no acts of infringement that are unrelated to Unit A, which Pavemetrics sold pre-notice and this Court held to be free of liability.  *See* Morellas ¶612; ECF 209 at 8-14.  Sixth, the question includes direct infringement of system Claims 1, 2, 4, and 21 even though Tetra Tech did not preserve any contributory infringement claim other than practicing "the claimed methods."  *See* Morellas ¶¶625-626.

**Willful Infringement**

**Instructions:** If you answered "Yes" to any part of questions 1 through 5, please proceed to question 6.  If you answered "No" to ALL parts of questions 1 through 5, then please skip to question 7.

Plaintiff's Proposal on Willful Infringement:[9]

**Question No. 6**

Do you find that Tetra Tech has proven by a preponderance of the evidence that Pavemetrics actually knew, intentionally ignored, or recklessly disregarded that its actions constituted infringement (Please check YES or NO for each patent.)

| Patent | YES (for Tetra Tech) | NO (for Pavemetrics) |
|---|---|---|
| The '293 patent | | |
| The '557 patent | | |

---

[9] <u>Tetra Tech's Position:</u> Tetra Tech objects to Pavemetrics' proposed question on willful infringement because it unnecessarily includes legal elements for willful infringement that are duplicative and already contained in the jury instructions and risks confusion.

Defendants' Proposal on Willful Infringement:

4.     If you found that Pavemetrics infringed, either directly or indirectly, any claim of the Asserted Patents, did Tetra Tech prove by a preponderance of evidence that the infringement was willful?[10]

       ("YES" is a finding for Tetra Tech. "NO" is a finding for Pavemetrics.)

                                                              Yes _____     No _____

---

[10] Pavemetrics objects to Tetra Tech's willfulness instruction because it deviates from the N.D. Cal Model Verdict Form without justification.  The Model states: "Has the Patent Holder proven that it is more likely than not that the Alleged Infringer actually knew, intentionally ignored, or recklessly disregarded that its actions constituted infringement?"

## VII.   <u>FINDINGS ON INVALIDITY DEFENSES</u>

**Instructions:** The questions regarding invalidity should be answered regardless of your ~~findings~~finding with respect to infringement of the Asserted Patents.[11]

### <u>The '293 Patent</u>
### <u>Question No. 7</u>

Did Pavemetrics prove by clear and convincing evidence that any of the following claims of the '293 patent would have been obvious to a person of ordinary skill in the art in view of Pavemetrics' UML Sale and Support and/or UML-TRB2014, either alone or in combination with EC-TRB2014?[12]

| Patent Claim | YES (for Pavemetrics) | NO (for Tetra Tech) |
|---|---|---|
| Claim 1 of the '293 patent | | |
| Claim 2 of the '293 patent | | |
| Claim 4 of the '293 patent | | |
| Claim 21 of the '293 patent | | |

---

[11] Pavemetrics' objects to Defendant's edits, which deviate from the N.D. Cal. Model Verdict Form without justification.   The Model states: "The questions regarding invalidity should be answered regardless of your findings with respect to infringement."

[12] <u>Tetra Tech's Position:</u>  As explained in detail above, Tetra Tech objects to Pavemetrics' proposed question to the extent it omits asserted claims 2 and 4 of the '293 patent based on Pavemetrics' belated and procedurally improper request to expand the Court's summary judgment order of April 27, 2022.

**Question No. 8**

Did Pavemetrics prove by clear and convincing evidence that claim 21 of the '293 patent would have been obvious to a person of ordinary skill in the art in view of Pavemetrics' UML Sale and Support and/or UML-TRB2014, in combination with EC-TRB2014 and Gibert-Serra?

| Patent Claim | YES (for Pavemetrics) | NO (for Tetra Tech) |
|---|---|---|
| Claim 21 of the '293 patent | | |

**The '557 Patent**

**Question No. 9**

Did Pavemetrics prove by clear and convincing evidence that claim 8 of the '557 patent would have been obvious to a person of ordinary skill in the art in view of Pavemetrics' UML Sale and Support and/or UML-TRB2014?

| Patent Claim | YES (for Pavemetrics) | NO (for Tetra Tech) |
|---|---|---|
| Claim 8 of the '557 patent | | |

**Question No. 10**

Did Pavemetrics prove by clear and convincing evidence that claim 8 of the '557 patent was anticipated by Tetra Tech's 3D tie assessment system?

| Patent Claim | YES (for Pavemetrics) | NO (for Tetra Tech) |
|---|---|---|
| Claim 8 of the '557 patent | | |

1

2      **<u>Question No. 11</u>**

3      Did Pavemetrics prove by clear and convincing evidence that claim 8 of the

4      '557 patent would have been obvious to a person of ordinary skill in the art in

5      view of Tetra Tech's 3D tie assessment system?

6

| Patent Claim | YES<br>(for Pavemetrics) | NO<br>(for Tetra Tech) |
|---|---|---|
| Claim 8 of the '557 patent | | |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Findings on Damages (If Applicable)**

Instructions: If you found at least one claim ~~of the Asserted Patents~~ infringed and not invalid, then please proceed to answer the remaining questions.[13][14]

**Question No. 12**

What lost profits, if any, ~~did~~has Tetra Tech ~~show by a preponderance of the evidence that~~proven it more likely than not suffered as a result of sales that it would with reasonable probability have made but for Pavemetrics' infringement?[15]

Amount of $_____

**Question No. 13**

_____

[13] Pavemetrics objects to Defendants' inclusion of both patents in the damages questions.  Defendant did not preserve a damages claim on any acts of infringement besides sales, but sales cannot infringe the method of Claim 8 of the '557 patent.

[14] Tetra Tech's Position: Should the jury find infringement of the '293 patent or the '557 patent, Tetra Tech is statutorily entitled to damages "to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention." 35 U.S.C. § 284. Further, Tetra Tech's damages expert opined on the reasonable royalty resulting from Pavemetrics' infringement, and his opinions were not limited to damages resulting from any particular type of infringing act.

[15] Pavemetrics objects to using "more likely than not" rather than the "preponderance of the evidence" language the parties have used throughout the remainder of the Verdict Form.

12.    For ~~those infringing sales~~<u>Pavemetrics' infringement</u> for which Tetra Tech has not ~~proved~~<u>proven</u> its entitlement to lost profits, what has ~~it proved~~<u>Tetra Tech proven</u> it is entitled to as a reasonable royalty~~:~~<u>?</u>[16][17]

<span style="color:red">Plaintiff's Proposal on Reasonable Royalty Amount:</span>

Amount of $_____

<span style="color:red">Defendants' Proposal on Reasonable Royalty Amount:</span>

$_____

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations.  The Presiding Juror should then sign and date the verdict form in the space below and notify the Courtroom Deputy that you have reached a verdict.  The Presiding Juror

---

[16] Pavemetrics objects to Defendants' edits and deviation from the N.D. Cal. Model Verdict Form without justification.  Defendants have not preserved any damages claim for any act of infringement other than sales.  The N.D. Cal. Model Verdict Form states: "For those infringing sales for which Patent Holder has not proved its entitlement to lost profits, what has it proved it is entitled to as a reasonable royalty."

[17] <u>Tetra Tech's Position:</u> Should the jury find infringement of the '293 patent or the '557 patent, Tetra Tech is statutorily entitled to damages "to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention." 35 U.S.C. § 284. Further, Tetra Tech's damages expert opined on the reasonable royalty resulting from Pavemetrics' infringement, and his opinions were not limited to damages resulting from any particular type of infringing act.

should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

Date:_____          By:_____

                                                     Presiding Juror