Christy G. Lea (SBN 212060)
christy.lea@knobbe.com
Joseph R. Re (SBN 134479)
joe.re@knobbe.com
Nicholas M. Zovko (SBN 238248)
nicholas.zovko@knobbe.com
Alan G. Laquer (SBN 259,257)
alan.laquer@knobbe.com
Raymond Lu (SBN 340,873)
raymond.lu@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff/
Counterclaim Defendant
PAVEMETRICS SYSTEMS, INC.

Donald L. Ridge (SBN 132171)
**CLARK HILL LLP**
555 South Flower Street, 24th Floor
Los Angeles, California 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
DRidge@clarkhill.com

James R. Barney (pro hac vice)
James.barney@finnegan.com
Aaron L. Parker (pro hac vice)
aaron.parker@finnegan.com
Daniel G. Chung (pro hac vice)
daniel.chung@finnegan.com
Nicholas A. Cerulli (pro hac vice)
nicholas.cerulli@finnegan.com
Kelly S. Horn (pro hac vice)
Kelly.horn@finnegan.com
Jency J. Mathew (pro hac vice)
Jency.mathew@finnegan.com
**FINNEGAN HENDERSON**
901 New York Ave NW
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Attorneys for Defendant/
Counterclaim Plaintiff
TETRA TECH, INC. and TETRA TECH TAS, INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| PAVEMETRICS SYSTEMS, INC. | CASE NO. 2:21-cv-1289 MCS-MMA |
|---|---|
| Plaintiff, | **JOINT/AGREED PROPOSED JURY INSTRUCTIONS** |
| v. | **Honorable Mark C. Scarsi** |
| TETRA TECH, INC. | Trial Date:        Aug. 16, 2022 |
| Defendant. | Final Pre-Trial |
| AND RELATED COUNTERCLAIMS. | Conference:      Aug. 1, 2022 |

Plaintiff Pavemetrics Systems, Inc. ("Pavemetrics") and Defendant and Counterclaim Plaintiff Tetra Tech, Inc. and Counterclaim Plaintiff Tetra Tech TAS Inc. (collectively "Tetra Tech"), by and through their respective counsel of record, and in compliance with the Court's Order Re: Jury Trial (ECF 56), Federal Rule of Civil Procedure 51, and Local Rule 51-1, hereby submit the following joint/agreed proposed jury instructions for the Court's consideration:

### Joint Proposed Jury Instructions – Preliminary

| Instruction No. | Title | Source | Page No. |
|---|---|---|---|
| 1 | Duty of Jury | Manual of Model Jury Instructions for the Ninth Circuit ("Ninth Circuit Model Instruction") 1.2 | 1 |
| 2 | Burden of Proof — Preponderance of the Evidence | Ninth Circuit Model Instruction 1.6 | 2 |
| 3 | Burden of Proof — Clear and Convincing Evidence | Ninth Circuit Model Instruction 1.7 | 3 |
| 4 | What Is Evidence | Ninth Circuit Model Instruction 1.9 | 4 |
| 5 | What Is Not Evidence | Ninth Circuit Model Instruction 1.10 | 5 |
| 6 | Direct and Circumstantial Evidence | Ninth Circuit Model Instruction 1.12 | 6 |
| 7 | Ruling on Objections | Ninth Circuit Model Instruction 1.13 | 7 |

| 8 | Credibility of Witnesses | Ninth Circuit Model Instruction 1.14 | 8 |
|---|---|---|---|
| 9 | Conduct of the Jury | Ninth Circuit Model Instruction 1.15 | 10 |
| 10 | No Transcript Available to Jury | Ninth Circuit Model Instruction 1.17 | 13 |
| 11 | Taking Notes | Ninth Circuit Model Instruction 1.18 | 14 |
| 12 | Bench Conferences and Recesses | Ninth Circuit Model Instruction 1.20 | 15 |
| 13 | Stipulations of Fact | Ninth Circuit Model Instruction 2.2 | 16 |
| 14 | Deposition In Lieu of Live Testimony | Ninth Circuit Model Instruction 2.4 | 17 |
| 15 | Use of Interrogatories | Ninth Circuit Model Instruction 2.11 | 18 |
| 16 | Expert Opinion | Ninth Circuit Model Instruction 2.13 | 19 |
| 17 | Charts and Summaries Not Received In Evidence | Ninth Circuit Model Instruction 2.14 | 20 |
| 18 | Charts and Summaries Received In Evidence | Ninth Circuit Model Instruction 2.15 | 21 |
| 19 | Evidence in Electronic Format | Ninth Circuit Model Instruction 2.16 | 22 |

**Joint Proposed Jury Instructions – Final**

| Instruction No. | Title | Source | Page No. |
|---|---|---|---|
| 20 | Patent Claims | Fed. Cir. Model Patent B.2.1 | 24 |
| 21 | Willful Infringement | N.D. Cal. Model Patent Jury Instruction B.3.8 | 26 |
| 22 | Invalidity—Burden of Proof | Fed. Cir. Model Patent B.4.1 | 27 |
| 23 | Experimental Use | AIPLA Model Jury Instruction 6.4 | 28 |
| 24 | Lost Profits—"But For" Test | Fed. Cir. Model Patent B.5.2 | 29 |
| 25 | Lost Profits—Demand | Fed. Cir. Model Patent B.5.2 | 30 |
| 26 | Lost Profits—Noninfringing Substitutes—Availability | Fed. Cir. Model Patent B.5.2. | 31 |
| 27 | Lost Profits—Capacity | Fed. Cir. Model Patent B.5.2. | 32 |
| 28 | Lost Profits—Amount of Profit | Fed. Cir. Model Patent B.5.2. | 33 |
| 29 | Reasonable Royalty—Entitlement | Fed. Cir. Model Patent B.5.5. | 34 |
| 30 | Reasonable Royalty—Definition | Fed. Cir. Model Patent B.5.6. | 35 |
| 31 | Duty to Deliberate | Ninth Circuit Model Instruction 3.1 | 36 |
| 32 | Consideration of Evidence—Conduct of the Jury | Ninth Circuit Model Instruction 3.2 | 37 |
| 33 | Communication with Court | Ninth Circuit Model Instruction 3.3 | 39 |

| 34 | Return of Verdict | Ninth Circuit Model Instruction 3.5 | 40 |
|---|---|---|---|

### INSTRUCTION NO. 1

**DUTY OF JURY (COURT READS AND PROVIDES WRITTEN SET OF INSTRUCTIONS AT THE BEGINNING OF TRIAL)**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected, and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

**Authority in support of instruction:** Manual of Model Jury Instructions for the Ninth Circuit ("Ninth Circuit Model Instruction") 1.2.

## INSTRUCTION NO. 2

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Authority in support of instruction:** Ninth Circuit Model Instruction 1.6.

2

**INSTRUCTION NO. 3**

**BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**Authority in support of instruction:** Ninth Circuit Model Instruction 1.7.

**INSTRUCTION NO. 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

**Authority in support of instruction:** Ninth Circuit Model Instruction 1.9.

### INSTRUCTION NO. 5

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)   Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)   Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Authority in support of instruction:** Ninth Circuit Model Instruction 1.10.

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 6**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**Authority in support of instruction:** Ninth Circuit Model Instruction 1.12.

6

# INSTRUCTION NO. 7

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Authority in support of instruction:** Ninth Circuit Model Instruction 1.13.

# INSTRUCTION NO. 8

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the opportunity and ability of the witness to see or hear or know the things testified to;

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case, if any;

(5)  the witness's bias or prejudice, if any;

(6)  whether other evidence contradicted the witness's testimony;

(7)  the reasonableness of the witness's testimony in light of all the evidence; and

(8)  any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Authority in support of instruction:** Ninth Circuit Model Instruction 1.14.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### INSTRUCTION NO. 9

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to

10

any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers— until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

//
//
//
//
//

11

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Authority in support of instruction:** Ninth Circuit Model Instruction 1.15.

**INSTRUCTION NO. 10**

**NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**Authority in support of instruction:** Ninth Circuit Model Instruction 1.17.

# INSTRUCTION NO. 11

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**Authority in support of instruction:** Ninth Circuit Model Instruction 1.18.

**INSTRUCTION NO. 12**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Authority in support of instruction:** Ninth Circuit Model Instruction 1.20.

**INSTRUCTION NO. 13**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

**Authority in support of instruction:** Ninth Circuit Model Instruction 2.2.

## INSTRUCTION NO. 14

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify at trial.

**Authority in support of instruction:** Ninth Circuit Model Instruction 2.4.

17

### INSTRUCTION NO. 15

**USE OF INTERROGATORIES**

Evidence may be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Authority in support of instruction:** Ninth Circuit Model Instruction 2.11.

# INSTRUCTION NO. 16

**EXPERT OPINION**

You may hear testimony from certain expert witnesses who will testify to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Authority in support of instruction:** Ninth Circuit Model Instruction 2.13.

# INSTRUCTION NO. 17

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves

**Authority in support of instruction:** Ninth Circuit Model Instruction 2.14.

**INSTRUCTION NO. 18**

**CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries may be admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Authority in support of instruction:** Ninth Circuit Model Instruction 2.15.

## INSTRUCTION NO. 19

**EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your presiding juror or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such

22

materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

**Authority in support of instruction:** Ninth Circuit Model Instruction 2.16.

### INSTRUCTION NO. 20

**PATENT CLAIMS**

Before you can decide many of the issues in this case, you will need to understand the role of patent "claims." The patent claims are the numbered sentences at the end of each patent. The claims are important because it is the words of the claims that define what a patent covers. The figures and text in the rest of the patent provide a description and/or examples of the invention and provide a context for the claims, but it is the claims that define the breadth of the patent's coverage. Therefore, what a patent covers depends, in turn, on what each of its claims covers.

To know what a claim covers, a claim sets forth, in words, a set of requirements. Each claim sets forth its requirements in a single sentence. The requirements of a claim are often referred to as "claim elements" or "claim limitations." The coverage of a patent is assessed claim-by-claim.

When a thing (such as a product or a process) meets all of the requirements of a claim, the claim is said to "cover" that thing, and that thing is said to "fall" within the scope of that claim. In other words, a claim covers a product or process where each of the claim elements or limitations is present in that product or process.

You will first need to understand what each claim covers in order to decide whether or not there is infringement of the claim and to decide whether or not the claim is invalid. The first step is to understand the meaning of the words used in the patent claim.

The law says that it is my role to define the terms of the claims and it is your role to apply my definitions of the terms I have construed to the issues that you are asked to decide in this case. Therefore, as I explained to you at the start of the case, I have determined the meaning of certain claim terms and I will provide to you my definitions of certain claim terms. You must accept my definitions of these words in the claims as being correct. It is your job to take these definitions and apply them to the issues that you are deciding, including the issues of infringement and validity.

24

For any words in the claim for which I have not provided you with a definition, you should apply the ordinary meaning of those terms in the field of the patent. You should not take my definition of the language of the claims as an indication that I have a view regarding how you should decide the issues that you are being asked to decide, such as infringement and invalidity. These issues are yours to decide.

**Authority in support of instruction:** Fed. Cir. Model Patent B.2.

**INSTRUCTION NO. 21**

**WILLFUL INFRINGEMENT**

In this case, Tetra Tech argues that Pavemetrics willfully infringed the Asserted Patent(s).

To prove willful infringement, Tetra Tech must persuade you that Pavemetrics infringed a valid claim of the Asserted Patent(s). The requirements for proving such infringement were discussed in my prior instructions.

In addition, to prove willful infringement of a claim, Tetra Tech must persuade you that it is more likely true than not true that Pavemetrics intentionally ignored or recklessly disregarded that claim. You must base your decision on Pavemetrics' knowledge and actions at the time of infringement. Evidence that Pavemetrics had knowledge of the patent at the time of infringement by itself is not sufficient to show willfulness. Rather, to show willfulness, you must find that Pavemetrics engaged in additional conduct evidencing deliberate or reckless disregard of Tetra Tech's patent rights.

In deciding whether Pavemetrics willfully infringed, you should consider all of the facts surrounding the infringement including: whether Pavemetrics intentionally copied Tetra Tech's patented technology in developing the accused product or method; whether Pavemetrics knew, or should have known, that its conduct involved an unreasonable risk of infringement; and whether Pavemetrics had a reasonable belief that at the time of infringement that its products did not infringe the Asserted Patent(s) or that the Asserted Patent(s) were invalid.

**Authority in support of instruction:** N.D. Cal. Model Patent Jury Instruction B.3.8.

1
2
3
4
5
6
7

**INSTRUCTION NO. 22**

**INVALIDITY – BURDEN OF PROOF**

I will now instruct you on the rules you must follow in deciding whether or not Pavemetrics has proven that the asserted claims of the Asserted Patents are invalid. To prove that any claim of a patent is invalid, Pavemetrics must persuade you by clear and convincing evidence, that is, you must be left with a clear conviction that the claim is invalid.

**Authority in support of instruction:** Fed. Cir. Model Patent B.4.1.

**INSTRUCTION NO. 23**

**EXPERIMENTAL USE**

Tetra Tech contends that Alleged Tetra Tech Prior Use should not be considered a prior public use or sale of the invention because that use or sale was experimental. The law recognizes that the inventor must be given the opportunity to develop the invention through experimentation. Certain activities are experimental if they are a legitimate effort to test claimed features of the invention or to determine if the invention will work for its intended purpose. So long as the primary purpose is experimentation, it does not matter that the public used the invention or that the inventor incidentally derived profit from it.

Only experimentation by or under the control of the inventor of the patent or the assignee (Tetra Tech) qualifies for this exception. Experimentation by a third party, for its own purposes, does not. The experimentation must relate to the features of the claimed invention, and it must be for the purpose of technological improvement, not commercial exploitation. If any commercial exploitation does occur, it must be merely incidental to the primary purpose of experimentation. A test done primarily for marketing, and only incidentally for technological improvement, is not an experimental use.

If you find that Pavemetrics has shown by clear and convincing evidence that there was a prior public use or prior sale, then the burden is on Tetra Tech to come forward with evidence showing that the purpose of the prior public use or sale was experimental. If the evidence of the experimental use produced by Tetra Tech is strong enough that you find that Pavemetrics has not met its burden of establishing a prior public use or sale by clear and convincing evidence, you may find that Alleged Tetra Tech Prior Use does not constitute a prior public use or sale of the invention.

**Authority in support of instruction:** 2019 AIPLA Model Jury Instructions 6.4.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 24**

**LOST PROFITS—"BUT FOR" TEST**

To recover lost profits (as opposed to reasonable royalties), Tetra Tech must show a causal relationship between the infringement and Tetra Tech's loss of profit. In other words, Tetra Tech must show that, but for the infringement, there is a reasonable probability that Tetra Tech would have earned higher profits. To show this, Tetra Tech must prove that, if there had been no infringement, it would have made some portion of the sales that Pavemetrics made of the infringing product.

Tetra Tech is entitled to lost profits if it establishes each of the following:

(1)     That there was demand for the patented product.

(2)     That there were no available, acceptable, noninfringing substitute products.

(3)     That Tetra Tech had the manufacturing and marketing capacity to make any infringing sales actually made by Pavemetrics and for which Tetra Tech seeks an award of lost profits—in other words, that Tetra Tech was capable of satisfying the demand.

(4)     The amount of profit that Tetra Tech would have made if Pavemetrics had not infringed.

**Authority in support of instruction:** Fed. Cir. Model Patent B.5.2.

29

**INSTRUCTION NO. 25**

**LOST PROFITS—DEMAND**

Demand for the patented product can be proven by significant sales of a patent holder's patented product or significant sales of an infringing product containing the patented features.

**Authority in support of instruction:** Fed. Cir. Model Patent B.5.2.

**INSTRUCTION NO. 26**

**LOST PROFITS—NONINFRINGING SUBSTITUTES—AVAILABILITY**

An alternative product may be considered "available" as a potential substitute even if the product was not actually on sale during the infringement period. Factors suggesting the alternative was available include whether the material, experience, and know-how to make or use the alleged substitute were readily available at the time of infringement. Factors suggesting the alternative was not available include whether the material was of such high cost as to render the alternative unavailable and whether an alleged infringer would have had to design or invent around the patented technology to develop an alleged substitute.

**Authority in support of instruction:** Fed. Cir. Model Patent B.5.2.

1

**INSTRUCTION NO. 27**

2

**LOST PROFITS—CAPACITY**

3

A patent holder is only entitled to lost profits for sales it could have actually

4

made. In other words, Tetra Tech must show that it had the manufacturing and

5

marketing capability to make the sales it said it lost. This means Tetra Tech must prove

6

it is more probable than not that it could have made and sold, or could have had someone

7

else make or sell for it, the additional products it says it could have sold but for the

8

infringement.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**Authority in support of instruction:** Fed. Cir. Model Patent B.5.2.

28

1

**INSTRUCTION NO. 28**

2 **LOST PROFITS—AMOUNT OF PROFIT**

3       A patent holder may calculate its lost profits on lost sales by computing the lost

4 revenue for sales it claims it would have made but for the infringement and subtracting

5 from that figure the amount of additional costs or expenses it would have incurred in

6 making those lost sales, such as cost of goods, sales costs, packaging costs, and shipping

7 costs. Certain fixed costs that do not vary with increases in production or scale, such as

8 taxes, insurance, rent, and administrative overhead, should not be subtracted from a

9 patent holder's lost revenue.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 **Authority in support of instruction:** Fed. Cir. Model Patent B.5.2.

28

**INSTRUCTION NO. 29**

**REASONABLE ROYALTY—ENTITLEMENT**

If you find that a patent claim is infringed and not invalid, Tetra Tech is entitled to at least a reasonable royalty to compensate it for that infringement.

If you find that Tetra Tech has not proved its claim for lost profits or has proved its claim for lost profits for only a portion of the infringing sales, then you must award Tetra Tech a reasonable royalty for all infringing sales for which it has not been awarded lost profits damages.

**Authority in support of instruction:** Fed. Cir. Model Patent B.5.5.

**INSTRUCTION NO. 30**

**REASONABLE ROYALTY—DEFINITION**

A royalty is a payment made to a patent holder in exchange for the right to make, use, or sell the claimed invention. A reasonable royalty is the amount of royalty payment that a patent holder and the alleged infringer would have agreed to in a hypothetical negotiation taking place at a time prior to when the infringement first began. In considering this hypothetical negotiation, you should focus on what the expectations of the patent holder and the alleged infringer would have been had they entered into an agreement at that time, and had they acted reasonably in their negotiations. In determining this, you must assume that both parties believed the patent was valid and infringed and that both parties were willing to enter into an agreement. The reasonable royalty you determine must be a royalty that would have resulted from the hypothetical negotiation, and not simply a royalty either party would have preferred. Evidence of things that happened after the infringement first began can be considered in evaluating the reasonable royalty only to the extent that the evidence aids in assessing what royalty would have resulted from a hypothetical negotiation just prior to the first infringement.

**Authority in support of instruction:** Fed. Cir. Model Patent B.5.6.

35

# INSTRUCTION NO. 31

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Authority in support of instruction:** Ninth Circuit Model Instruction 3.1

**INSTRUCTION NO. 32**

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you

happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Authority in support of instruction:** Ninth Circuit Model Instruction 3.2.

1

**INSTRUCTION NO. 33**

2

**COMMUNICATION WITH COURT**

3        If it becomes necessary during your deliberations to communicate with me, you

4 may send a note through the clerk, signed by any one or more of you. No member of

5 the jury should ever attempt to communicate with me except by a signed writing. I will

6 not communicate with any member of the jury on anything concerning the case except

7 in writing or here in open court. If you send out a question, I will consult with the

8 lawyers before answering it, which may take some time. You may continue your

9 deliberations while waiting for the answer to any question. Remember that you are not

10 to tell anyone—including the court—how the jury stands, whether in terms of vote

11 count or otherwise, until after you have. reached a unanimous verdict or have been

12 discharged.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 **Authority in support of instruction:** Ninth Circuit Model Instruction 3.3.

28

## INSTRUCTION NO. 34

**RETURN OF VERDICT**

A verdict form has been prepared for you. The verdict form is made up of a number of yes or no questions. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**Authority in support of instruction:** Ninth Circuit Model Instruction 3.5.

Approved as to form and content:

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  July 19, 2022          By:  /s/ Christy G. Lea
                                    Christy G. Lea
                                    Joseph R. Re
                                    Nicholas M. Zovko
                                    Alan G. Laquer
                                    Raymond Lu

*Attorneys for Plaintiff/Counterclaim Defendant,*
PAVEMETRICS SYSTEMS, INC.


FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP

Dated:  July 19, 2022          By:  /s/ Daniel G. Chung
                                    (with permission Christy G. Lea)
                                    James R. Barney
                                    Aaron L. Parker
                                    Nicholas A. Cerulli
                                    Daniel G. Chung
                                    Kelly S. Horn
                                    Jency J. Mathew

CLARK HILL LLC
        Donald L. Ridge

*Attorneys for Defendant/Counterclaimant,* TETRA TECH, INC.

55989935

41