Notice has been delivered by First Class U.S. Mail to all counsel (or parties) at their last known address of record in this action on this date

Date: Aug 07 2022, 3:05 pm

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TETRA TECH, INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS. | Case No. 2:21-cv-01289-MCS-MAA <br><br> **ORDER RE: MOTIONS IN LIMINE (ECF NOS. 225, 227, 229, 240, 241, 242, 243, 244)** <br><br> **PROVISIONALLY FILED UNDER SEAL** |

Plaintiff and Counterclaim Defendant Pavemetrics Systems, Inc. filed three motions in limine. Pl.'s MIL No. 1, ECF No. 225; Pl.'s MIL No. 2, ECF No. 227; Pl.'s MIL No. 3, ECF No. 229. Defendant and Counterclaimant Tetra Tech, Inc. opposed the motions. Pl.'s MIL No. 1 Opp'n, ECF No. 265; Pl.'s MIL No. 2 Opp'n, ECF No. 266; Pl.'s MIL No. 3 Opp'n, ECF No. 268. Defendant filed five motions in limine. Def.'s MIL No. 1, ECF No 240-1; Def.'s MIL No. 2, ECF No. 241-1; Def.'s MIL No. 3, ECF No. 242-1; Def.'s MIL No. 4, ECF No. 243-1; Def.'s MIL No. 5, ECF No. 244-1. Plaintiff opposed the motions. Def.'s MIL No. 1 Opp'n, ECF No. 269; Def.'s MIL No. 2 Opp'n, ECF No. 270; Def.'s MIL No.3 Opp'n, ECF No. 271; Def.'s MIL No. 4 Opp'n, ECF No. 272; Def.'s MIL No. 5 Opp'n, ECF No. 273. The Court heard argument on

the motions at the August 1, 2022 final pretrial conference.

## I. BACKGROUND

This is a patent infringement dispute involving computer vision patents covering Defendant's 3DTAS system. Plaintiff initially brought this action against Defendant seeking a declaratory judgment that Plaintiff's LRAIL system did not infringe Patent No. 10,362,293 ("the '293 Patent"). Defendant filed two counterclaims alleging Plaintiff infringed various claims of the '293 Patent and Patent No. 10,616,557 ("the '557 Patent"). Plaintiff added counterclaims seeking declaratory judgment that its LRAIL product does not infringe the '557 Patent and that the '293 and '557 Patents are invalid.

Plaintiff's LRAIL system uses laser triangulation technology to collect data on railway tracks and uses software to process that data and evaluate the conditions of railway track components, such as rails, ties, ballasts, and fasteners. The Court previously construed several terms in the '293 Patent. Claim Construction Order, ECF No. 103. The Court has also previously resolved summary judgment motions relating to several different infringement issues. First Order Re: MSJ, ECF No. 189; Second Order Re: MSJs, ECF No. 209.

## II. DISCUSSION

### A. Plaintiff's MIL No. 1 (ECF No. 225)

Plaintiff moves to exclude as hearsay a string of emails between Bill Larson, an employee of Defendant, and Brad Spencer, a CSX employee. CSX is a customer of Plaintiff. In this email thread, Bill Larson stated that Spencer "asked Pavemetrics if there would be any claims by Tetra Tech against Pavemetrics for [patent] infringement." Laquer Decl. Ex. A, ECF No. 234-1 (under seal). The context of this email seems to be that Spencer was concerned about being a customer of Plaintiff when Plaintiff was previously sued for infringement. *Id.* Plaintiff argues the emails by Larson and the embedded statements by Spencer are both inadmissible hearsay.

Defendant argues three hearsay exceptions permit admission of this email. None

apply. As a preliminary matter, Defendant must show that hearsay exceptions permit admission of both the Larson and Spencer statements to defeat Plaintiff's motion. Fed. R. Evid. 805. Defendant argues that the business record exception allows admission of Larson's statement, that the statement against interest exception allows admission of Spencer's statement, and that the residual exception allows admission of both.

The business record exception does not apply to Larson's email. Defendant would need to show that sending an email to memorialize a conversation with the customer of a competitor was done "in the course of a regularly conducted activity" of Defendant and that memorialization by email "was a regular practice of that activity." Fed. R. Evid. 803(6)(B)–(C). Defendant can show neither. Defendant offers no indication that this type of memorialization email was a regular practice of its employees, and the context of the email, which includes Bill Larson strategizing about how to secure a customer from a competitor, indicates it was not sent in the course of a regularly conducted activity but instead was sent in response to novel information. Thus, Bill Larson's emails are not admissible as business records.

Brad Spencer's statement is not a statement against interest. To be a statement against interest, "a reasonable person in the declarant's position would have made [the statement] only if the person believed it to be true because, when made, it . . . had so great a tendency . . . to expose the declarant to civil or criminal liability." Fed. R. Evid. 804(b)(3)(A). Bill Spencer's statement does not meet the standard. Defendant argued at the hearing that Spencer's statement is against his interest because it demonstrates the knowledge necessary for induced infringement. A more nuanced reading of the email supports the opposite conclusion. Brad Spencer's statement appears to have been made with the intent of avoiding liability and with the intent of not buying a product that potentially infringed patents. Rather than admitting liability, Spencer went out of his way to avoid it. Thus, the statement against interest exception does not support admission of Spencer's embedded statement.

Finally, the residual exception does not support admission of this evidence. The

residual exception supports admission when "(1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a). The Ninth Circuit looks at guarantees of trustworthiness similar to those in Rules 803 and 804 to determine whether sufficient guarantees of trustworthiness exist to admit the evidence. *United States v. Leal-Del Carmen*, 697 F.3d 964, 974 (9th Cir. 2012). The Ninth Circuit considers the context of all other evidence presented to determine whether the evidence is more probative than any other evidence that can be obtained through reasonable effort. *Draper v. Rosario*, 836 F.3d 1072, 1082 (9th Cir. 2016). Defendant cannot establish the second prong. Defendant already presented two pieces of evidence that are more probative of the intent element of induced infringement in the second round of summary judgment briefing—that Plaintiff was aware of the patents of Darel Mesher, the inventor of the '293 and '557 Patents, and that Plaintiff searched the United States Patent and Trademark Office website in 2020 for Defendant's filings. The residual exception thus does not support admission of this email.

The Court **GRANTS** the motion.

### B. Plaintiff's MIL No. 2 (ECF No. 227)

Plaintiff moves to prevent Defendant from eliciting information at trial regarding the alleged unavailability of certain tools at Vassilios Morellas's source code examination. Plaintiff argues this evidence is not relevant to any of the claims and defenses in the case and that it would be unduly prejudicial. Defendant does not dispute that this evidence is not itself relevant to any of the claims and defenses in this case. *See generally* Pl.'s MIL No. 2 Opp'n. Defendant argues that this evidence would be relevant should Plaintiff seek to argue Morellas did not fully review the LRAIL source code. Plaintiff argued at the hearing that the opportunities it gave Morellas to review the source code supports allowing it to claim Morellas did not fully review the source code

without allowing Defendant to provide an explanation why. The Court agrees with Plaintiff that this evidence has little relevance and would be a distracting issue that would mandate exclusion under Rule 403 on direct examination. The Court will not permit Plaintiff to impeach Morellas with the fact that he allegedly did not fully examine the LRAIL source code without allowing Defendant an opportunity to rebut that impeachment with an explanation of the circumstances. Prohibiting Defendant from rehabilitating Morellas would amount to a court decision that Plaintiff provided sufficient opportunities for Morellas to examine the source code and that Morellas's explanation is baseless. Determining these facts would effectively grant partial summary judgment. Plaintiff's time to bring such a motion passed months ago. *See* Order Re: Jury Trial § I, ECF No. 56. Moreover, "[m]otions in limine should not be disguised motions for summary adjudication of issues." *Id.* § II(A)(1).

The Court **GRANTS** the motion. Should Plaintiff elicit testimony that Morellas did not completely review the source code, the Court will permit Defendant to elicit evidence surrounding the circumstances of this source code dispute.

### C. Plaintiff's MIL No. 3 (ECF No. 229)

Plaintiff moves to exclude various paragraphs from the infringement report of Vassilios Morellas because these statements allegedly contradict the Court's construction of the claim term 3D map. An expert may not testify contrary to the Court's claim construction. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1321 (Fed. Cir. 2009). As part of this motion, Plaintiff asks the Court to conclude that several algorithms do not infringe claim 1: the detect rail algorithm, the fine tuning with rail mask algorithm, the rail head removal during tie detection algorithm, the rail head removal during fastener detection algorithm, and the joint bar algorithm. Plaintiff argues that these rulings are a logical consequence of the Court's ruling that the Fake3D Image with Overlay portion of the LRAIL does not infringe claim 1 of the '293 Patent. *See* First MSJ Order 9. The Court declines Plaintiff's invitation to conclude that these algorithms do not infringe claim 1 or any of the dependent claims. The Court did not

address these specific algorithms in any earlier order. This motion amounts to an improper motion for summary judgment. *See* Order Re: Jury Trial § II(A)(1). The Court thus **DENIES** Plaintiff's third motion in limine. The Court cautions the parties that it will not permit testimony from any experts that contradicts any of the Court's prior rulings.

### D. Defendant's MIL No. 1 (ECF No. 240)

Defendant moves to reverse the order of proof at trial. Defendant argues that it is the natural plaintiff in a patent infringement action, that realigning the parties would make the presentation of evidence clearer for the jury, and that realignment would not undermine the purposes of the Declaratory Judgment Act. *See* Def.'s MIL No. 1. Plaintiff argues that it should receive the advantage of presenting first because it filed a declaratory judgment action, because presenting first will not confuse the jury, because the parties have taken the lead on their respective issues, and because it should proceed first to avoid undermining the Declaratory Judgment Act and to prevent forum shopping. *See generally* Def.'s MIL No. 1 Opp'n.

As the parties agree, the Court has broad discretion to realign the order of proof at trial. *See Anheuser-Busch, Inc. v. John Labatt Ltd.*, 89 F.3d 1339, 1344 (9th Cir. 1996). District courts in the Ninth Circuit determine whether realignment of the parties and of proof is appropriate based on the primary purpose test, which examines the natural alignment of the parties based on the underlying dispute. *See Plumtree Software, Inc. v. Datamize, LLC*, No. C 02-5693 VRW, 2003 WL 25841157, at *3 (N.D. Cal. Oct. 6, 2003). Ninth Circuit district courts examine several factors, including which party was the first to sue, which party asserts the primary claim of patent infringement, the burdens of proof of the parties, whether realignment would aid in the logical presentation of evidence at trial, whether realignment would undermine the purposes of the Declaratory Judgment Act, and whether realignment of the parties would promote forum shopping. *Id.* at *3–5.

These factors ultimately support realignment. While Plaintiff does bear the

burden on its various invalidity counterclaims, these are more akin to affirmative defenses than freestanding claims. *See id.* at *3. Here, the primary dispute is whether Plaintiff infringed Defendant's patents. Thus, allowing Defendant to proceed first at trial would result in a more natural presentation of the case to the jury. This would also aid in the logical presentation of evidence at trial and minimize juror confusion. Patent cases are already complex, and having Plaintiff present its non-infringement case first would potentially confuse the jury even more. It is important to simplify the case as much as possible to avoid the risk of a legally inconsistent or incorrect verdict, and realignment supports this aim. The Court finds that the forum shopping factor neither supports nor weighs against realigning the order of proof at trial. Realignment would weakly undermine the purposes of the Declaratory Judgment Act because it would deprive Plaintiff of the natural advantage it gained by filing its case first. As Plaintiff stated at the hearing, however, an instruction from the Court explaining how the action arose and why Defendant is proceeding first would cure the negative impact of realignment on Plaintiff.

The Court thus **GRANTS** Defendant's first motion in limine. The Court orders the parties to propose an instruction the Court will read to the jury before opening argument explaining the nature and context of this declaratory judgment action.

### E. Defendant's MIL No. 2 (ECF No. 241)

Defendant moves to prevent Plaintiff from introducing evidence that the Court denied Defendant's motion for a preliminary injunction to support Plaintiff's argument that it did not indirectly infringe Defendant's patents. Defendant argues the Court should exclude this evidence because the probative value would be "substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. Defendant argues that the jury would be unduly influenced if it heard that the Court already decided issues related to this case. Plaintiff argues that this evidence is directly relevant to willfulness and to the intent element for induced infringement.

The Court agrees with Defendant. First, Plaintiff overreads the permanent

injunction. While the Court did find there was a substantial question of infringement that precluded a finding that Plaintiff likely infringed Defendant's patents, Prelim. Inj. Order 16–17, ECF No. 61, the Court also denied the motion based on likely successful prior use and anticipation defenses, *id.* at 17–19. These defenses are not relevant to the question of induced infringement. *See Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 645 (2015) ("[A] belief as to invalidity cannot negate the scienter requirement for induced infringement."). While invalidity is probably relevant to the willfulness analysis, *see Georgetown Rail Equip. Co. v. Holland L.P.*, 867 F.3d 1229, 1245 n.6 (Fed. Cir. 2017) (citing, among other things, "whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed" as a factor relevant to the willfulness determination (internal quotation marks omitted)), the Court finds that allowing the jury to hear that the Court already opined on infringement and invalidity would impermissibly sway the jury. The Court intends to have the jury decide this case based on the facts before it rather than the tentative opinion of the Court at earlier stages in the proceeding.

The Court thus **GRANTS** Defendant's second motion in limine under Rule 403.

**F.     Defendant's MIL No. 3 (ECF No. 242)**

Defendant moves to exclude three portions of the expert report of Plaintiff's damages expert, Christian Tregillis.

First, Defendant moves to exclude the portion of the report where Tregillis discussed the cost of implementing a non-infringing alternative. Tregillis states that he "spoke with Dr. Frakes about this scenario." Tregillis Report ¶ 142, ECF No. 235-4 (under seal). Both parties agree that Tregillis does not have the technical background necessary to reach this conclusion without relying on Dr. Frakes. Defendant argues that Dr. Frakes never disclosed any opinion about the cost of implementing a non-infringing alternative and thus that this portion of the Tregillis report should be excluded. Plaintiff cites a portion of the Frakes report discussing non-infringing alternatives as a basis for

Tregillis's conclusion. *See* Frakes Report ¶¶ 401–06, ECF No. 235-12 (under seal). This portion of the report only discusses the existence of non-infringing alternatives, not the cost of implementing them.

While it is proper to allow experts to rely on discussions with other experts, *see Intel Corp. v. Tela Innovations, Inc.*, No. 3:18-cv-02848-WHO, 2021 WL 1222622, at *34 (N.D. Cal. Feb. 11, 2021), one expert cannot rely on the undisclosed opinion of another expert to reach a conclusion. This violates both Federal Rule of Civil Procedure 26(a)(2) and Federal Rule of Evidence 702. *GPNE Corp. v. Apple, Inc.*, No. 12-CV-02885-LHK, 2014 WL 3870256, at *7 (N.D. Cal. Aug. 6, 2014); *see also Sound View Innovations, LLC v. Hulu, LLC*, No. LA CV17-04146 JAK (PLAx), 2019 WL 9047211, at *14 (C.D. Cal. Nov. 18, 2019) ("Because Jeffords cannot rely on the undisclosed opinion of another expert to support his analysis, his lack of benefit opinion is excluded."). Here, Dr. Frakes did not disclose an opinion about the cost of implementing non-infringing alternatives. Because Tregillis's conclusion is based on an undisclosed expert opinion, Rule of Civil Procedure 26(a)(2) and Rule of Evidence 702 mandate exclusion.

Second, Defendant seeks to exclude the portion of the cost opinion where Tregillis assumes that Plaintiff would hire an outside service to implement a non-infringing alternative. Tregillis Report ¶ 142. Defendant argues this is baseless speculation, while Plaintiff argues that the Frakes opinion supports this. Because the Frakes opinion provides no basis for concluding Plaintiff would hire an outside service to implement a non-infringing alternative, the Court excludes this conclusion as insufficiently tied to the facts of the case. *See Sound View*, 2019 WL 9047211, at *14; *Bakst v. Cmty. Mem'l Health Sys., Inc.*, No. CV 09-08241 MMM (FFMx), 2011 WL 13214315, at *20 (C.D. Cal. Mar. 7, 2011) (collecting cases for the proposition that an expert's "damages calculation . . . based entirely on factual assumptions that are entirely unsupported in the record" may be excluded).

Third, Defendant seeks to exclude a portion of the Tregillis report that discusses

the benefit that Plaintiff would derive from being able to use the same marketing materials if it implemented a non-infringing alternative. Tregillis Report ¶¶ 144–45. Defendant argues the existence and quantity of this benefit is baseless speculation, while Plaintiff argues that Tregillis used his own industry experience to reach this conclusion. In his deposition, Tregillis stated that he quantified this amount "[b]ased on [his] own experience in negotiating licensing agreements." Tregillis Dep. 201:8–14, ECF No. 235-5 (under seal). Tregillis also stated that he relied on his experience of a previous client implementing a non-infringing alternative in a way that minimized changes to marketing materials. *Id.* at 205:4–206:21. The Court finds that Tregillis's experience and disclosures support his opinion that Plaintiff would save money by implementing a non-infringing alternative in a way that would avoid the need to change marketing materials. The Court also finds, however, that Tregillis did not disclose any basis for how he arrived at the exact value Plaintiff would derive from not changing its marketing materials. The Court thus excludes the portion of the Tregillis report identifying the value Plaintiff would derive from using its current marketing materials with a non-infringing alternative.

The Court **GRANTS IN PART** and **DENIES IN PART** Defendant's third motion in limine. Tregillis may opine that Plaintiff would save money if it did not change marketing materials, but Tregillis may not offer an opinion regarding the specific amount of money Plaintiff would save. Tregillis may not opine about the costs of non-infringing alternatives.

### G. Defendant's MIL No. 4 (ECF No. 243)

Defendant moves to preclude Plaintiff from introducing materials produced on June 17 and 20, 2022, after close of discovery. Defendant identifies four items: excerpts of a purported new version of LRAIL source code from January 2022, an amendment to a goods agreement between Plaintiff and a customer from February 2022, second supplemental objections and responses to Defendant's Interrogatory No. 15, and the first supplement to the rebuttal expert report on non-infringement of David Frakes. Fact

discovery closed on January 20, 2022, and expert discovery closed on March 25, 2022. Under Federal Rule of Procedure 26(e)(1)(A), a party has a duty to supplement responses to discovery requests with new information "in a timely manner." This supplementation rule "does not permit a party to make an end-run around the normal timetable for conducting discovery." *Disney Enters., Inc. v. Kappos*, 923 F. Supp. 2d 788, 795 (E.D. Va. 2013) (internal quotation marks omitted). Late-disclosed evidence should be excluded from trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Courts consider several factors under Rule 37(c)(1): "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence[;] and (5) the nondisclosing party's explanation for it[s] failure to disclose the evidence." *Dey L.P. v. Ivax Pharms., Inc.*, 233 F.R.D. 567, 571 (C.D. Cal. 2005) (citing *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)). The party facing sanctions bears the burden to prove harmlessness. *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 741 (9th Cir. 2021).

Here, the surprise is significant. Plaintiff disclosed this information well after discovery was completed and only half a month before the parties had to file pretrial documents. Defendant has no ability to cure that surprise without a change in schedule because the time for discovery has passed. Allowing Defendant to conduct new discovery would completely disrupt the trial. The evidence here is also not important enough to excuse the late disclosure. This evidence appears to support claims and defenses for which Plaintiff has produced other evidence in its pretrial or summary judgment briefing. Finally, Plaintiff provides a poor explanation for how this was substantially justified or harmless. Plaintiff alleges that Defendant "hardly show[ed] any desire to learn the facts in a timely manner" and blames Defendant for improperly investigating the facts newly disclosed in June 2022. Def.'s MIL No. 4 Opp'n 7; *see id.* at 6–8. Plaintiff gets things backward. The discovery rules place the responsibility of

timely supplementation on the discloser. Rather than an attempt by Defendant to "bury its head in the sand," *id.* at 7, the circumstances imply that Plaintiff was the wrongful party here. All factors support exclusion of this late-produced evidence.

The Court **GRANTS** Defendant's fourth motion in limine.

### H. Defendant's MIL No. 5 (ECF No. 244)

Defendant moves to preclude Plaintiff from using undisclosed legal advice and lay opinion to support its good-faith belief of non-infringement. Plaintiff states that it will not use advice-of-counsel evidence to support this argument. Def.'s MIL No. 5 Opp'n 1. The Court grants this portion of the motion as unopposed. Plaintiff also simultaneously asserts that it "will properly rely on its own founders [sic] reading of the claims and comparison to their own LRAIL system for purposes of showing their own subjective beliefs about non-infringement and invalidity" and that it "does not seek to offer opinion testimony by lay witnesses under Federal Rule of Evidence 701." *Id.* Federal Rule of Evidence 701 requires an expert to offer any opinion testimony "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Another court in the Central District of California has concluded that testimony "comparing any prior art products to the asserted claims, considering how or why a third party company embarked on a particular product development path, discussing/analyzing a third party's patent, or comparing [a putative infringer's] products to asserted claims" elicits opinion testimony that must be procured by an expert. *Nat'l Prods., Inc. v. Arkon Res., Inc.*, Nos. 18-cv-02936 AB (SSx), 18-cv-03505 AB (SSx), 2019 U.S. Dist. LEXIS 238979, at *25–26 (C.D. Cal. Mar. 25, 2019). The Court agrees. Product comparison requires technical expertise that is outside of the domain of the personal knowledge of a lay witness. Thus, the Court agrees with Defendant that Richard Habel should not testify that Plaintiff's products did not infringe the accused product or that the asserted claims are invalid because Habel was not disclosed as an expert. The Court will permit Habel to testify to matters only within his personal knowledge.

The Court **GRANTS** Defendant's fifth motion in limine.

### III. OTHER PRETRIAL MATTERS

The Court addresses several other pretrial matters unrelated to the motions in limine.

First, the Court addresses the several issues Plaintiff raised in the "Other Issues" section of the Proposed Final Pretrial Conference Order. *See* Proposed FPTCO § 14, ECF No. 267-1. The Court denies these improperly presented motions for summary judgment. The Court also recognizes that its April 27, 2022 summary judgment ruling did not address all claims on which Plaintiff moved. The Court at this point will not issue an amended order to correct this clerical error. Instead, the Court will make the axiomatic observation that any algorithm the Court already determined does not infringe an independent claim cannot infringe a dependent claim. For efficiency of trial presentation, the Court warns the parties that they should not present evidence and argument contrary to the Court's summary judgment rulings. Should either party do so, that party will be vulnerable to an objection or to a Rule 50 ruling.

The Court also concludes, contrary to what Defendant claimed, that Plaintiff's indefiniteness defense is not abandoned. Defendant claimed that Plaintiff should have presented this defense at claim construction or at summary judgment. Plaintiff did not need to do so, however. The Court has addressed many issues in this case, but the Court still has not addressed many of Plaintiff's defenses, including Plaintiff's invalidity defenses. The Court will permit Plaintiff to address indefiniteness in appropriate post-trial motions.

The Court orders the parties to submit new proposed jury instructions and a new proposed verdict form consistent with this order by August 12, 2022. The Court orders the parties to make every effort to narrow their disputes, including avoiding disputes over immaterial language differences. As part of these instructions, the parties shall submit a proposed instruction regarding the declaratory judgment posture of this case and shall submit an instruction regarding playing the Federal Judicial Center video

covering patent law for the jury.

The Court also orders the parties to submit a plan for the remote testimony of Richard Habel by August 12, 2022. This plan shall include where Habel will testify, how Habel will use the exhibits of both parties, the estimated length of testimony from Habel, and when the parties expect Habel to testify.

Finally, the parties shall submit a statement regarding a bench trial on the remaining issues by August 12, 2022. If the parties need to elicit any evidence at a bench trial, the parties shall submit declarations of direct testimony by August 17, 2022. The Court will hear any such evidence after closing argument while the jury deliberates. If the parties do not wish to elicit evidence at a bench trial, the Court will set a post-trial briefing schedule at the conclusion of trial.

## IV.  CONCLUSION

The Court:

- **GRANTS** Plaintiff's MIL No. 1 (ECF No. 225);
- **GRANTS** Plaintiff's MIL No. 2 (ECF No. 227);
- **DENIES** Plaintiff's MIL No. 3 (ECF No. 229);
- **GRANTS** Defendant's MIL No. 1 (ECF No. 240);
- **GRANTS** Defendant's MIL No. 2 (ECF No. 241);
- **GRANTS IN PART** and **DENIES IN PART** Defendant's MIL No. 3 (ECF No. 242);
- **GRANTS** Defendant's MIL No. 4 (ECF No. 243); and
- **GRANTS** Defendant's MIL No. 5 (ECF No. 244).

The parties shall caution, warn, and instruct their witnesses not to make any references to any evidence excluded by this Order.

All decisions on motions in limine are subject to reevaluation at trial. *See* Fed. R. Evid. 103, advisory committee's note to 2000 amendment ("Even where the court's ruling is definitive, nothing . . . prohibits the court from revisiting its decision when the evidence is to be offered."); *Luce v. United States*, 469 U.S. 38, 41–42 (1984) ("[E]ven

if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

The Court provisionally seals this Order. Within seven days of the issuance of this Order, the parties shall file a joint statement as to whether any matter stated in this Order is information that should remain under seal. Thereafter, the Court will determine whether any portions of this Order should be redacted in the version filed on the public docket.

**IT IS SO ORDERED.**

Dated: August 7, 2022

                                     MARK C. SCARSI
                                     UNITED STATES DISTRICT JUDGE