Christy G. Lea (SBN 212,060)
christy.lea@knobbe.com
Joseph R. Re (SBN 134,479)
joe.re@knobbe.com
Nicholas M. Zovko (SBN 238,248)
nicholas.zovko@knobbe.com
Alan G. Laquer (SBN 259,257)
alan.laquer@knobbe.com
Raymond Lu (SBN 340,873)
raymond.lu@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Plaintiff/Counterclaim Defendant*
PAVEMETRICS SYSTEMS, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC., <br><br>  Plaintiff, <br><br>  v. <br><br> TETRA TECH, INC., <br><br>  Defendant. <br><br> AND RELATED COUNTERCLAIMS | Case No. 2:21-cv-1289-MCS-MMA <br><br> Honorable Mark C. Scarsi <br><br> **PAVEMETRICS' TRIAL BRIEF** |

Plaintiff Pavemetrics Systems, Inc. submits this trial brief to seek the Court's guidance to ensure no party unintentionally violates the Court's Order re: Motions in Limine (ECF 287). Specifically, Pavemetrics seeks guidance at or before the hearing on August 16, 2022, regarding the Court's Order granting Tetra Tech's Motion in Limine Nos. 2, 4, and 5.

To comply with the Court's Order granting Tetra Tech's MIL No. 2 to exclude the preliminary injunction ("PI") order, the parties will need to redact various exhibits that mention the motion for a PI and this Court's Order denying that motion. Both parties included many documents on the Joint Exhibit List relating to the PI proceedings. More importantly, Pavemetrics relied heavily on the PI denial in communicating with third parties, and Tetra Tech also intends to rely upon at least some of those same communications. While deleting all references to the PI proceedings presents an incomplete picture, Pavemetrics still, in fairness, should be able to rely on the remaining portions of its communications to show its good-faith belief of no infringement. Thus, Pavemetrics seeks confirmation that the parties may redact documents referring to the PI proceedings and introduce the remaining portions of those documents.

Regarding the Court's Order granting Tetra Tech's MIL No. 4, the Court excluded four documents/source code as untimely produced. That excluded evidence included facts about a recent sale (Sale C) and the assembly and installation of software for the system of Sale 4. Those facts occurred after the close of fact discovery. But the system of Sale 4 is an accused device. To ensure compliance with the Court's Order, Pavemetrics seeks confirmation that its fact witnesses may testify about the software that was actually installed in the Sale 4 system, even though they will not be able to present the excluded documents. Without such testimony, the record would be devoid of any evidence pertaining to the software that was installed in the Sale 4 system.

/ / /

Regarding the Court's Order granting Tetra Tech's MIL No. 5 that lay witnesses cannot give opinions in violation of FRE 701 and 702, Pavemetrics seeks clarity that a lay witness's personal beliefs, based on the witness's personal knowledge, are not opinions under FRE 701 and 702. The Court's Order appears to recognize that distinction. ECF 287 at 12 ("The Court will permit Habel to testify to matters only within his personal knowledge.").

Executives from Pavemetrics will testify about their personal beliefs that they never thought Pavemetrics was infringing the asserted patents. They will explain the basis for their beliefs, having read the patents. Those beliefs are not being offered as opinion testimony under FRE 701 and 702, but merely as evidence that they had no intent to infringe the patents. This evidence responds to Tetra Tech's allegations that Pavemetrics intended to infringe and did so willfully. This responding evidence is within the witness's own personal knowledge and is entirely proper.

## I. THE PARTIES MUST REDACT VARIOUS EXHIBITS IN VIEW OF THE COURT'S ORDER GRANTING TETRA TECH'S MIL NO. 2

The PI proceedings permeate many aspects of this case, including testimony from fact witnesses, opinions from expert witnesses, and documents the parties intend to rely on at trial. Many of these documents are relevant for various reasons, especially to the extent they corroborate Pavemetrics' good-faith belief of no infringement and rebut Tetra Tech's argument that Pavemetrics knew it was infringing. Pavemetrics seeks permission to redact various exhibits that mention the PI motion and this Court's Order denying that motion.

For example, Tetra Tech's experts relied on many documents from the PI proceedings in forming their opinions. For example, Tetra Tech's technical expert considered at least eight documents from the PI proceedings. Morellas Initial Rep. at Ex. A (identifying ECF 17-12, 17-13, 33); Morellas Rebuttal Rep.

at Ex. A (identifying ECF 17-1, 30-1, 33-1, 33-2, 33-3). Tetra Tech's damages expert considered at least 15 documents, including the Court's Order denying Tetra Tech's PI motion. Schoettelkotte Rep. at Schedule 2. Moreover, in his expert report, Tetra Tech's damages expert cited documents from the PI proceedings as support for his opinions at least 25 times. *Id.* at 10, 12, 16-19, 21, 22, 31, 43.

The parties also included at least 10 documents on the Joint Exhibit List relating to the PI proceedings. ECF 237 (Exhibits 23, 85, 86, 512, 647, 648, 999, 1000, 1002, 1003). Tetra Tech objected to only four of those exhibits based on Rule 403. *Id.* (Exhibits 85, 86, 647, 648). Indeed, Tetra Tech itself added several documents relating to the PI proceedings, including Exhibits 999, 1000, 1002, and 1003. *Id.* at 92.

Moreover, some exhibits explicitly discuss the Court's PI ruling. Importantly, Exhibits 85 and 86 are emails from Pavemetrics to third parties regarding this lawsuit and the court's denial of the PI motion. Even Tetra Tech added Exhibit 85 to the Joint Exhibit List, and also provided an English translation.

In Exhibit 85, Richard Habel (Pavemetrics' CEO) wrote to a potential acquirer to provide facts about the lawsuit. Mr. Habel explained: "I'm attaching to this email the decision of the judge rejecting Tetra Tech's motion. You may find that the court not only rejected the injunction motion but also gave a well-founded decision concluding that Tetra Tech was not likely to succeed on the merits."

In Exhibit 86, John Laurent (Pavemetrics' CTO) wrote to a purchaser of the accused products providing an update on the lawsuit. Mr. Laurent explained: "We filed that suit in Los Angeles to show that TT's patent infringement threats were without merit. TT responded by moving for a preliminary injunction to stop the sales of our LRAIL system in the US. On

April 15, the Court denied that motion, finding that TT had not shown it is likely to win on patent infringement and that Pavemetrics had raised a substantial question that TT's patent is invalid."

Pavemetrics has included copies of Exhibits 85 and 86 in the Appendix to this trial brief. Pavemetrics should be able to introduce at least a redacted version of these exhibits, removing any mention of the PI proceedings, to rebut Tetra Tech's claim that it knew it was infringing. Pavemetrics has highlighted portions of those exhibits that it proposes to redact to comply with this Court's MIL Order.

Pavemetrics seeks permission to redact the highlighted portions of Exhibits 85 and 86. Pavemetrics also seeks permission to redact other documents, including those relied on by Tetra Tech's expert witnesses or on the Joint Exhibit List, that mention the PI motion and this Court's Order denying that motion.

## II. PAVEMETRICS SEEKS GUIDANCE TO ENSURE COMPLIANCE WITH THE COURT'S ORDER GRANTING TETRA TECH'S MIL NO. 4

Four sales of LRAIL remain at issue for trial. ECF 285 (Final Pretrial Conf. Order) at 5-7 (deleting Sale C and listing Sales 1-4). But the system of Sale 4 was assembled with the latest software version and it never included the functionality that Tetra Tech alleges results in an infringement. *Id.* at 5-6.

The Court's MIL Order excluded four items Pavemetrics produced on June 17 and 20, 2022. ECF 287 at 10-12. The Court did not exclude any direct testimony regarding Sale 4. Pavemetrics wishes to confirm that its fact witnesses can still testify about Sale 4 without introducing the excluded items.

At the close of discovery, Sale 4 was unassembled. It had no software. But the facts do not freeze at the close of discovery. After the close of discovery, Sale 4 was assembled with software having no accused functionality. Pavemetrics should be allowed to testify truthfully as to the facts relating to Sale

-4-

4. Tetra Tech can cross examine Pavemetrics' witnesses regarding those facts.

Moreover, Tetra Tech cannot suggest that the jury infer facts that Tetra Tech knows are false. *Cf. Sip-Top, Inc. v. Ekco Group*, Inc. 86 F.3d 827, 830 (8th Cir. 1996) (inferences are unreasonable if they are "at war with undisputed facts") (internal quotations omitted). Doing so is improper and would violate ethical rules. *See, e.g.*, Model R. Prof. Conduct 3.3(a), 8.4(c) (ABA 2021). For example, Tetra Tech cannot ethically suggest that Sale 4 is the same as Sales 2 and 3 because it knows those sales are not the same.

If Pavemetrics cannot testify about the software installed in the Sale 4 system, Tetra Tech could not possibly have any evidence to allege that Sale 4 is an infringing sale.

### III. PAVEMETRICS SEEKS CONFIRMATION REGARDING THE COURT'S ORDER GRANTING TETRA TECH'S MIL NO. 5

Pavemetrics seeks confirmation that its executives, including its CEO Richard Habel, may testify about their personal, subjective beliefs that Pavemetrics does not infringe the asserted patents.

Pavemetrics is not offering its executives to provide lay opinion testimony under FRE 701 or expert testimony under FRE 702. Nor is Pavemetrics offering their personal belief of non-infringement to prove that Pavemetrics does not in fact infringe. Instead, Pavemetrics is offering this testimony to rebut Tetra Tech's claims of induced infringement, contributory infringement, and willful infringement. ECF 285 at 7, 11; *see also id.* at 15-18. All of those claims require exploring the intent (or personal beliefs) of the accused infringer.

Moreover, Tetra Tech seeks to rely on evidence showing what Pavemetrics discussed after Tetra Tech accused Pavemetrics of infringement in January 2021. *See, e.g.*, Ex. 39 (Pavemetrics email chain including Tetra Tech's infringement accusation). Pavemetrics should be able to respond and testify as

to its actions and personal beliefs after receiving Tetra Tech's infringement letter. Those actions include forming a personal belief that Pavemetrics does not infringe the asserted patents. This is testimony squarely within the personal knowledge of Richard Habel and the other Pavemetrics executives, which the Court's MIL Order allows. ECF 287 at 12 ("The Court will permit Habel to testify to matters only within his personal knowledge.").

## IV. CONCLUSION

In view of the forgoing, Pavemetrics seeks confirmation that the forgoing would not violate the Court's MIL Order.

Respectfully Submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 10, 2022    By: */s/ Christy G. Lea*
                                                 Christy G. Lea
                                               Joseph R. Re
                                               Nicholas M. Zovko
                                               Alan G. Laquer
                                               Raymond S. Lu

*Attorneys for Plaintiff/Counterclaim Defendant,*
PAVEMETRICS SYSTEMS, INC.

56097196