Christy G. Lea (SBN 212060)
christy.lea@knobbe.com
Joseph R. Re (SBN 134479)
joe.re@knobbe.com
Nicholas M. Zovko (SBN 238248)
nicholas.zovko@knobbe.com
Alan G. Laquer (SBN 259,257)
alan.laquer@knobbe.com
Raymond Lu (SBN 340,873)
raymond.lu@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff/
Counterclaim Defendant
PAVEMETRICS SYSTEMS, INC.

Donald L. Ridge (SBN 132171)
**CLARK HILL LLP**
555 South Flower Street, 24th Floor
Los Angeles, California 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
DRidge@clarkhill.com

James R. Barney (pro hac vice)
James.barney@finnegan.com
Aaron L. Parker (pro hac vice)
aaron.parker@finnegan.com
Daniel G. Chung (pro hac vice)
daniel.chung@finnegan.com
Nicholas A. Cerulli (pro hac vice)
nicholas.cerulli@finnegan.com
Kelly S. Horn (pro hac vice)
Kelly.horn@finnegan.com
Jency J. Mathew (pro hac vice)
Jency.mathew@finnegan.com
**FINNEGAN HENDERSON**
901 New York Ave NW
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Attorneys for Defendant/
Counterclaim Plaintiff
TETRA TECH, INC. and TETRA
TECH TAS, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC.,<br>Plaintiff,<br><br>v.<br><br>TETRA TECH, INC.,<br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:21-cv-1289-MCS-MMA<br><br>Honorable Mark C. Scarsi<br><br>**COMPETING VERDICT FORMS**<br><br>Pretrial Conference:   Aug. 1, 2022<br>Trial:                        Aug. 16, 2022 |

1    Pursuant to the Court's Order re: Jury Trial (ECF 56), the parties hereby
2 submit their competing verdict forms.  Plaintiff Pavemetrics' Proposed Verdict
3 Form is attached as Exhibit A and Defendants Tetra Tech's Proposed Verdict
4 Form is attached as Exhibit B.  The parties have attached a comparison version
5 as Exhibit C with the factual or legal basis for each party's respective positions.

6

7
   Approved as to form and content:
8

9                                   KNOBBE, MARTENS, OLSON & BEAR, LLP

10
11   Dated:  August 12, 2022          By:  /s/ Christy G. Lea
                                           Christy G. Lea
12                                         Joseph R. Re
                                           Nicholas M. Zovko
13                                         Alan G. Laquer
                                           Raymond Lu
14
                                     *Attorneys for Plaintiff/Counterclaim Defendant*,
15                                   PAVEMETRICS SYSTEMS, INC.

16

17                                   FINNEGAN HENDERSON FARABOW GARRETT &
18                                   DUNNER, LLP

19
20   Dated:  August 12, 2022          By:  /s/ Daniel G. Chung
                                           *(with permission Christy G. Lea)*
21                                         James R. Barney
                                           Aaron L. Parker
22                                         Nicholas A. Cerulli
                                           Daniel G. Chung
23                                         Kelly S. Horn
                                           Jency J. Mathew
24
                                     CLARK HILL LLC
25                                         Donald L. Ridge

26                                   *Attorneys for Defendant/Counterclaimant*,
27                                   TETRA TECH, INC.

28

                                     -1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A:
# Plaintiff Pavemetrics' Proposed Verdict Form

1

## __INSTRUCTIONS__

2       When answering the following questions and filling out this Verdict Form,

3 please follow the directions provided throughout the form. Your answer to each

4 question must be unanimous. Some of the questions contain legal terms that are

5 defined and explained in detail in the Jury Instructions. Please refer to the Jury

6 Instructions if you are unsure about the meaning of any legal term that appears in

7 the questions below.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>DEFINITIONS</u>

As used herein, the following terms have the following meanings:

- "'293 patent" refers to U.S. Patent No. 10,362,293.
- "'557 patent" refers to U.S. Patent No. 10,616,557.
- "Pavemetrics" refers to Pavemetrics Systems, Inc.
- "Tetra Tech" refers collectively to Tetra Tech, Inc. and Tetra Tech TAS Inc.

# JURY VERDICT

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case.

## I.   FINDINGS ON INFRINGEMENT CLAIMS

**Instructions:** The questions regarding infringement should be answered regardless of your finding with respect to the validity or invalidity of the patent claims.

### Direct Infringement: The '293 Patent

### Question No. 1: Selling Unit 1 to AID

Has Tetra Tech proven by a preponderance of the evidence that Pavemetrics directly infringed the following patent claims by selling LRAIL System Unit 1 to AID? (Please check Yes or No for each claim).

| Patent Claim | YES (for Tetra Tech) | NO (for Pavemetrics) |
|---|---|---|
| Claim 1 of the '293 patent | | |
| Claim 21 of the '293 patent | | |

**Question No. 2: Selling Units 2 and 3 to CSX**

Has Tetra Tech proven by a preponderance of the evidence that Pavemetrics directly infringed the following patent claims by selling LRAIL System Units 2 and 3 to CSX? (Please check Yes or No for each claim).

| Patent Claim | YES (for Tetra Tech) | NO (for Pavemetrics) |
|---|---|---|
| Claim 1 of the '293 patent | | |
| Claim 21 of the '293 patent | | |

**Question No. 3: Selling Unit 4 to CSX**

Has Tetra Tech proven by a preponderance of the evidence that Pavemetrics directly infringed the following patent claims by selling LRAIL System Unit 4 to CSX? (Please check Yes or No for each claim).

| Patent Claim | YES (for Tetra Tech) | NO (for Pavemetrics) |
|---|---|---|
| Claim 1 of the '293 patent | | |
| Claim 21 of the '293 patent | | |

### **Induced Infringement: The '557 Patent**

### **Question No. 4: Inducement re Unit 1 (AID)**

Has Tetra Tech proven by a preponderance of the evidence: (i) that AID infringed
Claim 8 of the '557 patent by using LRAIL System Unit 1; (ii) that Pavemetrics
took action that actually induced infringement by AID; and (iii) that
Pavemetrics was aware of the '557 patent and believed that its actions would
encourage that infringement or, alternatively, that it was willfully blind as to
whether its actions would encourage that infringement?  (Please check Yes or
No).

Yes (for Tetra Tech) _____        No (for Pavemetrics) _____

**Willful Infringement**

**Instructions:** If you answered "Yes" to any part of questions 1 through 4, please proceed to question 5.  If you answered "No" to ALL parts of questions 1 through 4, then please skip to question 6.

## Question No. 5

Do you find that Tetra Tech has proven by a preponderance of the evidence that Pavemetrics actually knew, intentionally ignored, or recklessly disregarded that its actions constituted infringement (Please check YES or NO for each patent.)

| Patent | YES (for Tetra Tech) | NO (for Pavemetrics) |
|---|---|---|
| The '293 patent | | |
| The '557 patent | | |

## II.   **FINDINGS ON INVALIDITY DEFENSES**

**Instructions:** The questions regarding invalidity should be answered regardless of your findings with respect to infringement.

### The '293 Patent

### Question No. 6

Did Pavemetrics prove by clear and convincing evidence that the following claims of the '293 patent would have been obvious to a person of ordinary skill in the art in view of Pavemetrics' UML Sale and Support and/or UML-TRB2014, either alone or in combination with EC-TRB2014?

| Patent Claim | YES (for Pavemetrics) | NO (for Tetra Tech) |
|---|---|---|
| Claim 1 of the '293 patent | | |
| Claim 21 of the '293 patent | | |

### Question No. 7

Did Pavemetrics prove by clear and convincing evidence that claim 21 of the '293 patent would have been obvious to a person of ordinary skill in the art in view of Pavemetrics' UML Sale and Support and/or UML-TRB2014, in combination with EC-TRB2014 and Gibert-Serra?

| Patent Claim | YES (for Pavemetrics) | NO (for Tetra Tech) |
|---|---|---|
| Claim 21 of the '293 patent | | |

**The '557 Patent**

**Question No. 8**

Did Pavemetrics prove by clear and convincing evidence that claim 8 of the '557 patent would have been obvious to a person of ordinary skill in the art in view of Pavemetrics' UML Sale and Support and/or UML-TRB2014?

| Patent Claim | YES (for Pavemetrics) | NO (for Tetra Tech) |
|---|---|---|
| Claim 8 of the '557 patent | | |

**Question No. 9**

Did Pavemetrics prove by clear and convincing evidence that claim 8 of the '557 patent was anticipated by Tetra Tech's 3D tie assessment system?

| Patent Claim | YES (for Pavemetrics) | NO (for Tetra Tech) |
|---|---|---|
| Claim 8 of the '557 patent | | |

**Question No. 10**

Did Pavemetrics prove by clear and convincing evidence that claim 8 of the '557 patent would have been obvious to a person of ordinary skill in the art in view of Tetra Tech's 3D tie assessment system?

| Patent Claim | YES (for Pavemetrics) | NO (for Tetra Tech) |
|---|---|---|
| Claim 8 of the '557 patent | | |

-10-

**Findings on Damages (If Applicable)**

Instructions: If you found at least one claim from the '293 patent infringed and not invalid, then please proceed to answer the remaining questions.

**Question No. 12**

What lost profits, if any, did Tetra Tech show by a preponderance of the evidence that it suffered as a result of sales that it would with reasonable probability have made but for Pavemetrics' infringement of the '293 patent?

Amount of $_____

**Question No. 13**

For those infringing sales for which Tetra Tech has not proved its entitlement to lost profits, what has it proved it is entitled to as a reasonable royalty:

Amount of $_____

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations.  The Presiding Juror should then sign and date the verdict form in the space below and notify the Courtroom Deputy that you have reached a verdict.   The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.


Date:_____          By:_____

                                            Presiding Juror

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit B
# Defendants Tetra Tech
# Proposed Verdict Form

## **INSTRUCTIONS**

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning of any legal term that appears in the questions below.

## <u>DEFINITIONS</u>

As used herein, the following terms have the following meanings:

- "'293 patent" refers to U.S. Patent No. 10,362,293.
- "'557 patent" refers to U.S. Patent No. 10,616,557.
- "Pavemetrics" refers to Pavemetrics Systems, Inc.
- "Tetra Tech" refers collectively to Tetra Tech, Inc. and Tetra Tech TAS Inc.

## JURY VERDICT

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case.

## III.   FINDINGS ON INFRINGEMENT CLAIMS

**Instructions:** The questions regarding infringement should be answered regardless of your finding with respect to the validity or invalidity of the patent claims.

### A.   Direct Infringement

1.   Did Tetra Tech prove by a preponderance of the evidence that Pavemetrics directly infringed any of the following claims of the '293 patent by selling or offering to sell in the United States, the Laser Rail Inspection System ("LRAIL")?

("YES" is a finding for Tetra Tech. "NO" is a finding for Pavemetrics. Please check only the answer for each claim that reflects your verdict.)

Claim 1 of the '293 patent     Yes _____     No _____

Claim 21 of the '293 patent     Yes _____     No _____

### B.   Induced Infringement

2.   Did Tetra Tech prove by a preponderance of the evidence that Pavemetrics induced AID to infringe claim 8 of the '557 patent?

("YES" is a finding for Tetra Tech. "NO" is a finding for Pavemetrics. Please check only the answer for each claim that reflects your verdict.)

Claim 8 of the '557 patent     Yes _____     No _____

### C.   Willful Infringement

**Instructions:** If you answered "Yes" to any part of questions 1 through 2, please proceed to question 3.  If you answered "No" to ALL parts of questions 1 through 2, then please skip to question 4.

3.     If you found that Pavemetrics infringed the '293 patent or the '557 patent, did Tetra Tech prove by a preponderance of evidence that the infringement was willful?

       ("YES" is a finding for Tetra Tech. "NO" is a finding for Pavemetrics.)

|  | | | |
|---|---|---|---|
| '293 patent | Yes _____ | No _____ |
| '557 patent | Yes _____ | No _____ |

IV.  **FINDINGS ON INVALIDITY DEFENSES**

**Instructions:** The questions regarding invalidity should be answered regardless of your findings with respect to infringement.

A.  **The '293 Patent**

4.  Did Pavemetrics prove by clear and convincing evidence that the following claims of the '293 patent would have been obvious to a person of ordinary skill in the art in view of Pavemetrics' UML Sale and Support and/or UML-TRB2014, either alone or in combination with EC-TRB2014?

("YES" is a finding for Pavemetrics. "NO" is a finding for Tetra Tech. Please check only the answer for each claim that reflects your verdict.)

Claim 1 of the '293 patent       Yes _____     No _____

Claim 21 of the '293 patent      Yes _____     No _____

5.  Did Pavemetrics prove by clear and convincing evidence that claim 21 of the '293 patent would have been obvious to a person of ordinary skill in the art in view of Pavemetrics' UML Sale and Support and/or UML-TRB2014, in combination with EC-TRB2014 and Gibert-Serra?

("YES" is a finding for Pavemetrics. "NO" is a finding for Tetra Tech.)

Yes _____     No _____

B.  **The '557 Patent**

6.  Did Pavemetrics prove by clear and convincing evidence that claim 8 of the '557 patent would have been obvious to a person of ordinary skill in the art in view of Pavemetrics' UML Sale and Support and/or UML-TRB2014?

("YES" is a finding for Pavemetrics. "NO" is a finding for Tetra Tech.)

Yes _____     No _____

7.  Did Pavemetrics prove by clear and convincing evidence that claim 8 of the '557 patent was anticipated by Tetra Tech's 3D tie assessment system?

("YES" is a finding for Pavemetrics. "NO" is a finding for Tetra Tech.)

Yes _____      No _____

8.      Did Pavemetrics prove by clear and convincing evidence that claim 8 of the '557 patent would have been obvious to a person of ordinary skill in the art in view of Tetra Tech's 3D tie assessment system?

        ("YES" is a finding for Pavemetrics. "NO" is a finding for Tetra Tech.)

Yes _____      No _____

## V.     **<u>FINDINGS ON DAMAGES (IF APPLICABLE)</u>**

**Instructions:** If you found at least one claim infringed and not invalid, then please proceed to answer the remaining questions.

9.     What lost profits, if any, did Tetra Tech show by a preponderance of the evidence that it suffered as a result of sales that it would with reasonable probability have made but for Pavemetrics' infringement?

$ \underline{\hspace{4cm}}

10.     For Pavemetrics' infringement for which Tetra Tech has not proven its entitlement to lost profits, what has Tetra Tech proven it is entitled to as a reasonable royalty?

$ \underline{\hspace{4cm}}

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the space below and notify the Courtroom Deputy that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

Dated:_____        By: _____
                                              Presiding Juror

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit C
# Comparison Verdict Form

(with the factual or legal basis for each party's respective positions)

## <u>INSTRUCTIONS</u>

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning of any legal term that appears in the questions below.

## <u>DEFINITIONS</u>

As used herein, the following terms have the following meanings:

- "'293 patent" refers to U.S. Patent No. 10,362,293.
- "'557 patent" refers to U.S. Patent No. 10,616,557.
- "Pavemetrics" refers to Pavemetrics Systems, Inc.
- "Tetra Tech" refers collectively to Tetra Tech, Inc. and Tetra Tech TAS Inc.

# JURY VERDICT

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case.

## VI.   FINDINGS ON INFRINGEMENT CLAIMS

**Instructions:** The questions regarding infringement should be answered regardless of your finding with respect to the validity or invalidity of the patent claims.

### Direct Infringement: The '293 Patent

Plaintiff's Proposal on Direct Infringement:[1]

### Question No. 1: Selling Unit 1 to AID

Has Tetra Tech proven by a preponderance of the evidence that Pavemetrics directly infringed the following patent claims by selling LRAIL System Unit 1 to AID? (Please check Yes or No for each claim).

---

[1] <u>Tetra Tech's Position:</u> Tetra Tech objects to Pavemetrics' proposed questions on direct infringement as incomplete and inaccurate because they omit Pavemetrics' offers for sale of the LRAIL as infringing acts, which Tetra Tech pled in its Amended Counterclaim. D.I. 79, ¶34. Tetra Tech further objects to the questions concerning LRAIL System Units 1-4. The accused product at issue is the LRAIL, and questions concerning "LRAIL System Units" as the product alleged to infringe is misleading, confusing, and unnecessary. Moreover, Tetra Tech objects to the questions' references to AID and CSX as inappropriate, confusing, and legally unnecessary to establish liability for direct infringement. Tetra Tech objects to Pavemetrics' proposed language because it is inconsistent with the Court's Final Pretrial Conference Order (ECF 285) and Court Order Re: Motions in Limine (ECF 287).

| Patent Claim | YES (for Tetra Tech) | NO (for Pavemetrics) |
|---|---|---|
| Claim 1 of the '293 patent | | |
| Claim 21 of the '293 patent | | |

## Question No. 2: Selling Units 2 and 3 to CSX

Has Tetra Tech proven by a preponderance of the evidence that Pavemetrics directly infringed the following patent claims by selling LRAIL System Units 2 and 3 to CSX? (Please check Yes or No for each claim).

| Patent Claim | YES (for Tetra Tech) | NO (for Pavemetrics) |
|---|---|---|
| Claim 1 of the '293 patent | | |
| Claim 21 of the '293 patent | | |

## Question No. 3: Selling Unit 4 to CSX

Has Tetra Tech proven by a preponderance of the evidence that Pavemetrics directly infringed the following patent claims by selling LRAIL System Unit 4 to CSX? (Please check Yes or No for each claim).

| Patent Claim | YES (for Tetra Tech) | NO (for Pavemetrics) |
|---|---|---|
| Claim 1 of the '293 patent | | |
| Claim 21 of the '293 patent | | |

**Defendants' Proposal on Direct Infringement:**

1. Did Tetra Tech prove by a preponderance of the evidence that Pavemetrics directly infringed any of the following claims of the '293 patent by selling or offering to sell in the United States, the Laser Rail Inspection System ("LRAIL")?[2]

   ("YES" is a finding for Tetra Tech. "NO" is a finding for Pavemetrics. Please check only the answer for each claim that reflects your verdict.)

   | | | | |
   |---|---|---|---|
   | Claim 1 of the '293 patent | Yes ____ | No ____ |
   | Claim 21 of the '293 patent | Yes ____ | No ____ |

---

[2] Pavemetrics objects to Defendants' proposed direct infringement question for two reasons.  First, the question includes an act of infringement (offering for sale) not disclosed during discovery.  *See* Morellas ¶609.  Second, the question ignores that Pavemetrics sold three different versions of LRAIL with material differences in the accused algorithm functionality: Unit 1, Units 2-3, and Unit 4.

**Induced Infringement: The '557 Patent**

Plaintiff's Proposal on Induced Infringement:[3]

**Question No. 4: Inducement re Unit 1 (AID)**

Has Tetra Tech proven by a preponderance of the evidence: (i) that AID infringed Claim 8 of the '557 patent by using LRAIL System Unit 1; (ii) that Pavemetrics took action that actually induced that infringement by AID; and (iii) that Pavemetrics was aware of the '557 patent and believed that its actions would encourage that infringement or, alternatively, that it was willfully blind as to whether its actions would encourage that infringement?  (Please check Yes or No).

Yes (for Tetra Tech) _____        No (for Pavemetrics) _____

_____

[3] <u>Tetra Tech's Position:</u> As discussed above, Tetra Tech objects to the reference to "LRAIL System Unit" as the product alleged to infringe as inaccurate, misleading, confusing, and unnecessary. Furthermore, Tetra Tech objects to the question's inclusion of the legal elements for induced infringement as unnecessary, confusing, and duplicative because they are already contained in the jury instructions.

**Defendants' Proposal on Induced Infringement:**

2.    Did Tetra Tech prove by a preponderance of the evidence that Pavemetrics induced AID to infringe Claim 8 of the '557 patent?[4]

("YES" is a finding for Tetra Tech. "NO" is a finding for Pavemetrics. Please check only the answer for each claim that reflects your verdict.)

Claim 8 of the '557 patent          Yes _____     No _____

---

[4] Pavemetrics objects to Defendants' proposed induced infringement question for five reasons.  First, the question is unlimited in the acts of direct infringement even though Tetra Tech disclosed and preserved only one act of direct infringement by AID—using LRAIL.  *See* Morellas ¶¶612-613; *see also* ¶¶620-621; Third Supp. Infringement Contentions.

**Willful Infringement**

**Instructions:** If you answered "Yes" to any part of questions 1 through 4, please proceed to question 5.  If you answered "No" to ALL parts of questions 1 through 4, then please skip to question 6.

Plaintiff's Proposal on Willful Infringement:[5]

**Question No. 5**

Do you find that Tetra Tech has proven by a preponderance of the evidence that Pavemetrics actually knew, intentionally ignored, or recklessly disregarded that its actions constituted infringement (Please check YES or NO for each patent.)

| Patent | YES (for Tetra Tech) | NO (for Pavemetrics) |
|---|---|---|
| The '293 patent | | |
| The '557 patent | | |

---

[5] Tetra Tech's Position: Tetra Tech objects to Pavemetrics' proposed question on willful infringement because it unnecessarily includes legal elements for willful infringement that are duplicative and already contained in the jury instructions and risks confusion.

<span style="color:red">Defendants' Proposal on Willful Infringement:</span>

**3.**    If you found that Pavemetrics infringed the '293 patent or the '557 patent, did Tetra Tech prove by a preponderance of evidence that the infringement was willful?[6]

("YES" is a finding for Tetra Tech. "NO" is a finding for Pavemetrics.)

|              |          | '293 patent | Yes _____ | No _____ |
|--------------|----------|-------------|-----------|----------|

'293 patent        Yes _____     No _____

'557 patent        Yes _____     No _____

---

[6] Pavemetrics objects to Tetra Tech's willfulness instruction because it deviates from the N.D. Cal Model Verdict Form without justification.  The Model states: "Has the Patent Holder proven that it is more likely than not that the Alleged Infringer actually knew, intentionally ignored, or recklessly disregarded that its actions constituted infringement?"

-30-

## VII.   **FINDINGS ON INVALIDITY DEFENSES**

**Instructions:** The questions regarding invalidity should be answered regardless of your findings with respect to infringement.

### The '293 Patent
### Question No. 6

Did Pavemetrics prove by clear and convincing evidence that the following claims of the '293 patent would have been obvious to a person of ordinary skill in the art in view of Pavemetrics' UML Sale and Support and/or UML-TRB2014, either alone or in combination with EC-TRB2014?

| Patent Claim | YES (for Pavemetrics) | NO (for Tetra Tech) |
|---|---|---|
| Claim 1 of the '293 patent | | |
| Claim 21 of the '293 patent | | |

### Question No. 7

Did Pavemetrics prove by clear and convincing evidence that claim 21 of the '293 patent would have been obvious to a person of ordinary skill in the art in view of Pavemetrics' UML Sale and Support and/or UML-TRB2014, in combination with EC-TRB2014 and Gibert-Serra?

| Patent Claim | YES (for Pavemetrics) | NO (for Tetra Tech) |
|---|---|---|
| Claim 21 of the '293 patent | | |

-31-

**The '557 Patent**

**Question No. 8**

Did Pavemetrics prove by clear and convincing evidence that claim 8 of the '557 patent would have been obvious to a person of ordinary skill in the art in view of Pavemetrics' UML Sale and Support and/or UML-TRB2014?

| Patent Claim | YES (for Pavemetrics) | NO (for Tetra Tech) |
|---|---|---|
| Claim 8 of the '557 patent | | |

**Question No. 9**

Did Pavemetrics prove by clear and convincing evidence that claim 8 of the '557 patent was anticipated by Tetra Tech's 3D tie assessment system?

| Patent Claim | YES (for Pavemetrics) | NO (for Tetra Tech) |
|---|---|---|
| Claim 8 of the '557 patent | | |

**Question No. 10**

Did Pavemetrics prove by clear and convincing evidence that claim 8 of the '557 patent would have been obvious to a person of ordinary skill in the art in view of Tetra Tech's 3D tie assessment system?

| Patent Claim | YES (for Pavemetrics) | NO (for Tetra Tech) |
|---|---|---|
| Claim 8 of the '557 patent | | |

**Findings on Damages (If Applicable)**

Instructions: If you found at least one claim ~~from the '293 patent~~ infringed and not invalid, then please proceed to answer the remaining questions.[78]

**Question No. 11**

What lost profits, if any, did Tetra Tech show by a preponderance of the evidence that it suffered as a result of sales that it would with reasonable probability have made but for Pavemetrics' infringement ~~of the '293 patent~~?

Amount of $_____

**Question No. 12**

_____

[7] Pavemetrics objects to Defendants refusal to limit the damages questions to the '293 patent. Defendant did not preserve a damages' claim on any acts of infringement besides sales, but sales cannot infringe the method of Claim 8 of the '557 patent.

[8] Tetra Tech's Position: Should the jury find infringement of the '293 patent or the '557 patent, Tetra Tech is statutorily entitled to damages "to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention." 35 U.S.C. § 284. Further, Tetra Tech's damages expert opined on the reasonable royalty resulting from Pavemetrics' infringement, and his opinions were not limited to damages resulting from any particular type of infringing act. Tetra Tech objects to Pavemetrics' proposed language because it is inconsistent with the Court's Final Pretrial Conference Order (ECF 285) and Court Order Re: Motions in Limine (ECF 287).

For ~~those infringing sales~~Pavemetrics' infringement for which Tetra Tech has not ~~proved~~proven its entitlement to lost profits, what has ~~it proved~~Tetra Tech proven it is entitled to as a reasonable royalty~~.~~?[9][10]

Amount of $_____

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations.  The Presiding Juror should then sign and date the verdict form in the space below and notify the Courtroom Deputy that you have reached a verdict.   The Presiding Juror should retain

---

[9] Pavemetrics objects to Defendants' edits and deviation from the N.D. Cal. Model Verdict Form without justification.  Defendants have not preserved any damages claim for any act of infringement other than sales.  The N.D. Cal. Model Verdict Form states: "For those infringing sales for which Patent Holder has not proved its entitlement to lost profits, what has it proved it is entitled to as a reasonable royalty."

[10] Tetra Tech's Position: Should the jury find infringement of the '293 patent or the '557 patent, Tetra Tech is statutorily entitled to damages "to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention." 35 U.S.C. § 284. Further, Tetra Tech's damages expert opined on the reasonable royalty resulting from Pavemetrics' infringement, and his opinions were not limited to damages resulting from any particular type of infringing act. Tetra Tech objects to Pavemetrics' proposed language because it is inconsistent with the Court's Final Pretrial Conference Order (ECF 285) and Court Order Re: Motions in Limine (ECF 287).

-34-

possession of the verdict form and bring it when the jury is brought back into the

courtroom.


Date:_____          By:_____

                                          Presiding Juror