Donald Ridge, Esq. (SBN: 132171)
**CLARK HILL LLP**
555 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
DRidge@clarkhill.com

James R. Barney (*pro hac vice*)
james.barney@finnegan.com
Aaron L. Parker (*pro hac vice*)
aaron.parker@finnegan.com
Daniel G. Chung (*pro hac vice*)
daniel.chung@finnegan.com
Nicholas A. Cerulli (*pro hac vice*)
nicholas.cerulli@finnegan.com
Kelly S. Horn (*pro hac vice*)
kelly.horn@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue NW
Washington, D.C. 20001-4413
Telephone:  (202) 408-4000
Facsimile:  (202) 408-4400

Jency J. Mathew (*pro hac vice*)
jency.mathew@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, Virginia 20190-6023
Telephone:  (571) 203-2700
Facsimile:   (571) 203-2777

*Attorneys for Defendant and Counterclaim Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>TETRA TECH, INC.<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. 2:21-cv-1289 MCS-MMA<br><br>**TETRA TECH'S OPPOSITION TO PAVEMETRICS' *EX PARTE* APPLICATION REGARDING BRIEFING AND HEARING ON TETRA TECH'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW REGARDING INVALIDITY AND MOTION FOR NEW TRIAL** |

## I. INTRODUCTION

Defendant and Counterclaim Plaintiff Tetra Tech, Inc. and Counterclaim Plaintiff Tetra Tech TAS Inc. (collectively, "Tetra Tech"), opposes Plaintiff and Counterclaim Defendant Pavemetrics Systems, Inc.'s ("Pavemetrics") request for extension of the briefing schedule in its *Ex Parte* Application Regarding Briefing and Hearing on Tetra Tech's Renewed Motion for Judgment as a Matter of Law Regarding Invalidity and Motion for New Trial ("*Ex Parte* Application"), because Pavemetrics has not shown that *ex parte* relief is warranted. This is not an emergency that justifies extraordinary relief. Accordingly, Tetra Tech respectfully submits that Pavemetrics should be required to comply with the briefing schedule set by the Court's Initial Standing Order.

Tetra Tech also respectfully requests the Court's guidance regarding whether Pavemetrics' opposition to Tetra Tech's post-trial brief (ECF 323-1) shall be limited to 25 pages.

## II. PAVEMETRICS FAILED TO ESTABLISH THAT IT IS ENTITLED TO EXTRAORDINARY RELIEF

On September 16, 2022, Pavemetrics informed Tetra Tech that it had a scheduling conflict on the October 17, 2022 date that Tetra Tech noticed for a hearing on its Renewed Motion for Judgment as a Matter of Law Regarding Invalidity and Motion for New Trial ("Post-Trial Motion") and requested that the hearing be moved to October 24, 2022. Tetra Tech agreed to Pavemetrics' request.

If the hearing had remained on October 17, 2022, Pavemetrics' opposition to Tetra Tech's Post-Trial Motions would have been due on September 26, 2022. Initial Standing Order § 9(b); L.R. 7-9. But, under the agreed-upon October 24, 2022 hearing date, which is "between 35 and 70 days from the date of the filing of the motion," Pavemetrics' opposition would be due on September 28, 2022. Initial Standing Order § 9(b). Thus, by agreeing to Pavemetrics' request to move the hearing date, Tetra Tech granted Pavemetrics a short extension to file its opposition brief.

Pavemetrics seeks to obtain yet another extension through its *ex parte*

1

application. ECF 324. But Pavemetrics has not established the requirements for the extraordinary relief it now seeks. Applications for *ex parte* relief "must be supported by "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Initial Standing Order § 3 (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). Pavemetrics has not shown either. Pavemetrics does not even contend that it will be "irreparably prejudiced" if the current briefing schedule is allowed to stand, or that it is without fault in creating the alleged crisis that requires relief. Indeed, Pavemetrics should have anticipated the current briefing schedule when the Court set the deadline for filing post-trial motions at the close of trial. Pavemetrics' decision to prioritize other professional commitments over post-trial briefing in this case is not an appropriate basis for extraordinary relief.

Pavemetrics asserts that "Tetra Tech would suffer no prejudice" if the requested extension were to be granted. *Ex Parte* Application at 2. But the test for whether relief is warranted is not whether Tetra Tech suffers prejudice as a result of the extension. And, Pavemetrics' assertion that the requested extension would "have no effect on when Tetra Tech's motions will be resolved" is pure speculation. In fact, this assertion is belied by the fact that the requested extension would change Tetra Tech's deadline for filing a reply, which would inevitably detract from the time available to the Court to review the completed briefing in preparation for the hearing and reach a decision on Tetra Tech's Post-Trial Motion. Thus, Pavemetrics' assertions do not provide a sufficient basis to justify a departure from the Court's regular procedures.

Finally, Pavemetrics suggests in its *ex parte* application that it will file two separate oppositions to Tetra Tech's Post-Trial Motion. *See* ECF 324. Thus, Tetra Tech seeks the Court's clarification on the page limit governing Pavemetrics' opposition to Tetra Tech's Post-Trial Motions. In accordance with L.R. 11-6, Tetra Tech filed a

single, 25-page memorandum in support of its Post-Trial Motion. ECF 323-1. The Court has set a corresponding limit of 25 pages for opposition briefs. Initial Standing Order § 9(d). Pavemetrics should not be permitted to circumvent the Court's page limit by filing more than one opposition brief in excess of 25 pages when taken collectively, or by applying the page limit to each of the two portions of Tetra Tech's Post-Trial Motion separately.

### III.   CONCLUSION

For the foregoing reasons, Tetra Tech respectfully requests that the Court deny Pavemetrics' *ex parte* application.

Dated: September 20, 2022

**CLARK HILL LLP**

By: _____
       Donald L. Ridge

James R. Barney (*pro hac vice*)
Aaron L. Parker (*pro hac vice*)
Daniel G. Chung (*pro hac vice*)
Nicholas A. Cerulli (*pro hac vice*)
Kelly S. Horn (*pro hac vice*)
Jency J. Mathew (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**

*Attorneys for Defendant and Counterclaim Plaintiffs*
TETRA TECH, INC. AND TETRA TECH TAS INC.