Christy G. Lea (SBN 212,060)
christy.lea@knobbe.com
Joseph R. Re (SBN 134,479)
joe.re@knobbe.com
Nicholas M. Zovko (SBN 238,248)
nicholas.zovko@knobbe.com
Alan G. Laquer (SBN 259,257)
alan.laquer@knobbe.com
Raymond Lu (SBN 340,873)
raymond.lu@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Plaintiff/Counterclaim Defendant*
PAVEMETRICS SYSTEMS, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| PAVEMETRICS SYSTEMS, INC., | Case No. 2:21-cv-1289-MCS-MMA |
| Plaintiff, | Honorable Mark C. Scarsi |
| v. | **DECLARATION OF NICHOLAS ZOVKO IN SUPPORT OF PAVEMETRICS' OPPOSITION TO TETRA TECH'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW REGARDING INVALIDITY AND MOTION FOR NEW TRIAL** |
| TETRA TECH, INC., | |
| Defendant. | |
| AND RELATED COUNTERCLAIMS | |

I, Nicholas M. Zovko, declare and state as follows:

1.      I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP, counsel of record for Plaintiff and Counterclaim Defendant Pavemetrics Systems, Inc. in the above-captioned action.  I am licensed to practice law in the State of California.  I am a member of the bar of this Court, and I declare the following statements are true to the best of my knowledge, information, and belief.

2.      I submit this declaration in support of Pavemetrics' Opposition to Tetra Tech's Motion for New Trial pursuant to Rule 59(c) of the Federal Rules of Civil Procedure.

3.      At trial, Tetra Tech's damages expert, Todd Schoettelkotte, testified on August 19, 2022.  I crossed examined Mr. Schoettelkotte on behalf of Pavemetrics.

4.      On August 18, 2022, at 6:11 pm, Tetra Tech's counsel emailed Pavemetrics' counsel, including me, an electronic PDF copy of Mr. Schoettelkotte's demonstrative slides, 37 in total.  Later that evening, the parties met and conferred. Pavemetrics raised objections only to a few of Mr. Schoettelkotte's demonstrative slides.

5.      The next day, in the courtroom before Mr. Schoettelkotte testified, Tetra Tech's counsel handed me a hard copy of Mr. Schoettelkotte's demonstratives.  To my surprise, this was a new version of the demonstratives.  The new version had 36 slides, not 37 slides.  Also, several slides were moved around even though Pavemetrics never objected to the order of the slides or to any of the slides that were moved.  For example, Mr. Schoettelkotte moved at least the following slides in his demonstratives:

- Slide 6 moved to Slide 27;
- Slide 9 moved to Slide 19;
- Slide 17 moved to Slide 14;

- Slide 28 moved to Slide 8;
- Slide 32 moved to Slide 29;
- Slide 34 moved to Slide 36.

6.      Tetra Tech's counsel never sent Pavemetrics' counsel, including me, an electronic copy of the new version of Mr. Schoettelkotte's demonstratives, which Mr. Schoettelkotte used during his direct examination. Thus, Pavemetrics did not have an electronic version of the demonstratives that Mr. Schoettelkotte used at trial.

7.      During my cross examination of Mr. Schoettelkotte, Pavemetrics displayed electronically the version that Tetra Tech sent the night before because that was the only version Pavemetrics had in electronic form. Pavemetrics did not have the electronic version of demonstratives that Mr. Schoettelkotte actually used during his direct testimony.   This made cross examination logistically challenging because the slide numbering did not match between the electronic version that Tetra Tech provided to Pavemetrics on August 18 and the version that Mr. Schoettelkotte used at trial on August 19.

8.      During cross examination, I stated: "We had a new version today. So if there's a discrepancy in slides, that's why.  I'll do my best to keep it going."  Parker Ex. 3 (Day 3 Trial Tr.) at 224.  I merely noted the discrepancy in slides when it was apparent the slide numbering did not match with the version Tetra Tech used during direct.

9.      I also examined Pavemetrics' damages expert, Christian Tregillis. Before Mr. Tregillis testified, Tetra Tech's counsel objected to two slides in Mr. Tregillis' demonstratives.   Parker Ex. 4 (Day 4 Trial Tr.) at 98-102. Pavemetrics updated Mr. Tregillis' demonstratives in view of the Court's ruling on Tetra Tech's objections.

10.      In its Motion, Tetra Tech complains about the following question and answer at trial:

Q. And so in this case have you seen substantial evidence indicating that there should not be an award of lost profits?

A. As I understand it, that's a legal question and it's really a question for the jury, but I've seen significant problems.

Mot. at 18 (citing Parker Ex. 4 at 166:20-24).

11. Attached as **Exhibit A** is a true and correct copy of excerpts of the transcript of the deposition of Mr. Tregillis on March 25, 2022. Mr. Tregillis testified at his deposition as follows:

Q. What, ultimately, is your opinion regarding lost profits in this case?

A. I think that there is substantial evidence indicating that there would not be lost profits, because of the failure on Panduit factor number 2 relating to non-infringing substitutes. But ultimately, like I said, while I see substantial evidence that indicates there should not be an award of lost profits, that's really a choice of the jury, the trier of fact.

Exhibit A at 183-184.

12. I believe my question and Mr. Tregillis' answer at trial in Paragraph 10 above are consistent with Mr. Tregillis' deposition testimony in Paragraph 11 above and the Court's ruling on Tetra Tech's objections. *See* Parker Ex. 4 at 100-102. I was prepared to explain Pavemetrics' position to the Court so I requested a brief sidebar. *See id.* at 167. After the Court denied my request for a side bar, I moved on, asked no more questions about lost profits, and finished my direct examination of Mr. Tregillis two minutes later. *Id.* at 167-168.

13. In this lawsuit, Tetra Tech served subpoenas commanding the deposition testimony of two Pavemetrics customers, CSX and AID, pursuant to Rule 45 of the Federal Rules of Civil Procedure. Brad Spencer testified by

deposition on behalf of CSX.  Ali Hafiz testified by deposition on behalf of AID.

14.     On July 14, 2022, the parties exchanged initial deposition designations for trial.  Attached as **Exhibit B** is a true and correct copy of an email chain from Tetra Tech's counsel to Pavemetrics' counsel regarding Tetra Tech's deposition designations, including an email from Tetra Tech's counsel on July 14, 2022 regarding Tetra Tech's initial deposition designations. Attached as **Exhibit C** is a true and correct copy of excerpts of Tetra Tech's initial deposition designations for the deposition of Brad Spencer of CSX on January 20, 2022.  Attached as **Exhibit D** is a true and correct copy of excerpts of Tetra Tech's initial deposition designations for the deposition of Ali Hafiz of AID on January 18, 2022.  Tetra Tech's designations in Exhibits C and D are shown in light blue.

15.     Tetra Tech designated deposition testimony from Mr. Spencer regarding Tetra Tech's subpoena to CSX.  For example, Tetra Tech designated the following testimony:

> Q.  Do you understand that you're here testifying on behalf of CSX Transportation, Inc. pursuant to a subpoena served by Tetra Tech in connection with a civil action involving Tetra Tech and Pavemetrics?
>
> A.  That's what I understand, yes.

Ex. C at 10:3-8.

16.     Tetra Tech also designated deposition testimony from Mr. Hafiz regarding Tetra Tech's subpoena to AID.  For example, Tetra Tech designated the following testimony:

> Q.  Mr. Hafiz, do you understand that you are testifying today pursuant to a subpoena served on behalf of AID?
>
> A.  Yes.

-4-

Ex. D at 18:23-19:1; *see also id.* at 195:6-12, 197:18-20.

17.    At the Final Pretrial Conference on August 1, 2022, the Court "ordered Tetra Tech to limit its deposition designations where possible."  ECF 285, 318 at 37.

18.    On August 8, 2022, just nine days before trial began and in response the Court's order, Tetra Tech served "revised" initial deposition designations.   Exhibit B includes an email from Tetra Tech's counsel on August 8, 2022 regarding Tetra Tech's revised initial deposition designations

19.    However, in those "revised" designations, Tetra Tech did not revise its designations for Mr. Spencer's deposition or Mr. Hafiz's deposition at all.  Tetra Tech again designated the same deposition testimony from Mr. Spencer regarding Tetra Tech's subpoena to CSX, as discussed above.  Tetra Tech also again designated the same deposition testimony from Mr. Hafiz regarding Tetra Tech's subpoena to AID, as discussed above.

20.    I declare under penalty of perjury that the foregoing is true and correct.  Executed on October 3, 2022 at Irvine, California.

/s/ Nicholas M. Zovko
Nicholas M. Zovko

56341823